IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLORADO

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

BLACK LIVES MATTER 5280, *et al.*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

---

## DEFENDANTS' ANSWER AND JURY DEMAND TO THE FITOURI COMPLAINT

Defendants City and County of Denver, Colorado, Jacqueline A. Velasquez, Mandy Davis, Andrew Nielsen, Zachary Moldenhauer, Jacob Vaporis, Kevin Beasley, Chelsea Novotny, Christopher Cochran, Anthony E. Tak, and John Brinkers[1] (the "Defendants") by and through undersigned counsel, submit the following Answer and Jury Demand to the First Amended Class Action Complaint and Jury Demand [Doc. #16] filed by Sara Fitouri, *et al.* in Civil Action No. 20-cv-1922-RBJ-MEH (the "Complaint").

### Introductory Allegations

1.     With respect to the allegations contained in paragraph 1 of the Complaint, Defendants admit that the killing of George Floyd sparked protests in Denver and elsewhere.

---

[1] Upon information and belief, the Defendant designated "J. LNU" is intended to reference Detective John Brinkers.

Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 1 and, as a result, deny the same.

2. With respect to the allegations contained in paragraph 2 of the Complaint, Defendants admit that that officers used less lethal force during the course of the protests. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 1 and, as a result, deny the same.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. With respect to the allegations contained in paragraph 7 of the Complaint, Defendant Denver[2] admits that DPD officers made over 300 arrests during the course of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 7 and, as a result, denies the same.

8. With respect to the allegations contained in paragraph 8 of the Complaint, Defendants admit that that officers used less lethal force during the course of the protests. Defendants deny the remaining allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

---

[2] Where an allegation is directed at less than all of the Defendants, only those Defendants to whom the allegation is directed will provide a response herein. To the extent a response is required from all Defendants, those that are not explicitly mentioned lack sufficient information and knowledge to admit or deny the subject allegation and, as a result, deny the same.

11.     With respect to the allegations contained in paragraph 11 of the Complaint, Defendants admit that Denver enacted a curfew that began on Saturday May, 30, 2020 in response to rioting, vandalism, and assaults committed by individuals embedded in the protests. Defendants deny the remaining allegations contained in paragraph 11.

12.     With respect to the allegations contained in paragraph 12 of the Complaint, Defendants admit that Plaintiffs seek various forms of relief, but denies that they are entitled to such relief.

## Allegations Concerning Jurisdiction

13.     Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in paragraph 14 of the Complaint.

## Allegations Concerning Parties

15.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint and, as a result, deny the same.

16.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint and, as a result, deny the same.

17.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint and, as a result, deny the same.

18.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 18 of the Complaint and, as a result, deny the same.

19.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 19 of the Complaint and, as a result, deny the same.

20.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint and, as a result, deny the same.

21.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint and, as a result, deny the same.

22.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 22 of the Complaint and, as a result, deny the same.

23.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 23 of the Complaint and, as a result, deny the same.

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Defendant Denver admits that it is a municipal corporation and that DPD is an agency of Denver. Denver denies the remaining allegations contained in paragraph 24.

25.     Defendants admit the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in paragraph 29 of the Complaint.

30.     Defendants admit the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of the Complaint.

32.     Defendants admit the allegations contained in paragraph 32 of the Complaint.

33.     Defendants admit the allegations contained in paragraph 33 of the Complaint.

34.     Defendants admit the allegations contained in paragraph 34 of the Complaint.

35.     Defendants admit the allegations contained in paragraph 35 of the Complaint.

36.     Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Defendant Denver admits that DPD is an agency of Denver. Denver denies the remaining allegations contained in paragraph 37.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Defendant Denver admits DPD requested assistance from other law enforcement agencies in responding to the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 38 and, as a result, denies the same.

39.     Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 39 of the Complaint and, as a result, deny the same.

40.     Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint and, as a result, deny the same.

41.     Defendant Denver denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 42 of the Complaint and, as a result, deny the same

43.     The allegations contained in paragraph 43 of the Complaint do not appear to require a response. However, to the extent a response is required, Defendants deny the allegations.

44.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 44 of the Complaint and, as a result, deny the same.

45.     Defendant Denver denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant Denver denies the allegations contained in paragraph 46 of the Complaint.

