IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

BLACK LIVES MATTER 5280, *et al*.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et. al*.,

Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1. The Parties have consulted this Court's Practice Standards and tailored this proposed Protective Order accordingly.

2. In this action, at least one of the Parties and third parties will produce or has sought and/or may seek Confidential Information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in injury to one or more of the Parties' or third parties' business, security, safety, or privacy interests. The Parties

have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

3. "Confidential Information" means any information contained in a document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which constitutes information that is not made available to the public, and as to which a reasonable expectation of confidentiality exists, and/or implicates common law and statutory privacy interests of the individuals who are named. Confidential Information may include, but is not necessarily limited to, medical records, Social Security numbers, residential addresses, criminal histories, employment/personnel records that pertain to any party or third-party. Confidential Information may also include information about police practices if public disclosure of that information would reveal non-public law enforcement techniques and procedures, endanger law enforcement personnel or the public, or is otherwise contrary to the public interest. Information or documents that are available to the public may not be designated as Confidential Information.

4. Information designated as Confidential must first be reviewed by the attorney for the designating party, including third parties, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

5. When Confidential Information is produced, provided or otherwise disclosed by a Party or third party in response to any discovery request, it will be designated in the following manner by:

    a. imprinting the word "Confidential" on the first page or cover of any document produced or otherwise imprinting the word "Confidential" on each page in such a manner as not to obscure the text;

    b. imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. designating specific portions of deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition, or by designating specific portions of depositions as "Confidential" after transcription, including the specific pages and lines for testimony noted as confidential on the record, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. All Confidential Information provided by a Party or a third party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purposes of this litigation and not for any other purpose;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

        i. attorneys actively working on this case;

        ii. persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

    iii. Parties and designated representatives of the City and County of Denver, Colorado and Black Lives Matter 5280;

    iv. expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

    v. the Court and its employees;

    vi. stenographic reporters who are engaged in this litigation;

    vii. non-party deponents and witnesses who execute the attached Exhibit A; and

    viii. other persons by written agreement of the Parties.

7. The Party's or third party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain a copy of the affidavits signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 7 above upon showing of substantial need.

9. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

10. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 9 above.

11. A Party may object to the designation of particular Confidential Information by giving written notice to the Party or third party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties and/or third parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to notify the Court pursuant to the Court's practice standards of the dispute and set the issue for a telephone conference. If either the Court is notified for a telephone conference or if a motion is filed upon the Court's request, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the issue. If the designating Party or third party fails to file such a motion or schedule a telephone conference with the Court within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party or third party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

12. In the event it is necessary for a Party to file with the Court materials designated by another Party or third party as Confidential Information, the Parties and/or third party shall confer in order to determine whether appropriate redactions to the materials can be made prior to filing in order to protect any Confidential Information contained therein while still achieving the purpose sought by the filer. If the parties cannot agree as to appropriate redactions, the Party or third party that designated the materials as confidential may request a narrow order restricting public access

upon a showing of good cause pursuant to the Court's Practice Standards. The same procedures shall apply to any pleading that quotes or reproduces Confidential Information.

13. The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Within thirty (30) days following the complete conclusion of this matter, including any appeals, each Party's counsel, or individual identified at Paragraph 7 who has been provided Confidential Information, shall either return to the producing Party or third party all Confidential Information provided subject to this Protective Order or shall destroy such information and provide written notification to opposing counsel confirming the destruction of all Confidential Information. Notwithstanding this provision, each Party's counsel may retain an archival copy of discovery responses, pleadings, motion papers, transcripts, legal memoranda, correspondence (including email), or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain Confidential Information remain subject to this Protective Order. Each Party's counsel need not purge its document management system or backup tapes to eliminate Confidential Information.

16. Nothing in this Protective Order shall preclude any Party or third party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this _____ day of September, 2020.

BY THE COURT:

_____
United States District Court Judge

# WRITTEN ACKNOWLEDGMENT

1. I have read the Protective Order in *Black Lives Matter 5280, et al. v. City and county of Denver et al.,* United States District Court for the District of Colorado, Civil Action No. 20-cv-01878-RBJ, a copy of which is attached to this Acknowledgment.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Acknowledgment are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____
_____

Telephone No.
(_____) _____

**EXHIBIT A**

8