**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH
and 1:20-cv-03155-KLM)

BLACK LIVES MATTER 5280, *et al.*,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

---

**CITY AND COUNTY OF DENVER'S ANSWER AND JURY DEMAND
TO MICHAEL ACKER'S COMPLAINT**

---

Defendant, City and County of Denver, through its undersigned counsel, provides the following Answer and Jury Demand to the Complaint filed by Plaintiff Michael Acker [Doc. #1, Civil Action No. 1:20-cv-03155-KLM]:

**<u>Introduction</u>**

1.       A response does not appear to be required with respect to this allegation, which is a quoted statement obtained from an internet link. To the extent a response is required, the internet article speaks for itself, and Defendant denies any characterizations that such content is representative of Defendant's viewpoint.

2.       Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, Defendant admits having knowledge that Plaintiff participated in protest activity in Denver. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4.      With respect to the allegations contained in paragraph 4 of the Complaint, Defendant's investigation into Plaintiff's claims is continuing; Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained in this paragraph and, as a result, denies the same.

5.      Defendant admits that less than lethal munitions were utilized by DPD Officers during the protests, but denies the remaining allegations contained in paragraph 5 of the Complaint.

6.      With respect to the allegations contained in paragraph 6 of the Complaint, Defendant is without sufficient knowledge to admit or deny allegations relating to Plaintiff's intentions and, as a result, denies the same. Defendant specifically denies all remaining allegations contained in paragraph 6 of the Complaint.

## Parties

7.      Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint and, as a result, denies the same.

8.      Defendant admits that the City and County of Denver is a home rule municipality in the State of Colorado.

9.      Defendant admits that Chief Paul Pazen is a U.S. citizen, a resident and domiciliary of Colorado, and acted under color of state law as Chief of Police for the City and County of Denver. Defendant specifically denies implication Chief Pazen is female, and denies all remaining allegations contained in paragraph 9 of the Complaint.

10.    Defendant admits that the Complaint identifies John and Jane Does 1-5. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 10 of the Complaint and, as a result, denies the same.

### Jurisdiction and Venue

11.    The allegations contained in paragraph 11 of the Complaint contain legal conclusions for which no response is required. To the extent that a response is required, Defendant admits jurisdiction is proper, but denies that tortious acts were committed to warrant attorney fees and costs.

12.    The allegations contained in paragraph 12 of the Complaint contain legal conclusions for which no response is required. To the extent that a response is required, Defendant admits venue is proper.

### Factual Allegations

13.    With respect to the allegations contained in paragraph 13 of the Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the characterization thereof.

14.    With respect to the allegations contained in paragraph 14 of the Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the circumstances or characterization thereof.

15.     The allegations of paragraph 15 of the Complaint does not appear to require a response. To the extent a response is required, Defendant nonetheless denies the characterizations and allegations contained in this paragraph.

16.     With respect to the allegations contained in paragraph 16 of the Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding response to the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the characterizations contained in this paragraph.

17.     With respect to the allegations contained in paragraph 17 of the Complaint, Defendant admits that George Floyd's death prompted protests in Denver, but Defendant is without sufficient information to admit or deny the characterizations contained in this paragraph.

18.     With respect to the allegations contained in paragraph 18 of the Complaint, Defendant admits that Michael Marshall and Marvin Booker each died while in the custody of the Denver Sheriff Department. Defendant denies any and all remaining characterizations and allegations contained in this paragraph.

19.     Defendant denies the allegations contained in paragraph 19 of the Complaint.

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Defendant admits that some protesters in Denver held signs and were vocal. Defendant denies the remaining characterizations and allegations contained in this paragraph.

21.     The allegations of paragraph 21 of the Complaint do not appear to require a response. However, to the extent a response is required, Defendant nonetheless denies the characterizations and allegations contained in this paragraph.

22.     With respect to the allegations contained in paragraph 22 of the Complaint, Defendant admits that protest activity took place in Denver on the evening of May 28, 2020, near the Colorado State Capitol. However, due to the continuing nature of the investigation into protest activity on this date, Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 22 of the Complaint and, as a result, denies the same.

