IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH
and 1:20-cv-03155-KLM)

BLACK LIVES MATTER 5280, *et al.*,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*

    Defendants.

---

## **UNOPPOSED** MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

    Plaintiff Michael Acker, by and through counsel, Andy McNulty and Reid Allison of KILLMER, LANE & NEWMAN, LLP, requests leave to file an Amended Complaint and states in support as follows:

    1.    Plaintiff Michael Acker filed his Complaint and Jury Demand on October 22, 2020.

    2.    The case was consolidated thereafter with *Black Lives Matter 5280 et al v. City and County of Denver et al*, 1:20-cv-01878-RBJ.

    3.    When Plaintiff filed his initial Complaint, no discovery had been exchanged regarding Michael Acker, and counsel did not have knowledge as to which officers were involved in the use of force against Mr. Acker. Due to this uncertainty, Plaintiff named "John & Jane Does 1-5" as Defendants.

    4.    Recently the City of Denver produced body-worn camera footage and documents related to the use of force against Mr. Acker, and counsel have been able to identifies the parties

involved.

5. Plaintiff now seeks to amend his complaint to add two Defendants – Daniel Felkins and David Abeyta, and factual allegations to support Plaintiff's claims against those Defendants.

6. Pursuant to D.C.Colo.LCivR 7.2 and 15.1, redlined and clean versions of the Amended Complaint are submitted herewith.

7. The facts and circumstances support granting Plaintiff's Motion for Leave to Amend. "Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings" and "[a]mendment under the rule has been freely granted." *Starr v. City of Lakewood*, 2008 U.S. Dist. LEXIS 103929, at *2 (D. Colo. Dec. 16, 2008). "Generally, the Court liberally should allow for amendments to pleadings under Federal Rule of Civil Procedure 15(a)." *Harger v. Talley*, 2005 U.S. Dist. LEXIS 14509, at *6 (D. Nev. 2005). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal citation omitted). Additionally, "[i]n keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of La. V. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

8. Firstly, Plaintiff has not unduly delayed in submitting the amendments, though the deadline to amend pleadings in the consolidated case has passed. Plaintiff submits these amendments approximately a week after receiving relevant discovery from the City of Denver related to discovery requests Mr. Acker's counsel propounded. Courts have granted leave to amend much later into litigation than this case is currently postured. *Martinez v. City & Cty. of*

*Denver*, 2012 U.S. Dist. LEXIS 132814, at *4-7 (D. Colo. Sep. 18, 2012) (granting leave to amend more than a year after deadline to amend pleadings passed in scheduling order, where plaintiff sought leave to amend fifty days after becoming aware of pleadings deficiencies in operative complaint); *Cuffy v. Getty Ref. & Mktg. Co.*, 648 F. Supp. 802 (D. Del. 1986) (allowing amendment to complaint alleging racial discrimination, even though discovery has already been completed and opposing party has filed motion for partial summary judgment, because, while there will be inconvenience to opposing party, there is no prejudice); *Artman v. International Harvester Co.*, 355 F. Supp. 476, 481 (W.D. Pa. 1972) (granting plaintiff's motion to amend after hearing on defendant's summary judgment motion).

  9. Secondly, granting Plaintiff's leave to amend would not cause Defendants any prejudice, particularly considering that Plaintiff's proposed additional allegations are based on the same core set of facts as their existing claims. *Justice v. Fabey*, 541 F. Supp. 1019 (E.D. Pa. 1982); *Barbarino v. Anchor Motor Freight, Inc.*, 421 F. Supp. 1003 (W.D.N.Y. 1976) (alleged prejudice resulting from time spent researching and opposing initial complaint is not type of detriment which constitutes undue prejudice to defendant and, therefore, in light of absence of bad faith on part of plaintiff, liberal amendment policy of Federal Rules permits plaintiff to amend his complaint). *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (reiterating that "the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim"); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of [Rule 15)(a)] is to provide litigants 'the opportunity for each claim to be decided on its merits rather than on procedural niceties.'").

  10. In fact, pursuant to D.C.Colo.LCivR 7.1, counsel for Plaintiff has conferred with

counsel for Defendants, Holly Birkholz, who stated that Defendants do not oppose the relief sought herein.

11. Thirdly, Plaintiff does not have a bad faith or dilatory motive in amending the Complaint. The main reason Plaintiff seeks to amend is due to the discovery of the identities of the particular officers involved in the use of force.

12. Fourthly, under the liberal Rule 15(a) standard, Plaintiff only has to demonstrate that their proposed additional allegations are not "clearly frivolous or legally insufficient on [their] face. . . If the proposed claim sets forth facts and circumstances which may entitle the plaintiff to relief, then futility is not a proper basis on which to deny the amendment." *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 259 (E.D.N.Y. 1999) (internal quotation marks omitted). "[E]ven where the possibility of relief is remote, amendment must be permitted because it is the possibility of recovery, not its likelihood, that guides the court's analysis." *Id*. (citing *Vermont Plastics, Inc. v. Brine, Inc.*, 79 F.3d 272 (2d Cir. 1996)). Plaintiff's amendments are far from futile and should be allowed.

13. Accordingly, there is no sound reason here to depart from the longstanding presumption that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief[.]" *See Foman*, 371 U.S. at 182.

WHEREFORE, Plaintiff respectfully requests that the Court grant their Motion for Leave to File an Amended Complaint and enter his proposed Amended Complaint as the operative complaint in this case.

DATED this 12th day of February 2021.

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
Andy McNulty
Reid Allison
1543 Champa St., Ste. 400
Denver, CO 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
amcnulty@kln-law.com
rallison@kln-law.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*s/ Hollie R. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Robert C. Huss, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
E-mail: Robert.huss@denvergov.org

ATTORNEYS FOR THE CITY AND COUNTY OF DENVER AND THE INDIVIDUALLY NAMED DENVER POLICE DEPARTMENT OFFICERS

KILLMER, LANE & NEWMAN, LLP

*s/ Jesse Askeland*

Jesse Askeland