IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT COURT OF COLORADO

Civil Action Nos. 1:20-cv-01878-RBJ & 1:20-cv-01922-RBJ-MEH (consolidated)

BLACK LIVES MATTER 5280, *et al.*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants

---

### FITOURI PLAINTIFFS' MOTION FOR EXTENSION
### TO FILE MOTION FOR CLASS CERTIFICATION

---

Now come Plaintiffs Sara Fitouri, Jackie Parkins, Jonathen De La Vaca Duran, Kelsey Taylor, Joe Deras, Youssef Amghar, and Andrea Sannier (collectively, the "Fitouri Plaintiffs"), through their counsel, and hereby move for an extension of time until Monday, May 31, 2021 to file their motion for class certification. In support of their motion, the Fitouri Plaintiffs state as follows:

1. The current deadline to file the motion for class certification is April 26, 2021. Dkt. 66.

2. The parties are still in the process of exchanging written discovery and the City has been producing documents and videos responsive to Plaintiffs' requests on a rolling basis. Plaintiffs began taking depositions in February.[1] Despite progress being made, there remain significant gaps in discovery. While the parties work on resolving these issues short of court intervention, the Fitouri Plaintiffs are left with

---

[1] To date, the depositions of 3 Denver police officers and 2 Aurora police officers have been taken.

incomplete information to be able to adequately support their motion for class certification.

3. For example, during the April 1 deposition of Denver Police Officer Adam Bolton, it was revealed by Officer Bolton that the City had not produced all of his officer statements (reports detailing assignments and use of force during the protests) that had been requested several months prior in a request for production. The City had previously represented that it had produced all such statements, but this representation was inaccurate. After Plaintiffs requested clarification as to whether other officer statements and use of force reports have not been produced, the City responded that it was a "clerical error" and will work to determine whether there are other documents missing. The City has not provided any date by which any other missing documents will be produced.

4. Furthermore, the City refuses to answer the Fitouri Plaintiffs' interrogatories asking it to identify the officers involved in specific use-of-force incidents pertaining to Plaintiffs, despite Plaintiffs' efforts in reviewing body-camera video, providing screenshots of the officer(s) in question, and detailing where in the skirmish line the officer(s) appear to be positioned.[2]

5. Significantly, the City has not yet provided dates for the depositions of critical witnesses in time for the Fitouri Plaintiffs to meet the current the class

---

[2] Due to the City's refusal to interview officers present for the specific identified incidents, the Fitouri Plaintiffs are working on providing additional information to the City from its own officers' body-worn cameras and officer statements so that the City can provide the information requested. As discussed above, however, it was recently revealed that the production of officer statements is incomplete. If the parties are unable to work out their disagreements over the ability of the City to identify officers involved in using force and authorizing force on Plaintiffs, Plaintiffs will at that time seek the assistance of the court.

certification deadline. For example, the City recently canceled a scheduled deposition of a Denver Police lieutenant who was involved in several incidents with Plaintiffs. Similarly, the City has not provided a deposition date for Denver Police Commander Patrick Phelan, the Incident Commander who, based on the evidence produced to date, provided direction and orders to other officers on what kind of force was to be used throughout the protests and when protestors would be forcefully dispersed from exercising their First Amendment rights. Nor has the City provided a date for the deposition of Chief Paul Pazen. Plaintiffs requested these depositions in February, the City agreed to produce them but has not yet provided a date, and at this point, they are unlikely to take place before May.

6. On several occasions, the Fitouri Plaintiffs' counsel sought agreement from the City to extend the motion deadline, based on the City's failure to timely provide discovery relevant to class certification. The City is unwilling to agree to an extension, stating that the Fitouri Plaintiffs are not entitled to discovery prior to filing their motion for class certification. This position is not supported by the law.

7. "Class discovery should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence" to satisfy Federal Rule of Civil Procedure 23's requirements. *Seabron v. Am. Fam. Mut. Ins. Co.*, 862 F. Supp. 2d 1149, 1152 (D. Colo. 2012) (internal quotation and citation omitted). This aligns with the Supreme Court's understanding that often a district court's rigorous analysis of Rule 23 "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

8. Without adequate discovery, including but not limited to taking the depositions of Commander Phelan and Chief Pazen, the Fitouri Plaintiffs will be unable to properly ascertain whether and to what extent there are common questions (such as whether the Incident Commander directed and gave dispersal orders and authorized the specific uses of force against protestors) and whether the answers to these questions will "drive the resolution of the litigation." *Id.* at 350. If the moving force behind the officers' excessive use of force against the Fitouri Plaintiffs (and putative class members) was a City policy, practice, or custom, or a centralized command decision or plan, then there will be both commonality and predominance. *See, e.g.*, *MIWON v. Los Angeles*, 248 F.R.D. 621, 635 (C.D. Cal. 2007) ("The LAPD's command decisions to declare an unlawful assembly, disperse the crowd, and authorize the use of force constitute the 'common core of salient facts' that support commonality. … Accordingly, the Court finds that there are sufficient shared factual and legal issues to satisfy Rule 23(a)(2).").

