IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH
and 20-cv-03155-KLM)

BLACK LIVES MATTER 5280, *et al*.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
CHIEF OF POLICE PAUL PAZEN, in his individual capacity,
DANIEL FELKINS, in his individual capacity,
DAVID ABEYTA, in his individual capacity,

Defendants.

---

## DEFENDANT CORPORAL DANIEL FELKINS' ANSWER AND JURY DEMAND TO PLAINTIFF MICHAEL ACKER'S AMENDED COMPLAINT

---

Defendant Corporal Daniel Felkins, in his individual capacity ("Defendant"), through undersigned counsel, provides the following Answer and Jury Demand to the Amended Complaint filed by Plaintiff Michael Acker [Doc. #69, Civil Action No. 1:20-cv-03155-KLM]:

### **INTRODUCTION**

1.      A response does not appear to be required with respect to this allegation, which is a quoted statement obtained from an internet link. To the extent a response is required, the internet article in its entirety speaks for itself, and Defendant denies any characterizations that such content is representative of Defendant's viewpoint.

2.     Defendant denies the allegations contained in paragraph 2 of the Amended Complaint.

3.     With respect to the allegations contained in paragraph 3 of the Amended Complaint, Defendant admits having knowledge Plaintiff participated in protest activity in Denver. Defendant denies the remaining allegations contained in paragraph 3 of the Amended Complaint.

4.     With respect to the allegations contained in paragraph 4 of the Amended Complaint, Defendant City and County of Denver's investigation into Plaintiff's claims is continuing; Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained in this paragraph and, as a result, denies the same.

5.     Defendant admits that less than lethal munitions were utilized by Denver Police Department ("DPD") Officers during the protests, but denies the remaining allegations contained in paragraph 5 of the Amended Complaint.

6.     With respect to the allegations contained in paragraph 6 of the Amended Complaint, Defendant is without sufficient knowledge to admit or deny allegations relating to Plaintiff's intentions and, as a result, denies the same. Defendant specifically denies all remaining allegations contained in paragraph 6 of the Amended Complaint.

## PARTIES

7.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 7 of the Amended Complaint and, as a result, denies the same.

8.     Defendant admits that the City and County of Denver ("Denver") is a home rule municipality in the State of Colorado.

9.     The allegations in paragraph 9 of the Amended Complaint are not directed at Defendant, so no response is required from Defendant.  To the extent a response from Defendant

may be required, Defendant admits Paul Pazen was the Chief of the DPD on May 28, 2020. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 of the Amended Complaint and therefore denies the same.

10.     Defendant admits he is a U.S. citizen, a resident and domiciliary of Colorado and acted under color of state law as a corporal for the DPD. Defendant denies all remaining allegations contained in paragraph 10 of the Amended Complaint.

11.     The allegations in paragraph 11 of the Amended Complaint are not directed at Defendant, so no response is required from Defendant.  To the extent a response from Defendant may be required, Defendant admits David Abeyta was employed by the DPD as a sergeant on May 28, 2020.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 of the Amended Complaint and therefore denies the same.

## JURISDICTION AND VENUE

12.     The allegations contained in paragraph 12 of the Amended Complaint contain legal conclusions for which no response is required. To the extent that a response is required, Defendant admits subject matter jurisdiction before this Court is proper.  Defendant denies the remaining allegations in paragraph 12 of Plaintiff's Amended Complaint.

13.     The allegations contained in paragraph 13 of the Amended Complaint contain legal conclusions for which no response is required. To the extent that a response is required, Defendant admits venue is proper.

## FACTUAL ALLEGATIONS

14.     With respect to the allegations contained in paragraph 14 of the Amended Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the characterization thereof.

15.     With respect to the allegations contained in paragraph 15 of the Amended Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the circumstances or characterization thereof.

16.     The allegations of paragraph 16 of the Amended Complaint does not appear to require a response. To the extent a response is required, Defendant denies the characterizations and allegations contained in this paragraph.

17.     With respect to the allegations contained in paragraph 17 of the Amended Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding response to the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the characterizations contained in this paragraph.

18.     With respect to the allegations contained in paragraph 18 of the Amended Complaint, Defendant admits Mr. Floyd's death prompted protests in Denver, but Defendant is without sufficient information to admit or deny the characterizations contained in this paragraph.

