IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-1878-RBJ and 1:20-CV-1922-RBJ-MEH (consolidated)

BLACK LIVES MATTER 5280, *et al.*,

    Plaintiffs

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*,

    Defendants.

---

## DECLARATION OF ELIZABETH WANG

---

Pursuant to 28 U.S.C. § 1746, I, Elizabeth Wang, declare under the penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am a member in good standing of the bars of the State of Colorado and Illinois, and I am admitted to practice before this Court. I am an attorney with Loevy & Loevy, counsel for Plaintiffs Sara Fitouri, Jacquelyn Parkins, Youssef Amghar, Kelsey Taylor, Joe Deras, Johnathen D. Duran, and Claire Sannier (the "Fitouri Plaintiffs") and the proposed Classes in the matter pending before this Court.

2. I make this declaration in support of the Fitouri Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

Exhibit 74

3. Loevy & Loevy has been actively involved in all aspects of this case from the outset, including investigating and working on the complaint, discovery, and the motion for class certification.

4. Loevy & Loevy will continue to devote the necessary resources to litigate this case efficiently and effectively going forward.

## Qualifications of Loevy & Loevy

5. Attached as Exhibit A is a true and correct copy of Loevy & Loevy's law firm resume, which highlights the firm's class action and civil rights practices, as well as representative jury awards and settlements.

6. Since its founding in 1996, Loevy & Loevy has become one of the nation's largest and most successful civil rights law firms. Loevy & Loevy specializes in claims involving prisoners' rights, wrongful convictions, police shootings, police brutality, unlawful arrests, and unlawful search and seizure.

7. Loevy & Loevy also has substantial experience and success in litigating and trying class actions.

8. In 2012, the Honorable Matthew Kennelly stated that Loevy & Loevy "is fairly considered one of the premier Chicago-area law firms concentrating in plaintiff's section 1983 litigation" and also noted that founding partner Jon Loevy and the firm "consistently produce written work that rivals that of any law firm in Chicago—not just those specializing in this particular field." *Jimenez v. City of Chicago*, 2012 WL 5512266, at *2 (N.D. Ill. Nov. 14, 2012).

9. Loevy & Loevy has secured many of the nation's top jury verdicts for its wrongfully convicted clients, including:

   a. $25 million in *Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill.);
   b. $22 million in *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill.);
   c. $21 million in *Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.);
   d. $16 million in *White v. McKinley*, No. 05-cv-203 (W.D. Mo.); and
   e. $15 million in *Wheatt v. City of East Cleveland*, No. 17-cv-377 (N.D. Ohio).

**Loevy & Loevy has and will continue to dedicate substantial resources to this case**

10. Loevy & Loevy has more than 40 full-time lawyers and approximately 20 staff members, including 15 paralegals, and the firm is prepared to dedicate substantial resources to litigating this case.

11. Loevy & Loevy is committed to diversity and offering young lawyers the opportunity to perform substantive work on important matters.

12. Loevy & Loevy has dedicated the necessary resources to litigate this case to date, and it will continue to do so moving forward. Further detail regarding the primary attorneys for Loevy & Loevy on this case are provided below.

**Elizabeth Wang**

13. For nearly 13 years, Ms. Wang has been practicing civil rights litigation as an attorney at Loevy & Loevy, a medium-sized firm with its largest office in Chicago. Ms. Wang became a partner in February 2016. The majority of her practice focuses on civil rights cases arising from wrongful convictions and involving Fourth, Fifth, and/or Fourteenth Amendment violations, including allegations against law enforcement officers, prosecutors, and municipalities. Her practice also includes cases involving First Amendment violations, denial of medical care in jails and prisons,

3

excessive force, and state post-conviction and federal habeas cases. She has served as lead counsel in numerous cases in federal courts nationwide. In these cases, she has handled all aspects of discovery, motion practice, trials, and appeals.

