**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH and 1:20-cv-03155-KLM)

MICHAEL ACKER,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
CHIEF OF POLICE PAUL PAZEN, in his individual capacity,
DANIEL FELKINS, in his individual capacity,
DAVID ABEYTA, in his individual capacity,

      Defendants.

---

**MOTION TO SEVER AND DECONSOLIDATE PLAINTIFF MICHAEL ACKER'S
CASE PURSUANT TO FED. R. CIV. P. 21 AND 42**

---

      Plaintiff Michael Acker, by and through his attorneys at KILLMER, LANE & NEWMAN,

LLP, respectfully submits this motion requesting the Court issue an order, pursuant to Fed. R.

Civ. P. 21 and Fed. R. Civ. P. 42, severing and deconsolidating[1] Plaintiff Michael Acker's case

from *Fitouri, et al. v. City and County of Denver, et al.*, Civil Action No. 1:20-cv-1922-RBJ,

(hereinafter "*Fitouri*") and *Black Lives Matter 5280, et al v. City and County of Denver, et al.*,

1:20-cv-01878-RBJ (hereinafter "*BLM 5280*").

1. **INTRODUCTION AND BACKGROUND**

      Mr. Acker, a young, Black man, was peacefully protesting the disproportionate and

---

[1] It is unclear, under the caselaw in this District, whether severance or deconsolidation is
appropriate. Both standards, however, are similar and for the reasons stated herein, this Court
should sever and/or deconsolidate Mr. Acker's case.

systematic police killing of Black men in America on May 28, 2020. Shortly after the protests began, and while protesters were peacefully demonstrating on a sidewalk near Platte Street and Commons Park in downtown Denver, DPD officers unleashed pepper spray and projectiles, without warning, on Mr. Acker and his fellow peaceful protesters. In response, Mr. Acker began acting as a de-facto medic, pulling those who were suffering the effects of these chemical agents from the line of fire and helping them recover. He was rewarded for his altruistic behavior by DPD officers with a 40mm round to the eye. Mr. Acker was simply standing on a sidewalk and had done nothing illegal or violent.

On October 22, 2020, Mr. Acker filed his lawsuit seeking to hold the officers who shot him with a projectile, for no reason other than he was protesting police brutality, accountable. On October 28, 2020, this Court *sua sponte* ordered the consolidation of Mr. Acker's case with two other cases arising from the Denver protests that transpired for weeks following George Floyd's murder: *Fitouri* and *BLM 5280*. The Court did not specify for what purpose it was consolidating the cases. Although all three cases name Denver as a defendant and concern law enforcement officers' use of violent crowd control tactics against peaceful protestors, the facial relatedness of these actions belies the essential differences between these cases in terms of complexity, questions of law and fact, and accompanying discovery. The legal and procedural simplicity of Mr. Acker's case stands in sharp contrast to those of the *BLM 5280* class action and the *Fitouri* class action. *BLM 5280* and *Fitouri* involve parties totaling in double digits (including multiple plaintiffs and between 10 and 150 yet unnamed defendants), raise legal claims relating to unlawful arrest and the constitutionality of Denver's curfew, and were brought as class actions

2

(which raise unique legal issues just as a matter of procedure). In contrast, Mr. Acker is the sole plaintiff in his simple action against four named defendants, and was never arrested or subject to Denver's unconstitutional curfew order.

Examining the factual circumstances that underlie Mr. Acker's claims demonstrates the lack of factual similarity between his case and that of *Fitouri* and *BLM 5280*. Mr. Acker was shot with a projectile on the first evening of the protest, May 28, 2020, antecedent to Mayor Hancock's imposition of a citywide curfew, the deployment of the Colorado National Guard, the invocation of the mutual aid statute by Denver (and subsequent policing of the protests by multiple other municipal agencies), and the escalation of the protests by Denver law enforcement. Mr. Acker's case is confined to a limited geographic area near Platte Street and Commons Park in downtown Denver on May 28, 2020. Meanwhile, the *Fitouri* and *BLM 5280* cases involve multiple plaintiffs and defendants throughout Denver over the next week, but not at the spot where Mr. Acker was brutalized.

