IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH
and 20-cv-03155-KLM)

BLACK LIVES MATTER 5280, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

---

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF MICHAEL ACKER'S MOTION TO SEVER AND DECONSOLIDATE

---

Defendants, City and County of Denver, Chief of Police Paul Pazen, Daniel Felkins and David Abeyta, through their undersigned counsel, submit their Response in Opposition to Plaintiff Michael Acker's Motion to Sever and Deconsolidate ("Plaintiff Acker's Motion"). [Doc. # 107].

### CLARIFICATION OF CERTIFICATE OF CONFERRAL

As indicated in Plaintiff Acker's Motion, Defendants oppose the requested relief because discovery in the consolidated matter is ongoing. During conferral, counsel for Defendants stated that once discovery is completed, Defendants would re-evaluate their position. However, at present, Defendants believe Plaintiff Acker's request is premature.

### INTRODUCTION

On the first day of the George Floyd protests, Plaintiff Michael Acker, alleges he suffered personal injuries and was subjected to violations of his constitutional rights while he participated

in protests activities at or near Platte Street and Commons Park. Mr. Acker filed a lawsuit against the Defendants on October 22, 2020 [Doc. # 1 in 20-cv-03155-KLM] which was subsequently amended to identify "John Doe" defendants. [Doc. #60] Mr. Acker asserts while protesting, he was struck by less lethal munition deployed by police officers of the Denver Police Department ("DPD"), resulting in significant physical injuries.

The Amended Complaint contains numerous paragraphs describing other protest activities and the police response at various locations throughout the City where Mr. Acker was not present. These incidents occurred in the five days following Mr. Acker's alleged injury, involve 20 different protesters who alleged DPD similarly utilized less lethal munitions on them during the protests, and include several Plaintiffs within the BLM 5280 and Fitouri groups. [*Id*., ¶¶ 78-97]. Based on all these incidents over the course of the entire protests, Mr. Acker asserts municipal liability against Denver, in particular, his custom or practice theory [*Id*., ¶¶ 98-120]. Mr. Acker's municipal liability theories are identical to the BLM and Fitouri Plaintiffs' theories; all are based upon the uniform police response during all the days of the George Floyd protests. In conformity with Plaintiffs' collective allegations, there remains a significant overlap amongst the cases. Therefore, to ensure judicial economy and efficiency, and avoid prejudicing the rights of any party, Plaintiff Acker's Motion should be denied, and the cases should remain consolidated at least through completion of discovery.

## ARGUMENT

Defendants agree with Plaintiff Acker's Motion thorough explanation of the law regarding consolidation and the Court's significant discretion in determining whether severance is appropriate. *Sage Streets Alliance v. Alternative Holistic Healing*, LLC, 2015 WL 4245823, at *2

(D. Colo. July 14, 2015). To guide this discretion, courts have considered a number of factors, including:

> (1) Whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of claims or judicial economy would be facilitated [by severance]; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*In re Merrill Lynch & Co., Inc., Research Reports Securities Litigation*, 214 F.R.D. 152, 155 (S.D.N.Y 2003). When considering when a case should be consolidated, or deconsolidated, it is important for the court to determine whether there is a common question of law or fact. *Servants of the Paraclete v. Great American Insurance Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994).

    A. <u>Deconsolidation, or Severance, Would Subject Defendants to Significant Overlap of Discovery and Result in Judicial Inefficiency</u>.

Mr. Acker's assertion that deconsolidating or severing his lawsuit is appropriate at this juncture because he does not share common issues of fact and the discovery of the BLM 5280 and Fitouri Plaintiffs is incorrect. All Plaintiffs in this consolidated action have asserted that DPD utilized excessive force through their use of less lethal projectiles; that their First Amendment rights to speak freely and assemble have been violated; and Denver is liable for the actions of its officers as a result of several of the same theories of municipal liability. Although each individually named Plaintiff will require different investigations to prove an underlying constitutional violation under their unique circumstance, the underlying municipal liability theories upon which all Plaintiffs allege bind everyone together, because they all assert each individual Plaintiff's constitutional violations were the result of policies, practices, and customs of the DPD and the City and County of Denver.

Discovery on these theories has overlapped, Mr. Acker has benefitted from receipt of information shared as a result of the BLM and Fitouri Plaintiffs' discovery requests. Of the thirteen depositions that have occurred to date, counsel for Mr. Acker has attended all but one,[1] and has inquired of several of the deponents. The Parties are currently scheduling additional depositions and expect Mr. Acker's counsel to attend, including but not limited to, the deposition of Chief Paul Pazen and former Independent Monitor Nicholas Mitchell. Furthermore, the parties have not yet discussed a 30(b)(6) deposition of Denver, but anticipate it is on the horizon. Deconsolidating these cases at this juncture would prejudice Denver by potentially causing it to have to undergo multiple 30(b)(6) depositions as well as multiple depositions of the Chief of Police and the former Independent Monitor.

