IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT COURT OF COLORADO

Civil Action Nos. 1:20-cv-01878-RBJ & 1:20-cv-01922-RBJ-MEH (consolidated)

BLACK LIVES MATTER 5280, *et al.*,  )
Plaintiffs                          )
v.                                  )   **FITOURI PLAINTIFFS' NOTICE**
                                    )   **OF SUPPLEMENTAL EXHIBIT**
CITY AND COUNTY OF DENVER, *et al.*, )   **IN SUPPORT OF CLASS**
Defendants                          )   **CERTIFICATION**

The Fitouri Plaintiffs, by and through their attorneys, Loevy & Loevy, respectfully submit this notice of an additional exhibit in support of their motion for class certification.

Attached as Exhibit 115 are text messages produced by the Defendant City and County of Denver on June 11, 2021. These are text messages from Lieutenant Vincent Porter's work cell phone and show that the City ordered officers to enforce the emergency curfew only against protestors and not against non-protestors. On June 2, 2020, Commander Kathy Bancroft texted her lieutenants, stating:

> From DC Thomas: All, just to reiterate; the city curfew in effect this week begins at 2100. … Please advise all your officers that this curfew ordinance is to be used only for enforcing protest-related behavior regardless of location in the city. Do not let officers cite for curfew just for being out after 2100. Unless they are actively engaged in protest activity, some other charge of justification must be used.

Ex. 115 at DEN 013053. This message reiterated a message from the day before, on June 1, 2020, which said:

> From DC Thomas … We are working with the City Attorney to extend the curfew order later into the week. Make sure your troops understand this charge is only to be used in relation to protest activity either downtown or elsewhere in the City.

*Id.* at DEN 013035.

During his deposition on June 22, 2021, Lieutenant Porter confirmed what the plain text of the message indicates: that the message from Division Chief Ron Thomas to all districts, was

1

that officers were ordered to arrest only protestors in violation of the curfew and not non-protestors.

These text messages support Plaintiffs' arguments that the Rule 23 factors of commonality and predominance for the proposed Arrest Class are met. Officers did not make any individualized determination to arrest specific individuals for violation of the curfew. Instead, the order from the City (per the Division Chief of Patrol, Ron Thomas), was that the curfew should be selectively enforced only against individuals engaged in protest activity in the City, and not against non-protestors. This is exactly what Plaintiffs have alleged: the emergency curfew was selectively enforced against individuals engaged in First Amendment-protected activity and not enforced against anyone not engaged in First Amendment-protected activity. Dkt. 16 (First Amd. Compl.) ¶¶ 307, 326 (in No. 1:20-CV-1922).

Respectfully submitted,

By: s/ Elizabeth Wang

| Elizabeth Wang, Loevy & Loevy | Makeba Rutahindurwa, Loevy & Loevy |
|---|---|
| 2060 Broadway, Ste. 460, Boulder, CO 80302 | 311 N. Aberdeen St., Chicago, IL 60607 |
| elizabethw@loevy.com; O: 720.328.5642 | makeba@loevy.com; O: 312.243.5900 |

### CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that on June 22, 2021, I served via CM/ECF the foregoing Notice on all counsel of record.

s/ Elizabeth Wang