**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH and 1:20-cv-03155-KLM)

MICHAEL ACKER,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO,
CHIEF OF POLICE PAUL PAZEN, in his individual capacity,
DANIEL FELKINS, in his individual capacity,
DAVID ABEYTA, in his individual capacity,

    Defendants.

---

**REPLY IN SUPPORT OF MOTION TO SEVER AND DECONSOLIDATE PLAINTIFF MICHAEL ACKER'S CASE PURSUANT TO FED. R. CIV. P. 21 AND 42**

---

Plaintiff Michael Acker, by and through his attorneys at KILLMER, LANE & NEWMAN, LLP, respectfully submits this Reply In Support Of Motion To Sever And Deconsolidate Plaintiff Michael Acker's Case Pursuant To Fed. R. Civ. P. 21 and 42, and states in support as follows:

1. **DEFENDANTS' CONCERNS ABOUT DUPLICATED DISCOVERY ARE UNFOUNDED**

Defendants raise a number of concerns about duplicated discovery efforts that are unfounded. First, two of the depositions that Defendants claim would be duplicated should Mr. Acker's case be severed at this point have already occurred. Chief Paul Pazen was deposed on June 17th and Mr. Mitchell was deposed on June 25th. No duplication of these depositions is necessary. And deconsolidating the case will allow for a more targeted 30(b)(6) deposition by

Mr. Acker and the other plaintiffs. As noted, and agreed with by Defendants, the issues and factual questions presented by Mr. Acker's case are unique from those presented by the other plaintiffs. The topics relevant to Mr. Acker's case in a 30(b)(6) deposition would be separate and distinct from those relevant to the other plaintiffs' cases. Therefore, deconsolidating this case prior to the 30(b)(6) deposition of Denver in this matter would have no prejudicial effect, and would in fact save the parties time and effort (by ensuring that counsel for Mr. Acker and counsel for Denver can focus on the issues and topics central to Mr. Acker's case).

With regard to the expert deadline, there is no basis for believing that Defendants will need to respond to additional expert opinions if this case were to be deconsolidated. It is anticipated that each set of Plaintiffs, as it currently stands, will have their own respective endorsed expert. Deconsolidating Mr. Acker's case will thus have no effect on expert discovery. Defendants will have to respond to each of these experts, no matter whether this case moves forward consolidated or is deconsolidated by this Court.

2. **IF THIS COURT DOES NOT DECONSOLIDATE MR. ACKER'S CASE STARTING IMMEDIATELY, IT SHOULD ORDER MR. ACKER'S CASE DECONSOLIDATED UPON THE CLOSE OF DISCOVERY**

Defendants only argue that deconsolidating Mr. Acker's case prior to the close of discovery would prejudice them. In fact, they explicitly state that they have not taken a position on deconsolidation upon the close of discovery. Should this Court decide not to deconsolidate Mr. Acker's case at this juncture, Mr. Acker requests that this Court enter an order deconsolidating Mr. Acker's case upon the close of discovery in this matter.

Entering such an order would provide clarity to the parties as to how trial will progress in

this matter and allow for more fruitful settlement discussions. It would also eliminate the substantial prejudice Mr. Acker would face from a consolidated trial. The issues in Mr. Acker's case, as noted in Mr. Acker's principal motion, are much simpler than those in the other consolidated cases. Requiring that Mr. Acker participate in a consolidated trial, as opposed to allowing him to try his own claims in front of a separate jury, would present significant risk of prejudice through potential juror confusion of the issues in the consolidated cases, along with the additional cost and time of a consolidated trial. In other words, a consolidated trial would be even more prejudicial to Mr. Acker than continued consolidated discovery.

3. **CONCLUSION**

For the foregoing reasons, Plaintiff Michael Acker requests that the Court grant the motion, and sever and deconsolidate Plaintiff's case from the *Fitouri* and *BLM 5280* cases.

DATED this 28th day of June 2021.

        KILLMER, LANE & NEWMAN, LLP

        */s/ Andy McNulty*
        Andy McNulty
        Darold W. Killmer
        Reid Allison
        1543 Champa St., Ste. 400
        Denver, CO 80202
        Phone: (303) 571-1000
        Facsimile: (303) 571-1001
        dkillmer@kln-law.com
        amcnulty@kln-law.com
        rallison@kln-law.com

        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve the following:

Edwin Packard Aro
ed.aro@arnoldporter.com

Mark Silverstein
msilverstein@aclu-co.org

Matthew J. Douglas
matthew.douglas@arnoldporter.com

Andrew David Ringel
ringela@hallevans.com

Timothy R. Macdonald
Timothy.Macdonald@arnoldporter.com

Sara R. Neel
sneel@aclu-co.org

Robert Charles Huss
robert.huss@denvergov.org

Colin Michael O'Brien
colin.obrien@arnoldporter.com

Daniel Moore Twetten
dan@loevy.com

Elizabeth C. Wang
elizabethw@loevy.com

Hollie Renee Birkholz
hollie.birkholz@denvergov.org

Lindsay Michelle Jordan
lindsay.jordan@denvergov.org

Andrew Joseph McNulty
amcnulty@kln-law.com

Reid Robertson Allison
rallison@kln-law.com

Arielle Kay Herzberg
aherzberg@aclu-co.org

Patrick Conor Reidy
patrick.reidy@arnoldporter.com

Michael J. Sebba
michael.sebba@arnoldporter.com

Gerardo Mijares-Shafai
gerardo.mijares-shafai@arnoldporter.com

Mollie DiBrell
mollie.dibrell@arnoldporter.com

Leslie Claire Bailey
leslie.bailey@arnoldporter.com


Killmer, Lane & Newman, LLP

*s/ Jesse Askeland*
_____
Jesse Askeland

4