<u>THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO</u>

*A court authorized this notice. This is not a solicitation from a lawyer.*

# If you were arrested for violation of the emergency curfew in Denver from May 30, 2020 through June 5, 2020—your legal rights are affected:

## What This Notice Is About

- Protestors who were arrested for violation of the emergency curfew in effect in Denver from May 30, 2020 through June 5, 2020 filed this lawsuit, claiming that their First Amendment rights were violated by the Defendant City and County of Denver.

- The Court has allowed the lawsuit to proceed as a class action on behalf of persons who were arrested for violation of the emergency curfew, and in some cases were also arrested on an accompanying charge of failure to obey a lawful order, who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

- The Court has authorized the sending of this Notice to the Class.

- You have been identified as a potential member of the Class.

- The Court has not decided whether the Defendant City and County of Denver did anything wrong. There is no money available now, and no guarantee there will be. Rather, your legal rights to money damages will be determined in the class action if you stay in the suit. Because your legal rights will be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** <br> By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement of the class action. But, you give up rights to sue separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.** <br> If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue separately about the same legal claims in this lawsuit. |

- Your options are explained further in this notice.

- To ask to be excluded, you must act before **September 13, 2021**.

- Lawyers for the plaintiffs must prove the claims against the defendants at a trial set to start **March 7, 2022**. If money or benefits are obtained in the suit, you will be notified about how to claim a share.

- **Any questions? Visit <u>www.loevy.com</u>, or write to the address provided on page 5.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**……………………………………..…… PAGE 3
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. What is a class action and who is involved?
    4. Why is this lawsuit a class action?

**THE CLAIMS IN THE LAWSUIT**…………..……..……………… PAGE 4
    5. What does the lawsuit complain about?
    6. How does the Defendant answer?
    7. Has the Court decided who is right?
    8. What are the Plaintiffs asking for?
    9. Is there any money available now?

**WHO IS IN THE CLASS**…………………………………………….. PAGE 5
    10. Am I part of this Class?
    11. I'm still not sure if I am a Class Member.

**YOUR RIGHTS AND OPTIONS**…………………………………… PAGE 6
    12. What happens if I do nothing at all?
    13. Why would I ask to be excluded?
    14. How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU**…………………………….. PAGE 7
    15. Do I have a lawyer in this case?
    16. Should I get my own lawyer?
    17. How will the lawyers be paid?

**THE TRIAL**………………………………………………………. PAGE 7
    18. How and when will the Court decide who is right?
    19. Do I have to come to the trial?
    20. Will I get money after the trial?

**GETTING MORE INFORMATION**………………………………… PAGE 8
    21. Are more details available?

# BASIC INFORMATION

### 1. Why did I get this notice?

This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against the Defendant City and County of Denver, on your behalf, are correct. Judge R. Brooke Jackson of the United States District Court for the District of Colorado is overseeing this class action. The lawsuit is known as *Fitouri, et al. v. City and County of Denver, et al.*, No. 20-CV-1922-RBJ-MEH (consolidated with lead case *Epps, et al. v. City and County of Denver, et al.*, No. 20-cv-1878-RBJ)).

### 2. What is this lawsuit about?

This lawsuit is about whether the Defendant City and County of Denver unlawfully imposed an emergency curfew from May 30 to June 5, 2020, during the George Floyd protests, and unconstitutionally arrested Plaintiffs in violation of their rights to free speech and assembly under the First Amendment.

### 3. What is a class action and who is involved?

In a class action lawsuit, one or more people called "Class Representatives" (in this case Kelsey Taylor and Claire Sannier) sue on behalf of other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued—and all the Class Members like them—are called the Plaintiffs. The Defendant they sued, the City and County of Denver, is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

### 4. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There were approximately 300 people who were arrested for violation of the emergency curfew, and in some cases were also arrested on an accompanying charge of failure to obey a lawful order, who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed;
- There are legal questions and facts that are common to each of them;
- The claims of Kelsey Taylor and Claire Sannier are typical of the claims of the rest of the Class;
- Ms. Taylor, Ms. Sannier, and the lawyers representing the Class, will fairly and adequately represent the interests of the Class Members;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Certifying the Class, which is available at www.loevy.com.

# THE CLAIMS IN THE LAWSUIT

### 5. What does the lawsuit complain about?

In the lawsuit, the Plaintiffs say that the City and County of Denver's emergency curfew, signed by the Mayor and in effect from May 30, 2020 through June 5, 2020, during the George Floyd protests, was unconstitutional.

Plaintiffs allege that the curfew was enforced only against protestors and not against other civilians out past curfew; this discriminatory enforcement of the curfew was done pursuant to an official city policy; and the curfew arrests violated Plaintiffs' First Amendment rights and rights to be free from unreasonable seizure.

You can read the Plaintiffs' Amended Class Action Complaint at www.loevy.com.

