IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH
and 1:20-cv-03155-KLM)

BLACK LIVES MATTER 5280, *et al*.,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al*.,

     Defendants.

---

**DEFENDANT CITY AND COUNTY OF DENVER'S SUPPLEMENTAL RESPONSES TO
FITOURI PLAINTIFFS' INTERROGATORIES**

---

Defendant, City and County of Denver ("Denver"), through its undersigned counsel, submits the following supplemental responses to the Fitouri Plaintiffs' Interrogatories No. 3, No. 8, No. 9, No. 10, No. 14 and No. 18:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Denver reincorporates all previously asserted objections to Fitouri Plaintiffs' Instructions and Definitions included with the referenced Interrogatories for which Denver is providing supplemental responses.

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

3.     Is it your position that any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the Protests, including but not limited to the uses of

Exhibit 1

force described in the operative Complaint? If so, please describe each alleged unlawful act or acts warranting the use of force that you contend was committed by that Plaintiff, and provide the complete factual basis for your contention, including identifying any witnesses, or physical, documentary, or testimonial evidence supporting your contention.

OBJECTION: Denver objects to the request in that a response to the Interrogatory requires a legal determination as to whether an unlawful act was committed or whether a particular use of force was warranted and necessarily seeks information that is protected from disclosure based upon attorney work product and/or attorney-client privileges. In addition, Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case, as responding with "the complete factual basis" with accompanying evidence for unidentified individuals would require a complete and thorough evaluation of the complete and entire evidentiary record after the close of discovery, which is unduly burdensome. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Denver further objects to the extent Plaintiff requests Denver to describe each illegal act, and to additionally identify witnesses, physical evidence, documents, and testimony as each is a separate topic and discrete sub-part, as opposed to a single request. Denver, therefore, considers Interrogatory No. 3 to encompass five distinct requests. Further, Denver objects because it has no way of identifying the Plaintiffs in relevant media rendering it impossible to make any determination as to whether "any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the Protests," whether they were subjected to any use of force by a Denver officer, or whether any such use of force was warranted. Discovery in this case is ongoing, therefore Denver may not have the information in its possession at this

time to respond to this request.

**RESPONSE:** Subject to and without waiving these objections, Denver is without the information necessary to identify the specific actions taken by Plaintiffs during the protests, including determining whether the Plaintiffs were subjected to any use of force by a Denver officer. Denver refers Plaintiffs to their Complaint, which appears to indicate that Plaintiffs Sannier and Taylor knowingly violated the Emergency Curfew. Additionally, Denver hereby incorporates the Plaintiffs' responses to Denver's Request for Production Nos. 6 and 7 and Interrogatory Nos. 1 and 2 and, pursuant to Fed. R. Civ. P. 33(d), refers Plaintiff to any records identified or produced therein. Denver is in the process of reviewing video provided in response to its Interrogatory No. 2 and Requests for Production Nos. 3 and 6 and will supplement this response to the extent appropriate based on information learned through that review.

**SUPPLEMENTAL OBJECTIONS AND RESPONSE**:  In addition to the previously stated objections, which are reasserted herein, Denver further objects to Interrogatory No. 3, as it calls for a determination of the legal significance of fact, an assignment for a lawyer, not a party. Rule 33 authorizes interrogatories to parties to lawsuits, not to their attorneys. *Hickman v. Taylor*, 329 U.S. 495, 504 (1947).  The assertion and discussion of legal theories, and the classification of facts in support thereof should be by lawyers at trial and in whatever pre-trial procedures the court may require.  *See United States v. Selby*, 25 F.RD. 12 (N.D. Ohio Ed. 1960).  Finally, objection is made because this interrogatory is an improper attempt to shift the burden of proving Plaintiffs' claims to the Defendant.  Without waiving these objections and/or previously stated objections, and despite counsel's assertions that Plaintiffs identified the specific incidents in which they were subject to alleged excessive force and identified for the City video in which they claim the alleged

use of excessive force is depicted, Denver is not declining to respond and/or supplement this response; rather, Denver is without proper information necessary to address the specific action taken by Plaintiffs' during the protests.  Denver has not received completed discovery responses from Plaintiffs, who have requested multiple extensions, and has not had the opportunity to depose the Plaintiffs.  Denver agrees to supplement this response further once it has received additional discovery responses from Plaintiffs and conducted depositions.

