# LOEVY & LOEVY

Elizabeth Wang
elizabethw@loevy.com

2060 Broadway, Suite 460, Boulder, Colorado 80302

direct 720.328.5642

November 20, 2020

*Via Email*
david.cooperstein@denvergov.org
David C. Cooperstein, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202

Re: *Fitouri, et al. v. City and County of Denver, et al.*, 20-CV-1922-RBJ-MEH

Dear David:

I write to follow up on our November 19, 2020 meet and confer regarding Plaintiffs' discovery requests and Defendants' responses. We discuss each of them in turn:

**Plaintiffs' Joint Request for Production Nos. 1, 3 & 4:** The City has agreed to provide responsive documents relating to the specific incidents identified by the Plaintiffs in their responses to the City's Interrogatory No. 1. However, the City stated that it was waiting for the internal investigations to be complete and determinations made regarding any discipline before producing the documents. Plaintiffs stated that they would agree to wait some additional amount of time before production of documents, but that, given the discovery deadlines in this case, Plaintiffs cannot wait indefinitely. Moreover, there is no reason for any delay in the production of factual material such as any interviews with involved or complained-of officers or other witnesses. However, in the spirit of compromise, I am willing to extend the deadline to produce all responsive documents to January 15, 2021. By that time, the complaints will have been under investigation for 7 months and in light of the discovery deadlines in this case, the City should produce all responsive documents, whether or not the investigations have been completed.

With respect to specific named Plaintiff complaints to IA or OIM, I requested that you check on the complaint submitted by Jacquelyn Parkins. I do not have a complaint or reference number, but the documents from Ms. Parkins relating to this are at Fitouri 17063 and Fitouri 17273. In addition, Jonathen De La Vaca Duran also submitted a complaint, which is case number P2020-0158 (see Fitouri 189). Please produce the responsive documents relating to these two within two weeks.

**Plaintiffs' Joint Request for Production No. 2:** The Fitouri Plaintiffs have narrowed their request for video as discussed in our October 23, 2020 meet and confer and in my letter dated October 30, 2020. The City confirmed that it

Exhibit 6

agrees to the production of the video requested in that letter. In addition, it has recently come to my attention that one of the Fitouri Plaintiffs, Andy Sannier, was involved in an additional event: use of less lethal weapons including tear gas on peaceful protestors, including Plaintiff Sannier, on May 28, 2020 at Colfax and Washington at approximately 8:30 p.m. Within the next couple days, I will provide an amended interrogatory response regarding this and therefore add to our request (detailed in the October 30, 2020 letter) video and audio recordings pertaining to that incident, including from the HALO camera at Colfax and Washington, from May 28, 2020 between 7:30-9:30 p.m.

The City has indicated that it has responsive HALO camera, police helicopter camera, and body camera footage, along with radio transmissions. It is Plaintiffs' position that the City should produce all responsive footage relating to the dates, times, and locations listed in my October 30, 2020 letter (and the one new Sannier incident listed above).

It is my understanding that the BLM 5280 Plaintiffs will consider narrowing their requests and will provide a letter to you detailing their position within the next couple days.

The City has indicated that it intends to produce the responsive material on a rolling basis, in this order: the "non-overlapping" HALO camera requests of the Fitouri Plaintiffs, to be provided today; the combined/overlapping requests of the BLM 5280 and Fitouri Plaintiffs for HALO camera footage (assuming that the BLM 5280 Plaintiffs provide their letter within a day or two, we anticipate that you will be able to provide the responsive footage by December 4, 2020); officer statements for May 28-June 2, 2020 by December 4, 2020; body camera footage and aerial helicopter footage in December 2020; and radio transmissions after the New Year (e.g., by January 8, 2021). With respect to body camera footage, the City indicated its position that only 20 minutes before a specific incident and 10 minutes after is relevant and not unduly burdensome. For the reasons that we provided during our conversation, we disagree. We are requesting the same time periods as for HALO camera footage listed in our letter dated October 30, 2020. As I stated, the fact that third parties subject only to Rule 45 (instead of Rule 26) such as the Colorado State Patrol, Aurora Police Department, and Adams County Sheriff's Department, among others, produced numerous hours of body camera footage without objection (and within 60 days or less of receiving a subpoena), undermines the City's argument that it would be unduly burdensome to produce such footage. The fact that these entities also produced this footage without any kind of "redaction" is evidence that there is no need for the City to redact or spend time redacting before production. (If you have any authority that supports your position, please provide it and we will consider it.)

And finally, as I indicated during our meet and confer yesterday, we are willing to agree to a rolling production of the material described over the next several weeks, but because of the deadlines that have been set by the Court in this case, there needs to be an end date for the production of all responsive material. We

Cooperstein                                                                      Page 3 of 5
November 20, 2020

are willing to agree to rolling production between now and January 15, 2021, but we request that all material responsive to all of Plaintiffs' outstanding discovery requests (Joint Requests Nos. 1-16 and Fitouri Requests Nos. 1-8) be produced by January 15, 2021. By that point, Plaintiffs' requests will have been pending for four months and the Defendants will have had approximately 90 extra days (on top of the 30 provided by the Rules) to produce responsive documents.

**Plaintiffs' Joint Request for Production Nos. 5, 11, & 16:** Mr. Reidy provided a list of proposed custodians and search terms this morning. We can be available to confer once you have had an opportunity to review it.

