**IN THE UNITED STATES DISTRICT COURT**
**OF THE DISTRICT COURT OF COLORADO**

Civil Action Nos. 1:20-cv-01878-RBJ & 1:20-cv-01922-RBJ-MEH

ELISABETH EPPS, *et al.*
Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al*.,
Defendants.

---

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

---

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs Epps, Packard, and Smith ("Plaintiffs") hereby move for leave to amend the Complaint (D.I. 1) that was filed on June 25, 2020 to add the City of Aurora, David McNamee, Patricio Serrant, Matthew Brukbacher, Jonathan Christian, and Keith Valentine as Defendants with respect to four of the events described in the original Complaint. The proposed First Amended Complaint is attached as Exhibit 1. In accordance with the local rules, a redlined version of the First Amended Complaint is attached as Exhibit 2. *See* D.C.COLO.LCivR 15.1.

**Statement of conferral.** As required by D.C.COLO.LCivR 7.1(A), Plaintiffs state that they sent an email to Defendants on August 25, 2021 stating that they intended to move for leave to amend the Complaint to: (1) change Maya Rothlein's name; (2) remove Black Lives Matter 5280 and Dr. Alexander; and (3) name as new defendants Jonathan Christian, Keith Valentine, the City of Aurora, and Aurora Police Officers David McNamee, Patricio Serrant, and Matthew Brukbacher, and asked the City if it opposed.   Defendants responded on August 25, 2021 stating that they partially opposed.  The City said it does not oppose the proposed amendments to Maya

Rothlein's name and the removal of BLM 5280 and Dr. Alexander.  The City said it does not

take a position on the addition of the City of Aurora and the three officers named.  However,

Defendants have concerns as to whether the additions of the City of Aurora and its officers

would affect the current deadlines in the case and/or the trial date.  The City opposes the addition

of Jonathan Christian and Keith Valentine as Defendants, on the basis it is untimely/undue delay.

## INTRODUCTION

Plaintiffs seek leave to add the City of Aurora, David McNamee, Patricio Serrant,

Matthew Brukbacher, Jonathan Christian, and Keith Valentine as Defendants in this case with

respect to four events where discovery has established that these defendants participated in the

offending conduct at issue in this case.

The requested amendment will not add any new events to the Complaint. Instead, through

the course of discovery, Plaintiffs have found that the new defendants were involved in at least

four of the events already described in the Complaint. This amendment seeks to assure the proper

parties are named as Defendants in this action. Because there are no new events described,

merely the correct parties identified, amendment would not prejudice Defendants and thus leave

to amend should be granted.

## FACTUAL BACKGROUND

As described in the Complaint, Plaintiff Zach Packard gathered near the state Capitol

building in Denver with a large group of protesters to exercise his First Amendment right to

protest and to stand in solidarity with those demonstrating against police violence. (D.I. 1 at

¶125.) While exercising his First Amendment rights, a police officer shot him in the head with

less-lethal munitions, and Mr. Packard experienced significant injuries. (*Id*. at ¶126-31.)

As also described in the Complaint, Plaintiff Stanford Smith was exercising his First Amendment rights near Civic Center Park on the evening of May 30, 2020, when a police officer sprayed him directly in the face with pepper spray without warning or justification. (*Id*. at ¶148.). (D.I. 1 at ¶144-46, 148.)

As further described in the Complaint, Plaintiff Elisabeth Epps was exercising her First Amendment rights near the Capitol on the evenings of May 29 and 30, 2020 when she was struck with less-lethal munitions, leaving marks on her back, legs, and face.  (D.I. 1 at ¶¶ 105-107).

At the time the Complaint was filed, Plaintiffs Packard, Smith, and Epps understood that the above events were executed by police officers in Denver. As such, the Plaintiffs suspected that the attacks were undertaken by Denver Police Officers.  Plaintiffs have conducted a thorough review of hundreds of hours of video from multiple sources, reviewed hundreds of officer statements, and conducted several depositions in an effort to identify the officers involved in the incidents at issue.  Along the way, Plaintiffs took reasonable steps to inform the City of their progress in identifying the video and documentary evidence pertaining to the events at issue.  In particular, Plaintiffs served discovery responses and multiple discovery letters on the City explaining in detail the video evidence showing the incidents at issue and the officers responsible for these incidents.

