IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01878-RBJ
 (consolidated with 1:20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al*.,

    Defendants

---

**DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO FITOURI PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Defendants, City and County of Denver, Chief of Police Paul Pazen and Sergeant Anthony Tak, through their undersigned counsel, submit their Response in Partial Opposition to Fitouri Plaintiffs' Amended Motion for Leave to File Second Amended Complaint ("Fitouri Plaintiffs' Motion"). [Doc. # 142].

**CLARIFICATION OF CERTIFICATE OF CONFERRAL**

As indicated in the Fitouri Plaintiffs' Motion, Defendants partially oppose the requested relief. Defendants do not oppose the request to amend the complaint to (1) change Plaintiff Andrew Sannier's name to "Claire Sannier"—her present legal name, or (2) to make the class allegations consistent with the class certified by the Court. Defendants oppose the request to amend to the extent it seeks to add new individual Defendants and add a new claim alleging supervisory liability. Plaintiffs' counsel did not address the proposed amendment to add Plaintiff Sannier's May 31,

2020, factual allegations or punitive damages in their conferral or Motion, but Defendants oppose these amendments.

## INTRODUCTION

Plaintiffs filed this action on July 1, 2020, and amended their Complaint on July 24, 2020. Since that time, the parties have engaged in substantial discovery, including extensive production by Defendant City and County of Denver ("Denver") of video and documents related to the underlying protests and events in the Amended Complaint and numerous depositions. Now, after a year of discovery and with a trial set to commence in March 2022, Plaintiffs seek to amend their complaint to add fourteen new individual defendant DPD officers, with supervisory liability claims not previously alleged, as well as a new factual allegations related to Plaintiff Sannier and a claim of punitive damages. (Doc. 142-1 at ¶¶ 24, 27-39.) Although the Scheduling Order, issued on September 21, 2020, does not provide a specific deadline for amending pleadings (*see* Doc. 46 at 14, "Issues of amendment and joinder shall be governed by Fed. R. Civ. P. 15."), Defendants respectfully request the Court deny the opposed amendments offered by Plaintiffs on the grounds of undue delay and prejudice.

## STANDARD OF REVIEW

While Fed. R. Civ. P. 15(a)(2) instructs that a "court should freely give leave when justice so requires," a court "may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal citation omitted).

"It is well settled in the Tenth Circuit that 'untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation.'" *Emerson v. Wembley USA Inc.*, 433 F. Supp. 2d 1200, 1218 (D. Colo. 2006) (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993)); *see also State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). "The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Id.* (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993)). "For the discovery of new information to constitute an adequate explanation for an untimely amendment, the information must form the basis of the proposed claims." *Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *4 (D. Colo. Mar. 28, 2017). Additionally, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

Prejudice to the nonmoving party is "perhaps the most important factor" in determining whether to deny leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990)). "[A] court properly denies leave where 'a late shift in the thrust of the case will [ ] prejudice the other

party in maintaining his defense upon the merits.'" *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991)). Plaintiffs are not allowed to simply "wait until the last minute to ascertain and refine the theories on which they intend to build their case." *Evans*, 936 F.2d at 1091. "This practice, if permitted, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Evans*, 936 F.2d at 1091.

## ARGUMENT

### A. The Fitouri Plaintiffs' Motion Seeks to Add New Supervisory Liability Claims against New Individual Defendants and Should be Denied as Untimely and Prejudicial

Plaintiffs assert their amendment request is "simply seeking to name the individual Defendants who have now been identified through discovery." (Doc. 142 at 15.) But for eleven of the fourteen newly named individual defendants, Plaintiffs are not simply naming DPD officers initially identified as "Doe" defendants whose conduct was previously alleged in prior complaints. Instead, with respect to Commander Patrick Phelan, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant David Abeyta, Sergeant Marco Martinez, Sergeant Justin Dodge, and Corporal Richard D. Eberharter[1]—as well as one previously named individual Defendant—Sergeant Anthony E. Tak[2]—Plaintiffs are presenting for

---

[1] The allegations related to Corporal Eberharter appear to be both supervisory and individual in nature. (*See, e.g.,* Doc. 142-1 at ¶¶ 294-95, 440.)

[2] While initial allegations related to Sergeant Tak relate to individual conduct, new allegations are presented in the Proposed Second Amended Complaint to suggesting Plaintiffs seek to add the supervisory liability claim against him as well. (*See, e.g.,* Doc. 142-1 at ¶ 245.)

4

the first time, supervisory liability claims and supporting factual allegations. (*See, e.g.,* Doc. 142-1 at ¶ 440.)

