IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

## DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION TO EPPS PLAINTIFFS' MOTION TO AMEND COMPLAINT

Defendant City and County of Denver, through its undersigned counsel, submits its Response in Partial Opposition to Epps Plaintiffs' Motion to Amended Complaint ("Epps Plaintiffs' Motion"). [Doc. # 145].

### CLARIFICATION OF CERTIFICATE OF CONFERRAL

The Epps Plaintiffs' Motion correctly articulates the Defendant's position with respect to the various proposed amendments articulated by the Epps Plaintiffs during conferral. No conferral occurred with respect to the additional of punitive damages as claimed relief for Plaintiff Epps' claims against Defendants Christian and Valentine. Defendant opposes this aspect of the Epps Plaintiffs' proposed First Amended Complaint. No conferral also occurred respecting the Epps Plaintiffs' new allegations of custom, policies and practices of Denver. Defendant also opposes this aspect of the Epps

Plaintiffs' proposed First Amended Complaint. Finally, no conferral occurred respecting the elimination of the allegations related to now *pro se* Plaintiff Cidney Fisk. (Doc. # 145-2, at pp. 46-47 (eliminating ¶¶ 138-143). Defendant takes no position on this aspect of the Epps Plaintiffs' proposed First Amended Complaint but notes Plaintiff Fisk remains a pro se Plaintiff in this matter and it does not seem appropriate to the Defendant for the allegations she presumably relies upon for her claims to be completely eliminated from the pleadings in this matter.

## INTRODUCTION

Plaintiffs filed this action on June 25, 2020. The parties have engaged in substantial discovery, including extensive production by Defendant City and County of Denver ("Denver") of video and documents related to the underlying protests and events in the Complaint and numerous depositions. Now, after a year of discovery and with a trial set to commence in March 2022, Plaintiffs seek to amend their complaint to add the City of Aurora ("Aurora"), three individual Defendants from Aurora, and two individual Defendants from Denver and claims for punitive damages against the individual Defendants. (Doc. 145-2). Although the Scheduling Order, issued on September 21, 2020, does not provide a specific deadline for amending pleadings, (*see* Doc. 46 at 14, "Issues of amendment and joinder shall be governed by Fed. R. Civ. P. 15."), Defendant respectfully requests the Court deny the opposed amendments offered by Plaintiffs on the grounds of undue delay and prejudice.

## STANDARD OF REVIEW

While Fed. R. Civ. P. 15(a)(2) instructs that a "court should freely give leave when

2

justice so requires," a court "may deny leave to amend upon 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (internal citation omitted).

"It is well settled in the Tenth Circuit that 'untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation.'" *Emerson v. Wembley USA Inc.*, 433 F. Supp. 2d 1200, 1218 (D. Colo. 2006) (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993)); *see also State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). "The important inquiry is not simply whether a plaintiff has delayed, but whether such delay is undue." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay." *Id.* (quoting *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365–66 (10th Cir. 1993)). "For the discovery of new information to constitute an adequate explanation for an untimely amendment, the information must form the basis of the proposed claims." *Adperio Network, LLC v. AppSlide, LLC*, No. 16-cv-00776-PAB-MEH, 2017 WL 4407928, at *4 (D. Colo. Mar. 28, 2017). Additionally, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d

1182, 1185 (10th Cir. 1990) (quoting *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

Prejudice to the nonmoving party is "perhaps the most important factor" in determining whether to deny leave to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006) (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990)). "[A] court properly denies leave where 'a late shift in the thrust of the case will [ ] prejudice the other party in maintaining his defense upon the merits.'" *Pater v. City of Casper*, 646 F.3d 1290, 1299 (10th Cir. 2011) (quoting *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991)). Plaintiffs are not allowed to simple "wait until the last minute to ascertain and refine the theories on which they intend to build their case." *Evans*, 936 F.2d at 1091. "This practice, if permitted, would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Evans*, 936 F.2d at 1091.

## ARGUMENT

### A. The Addition of New Individual Defendants Should be Denied as Prejudicial

Plaintiffs request leave to introduce individual claims against new Defendants Keith Valentine and Jonathan Christian. (Doc. # 145-2 at ¶¶ 30, 31, 91-100, 155-178). This request should be denied on grounds of unfair prejudice against these newly named individual Defendants. Even though the claims and incidents underlying these claims were identified in the Complaint, they were so vague that these individual defendants had no reason to suspect that they would be brought into this lawsuit then or at such a late

4

date now. *Cf. Holden v. Port Auth. of New York & New Jersey*, No. 17-CV-2192 (JGK), 2021 WL 681040, at *14 (S.D.N.Y. Feb. 22, 2021) ("[T]he allegations in the original complaint against the John Doe defendants were so general that they did not provide notice to those defendants that they were intended defendants in this lawsuit."). Defendants Christian and Valentine had their depositions taken as fact witnesses, not Defendants. Neither officer has participated in the defense of this matter as a Defendant. Neither has had the opportunity to litigate the matter as a Defendant. Given these circumstances, the fact that discovery is soon closing, and trial is set for March 2022, it is highly prejudicial to require these individual Defendants to come into a lawsuit at such a late date and not be able to adequately defend themselves. *See Jensen v. W. Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (finding district court was within its discretion in denying motion to amend to add defendant two and a half years into litigation and again a month before trial on basis of undue delay and prejudice).

