# 69 PROPRIETY OF COMMUNICATING WITH EMPLOYEE OR FORMER EMPLOYEE OF AN ADVERSE PARTY ORGANIZATION

**Revision adopted June 20, 1987.**
**Addendum issued 1995.**
**Revised Opinion adopted June 19, 2010.**

EXH. B

## *Introduction and Scope*

Members of the Bar are concerned about the propriety of communicating with an employee or former employee (or other agent) of a represented organization. This opinion provides guidance in this area. It is intended to cover not only the situation where attorneys wish to communicate with the employee of a represented organization that is a party to litigation, but also those situations where there is actual knowledge of representation prior to litigation. This opinion does not address the scope of the attorney-client privilege, the persons protected under the privilege, or the limitations on *ex parte* contacts that flow from the existence of the privilege. *See Upjohn Co. v. U.S.*, 449 U.S. 383 (1981); *Wright v. Group Health Hospital,* 103 Wash.2d 192, 691 P.2d 564 (1984).

The Committee issued an earlier version of this opinion based on DR 7-104(A)(1) of the Colorado Code of Professional Responsibility. The Committee later issued an addendum to that opinion when the Colorado Rules of Professional Conduct (Colorado Rules or Colo. RPC) were adopted effective January 1, 1993. The Colorado Supreme Court repealed and reenacted the Colorado Rules effective January 1, 2008. The Committee believes that it is appropriate at this time to issue a revised opinion based on the current Colorado Rules. Because members of the Bar relied on the earlier version of this opinion, in large part this opinion tracks the organization of the earlier version. The Committee has removed discussion of issues that were clarified under the Colorado Rules.

## *Syllabus*

When deciding whether or not to communicate with a current employee or constituent[1] of an organization, which organization a lawyer knows to be represented on the subject matter of the proposed communication, the lawyer should obtain the prior consent of the lawyer representing that organization in that matter if the person is a constituent of the organization who supervises, directs, or regularly consults with the organization's lawyer concerning the matter, or has authority to obligate the organization with respect to the matter, or whose act or omission in connection with the matter may be imputed to the organization, unless the communication is otherwise permitted by law or a court order.

Consent of the organization's lawyer is not required for communication with a former constituent. In communicating with a former constituent, a lawyer must not use methods that violate the legal rights of the organization, including methods that might invade the attorney-client privilege of the organization.

A lawyer does not avoid the requirement of obtaining the prior consent of the organization's lawyer by directing another to communicate with the organization's current constituent.

An attorney may interview a former constituent *ex parte* with regard to all matters except as to communications that are the subject of the attorney-client privilege.

## *Analysis*

Colo. RPC 4.2 provides as follows:

*Communicating With Person Represented by Counsel*

In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Comment [7] to Colo. RPC 4.2 provides further guidance regarding contacting constituents of a represented organization:

In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4.

The purpose of Colo. RPC 4.2 is to prevent the deprivation, undermining, or bypassing of a client's right to the advice of counsel. An attorney's advice to his or her client includes explaining the law for the client's best interests; protecting the client against unfair and misleading settlements; correcting errors in the client's communication; protecting the client against self-prejudice; and preserving the client's right to privileged communications.

In other words, Colo. RPC 4.2 protects a person or organization that has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by other lawyers with the client-lawyer relationship, and the uncounseled disclosure of information relating to the representation. Colo. RPC 4.2, Comment [1].

The rule can be broken down into four parts:
1. "Communication."
2. "Subject of the Representation."
3. "Knows" to be represented in the matter.
4. "Authorized by law or court order."

"Communication" is that made either by the attorney or his or her agent: "A lawyer may not make a communication prohibited by [Rule 4.2] through the acts of another." Colo. RPC 4.2, Comment [4]. This includes causing one's client to communicate directly with a constituent of a represented organization. Nevertheless, "[p]arties to a matter may communicate directly with each other, and a lawyer is not prohibited from advising a client concerning a communication that the client is legally entitled to make." *Id.*

Furthermore, whenever an attorney is going to communicate with a constituent who is not represented by counsel, he or she should identify himself or herself and the client. The lawyer also should refrain from stating that he or she is disinterested. When the lawyer knows or reasonably should know that the constituent misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. Colo. RPC 4.3.

