**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civ. Act. No. 1:20-CV-1878-RBJ
(consolidated with 1:20-CV-01922-RBJ-MEH)

ELISABETH EPPS, et al.

    Plaintiffs

v.

CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

---

**MOTION TO MODIFY SCHEDULING ORDER AND TRIAL DATE**

Defendants City and County of Denver, Sergeant Anthony E. Tak, Commander Patrick Phelan, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant David Abeyta, Sergeant Marco Martinez, Sergeant Justin Dodge, Corporal Richard D. Eberharter, Officer Tana Cunningham, Officer John Sampson, Officer Johnathan Christian and Officer Keith Valentine (collectively the "Denver Defendants), by and through Denver's City Attorneys Office and Hall and Evans, LLC, along with the City of Aurora and Officer Cory Budaj (the "Aurora Defendants"), by and through their counsel of record, and the Board of County Commissioners of Jefferson County and Jefferson County Sheriff Jeff Shrader (the "Board," and the "Sheriff," respectively; collectively, the "Jefferson County Defendants"), by and through the Jefferson County Attorney's Office and Assistant County Attorneys Rebecca Klymkowsky and Rachel Bender, hereby move to modify the Court's September 21, 2020

Scheduling Order [ECF 46] and to move the trial date in this matter in order to accommodate discovery. In support of this Motion, Defendants state as follows:

### D.C.COLO.LCIVR 7.1(a) Conferral Statement

Undersigned counsel conferred with Elizabeth Wang, counsel for the Fitouri Plaintiffs, and Timothy Macdonald, counsel for the Epps Plaintiffs, regarding the proposed modifications to the Court's Scheduling Order. The Plaintiffs oppose the relief requested herein.

### Background

This action consists of two consolidated lawsuits – (1) *Epps, et al. v. City & County of Denver, et al.*, Civ. Act. No. 20-cv-1878-RBJ ("*Epps*"), and (2) *Fitouri, et al. v. City & County of Denver, et al.*, Civ. Act. No. 20-cv-1922-RBJ ("*Fitouri*")– both of which allege claims arising out of or related to various protest activities in Denver between May 28 through June 2, 2020. The Fitouri Plaintiffs filed their original complaint in No. 20-cv-01922-RBJ-MEH [ECF 1], on July 1, 2020, an amended complaint [ECF 19] on July 24, 2020, and a Second Amended Complaint [ECF 153] on September 15, 2021.

The Epps Plaintiffs filed their original complaint in No. 20-cv-1878-RBJ [ECF 1] on June 25, 2020, and their First Amended Complaint [ECF 178] on October 19, 2021.

### Jefferson County and Aurora Defendants

Although both members of the Jefferson County Regional SWAT Team ("JCRS"), including Jefferson County deputy sheriffs, and members of the Aurora Police Department responded to Denver's request for mutual aid and assisted with crowd control in May of 2020, the Fitouri Plaintiffs' original and prior amended complaints did not name any Jefferson County or Aurora elected official, agent, or employee.

On August 20, 2020, the Sheriff received a subpoena duces tecum from the Fitouri Plaintiffs for various documents related to the May 28 through June 2, 2020 events (the "August 2020 Subpoena"). A copy of the August 2020 Subpoena is attached hereto as **Exhibit A**. By agreement with Ms. Wang, the Sheriff provided the majority of the responsive materials in mid-September, 2020, including the JCRS After-Action Report, which makes clear both when the JCRS was active in Denver and that it is a multi-agency team. The Sheriff continued to supplement those materials until mid-November, 2020. Concurrently, the Fitouri Plaintiffs subpoenaed records from the City of Arvada related to the participation of their JCRS members in Denver's request for mutual aid. On information and belief, Arvada also disclosed the JCRS After-Action Report on or about September 17, 2020.

Similarly, on August 25, 2020, the City of Aurora waived service of a subpoena duces tecum for documents related to the mutual aid provided by the Aurora Police Department. A copy of this subpoena is attached hereto as Exhibit B. By agreement with Ms. Wang, the City of Aurora provided responsive documents in three batches. The first production was provided on September 8, 2020. The second production was made on October 7, 2020, and contained all of the requested body-worn camera footage from the events. A final production was made on November 4, 2020, which consisted of all email communications in Aurora's possession related to the mutual aid response.

