AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| Black Lives Matter 5280, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1-20-cv-1878-RBJ |
| City and County of Denver, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Aurora Police Department, Atttn: Records Unit
15001 E. Alameda Parkway, Aurora, CO 80012

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see attached Rider

| Place: Loevy & Loevy<br>2060 Broadway, suite 460<br>Boulder, CO 80302 | Date and Time:<br>08/31/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/17/2020

*CLERK OF COURT*

OR

_____          s/Elizabeth Wang
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
, who issues or requests this subpoena, are:

Elizabeth Wang, Loevy & Loevy, 2060 Broadway, suite 460, Boulder, CO 80302, elizabethw@loevy.com, 720.328.5642

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1-20-cv-1878-RBJ

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA TO AURORA POLICE DEPARTMENT

## Definitions and Instructions

1.  The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

2.  "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neuter pronoun shall not exclude any of the others. The past tense includes the present tense and the present tense includes the past tense, where the clear meaning is not destroyed by the change.

3.  "Protest(s)" refers to the protests, demonstrations, or marches arising from the death of George Floyd, which took place in Denver beginning on May 28, 2020.

4.  Documents that are stored electronically shall be produced in their

native format.

5. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

6. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

7. If any Documents responsive to Plaintiffs' requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

8. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

9. In the event that you claim a privilege regarding any of the information sought in Plaintiffs' discovery requests, please state the privilege claimed and provide sufficient information, including the type of information that has been withheld as purportedly privileged, so that the claim of privilege may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

10. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

11. "Communication" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. This includes but is not limited to text messages, e-mails, or any other electronic communication.

12. "Aerosolized chemical agent" refers to any aerosolized chemical agents such as but not limited to OC (oleoresin capsicum) or CS (o-chlorobenzylidene malonitrile), whether in spray, PepperBall, tear or smoke canister, or other form.

13. "Kinetic impact projectile," abbreviated as "KIP," refers to any projectile used in a crowd control setting that may made from a combination of rubber, plastic, PVC, various metals, wood, foam, and/or wax.

14. "Less lethal weapon" includes any aerosolized chemical agent, KIP, flash bang grenade, PepperBalls, bean-bag rounds, rubber-ball rounds, rubber-pellet grenades, 40 mm aerial warning rounds.

**Requests**

1. All video or audio recordings of Protests and/or law enforcement activity relating to the Protests on or near the grounds of the Colorado State Capitol from May 28, 2020 through June 2, 2020. This includes but is not limited to any video recordings from body-worn cameras.

2. All radio transmissions or electronic communications (or Documents memorializing the same) relating to the Protests on or near the grounds of the Colorado State Capitol from May 28, 2020 through June 2, 2020.

3. All Documents containing, constituting, or memorializing Communications that refer or relate to the Protests. This Request includes but is not limited to (a) all Communications between any Aurora Police officers; (b) all Communications between any Aurora Police officers and any Denver Police officer; (c) all Communications between any Aurora Police officers and any officer from any law enforcement agency outside of Denver providing mutual aid assistance during the Protests.

4. All Documents relating to the locations, movements, or assignments of all Aurora Police officers involved in or assigned to the Protests, such as, for example, any police reports, arrest lists, attendance sheets, timecards, Documents relating to duties or assignments, ticket books, log sheets, etc.

5. Any Documents relating to any mutual aid agreements between Denver Police Department and Aurora Police Department relating to the Protests, or any other Documents relating in any way to the assistance provided by Aurora Police Department to Denver Police Department during the Protests, including but not limited to training, policies, or procedures provided to Aurora Police officers before or during the Protests.

6. All Documents relating to any involvement of the Aurora Police Department or its officers in the Protests, from May 28, 2020 through June 2, 2020.

5

7. Any Documents showing that Aurora Police officers were provided with any policies, procedures, rules, regulations, guidance, training, or supervision of any kind relating to crowd control tactics; policing protests, marches, or any other First Amendment activity; use of "less-lethal" weapons such as but not limited to aerosolized chemical agents, KIPs, or 40 mm launchers; use of force on protestors; First Amendment rights of civilians; and civilians' First Amendment right to audio or video record police officers *prior to* May 28, 2020.

8. Any munitions logs or any other log or Document that shows how many "less-lethal" munitions were deployed, date, time, and/or authorized user. This request is limited to munitions logs relating to the Protests, from May 28, 2020 through June 2, 2020.