# EXHIBIT 7




**Department of Law**
**Kristin M. Bronson, Denver City Attorney**
Litigation Section
201 W Colfax Ave, Dept 1108
Denver, CO 80202-5332
p: 720.913.3100
f: 720.913.3155
www.denvergov.org/city_attorney

June 4, 2021

***Via Electronic Mail***
Elizabeth Wang, Esq.
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, Colorado 80302

Makeba Ruthahindurwa, Esq.
Loevy & Loevy
311 N. Aberdeen St.
Chicago, Illinois 60607

Patrick Reidy, Esq.
Timothy R. Macdonald, Esq.
Matthew J. Douglas, Esq.
Ed Aro, Esq.
R. Reeves Anderson, Esq.
Colin M. O'Brien, Esq.
Anya A. Havriliak, Esq.
Arnold & Porter Kaye Scholer LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202

Mark Silverstein, Esq.
Sara Neel, Esq.
Arielle Herzberg, Esq.
American Civil Liberties Union Foundation of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 8020

Andrew McNulty, Esq.
Killmer, Lane and Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202

Re: ***Black Lives Matter 5280 et. al. v. City and County of Denver et. al.,*** United States District Court for the District of Colorado, Civil Action Nos. 20-cv-01878-RBJ and 20-cv-01922-RBJ-MEH




**Department of Law**
**Kristin M. Bronson, Denver City Attorney**
Litigation Section
201 W Colfax Ave, Dept 1108
Denver, CO 80202-5332
p: 720.913.3100
f: 720.913.3155
www.denvergov.org/city_attorney

Dear Counsel:

I write today regarding *ex parte* communications between Plaintiffs' counsel and Nicholas Mitchell, former Independent Monitor for Defendant City and County of Denver. As you are aware, Mr. Mitchell resigned from his employment with the City in January, 2021, shortly after releasing a report entitled "The Police Response to the 2020 George Floyd Protests in Denver, an Independent Review." Throughout the course of this lawsuit, Plaintiffs have requested in discovery a great deal of information relating to OIM's investigation, analysis, and conclusions, which the City has provided absent an assertion of applicable privileges, or objected to on the basis of proportionately. Furthermore, Judge Jackson recently upheld the propriety of the City's assertion of the deliberative process privilege to Mr. Mitchell's interview memoranda containing thought processes and mental impressions resulting from those interviews.

In defense of your *ex parte* contact with Mr. Mitchell, in which Plaintiffs unilaterally contacted him to set up his deposition, you have suggested Mr. Mitchell is not a decisionmaker for the City, and that the "Office of Independent Monitor's" name suggests they are independent from the City. Denver's City Charter Article XVIII (available in the public domain), establishes creation of the Office of Independent Monitor. That Article establishes the Monitor is an employee of Denver and a mayoral appointee serving in the position at the convenience of the Mayor. All other individuals working at OIM are at will employees of Denver. Serving in the Mayor's administrative cabinet, the Independent Monitor is unquestionably a City official. This information is also set forth on the Monitor's webpage and the Mayor's webpage, both of which are also publicly available.

With respect to the City Attorney's Office, City Charter Article VI section 6.1.3 sets forth the functions of the Department of Law and scope of our office's representation, which includes representation of Denver employees acting within the course and scope of their employment. Not unlike the City Attorney's Office representing retired Commander Phelan, who was deposed regarding his involvement in the protests while working for the City and County of Denver, the City Attorney's Office will similarly be representing Mr. Mitchell, who was working in the course and scope of his employment with Denver when he investigated and prepared his report on the Police Response to the Protests. Similarly, respecting the attorneys of Hall & Evans, L.L.C. also working on this matter, their role is the same as the attorneys for the City Attorney's Office.

While Mr. Mitchell may no longer be employed by Denver, the information you are seeking from him is sought to bind the City to a position in pending litigation. Pursuant to Formal Ethics Opinion No. 93, concerning *Ex Parte* Contacts with Government Officials, a lawyer may not make contact with those who, with respect to the subject matter of the representation, "have the authority to commit the government organization to a position. . . or whose statements may be admissible against the government organization." A governmental entity acts though its constituents. *See* C.R.P.C. 1.3 (Comment 1).




**Department of Law**
**Kristin M. Bronson, Denver City Attorney**
Litigation Section
201 W Colfax Ave, Dept 1108
Denver, CO 80202-5332
p: 720.913.3100
f: 720.913.3155
www.denvergov.org/city_attorney

Mr. Mitchell, and OIM, are responsible for informing City Council about policy matters and recommending organizational change, and therefore fall within the category of prohibited contacts under Ethical Rule 4.2 and as discussed in Formal Ethical Opinion 93. Indeed, if you are taking the position nothing Mr. Mitchell might testify about is binding on Denver than his deposition cannot possibly lead to the discovery of anything relevant to this litigation. To the extent you are seeking to circumvent the City's assertion of deliberative process privilege through your *ex parte* communications with Mr. Mitchell, it is in violation of the applicable ethical rules. Moreover, to any extent your substantive communications with Mr. Mitchell touched on any matters subject to the deliberate process privilege, please advise us immediately. Additionally, Denver, not Mr. Mitchell is the holder of the deliberative process privilege under applicable law and Mr. Mitchell has no ability to waive the deliberative process privilege or any other privilege available to Denver. Furthermore, now that you are aware of the City's representation of Mr. Mitchell, and the basis therefore, please direct all future communications with respect to his deposition or any other matter though our office.

Thank you or your attention.

Very truly yours,

*s/Hollie R. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100