# EXHIBIT 8

Case No. 1:20-cv-01878-RBJ   Document 199-8   filed 10/27/21   USDC Colorado   pg 2 of 3

10/4/21, 1:11 PM    Loevy & Loevy Mail - Black Lives Matter 5280 et al v. City and County of Denver et al, 1:20-cv-01878-RBJ | Notice of Deposition o…



**Elizabeth Wang <elizabethw@loevy.com>**

# Black Lives Matter 5280 et al v. City and County of Denver et al, 1:20-cv-01878-RBJ | Notice of Deposition of Nicholas Mitchell

**Sebba, Michael** <Michael.Sebba@arnoldporter.com>    Tue, Jun 8, 2021 at 8:55 AM
To: "Birkholz, Hollie R. - CAO Asst City Attorney - Sr" <Hollie.Birkholz@denvergov.org>, Andrew McNulty <amcnulty@kln-law.com>, "Reidy, Patrick C." <Patrick.Reidy@arnoldporter.com>, "Ringel, Andrew D." <ringela@hallevans.com>, "Huss, Robert - CAO CL0355 Assistant City Attorney Associate" <Robert.Huss@denvergov.org>, "Jordan, Lindsay M. - CAO Assistant City Attorney Senior" <Lindsay.Jordan@denvergov.org>, "dan@loevy.com" <dan@loevy.com>, "elizabethw@loevy.com" <elizabethw@loevy.com>, "makeba@loevy.com" <makeba@loevy.com>, Reid Allison <rallison@kln-law.com>, ACLU-BLM Protest <ACLU-BLMProtest@arnoldporter.com>
Cc: "Peasley, Sarah B. - CAO Paralegal II" <Sarah.Peasley@denvergov.org>, "McGlawn, Skye G. - CAO Paralegal I" <Skye.McGlawn@denvergov.org>

Hollie,

We disagree with the City's position. The Colorado Rules of Professional Conduct do not prohibit contacting former employees of represented state agencies.

The City's letter cites no authority that prohibits *ex parte* communications with former employees of represented parties.  Importantly, The City's letter fails to address Colorado Formal Ethics Opinion 69 which states that an "attorney may interview a former constituent *ex parte* with regard to all matters except as to communications that are the subject of the attorney-client privilege." Colorado Formal Ethics Opinion 69 at 4-117.

Moreover, the City's primary authority, Colorado Formal Ethics Opinion 93, indicates that contact with former employees of state agencies is permissible.  Formal Ethics Opinion 93 relies on (1) *Or. State Bar Bd. of Governors, Formal Ethics Op. 2005-152*, which states that "Plaintiff's Lawyer need not obtain permission to contact First Former Employee but must not, as is noted in that opinion, use those discussions to invade the state's privileged communications," and (2) *Summers v. Rockwell Int'l Corp*., No. C2-92-301, 1993 WL 1480622, at *3 (S.D. Ohio Apr. 9, 1993)  which surveys multiple jurisdictions and concludes that "[m]ost other courts which have addressed the issue have concluded either that former employees are not covered by the rule, or that only a limited class of former employees are covered, and that the Court's efforts should be directed toward preventing unintentional disclosures of published communications rather than imposing a blanket prohibition against *ex parte* interviews of all former employees."

In view of these Formal Ethics Opinions, contact with Mr. Mitchell that does not seek attorney-client privileged communications is not prohibited.

Plaintiffs agree to not seek attorney-client privileged information from Mr. Mitchell. In view of that representation and the above cited opinions, we trust that this issue is resolved. To the extent Mr. Mitchell has agreed to be represented by the City Attorney's Office, please provide evidence of such an agreement.

Case No. 1:20-cv-01878-RBJ   Document 199-8   filed 10/27/21   USDC Colorado   pg 3 of 3

10/4/21, 1:11 PM                Loevy & Loevy Mail - Black Lives Matter 5280 et al v. City and County of Denver et al, 1:20-cv-01878-RBJ | Notice of Deposition o…

Best,

Mike

_____

Michael J. Sebba*

Arnold & Porter
777 South Figueroa Street | 44th Floor
Los Angeles, CA 90017-5844
T: +1 213.243.4229
Michael.Sebba@arnoldporter.com | www.arnoldporter.com

*Admitted only in New York; not admitted to the practice of law in California.

---

**From:** Birkholz, Hollie R. - CAO Asst City Attorney - Sr <Hollie.Birkholz@denvergov.org>
**Sent:** Friday, June 4, 2021 1:14 PM
**To:** Andrew McNulty <amcnulty@kln-law.com>; Reidy, Patrick C. <Patrick.Reidy@arnoldporter.com>; Ringel, Andrew D. <ringela@hallevans.com>; Huss, Robert - CAO CL0355 Assistant City Attorney Associate <Robert.Huss@denvergov.org>; Jordan, Lindsay M. - CAO Assistant City Attorney Senior <Lindsay.Jordan@denvergov.org>; dan@loevy.com; elizabethw@loevy.com; makeba@loevy.com; Reid Allison <rallison@kln-law.com>; ACLU-BLM Protest <ACLU-BLMProtest@arnoldporter.com>
**Cc:** Peasley, Sarah B. - CAO Paralegal II <Sarah.Peasley@denvergov.org>; McGlawn, Skye G. - CAO Paralegal I <Skye.McGlawn@denvergov.org>
**Subject:** RE: Black Lives Matter 5280 et al v. City and County of Denver et al, 1:20-cv-01878-RBJ | Notice of Deposition of Nicholas Mitchell

External E-mail

Please see attached correspondence stating Denver's position on the issues discussed below.

Best,



**Hollie R. Birkholz | Senior Assistant City Attorney**

City Attorney's Office | Civil Litigation Section|City and County of Denver

Phone: 720.913.8072       |hollie.birkholz@denvergov.org

This e-mail and any attachments thereto are intended only for use by the addressee(s) named and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution, or copying of this e-mail, and any attachment(s) thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me and permanently delete the original and any copies of the e-mail, any attachment(s) thereto, and any print-out(s).