# EXHIBIT 9



**Elizabeth Wang <elizabethw@loevy.com>**

## Epps et. al. v. Denver et. al.--Conferral on Motion

**Ringel, Andrew D.** <ringela@hallevans.com>                                                              Tue, Oct 5, 2021 at 9:50 AM
To: Elizabeth Wang <elizabethw@loevy.com>
Cc: "Macdonald, Timothy R." <Timothy.Macdonald@arnoldporter.com>, "Mijares-Shafai, Gerardo" <Gerardo.Mijares-Shafai@arnoldporter.com>, "Jordan, Lindsay M. - CAO Assistant City Attorney Senior" <Lindsay.Jordan@denvergov.org>, Makeba Rutahindurwa <makeba@loevy.com>, "Aro, Ed" <Ed.Aro@arnoldporter.com>, "Douglas, Matthew J." <Matthew.Douglas@arnoldporter.com>, "DiBrell, Mollie" <mollie.dibrell@arnoldporter.com>, "Sebba, Michael" <michael.sebba@arnoldporter.com>, "Bailey, Leslie C." <Leslie.Bailey@arnoldporter.com>, Brian Swift <brians@loevy.com>, "Peasley, Sarah B. - CAO Paralegal II" <Sarah.Peasley@denvergov.org>, "McGlawn, Skye G. - CAO Paralegal I" <Skye.McGlawn@denvergov.org>, "Reidy, Patrick C." <patrick.reidy@arnoldporter.com>, "Ringel, Andrew D." <ringela@hallevans.com>

Liz:

This responds to your inquiries.

1. The pages from Mr. Mitchell's deposition are pages 144-156.
2. Colorado Rules of Professional Responsibility Rule 4.2, Comment [7] provides counsel communicating with a former constituent of an organization must not use methods of obtaining evidence that violate the legal rights of the organization.  Colorado Formal Ethics Opinion 69 indicates communications with former constituents of an organization under this Comment cannot involve communications impacting the attorney-client privilege.  The City maintains the deliberative-process privilege falls within the scope of this prohibition.
3. While there are cases interpreting ethical rules in the United States District Court for the District of Colorado and under the Colorado Rules of Professional Conduct there are not any specific cases on the precise issue raised in the Motion.
4. We are aware of our obligations under Rule 11and trust you will follow the Rule should you choose to raises such an issue.

Please provide your position with respect to the Motion so that we may inform the District Court and file it.

Thanks.

Andrew

**Andrew D. Ringel** | Member
ringela@hallevans.com
Tel: 303-628-3453

**Hall & Evans, LLC**
1001 Seventeenth Street, Suite 300
Denver, CO 80202



COLORADO | MISSOURI | MONTANA | NEW MEXICO | UTAH | WYOMING

website | bio | LinkedIn

---

**From:** Elizabeth Wang <elizabethw@loevy.com>
**Sent:** Monday, October 4, 2021 5:33 PM
**To:** Ringel, Andrew D. <ringela@hallevans.com>
**Cc:** Macdonald, Timothy R. <Timothy.Macdonald@arnoldporter.com>; Mijares-Shafai, Gerardo <Gerardo.Mijares-Shafai@arnoldporter.com>; Jordan, Lindsay M. - CAO Assistant City Attorney Senior <Lindsay.Jordan@denvergov.org>; Makeba Rutahindurwa <makeba@loevy.com>; Aro, Ed <Ed.Aro@arnoldporter.com>; Douglas, Matthew J. <Matthew.Douglas@arnoldporter.com>; DiBrell, Mollie <mollie.dibrell@arnoldporter.com>; Sebba, Michael <michael.sebba@arnoldporter.com>; Bailey, Leslie C. <Leslie.Bailey@arnoldporter.com>; Brian Swift <brians@loevy.com>; Peasley, Sarah B. - CAO Paralegal II <Sarah.Peasley@denvergov.org>; McGlawn, Skye G. - CAO Paralegal I <Skye.McGlawn@denvergov.org>; Reidy, Patrick C. <patrick.reidy@arnoldporter.com>
**Subject:** Re: Epps et. al. v. Denver et. al.--Conferral on Motion