### Allegations Concerning Factual Background

47.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 47 of the Complaint and, as a result, deny the same.

48.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 48 of the Complaint and, as a result, deny the same.

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Defendant Denver admits that it has encouraged residents to wear masks and practice social distancing. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 49 and, as a result, denies the same.

50.     With respect to the allegations contained in paragraph 50 of the Complaint, Defendants admit that protestors gathered near the Capitol on May 28, 2020. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 50 and, as a result, denies the same.

51.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 51 of the Complaint and, as a result, deny the same.

52.     Defendants admit the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Defendants admit officers used less lethal weapons during the course of the protests. Defendants

are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 54 and, as a result, deny the same.

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Defendants deny that they deliberately used less lethal force on peaceful, protestors who were not violating the law. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 55 and, as a result, denies the same

56.     With respect to the allegations contained in paragraph 56 of the Complaint, Defendants admit CS gas is generally considered to be tear gas. Defendants deny the remaining allegations contained in paragraph 56.

57.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 57 of the Complaint and, as a result, deny the same.

58.     With respect to the allegations contained in paragraph 58 of the Complaint, Defendants admit officers used less lethal weapons during the course of the protests. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 58 and, as a result, deny the same.

59.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 59 of the Complaint and, as a result, deny the same.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Defendant Denver admits that DPD officers use 40 mm launchers to short impact projectiles. Denver denies the remaining allegations contained in paragraph 60.

61.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 61 of the Complaint and, as a result, deny the same.

62.     Defendants admit the allegations contained in paragraph 62 of the Complaint.

63.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 63 of the Complaint and, as a result, deny the same.

64.     Defendants admit the allegations contained in paragraph 64 of the Complaint.

65.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 65 of the Complaint and, as a result, deny the same.

66.     With respect to the allegations contained in paragraph 66 of the Complaint, Defendants admit that officers put on protective equipment after being attacked by protestors. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 66 and, as a result, deny the same.

67.     With respect to the allegations contained in paragraph 66 of the Complaint, Defendants admit that pepper ball guns use air pressure to fire plastic spheres containing OC powder, and that the OC powder is disseminated when rounds strike a target. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 67 and, as a result, deny the same.

68.     With respect to the allegations contained in paragraph 68 of the Complaint, Defendants admit that pepper balls and pepper spray can cause a burning sensation on exposed skin. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 68 and, as a result, deny the same.

69.     With respect to the allegations contained in paragraph 69 of the Complaint, Defendants admit that flash bangs are pyrotechnic devices that make a loud noise and/or flash of

light. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 69 and, as a result, deny the same.

70.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 70 of the Complaint and, as a result, deny the same.

71.     With respect to the allegations contained in paragraph 71 of the Complaint, Defendants admit officers used less lethal weapons during the course of the protests. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 71 and, as a result, deny the same.

72.     With respect to the allegations contained in paragraph 72 of the Complaint, Defendants deny that they used less lethal weapons indiscriminately, without warning, or against nonviolent individuals who were not violating the law. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 72 and, as a result, deny the same.

73.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 73 of the Complaint and, as a result, deny the same.

74.     With respect to the allegations contained in paragraph 74 of the Complaint, Defendants deny that they used kettling tactics against protestors. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 74 and, as a result, deny the same.

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Defendants deny that they used kettling tactics against protestors. Defendants are without

sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 75 and, as a result, deny the same.

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Defendants admit that they arrested several individuals who were in violation of curfew in an alley at least once during the course of the protests. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 76 and, as a result, deny the same.

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Defendants admit that protestors gathered near the capital on May 29, 2020. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 77 and, as a result, deny the same.

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Defendants deny that they used force against nonviolent individuals who were not violating the law. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 78 and, as a result, deny the same.

79.     With respect to the allegations contained in paragraph 79 of the Complaint, Defendants deny that they intentionally targeted members of the press or individuals recording their activities. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 79 and, as a result, deny the same.

80.     With respect to the allegations contained in paragraph 80 of the Complaint, Defendants admit that protestors gathered near the capital on May 30, 2020. Defendants are

without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 80 and, as a result, deny the same.

81.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 81 of the Complaint and, as a result, deny the same.

82.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 82 of the Complaint and, as a result, deny the same.