23.     With respect to the allegations contained in paragraph 23 of the Complaint, Defendant denies that DPD Officers indiscriminately launched tear gas into crowds. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 23 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Defendant admits that protesters marched downtown and that I-25 in an interstate that runs through Denver. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 24 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

25-27.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 25-27 of the Complaint and, as a result, denies the same.

28.     With respect to the allegations contained in paragraph 28 of the Complaint, Defendant denies that the protesters were completely peaceful. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in

paragraph 28 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

29.     With respect to the allegations contained in paragraph 29 of the Complaint, Defendant admits that protesters marched onto I-25. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 29 of the Complaint and, as a result, denies the same.

30.     With respect to the allegations contained in paragraph 30 of the Complaint, Defendant admits knowledge that protesters were present at Platte Street and 16th Street around 7:30 PM. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 30 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

31.     Defendant admits the allegations contained in paragraph 31 of the Complaint.

32-33.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 32-33 of the Complaint and, as a result, denies the same.

34.     With respect to the allegations contained in paragraph 34 of the Complaint, Defendant admits that DPD Officers utilized pepper balls in this location. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 34 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

35.     With respect to the allegations contained in paragraph 35 of the Complaint, Defendant is presently without sufficient information and knowledge to admit or deny the

allegations due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Defendant admits knowledge that Mr. Acker possessed a gas mask during the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 36 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

37-39.  Defendant denies the allegations contained in paragraphs 37-39 of the Complaint.

40.     Defendant admits that a 40 mm round appears to have been fired by a DPD Officer in the stated location at the stated time, which impacted Mr. Acker. Defendant denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42-45.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 42-45 of the Complaint and, as a result, denies the same.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47-48.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 47-48 of the Complaint and, as a result, denies the same.

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Defendant admits that DPD Officers spoke with Mr. Acker before he left the scene. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 49 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

50-52. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 50-52 of the Complaint and, as a result, denies the same.

53.     With respect to the allegations contained in paragraph 53 of the Complaint, Defendant admits that DPD Officers utilized less lethal munitions during the protests, but denies that DPD Officers indiscriminately utilized them on crowds of peaceful protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 53 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

54.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 54 of the Complaint and, as a result, denies the same.

55.     With respect to the allegations contained in paragraph 55 of the Complaint, Defendant admits that DPD Officers utilized less lethal munitions during the protests, including 40 mm rounds, pepper balls and cannisters containing inert smoke or CS[1] gas. Defendant also admits knowledge that Mr. Acker was impacted by a projectile during the protest. Defendant specifically denies that beanbag rounds were utilized during the protests and denies implication that all protesters impacted were peaceful. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 55 of the Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

---

[1] "CS" is short for chlorobenzalmalononitrile.

56-57.  Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 56-57 of the Complaint and, as a result, denies the same.

58.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 58 of the Complaint and, as a result, denies the same.

59.     With respect to the allegations contained in paragraph 59 of the Complaint, Defendant admits that DPD officers utilized 40 mm launchers with 40 mm rounds during the course of the protests. Defendant denies that Denver Police Department Operations Manual references the allegations contained in this paragraph as characterized. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 59 and, as a result, denies the same.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Defendant admits that DPD officers utilized 40 mm launchers during the course of the protests but denies that Defendant refers to the projectiles as "rubber bullets" or "foam bullets." Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 60 of the Complaint and, as a result, denies the same.

61.     Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 61 of the Complaint and, as a result, denies the same.

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Defendant admits that DPD Officers utilized pepper balls during the course of the protests but

denies the characterization regarding their utilization. Absent additional context, Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 62 and, as a result, denies the same.

63.     With respect to the allegations contained in paragraph 63 of the Complaint, Defendant admits that direct impact with a pepper ball has the potential to cause injury and that inert pepper ball rounds can reach a maximum speed of 350 feet per second. Defendant denies that pepper balls utilized during protests by DPD Officers contained OC. Without additional context, Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 63 and, as a result, denies the same.

64-65. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 64-65 of the Complaint and, as a result, denies the same.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     With respect to the allegations contained in paragraph 67 of the Complaint, Defendant admits DPD officers utilized cannisters containing CS gas, OC[2] aerosol or inert smoke during the protests. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 67 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

68-72. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 68-72 and, as a result, denies the same.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

---

[2] "OC" is short for oleoresin capsicum, which is often referred to as pepper spray.