9. Here, discovery has already revealed that Commander Phelan was intimately involved in directing the movements and actions of each team of officers during the protests—both Denver Police officer teams and teams from outside law enforcement agencies assisting Denver. And discovery has also revealed that the Denver Police Department directed officers to use tear gas on protestors only upon the authorization of a command officer. In other words, the facts developed to date during discovery support class certification, but without additional information, including depositions of command-level officers, the Fitouri Plaintiffs will be unable

to fully assess whether class certification is feasible and the superior method to litigate their claims.

10.    Certain information, such as the chain of command for each team of officers involved in the specific incidents involving the Fitouri Plaintiffs (who are the proposed class representatives), the manner and extent to which the Incident Commander directed the officers' actions, the Chief of Police's involvement, the implementation of the City's policies and practices related to use of less-lethal force, body-worn cameras, and crowd management, and how the officers were communicating with each other, is entirely in the City's possession and control. The Fitouri Plaintiffs are entitled to discovery to obtain this information prior to filing their motion. *See Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 304 (D. Colo. 1998) (noting "some discovery is necessary prior to a determination of class certification" and that "[t]he discovery which is permitted should be sufficiently broad").

11.    Other protest-related class action cases support the Fitouri Plaintiffs' request. In *Puente v. City of Phoenix*, No. CV-18-02778-PHX-JJT, 2019 WL 4849613 (D. Ariz., Sept. 30, 2019), the district court rejected the defendants' argument that individualized assessments about when to deploy force made class certification improper and found that the defendants' actions were based on command decisions and were ratified by the chief of police. *Id.* at *6-7. In determining that the plaintiffs satisfied commonality, the court noted that "the very nature of the use of gas is that it is not contained to a certain individual or a small

area. … A jury could find the smoke had the effect [the Phoenix Police Department] intended—dispersal of the crowd—and that is squarely at issue in Plaintiffs' claims." *Id.* at \*6. While the Fitouri Plaintiffs have evidence that Commander Phelan directed the officers' actions, as noted above, Plaintiffs are still waiting for the City to produce text messages from command-level officers and supervisors, in addition to deposing these officers. This information will enable the Fitouri Plaintiffs to show commonality and predominance.

12.     Similarly, if the City identifies the officers involved in using force against the Fitouri Plaintiffs, Plaintiffs will be able to depose these officers to learn about how they were instructed to use such force, whether their actions conformed with Denver Police Department policy, and the role that centralized command decisions played during the incidents involving Plaintiffs, all of which are also critical to addressing commonality and predominance. *See Hickey v. City of Seattle*, 236 F.R.D. 659, 665 (W.D. Wash. 2006) (commonality established because "[p]laintiffs will have to show that the Seattle police acted pursuant to a policy or that a decision maker ratified the actions of the arresting police officers"); *see also Chicago Teachers Union, Loc. No. 1 v. Bd. of Educ. of City of Chicago*, 797 F.3d 426, 438 (7th Cir. 2015) (actions taken by subordinates "can be the source of a common claim if they are, for example, the outcome of . . . practices or policies controlled by higher-level directors").

13.     There are also practical considerations to granting the Fitouri Plaintiffs' request. If the Fitouri Plaintiffs determine after viewing the evidence

that they want to move forward with class certification, having all the relevant information will assist the Fitouri Plaintiffs in determining whether they will seek to certify certain subclasses and defining the contours of those subclasses (for example, subclasses based on specific locations, dates, and times that force was used or dispersal carried out in violation of the First or Fourth Amendments), leading to a more organized and well-supported motion for the Court's consideration. And all parties will have the benefit of not resorting to piecemeal litigation whereby evidence is uncovered after class certification that may change the Court's class or subclass determinations.

14. If the Court grants the Fitouri Plaintiffs' motion to extend the deadline to May 31, 2021,[3] the Defendants' response brief would be due June 30, 2021, and the Fitouri Plaintiffs' reply brief would be due on July 14, 2021.

15. Granting the extension does not implicate any other deadlines in this case and will not cause undue delay. Accordingly, neither party will be prejudiced by extending the deadline.

WHEREFORE, the Fitouri Plaintiffs respectfully request that this Court grant their motion and extend the deadline for filing the motion for class certification to May 31, 2021.

                                    Respectfully submitted,

                                    By: s/ Makeba Rutahindurwa
                                    *Counsel for Plaintiffs*

---

[3] This requested date is based on the assumption that the City will produce the individuals Plaintiffs have requested for their depositions in sufficient time for the filing of a motion for class certification on May 31, 2021.

| | |
|---|---|
| Elizabeth Wang | Makeba Rutahindurwa |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 2060 Broadway, Ste. 460 | 311 N. Aberdeen St., 3rd Fl. |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | makeba@loevy.com |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

<u>Certificate of Service</u>

  I, Makeba Rutahindurwa, an attorney, hereby certify that on April 6, 2021, I served via CM/ECF the foregoing Motion, on all counsel of record.

            <u>s/ Makeba Rutahindurwa</u>
            Attorney for Plaintiffs