19.     With respect to the allegations contained in paragraph 19 of the Amended Complaint, Defendant admits that Michael Marshall and Marvin Booker each died while in the

custody of the Denver Sheriff Department. Defendant denies any and all remaining characterizations and allegations contained in this paragraph.

20.     Defendant denies the allegations contained in paragraph 20 of the Amended Complaint.

21.     With respect to the allegations contained in paragraph 21 of the Amended Complaint, Defendant admits that some protesters in Denver held signs and were vocal. Defendant denies the remaining characterizations and allegations contained in this paragraph.

22.     The allegations of paragraph 22 of the Amended Complaint do not appear to require a response. However, to the extent a response is required, Defendant denies the characterizations and allegations contained in this paragraph.

23.     With respect to the allegations contained in paragraph 23 of the Amended Complaint, Defendant admits that protest activity took place in Denver on the evening of May 28, 2020, near the Colorado State Capitol. However, due to the continuing nature of the investigation into protest activity on this date, Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 23 of the Amended Complaint and, as a result, denies the same.

24.     With respect to the allegations contained in paragraph 24 of the Amended Complaint, Defendant denies that DPD Officers indiscriminately launched tear gas into crowds. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 24 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

25.     With respect to the allegations contained in paragraph 25 of the Amended Complaint, Defendant admits that protesters marched downtown and that I-25 is an interstate that runs through Denver. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 25 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

26-28.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 26-28 of the Amended Complaint and, as a result, denies the same.

29.     With respect to the allegations contained in paragraph 29 of the Amended Complaint, Defendant denies that the protesters were completely peaceful. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 29 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

30.     With respect to the allegations contained in paragraph 30 of the Amended Complaint, Defendant admits that protesters marched onto I-25. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 30 of the Amended Complaint and, as a result, denies the same.

31.     With respect to the allegations contained in paragraph 31 of the Amended Complaint, Defendant admits knowledge that protesters were present at Platte Street and 16th Street around 7:30 PM. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 31 of the Amended Complaint due to the

continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

32.     Defendant admits the allegations contained in paragraph 32 of the Amended Complaint.

33-34. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 33-34 of the Amended Complaint and, as a result, denies the same.

35.     With respect to the allegations contained in paragraph 35 of the Amended Complaint, Defendant admits that DPD Officers utilized pepper balls in this location. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 35 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

36.     With respect to the allegations contained in paragraph 36 of the Amended Complaint, Defendant is presently without sufficient information and knowledge to admit or deny the allegations due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

37.     With respect to the allegations contained in paragraph 37 of the Amended Complaint, Defendant admits knowledge that Mr. Acker possessed a gas mask during the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 37 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

Defendant states the photograph following paragraph 37 of Plaintiff's Amended Complaint speaks for itself.  Defendant affirmatively states all photographic and video evidence concerning the activities of the Plaintiff, others engaged in protests and other activities, and the activities of the DPD including Defendant in their entirety speak for themselves.

38-40.  Defendant denies the allegations contained in paragraphs 38-40 of the Amended Complaint.

41.     With respect to the allegations contained in paragraph 41 of the Amended Complaint, Defendant admits that DPD Officers utilized pepper balls in this location. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 41 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

42.     With respect to the allegations contained in paragraph 42 of the Amended Complaint, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 42 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

43.     The allegations contained in paragraph 43 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraph 43 of the Amended Complaint.

44.     With respect to the allegations in paragraph 44 of the Amended Complaint, Defendant admits he fired a 40 mm round, which impacted Mr. Acker. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in

paragraph 44 of the Amended Complaint due to the continuing nature of the investigation into protest activity on this date and, as a result, denies the same.

45-48. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 45-48 of the Amended Complaint and, as a result, denies the same.

Defendant states the photograph following paragraph 48 of Plaintiff's Amended Complaint speaks for itself. Defendant affirmatively states all photographic and video evidence concerning the activities of the Plaintiff, others engaged in protests and other activities, and the activities of the DPD including Defendant in their entirety speak for themselves.

49.     Defendant denies the allegations contained in paragraph 49 of the Amended Complaint.

50-51. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 50-51 of the Amended Complaint and, as a result, denies the same.

Defendant states the photograph following paragraph 50 of Plaintiff's Amended Complaint speaks for itself. Defendant affirmatively states all photographic and video evidence concerning the activities of the Plaintiff, others engaged in protests and other activities, and the activities of the DPD including Defendant in their entirety speak for themselves.