14. Ms. Wang served as lead counsel in cases that were tried to successful jury verdicts in several cases, including: *Wheatt v. City of East Cleveland*, 1:17-CV-377 (N.D. Ohio), a wrongful conviction case involving three wrongfully convicted young men who each spent 20 years in prison before they were exonerated, which resulted in a total $15 million verdict; *Winfrey v. Johnson*, 10-cv-1896 (S.D. Tex.), a malicious prosecution case involving two siblings who were wrongfully arrested and prosecuted for a crime they did not commit, which resulted in a $1 million verdict in 2020; *Fox v. Barnes*, No. 09-CV-5453 (N.D. Ill.), a deliberate indifference case against Illinois Department of Corrections officials and medical providers which resulted in a $12 million verdict; and *Ortiz v. City of Chicago*, 04-CV-7423 (N.D. Ill.), a Fourth Amendment case against the City of Chicago and detention aides for objectively unreasonable denial of medical care to a woman who had diabetes and died in police lockup, which resulted in a $1 million verdict. She has also obtained many favorable settlements, including: $18 million total settlement for three plaintiffs who were wrongfully convicted and spent decades in prison for a murder they did not commit, in *Jackson v. City of Cleveland*, No. 15-CV-989 (N.D. Ohio); a nearly $10 million global settlement in *Woods v. City of Reno, et al.*, 3:16-cv-494 (D. Nev.), a lawsuit alleging Fourth, Fifth, and Fourteenth Amendment violations by officers against a schizophrenic woman who was wrongfully convicted of a murder she did not commit;

4

a $10 million dollar settlement in *Chatman v. City of Chicago*, No. 14-CV-2945 (N.D. Ill.), a lawsuit alleging Fourth, Fifth, and Fourteenth Amendment violations by law enforcement officers and a prosecutor, which had resulted in the plaintiff spending over 11 years in prison before being exonerated; and a favorable confidential settlement in *Hobson v. Dominguez*, No. 2:10-CV-429 (N.D. Ind.), a lawsuit alleging objectively unreasonable denial of care for a man who died of dehydration during 16 days of detention at the Lake County Jail. She was also lead litigation counsel in *Julian v. Hanna*, 1:11-CV-1536 (S.D. Ind.), a civil rights case alleging due process violations by the police, which led to a $3 million settlement prior to trial.

15. Ms. Wang's appellate experience includes having written numerous appellate briefs for plaintiffs in cases such as: *Virgil v. City of Newport*, No. 18-5129 (6th Cir.) (qualified immunity interlocutory appeal); *Wheatt v. City of East Cleveland*, Nos. 17-4232 & 17-4262 (6th Cir.) (qualified and absolute immunity interlocutory appeals); *Jackson v. City of Cleveland*, No. 17-3840 (6th Cir.) (appeal of grant of summary judgment on Fourth and Fourteenth Amendment claims); *Bledsoe v. Vanderbilt*, No. 17-3191 (10th Cir.) (absolute immunity interlocutory appeal); *Bell v. Keating*, No. 11-2408 (7th Cir.) (First and Fourteenth Amendment claims); *Lyttle v. Killackey*, No. 10-2064 (7th Cir.) (First Amendment claims); *Goldhamer v. Nagode*, No. 09-2332 (7th Cir.) (First Amendment claim); *Hill v. City of Chicago*, No. 09-1878 (7th Cir.) (affirming denial of absolute immunity at summary judgment); *Ortiz v. City of Chicago*, No. 09-1878 (7th Cir.) (reversing grant of summary judgment on Fourth

5

Amendment claim); and *Elkins v. Summit County*, No. 09-3680 (6th Cir.) (affirming denial of qualified immunity on *Brady* claim against police officers).

16. Ms. Wang has also argued numerous times before the federal appellate courts. In the above-listed appeals, the plaintiffs prevailed in whole or in part in all of them in except for *Goldhamer*, which was decided on a ground not raised by any party (standing). In *Bell*, Ms. Wang relitigated the issue on which the Seventh Circuit abstained in *Goldhamer* and persuaded the court that a section of the City of Chicago's disorderly conduct ordinance was facially unconstitutional under the First Amendment and void for vagueness under the Due Process Clause. The ordinance was permanently enjoined and the City of Chicago amended its ordinance as a result.