The difference in the cases has played out through the discovery process. Mr. Acker sought, and was granted, a few discovery requests and depositions from this Court. He has since propounded that discovery on the Defendants related to his case and deposed one of the Defendants named in his action. The other cases have resulted in substantial discovery, which is ongoing, including depositions and terrabytes of video, audio, and documentation. All of this discovery is obviously relevant to, and proportional to the needs of, the class action cases (as demonstrated by the recently filed class certification motion by the *Fitouri* plaintiffs, [Doc. #91]). However, Ms. Acker's case, which presents far simpler issues and questions, does not

require him to continue to participate in depositions of law enforcement officers who brutalized protesters days and weeks after Mr. Acker was shot with a projectile. Being consolidated has caused Mr. Acker burden in the form of substantial delay. If he were not consolidated with the other cases, he could likely finish discovery, and set his case for trial, within the next six months. That trial would last, at most, a week and likely less time.

Because Mr. Acker's case does not share common issues of fact with the other two cases and requires substantially less discovery than the other two cases, severance and deconsolidation of Mr. Acker's lawsuit from the *Fitouri* and *BLM 5280* class actions is appropriate.

2. **ARGUMENT**

Fed. R. Civ. P. 21 provides that "[o]n motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Accordingly, courts have considerable discretion to sever claims or parties "so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." *Safe Streets All. v. Alternative Holistic Healing, LLC*, No. 115CV00349REBCBS, 2015 WL 4245823, at *2 (D. Colo. July 14, 2015)*; see also WildEarth Guardians v. Jewell,* No. 1:15-CV-2026-WJM, 2016 WL 8577508, at *2 (D. Colo. June 17, 2016); *Allstate Fire & Cas. Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-02080-PAB-STV, 2017 WL 4236309, *at 1 (D. Colo. Sept. 22, 2017) ("A court has broad discretion in deciding whether to sever parties or claims."). Specifically, districts within the Tenth Circuit, including the District of Colorado, have held that severance is appropriate when it will "serve the ends of justice and further the prompt and efficient disposition of litigation," even without a

finding of improper joinder. *United States v. Precision Impact Recovery, LLC*, No. CIV 09-925, 2010 WL 3749391, at *1 (W.D. Okla. Sept. 21, 2010) (finding that failure to sever would prejudice defendants by forcing defendants to participate in unnecessary litigation); *WildEarth Guardians v. United States Off. of Surface Mining Reclamation & Enf't*, No. 1:13-CV-00518, 2014 WL 503635, at *2 (D. Colo. Feb. 7, 2014) (collecting cases in the District of Colorado, District of Kansas, and other Circuits).

Similarly, Fed. R. Civ. P.  42(a) provides "[i]f actions before the court involve a common question of law or fact, the court may [] consolidate the actions[.]" In deciding whether to grant a motion to consolidate, or to deconsolidate cases, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. *See Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *See id.* Consolidation does not result in a merger of separate suits into a single cause of action. *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361 (10th Cir. 1982); *Hall v. Hall*, 138 S. Ct. 1118, 1130-31 (2018). Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties. *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1089, 1094 (D.N.M. 2005) (quoting *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982)).

Here, severance, or deconsolidation, of Mr. Acker's lawsuit is appropriate. Mr. Acker's claims do not share common issues of fact with the other two cases and discovery in the other

two cases is unlikely to overlap with Mr. Acker's case. Further, severance and deconsolidation would promote the just, speedy, and efficient resolution of Mr. Acker's action.