Due to the commonality of legal theories, which all occur from the same set of factual circumstances, and pursuant to the Scheduling Order of this Court [Doc. # 46], Plaintiffs are permitted four retained experts cumulatively, which are to discuss police practices (crowd management, use of force, less lethal munitions, chemical agents), forensic investigations, and digital forensic analysis. Deconsolidating prior to disclosure of experts would require Denver to respond to two different sets of opinions, which is prejudicial given that Plaintiffs' experts are due on July 12, 2021, with Defendants rebuttal experts following shortly thereafter on August 12, 2021. Severing the cases at this juncture would result in duplicative expert discovery and lead to judicial

---

[1] Counsel for Mr. Acker has attended the following depositions, taken to date: Sgt. David Abeyta, Capt. Stephen Redfearn – Aurora Police Department, Lt. Patrick Shaker – Aurora Police Department, Sgt. Rick Beall, Officer Adam Bolton, Lt. Matthew Canino, Officer Tana Cunningham, Det. Kimberly Hanson, Commander Patrick Phelan (ret.), Corporal John Sampson, Sgt. Anthony Tak, Officer Keith Valentine.

inefficiency. Therefore, at this time, there is meritorious basis to keep the cases consolidated at the very least through and until the discovery cut off.

> B. <u>Deconsolidation would Prejudice Denver Only; Mr. Acker Will Not Suffer Undue Delay and Prejudice if This Case Remains Consolidated.</u>

As stated above, Defendants agree that the three (3) actions each require its own extensive factual investigation but disagree that separate discovery efforts are warranted. Due to the fact that there is significant overlap of the claims created by Plaintiff Acker's Amended Complaint, Defendants would be subject to undue prejudice and substantial inconvenience if the cases were deconsolidated at this time, having to separate its efforts in responding to discovery and coordinate depositions. Defendants would likely have to deal with requests for duplicate depositions (including a 30(b)(6) deposition), respond to multiple expert reports, and potentially conduct multiple additional expert depositions thus driving up the cost of litigation.

Mr. Acker argues if his case is not deconsolidated, he will be burdened by the extensive discovery necessary for the Fitouri and BLM 5280 groups. However, this argument is misplaced because the parties are a mere three (3) months from the close of discovery in this matter. Mr. Acker's counsel is not required to attend every scheduled deposition, but to date, has opted out of attending only one. Deconsolidation at this juncture, prior to the close of discovery, would only prejudice Defendants. Plaintiff Acker has benefitted from all shared information resulting from Fitouri and BLM Plaintiffs' requests; yet, Defendants would then be forced to engage in additional efforts to deal separately with Mr. Acker's discovery related needs on the same short schedule. While there is no undue delay or burden placed on Mr. Acker by keeping the cases consolidated, there is substantial burden on Defendants.

C. <u>Deconsolidation would have no Effect on Settlement</u>

At this juncture, keeping the cases consolidated will have no effect on the potential for resolving Mr. Acker's claims. Once all necessary information is exchanged in the form of written discovery to the Plaintiffs, document production from the Plaintiffs, and conducting the depositions of all Plaintiffs including Mr. Acker, which is facilitated by keeping the cases consolidated at least through discovery, the parties can discuss resolution, which furthers the aims of justice, promotes judicial economy and efficiency, and limits any prejudice or inconvenience to the parties.

## **CONCLUSION**

In conclusion, Plaintiff Acker's Motion is premature. The consolidated cases require combined discovery efforts, and deconsolidation while discovery continues does not serve to further justice and promote judicial economy and efficiency. Quite the opposite, deconsolidation would prejudice the rights of the Defendants as it would result in duplicative discovery, and potentially delay the proceedings. Consolidation will prohibit witnesses from sitting for multiple depositions and limit the need for multiple expert reports and additional multiple expert depositions. Because of the significant overlap of all the Plaintiffs' claims, the cases should remain consolidated at least until the conclusion of discovery.

Therefore, Plaintiff Acker's Motion should be denied and possibly revisited at the conclusion of discover. Accordingly, for all the foregoing reasons, Defendants, City and County of Denver, Chief of Police Paul Pazen, Daniel Felkins and David Abeyta respectfully request this Court deny Plaintiff Michael Acker's Motion to Sever and Deconsolidate, and for all other and further relief as this Court deems just and appropriate.

DATED this 14th  day of June, 2021.

        Respectfully submitted,

        By:  *s/ Lindsay M. Jordan*
        Hollie R. Birkholz, Assistant City Attorney
        Robert Huss, Assistant City Attorney
        Lindsay M. Jordan, Assistant City Attorney
        Denver City Attorney's Office
        Civil Litigation Section
        201 West Colfax Ave., Dept. 1108
        Denver, CO 80202
        Telephone: (720) 913-3100
        Facsimile: (720) 913-3155
        E-mail: hollie.birkholz@denvergov.org
        robert.huss@denvergov.org
        lindsay.jordan@denvergov.org

        Andrew D. Ringel, Esq.
        Hall & Evans, L.L.C.
        1001 17th Street, Suite 300
        Denver, CO 80202
        Telephone: (303) 628-3453
        Facsimile: (303) 628-3368
        E-mail: ringela@hallevans.com
        *Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2021, the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF MICHAEL PLAINTIFF ACKER'S MOTION TO SEVER AND DECONSOLIDATE** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett

colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
Andreas.moffett@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com

Andrew McNulty
Reid Allison
Killmer, Lane & Newman, LLP
amcnulty@kln-law.com
ralison@kln-law.com
*Counsel for Plaintiffs*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants*

*s/ Skye McGlawn*
Denver City Attorney's Office

8