### 6. How does the Defendant answer?

The Defendant City and County of Denver agrees that the emergency curfew was in effect from May 30, 2020 through June 5, 2020. However, it denies that the curfew or its enforcement was unconstitutional. Defendant City and County of Denver maintains the emergency curfew was a legitimate and appropriate exercise of the authority provided to the Mayor under the law and the enforcement of the emergency curfew was not in violation of anyone's constitutional rights because there was probable cause to arrest everyone arrested for violations of the emergency curfew. The Defendant's Answer to the Amended Class Action Complaint is also available at www.loevy.com.

### 7. Has the Court decided who is right?

The Court hasn't decided whether Defendant or the Plaintiffs are right. By establishing the Class and issuing this Notice, the Court is not suggesting that the Plaintiffs or the Defendant will win or lose this case. The Plaintiffs must prove their claims at a trial starting March 7, 2022. (*See* "The Trial" below.)

### 8. What are the Plaintiffs asking for?

The Plaintiffs are asking for money to compensate the Class Members for: the loss of liberty through detention; suppression of their free speech rights; and fear, stress, trauma, embarrassment, and humiliation caused by the curfew arrests; and statutory attorneys' fees.

### 9. Is there any money available now?

No money or benefits are available now because the Court has not yet decided whether the Defendant did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits ever will be obtained. If they are, you will be notified about how to claim a share.

-5-

# WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10. Am I part of this Class?**

The Court decided that the following persons are Class Members:

> Those persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order (D.R.M.C. 38-31(c)), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

**11. I'm still not sure if I am a Class Member.**

If you are not sure whether you are a Class Member, you can get free help by:

1. Writing to the following address:

   Loevy & Loevy
   ATTN: *Fitouri v. Denver* Class Notice
   2060 Broadway, Suite 460
   Boulder, CO 80302

2. Visit [www.loevy.com](www.loevy.com).

# YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

### 12. What happens if I do nothing at all?

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, the Defendant City and County of Denver—as part of any other lawsuit—about the same legal claims that are the subject of this class action lawsuit. This means that if you do nothing, you will not be able to sue the Defendant City and County of Denver about the constitutionality of the emergency curfew in effect in Denver, Colorado, from May 30, 2020 through June 5, 2020, as well as the constitutionality of your arrest and detention for violation of the emergency curfew. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

### 13. Why would I ask to be excluded?

If you already have your own lawsuit against Defendant City and County of Denver, in which you are alleging that your arrest and detention under the emergency curfew was unconstitutional or unlawful, and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class—which means to remove yourself from the Class, and is sometimes called "opting-out" of the Class— you won't get any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of the trial or from any settlement (that may or may not be reached) between the Defendant City and County of Denver and the Plaintiffs.

However, you may then be able to sue or continue to sue the Defendant City and County of Denver for unlawfully arresting and detaining you under the emergency curfew. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against the Defendant after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against the Defendant, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### 14. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Fitouri v. Denver*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by **September 13, 2021**, to: *Fitouri v. Denver* Exclusions, Loevy & Loevy, 2060 Broadway, Suite 460, Boulder, CO 80302. You may also get an Exclusion Request form at the website www.loevy.com.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court decided that the law firm of Loevy & Loevy, in Boulder, Colorado, and Chicago, Illinois, is qualified to represent you and all Class Members. The lawyers are referred to as "Class Counsel." The Court has appointed Elizabeth Wang and Makeba Rutahindurwa, of Loevy & Loevy, as Class Counsel. They are experienced in handling similar cases against other defendants. More information about the law firm, its practices, and the lawyers' experience is available at www.loevy.com.

**16. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to hire and pay that lawyer.  For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to handle your claims.

**17. How will the lawyers be paid?**

If Class Counsel get money or benefits for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by the Defendant.

## THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

**18. How and when will the Court decide who is right?**

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at a trial. The trial is set to start on Monday, March 7, 2022, in the United States District Court for the District of Colorado, Alfred A. Arraj Courthouse, 901 19th Street, Denver, CO 80294, Courtroom A902. During the trial, a Jury or the Judge will hear all of the evidence to help them reach a decision about whether the Plaintiffs or Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

**19. Do I have to come to the trial?**

You do not need to attend the trial unless one of the parties calls you as a witness. Class Counsel will present the case for the Plaintiffs, and the Defendant will present the defenses. You or your own lawyer are welcome to come at your own expense.

### 20. Will I get money after the trial?

If the Plaintiffs obtain money or benefits as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

### 21. Are more details available?

Visit the website, www.loevy.com, where you will find the Court's Order Certifying the Class, the Amended Complaint that the Plaintiffs filed, the Defendant's Answer to the Amended Complaint, as well as an Exclusion Request form. You may also send a letter to: Loevy & Loevy, ATTN: *Fitouri v. Denver* Class Notice, 2060 Broadway, Suite 460, Boulder, CO 80302.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER.**

DATE: July 28, 2021