8.      Please identify, by department, name, and badge number, all of the law enforcement officers who were present at or near the intersection of Logan and Colfax, the intersection of Pennsylvania and Colfax, or on Colfax between Logan and Pennsylvania, on May 31, 2020 between 9:00 p.m. and 10:00 p.m., including but not limited to those who are depicted in this 9News video from the evening of May 31, 2020: https://www.youtube.com/watch?v=xAWGehxZlMk, at 1:37:17 to 1:38:45 minutes. This interrogatory includes a request for the identity of all supervising or commanding officers who were assigned to that location at that date and time or were responsible for the actions of the officers at that location at that date and time.

**OBJECTION:** Denver objects to this Interrogatory as being unduly burdensome and disproportional to the needs of the case for the following reasons. Review of the referenced YouTube video shows a perspective of what is believed to be the referenced area from what is likely the 9News helicopter. Such a view does not allow for a detailed view of any individual on the ground during that time period. As such, Denver has no reasonable way to determine all of the officers who may be depicted in the video and therefore, it is unable to provide  "by department, name, and badge number, all of the law enforcement officers who were present" at the referenced

locations. Moreover, review of the video indicates dozens of, if not more, officers, most of whom do not appear to be engaged in any use of force whatsoever. Thus, the request for Denver to identify all officers present during a full hour of the event is also overly broad and a "blockbuster" request. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, the information sought is irrelevant in that, even if Denver could compile a list of all officers present, such would have no bearing on the claims and defenses in this action and could not be used in any foreseeable way to determine which, if any officers subjected Plaintiffs to force.

Denver further objects as the request is not limited to the Parties, use of force incidents or curfew arrests noted in the Complaint, which are the only types of allegations and individuals relevant to this lawsuit. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see also Watson v. City of Kansas City, Kansas*, No. CIV.A.99-2106-CM, 2002 WL 922155, at *5 (D. Kan. Apr. 12, 2002) *aff'd sub nom. Watson v. Unified Gov't of Wyandotte Cnty./Kansas City*, 70 F. App's 493 (10th Cir. 2003); *Trujillo v. Campbell*, No. 09-cv-030110-CMA-KLM, 2012 WL 3609747, at *6-7 (D. Colo. Aug. 22, 2012).

**RESPONSE:** Subject to and without waiving these objections, officers from District 1 and District 3, including members of District 1 Impact Team 180 and District 3 Impact Team 380, were at or near the intersection of Logan and Colfax, the intersection of Pennsylvania and Colfax, or on Colfax between Logan and Pennsylvania, on May 31, 2020 between 9:00 p.m. and 10:00 p.m. Lieutenant James D. Williams was assigned District 1 Resources and District 3 Impact on May 31, 2020. Denver cannot specifically identify any of the officers depicted at 1:37:17 to 1:38:45 minutes in the subject video at this time, as the video does not allow for a detailed view

of any individual on the ground.

**ADDED SUBPARTS TO INTERROGATORY NO. 8**:   Pursuant to the Discovery Dispute Hearing held on May 20, 2021, Fitouri Plaintiffs' Interrogatory No. 8, was modified to include the following subpart:

a. (Listed as 2(g) in Letter to Court, dated May 19, 2021)  The identity of the DPD officers on Impact Teams 180 and 380, led by Sgt. Beall, Sgt. Abeyta, and Lt. Williams, who were present at the kettling of protestors (including Plaintiffs) on May 31, 2020 between 9:36-9:42 p.m. on Colfax between Logan and Pennsylvania.

**SUPPLEMENTAL OBJECTIONS AND RESPONSE**:   Denver objects to the term "kettling" as it is not defined, and is an argument of counsel, argumentative, misleading and/or misrepresents the evidence.  Denver further objects that the interrogatory implies that any officer identified participated in the "kettling" of protesters, which Denver expressly denies. Additionally, this modification to Interrogatory No. 8 will be treated as a discrete subpart and will count as a separate interrogatory towards the limit of 30  interrogatories allotted to Fitouri Plaintiffs.

Subject to the stated objections asserted now and/or previously and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver states that through its investigation which includes speaking with officers and reviewing documentation, such as the Telestaff roster, the following individuals from Team 180 were scheduled and documented to work May 31, 2020:  Sgt. David Abeyta - #99063, Officer Max McDermott - #16015, Officer Cole Connors - #14053, and Officer Adam Hoffecker - #14051. As for Team 380, the Telestaff roster identifies the following individuals were scheduled and documented to work May 31, 2020: Sgt. Rick Beall - #04064 Officer Jordan Pittsley - #15026, Officer Jeremy Cain - #05056, Officer

Austin LeFebre - #16017, and Officer Adam Van Volkinburg, #17008.  Although Denver was able to identify the team members that were scheduled and documented to work for the date in question, it cannot confirm or deny which officers were present at the location and time requested because the situation was rapidly developing and officers were constantly moving.