**Plaintiffs' Joint Request for Production No. 6:** The City has indicated that it will only provide records that implicate privacy concerns to the Plaintiff group to which that Plaintiff belongs. The Fitouri Plaintiffs' position is that, because these cases are currently consolidated for all purposes, all discovery should be provided to all parties. However, if the BLM 5280 Plaintiffs prefer the City's approach, for their records over which they may have privacy concerns, we are willing to agree to that at this time (unless it becomes clear at a later time that these cases will in fact remain consolidated for trial). Regardless, documents that implicate privacy concerns will be marked confidential, consistent with the protective order in this case.

**Plaintiffs' Joint Request for Production Nos. 12 & 13:** Although the City has produced the current training and policies (training given to officers at the time of the subject incidents in May-June 2020), this is an insufficient period of time because the officers who actually worked the Protests were presumably trained and received policies prior to the date of the Protests. That is, whatever training or policies that existed as of the date of the Protests would not reflect what training or policies the officers who policed the Protests received. Thus, although Plaintiffs request training and policy-related documents (as described in Nos. 12 and 13) for a period of time prior to the Protests, Plaintiffs are willing to limit the time period to 10 years prior to the Protests, as I indicated in my letter dated November 11, 2020.

**Plaintiffs' Joint Request for Production No. 14 & Fitouri Plaintiffs' Request for Production No. 3:** The City has agreed to produce the officer statements by December 4, 2020.

**Fitouri Plaintiffs' Request for Production No. 6:** The City has objected to producing any responsive materials. During our meet and confer on October 23, 2020, we offered to compromise by seeking only the responsive documents and not any video at this time. However, the City is not agreeing to produce any documents. The parties are at an impasse.

Cooperstein                                                                 Page 4 of 5
November 20, 2020

**Fitouri Plaintiffs' Request for Production No. 8:** As I indicated in my letter dated November 11, 2020, the materials we have requested are relevant and discoverable. This is especially the case since the City is intending to contest class certification on the grounds of typicality, commonality, superiority, and maintenance are not met. Furthermore, the case that the City cited in its response is inapposite, because in that case, the plaintiff was seeking the information about potential class members in order to obtain a named plaintiff to be a class representative. We are not seeking these arrest reports for that purpose, as we are already have named Plaintiffs who are proposed class representatives. You stated during our meet and confer yesterday that you would consider your position and the cases that I referenced in my letter dated November 11, 2020 and let us know your position by today.

In the spirit of compromise, we are willing to limit our request to a random sampling of half the files requested in Exhibit 1 attached to the Fitouri Plaintiffs' Requests for Production (such as, for example, every other Case # or all Case #s ending in odd or even numbers listed on Exhibit 1, for all the files that there is a "GS" Case # for and where the curfew charges have been dismissed). This would reduce any purported burden on the City of producing the files and provide Plaintiffs with a representative sample size of arrest files.

Please let me know by Monday if you are willing to agree to this proposed compromise.

With respect to redactions that the City made on documents it has produced, please provide responses to my questions in my letter of November 11, 2020. The basis of at least some of the redactions is not clear. In addition, Mr. Reidy raised the issue of redactions and requested that, if you have any authority for your assertions of privilege, other than what the City cited on its privilege log, that you provide it so that he may consider it.

**Fitouri Plaintiffs' Interrogatory No. 8:** As I stated, we are entitled to know the names of the officers from District 1 and District 3 who were present. Based on our conversation yesterday, it is my understanding that you will be producing documents that show or are sufficient to determine the names of the officers from District 1 and 3 who were present at the date, time, and location requested. Please let me know if that is inaccurate.

**Fitouri Plaintiffs' Interrogatory No. 9:** The City has not provided any substantive information in response to this interrogatory and objected to its breadth. See Plaintiffs' position on the Interrogatories Nos. 10-20 below.

**Fitouri Plaintiffs' Interrogatories Nos. 10-20:** The City has requested that the Plaintiffs withdraw these interrogatories at this time so that it can focus on producing the documents, video and audio that Plaintiffs have requested. If the City agrees to produce the requested documents, video and audio consistent with the

Cooperstein                                                          Page 5 of 5
November 20, 2020

schedule discussed above on p. 2, and with an end date of production of January 15,
2020, Plaintiffs will agree to withdraw these interrogatories at this time (with the
one exception below). However, Plaintiffs intend to renew their interrogatories
seeking officer identities for the specific incidents and uses of force at the end of
December 2020 such that the responses will be due by January 29, 2021, and
Plaintiffs will not provide any extensions at that time. The Court has set certain
deadlines and the parties must comply with them. Please confirm the City's position
on this proposal.

       With respect to Interrogatory No. 18, at this time, Plaintiffs are only
requesting that the City identify the officer(s) who shot Plaintiff Youssef Amghar
and threw tear gas at them on May 30, 2020 at 7:09 p.m. at the intersection of
Lincoln and Colfax. Plaintiffs are requesting this information at this time because
the video that the parties already have should make it easy for the City to identify
those officer(s). It is our belief that one of the officers who shot Plaintiff Amghar is a
Denver Metro SWAT officer in green fatigues, and he is depicted in COABLM 294 at
19:09:24-19:09:29. Please identify this officer. Other Aurora bodycam videos that
depict the shooting of Amghar include: COABLM 235, 238, 275, 326, 330. Plaintiffs
are willing to stipulate to a 21-day extension for this specific response.

                                        Sincerely,

                                        Elizabeth Wang

Cc: Counsel of Record