Plaintiffs Packard and Smith have, including through the July 16th deposition of Aurora Sergeant Serrant and the August 4th deposition of DPD Commander O'Donnell, come to believe that they were attacked by police officers employed by the City of Aurora, and that the policies, practices, and/or customs of the City of Aurora — in addition to the policies, practices, and/or customs of the City of Denver — and the failure of both the City of Aurora and City of Denver

to train the police officers caused Plaintiff Packard's and Smith's injuries. In addition, Plaintiff Epps has come to believe, including through the May 19 deposition of former DPD officer Keith Valentine and June 4 deposition of DPD officer Jonathan Christian, that those officers are responsible for Plaintiff Epps' injuries.

Accordingly, Plaintiffs now ask the Court for leave to add the City of Aurora, David McNamee, Patricio Serrant, and Matthew Brukbacher as defendants with respect to the claims of Mr. Packard and Mr. Smith, and to add Jonathan Christian and Keith Valentine as defendants with respect to the claims of Elisabeth Epps, to properly capture parties who share responsibility for the events and behavior described in the Complaint.

## LEGAL STANDARD

At this stage in the proceedings, a plaintiff may amend the Complaint with the opposing party's written consent or with the Court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This rule was "designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006); *see also id.* at 1208 ("[I]n general permission is liberally granted where there is no prejudice."). This Court expressly instructs parties that the Court will "liberally allow amendments of pleadings as the case is further developed." Practice Standards at 1.

Courts typically find prejudice "only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1208 (internal quotation marks omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new

4

factual issues." *Id*. A district court abuses its discretion by denying leave to amend where the factual subject matter of the amendment was already alleged in the prior complaint. *Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (district court abused its discretion by denying leave to add claims that "track the factual situations set forth in [previously-asserted] claims"); *Childers v. Indep. Sch. Dist.*, 676 F.2d 1338, 1343 (10th Cir. 1982) ("The court's refusal [to grant leave to amend] is particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint.").

The Court may refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.  *See Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). Defendants, as the non-moving parties, bear the burden of showing that the proposed amendments are sought in bad faith, are futile, or they would cause substantial prejudice, undue delay or injustice. *Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009) (citation omitted).

Here, the scheduling order does not contain an express deadline to amend the pleadings. Nonetheless, Plaintiffs address the "good cause" standard for modification of a scheduling order deadline under Rule 16(b).  *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

## ARGUMENT

Plaintiffs' proposed amendment relies on the same conduct already alleged in the Complaint. As such, leave to amend should be freely granted.

Plaintiff Packard's claim is premised on Mr. Packard being "hit in the head with a projectile [and] immediately knocked unconscious." DI 1 at 127.  Discovery has established that the City of Aurora, David McNamee, Patricio Serrant, and Matthew Brukbacher, in addition to the City of Denver, bear responsibility for violating Mr. Packard's constitutional rights.  As alleged in the original Complaint, Mr. Packard was protesting at the south side of the intersection of Colfax Avenue and Washington Street on Sunday, May 31, 2020 at about 9 pm.  Through discovery, Plaintiffs have been able to determine that at approximately 9:12 pm, APD Sergeant Patricio Serrant instructed the APD officers located at this intersection, including Officer David McNamee, to target and hit any protesters that touched any of the gas/smoke cannisters that APD officers deployed into the intersection.  Plaintiffs were able to determine through discovery that Officer David McNamee was armed with a less-lethal shotgun loaded with so-called "sock" or "bean bag" rounds and that he fired multiple rounds from his shotgun at the moment just before Mr. Packard was struck in the head with a projectile.  Plaintiffs believe that Mr. Packard was struck in the head by a sock or bean bag round from Officer McNamee's shotgun or a different less lethal round fired by one of the APD officers on the line.  Minutes after Mr. Packard was hit, APD Sergeant Matthew Brukbacher was asked by another APD officer on the line at the same intersection, "if they touch our cannisters, bag 'em or no?"  Sergeant Brukbacher responded, "Oh fuck yeah, yeah without a doubt, they touch any of our gas, they get hit."  Patricio Serrant testified that Sergeant Brukbacher was one of two less-lethal weapons instructors at APD at the time of the George Floyd Protests.