Even accepting Plaintiffs' assertion they did not discover the names of these new Defendants until taking depositions over the past few months, there is no explanation as to why Plaintiffs could not have asserted supervisory claims in their Amended Complaint just as they had with individual claims and municipal liability claims. Other than the names of the individual Defendants, Plaintiffs presumably had all that was necessary to assert such supervisory liability claims from the initiation of their case. Plaintiffs were well aware of Commander Phelan's role as the Incident Commander for the response based on his testimony before this Court in the Preliminary Injunction hearing in *Abay v. City and County of Denver,* Civil Action No. 20-CV-01616-RBJ, on June 25, 2020. [*Abay,* Doc. ## 39 & 50]. Further, Plaintiffs deposed most of the newly proposed individual Defendants several months ago. The depositions of newly proposed individual Defendants occurred as follows: Commander Phelan—May 25, 2021; Lieutenant Canino—April 28, 2021; Lieutenant Williams—June 24, 2021; Lieutenant Porter—June 22, 2021; Lieutenant Pine—June 22, 2021; Lieutenant O'Donnell---August 4, 2021; Lieutenant Carroll—July 27, 2021; Sergeant Beall—April 1, 2021; Sergeant Abeyta—May 21, 2021; and Corporal Eberharter—August 24, 2021. [*See* Deposition Cover Pages, Exh. A]. Based on these deposition dates, Plaintiffs offer no legitimate basis for asserting these new claims now instead of much more contemporaneously with their conducting of these depositions. Their failure to do so constitutes undue delay warranting denial of the requested amendment. *See State Distributors, Inc.*, 738 F.2d at 416.

Additionally, it is clear that, by now asserting supervisory claims against these new

5

defendants, Plaintiffs are seeking "a late shift in the thrust of the case" that will undoubtedly prejudice both the current Defendants and these new individual Defendants in maintaining a defense upon the merits. *See Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011). Given that trial in this case is set to commence in March 2022, this prejudice further justifies this Court using its discretion to deny the requested amendment. *See Robinson v. ACG Processing*, No. 17-CV-2725-MSK-STV, 2018 WL 6603957, at *4 (D. Colo. Nov. 21, 2018), report and recommendation adopted, No. 17-CV-02725-MSK-STV, 2019 WL 3334684 (D. Colo. July 25, 2019) (finding denial of motion to amend appropriate on grounds of prejudice where discovery was closed and dispositive motions due in the next month: "Adding fifteen new defendants and a state law claim would essentially begin this case anew. Doing so at this stage of the litigation would unduly prejudice Defendant."); *Mohammed v. Holder*, No. 07-cv-02697-MSK-BNB, 2013 WL 4949282, at *6 (D. Colo. Sept. 13, 2013) (finding that allowing amendment would result in undue burden on defendants where "[d]iscovery of the plaintiff's individual claim is substantially complete, and the matter is poised for the filing of dispositive motions and, if appropriate, a trial setting," and "allow[ing] the requested amendment would greatly expand the issues presented under the existing complaint" (emphasis omitted)). As the Tenth Circuit has noted, even the "liberalized pleading rules" providing for allowance of amendment do not "permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991). Allowing Plaintiffs to add claims of supervisory liability at this late date "would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Id.* Defendants accordingly request that this Court deny the requested amendment to add these supervisory defendants and claims.

6

Further, this Court's most recent Order in this case dated August 31, 2021, granting the Defendants' Unopposed Motion for Extension of Time to Extend Expert Disclosure Deadlines, Expert Discovery Cut-Off and Dispositive Motions Deadlines noted this Court will have little time to consider any dispositive motion before the trial date in this matter. [Doc. # 144]. Defendants understand this reality. However, Plaintiffs' effort to add individual supervisory liability claims against 12 new individual Defendants raises the strong potential for these Defendants to file a Motion for Summary Judgment on these claims raising the defense of qualified immunity. This Court is well aware of the difficulty and complexity of proving individual supervisory liability claims in a 42 U.S.C. § 1983 case as well as the issues raised by a qualified immunity defense involving new and different factual contexts. *See, e.g., Davies v. City of Lakewood*, 14-cv-01285-RBJ, 2016 U.S. Dist. LEXIS 18355 (D. Colo. Feb. 16, 2016). These individual Defendants deserve a full and fair opportunity to conduct appropriate discovery and brief these issues and to allow this Court a thorough opportunity to address a dispositive motion. After all, the failure to address a qualified immunity defense has the same effect as denying it and is also subject to interlocutory appeal. *Lowe v. Town of Fairland, Okla.,* 143 F.3d 1378, 1380 (10th Cir. 1998); *Workman v. Jordan,* 958 F.2d 332, 335-36 (10th Cir. 1992). It is extremely prejudicial if the 12 new individual Defendants are not permitted the opportunity to fully engage with their qualified immunity defense from both a discovery and briefing perspective before this Court. Based on this Court's own recent Order the lack of adequate time before the March 2022 trial date for this Court to address a qualified immunity argument raised in a summary judgment motion demonstrates the fundamental prejudice in allowing the Fitouri Plaintiffs' Second Amended Complaint.