**B. The Epps Plaintiffs' Motion Fails to Address Multiple Additions in the Proposed First Amended Complaint Completely Changing the Epps Plaintiffs' Theory Against Denver, and Such Additions Should be Denied as Untimely and Prejudicial.**

Conspicuously not highlighted in the Epps Plaintiffs' Motion, the Epps Plaintiffs' proposed First Amended Complaint dramatically differs in its articulation of the purported policies, practices and customs forming the basis of their claims against Denver. Initially, in the original Complaint, the Epps Plaintiffs' *Monell* theory was premised solely on the allegation Denver violated Plaintiffs' constitutional rights by the City's policy, practice and custom of authorizing Officers in Denver to use less-lethal weapons to control and suppress protests. (Doc. #1, ¶¶ 152-157). In contrast, the Epps Plaintiffs' proposed First

5

Amended Complaint adds the following new aspects of their *Monell* claim against Denver: (1) Denver knew DPD officers were using extensive amounts of less-lethal force during the protests due to the amount of munition used and the complaints received (Doc. #145-2, ¶ 139); (2) DPD's actual policy and practice during the protests was to use less-lethal weapons without providing warning and in circumstances that could not be justified by DPD's written policies (Doc. #145-2, ¶ 140); (3) DPD failed to train its officers regarding crowd management and crowd control techniques in a manner that does not violate citizens' constitutional rights and DPD's training is not consistent with its written policies on crowd control and crowd management (Doc. #145-2, ¶ 141); (4) DPD's policy was officers would not need to document their uses of less-lethal force during the protests on an individual basis (Doc. #145-2, ¶ 142); (5) DPD failed to implement and train its officers on a coherent policy regarding the use of body worn cameras during the protests (Doc. # 145-2, ¶ 143; (6) DPD has only disciplined two officers for the use of less-lethal weapons during the protests (Doc. $ 145-2, ¶ 144); and (7) Denver's policy of authorizing other jurisdictions responding to the protests to use their own policies, practices, and/or customs with respect to the use of less-lethal weapons and failure to conduct joint exercises caused violations of constitutional rights.  (Doc. #145-2, ¶ 145].

Any comparison between the *Monell* allegations in the original Complaint and the *Monell* allegations in the proposed First Amended Complaint amply demonstrates the Epps Plaintiffs' *Monell* theory is now dramatically different and vastly expanded in its scope and reach than it was as original pled.  Denver has conduced all of its litigation related to the Epps Plaintiffs' claims based on the actual relatively limited *Monell*

allegations in the original Complaint. Now, at the eve of the close of discovery and as dispositive motions practice and trial are looming, the Epps Plaintiffs are seeking leave to interject new *Monell* liability theories against Denver not previously pled. The Epps Plaintiffs' *Monell* theory has to be pled. *Pruitt v. Alamosa Cty. Sheriff's Office,* 18-cv-01765-RM-KMT, 2020 U.S. Dist. LEXIS 123106 at *34 (D. Colo. July 14, 2020) (not considering aspect of *Monell* claim not pled in operative complaint articulated in summary judgment response). Denver relied on the actual *Monell* claim pled in the Complaint and allowing the Epps Plaintiffs to substantially expand the nature of their *Monell* claim at this stage of the case is prejudicial to Denver.

### C. The Addition of Punitive Damages is Also Untimely

Plaintiffs offer no explanation of the sudden addition without explanation in the Epps Plaintiffs' Motion of claims for punitive damages against the new individual Defendants. Given the amount of discovery conducted in this case, it would appear that if Plaintiffs in fact have a factual basis for asserting punitive damages, they should have been able to do so before this case was nearing the closing of discovery and approaching a March 2022 trial date. Plaintiffs' amendment to add punitive damages is untimely in the absence of a reasonable explanation. *See Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (upholding denial of leave to amend where plaintiff "failed to assert its punitive damages claim until approximately a year and a half after the complaint was filed, 9 months after partial summary judgment was entered and only a few months before the case was scheduled for trial"). Further, at this late date, without any explanation of the basis for such damages, amendment to allow such

damages is unduly prejudicial to Defendants. *See Cook v. Olathe Health Sys., Inc.*, No. 10-CV-2133-KHV-DJW, 2011 WL 1527026, at *3 (D. Kan. Apr. 20, 2011) (denying late request to amend to add punitive damages because amendment would "undeniably disrupt the case schedule and cause undue prejudice to the opposing parties"). Moreover, because the Plaintiffs' claims are pursuant to federal not Colorado law, the Colorado statute requiring an amendment to the complaint to include punitive damages is inapplicable. *See* C.R.S. § 13-21-102(1.5)(a).[1]

## CONCLUSION

In conclusion, for all the foregoing reasons, Defendants respectfully request that the Court deny the Epps Plaintiffs' Motion for Leave to Amend (Doc. # 145) with respect to amendments (1) adding Jonathan Christian and Keith Valentine as Defendants; (2) adding allegations regarding the *Monell* claim against Denver, and (3) adding punitive damages, and for all other and further relief as this Court deems just and appropriate.

---

[1] As noted in the conferral statement in the Epps Plaintiffs' Motion, Denver does not take a position related to the addition of the claims against the City of Aurora and the three individual Aurora officers. Denver notes, however, the reality that adding these new parties to this case who have participated in none of the discovery will require a re-working of all the deadlines in this case including likely the trial date. Defendants intend to separately address issues related to the current trial date in this matter in a separate filing with this Court after appropriate conferral with counsel for the Plaintiffs and counsel for the other Defendants in the Fitouri Plaintiffs' Second Amended Complaint.

Dated this 24th day of September, 2021.

Respectfully submitted,

By: *s/ Andrew D. Ringel*
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org

*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

9

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 24th day of September, 2021, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
Andreas.moffett@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com

*s/Nicole Marion, Legal Assistant*
Nicole Marion
Hall & Evans, L.L.C.