The parameters of the group protected by Rule 4.2 and Comment 7 differ in material respects from those who are clients entitled to the attorney-client privilege. *See Upjohn Co. v. U.S.,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); *Wright v. Group Health Hospitals,* 103 Wash.2d 192, 691 P.2d 564(1984).

The phrase "subject of the representation" concerns the matter in which the interviewing counsel is representing his or her client. If the interviewing lawyer is communicating with a constituent of an organization regarding a matter outside the interviewing lawyer's representation, then there would be no violation of the rule; or, if the questioning lawyer knows that the opposing party is represented by a lawyer, but knows that such representation is on a totally unrelated matter, then such communication would not be a violation. Colo. RPC 4.2, Comment [4].

Where the interviewing lawyer knows that the organization is represented by an attorney but he or she is unclear about the area or scope of that representation, he or she is best advised to check with that lawyer before commencing the communication. *See State v. Yatman,* 320 So.2d 401 (Fla. 4th DCA 1975) (where a criminal defendant was represented by counsel in an existing criminal case, the prosecutor's attempt to interview that defendant for the purpose of filing a separate case based on the same criminal episode was improper). *See Abeles v. State Bar,* 9 Cal.3d 603, 510 P.2d 719, 108 Cal. Rptr. 359 (1973) (where a party had counsel of record, the attorney could not communicate with that party without the consent of the counsel of record, even where the client denied being represented personally by counsel of record); *In re Schwabe,* 242 Or. 169, 408 P.2d 922 (1965) (attorney was reprimanded for contacting a party directly to determine if he was in fact represented by another attorney who had so notified the attorney of such representation). Thus, if there is any question about whether the representation of a party relates to the subject matter of the communication, it is advisable to contact the purported counsel for that party in order to determine the nature of that representation, if any, before proceeding.

This leads to the next part of the Rule: "[K]nows to be represented by another lawyer in the matter. . . ." "Knows" denotes actual knowledge of the fact of representation in the matter, which knowledge may be inferred from circumstances. Colo. RPC 4.2, Comment [8]; Colo. RPC 1.0(f). Recklessness does not substitute for actual knowledge. Colo. RPC 1.0, Comment [7A]. Knowledge that the entity is represented in a different matter, even if related, is not necessarily knowledge of representation in the matter at issue. *See People v. Wright,* 196 P.3d 1146, 1147 (Colo. 2008) (Colo. RPC 4.2 "only purports to constrain a lawyer . . . from communicating about the subject of that representation, with someone who is represented by a lawyer *in the same matter*"; emphasis added); *State v. Harper,* 995 P.2d 1143, 1145-46 (Okla. 2000); *Miller v. Material Sciences Corp.,* 986 F.Supp. 1104, 1106-07 (N.D.Ill. 1997).

Even though one has indirect or general knowledge of legal representation, such as insurance carriers generally having legal counsel, there is no duty to inquire if a party has legal counsel in the specific matter in question.[2] However, a "lawyer cannot evade the requirement of obtaining consent of counsel by closing eyes to the obvious."[3] Colo. RPC 4.2, Comment [8].

"Authorized by law or a court order" simply means that which is authorized by statute, rule or order of court, and most probably the rule of any administrative agency having jurisdiction over the case. *Weinstein v. Rosenblum,* 59 Ill.2d 475, 322 N.E.2d 20 (1974). This includes "communications by a lawyer on behalf of a client who is exercising a constitutional or other legal right to communicate with the government." In addition it may include investigative activities of government lawyers. Colo. RPC 4.2, Comment [5]; *see also* CBA Formal Ethics Ops. 93 and 96.

A lawyer may seek a court order authorizing communication with a person if the lawyer is uncertain if that communication is prohibited by Colo. RPC 4.2. In exceptional circumstances, such as where necessary to avoid reasonably certain injury, a lawyer may seek a court order authorizing a communication that would otherwise be prohibited by Colo. RPC 4.2. Colo. RPC 4.2, Comment [6].

Once it has been determined that an organization is represented by counsel, it should be determined which constituents of that organization may be contacted and which may not be contacted directly by the lawyer.