On January 4, 2021, the Denver Defendants served their Fifth Supplemental Disclosures, which included HALO video (the "HALO video") depicting the intersection of Colfax and Washington and the intersection of Colfax and Pearl on May 31, 2020. The Colfax and Washington HALO video depicts the JCRS officers and, based on representations by Ms. Wang, also depicts

3

Plaintiff Joe Deras. The Colfax and Pearl HALO video depicts the same intersection but does not show the JCRS officer line.

In mid-August, 2021, nearly a year after receiving the JCRS After-Action Report from the Sheriff and the City of Arvada, nearly a year after receiving documents and videos from Aurora, nearly eight (8) months after receiving the May 31, 2020 HALO videos from the Denver Defendants, and a scant month and a half before the close of fact discovery on October 4, 2021, the Fitouri Plaintiffs moved for leave to file a second amended complaint. The Court granted that request on September 15, 2021 [ECF 152], making the Fitouri Plaintiffs' Second Amended Complaint the operative complaint and the first to raise claims against the Sheriff and the Board and the City of Aurora and its officers.

Other than responding to the August 2020 Subpoena, counsel for the Jefferson County Defendants have not been involved in any of the litigation prior to September 2021. Similarly, other than responding to the subpoena and providing a small number of fact witnesses for deposition, the Aurora Defendants have not been involved in the case at hand. The Jefferson County Defendants and Aurora Defendants are working on getting up to speed on this case as quickly as possible but need time to do so, which includes time to conduct discovery and to file any appropriate dispositive motions. Because the Jefferson County Defendants and Aurora Defendants anticipate needing additional time to complete these tasks, they likewise anticipate needing a later trial date.

**Denver Defendants**

Denver has been a Defendant in this matter since the initial filing of the lawsuit, though with the most recent amendments to the Complaint, several new individual defendants were named

4

who are members of DPD. As of October 19, 2021, Plaintiffs have collectively conducted 27 depositions of the 30 allotted to them in the Scheduling Order [ECF 46]. In fact, Plaintiffs have deposed 15 of the 16 newly added individual Defendants. Although discovery closed on October 4, 2021, Plaintiffs have requested 4 additional depositions of 3 officers and a Denver City Attorney. Denver Defendants object to reopening discovery against them as the newly requested depositions do not appear to address the newly supervisory claim and/or the claims against the newly added Defendants.

## Other Relevant Developments

Despite having been provided information as early as September 2020 that the Golden Police Department is part of the JCRS and were at the protests, the Fitouri Plaintiffs just issued a subpoena on October 18, 2021, asking the Golden Police Department to produce substantial documents, to which the Golden Police Department will presumably need time to respond and may impact how Plaintiffs proceed with their case. Additionally, Plaintiffs' counsel has inquired about conducting depositions of individuals from the Jefferson County Sheriff's Office and the Aurora Police Department, some of which have not yet even been scheduled. Finally, Plaintiffs and the Denver Defendants are scheduled for multiple mediation sessions the week of January 18, 2022. The Jefferson County Defendants and Aurora Defendants hope to participate in the mediation sessions that implicate their respective Defendants.

## Standard of Review

As the Court noted in the Joint Scheduling Order [ECF 46], its alteration or amendment requires good cause. "Rule 16(b)'s 'good cause' standard . . . focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly

5

construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Colo. Visionary Acad. V. Medtronics, Inc.*, 194 F.R.D. 684, 687, Civ. Act. No. 99-N-1628 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959 (D.S.C. 1997), *aff'd* 129 F.3d 116 (4th Cir. 1997)).