**\*\*CAUTION: This email originated outside H&E. Please scrutinize all links and attachments.\*\***

Dear Andrew,

As we consider our position on your proposed motion, please provide us with the following information:

(1) When the City asserts, "based on Mr. Mitchell's deposition testimony there were communications related to the assertion of the deliberative-process privilege by the City concerning the OIM Memos," what are you specifically referring to in Mr. Mitchell's deposition testimony? Please provide the page(s) of his deposition to which the City refers.

(2) What are the rule(s) of professional conduct and the interpretations of those rules that the City believes Plaintiffs' counsel have violated? Please let us know which rule(s) and "interpretations" upon which you rely.

(3) In that same vein, are there cases or legal authority that the City is relying on for its position in this proposed motion? If so, please let us know what they are.

We are not aware of any rules that we have violated, any cases that support the City's asserted position, or any deposition testimony from Mitchell that supports the City's position. Thus, it would be helpful if the City would enlighten us so that we can determine what our position is. Please be aware that, if your motion (should you choose to file one) is frivolous and lacks basis in fact or law, we will not hesitate to promptly seek sanctions pursuant to Rule 11.

Sincerely,

Liz

Elizabeth Wang

Loevy & Loevy

2060 Broadway | Ste. 460

Boulder | CO 80302

T 720.328.5642

F 312.243.5902

www.loevy.com

Pronouns: she, her

On Mon, Oct 4, 2021 at 12:58 PM Ringel, Andrew D. <ringela@hallevans.com> wrote:

> All:
>
> The City intends to file a Motion with the District Court for which I would like to confer with you about prior to filing. I anticipate you will oppose the Motion. The Motion requests the District Court sanction Plaintiffs for improper ex parte communications with Nicholas Mitchell. The Motion does not challenge the fact of counsel for the Plaintiffs' communications with Mr. Mitchell as a general matter although as previously indicated we continue to believe such contact was improper. Instead, the Motion challenges the specific communications Mr. Mitchell described during his deposition regarding the deliberative-process privilege the City asserted related to the OIM Memos. The City maintains regardless of whether it is appropriate to communicate with a former government official such as Mr. Mitchell it is not appropriate under the Colorado Rules of Professional Responsibility and interpretations of those Rules to communicate with a former official concerning any matters related to privilege. The City concludes based on Mr. Mitchell's deposition testimony there were communications related to the assertion of the deliberative-process privilege by the City concerning the OIM Memos. As a sanction we are asking the District Court to preclude Plaintiffs from using Mr. Mitchell as a witness and from using the OIM Memos as evidence.
>
> Please let me know if you have any questions.
>
> Please advise of your position with respect to this Motion so that we can inform the District Court.
>
> Thanks.
>
> Andrew
>
>
> **Andrew D. Ringel** | Member
> ringela@hallevans.com
> Tel: 303-628-3453
>
> **Hall & Evans, LLC**
> 1001 Seventeenth Street, Suite 300
> Denver, CO 80202
>
> 
>
> COLORADO | MISSOURI | MONTANA | NEW MEXICO | UTAH | WYOMING
> website | bio | LinkedIn

Confidentiality Notice: This e-mail and any files transmitted with it are confidential and intended solely for the named addressee(s) of this message and may be subject to attorney-client privilege or work-product protection. If you are not the named addressee, unauthorized use, disclosure or distribution is prohibited; please notify the sender by reply email and destroy all copies of the original message. Our spam protection may prevent any reply e-mail from being delivered. If I have not responded to your email within 48 hours, please contact our office at 303/628-3300     . This e-mail and any attachments are believed to be free of viruses and defects, but it is the responsibility of the recipient to ensure that it is virus-free. The sender is not responsible for any loss or damage arising from its use.