83.    With respect to the allegations contained in paragraph 83 of the Complaint, Defendants deny that they used force against nonviolent individuals who were not violating the law. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 83 and, as a result, deny the same.

84.    Defendant Denver admits the allegations contained in paragraph 84 of the Complaint.

85.    Defendant Denver denies the allegations contained in paragraph 85 of the Complaint.

86.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 86 of the Complaint and, as a result, deny the same.

87.    Defendant Denver admits the allegations contained in paragraph 87 of the Complaint.

88.    Defendant Denver admits the allegations contained in paragraph 88 of the Complaint.

89.    With respect to the allegations contained in paragraph 89 of the Complaint, Defendant Denver admits that the quoted portion of the allegation reflects the content of the curfew

order and that the order exempted credentialed members of the news media. Denver denies the remaining allegations contained in paragraph 89.

90.    Defendant Denver admits the allegations contained in paragraph 90 of the Complaint.

## Allegations Concerning the Plaintiffs

91-151.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 91 through 147 of the Complaint and, as a result, deny the same.

152.    With respect to the allegations contained in paragraph 152 of the Complaint, Defendant Tak admits that Sannier was handcuffed and transported from the scene. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 152 and, as a result, deny the same.

153-178.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 86 of the Complaint and, as a result, deny the same.

179.    With respect to the allegations contained in paragraph 179 of the Complaint, Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, and Cochran admit that they participated in the arrest of several individuals in an alley near the 1000 block of Acoma St. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 179 and, as a result, deny the same.

180.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 180 of the Complaint and, as a result, deny the same.

181.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 181 of the Complaint and, as a result, deny the same.

182.    With respect to the allegations contained in paragraph 182 of the Complaint, Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, and Cochran admit that the group they were pursuing ran into an alley and then surrendered shortly after. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 182 and, as a result, deny the same.

183.    Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, Novotny, Cochran and Davis deny the allegations contained in paragraph 183 of the Complaint.

184.    Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, Novotny, Cochran and Davis deny the allegations contained in paragraph 184 of the Complaint.

185.    Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, Novotny, Cochran and Davis deny the allegations contained in paragraph 185 of the Complaint.

186.    With respect to the allegations contained in paragraph 186 of the Complaint, Defendant Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, Novotny, Cochran and Davis deny that they used less lethal weapons against anyone while in the alley. Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 186 and, as a result, deny the same.

187.    Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, Novotny, Cochran and Davis deny the allegations contained in paragraph 187 the Complaint.

188.     Defendant Velasquez admits that she was part of the group of officers that arrested Lawrence for violating curfew and failure to obey a lawful order. Defendant Davis denies the allegations contained in paragraph 188.

189.     Defendant Velasquez denies the allegations contained in paragraph 189 of the Complaint.

190.     Defendant Velasquez denies the allegations contained in paragraph 190 of the Complaint.

191.     Defendants admit the allegations contained in paragraph 191 of the Complaint.

192.     Defendants Velasquez, Nielsen, Moldenhauer, Vaporis, Beasley, and Cochran deny the allegations contained in paragraph 192 the Complaint

193.     Defendants admit the allegations contained in paragraph 193 of the Complaint.

194.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 194 of the Complaint and, as a result, deny the same.

195.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 195 of the Complaint and, as a result, deny the same.

196.     Defendants deny the allegations contained in paragraph 196 of the Complaint.

197-219.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 197 through 219 of the Complaint and, as a result, deny the same.

220-246.     The allegation contained in paragraphs 220 through 246 of the Amended Complaint pertain to former Plaintiff Ambrose Cruz, who has voluntarily dismissed all claims described in the Complaint. Accordingly, no response to the allegations is required. To the extent a response is

deemed required, Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 220 through 246 and, as a result, deny the same.

247-275.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 247 through 275 of the Complaint and, as a result, deny the same.

### Class Action Allegations

276-279.    Defendants deny that the proposed classes are appropriate for class certification.

280.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 280 of the Complaint and, as a result, deny the same.