74-93.   Due to the continuing nature of the investigation into protest related events, Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 74-93 of the Complaint and, as a result, denies the same.

94.      Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.      With respect to the allegations contained in paragraph 95 of the Complaint, Defendant admits that protest activity occurred at or around 14th and Sherman Avenue. Defendant denies the characterization that DPD Officers brutalized protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 95 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

96.      With respect to the allegations contained in paragraph 96 of the Complaint, Defendant admits that protest activity occurred near the Capitol building. Defendant denies the characterization that DPD Officers brutalized protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 96 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

97.      With respect to the allegations contained in paragraph 97 of the Complaint, Defendant denies that DPD Officers indiscriminately shot peaceful protesters with KIPs[3]. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 97 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

---

[3] "KIP" is short for Kinetic Impact Projectile.

98.    With respect to the allegations contained in paragraph 98 of the Complaint, Defendant denies the allegation that DPD officers utilized indiscriminate and excessive force against protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 98 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

99.    With respect to the allegations contained in paragraph 99 of the Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in the paragraph, against peaceful protesters indiscriminately. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 99 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

100.    With respect to the allegations contained in paragraph 100 of the Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in the paragraph, indiscriminately or without justification. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 100 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

101.    With respect to the allegations contained in paragraph 101 of the Complaint, Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained therein due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

102-103 With respect to the allegations contained in paragraphs 102-103 of the Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in these paragraphs, indiscriminately. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained therein due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

104.   With respect to the allegations contained in paragraph 104 of the Complaint, Defendant denies the allegation that DPD Officers utilized indiscriminate and excessive force against protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 104 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

105-106. With respect to the allegations contained in paragraphs 105-106 of the Complaint, Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained therein due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

107.   With respect to the allegations contained in paragraph 107 of the Complaint, Defendant admits that Denver instituted a curfew. Defendant denies DPD Officers trapped protesters. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 107 of the Complaint due to the ongoing nature of the investigation into protest related events, and, as a result, denies the same.

108.   With respect to the allegations contained in paragraph 108 of the Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions or force indiscriminately. Defendant admits that Denver instituted a curfew. Defendant is presently without

sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 108 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

109.    With respect to the allegations contained in paragraph 109 of the Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions indiscriminately. Defendant admits that Denver instituted a curfew and that some DPD officers were outfitted with protective riot gear. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 109 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

110.    With respect to the allegations contained in paragraph 110 of the Complaint, Defendant denies the allegation that DPD officers utilized indiscriminate and excessive force, and denies implication that DPD officers intentionally used "kettling" or other tactics to trap protestors, apart from where arrests were being made. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 110 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

111.    With respect to the allegations contained in paragraph 111 of the Complaint, Defendant denies the implication that DPD officers intentionally used tactics to trap protestors out after curfew for the purpose of pelting them with KIPs. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 111 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

112.     With respect to the allegations contained in paragraph 112 of the Complaint, Defendant denies the allegation that DPD officers utilized indiscriminate and excessive force, and denies implication that DPD officers intentionally used "kettling" or other tactics to trap protestors for the purpose of utilizing tear gas on them. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 112 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

113.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 113 of the Complaint due to the ongoing investigation into protest related events, and, as a result, denies the same.

114.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 114 of the Complaint and, as a result, denies the same.

115.     With respect to the allegations contained in paragraph 115 of the Complaint, Defendant denies that DPD officers utilized indiscriminate and excessive force against protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 115 of the Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

116.     With respect to the allegations contained in paragraph 116 of the Complaint, Defendant admits that four protesters filed an action against the City and County of Denver alleging violations of their First and Fourth Amendments, and that Judge R. Brooke Jackson entered a temporary restraining order in that action following a hearing. The content and effect of

the Court's Order speaks for itself. To the extent that Plaintiff's characterizations of the temporary restraining order not comport with the express language of the Order, Defendant denies the same.

117-121.  The allegations contained in paragraph 117-121 of the Complaint do not appear to require a response. To the extent any response is required, the content of the Court's Order speaks for itself. To the extent that Plaintiff's characterizations of the content of the order do not comport with the express language of the Order, Defendant denies the same.