52.     With respect to the allegations contained in paragraph 52 of the Amended Complaint, Defendant admits DPD Officers spoke with Mr. Acker before he left the scene. Defendant is presently without sufficient information and knowledge to admit or deny the

remaining allegations contained in paragraph 52 of the Amended Complaint due to the continuing

nature of the investigation into protest activity on this date and, as a result, denies the same.

Defendant states the photograph following paragraph 52 of Plaintiff's Amended Complaint

speaks for itself.  Defendant affirmatively states all photographic and video evidence concerning

the activities of the Plaintiff, others engaged in protests and other activities, and the activities of

the DPD including Defendant in their entirety speak for themselves.

53-55.  Defendant is without sufficient information and knowledge to admit or deny the

allegations contained in paragraphs 53-55 of the Amended Complaint and, as a result, denies the

same.

56.    With respect to the allegations contained in paragraph 56 of the Amended

Complaint, Defendant admits DPD Officers utilized less lethal munitions during the protests but

denies that DPD Officers indiscriminately utilized them on crowds of peaceful protesters.

Defendant is presently without sufficient information and knowledge to admit or deny the

remaining allegations contained in paragraph 56 of the Amended Complaint due to the continuing

nature of the investigation into protest activity on this date and, as a result, denies the same.

57.    Defendant is without sufficient information and knowledge to admit or deny the

allegations contained in paragraph 57 of the Amended Complaint and, as a result, denies the same.

58.    With respect to the allegations contained in paragraph 58 of the Amended

Complaint, Defendant admits that DPD Officers utilized less lethal munitions during the protests,

including 40 mm rounds, pepper balls and cannisters containing inert smoke or CS[1] gas. Defendant

also admits knowledge that Mr. Acker was impacted by a projectile during the protest. Defendant

_____

[1] "CS" is short for chlorobenzalmalononitrile.

specifically denies that beanbag rounds were utilized during the protests and denies the implication

that all protesters impacted were peaceful. Defendant is presently without sufficient information

and knowledge to admit or deny the remaining allegations contained in paragraph 58 of the

Amended Complaint due to the continuing nature of the investigation into protest activity on this

date and, as a result, denies the same.

59-61.  Absent additional factual context, Defendant is without sufficient information and

knowledge to admit or deny the allegations contained in paragraphs 59-61 of the Amended

Complaint and, as a result, denies the same.

62.  Defendant is without sufficient information and knowledge to admit or deny the

allegations contained in paragraph 62 of the Amended Complaint and, as a result, denies the same.

63.  With respect to the allegations contained in paragraph 63 of the Amended

Complaint, Defendant admits that DPD officers utilized 40 mm launchers with 40 mm rounds

during the course of the protests. Defendant denies that the DPD Operations Manual references

the allegations contained in this paragraph as characterized. Defendant is without sufficient

information and knowledge to admit or deny the remaining allegations contained in paragraph 63

of the Amended Complaint and, as a result, denies the same.

64.  With respect to the allegations contained in paragraph 64 of the Amended

Complaint, Defendant admits that DPD officers utilized 40 mm launchers during the course of the

protests but denies that Defendant refers to the projectiles as "rubber bullets" or "foam bullets."

Absent additional factual context, Defendant is without sufficient information and knowledge to

admit or deny the remaining allegations contained in paragraph 64 of the Amended Complaint

and, as a result, denies the same.

65.     Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 65 of the Amended Complaint and, as a result, denies the same.

66.     With respect to the allegations contained in paragraph 66 of the Amended Complaint, Defendant admits that DPD Officers utilized pepper balls during the course of the protests but denies the characterization regarding their utilization. Absent additional context, Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 66 of the Amended Complaint and, as a result, denies the same.

67.     With respect to the allegations contained in paragraph 67 of the Amended Complaint, Defendant admits that direct impact with a pepper ball has the potential to cause injury and that inert pepper ball rounds can reach a maximum speed of 350 feet per second. Defendant denies that pepper balls utilized during protests by DPD Officers contained OC. Without additional context, Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 67 of the Amended Complaint and, as a result, denies the same.

68-69.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 68-69 of the Amended Complaint and, as a result, denies the same.