17. From 2010 to 2012, Ms. Wang was a Lecturer in Law at the University of Chicago Law School, where she taught students in the Exoneration Project, a legal clinic dedicated to the post-conviction representation of individuals who have been wrongfully convicted. In 2011, she secured a new trial for one of her clients, Robert Britton, after an evidentiary hearing on her post-conviction petition. In 2014, she served as lead trial counsel at Mr. Britton's retrial, won an acquittal, and Mr. Britton walked free after serving 19 years of wrongful imprisonment.

18. Ms. Wang graduated from the University of Chicago Law School in 2005. She was admitted to the bar of the State of Illinois in January 2006 and to the bar of the State of Colorado in July 2013. She has been admitted to practice in multiple federal district and appellate courts around the country.

6

19. From 2005 to 2006, Ms. Wang practiced civil rights litigation as a Legal Fellow at the American Civil Liberties Union (ACLU) Drug Law Reform Project in Santa Cruz, California.

20. From 2006 to 2007, Ms. Wang served as a law clerk for the Honorable Betty B. Fletcher on the U.S. Court of Appeals for the Ninth Circuit. From 2007 to 2008, Ms. Wang served as a law clerk for the Honorable Harry D. Leinenweber on the U.S. District Court for the Northern District of Illinois.

**Makeba Rutahindurwa**

21. Makeba Rutahindurwa is an attorney at Loevy & Loevy. Ms. Rutahindurwa is a member in good standing of the bar of the State of Illinois. She is admitted to practice before this Court, as well as the Northern District of Illinois and the Eastern District of Missouri.

22. Since joining the firm in 2020, Ms. Rutahindurwa has handled several civil rights cases, including police shooting, wrongful conviction, and malicious prosecution cases. She recently assisted in writing an appellate brief to the Seventh Circuit, arguing that the district court properly granted class certification in a prisoners' rights putative class action case.

23. Ms. Rutahindurwa graduated from Stanford Law School in 2019. During law school, she worked with the International Human Rights Clinic, where she traveled to India and Puerto Rico documenting human rights abuses that local populations were facing. She also worked with the Immigrants' Rights Clinic,

7

advocating on behalf of a client seeking asylum, and participated in the Three Strikes Project, helping to successfully overturn a client's life sentence.

24. Prior to joining Loevy & Loevy, Ms. Rutahindurwa clerked for the Honorable Andrew P. Gordon of the United States District Court for the District of Nevada.

Executed on April 26, 2021.

Elizabeth Wang

# LOEVY & LOEVY FIRM RESUME

Over more than 20 years, Loevy & Loevy has been fighting on behalf of its clients in the vital and complex areas of civil rights, whistleblower protection, consumer protection and data privacy, among others. Our firm has won dozens of jury trials and has secured hundreds of millions of dollars for our clients, including nearly $200 million in class action settlements and verdicts alone. In 2012, the Honorable Matthew Kennelly, who has had the chance to observe the firm in two class actions (including one that went to jury trial), several wrongful conviction cases, and many others, noted that Loevy & Loevy "is fairly considered one of the premier Chicago-area law firms concentrating in plaintiff's section 1983 litigation" and that founding partner Jon Loevy and the firm "consistently produce written work that rivals that of any law firm in Chicago—not just those specializing in this particular field." *Jimenez v. City of Chicago*, 2012 WL 5512266, at *2 (N.D. Ill. Nov. 14, 2012).

Our firm has over forty attorneys and a talented support staff. Most of the firm's attorneys graduated from top law schools and clerked for federal judges. Many firm attorneys left or turned down jobs at the nation's largest law firms to work at Loevy & Loevy. During the two decades since the firm's founding, the firm has built a reputation for its excellent work product and trial results, providing clients who might otherwise go unrepresented with the same quality legal work as the wealthiest corporations could buy from the nation's largest firms.