### 3.1 Mr. Acker's case does not share substantial common issues of fact with the other two cases.

Severance would *not* "result in delay, inconvenience, and added expense to the parties and to the court," but rather would promote trial convenience because the unique factual situations underlying Mr. Acker's case demonstrates it shares little or no "overlapping proof and duplication in testimony" with the other two cases. *See Fisher v. Pathway Leasing LLC*, No. 17-CV-01329-CMA-NYW, 2017 WL 6311369, at *2–3 (D. Colo. Dec. 11, 2017) (citing Charles Alan Wright, et al., Federal Practice & Procedure § 1653 (3d ed. 2010) (collecting cases)). While Mr. Acker's claims are related to the plaintiffs' claims in *Fitouri* and *BLM 5280*, there exists substantial dissimilarity in the factual circumstances, and resulting claims, of the three cases because the of how the protests transpired over the course of nearly two weeks. Mr. Acker was subjected to excessive force by DPD officers within hours of the onset of Denver's protest, before police officers had escalated confrontations with protesters and when no curfew existed. The use of force he endured happened at a location that was not the site of the ongoing protests (near the Capitol) and never again hosted one of the innumerable uses of excessive force by Denver police officers over the next two weeks. Because of this, Mr. Acker does not bring any class claims or claims for arrest under the unconstitutional curfew imposed by Denver. And, importantly, at the time Mr. Acker was shot with a projectile, no other police agency was involved with brutalizing protesters; later in the protests multiple other agencies would get in on

6

the action. Because Mr. Acker's claims are fundamentally and factually distinct from the class

cases to which he has been consolidated, this Court should sever and deconsolidate his case.

### 3.2 Mr. Acker will suffer undue delay and prejudice if his case remains consolidated.

Mr. Acker's case must be severed because he would be prejudiced by undue delay owing

to the substantially different and greater discovery required in both of the class actions that he

has been consolidated with. *See Allstate Fire & Cas. Ins. Co*, 2017 WL 4236309, *at 3

(contrasting the impropriety of severance where discovery proceeded in accordance with "other

coordinated proceedings."); *see also Otte v. UMB Bank, N.A.*, No. 19-2351-CM-GEB, 2019 WL

6828652, at *4 (D. Kan. Dec. 13, 2019) (discussing the court's affordance of great weight to

"Plaintiffs' freedom to choose how to pursue their claims.").[2] Mr. Acker has already identified

the two DPD officers who violated his constitutional rights by firing the KIP at his head,

Defendants Felkins and Abeyta. Conversely, the defendant officers sued in an individual

capacity in *Fitouri* remain unnamed; the 150 individual defendant officers in *BLM 5280*, some of

whom are DPD, but one-third of whom are Capitol State Patrol officers, remain unnamed.

Plaintiff Acker has already completed nearly all requisite discovery, absent depositions of the

named Defendants, and would certainly be burdened by the extensive discovery still ongoing in

*Fitouri* and *BLM 5280*. Those cases are class action cases that present different, and more

---

[2] Even the presence of common questions of law or fact is not fatal to request for severance where it would further the interest of justice and the expeditious resolution of a case. *See Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-JTM, 2011 WL 2174946, at *4–5 (D. Kan. June 3, 2011) ("severance can be granted if it is interest of justice and the claims arise from separate events or transactions, even if they do otherwise present common questions of law or fact.").

7

expansive, legal questions and factual complexities. Requiring Mr. Acker to continue along with them would substantially prejudice him.

Further, the complexity of the issues in the other two cases lend further support to Mr. Acker's motion to sever. *See Tab Exp. Int'l, Inc. v. Aviation Simulation Tech., Inc*., 215 F.R.D. 621, 624 (D. Kan. 2003). Mr. Acker's case is substantially less complex procedurally than both the *Fitouri* class action which presents additional class-specific questions of law and the *BLM 5280* case which raises distinct legal questions and includes hundreds of individual unnamed defendants. Thus, severance of Mr. Acker's claims furthers the values of convenience, avoiding prejudice, promoting expedition and economy. *Id.* at 623.