9.      Please identify, by department, name, and badge number, all of the law enforcement officers who were present at or near the intersection of Lincoln and Colfax (at the NW corner of the Capitol building) between 6:00 p.m. and 8:00 p.m. on May 30, 2020, including but not limited to those who are depicted in this (News video from May 30, 2020: https://www.youtube.com/watch?v=c_oFD7l718A from approximately 56:00:00 to 3:17:00 minutes). This interrogatory includes a request for the identity of all supervising or commanding officers who were assigned to that location at that date and time or were responsible for the actions of the officers at that location at that date and time.

**OBJECTION:** Denver objects to this Interrogatory as being unduly burdensome and disproportional to the needs of the case for the following reasons. Review of the referenced YouTube video shows a perspective from what is likely the 9News helicopter, then transitions between reporting from numerous areas around the State Capitol, Civic Center Park, and the general vicinity. Due to the number of individuals and officers in the areas shown over a span of approximately two hours and twenty minutes, Denver has no reasonable way to determine all of the officers who may be depicted in the video and therefore, it is unable to provide "by department, name, and badge number, all of the law enforcement officers who were present" at the numerous locations shown in the video. Moreover, the video depicts many officers who do not appear to be engaged in any use of force whatsoever. Thus, the request for Denver to identify all officers present

during an approximate two hour and twenty-minute timespan from numerous locations is overly broad and seeks to combine numerous requests into a single interrogatory. *See Hilt v. SFC, Inc*., 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A*., 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, the information sought is irrelevant in that, even if Denver could compile a list of all officers present, such would have no bearing on the claims and defenses in this action and could not be used in any foreseeable way to determine which, if any officers subjected Plaintiffs to force.

Denver further objects as the request as disproportional to the needs of the case in that it is not limited to the Parties, use of force incidents or curfew arrests noted in the Complaint, which are the only types of allegations and individuals relevant to this lawsuit. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see also Watson v. City of Kansas City, Kansas*, No. CIV.A.99-2106-CM, 2002 WL 922155, at *5 (D. Kan. Apr. 12, 2002) *aff'd sub nom. Watson v. Unified Gov't of Wyandotte Cnty./Kansas City*, 70 F. App's 493 (10th Cir. 2003); *Trujillo v. Campbell*, No. 09-cv-030110-CMA-KLM, 2012 WL 3609747, at *6-7 (D. Colo. Aug. 22, 2012).

**RESPONSE:** Subject to and without waiving these objections, Denver cannot reasonably identify the officers depicted at 56:00:00 to 3:17:00 minutes in the subject video. The timeframe provided in this Interrogatory spans nearly two and a half hours, with reporting from numerous areas around the State Capitol, Civic Center Park, and vicinity. In the interest of cooperation, if Plaintiffs significantly limit the scope of this Interrogatory to a reasonable timeframe and single, specific location, Denver will supplement this response, if appropriate.

**ADDED SUBPART TO  INTERROGATORY NO. 9**:  Pursuant to the Discovery Dispute Hearing held on May 20, 2021, Fitouri Plaintiffs' Interrogatory No. 9, was modified to

include the following subparts:

a.   (Listed as 2(a) in correspondence to Judge Jackson, dated May 19, 2021)  The identity
of one of the DPD Gang Unit Officers believed to have shot Plaintiff Youssef Amghar
without  justification on May 30, 2020 at 7:09 p.m. at the intersection of Lincoln and
Colfax.  The  officer  is  circled  in  the  below  screen  shot  from  a  video:



**SUPPLEMENTAL OBJECTION AND RESPONSE**: Denver objects to this
interrogatory as the statement asking to identify, "the DPD Gang Unit Officers believed to have
shot Plaintiff Youssef Amghar without justification," which contains arguments of counsel, is

argumentative, misleading and/or misrepresents the evidence. Further, Denver objects to Interrogatory No. 9(a), as it calls for a determination of the legal significance of fact, an assignment for a lawyer, not a party.  Rule 33 authorizes interrogatories to parties to lawsuits, not to their attorneys. *Hickman v. Taylor*, 329 U.S. 495, 504 (1947).  The assertion and discussion of legal theories, and the classification of facts in support thereof should be by lawyers at trial and in whatever pre-trial procedures the court may require. *See United States v. Selby*, 25 F.RD. 12 (N.D. Ohio Ed. 1960).  Finally, objection is made because this interrogatory is an improper attempt to shift the burden of proving Plaintiffs' claims to the Defendant.  This modification to Interrogatory No. 9 will be treated as a discrete subpart and will count as a separate interrogatory towards the limit of 30  interrogatories allotted to Fitouri Plaintiffs.