Plaintiff Smith's claim is premised on Mr. Smith having been pepper sprayed directly in the face for no reason at all and without any warning.  (DI. 1 at ¶ 149).  Discovery has

established that the City of Aurora, in addition to the City of Denver, bears responsibility for violating Mr. Smith's constitutional rights. As with Mr. Packard's incident, through discovery, Plaintiffs believe that the officer that sprayed Mr. Smith directly in his face with pepper spray was an officer from APD.  The officer did not give any warning before spraying the pepper spray in Mr. Packard's face.

Plaintiff Epps' claim is premised on Ms. Epps being struck with less-lethal munitions on at least two occasions on May 29, 2020 and May 30, 2020.  (D.I. 1 at ¶¶ 105-107).  Discovery has established that Jonathan Christian and Keith Valentine, in addition to the City of Denver, bear responsibility for violating Ms. Epps' constitutional rights.  As alleged in the original Complaint, Ms. Epps was protesting near the Capitol on May 29 and May 30.  In at least two separate incidents on these dates, Ms. Epps was struck with less-lethal munitions while she was peacefully participating in the protests.  She was left with bruises on her face, back, and legs for weeks.  Through discovery, Ms. Epps has been able to determine that, on May 29, 2020 at about 9 p.m.,  DPD officer Jonathan Christian fired his pepper ball gun at Ms. Epps and struck her as she crossed 14th Street by herself, filming protest and police activity.   Ms. Epps has also been able to determine that on May 30 at approximately 7:15 p.m., Keith Valentine fired several rounds from his pepperball gun in Ms. Epps' direction and struck Ms. Epps in the face.

The effort to identify specific officers for each of the events at issue in this case required a thorough review of hundreds of hours of video from multiple sources, hundreds of officer statements, several depositions, and written discovery.  Along the way, Plaintiffs took reasonable steps to inform the City of their progress in identifying the video and documentary evidence pertaining to the events at issue in this case.  In particular, Plaintiffs served discovery responses

and discovery letters explaining in detail the video evidence showing the incidents at issue, in part to obtain the City's assistance in identifying the officers involved.  Plaintiffs learned of the facts giving rise to this Motion principally through the review of body-worn camera and the depositions of Sergeant Serrant, Lieutenant O'Donnell, Jonathan Christian, and Keith Valentine. Given the schedule in this case and the status of discovery, Plaintiffs now feel it is appropriate to specifically identify these new defendants responsible for the incidents described in the Complaint.  Plaintiffs have acted diligently, and in these circumstances, leave to amend should be "freely granted" under Rule 15(a), and there would even be "good cause" to amend under the Rule 16(b) standard. *See e.g. Pumpco,* 204 F.R.D. at 668-69 ("The fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim" constitutes good cause for leave to amend under Rule 16(b)).

There is no reason to deny Plaintiffs leave to amend. *See Foman*, 371 U.S. at 178 (leave to amend should be granted "in the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."). Plaintiffs have acted diligently in pursuing its amendment and bringing these newly-discovered factual allegations to the Court's attention. *Grantham v. SSC Colorado Springs Cedarwood Operating Co. LLC*, No. 18-CV-02080-KMT, 2019 WL 5684212, at *4 (D. Colo. Oct. 31, 2019) (granting leave to amend complaint to add defendants when relevant facts were recently discovered); *see also Simmons*, 2008 WL 2575649, at *2 (concluding a plaintiff's motion to amend to add another defendant was not untimely, even though filed nine months after the scheduling order deadline, because the plaintiff only learned

of the proposed defendant's relationship to her employer through discovery). Plaintiffs'

amendments are brought in good faith, and there is no undue prejudice to Defendants. No

allegations of new incidents are included in the proposed First Amended Complaint, and the

facts underlying the new allegations and causes of action have already been subject to extensive

discovery by the parties during the discovery period.  As Plaintiffs amendments are narrow and

relate only to the identification of additional parties liable for the existing claims and allegations

of three Plaintiffs, any additional discovery will be minimal. In fact, Plaintiffs have already

deposed three members of the Aurora Police Department as part of discovery and will not

require deposing those witnesses again.