### B. The Fitouri Plaintiffs' Motion Seeking Addition of New Individual Defendants in Substitution of Doe Defendants Should be Denied as Prejudicial

Plaintiffs also request leave to introduce individual claims against new Defendants Sergeant Marco Martinez, Corporal Richard D. Eberharter, Officer Tana Cunningham, and Corporal John Sampson. (Doc. ## 142-1 at ¶¶ 149, 154, 156, 290-95, 297.) This request should be denied on grounds of unfair prejudice against these newly named individual Defendants. Even though the claims and incidents underlying these claims were identified in the Amended Complaint, they were so vague that these individual defendants had no reason to suspect that they would be brought into this lawsuit then or at such a late date now. *Cf. Holden v. Port Auth. of New York & New Jersey*, No. 17-CV-2192 (JGK), 2021 WL 681040, at *14 (S.D.N.Y. Feb. 22, 2021) ("[T]he allegations in the original complaint against the John Doe defendants were so general that they did not provide notice to those defendants that they were intended defendants in this lawsuit."). Given the multitudes of officers involved in the protests, the newly named individual officers had little anticipation that they would be brought into the case at all, let alone now. Two officers in fact have testified against Plaintiff's allegations, stating that they did not shoot Plaintiff Amghar. (Doc. 142 at 8.) And, with respect to allegations that Sergeant Martinez and Corporal Eberharter threw the particular flashbang grenade or grenades that caused injuries to Plaintiffs on May 30, 2020, the Motion demonstrates this is mere speculation based only upon their being present at that location with that less lethal option. (Doc. 142 at 11.) Given these circumstances, the fact that discovery is soon closing, and trial is set for March 2022, it is highly prejudicial to require these individual Defendants to come into a lawsuit at such a late date and not be able to adequately defend themselves. *See Jensen v. W. Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (finding district court was within its discretion in denying motion to amend to add defendant two

8

and a half years into litigation and again a month before trial on basis of undue delay and prejudice).

### C. The Fitouri Plaintiffs' Motion Fails to Address Multiple Additions in the Proposed Second Amended Complaint, and Such Additions Should be Denied as Untimely and Prejudicial.

Plaintiffs' proposed Amended Complaint has at least two significant revisions not addressed in Plaintiffs' Amended Motion for Leave, Doc. 142. First, there is an entirely new set of factual allegations related to a "kettling" event on May 31, 2020, allegedly experienced by Plaintiff Sannier. (Doc. 142-1 at ¶¶ 231-38.) Second, for the first time Plaintiffs included an assertion of punitive damages. (Doc. 142-1 at ¶ 473.) These amendments should be denied as untimely and prejudicial.

First, Plaintiffs fail to explain the delay in presenting the allegations of a "kettling" incident on May 31, 2020. As Plaintiff Sannier alleges she was personally involved in this incident, and it is not clear why she failed to include these allegations when filing the initial complaint or amended complaint in this action. (*See* Doc. 142-1 at ¶ 235.). In particular, Plaintiff Sannier's written discovery responses dated October 26, 2020, included reference to this incident. [*See* Sannier Discovery Responses, Exh. B]. With no explanation for this amendment to add these allegations provided in the Amended Motion for Leave to Amend, the failure to include them earlier in this litigation particularly since Plaintiff Sannier's discovery responses demonstrate she was aware of it several months ago constitutes undue delay sufficient to deny leave to include these allegations. *See Emerson*, 433 F. Supp. 2d at 1218.

Second, Plaintiffs offer no explanation of the sudden addition through a single paragraph of punitive damages. (Doc. 142-1 at ¶ 473.) Given the amount of discovery conducted in this case,

9

it would appear that if Plaintiffs in fact have a factual basis for asserting punitive damages, they should have been able to do so before this case was nearing the closing of discovery and approaching a March 2022 trial date. Plaintiffs' amendment to add punitive damages is untimely in the absence of any explanation. *See Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (upholding denial of leave to amend where plaintiff "failed to assert its punitive damages claim until approximately a year and a half after the complaint was filed, 9 months after partial summary judgment was entered and only a few months before the case was scheduled for trial"). Further, at this late date, without any explanation of the basis for such damages, amendment to allow such damages is unduly prejudicial to Defendants. *See Cook v. Olathe Health Sys., Inc.*, No. 10-CV-2133-KHV-DJW, 2011 WL 1527026, at *3 (D. Kan. Apr. 20, 2011) (denying late request to amend to add punitive damages because amendment would "undeniably disrupt the case schedule and cause undue prejudice to the opposing parties"). Moreover, because the Plaintiffs' claims are pursuant to federal not Colorado law, the Colorado statute requiring an amendment to the complaint to include punitive damages is inapplicable. *See* C.R.S. § 13-21-102(1.5)(a).

## CONCLUSION

In conclusion, for all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Amended Motion for Leave to Amend (Doc. # 142) with respect to amendments (1) adding new defendants; (2) adding allegations regarding the alleged May 31, 2020, "kettling" event; and (3) adding punitive damages, and for all other and further relief as this Court deems just and appropriate.

DATED this 14th day of September, 2021.

Respectfully submitted,

By: *s/ Hollie Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org

Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
hoffmank@hallevans.com
*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September, 2021, the foregoing **DEFENDANTS' RESPONSE IN PARTIAL OPPOSITION TO FITOURI PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants*

*s/ Sarah Peasley*
Sarah Peasley