Constituents who may be contacted differ from those who may not be contacted by their role (or lack of role) with respect to the organization's legal affairs and their authority to obligate or bind the organization regarding the subject matter of representation. Colo. RPC 4.2 prohibits a lawyer from con-

tacting a constituent of a represented organization if that constituent "supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Colo. RPC 4.2, Comment [7].

Constituents who interact with the organization's lawyer on other matters, or with authority to obligate or bind the organization with respect to other matters, but not with respect to the matter involved in the proposed communication, are not within the scope of Colo. RPC 4.2 and Comment [7]. Thus, any constituent of a corporation, no matter how senior, who does not have decision-making authority or regularly consult with the organization's lawyer *concerning the matter involved* would not be protected by Colo. RPC 4.2 and Comment [7] (unless his or her acts, omissions, or statements regarding the matter involved would bind or be imputed to the organization).

Colo. RPC 4.2 does not preclude a lawyer from interviewing fact witnesses who are employed by a represented organization but who are not part of the group identified by Comment [7]. *See, e.g., Cole v. Appalachian Power Co.*, 903 F.Supp. 975, 979 (S.D.W.Va. 1995) ("*ex parte* interviews of employees who are 'mere witnesses' to an event for which the organization is sued (i.e., holders of factual information), are permitted"); *McCallum v. CSX Transp., Inc.*, 149 F.R.D. 104, 111 (M.D.N.C. 1993) (protective order barring further *ex parte* contacts with employees of defendant railroad would not extend to employee-witnesses); *Midwest Motor Sports, Inc. v. Arctic Cat Sales, Inc.*, 144 F.Supp.2d 1147, 1157 (D.S.D. 2001) ("ex parte interviews of employees who are 'mere witnesses' to an event for which the corporation or organization is sued (i.e., holders of factual information), are permitted"); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 961 F.Supp. 1288, 1293 (E.D.Mo. 1997) ("[s]imply because an employee witnessed an event for which the organization is sued" does not prevent *ex parte* contact); *Terra Int'l v. Mississippi Chem. Corp.*, 913 F.Supp. 1306, 1320 (N.D.Iowa 1996) ("court rejects any 'automatic representation' rule, which would require a total ban on ex parte contacts with any current employees on the ground that all are automatically represented by the organizational party's counsel simply by virtue of their employment with the organization").

The need to inquire into the responsibilities and authority of a constituent does not apply to an organization's former constituents. Comment [7] provides explicitly that "[c]onsent of the organization's lawyer is not required for communication with a former constituent." However, as discussed above, Colo. RPC 4.2 is designed in part to preserve the confidentiality of privileged attorney-client communications. Accordingly, the inquiring attorney may not, while communicating with the organization's former constituent, inquire into privileged attorney-client communications; nor may the inquiring attorney listen while the former constituent attempts to divulge privileged communications voluntarily. The organization's privilege belongs to the organization, not the constituent, and can be waived only by the organization. *See A. v. District Court,* 191 Colo. 10, 550 P.2d 315, 323 (1976), *cert. denied*, 429 U.S. 1040 (1977); *Sequa Corp. v. Lititech, Inc.*, 807 F.Supp. 653, 659-61 (D. Colo. 1992) (citing previous version of this Opinion); *see also* Colo. RPC 1.13.

In conclusion, unless authorized by the organization's or constituent's lawyer or by law or by court order, a lawyer may not communicate with a current constituent of a represented organization "who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." A former constituent of a represented organization may be interviewed *ex parte* with regard to all matters except as to communications which are the subject of the attorney-client privilege.

**NOTES**

1. For convenience purposes, we use the term "constituent," which includes employees and other agents or representatives of an organization. *See* Colo. RPC 4.2, Comment [7].

2. Based on the preceding discussion of "subject matter," if one has direct information, not indirect general knowledge, that an organization is represented by a lawyer and one is uncertain whether the representation extends to the subject matter of the communication, the safest course is to establish the scope of the representation, and the scope of the communication, with the lawyer before communicating.

3. In the event that a lawyer wishes to communicate with a person not known to be represented by counsel, the lawyer must abide by Colo. RPC 4.3, which addresses communications with unrepresented persons.