In this case, over a year after filing their original complaint and after months of discovery, Plaintiffs have sought and received leave to add entirely new parties. In such a situation, the question of diligence in meeting court-imposed deadlines for such newly added parties is a non sequitur as they did not have input into the Scheduling Order or the opportunity to engage in discovery concurrently with the original parties. They now seek reasonable modifications to the timelines for discovery and dispositive motions, as well as for new, party-specific discovery limitations to develop evidence to defend against the claims Plaintiffs have asserted against them. As the Court noted in its Order granting the Epps Plaintiffs' Motion to Amend [ECF 174], while "[t]he Court does not believe that the March 7, 2022 trial date should be threatened by the amendment since there are still approximately five months before trial, . . . the parties will need to cooperate and accommodate the *new defendants' discovery needs* if they wish to keep their trial date." (emphasis added.)

### Proposed Modifications to Scheduling Order

1. **Modifications to Subsection 6(c) – Rule 26(a)(1) Disclosures.**
    a. Jefferson County Defendants served their Rule 26(a)(1) disclosures on October 14, 2021.
    b. Aurora Defendants served their Rule 26(a)(1) disclosures on October 14, 2021.

    c. Denver Defendants served their Initial Disclosures on August 28, 2020 and have continued to supplement these disclosures as litigation is ongoing. Denver Defendants have now provided 38 supplemental disclosures during the ongoing discovery in this matter.

2. **Modifications to Subsection 8(a) – Discovery Limitations.**

    a. **Jefferson County Defendants.** The Jefferson County Defendants propose that they and the Fitouri Plaintiffs be permitted three (3) interrogatories, three (3) requests for production, and three (3) requests for admission to one another. Additionally, Jefferson County Defendants propose that they be permitted to reopen Joe Deras's deposition for two (2) hours and that the Fitouri Plaintiffs be permitted to take three (3) additional depositions of no more than four (4) hours each.

    b. **Aurora Defendants.** The Aurora Defendants propose that they be permitted two (2) interrogatories, two (2) requests for production, and two (2) requests for admission to each Plaintiff group (Epps and Fitouri), and each Plaintiff group be permitted two (2) interrogatories, two (2) requests for production, and two (2) requests for admission to the City of Aurora.. The Aurora Defendants propose that they be permitted to reopen the deposition of Jonathen Duran for two (2) hours and to reopen the deposition of Zach Packard for two (2) hours, and that the Fitouri and Epps Plaintiffs be permitted to take two (2) additional depositions each of no more than four (4) hours each.

    c. **Denver Defendants.** Denver Defendants do not propose any additional discovery as extensive discovery was completed prior to the addition of the other agencies. Denver Defendants further object being subjected to additional discovery.

3. **Modification to Subsection 9 – Case Plan and Schedule.**

    a. **Discovery Cut-Off.**

    **Jefferson County and Aurora Defendants.** The Jefferson County and Aurora Defendants propose a 60-day discovery period from November 19, 2021, the date of their responses to the Second Amended Complaint. As a result, discovery between them and Plaintiffs would close on January 18, 2022.

    **Denver Defendants.** Denver Defendants contends that discovery involving Denver and its officers closed on October 4, 2021. Denver Defendants object to the reopening of discovery pertaining to Plaintiffs' claims against them.

    b. **Modification of Dispositive Motions Deadline for Jefferson County and Aurora Defendants Only.** The Jefferson County and Aurora Defendants propose a 60-day dispositive motions deadline following the proposed close of discovery involving them on January 18, 2022. As such, dispositive motions by or against the Jefferson County and Aurora Defendants would be due on March 19, 2022.

4. **Modification to Subsection 11(b) – Trial.**

On June 28, 2021, this Court granted class certification for the Fitouri Plaintiffs' Arrest Class. This Court defined the class as "[t]hose persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an

8

accompanying charge of failure to obey a lawful order, who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed." [ECF 127]. Discovery relating to the arrest class claims has been completed.

The arrest class's claims are separate and distinct from the other claims in this matter which are related to the response to the protests and the use of force on protestors including the Plaintiffs. The arrest class is not asserting any claims against any other municipality while the other use of force claims are against Denver, Aurora, Jefferson County and individual Defendants from Denver and Aurora.

The arrest class's claims raise distinct factual and legal issues for consideration by this Court and a jury. Those factual and legal issues do not overlap to any real degree with the Plaintiffs' remaining claims. Discovery is completed on the arrest class claims while discovery on the Plaintiffs' claims including the discovery involving the new Defendants needs to continue.