281.    Defendants deny the allegations contained in paragraph 281 of the Complaint.

282.    Defendants deny the allegations contained in paragraph 282 of the Complaint.

283.    Defendants deny the allegations contained in paragraph 283 of the Complaint.

284.    Defendants deny the allegations contained in paragraph 284 of the Complaint.

285.    Defendants deny the allegations contained in paragraph 285 of the Complaint.

286.    Defendants deny the allegations contained in paragraph 286 of the Complaint.

287.    Defendants deny the allegations contained in paragraph 287 of the Complaint.

288.    Defendants deny the allegations contained in paragraph 288 of the Complaint.

289.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 289 of the Complaint and, as a result, deny the same.

290.    Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 290 of the Complaint and, as a result, deny the same.

291.    Defendants deny the allegations contained in paragraph 291 of the Complaint.

292.     Defendants deny the allegations contained in paragraph 292 of the Complaint.

293.     Defendants deny the allegations contained in paragraph 293 of the Complaint.

294.     Defendants deny the allegations contained in paragraph 294 of the Complaint.

295.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 295 of the Complaint and, as a result, deny the same.

296.     Defendants deny the allegations contained in paragraph 296 of the Complaint.

297.     Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 297 of the Complaint and, as a result, deny the same.

298.     Defendants deny the allegations contained in paragraph 298 of the Complaint.

### Allegations Concerning Damages

299-305.     Defendants deny the allegations contained in paragraphs 299 through 305 of the Complaint.

306.     Defendants admit that Plaintiffs seek injunctive relief but deny that they are entitled to any such relief.

### Allegations Concerning Denver

307.     Defendant Denver denies the allegations contained in paragraph 307 of the Complaint.

308.     Defendant Denver denies the allegations contained in paragraph 308 of the Complaint.

309.     Defendant Denver denies the allegations contained in paragraph 309 of the Complaint.

310.     Defendant Denver denies the allegations contained in paragraph 310 of the Complaint.

311.     With respect to the allegations contained in paragraph 311 of the Complaint, Defendant Denver admits that DPD officers fired pepper balls at individuals after officers were attacked on October 29, 2011, that DPD received complaints in connection with the incident, and that DPD conducted a debriefing in connection with the incident. Denver denies the remaining allegations contained in paragraph 311.

312.     Defendant Denver denies the allegations contained in paragraph 312 of the Complaint.

313.     Defendant Denver denies the allegations contained in paragraph 313 of the Complaint.

314.     Defendant Denver denies the allegations contained in paragraph 314 of the Complaint.

315.     Defendant Denver denies the allegations contained in paragraph 315 of the Complaint.

316.     Defendant Denver denies the allegations contained in paragraph 316 of the Complaint.

317.     Defendant Denver denies the allegations contained in paragraph 317 of the Complaint.

318.     With respect to the allegations contained in paragraph 318 of the Complaint, Defendant Denver admits that Mayor Hancock and Chief Pazen offered general praise to officers and indicated that they exercised great restraint despite being the targets of numerous attacks made

by individuals embedded in the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 318 and, as a result, denies the same.

319.    Defendant Denver denies the allegations contained in paragraph 319 of the Complaint.

320.    Defendant Denver denies the allegations contained in paragraph 320 of the Complaint.

321.    Defendant Denver denies the allegations contained in paragraph 321 of the Complaint.

322.    Defendant Denver denies the allegations contained in paragraph 322 of the Complaint.

323.    Defendant Denver denies the allegations contained in paragraph 323 of the Complaint.

**Allegations Concerning Count I**

324.    With respect to the allegations contained in paragraph 324 of the Complaint, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 323.

325.    Defendants deny the allegations contained in paragraph 325 of the Complaint.

326.    Defendants deny the allegations contained in paragraph 326 of the Complaint.

327.    Defendants deny the allegations contained in paragraph 327 of the Complaint.

328.    Defendants deny the allegations contained in paragraph 328 of the Complaint.

329.   The allegations contained in paragraph 329 of the Complaint set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 329 of the Complaint and, as a result, deny the same.

330.   The allegations contained in paragraph 330 of the Complaint set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 330 of the Complaint and, as a result, deny the same.

331.   The allegations contained in paragraph 331 of the Complaint set forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 331 of the Complaint and, as a result, deny the same.