122-123.   Defendant denies the allegations contained in paragraphs 122-123 of the Complaint.

124-126.   The allegations contained in paragraph 124-126 of the Complaint do not appear to require a response. To the extent any response is required, the content of the Denver's use of force policy speaks for itself. To the extent that Plaintiff's characterizations of the content of the policy do not comport with the express language of the policy, Defendant denies the same.

127-136.   Defendant denies the allegations contained in paragraphs 127-136 of the Complaint.

### **Statement of Claims for Relief**

**First Claim for Relief**
First Amendment Violation – Freedom of Speech and Assembly
(Plaintiff against Defendants)

137.   Defendant incorporates by reference its responses to all other paragraphs as if fully set forth herein, in response to paragraph 137 of the Complaint.

138-139.   The allegations contained in paragraph 138-139 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, as for Chief Pazen, Defendant admits the allegations contained in paragraphs 138-139 of

the Complaint; as for Plaintiff's "Doe" designations, Defendant is without sufficient information and knowledge to admit or deny the allegations and, as a result, denies the same.

140.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 140 of the Complaint and, as a result, denies the same.

141.    Defendant denies the allegations contained in paragraph 141 of the Complaint.

142-145.   The allegations contained in paragraphs 142-145 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 142-145 of the Complaint and, as a result, denies the same.

146.    Defendant denies the allegations contained in paragraph 146 of the Complaint.

147.    The allegations contained in paragraph 147 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the same.

148-156.   Defendant denies the allegations contained in paragraphs 148-156 of the Complaint.

**Second Claim for Relief**
First Amendment Violation – Retaliation
(Plaintiff against Defendants)

157.    Defendant incorporates by reference its responses to all other paragraphs as if fully set forth herein, in response to paragraph 157 of the Complaint.

158-159.   The allegations contained in paragraphs 158-159 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, as for Chief Pazen, Defendant admits the allegations contained in paragraphs 158-159 of

the Complaint; as for Plaintiff's "Doe" designations, Defendant is without sufficient information and knowledge to admit or deny the allegations and, as a result, denies the same.

160.    The allegations contained in paragraph 160 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 160 of the Complaint and, as a result, denies the same.

161.    Defendant denies the allegations contained in paragraph 161 of the Complaint.

162-163.   The allegations contained in paragraphs 162-163 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 162-163 of the Complaint and, as a result, denies the same.

164-177.  Defendant denies the allegations contained in paragraphs 164-177 of the Complaint.

### Third Claim for Relief
42 U.S.C. § 1983
Fourth Amendment Violation – Excessive Force
(Plaintiff against Defendants)

178.    Defendant incorporates by reference its responses to all other paragraphs as if fully set forth herein, in response to paragraph 178 of the Complaint.

179-180.   The allegations contained in paragraphs 179-180 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, as for Chief Pazen, Defendant admits the allegations contained in paragraphs 179-180 of the Complaint; as for Plaintiff's "Doe" designations, Defendant is without sufficient information and knowledge to admit or deny the allegations and, as a result, denies the same.

181.    The allegations contained in paragraph 181 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraph 181 of the Complaint.

182-183.  Defendant denies the allegations contained in paragraph 182-183 of the Complaint.

184.    Defendant admits the allegations contained in paragraph 184 of the Complaint.

185-186.  Defendant denies the allegations contained in paragraph 185-186 of the Complaint.

187.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 187 of the Compliant, and as a result, denies the same.

188-199.  Defendant denies the allegations contained in paragraph 188-199 of the Complaint.

**Fourth Claim for Relief**
42 U.S.C. § 1983
Fourteenth Amendment Violation – Excessive Force
(Plaintiff against Defendants)

200.    Defendant incorporates by reference its responses to all other paragraphs as if fully set forth herein, in response to paragraph 200 of the Complaint.

201-202.  The allegations contained in paragraphs 201-202 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, as for Chief Pazen, Defendant admits the allegations contained in paragraphs 201-202 of the Complaint; as for Plaintiff's "Doe" designations, Defendant is without sufficient information and knowledge to admit or deny the allegations and, as a result, denies the same.