70.     Defendant denies the allegations contained in paragraph 70 of the Amended Complaint.

71.     With respect to the allegations contained in paragraph 71 of the Amended Complaint, Defendant admits DPD officers utilized cannisters containing CS gas, OC[2] aerosol or

---

[2] "OC" is short for oleoresin capsicum, which is often referred to as pepper spray.

inert smoke during the protests. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 71 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

72-76. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 72-76 of the Amended Complaint and, as a result, denies the same.

77.     The allegations in paragraph 77 of the Amended Complaint are not directed at Defendant, so no response is required from Defendant.  To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraph 77 of the Amended Complaint.

78-97. Due to the continuing nature of the investigation into protest related events, Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 78-97 of the Amended Complaint and, as a result, denies the same.

Defendant states the photographs following paragraphs 78, 81, 82, 84, 86, 87, 88, 90, 91, and 93 of Plaintiff's Amended Complaint speak for themselves.  Defendant affirmatively states all photographic and video evidence concerning the activities of the Plaintiff, others engaged in protests and other activities including those depicted in these photographs, and the activities of the DPD including Defendant in their entirety speak for themselves.

98.     Defendant denies the allegations contained in paragraph 98 of the Amended Complaint.

99.     With respect to the allegations contained in paragraph 99 of the Amended Complaint, Defendant admits that protest activity occurred at or around 14th and Sherman Avenue. Defendant denies the characterization that DPD Officers brutalized protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 99 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

100.     With respect to the allegations contained in paragraph 100 of the Amended Complaint, Defendant admits that protest activity occurred near the Capitol building. Defendant denies the characterization that DPD Officers brutalized protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 100 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

101.     With respect to the allegations contained in paragraph 101 of the Amended Complaint, Defendant denies that DPD Officers indiscriminately shot peaceful protesters with KIPs[3]. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 101 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

102.     With respect to the allegations contained in paragraph 102 of the Amended Complaint, Defendant denies the allegation that DPD officers utilized indiscriminate and excessive force against protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 102 of the Amended Complaint

---

[3] "KIP" is short for Kinetic Impact Projectile.

due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

103.     With respect to the allegations contained in paragraph 103 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in the paragraph, against peaceful protesters indiscriminately. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 103 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

104.     With respect to the allegations contained in paragraph 104 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in the paragraph, against peaceful protesters indiscriminately. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 104 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

105.     With respect to the allegations contained in paragraph 105 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in the paragraph, without justification. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 105 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

106.     With respect to the allegations contained in paragraph 106 of the Amended Complaint, Defendant is presently without sufficient information and knowledge to admit or deny

the allegations contained therein due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

107-108. With respect to the allegations contained in paragraphs 107-108 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions, as identified in these paragraphs, indiscriminately. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained therein due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

109. With respect to the allegations contained in paragraph 109 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized indiscriminate and excessive force against protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 109 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

110-111. With respect to the allegations contained in paragraphs 110-111 of the Amended Complaint, Defendant is presently without sufficient information and knowledge to admit or deny the allegations contained therein due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

112.   With respect to the allegations contained in paragraph 112 of the Amended Complaint, Defendant admits that Denver instituted a curfew. Defendant denies DPD Officers trapped protesters. Defendant is without sufficient information and knowledge to admit or deny

the remaining allegations contained in paragraph 112 of the Amended Complaint due to the ongoing nature of the investigation into protest related events, and, as a result, denies the same.

113.    With respect to the allegations contained in paragraph 113 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions or force indiscriminately. Defendant admits that Denver instituted a curfew. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 113 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

114.    With respect to the allegations contained in paragraph 114 of the Amended Complaint, Defendant denies the allegation that DPD Officers utilized less lethal munitions randomly and indiscriminately. Defendant denies the characterization of roving gangs of DPD officers. Defendant admits that Denver instituted a curfew and that some DPD officers were outfitted with protective riot gear. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 114 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

115.    With respect to the allegations contained in paragraph 115 of the Amended Complaint, Defendant denies the allegation that DPD officers utilized indiscriminate and excessive force and denies implication that DPD officers intentionally used "kettling" or other tactics to trap protestors, apart from where arrests were being made. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 115

of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

116. With respect to the allegations contained in paragraph 116 of the Amended Complaint, Defendant denies the implication that DPD officers intentionally used tactics to trap protestors out after curfew for the purpose of pelting them with KIPs. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 116 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

117. With respect to the allegations contained in paragraph 117 of the Amended Complaint, Defendant denies the allegation that DPD officers utilized indiscriminate and excessive force, and denies implication that DPD officers intentionally used "kettling" or other tactics to trap protestors for the purpose of utilizing tear gas on them. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 117 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

118. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 118 of the Amended Complaint due to the ongoing investigation into protest related events, and, as a result, denies the same.

119. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 119 of the Amended Complaint due to the ongoing investigation into protest related events, and, as a result, denies the same.

120.    With respect to the allegations contained in paragraph 120 of the Amended Complaint, Defendant denies that DPD officers utilized indiscriminate and excessive force against protesters. Defendant is presently without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 120 of the Amended Complaint due to the continuing nature of the investigation into protest related events, and, as a result, denies the same.

121.    With respect to the allegations contained in paragraph 121 of the Amended Complaint, Defendant admits that four protesters filed an action against Defendant Denver alleging violations of their First and Fourth Amendments, and that Judge R. Brooke Jackson entered a temporary restraining order in that action following a hearing. The content and effect of the Court's Order speaks for itself. To the extent that Plaintiff's characterizations of the temporary restraining order do not comport with the express language of the Order, Defendant denies the same.

122-126. The allegations contained in paragraph 122-126 of the Amended Complaint do not appear to require a response. To the extent any response is required, the content of the Court's Order speaks for itself. To the extent that Plaintiff's characterizations of the content of the Order do not comport with the express language of the Order, Defendant denies the same.

127-128. Defendant denies the allegations contained in paragraphs 127-128 of the Amended Complaint.

129-131. The allegations contained in paragraphs 129-131 of the Amended Complaint do not appear to require a response. To the extent any response is required, the content of DPD's use of force policy speaks for itself. To the extent that Plaintiff's characterizations of the content of the policy do not comport with the express language of the policy, Defendant denies the same.

132.    With respect to the allegations in paragraph 132 of the Amended Complaint, Defendant denies DPD officers violated DPD policies with impunity during the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 132 of the Amended Complaint and, as a result, denies the same.

133-141.  The allegations in paragraphs 133-141 of the Amended Complaint are not directed at Defendant, so no response is required from Defendant.  To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraphs 133-141 of the Amended Complaint.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
First Amendment Violation – Freedom of Speech and Assembly
(Plaintiff against Defendants)

142.    Defendant incorporates by reference his responses to all other paragraphs as if fully set forth herein, in response to paragraph 142 of the Amended Complaint.

143-144.   The allegations contained in paragraphs 143-144 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, speaking for himself only, Defendant admits the allegations contained in paragraphs 143-144 of the Amended Complaint alleging he acted under color of state law, within the course and scope of his employment, and in his capacity as a DPD officer.  Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 143-144 of the Amended Complaint and, as a result, denies the same.

145.   Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 145 of the Amended Complaint and, as a result, denies the same.

146.   The allegations contained in paragraph 146 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraph 146 of the Amended Complaint.

147-150.   The allegations contained in paragraphs 147-150 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 147-150 of the Amended Complaint and, as a result, denies the same.

151.   Defendant denies the allegations contained in paragraph 151 of the Amended Complaint.

152-154.   The allegations contained in paragraphs 152-154 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the same.

155.   The allegations in paragraph 155 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraph 155 of the Amended Complaint.

156.     The allegations in paragraph 156 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 156 of the Amended Complaint and, as a result, denies the same.

157.     The allegations in paragraph 157 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits that he was acting in accordance with existing lawful policy but denies the remaining allegations in Paragraph 157 of the Amended Complaint.

158.     The allegations in paragraph 158 of the Amended Complaint are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraph 158 of the Amended Complaint.

159-161. The allegations contained in paragraphs 159-161 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the same.

## SECOND CLAIM FOR RELIEF
First Amendment Violation – Retaliation
(Plaintiff against Defendants)

162.     Defendant incorporates by reference his responses to all other paragraphs as if fully set forth herein, in response to paragraph 162 of the Amended Complaint.

163-164. The allegations contained in paragraphs 163-164 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a

response is required, speaking for himself only, Defendant admits the allegations contained in paragraphs 163-164 of the Amended Complaint that he acted under color of state law, within the course and scope of his employment, and in his capacity as a DPD officer. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 163-164 of the Amended Complaint and, as a result, denies the same.