Loevy & Loevy has secured many of the nation's top jury verdicts for its wrongfully convicted clients, including $25 million in *Jimenez*; $22 million in *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill.); $21 million in *Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.); $16 million in *White v. McKinley*, No. 05-cv-203 (W.D. Mo.); $15 million in *Burgess v. Baltimore Police Department,* No. 05 cv 834 (D. Md.); $15 million in *Wheatt, et al. v. City of East Cleveland*, No. 17-cv-377 (N.D. Ohio); $13.2 million in *Ayers v. City of Cleveland*, 2013 WL 1965948 (N.D. Ohio Mar. 8, 2013); and $9 million in *Dominguez v. Hendley*, No. 04-cv-2907 (N.D. Ill.). Other jury awards and settlements include: *Young v. County of Cook*, No. 06 C 552 (N.D. Ill.) (over $100 million in settlements after jury verdict—unconstitutional strip searching of inmates); *Aranda v. Caribbean Cruise Line, et al.,*No. 12 C 4096 (N.D. Ill.) (largest settlement in any TCPA case in the nation, securing a $76 million settlement for the class); *Cook County v. USI*, No. 2012 L 8066 (Cir. Ct. Cook Cty. Ill. 2018) ($9,050,000—breach of contract).

## CLASS ACTION PRACTICE

We are experienced class action attorneys who have tried two class actions to verdict and have successfully litigated a number of class action cases—efforts that multiple courts have recognized. Unlike many firms that practice in these areas, the firm's attorneys have not only settled class actions, they have tried class action cases to verdict before juries. For example, in *Young v. County of Cook*, No. 06-cv-

Exhibit A

552 (N.D. Ill.), Loevy & Loevy obtained a plaintiffs' verdict in connection with civil rights claims on behalf of over 250,000 civil rights class members. In a related case against Cook County's former insurers, our firm secured $107 million in settlements after winning a trial on liability and multiple damages trials in the original case and another trial in the case against the insurance companies for improperly denying coverage. In granting final approval of a $7.2 million settlement in *Flood v. Dominguez,* No. 08-cv-153 (N.D. Ind.), on December 14, 2012, the Honorable Philip P. Simon stated that "class counsel [from Loevy & Loevy] … are highly experienced, highly respected and have done an outstanding job in the face of a very strong opposition."

**Representative Cases (resolved at the district court level):**

*Aranda v. Caribbean Cruise Line, et al.*, No. 12-cv-4096 (N.D. Ill.): Co-class counsel in TCPA case, securing $76 million settlement for the class. At this level, it will be the largest TCPA settlement ever. In awarding attorneys' fees following the settlement, the court recognized Loevy & "Loevy's expertise in conducting class action trials," and noted "that counsel provided exceptional representation for the class and produced high-value output." *Aranda v. Caribbean Cruise Line, Inc.*, 2017 WL 1369741, at *3 (N.D. Ill. Apr. 10, 2017). *See also Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018).

*Young v. County of Cook*, Case No. 06-cv-552 (N.D. Ill.): Class counsel in an action concerning the unconstitutional strip searching of inmates at the Cook County Jail, which resulted in settlements of more than $100 million following the entry of partial summary judgment and trial on liability for the class members, as well as multiple successful damages trials, and follow-on litigation against the County's former insurers (*Cook County v. AIG, Inc.*, described in the below section). *See Young v. County of Cook*, 06 C 552, 2017 WL 4164238, at *1, 3 (N.D. Ill. Sept. 20, 2017) (noting that cases resulted in $107 million of settlements and that "the quality of counsel's performance [was] exceptional").

*Marconi v. City of Joliet*, No. 10-MR-0165 (Circuit of Will County, Ill.): Loevy & Loevy was Class Counsel for retired Joliet employees who alleged that Joliet violated collective bargaining agreements and the Illinois Constitution by increasing the price of City-provided retiree healthcare benefits. The case settled for $702,139.99, plus valuable injunctive relief for the Class in the form of an agreement regarding the cost of benefits going forward.