Additionally, severance and deconsolidation is particularly appropriate where, as here, the law and logic of Mr. Acker's claims are highly extricable from plaintiffs' claims in the class cases. *See Tab Exp. Int'l, Inc. v. Aviation Simulation Tech., Inc*., 215 F.R.D. 621, 624–25 (D. Kan. 2003). Mr. Acker was shot with a projectile on the first day of the protest at a discrete location that was not revisited throughout the protest. None of the factual allegations detailed in the *Fitouri* and *BLM 5280* complaints support that the timing, location, or defendant actors are similar to facts alleged by Mr. Acker; and the legal questions raised by Mr. Acker's action are distinct from the other two actions. *Barr v. City of Albuquerque*, No. 12-CV-01109-GBW/RHS, 2014 U.S. Dist. LEXIS 187085, at *4 (D.N.M. Oct. 16, 2014). Severance and deconsolidation would not unduly prejudice or substantially inconvenience any defendants or plaintiffs in any of the three actions because each action requires its own extensive factual investigations and discovery. *See Tab Exp. Int'l, Inc*, 215 F.R.D. at 623.

8

In sum, by exercising its discretion to sever and deconsolidate Mr. Acker's case, this Court would "further[] the aims of justice, promote[] judicial economy and efficiency, and avoid[] prejudicing the rights of any party." *Safe Streets All. v. Alternative Holistic Healing, LLC*, No. 115CV00349REBCBS, 2015 WL 4245823, at *2 (D. Colo. July 14, 2015).

3. CERTIFICATION PURSUANT TO D.C.COLO.LCIVR 7.1

Undersigned counsel certifies that he conferred via email with Hollie Birkholz, Elizabeth Wang, and Timothy McDonald. Counsel for the Denver Defendants, Hollie Birkholz, indicated that the Denver Defendants oppose the relief requested herein. Counsel for the *BLM 5280* Plaintiffs, Timothy McDonald, and *Fitouri* Plaintiffs, Elizabeth Wang, both took no position as to this motion.

4. CONCLUSION

For the foregoing reasons, Plaintiff Michael Acker requests that the Court grant the motion, and sever and deconsolidate Plaintiff's case from the *Fitouri* and *BLM 5280* cases.

DATED this 24th day of May 2021.

KILLMER, LANE & NEWMAN, LLP

/s/ Andy McNulty
Andy McNulty
Darold W. Killmer
Reid Allison
1543 Champa St., Ste. 400
Denver, CO 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
dkillmer@kln-law.com
amcnulty@kln-law.com
rallison@kln-law.com

9

ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 24, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve the following:

Edwin Packard Aro
ed.aro@arnoldporter.com

Mark Silverstein
msilverstein@aclu-co.org

Matthew J. Douglas
matthew.douglas@arnoldporter.com

Andrew David Ringel
ringela@hallevans.com

Timothy R. Macdonald
Timothy.Macdonald@arnoldporter.com

Sara R. Neel
sneel@aclu-co.org

Robert Charles Huss
robert.huss@denvergov.org

Colin Michael O'Brien
colin.obrien@arnoldporter.com

Daniel Moore Twetten
dan@loevy.com

Elizabeth C. Wang
elizabethw@loevy.com

Hollie Renee Birkholz
hollie.birkholz@denvergov.org

Lindsay Michelle Jordan
lindsay.jordan@denvergov.org

Andrew Joseph McNulty
amcnulty@kln-law.com

Reid Robertson Allison
rallison@kln-law.com

Arielle Kay Herzberg
aherzberg@aclu-co.org

Patrick Conor Reidy
patrick.reidy@arnoldporter.com

Michael J. Sebba
michael.sebba@arnoldporter.com

Gerardo Mijares-Shafai
gerardo.mijares-shafai@arnoldporter.com

Mollie DiBrell
mollie.dibrell@arnoldporter.com

Leslie Claire Bailey
leslie.bailey@arnoldporter.com


Killmer, Lane & Newman, LLP

*s/ Jesse Askeland*
_____
Jesse Askeland

10