Subject to the stated objections asserted now and/or previously and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver states that through its investigation which includes speaking with officers and reviewing documentation, it does not know the identity of the circled officer.  However, Denver can confirm that the individual is a Gang Unit Officer based on the location shown in the photograph and the red tape on the officer's back.

b. (Listed as 2(b) in correspondence to Judge Jackson, dated May 19, 2021)  The identity of two DPD Metro/SWAT officers who threw tear gas canisters at protestors, including Plaintiffs, on May 30, 2020, at the intersection of Lincoln and Colfax, at 7:09 p.m., as depicted in the screenshots from videos below:





**SUPPLEMENTAL RESPONSE**:  This modification to Interrogatory No. 9 will be treated

as a discrete subpart and will count as a separate interrogatory towards the limit of 30

interrogatories allotted to Fitouri Plaintiffs. Subject to the previously asserted objections and

without waiving Denver's assertion of attorney work product and attorney client privilege, Denver

states that through its investigation which includes speaking with officers and reviewing documentation, Denver does not know identity of the officer(s) who threw the canisters.  Also, please refer to Deposition Testimony of Lt. Matthew Canino for the identity of SWAT officers in the specified location at the requested time.

      c.    (Listed as 2(e) in Fitouri Plaintiff's Letter to Court, dated May 19, 2021)  The identity of DPD Metro/SWAT officer(s) who threw flashbang grenades at the intersection of Lincoln and Colfax on May 30, 2020 between 6:00-8:00PM, one of which hit Plaintiff Fitouri in the foot.

**SUPPLEMENTAL RESPONSE**:  This modification to Interrogatory No. 9 will be treated as a discrete subpart and will count as a separate interrogatory towards the limit of 30 interrogatories allotted to Fitouri Plaintiffs. Subject to the previously asserted objections and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver states that through its investigation which includes speaking with officers and reviewing documentation, Denver does not know the identity of the officer(s) who threw flashbang grenades. As stated in Interrogatory No. 9(a), Lt. Matthew Canino confirmed in his deposition that Sgt. Martinez and Corporal Eberharter were at the specified location on May 30, 2020, during the specified time period.

10.    Please identify, by department, name, unit, and badge number, all the law enforcement officers who were present at the intersection of 14th Avenue and Sherman Street (south side of the Capitol building) between 9:00 p.m. and 9:15 p.m. on May 28, 2020, including but not limited to those who are depicted in these videos: videos from Colorado State Patrol named "05282020 v29.ave" and "05282020 v63.ave" between 9:00-9:15 p.m. This interrogatory includes

the identities of the officers who used "less lethal" weapons on the protestors, including Plaintiff Taylor, that occurs at approximately 9:10 p.m. and the identity of all supervising or commanding officers who authorized the use of force.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons: a response to this interrogatory alone would require an officer with the Denver Police Department to devote at least seventeen hours of time, removing them from their regular duties, to review the materials which have been previously provided to Plaintiffs' counsel to attempt to simply identify officers present at the scene. To locate information responsive to this request, those officers would be required to take the following steps: review the Records Management System maintained by the Denver Police Department to determine if arrest records from this date, time, and location existed which may help identify officers in that location at that time; review the Internal Affairs case tracking system to determine if a citizen complaint was made regarding an incident in that location, on that date and at that time, to determine if any officers that were present had been identified through the IA investigation; review the Denver Police Department Body Worn Camera storage system (Evidence.com) by filtering the BWC footage based upon the requested date and time-frame, then visually reviewing the footage to pinpoint the location of the officer who had activated his her camera, then further reviewing the footage to discern whether any additional officers' identities could be determined; finally, the officers would review and cross-reference HALO footage, Telestaff rosters, after action reports, and officer statements to further determine identities. Even after that time-consuming process, it is unlikely that Denver would be able to discern the identity of every officer that utilized less lethal weapons near protesters, particularly, which officer

deployed less lethal munitions in the area of Plaintiff Taylor, as more than one officer utilized less lethal weapons in this area at the designated time. Considering the amount of time required to simply provide officer identities that could have—not definitively did—utilize force against Plaintiff Taylor, responding to this interrogatory is not proportional to the needs of this case.