## CONCLUSION

For these reasons, Plaintiffs respectfully request leave to file the First Amended

Complaint and Jury Demand attached as Exhibit 1.

Dated: September 3, 2021                  Respectfully submitted,

                                          By: /s/*Timothy R. Macdonald*
                                               Attorney for Epps
                                               Plaintiffs

                                               Timothy R. Macdonald
                                               Matthew J. Douglas
                                               Ed Aro
                                               Colin M. O'Brien
                                               Kathleen K. Custer
                                               Mollie DiBrell
                                               ARNOLD & PORTER KAYE SCHOLER
                                               LLP
                                               1144 Fifteenth Street, Ste. 3100
                                               Denver, Colorado 80202
                                               Telephone: (303) 863-1000
                                               Facsimile: (303) 863-2301
                                               Timothy.Macdonald@arnoldporter.com
                                               Matthew.Douglas@arnoldporter.com
                                               Ed.Aro@arnoldporter.com
                                               Colin.Obrien@arnoldporter.com
                                               Katie.Custer@arnoldporter.com
                                               Mollie.DiBrell@arnoldporter.com

                                               Gerardo Mijares-Shafai
                                               Leslie C. Bailey
                                               ARNOLD & PORTER KAYE SCHOLER
                                               LLP
                                               601 Massachusetts Ave., NW
                                               Washington, DC 20001-3743
                                               Telephone: (202) 942-5000
                                               Facsimile: (202) 942-5555
                                               Gerardo.Mijares-Shafai@arnoldporter.com
                                               Leslie.Bailey@arnoldporter.com

                                               Patrick C. Reidy
                                               ARNOLD & PORTER KAYE SCHOLER
                                               LLP
                                               70 West Madison Street
                                               Suite 4200
                                               Chicago, IL 60602
                                               Telephone: (312) 583-2300
                                               Facsimile: (312) 583-2360

10

Patrick.Reidy@arnoldporter.com

Michael J. Sebba*
ARNOLD & PORTER KAYE SCHOLER
LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
Michael.Sebba@arnoldporter.com

*Admitted only in New York; not admitted
to the practice of law in California.

Mindy Gorin
ARNOLD & PORTER KAYE SCHOLER,
LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-7832
Mindy.Gorin@arnoldporter.com

In cooperation with the American Civil
Liberties Union Foundation of Colorado

Mark Silverstein
Sara Neel
Arielle Herzberg
American Civil Liberties Union Foundation
of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 80203
Telephone: (303) 777-5482
Facsimile: (303) 777-1773
Msilverstein@aclu-co.org
Sneel@aclu-co.org
Aherzberg@aclu-co.org

Counsel for Epps Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, the foregoing **PLAINTIFFS' MOTION TO AMEND COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Daniel Moore Twettendan
Elizabeth C. Wang
Tara Elizabeth Thompson
Makeba Rutahindurwa
**Loevy & Lovey**
dan@loevy.com
elizabethw@loevy.com
tara@loevy.com
makeba@loevy.com

*Attorneys for Consolidated Plaintiffs Sara Fitouri, Jacquelyn Parkins, Kelsey Taylor, Youssef Amghar, Andy Sannier, Francesca Lawrence, Joe Deras, and Johnathan Duran*

Sarah B. Peasley
Robert Huss
Katherine Field
Emily Dreiling
Hollie Birkholz
Lindsay Jordan
**Denver City Attorney's Office**
Sarah.Peasley@denvergov.org
Robert.Huss@denvergov.org
Kate.Field@denvergov.org
Emily.Dreiling@denvergov.org
Hollie.Birkholz@denvergov.org
Lindsay.Jordan@denvergov.org

Andrew David Ringel
Kathrine Hoffman
**Hall & Evans LLC**
ringela@hallevans.com
hoffmank@hallevans.com

*Attorneys for Defendant City and County of Denver and Consolidated Defendants Jacqueline A. Velasquez, M. Davis, Andrew Nielsen, Zachary Moldenhauer, Jacob Vaporis, Kevin Beasley, Chelsea Novotny, Christopher Cochran, Paul Hogan, Heather R. Jossi, Anthony E. Tak, and J. Lnu*

*/s/ Tanya D. Huffaker*
Tanya D. Huffaker