No individuals are sued with respect to the arrest class claims meaning there is no qualified immunity issue that needs to be briefed and decided by this Court.  In contrast, Plaintiffs' other claims name individual Defendants who are entitled to raise qualified immunity on a pretrial basis in a dispositive motion and have their entitlement to qualified immunity decided by this Court.

The Plaintiffs pursuing claims against the Jefferson County Defendants and the Aurora Defendants also pursue claims against Denver Defendants making it impossible to sever the claims against the new Defendants from the Denver Defendants at least for these Plaintiffs.

Conducting a jury trial involving all the Plaintiffs' other claims will be difficult and challenging given the number of claims, the number of underlying events, and the number of

witnesses. The difficulty is magnified significantly for a trial involving the arrest class claims and the other claims.

Based on all the above considerations, Defendants all believe this Court should sever the arrest class claims from the Plaintiffs' other claims and conduct the trial on the arrest class claims as currently scheduled on March 7, 2022, and reschedule the trial date for the Plaintiffs' remaining claims for another date available to this Court, the parties, and their counsel allowing sufficient time for the discovery and other pretrial proceedings contemplated by this Motion to occur in appropriate fashion.

**5.     Modification of 6(h):** The parties have scheduled several days of mediation in this matter in January 2022 before Judge William G. Meyer of the Judicial Arbiter Group, Inc.

Respectfully submitted this 26th day of October, 2021.

| JEFFERSON COUNTY ATTORNEY'S OFFICE | DENVER CITY ATTORNEY'S OFFICE |
|---|---|
| */s/ Rebecca P. Klymkowsky* | */s/ Hollie R. Birkholz* |
| Rebecca P. Klymkowsky | Hollie R. Birkholz |
| Rachel Bender | Robert Huss |
| Assistant County Attorneys | Lindsay M. Jordan |
| 100 Jefferson County Parkway, Suite 5500 | Assistant City Attorneys |
| Golden, Colorado 80419 | Civil Litigation Section |
| T: 303.271.8932 | 201 West Colfax Avenue, Dept. 1108 |
| E: rklymkow@jefsfco.us | Denver, Colorado 80202 |
| E: rbender@jeffco.us | T: 720.913.3100 |
| *Attorneys for Jefferson County Sheriff Jeff Shrader and the Board of County Commissioners of Jefferson County* | E: hollie.birkholz@denvergov.org |
| | E: robert.huss@denvergov.org |
| | E: lindsay.jordan@denvergov.org |

| | |
|---|---|
| AURORA CITY ATTORNEY'S OFFICE | HALL & EVANS |
| */s/ Isabelle Evans* | */s/ Andrew D. Ringel* |
| Isabelle Evans | Andrew D. Ringel |
| Peter Ruben Morales | Hall & Evans, LLC |
| 15151 East Alameda Parkway, 5th Floor | 1001 Seventeenth Street, Suite 300 |
| Aurora, Colorado 80012 | Denver, Colorado 80202 |
| T: 303.739.7096 | T: 303.628.3453 |
| E: ievans@auroragov.org | E: ringela@hallevans.com |
| E: pmorales@auroragov.org | *Attorneys for the City and County of Denver* |
| *Attorneys for the City of Aurora and Aurora Police Department Officer Cory Budaj* | *and the Individually Named Denver Police Department Officers* |

*s/ Michael T. Lowe*
David M. Goddard
Michael T. Lowe
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO  80202
Telephone: (303) 831-1099
dgoddard@brunolawyers.com;
mlowe@brunolawyers.com
*Counsel for Defendants Budaj, McNamee, Serrant, and Brukbacher, in their individual capacities*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2021, the foregoing **MOTION TO MODIFY SCHEDULING ORDER AND TRIAL DATE** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans
Peter Ruben Morales

ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Aurora Officers Brukbacher, Budaj, McNamee and Serrant in their official capacities*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Rachel Bender
Rebecca Klymkowsky
rbender@jeffco.us
rklymkow@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officer*

*s/ Sarah Peasley*
Denver City Attorney's Office

12