332.   Defendants deny the allegations contained in paragraph 332 of the Complaint.

333.   Defendants deny the allegations contained in paragraph 333 of the Complaint.

334.   Defendants deny the allegations contained in paragraph 334 of the Complaint.

335.   Defendants deny the allegations contained in paragraph 335 of the Complaint.

336.   Defendants deny the allegations contained in paragraph 336 of the Complaint.

337.   Defendants deny the allegations contained in paragraph 337 of the Complaint.

**Allegations Concerning Count II**

338.   With respect to the allegations contained in paragraph 338 of the Complaint, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 337.

339.    Defendants deny the allegations contained in paragraph 339 of the Complaint.

340.    Defendants deny the allegations contained in paragraph 340 of the Complaint.

341.    Defendants deny the allegations contained in paragraph 341 of the Complaint.

342.    Defendants deny the allegations contained in paragraph 342 of the Complaint.

343.    Defendants deny the allegations contained in paragraph 343 of the Complaint.

344.    Defendants deny the allegations contained in paragraph 344 of the Complaint.

**Allegations Concerning Count III**

345.    With respect to the allegations contained in paragraph 345 of the Complaint, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 344.

346.    Defendants deny the allegations contained in paragraph 346 of the Complaint.

347.    Defendants deny the allegations contained in paragraph 347 of the Complaint.

348.    Defendants deny the allegations contained in paragraph 348 of the Complaint.

349.    Defendants deny the allegations contained in paragraph 349 of the Complaint.

350.    Defendants deny the allegations contained in paragraph 350 of the Complaint.

351.    Defendants deny the allegations contained in paragraph 351 of the Complaint.

**Allegations Concerning Count IV**

352.    With respect to the allegations contained in paragraph 352 of the Complaint, Defendants incorporate by reference as though fully set forth herein their responses to paragraphs 1 through 351.

353.    Defendants deny the allegations contained in paragraph 353 of the Complaint.

354.    Defendants deny the allegations contained in paragraph 354 of the Complaint.

355.    Defendants deny the allegations contained in paragraph 355 of the Complaint.

356.    Defendants deny the allegations contained in paragraph 356 of the Complaint.

357.    Defendants deny the allegations contained in paragraph 357 of the Complaint.

**Prayer for Relief**

358-365.    Defendants deny that Plaintiff is entitled to the relief described in paragraphs 358 through 365.

**General Denial**

366.    In addition to the specific responses asserted above, Defendants deny each and every other allegation contained in the Complaint, except to the extent expressly and specifically admitted herein.

**Defenses**

1.    The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

2.    The individually named Denver Police officer defendants, and any additional individual Denver Police Officers encompassed by Plaintiffs' "Doe" designations who might be named as defendants in the future, are entitled to qualified immunity.

3.    Plaintiffs' damages, if any, were proximately caused by their own conduct and not by reason of any tortious or unconstitutional conduct by Defendants.

4.    Plaintiffs may have failed to mitigate any damages they allegedly sustained as a result of the events described in the Complaint.

5.    Denver's policies were, at all relevant times, in conformance with established constitutional and statutory law with respect to all issues relevant to this action.

6.      Denver's training and supervision of its police officers met or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

7.      The temporary nighttime curfew enacted by the Mayor was a lawful emergency regulation both on its face and as enforced by Denver Police officers.

**Jury Demand**

Defendants demand a trial by jury pursuant to Fed. R. Civ. P. 38.

WHEREFORE, Defendants, having fully answered the allegations of Plaintiffs' Complaint, respectfully request that the Court dismiss the Complaint, with prejudice; enter judgment in Defendants' favor and against Plaintiffs for attorney fees and costs; and to grant such other and further relief as the Court deems just and proper.

DATED this 27th day of August, 2020.

Respectfully submitted,

By: *s/ David C. Cooperstein*
David C. Cooperstein, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: david.cooperstein@denvergov.org
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2020, the foregoing **DEFENDANTS'
ANSWER AND JURY DEMAND TO THE FITOURI COMPLAINT** was filed with the
Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP-Denver
Anya Amalia Havriliak
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Robert Reeves Anderson
Timothy R. Macdonald
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2569

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
303 E. 17th Ave., Suite 350
Denver, CO 80203

Elizabeth Wang
Daniel M. Twetten
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302

Tara Elizabeth Thompson
Loevy & Loevy-Chicago
311 N. Aberdeen Street
Chicago, IL 60607
*Counsel for Plaintiffs*

*s/ Sarah Peasley*
Denver City Attorney's Office