203.    The allegations contained in paragraph 203 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies Fourteenth Amendment Substantive Due Process applies to Plaintiff's claims, and denies all remaining allegations contained herein.

204-210.    Defendant denies the allegations contained in paragraph 204-210 of the Complaint.

211.    The allegations contained in paragraph 211 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies Fourteenth Amendment Substantive Due Process applies to Plaintiff's claims, and denies all remaining allegations contained herein.

212-217. Defendant denies the allegations contained in paragraphs 212-217 of the Complaint.

**Fifth Claim for Relief**
42 U.S.C. § 1983
Fourteenth Amendment Violation – Procedural Due Process
(Plaintiff against Defendants)

218.    Defendant incorporates by reference its responses to all other paragraphs as if fully set forth herein, in response to paragraph 218 of the Complaint.

219-220.   The allegations contained in paragraphs 219-220 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, as for Chief Pazen, Defendant admits the allegations contained in paragraphs 219-220 of the Complaint; as for Plaintiff's "Doe" designations, Defendant is without sufficient information and knowledge to admit or deny the allegations and, as a result, denies the same.

221.    The allegations contained in paragraph 221 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies Fourteenth Amendment Procedural Due Process applies to Plaintiff's claims, and denies all remaining allegations contained herein.

222-223.    Defendant denies the allegations contained in paragraphs 222-223 of the Complaint.

224.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 224 of the Complaint and, as a result, denies the same.

225.    The allegations contained in paragraph 225 of the Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies Fourteenth Amendment Procedural Due Process applies to Plaintiff's claims, and denies all remaining allegations contained herein.

226-232.    Defendant denies the allegations contained in paragraphs 226-232 of the Complaint.

### Allegations Concerning Prayer for Relief

Defendant denies that the Plaintiff is entitled to the relief requested in the Prayer for Relief section of the Complaint.

### General Denial

In addition to the specific responses asserted above, Defendant denies each and every other allegation contained in the Complaint not specifically admitted herein, including but not limited to the section headings and titles contained within Plaintiff's Complaint.

**Defenses**

1.      The Complaint fails in whole or in part to state a claim upon which relief may be granted.

2.      The Complaint and the allegations stated therein may be barred by the doctrines of absolute, official, and/or sovereign immunity.

3.      Plaintiff's damages, if any, were proximately caused by his own conduct and not by reason of any unconstitutional conduct by Denver's employees.

4.      Plaintiff may have failed to mitigate any damages he allegedly sustained as a result of the events described in the Complaint.

5.      Plaintiff's damages, if any, are not to the nature and extent alleged.

6.      The City and County of Denver's policies were, at all relevant times, in conformance with established constitutional and statutory law with respect to all issues relevant to this action.

7.      The City and County of Denver's training and supervision of its police officers met or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

**Jury Demand**

Defendant demands a trial by jury pursuant to Fed. R. Civ. P. 38.

WHEREFORE, the City and County of Denver, having fully answered the allegations of Plaintiff's Complaint, respectfully requests that the Court dismiss the Complaint, in its entirety, with prejudice; enter judgment in Defendant's favor and against Plaintiff; and to grant such other and further relief as the Court deems just and proper.

DATED this 21ˢᵗ day of December, 2020.

Respectfully submitted,

By: _s/ Hollie R. Birkholz_
Hollie R. Birkholz, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
_Attorney for the City and County of Denver and the
individually named Denver Police Department
Officers_

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2020, the foregoing **CITY AND COUNTY OF DENVER'S ANSWER AND JURY DEMAND TO MICHAEL ACKER'S COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP-Denver
Anya Amalia Havriliak
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Robert Reeves Anderson
Timothy R. Macdonald
Patrick C. Reidy
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2569

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
303 E. 17th Ave., Suite 350
Denver, CO 80203

Elizabeth Wang
Daniel M. Twetten
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302

Tara Elizabeth Thompson
Loevy & Loevy-Chicago
311 N. Aberdeen Street
Chicago, IL 60607

Andrew McNulty
Reid Allison
Killmer, Lane & Newman, LLP
1543 Champa St., Suite 400
Denver, CO 80202
*Counsel for Plaintiffs*

*s/ Sarah Peasley*
Denver Attorney's Office