165.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 165 of the Amended Complaint and, as a result, denies the same.

166.     The allegations contained in paragraph 166 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraph 166 of the Amended Complaint.

167-168. The allegations contained in paragraphs 167-168 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 167-168 of the Amended Complaint and, as a result, denies the same.

169-175. The allegations contained in paragraphs 169-175 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion.  However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 169-175 of the Amended Complaint.

176.    The allegations in paragraph 176 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraph 176 of the Amended Complaint.

177-179.    The allegations in paragraphs 177-179 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraph 177-179 of the Amended Complaint.

180-182. The allegations contained in paragraphs 180-182 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the same.

### THIRD CLAIM FOR RELIEF
Fourth Amendment Violation – Excessive Force
(Plaintiff against Defendants)

183.    Defendant incorporates by reference his responses to all other paragraphs as if fully set forth herein, in response to paragraph 183 of the Amended Complaint.

184-185. The allegations contained in paragraphs 184-185 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, speaking for himself only, Defendant admits the allegations contained in paragraphs 184-185 of the Amended Complaint that he acted under color of state law, within the course and scope of his employment, and in his capacity as a DPD officer. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 184-185 of the Amended Complaint and, as a result, denies the same.

186-188. The allegations contained in paragraph 186 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 186-188 of the Amended Complaint.

189.    Defendant admits he did not possess a warrant authorizing the seizure of the Plaintiff but denies any warrant was required as a matter of law.  Defendant denies the remaining allegations contained in paragraph 189 of the Amended Complaint.

190-191. The allegations contained in paragraphs 190-191 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 190-191 of the Amended Complaint.

192.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 192 of the Amended Complaint, and as a result, denies the same.

193-197. The allegations contained in paragraph 193-197 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 193-197 of the Amended Complaint.

198-201.    The allegations in paragraphs 198-201 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraphs 198-201 of the Amended Complaint.

202-204. The allegations contained in paragraphs 202-204 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the same.

**FOURTH CLAIM FOR RELIEF**
Fourteenth Amendment Violation – Excessive Force
(Plaintiff against Defendants)

205.    Defendant incorporates by reference his responses to all other paragraphs as if fully set forth herein, in response to paragraph 205 of the Amended Complaint.

206-207. The allegations contained in paragraphs 206-207 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, speaking for himself only, Defendant admits the allegations contained in paragraphs 206-207 of the Amended Complaint that he acted under color of state law, within the course and scope of his employment, and in his capacity as a DPD officer. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 206-207 of the Amended Complaint and, as a result, denies the same.

208.    The allegations contained in paragraph 208 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies Fourteenth Amendment Substantive Due Process applies to Plaintiff's claims, and denies all remaining allegations contained herein.

209-215.   The allegations contained in paragraphs 209-215 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 209-215 of the Amended Complaint.

216.   The allegations contained in paragraph 216 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies Fourteenth Amendment Substantive Due Process applies to Plaintiff's claims, and denies all remaining allegations contained herein.

217-219.      The allegations in paragraphs 217-219 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 217-219 of the Amended Complaint and, as a result, denies the same.

220-222. The allegations contained in paragraphs 220-222 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the same.

**FIFTH CLAIM FOR RELIEF**
42 U.S.C. § 1983
Fourteenth Amendment Violation – Due Process
(Plaintiff against Defendants)

223.   Defendant incorporates by reference his responses to all other paragraphs as if fully set forth herein, in response to paragraph 223 of the Amended Complaint.

224-225. The allegations contained in paragraphs 224-225 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, speaking for himself only, Defendant admits the allegations contained in paragraphs 224-225 of the Amended Complaint that he acted under color of state law, within the course and scope of his employment, and in his capacity as an officer for the DPD. Defendant is

without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 224-225 of the Amended Complaint and, as a result, denies the same.

226-232. The allegations contained in paragraphs 226-232 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 226-232 of the Amended Complaint.

233.    The allegations in paragraph 233 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 233 of the Amended Complaint and, as a result, denies the same.

234.    The allegations in paragraph 234 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits that he was acting in accordance with existing lawful policy but denies the remaining allegations in paragraph 234 of the Amended Complaint.

235.    The allegations in paragraph 235 of the Amended Complaint are not directed at the Defendant so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant denies the allegations contained in paragraph 235 of the Amended Complaint.