*Dunn v. City of Chicago*, No. 04-cv-6804 (N.D. Ill.): Class counsel in an action concerning the unconstitutional treatment of inmates held in lockup by the Chicago Police Department, which resulted in a $16.5 million settlement.

*Flood v. Dominguez*, No. 08-cv-153 (N.D. Ind.): Class counsel in an action concerning the unconstitutional treatment of inmates held in lockup at the Lake County Jail, which resulted in a $7.2 million settlement.

*Solon v. Midwest Medical Records Association, et al.*, No. 04-CH-7119 (Circuit Court of Cook County Ill.). After securing adversarial class certification in this consumer class action and litigating the case all the way to the Illinois Supreme Court, Loevy & Loevy negotiated a settlement that allowed class members to recoup 70% of their damages.

**Representative Cases (pending):**

The firm currently is litigating numerous putative class actions, including the following:

*In re: Clearview AI, Inc. Consumer Privacy Litigation*, No. 21 cv 135 (N.D. Ill.): Interim lead class counsel in a putative class action involving alleged violations of the Illinois Biometric Information Privacy Act ("BIPA") arising out of the use of facial recognition technology. The court appointed counsel from Loevy & Loevy as interim class counsel, after considering applications from competing plaintiffs' counsel.

*Vance v. International Business Machines Corp.*, No. 20 C 520 (N.D. Ill): Interim co-lead class counsel in a putative class action involving alleged violations of the Illinois Biometric Information Privacy Act ("BIPA") arising out of the use of facial recognition technology.

*Mays v. Dart*, No. 20-cv-2134 (N.D. Ill.): Co-class counsel for class of detainees at the Cook County Jail in case for injunctive relief regarding the violation of class members' constitutional rights in light of the COVID-19 outbreak at the Cook County Jail. After obtaining conditional certification and a preliminary injunction, which is on appeal, the case is proceeding on the merits in the district court.

*Ross et al. v. Gossett*, No. 15-cv-0309 (S.D. Ill.): Loevy & Loevy is co-class counsel for a class of approximately 10,000 individuals in IDOC custody who were subject to abusive and humiliating searches during facility-wide searches at four IDOC prisons in Southern Illinois. The case is on appeal.

*Henry v. Hullett*, No. 12-cv-3087 (C.D. Ill.): Loevy & Loevy tried this certified class action to verdict, seeking damages and injunctive relief on behalf of inmates subjected to an unconstitutional strip search at Lincoln Correctional Center. The case proceeded to trial on plaintiffs' Eighth Amendment claim after the district court dismissed plaintiff's Fourth Amendment claim. On appeal, the Seventh Circuit ruled in an *en banc* decision that dismissal of the Fourth Amendment claim was improper and reversed and remanded for further proceedings in the district court. *Henry v. Hullett*, 969 F.3d 769 (7th Cir. 2020).

*Dobbey v. Weilding*, No. 13-cv-1068 (N.D. Ill.): Class counsel in an action concerning the constitutionality of the conditions of confinement at Stateville Correctional Center.

3

## REPRESENTATIVE JURY AWARDS AND SETTLEMENTS
### (Non-Class Action)

In addition to its class action practice described above, Loevy & Loevy (either as sole counsel or with co-counsel) has secured hundreds of millions of dollars in jury awards and settlements covering various substantive areas of the law, including the following:

*Wheatt, et al. v. City of East Cleveland*, No. 17-cv-377 (N.D. Ohio): In 2018, Loevy & Loevy, led by attorney Elizabeth Wang, obtained a $15 million jury verdict for three plaintiffs who were wrongfully convicted of a murder they did not commit and spent 20 years in prison as a result. Loevy & Loevy's clients, Derrick Wheatt and Laurese Glover, were two of the plaintiffs. The defendant police officers withheld exculpatory evidence and used unduly suggestive identification procedures.