Furthermore, Plaintiffs have not provided a definition of "law enforcement officers," which may include officers from entities other than the Denver Police Department and/or officers beyond those specifically named as Defendants in this matter or whose conduct is alleged to have been directed at the Plaintiffs, rendering this request "an impermissible 'blockbuster' interrogatory of a nature repeatedly condemned by trial courts." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006); *see also Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997). Further, retrospectively reviewing materials available is unlikely to identify all law enforcement officers who may have been present during this rapidly developing and evolving situation, let alone all officers who deployed less lethal munitions. This interrogatory separately requests identification of officers who used "less lethal" weapons and supervisors or commanding officers who authorized the use of force, making it an impermissible compound interrogatory that "seek[s] information about discrete separate subjects." F.R.C.P. 33, Advisory Committee Notes, 1993 Amendment. Denver accordingly treats these as two discrete subparts that independently count toward the limit on the number of interrogatories allowed in this case.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver has no reasonable and efficient way to retrospectively identify *all* officers who may have been present during this rapidly developing and evolving situation, and therefore, is unable to definitively identify "all law enforcement officers who were present at the intersection of 14th Avenue and

Sherman Street . . . between 9 pm and 9:15 pm on May 28, 2020 . . . [including] identities of officers who used "less lethal" force." Denver has no way of identifying who is depicted in videos obtained from the Colorado State Patrol; who utilized less lethal weapons at all given times, and who "authorized the use of force" at non-specified moments during the course of fifteen minutes, as requested. Denver Police Officers are authorized to use force in conformity with Denver's Use of Force Policy, 105.00 [*See* DEN001119-1145], which speaks for itself. In specific response to the request to identify Denver Police Officers, Denver has already provided Plaintiffs with media, audio, reports, and other documents from which the identities of the officers potentially present at this location can be derived, including but not limited to the following: DEN000001-17 and DEN2028-2063 (CAD Reports from 5/28/2020); DEN002462 - DEN002462 (Telestaff Roster for 5/28/2020); DEN002777-3839 (Officer Statements from 5/28/2020); DEN4021-4040 (BWC from 5/28/20 at 14th Avenue and Sherman around 9:15PM); DEN4255-4286, DEN4724-4730, DEN4960-4964, DEN5205-5325, DEN6239-6244, DEN6383-6387, DEN6388-6404 (IA Files with Date of Incident 5/28/20). To the extent that Denver becomes aware of identities of officers that have not yet been disclosed that were in these locations and times, it will supplement this response.

**ADDED SUBPART TO INTERROGATORY NO. 10**:   Pursuant to the Discovery Dispute Hearing held on May 20, 2021, Fitouri Plaintiffs' Interrogatory No. 10, was modified to add the following subpart:

    a.  (Listed as 2(d) in correspondence to Judge Jackson, dated May 19, 2021)  The identity of DPD officers who used "less lethal" weapons on protestors (including Plaintiffs) at 14th Avenue and Sherman on May 28, 2020 at 9:10 p.m., as depicted in video and

screenshots provided to the City.  From deposition testimony, video, and officer statements, the officers who threw tear gas/smoke canisters are believed to DPD Metro/SWAT officers.

**SUPPLEMENTAL RESPONSE**:  This modification to Interrogatory No. 10 will be treated as a discrete subpart and will count as a separate interrogatory towards the limit of 30 interrogatories allotted to Fitouri Plaintiffs. Subject to the previously asserted objections and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver states that through its investigation which includes speaking with officers and reviewing documentation, it does not know the identity of the individual officers.  However, Denver can confirm that on May 28, 2020, only Denver Police Department officers were present to police the protests, and mutual-aid assistance was not requested from other jurisdictions on that date.