236-238. The allegations contained in paragraphs 236-238 of the Amended Complaint do not appear to require a response, as they call for a legal conclusion. However, to the extent a response is required, Defendant denies the allegations contained in paragraphs 236-238.

## ALLEGATIONS CONCERNING PRAYER FOR RELIEF

Defendant denies all the allegations under the heading "Prayer for Relief" on pages 55-56 of the Amended Complaint including all the allegations contained in subparagraphs (A) through (I), and denies Plaintiff is entitled to any of the relief requested in the Amended Complaint.

## GENERAL DENIAL

In addition to the specific responses asserted above, Defendant denies each and every other allegation contained in the Amended Complaint not specifically admitted herein, including but not limited to the section headings and titles contained within Plaintiff's Amended Complaint.

## DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

2.      Plaintiff is not entitled to any relief being sought or claimed in the Plaintiff's Amended Complaint under any of the theories asserted.

3.      Plaintiff's Amended Complaint and the allegations stated therein are barred by the doctrines of absolute, official, and/or sovereign immunity.

4.      Defendant is entitled to qualified immunity because his actions were objectively reasonable, undertaken in good faith and did not violate clearly established law.

5.      On information and belief, Plaintiff failed to mitigate his damages, if any.

6.      Some or all of Plaintiff's injuries and damages, if any, were either pre-existing or were not proximately caused by any act or omission of or by Defendant.

7.      All or part of Plaintiff's claims fail to meet the level of a constitutional violation sufficient to state a claim under 42 U.S.C. § 1983.

8.      At all times pertinent herein, Defendant acted in accordance with all constitutional obligations and without any intent to cause Plaintiff harm.

9.      Plaintiff's injuries and damages, if any, in whole or in part, were proximately caused by the acts or omissions of Plaintiff.

10.     Plaintiff's injuries and damages, if any, were proximately caused by the acts or omissions of others over whom Defendant possessed no ability or opportunity to control or right to control.

11.     To any extent any action or inaction on the part of Defendant was in any way involved in any harm caused Plaintiff, his action or inaction was privileged under applicable law, including the privilege of police officers to use reasonable force to affect an arrest, keep a subject in custody, and defend themselves and others.

12.     In all respects, Defendant acted in accordance with applicable legal authority in all actions or inactions associated with Plaintiff negating any claim of liability asserted by Plaintiff against them.

13.     Some or all of the claims attempted by Plaintiff is duplicative of one another and cannot be the basis for any duplicative recovery.

14.     Plaintiff's damages, if any, are not to the nature and extent alleged.

15.     Defendant is not liable for any punitive damages pursuant to federal law in connection with this matter.

16.     Any claim for punitive damages against Defendant in his individual capacity is barred, limited, reduced, or in the alternative, unconstitutional and in violation of the rights of

Defendant under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

17.     Defendant hereby incorporates herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendant in this matter in any Answer or Motion filed by any of the other Defendant with the District Court.

18.     Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

## JURY DEMAND

Defendant demands a trial by jury pursuant to Fed. R. Civ. P. 38.

WHEREFORE, Corporal Daniel Felkins, having fully answered the allegations of Plaintiff's Amended Complaint, respectfully requests that the Court dismiss the Amended Complaint, in its entirety, with prejudice; enter judgment in Defendant's favor and against Plaintiff; and to grant such other and further relief as the Court deems just and proper.

DATED this 16th day of April, 2021.

Respectfully submitted,

By:  *s/ Hollie R. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org

*Attorneys for the City and County of Denver and the individually named Denver Police Department Officers*

and

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Telephone:  (303) 628-3300
Facsimile:  (303) 628-3368
E-mail:  ringela@hallevans.com
*Attorney for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2021, the foregoing **DEFENDANT CORPORAL DANIEL FELKINS' ANSWER AND JURY DEMAND TO PLAINTIFF MICHAEL ACKER'S AMENDED COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP-Denver
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Robert Reeves Anderson
Timothy R. Macdonald
Patrick Reidy
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
reeves.anderson@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Daniel M. Twetten
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
dan@loevy.com
makeba@loevy.com

Andrew McNulty
Reid Allison
Killmer, Lane & Newman, LLP
amcnulty@kln-law.com
ralison@kln-law.com
*Counsel for Plaintiffs*

*s/ Sarah Peasley*
Denver City Attorney's Office