*Jackson, et al. v. City of Cleveland*, No. 15-cv-989 (N.D. Ohio): In 2020, Loevy & Loevy, led by attorney Elizabeth Wang, obtained a $18 million settlement for three plaintiffs who were wrongfully convicted of a murder and robbery they did not commit and spent decades in prison as a result. Loevy & Loevy's client, Rickey Jackson, was one of the plaintiffs. The defendant police officers withheld exculpatory evidence and fabricated evidence, and the City of Cleveland's policies, practices, and widespread customs were the moving force behind these constitutional violations.

*Woods v. City of Reno*, No. 3:16-cv-494-MMD (D. Nev.) and *In the Matter of the Wrongful Conviction of Cathy Woods*, CV19-2375 (Second Jud. Dist. Ct. of the State of Nev.): In 2019 and 2020, Loevy & Loevy, led by attorney Elizabeth Wang, obtained a nearly $10 million global settlement for a plaintiff who was wrongfully convicted of a murder she did not commit and spent decades in prison as a result. Ms. Woods was exonerated by DNA evidence. The defendant police officers and prosecutor fabricated evidence, coerced a false confession, withheld exculpatory evidence, and caused plaintiff's prosecution without probable cause.

*Chatman v. City of Chicago*, No. 14-cv-2945 (N.D. Ill.): In 2019, Loevy & Loevy, including attorney Elizabeth Wang, obtained a $10 million from various defendants, for a mentally ill homeless man who was coerced into confessing to a rape that he did not commit. The defendant police officers and prosecutor fabricated evidence, coerced a false confession, withheld exculpatory evidence, and caused plaintiff's prosecution without probable cause.

*Richardson, et al. v. City of Chicago*, No. 12-cv-9184 (N.D. Ill.): In 2019, Loevy & Loevy, with other counsel, obtained a total $60 million settlement from various defendants, for four teenagers who were coerced into confessing to the rape and murder of a prostitute before being exonerated by DNA evidence.

4

*Rivera v. Guevara*, No. 12-cv-4428 (N.D. Ill): In 2018, Loevy & Loevy obtained a $17 million jury verdict for Jacques Rivera, who was wrongly convicted of a murder he did not commit and spent 21 years in prison as a result. Rivera was framed by Chicago Police officer Reynaldo Guevara, who is responsible for the wrongful convictions of more than 18 men. The jury also awarded $175,000 in punitive damages against three police officers involved in the case.

*Kluppelberg v. Burge*, No. 13-cv-3963 (N.D. Ill.): In 2018, Loevy & Loevy obtained a $9.3 million settlement for a plaintiff who was wrongly convicted of setting a fire that killed six people, a crime he falsely confessed to only after being beaten by Chicago police detectives.

*Kuri v. City of Chicago*, No. 13-cv-1653 (N.D. Ill.): In 2018, Loevy & Loevy obtained a $4 million jury verdict for a man who was wrongfully arrested based on fabricated evidence and spent three years in Cook County Jail awaiting trial for murder. The jury also awarded punitive damages in the total amount of $50,000 against two individual Defendant Officers.

*Cook County v. USI*, No. 2012-L-008066 (Cir. Ct. Cook Cnty. Ill.): In March 2018, Loevy & Loevy tried this breach of contract case with co-counsel, resulting in a $9,050,000 verdict.

*Kerry Porter v. Louisville Jefferson County Metro Government et al.*, No. 3:12-cv-829-S (W.D. KY.): In 2018, Loevy & Loevy secured a settlement in the amount of $7.5 million for a man wrongfully convicted of murder and who spent 14 years incarcerated until his release.

*Burgess v. Baltimore Police Department*, No. 15-cv-00834-RDB (D. Md.): In 2017, Loevy & Loevy won a $15 million verdict for a man who spent nearly twenty years in prison after being wrongfully convicted of a murder he did not commit.

*Doe v. County of Milwaukee*, No. 2:14-cv-00200 (E.D. Wisc.) (captioned as *Martin v. County of Milwaukee* at trial): In 2017, Loevy & Loevy won a $6.7 million verdict on behalf of a woman who had been sexually assaulted by a correctional officer in the Milwaukee County Jail, including a jury finding that the officer had been acting within the scope of his employment and therefore that the County was required to pay the verdict entered against the officer.