14.     Please identify, by department, name, unit, and badge number, the law enforcement officer(s) who used less lethal weapon(s) on protestors, including Plaintiff Sannier, on May 30, 2020 at approximately 4:48 p.m. at the 16th Street Mall between California Street and Welton Street, in Denver, Colorado, and identify the commanding or supervising officer(s) who authorized the use of force.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons: a response to this interrogatory alone would require would require an officer with the Denver Police Department to devote at least seventeen hours of time, removing them from their regular duties, to review the materials which have been previously provided to Plaintiffs' counsel to attempt to simply identify officers present at the scene. To locate information responsive to this request, those officers would be required to

take the following steps: review the Records Management System maintained by the Denver Police Department to determine if arrest records from this date and time existed which would help identify any involved officers; review the Internal Affairs case tracking system to determine if a citizen complaint was made regarding the incident to determine if any officers had been identified through the IA investigation; review the Denver Police Department Body Worn Camera storage system (Evidence.com), filtering the footage based upon the requested date and time-frame, then narrowing the potentially responsive body of information based upon a visual review of the footage to pinpoint the location at which the officer who had activated the footage was located, then reviewing the footage further to discern whether any other officers' identities could be determined; finally the officers would review and cross-reference HALO footage, Telestaff rosters, after action reports, and officer statements to further determine identities. Even after that time-consuming process, it is unlikely that Denver would be able to discern the identity of every officer that utilized less lethal weapons near protesters, particularly, which officer deployed the pepper balls that Plaintiff Sannier observed to be used on other protesters, as more than one officer utilized pepper balls in this area at this time. Considering the amount of time required to simply provide officer identities that did not utilize force against Sannier, responding to this interrogatory is not proportional to the needs of this case.

Furthermore, Plaintiffs have not provided a definition of "law enforcement officers," which may include officers from entities other than the Denver Police Department and/or officers beyond those specifically named as Defendants in this matter or whose conduct is alleged to have been directed at the Plaintiffs, rendering this request "an impermissible 'blockbuster' interrogatory of a nature repeatedly condemned by trial courts." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-

BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006); *see also Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997). Further, retrospectively reviewing materials available is unlikely to identify all law enforcement officers who may have been present during this rapidly developing and evolving situation, let alone all officers who deployed less lethal munitions. This interrogatory separately requests identification of officers who used "less lethal" weapons and supervisors or commanding officers who authorized the use of force, making it an impermissible compound interrogatory that "seek[s] information about discrete separate subjects." F.R.C.P. 33, Advisory Committee Notes, 1993 Amendment. Denver accordingly treats these as two discrete subparts that independently count toward the limit on the number of interrogatories allowed in this case.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver has no reasonable way to retrospectively identify all officers who may have been present during this rapidly developing and evolving situation, and therefore, is unable to definitively identify "law enforcement officer(s) who used less lethal weapon(s) on protestors, including Plaintiff Sannier, on May 30, 2020 at approximately 4:48 p.m. at the 16th Street Mall between California Street and Welton Street." Further, Denver has no reasonable way of discerning the identity of all officers utilizing pepper balls at this location, and particularly what impact they had on Plaintiff Sannier, who is alleged to have merely observed pepper balls being utilized against others at this location and time, and/or which supervisors "authorized the use of force" during the course of time requested herein without undertaking a lengthy review of numerous sources of information as described in Denver's objection to this interrogatory. Denver Police Officers are authorized to use force in conformity with Denver's Use of Force Policy, 105.00 [See DEN001119-1145], which speaks for itself. In specific response to the request to identify Denver Police Officers, Denver has

already provided Plaintiffs with the media, audio, and documents that provide the identities of the officers potentially present at this location, including but not limited to the following: DEN0000036-58 (CAD Reports from 5/30/2020); DEN002550 - DEN002601 (Telestaff Roster for 5/30/2020); DEN002777-3839 (Officer Statements from 5/30/2020); DEN004232-4241 & DEN004975-5076 (BWC from 5/30/20); DEN4243-4256, DEN4370-4402, DEN4731-4909, DEN004744-4909, DEN4960-4974, DEN5190-5204, DEN5715-5901, DEN6222-6233 (IA files from 5/30/20). To the extent that Denver becomes aware of identities of officers that have not yet been disclosed that were in these locations and times, it will supplement this response.

**ADDED SUBPART TO INTERROGATORY NO. 14**:  Pursuant to the Discovery Dispute Hearing held on May 20, 2021, Fitouri Plaintiffs' Interrogatory No. 14, was modified to include the following subpart:

   a. (Listed as 2(c) in correspondence to Judge Jackson, dated May 19, 2021)  The identity of the DPD officers who used "less lethal" weapons on protesters, including Plaintiffs, at 16th Street and Welton Ave., at 4:49 p.m. on May 30, 2020.  From officer statements and video, these officers are believed to include DPD Lt. Vince Porter and a handful of officers on his team.