*Wanda Colon, As Administrator of the Estate of Cesar Munive, deceased, v. Town of Cicero and Donald Garrity*, No. 12-cv-5481 (N.D. Ill.): In 2017, Loevy & Loevy, led by attorney Elizabeth Wang, secured a settlement of $3.5 million for the death of a man shot by a Cicero police officer. It was also successfully alleged that the Defendant Town of Cicero was negligent in hiring the officer who fatally shot our client's son, and that the officer should not have been on the force at the time of the shooting.

5

*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill.): In 2016, Loevy & Loevy served as lead trial counsel in wrongful conviction case that resulted in a $22 million verdict for the Plaintiff, including a verdict against the City of Chicago for unconstitutional practices.

*Cook County v. AIG, Inc.*, No. 12 L 2675 (Cir. Ct. Cook Cnty. Ill.): In 2016, Loevy & Loevy obtained a jury verdict on behalf of Cook County in a case alleging that American International Group, Inc. and various subsidiaries defrauded the County out of insurance proceeds from policies that AIG sold the County. The jury awarded $20 million on each of the following claims against an AIG-related entity: Illinois False Claims Act (subject to trebling); common law fraud; and fraudulent concealment. The jury also awarded $20 million in punitive damages.

*United States ex. rel. Cieszynski v. LifeWatch Services, Inc.*, No. 13-cv-4052 (N.D. Ill.): In 2016, Loevy & Loevy secured a settlement of $12,975,000 in this declined False Claims Act case accusing LifeWatch Services, Inc. of defrauding government insurance programs.

*Sanders v. City of Chicago Heights*, No. 13-cv-0221 (N.D. Ill.): In 2016, Loevy & Loevy secured a $15 million settlement for an individual who spent 20 years in prison after being wrongfully convicted of murder.

*Holmes v. Garrett*, No. 12-cv-2333 (E.D. Mo.): In 2016, we secured a $2.5 million verdict for a client who was wrongfully convicted for drug possession and spent 5 years in prison as a result. We were brought in to serve as trial counsel after discovery was completed.

*Grayson v. City of Aurora*, No. 13-cv-017705 (N.D. Ill.): In 2016, Loevy & Loevy secured a settlement in the amount of $3 million for a man—a teenager at the time of his arrest—who was wrongfully convicted of murder and spent years innocently incarcerated.

*Rivera v. City of Waukegan*, No. 12-cv-08665 (N.D. Ill.): In 2015, Loevy & Loevy secured a $20 million settlement for a client who spent 20 years in prison after being wrongfully convicted of rape and murder. This is believed to be the largest wrongful conviction settlement for an individual plaintiff.

*Ott v. City of Milwaukee*, No. (E.D. Wis.): In 2015, Loevy & Loevy, secured a $6.5 million settlement for a client who spent 13 years imprisoned for a murder he did not commit and who was later exonerated by DNA evidence. The defendant officers had fabricated evidence and withheld exculpatory evidence.

*Estate of Keith MacNeice Jr. v. City of Chicago*, No. 2009 L 2962 (Cook County Cir. Ct. Ill.): In 2015, we won a $2.75 million jury verdict on behalf of a young man who was killed during an unauthorized and unlawful high-speed police chase.

*Harden v. Kachiroubas,* No. 12-cv-8316 (N.D. Ill): In 2014, Loevy & Loevy, including attorney Elizabeth Wang, obtained a $40 million settlement with the Illinois State Police on behalf of the "Dixmoor Five," a group of five young men who were wrongfully convicted of the sexual assault and murder of a teenage girl. James Harden, Loevy & Loevy's client, was among the plaintiffs in the case. He and the rest of the Dixmoor Five also settled their claims against the Village of Dixmoor for an additional undisclosed sum. The Dixmoor Five case remains the largest settlement of a wrongful conviction case in the history of Illinois.