**SUPPLEMENTAL RESPONSE**: This modification to Interrogatory No. 14 will be treated as a discrete subpart and will count as a separate interrogatory towards the limit of 30 interrogatories allotted to Fitouri Plaintiffs. Subject to the previously asserted objections and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver states that through its investigation which includes speaking with officers and reviewing documentation, the following District Two officers from Detail 2 responded to 16th Street and

Welch Street after receiving a request for help from Aurora Police Department:  Lt. Vince Porter - #95081, Sgt. Aaron Bloom - #16003, Officer Jacob Vaporis - #16003, Officer Kevin Beasley - #13006, Officer Frank Capolungo - #15027, Officer Chelsea Novotney - #14030, Officer Christopher Cochran - #17081, Officer Derek Martinez - #18056, Officer Christopher Brungardt - #17070, Officer Simeon Codo - #15046, Officer Jacqueline Velasquez - #16021, Officer Zach Moldenhauer, #17013, Officer Kyle Renny - #18020, Officer Ryan Nelson - #19071.  The District Two officers from Detail 2 responded to the specified location to assist Aurora Police Department officers who were surround and trapped.

Less lethal munition deployment was used to disperse the above-referenced crowd.  Officer Vaporis deployed pepperball munitions at individuals who were throwing rocks at officers. See DEN003469.  Officer Beasley deployed pepperball munitions to disperse the crowd.  See DEN003254.  Sgt. Bloom, after giving verbal commands, deployed his 40 mm system, aiming away from any person to displace the crowd. See DEN003274.  Officer Capolungo deployed pepperball munitions in order to disperse the crowd.  See DEN003282.  Officer Martinez deployed 40mm OC by shooting at the ground and a large concrete wall in an attempt to disperse the crowd. See DEN003382.  Officer Moldenhauer deployed pepperball at the wall in an attempt to disperse the crowd.  See DEN003399.

18.  Please identify, by department, name, unit, and badge number, the law enforcement officer(s) who threw the tear gas or smoke canisters at protestors, including Plaintiffs Fitouri, Deras, and Parkins, at approximately 8:30 p.m. at the intersection of East Colfax Avenue and North Washington Street in Denver, Colorado, and identify the commanding or supervising officer(s)

who authorized the use of force. This includes the officers depicted in this photo, which is a screenshot from DEN 3871 at 8:30:37 p.m.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons: a response to this interrogatory alone would require an officer with the Denver Police Department to devote at least seventeen hours of time, removing them from their regular duties, to review the materials which have been previously provided to Plaintiffs' counsel to attempt to identify officers present at the scene. To locate information responsive to this request, those officers would be required to take the following steps: review the Records Management System maintained by the Denver Police Department to determine if arrest records from this date and time existed which would help identify any involved officers; review the Internal Affairs case tracking system to determine if a citizen complaint was made regarding the incident to determine if any officers had been identified through the IA investigation; review the Denver Police Department Body Worn Camera storage system (Evidence.com), filtering the footage based upon the requested date and time-frame, then narrowing the potentially responsive body of information based upon a visual review of the footage to pinpoint the location at which the officer who had activated the footage was located, then reviewing the footage further to discern whether any other officers' identities could be determined; finally the officers would review and cross-reference HALO footage, Telestaff rosters, after action reports, and officer statements to further determine identities. Even after that time-consuming process, it is unlikely that Denver would be able to discern the identity of every officer that utilized less lethal weapons near protesters, particularly, which officer deployed chemical agents or smoke canisters in the area of Plaintiffs Fitouri, Deras, and Parkins, as more than one officer utilized

chemical agents in this area at this time. Considering the amount of time required to simply provide officer identities that did not definitively utilize force against these Plaintiffs, responding to this interrogatory is not proportional to the needs of this case.