*Gillard v. City of Chicago,* No. 10-cv-7606 (N.D. Ill.): In 2014, Loevy & Loevy reached a $6.375 million settlement with the City of Chicago for client Larry Gillard, who spent 12 years in prison for a rape he did not commit.

*United States ex rel. Keiser v. McHugh,* No. 08-cv-2443 (N.D. Ill.): Loevy & Loevy served as relator's counsel in this False Claims Act case, which resulted in a $12 million settlement.

*Ayers v. City of Cleveland,* No. 12-cv-753 (N.D. Ohio): In 2013, Loevy & Loevy secured a $13,210,000 verdict on behalf of a wrongfully convicted client against two Cleveland police officers, which is believed to be the highest civil rights judgment ever entered against Cleveland police officers.

*Fox v. Barnes*, No. 09-cv-05453 (N.D. Ill.): In January 2013, we won a $12 million verdict on behalf of a former Illinois Department of Corrections inmate who suffered brain damage after being denied proper medical care.

*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill.): In January 2012, we won a $25 million jury verdict for a client who spent 16.5 years in prison after being wrongfully convicted. A report published in the National Law Journal lists this verdict as being one of the top 100 verdicts of 2012.

*Sandra T.E. v. Sperlik*, No. 05-cv-473 (N.D. Ill.): In July 2010, a jury awarded $3.6 million to Loevy & Loevy's clients who had been sexually abused by a band teacher in Berwyn, Illinois.

*Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.): In June 2009, we won a $21 million jury verdict for our client in federal court in Chicago. The client had spent nearly 12 years wrongfully imprisoned for a murder he did not commit. The jury concluded that a Chicago Police Department detective violated the client's constitutional rights by causing his wrongful conviction.

*Borsellino v. Putnam*, No. 00-CH-13958 (Cir. Ct. Cook Cnty. Ill.): We won an $11 million jury verdict on behalf of a client who alleged that his former business partners had defrauded him in connection with the sale of their business.

7

*White v. McKinley*, No. 05-cv-203 (W.D. Mo.): In August 2008, we won a $16 million jury verdict for our client who had been wrongfully convicted and served more than five years in prison.

*Ware v. City of Chicago*, No. 04-cv-2612 (N.D. Ill.): In February 2007, we won a jury verdict for our client who was shot and killed by the Chicago Police following a car chase. Following the jury's verdict, the City agreed to pay $5 million to resolve the case.

*Coffie v. City of Chicago*, No. 05-cv-6745 (N.D. Ill.): In October 2007, we won a $4 million jury verdict for our client in federal court in Chicago. The client was in an automobile that was stopped by Chicago Police Officers, who then drove the client to an alley and during the course of a body search, jammed a screwdriver into the client's rectum.

*Finwall v. City of Chicago*, No. 04-cv-4663 (N.D. Ill.): In October 2007, we won a $2 million jury verdict for our client in federal court in Chicago. The client was charged and prosecuted for the heinous crime of attempted child abduction, a crime of which he is completely innocent. The jury concluded that the Chicago Police Department detectives violated the client's rights by maliciously prosecuting him for a crime he did not commit.

*Dominguez v. Hendley*, No. 04-cv-2907 (N.D. Ill.): In October 2006, we won a $9 million jury verdict for our client, a Mexican immigrant who spent four years in prison as a teenager after being wrongfully convicted.

*Waits v. City of Chicago*, No. 04-cv-4010 (N.D. Ill.): In 2002, Loevy & Loevy won a $2.015 million jury verdict on behalf of a client who was beaten and retaliated against by police officers after he squirted a Chicago Police officer with a water bottle.

*Regalado v. City of Chicago*, No. 96-cv-1736 (N.D. Ill.): In 1999, Loevy & Loevy secured a $28 million jury verdict against the City of Chicago in a police brutality case where our client was beaten into a coma by two Chicago Police Officers. That award is the largest police brutality jury verdict in the history of the City, and is believed to be the highest tort verdict against Chicago as well.