Furthermore, Plaintiffs have not provided a definition of "law enforcement officers," which may include officers from entities other than the Denver Police Department and/or officers beyond those specifically named as Defendants in this matter or whose conduct is alleged to have been directed at the Plaintiffs, rendering this request "an impermissible 'blockbuster' interrogatory of a nature repeatedly condemned by trial courts." *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006); *see also Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997). Further, retrospectively reviewing materials available is unlikely to identify all law enforcement officers who may have been present during this rapidly developing and evolving situation, let alone all officers who deployed less lethal munitions. This interrogatory separately requests identification of officers who used "less lethal" weapons and supervisors or commanding officers who authorized the use of force, making it an impermissible compound interrogatory that "seek[s] information about discrete separate subjects." F.R.C.P. 33, Advisory Committee Notes, 1993 Amendment. Denver accordingly treats these as two discrete subparts that independently count toward the limit on the number of interrogatories allowed in this case.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver has no reasonable way to retrospectively identify all officers who may have been present during this rapidly developing and evolving situation, and a review of the photograph provided has not assisted in the task because the officers pictured are unidentifiable. Therefore, Denver is unable to definitively identify "the law enforcement officer(s) who threw the tear gas or smoke canisters at

protestors, including Plaintiffs Fitouri, Deras, and Parkins, at approximately 8:30 p.m. at the intersection of East Colfax Avenue and North Washington Street in Denver." It is not reasonable for Denver to know the identity of all officers utilized less lethal weapons at this time and locations, and/or who "authorized the use of force" at the times identified herein without undertaking a lengthy review of numerous sources of information as described in Denver's objection to this interrogatory. Denver Police Officers are authorized to use force in conformity with Denver's Use of Force Policy, 105.00 [See DEN001119-1145], which speaks for itself. In specific response to the request to identify Denver Police Officers, Denver has already provided Plaintiffs with the media, audio, and documents that provide the identities of the officers potentially present at this location, including but not limited to the following: DEN0000036-58 (CAD Reports from 5/30/2020); DEN002550 - DEN002601 (Telestaff Roster for 5/30/2020); DEN002777-3839 (Officer Statements from 5/30/2020); DEN004232-4241 & DEN004975-5076 (BWC from 5/30/20); DEN4243-4256, DEN4370-4402, DEN4731-4909, DEN004744-4909, DEN4960-4974, DEN5190-5204, DEN5715-5901, DEN6222-6233 (IA files from 5/30/20). To the extent that Denver becomes aware of identities of officers that have not yet been disclosed that were in these locations and times, it will supplement this response.

**ADDED SUBPART TO INTERROGATORY NO. 18**:  Pursuant to the Discovery Dispute Hearing held on May 20, 2021, Fitouri Plaintiffs' Interrogatory No. 18, was modified to include the following subpart

     a.  (Listed as 2(f) in correspondence to Judge Jackson, dated May 19, 2021) The identity of the DPD officers or supervisors who (1) threw tear gas/smoke canisters at protestors, including Plaintiffs Fitouri, Deras, and Parkins, at 8:30 p.m. at the intersection of

Colfax and Washington, or (2) authorized this use of force, as depicted in the below screenshot at the intersection at 8:30 p.m.  Based on officer statements produced to date, it is believed that these officers included Lt. Vince Porter and officers under his command.  Plaintiff Deras was hit three times with tear gas canisters at this intersection at this time.



**SUPPLEMENTAL OBJECTION AND RESPONSE**: Denver objects to this Interrogatory as it is vague and ambiguous as it does not state a specific date; however, it is presumed this interrogatory refers to May 31, 2020.  This modification to Interrogatory No. 18 will be treated as a discrete subpart and will count as a separate interrogatory towards the limit of 30 interrogatories allotted to Fitouri Plaintiffs. Subject to the stated objections asserted now and/or previously and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver states that through its investigation which included speaking with officers and reviewing documentation, Denver does not know the identity of the officer(s) who threw tear gas

canisters and/or whether the deployment was in response to a direct order or the decision of the officer(s).

**AS TO FORM AND OBJECTIONS**

Respectfully submitted,

By: *s/ Lindsay M. Jordan*
Hollie R. Birkholz, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Robert Huss, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail:  hollie.birkholz@denvergov.org
E-mail:  lindsay.jordan@denvergov.org
E-mail:  robert.huss@denvergov.org

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com

*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2021, the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S SUPPLEMENTAL RESPONSES TO FITOURI PLAINTIFF'S INTERROGATORIES** was served on the following via e-mail:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett

colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
Andreas.moffett@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com

Andrew McNulty
Reid Allison
Killmer, Lane & Newman, LLP
amcnulty@kln-law.com
ralison@kln-law.com
*Counsel for Plaintiffs*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants*

*S Skye McGlawn*
Denver City Attorney's Office

## **VERIFICATION**

I declare under penalty of perjury that the foregoing Supplemental Responses to Fitouri

Plaintiffs' Interrogatories are true and accurate to the best of my knowledge and information.

Technician Lesley Tucker

DATED this _10th_ day of June,

2021