IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT COURT OF COLORADO

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants,

Civil Action Nos. 1:20-cv-01878-RBJ & 1:20-cv-01922-RBJ-MEH (consol.)

## PLAINTIFFS' JOINT RESPONSE TO DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AND TRIAL DATE

The Fitouri and Epps Plaintiffs, by and through their respective counsel, respectfully submit this response in opposition to Defendants' Motion to Modify Scheduling Order and Trial Date (Dkt. 194).

### ARGUMENT

Defendants offer no credible basis to vacate the trial date or to bifurcate the trial for the arrest class only. The limited discovery remaining can easily be accomplished in the time before trial. In granting the Epps Plaintiffs' motion to amend just two weeks ago, this Court already held that the parties could meet the trial date, and that they needed to work together to accomplish the narrow discovery that remains. Plaintiffs remain ready to do so, but since the Court's Order, the Defendants have refused to agree on any discovery schedule that maintains the trial date.

**I.  The Trial Date Is Not Threatened by the New Defendants' Limited Discovery Needs**

The Court's October 13, 2021 Order explained that "The Court does not believe that the March 7, 2022 trial date should be threatened by the amendment since there are still

1

approximately five months before trial. However, the parties will need to cooperate and accommodate the new defendants' discovery needs if they wish to keep their trial date." Dkt. 174 (10/13/21 Order). Defendants have done nothing to cooperate to maintain the trial date, while Plaintiffs are bending over backwards to accommodate any remaining discovery needs, including identifying—without waiting for discovery requests—specific videos that show newly-named officers shooting particular plaintiffs. The new Aurora and Jefferson County (Jeffco) Defendants propose taking only three depositions (reopening the depositions of Plaintiffs Deras, Packard, and Duran, for two hours each), and serving minimal written discovery. Dkt. 194 (Mot.) at 7. Plaintiffs have no problem accommodating these requests.[1] And the Denver Defendants propose taking no additional discovery at all. *Id.* at 7-8.

These facts confirm that the Court was correct in stating that the trial date should not be threatened. The Aurora Defendants were involved in three discrete incidents: the shootings of Plaintiffs Packard and Duran, and the chemical spraying of Plaintiff Smith. The Jeffco Defendants were involved in one incident, the shooting of Plaintiff Deras. If Defendants would

---

[1] With respect to the discovery that Plaintiffs need to take of the new Defendants, the parties are likewise not far apart and the discovery can be easily accomplished in the next several months. The Epps and Fitouri Plaintiffs can accept four (4) total depositions against the Aurora Defendants (the same number they propose): three (3) newly named officer-defendants and a Rule 30(b)(6) deposition of Aurora itself, none of whom have been deposed. Given that the Jeffco Defendants disclosed 21 new officers in their Rule 26(a)(1) disclosures, the Fitouri Plaintiffs propose four (4) depositions from the Jeffco Defendants (one Rule 30(b)(6) deposition of Jeffco and three (3) officers, one of which has already been taken). With respect to written discovery, the parties should be able to work out an acceptable number of interrogatories, requests for production, and requests for admission, once the Court confirms the trial date once again. The Epps and Fitouri Plaintiffs could stay within the current limits for interrogatories and requests for production set in the scheduling order, while the Defendants are proposing either two (2) (Aurora) or three (3) (Jeffco) for each Plaintiff group, a reduction from the scheduling order. Plaintiffs also have very narrow discovery remaining against the Denver Defendants, based on new disclosures and new documents produced in the final few days of discovery, as addressed below.

focus on completing discovery, the parties would have no trouble getting it done in a few months' time and well in advance of trial.

The trial date in this case, March 7, 2022, has been set for over a year. Dkt. 46 (Scheduling Order entered 9/21/20). When Plaintiffs filed their motions to amend their complaints, the Denver Defendants' primary argument in response was that the motions were untimely, amendment would cause unfair prejudice, and new defendants would impact the trial date. Plaintiffs provided evidence and argument to the contrary and explained why it took a significant amount of discovery—discovery that Defendants resisted at every turn—to identify the additional, new defendants who shot or attacked four plaintiffs.

The Court considered the parties' arguments and granted Plaintiffs' motions to amend, specifically noting that the March 7, 2022 trial date should not be threatened since there are still approximately five months before trial. Dkt. 174. Thus, the Court already considered—and rejected—Defendants' arguments about undue delay and the timeliness of Plaintiffs' amendments. The Court should reject Defendants' rehashing of the same arguments now, deny the motion to vacate or bifurcate the trial date, and direct the parties to confer on accommodating the remaining discovery and pre-trial needs, consistent with maintaining the existing trial date.

## II.     Discovery Relating to the Denver Defendants

Fact discovery relating to the Denver Defendants was scheduled to close on October 4, 2021, but in the final days of discovery, Denver disclosed several new potential witnesses in their 38th supplement to their Rule 26 disclosures and produced new documents. In addition, the Plaintiffs have been seeking to confer with Denver Defendants about some of their recent responses to interrogatories and the Denver Defendants have not yet provided a date when the

parties may confer. If the parties are unable to resolve their differences, they may seek the Court's assistance.[2]

With respect to depositions, Denver Defendants state in their motion that "[a]lthough discovery closed on October 4, 2021, Plaintiffs have requested 4 additional depositions of 3 officers and a Denver City Attorney. Denver Defendants object to reopening discovery against them as the newly requested depositions do not appear to address the newly [sic] supervisory claim and/or the claims against the newly added Defendants." Dkt. 194 at 5.

This is not an accurate representation of the facts or Plaintiffs' position. On the last day of fact discovery, October 4, 2021, the City disclosed *five brand new witnesses* (including a member of the City Attorney's Office) who had never been disclosed before and had never been mentioned in any deposition or (to Plaintiffs' counsel's knowledge) any documents. Further, on October 1, 2021, the City disclosed less-redacted versions of the OIM interview memos with various DPD personnel. *See* Dkt. 176, Exs. A-U. These less-redacted versions of the memos allowed Plaintiffs to see, for the first time, that DPD personnel admitted to OIM that they lacked adequate training, supervision, or leadership, that the problems had been occurring for years, and that the officers were unprepared to respond to the protests. *See, e.g.*, Dkt. 176, Ex. S at DEN R 11772-73 (highlighted portions indicate the City's previous redactions), Ex. E at DEN R 11714. All of this is highly relevant to Plaintiffs' *Monell* claim against the City. And Plaintiffs did not know that DPD personnel had made any of those admissions until the City produced less-redacted versions of the OIM memos on the Friday before fact discovery was to close.

After receiving these late disclosures, Plaintiffs requested an opportunity to depose two of the DPD personnel who made the damaging comments to OIM and two of the witnesses

---

[2] Plaintiffs believe that it is premature to ask for the Court's involvement at this time.

disclosed for the first time on October 4, 2021. The City refused these requests. In a telephone conferral on October 25, 2021, the Fitouri Plaintiffs asked the City why it would be reasonable for the City to disclose new witnesses and documents in the last two business days of discovery and then deny Plaintiffs an opportunity to explore this new information. The City did not provide any meaningful response.

Regardless, Plaintiffs do not seek to depose any of the 5 newly-disclosed witnesses—instead, Plaintiffs ask the Court to bar those witnesses from testifying at trial because of the late disclosure and Denver's refusal to make them available for deposition.[3] Plaintiffs do seek to depose the two DPD witnesses whose less-redacted OIM memos were recently disclosed. Given that all depositions in this case have been limited to 4 hours, these depositions could occur in one day. If the Court allowed these 2 depositions, it would not affect the trial date.

### III. Proposed Modifications to the Scheduling Order

#### A. Scheduling Order

As described above, the parties do not have major disagreements about the scope of any additional discovery. There is a handful of written discovery and a small number of depositions to be conducted. There is no reason why that discovery cannot be completed by December 31, 2021, to ensure an orderly pretrial process and allow the parties to prepare adequately for the Trial Preparation Conference set for February 4, 2022 and trial beginning March 7, 2022.

Thus, Plaintiffs propose the following:

- Dispositive motion for Denver Defendants remains the same: December 29, 2021 (as Denver Defendants propose)

---

[3] Plaintiffs will file a motion to exclude at the appropriate time.

- Discovery relating to Jefferson County and Aurora Defendants closes December 31, 2021
- Dispositive motion for Jefferson County and Aurora Defendants set at the Court's discretion, as long as the trial date remains in place.
- Final Pretrial Conference remains the same: February 4, 2022
- Trial date remains the same: March 7, 2022

### B. Severance of Arrest Class Claims Is Inappropriate

The Plaintiffs oppose Defendants' motion to try the curfew arrest class claims before and separate from Plaintiffs' other claims. Defendants do not even cite, let alone try to satisfy, Rule 42(b)'s standard for ordering separate trials. To determine whether severing claims is appropriate, the Court looks to the following factors: (1) whether the issues are readily separable, (2) whether bifurcation would promote efficiency and economy, and (3) whether failure to bifurcate would cause undue prejudice to a party. *Heatherman v. Ethicon, Inc.*, No. 1:20-CV-01932-RBJ, 2021 WL 2138543, at *2 (D. Colo. Jan. 22, 2021). "The burden is on the movant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience to all parties." *Hoffman v. Ford Motor Co.*, No. 07-CV-00081-REB-CBS, 2009 WL 763356, *1 (D. Colo. Mar. 16, 2009).

Defendants' only substantive argument for severing the arrest class claims from the individual Plaintiffs' claims is that "[c]onducting a jury trial involving all the Plaintiffs' other claims will be difficult and challenging given the number of claims, the number of underlying events, and the number of witnesses," and the difficulty "is magnified significantly for a trial involving the arrest class claims and the other claims." Dkt. 194 at 9-10. This does not meet the standard for severance under Rule 42(b). Defendants do not cite to Rule 42 or provide any legal

authority supporting their position, and they do not explain why they believe that trying the arrest class claims with the individual claims will make trial more difficult.

To start, the presumption is that Plaintiffs "should be allowed to present [their] case in the order [they] choose." *Engen v. Colorado Mills Mall Ltd. P'ship*, No. 09-CV-01281-REB-KLM, 2010 WL 2232422, at *1 (D. Colo. May 28, 2010) (citation omitted). Defendants bear the burden of demonstrating why separate trials would be proper. *Id.* "[S]eparate trials of claims properly joined is not the usual course." *Pinon Sun Condominium Ass'n, Inc. v. Atain Speciality Ins. Co.*, No. 17-CV-01595-CMA-NRN, 2018 WL 5312881, at *4 (D. Colo.) (internal quotation marks and citation omitted).

Additionally, while the arrest class claims are different from the individual Plaintiffs' claims, many of the same witnesses will be called to testify, resulting in the presentation of duplicative evidence and the expenditure of more time and resources. For instance, Class Representatives Claire Sannier and Kelsey Taylor have individual claims alleging First and Fourth Amendment violations in addition to their claims about their curfew arrests. Several DPD witnesses (including the Chief of Police, the Incident Commander, Division Chief Thomas, and other command-level personnel), would be called as witnesses in both an arrest class trial and individual claims trial. There are also several third-party witnesses (such as people who were witnesses to the arrests of Sannier and Taylor but could also testify to the DPD's excessive use of force against these and other Plaintiffs) who would be called as witnesses in both trials. Plaintiffs also have an expert who may testify about both the arrest class and individual claims— it would be expensive to prepare the expert for and arrange the expert to testify at two trials. Thus, interests of efficiency and economy weigh in favor of denying separate trials. If "the preliminary and separate trial of an issue will involve extensive proof and substantially the same

facts or witnesses as the other issues in the cases, or if any saving in time and expense is wholly speculative, separate trials are usually denied." *Id.* (internal quotation marks and citation omitted).

Furthermore, trying the arrest class claims with the individual claims will not greatly "magnify" the difficulty of trial, as the Defendants assert. The central factual question with respect to the arrest class claims is: Did the City of Denver have an express or official policy of enforcing the curfew only against individuals "actively engaged in protest activity," as text messages from DPD Division Chief Thomas undisputedly show? Answering that question is very straightforward. The central legal question—whether the City's enforcement policy is subject to strict scrutiny (or some other level of scrutiny) and whether the policy passes constitutional muster under the appropriate level of scrutiny—is a question of law for the Court. That question would not even be presented to the jury, and so it would not complicate the trial.

Finally, failure to sever the arrest class claims from the individual Plaintiffs' claims does not cause Defendants any unfair prejudice, for the reasons identified above. The parties have been diligently working on this case, this Court already granted Plaintiffs' motions to amend their complaints, and there is no reason to believe that the parties cannot complete discovery relating to the new Defendants in time for the March 2022 trial. To the contrary, separate trials would prejudice Plaintiffs by delaying the resolution of their claims, and by requiring the Fitouri Plaintiffs' counsel to prepare for and try two cases instead of one and by expending additional and unnecessary time, resources, and costs.

## CONCLUSION

Accordingly, Plaintiffs request that the Court maintain the trial date as scheduled on March 7, 2022, deny the motion to bifurcate, and direct the parties to confer on accommodating the remaining discovery and pre-trial needs, consistent with maintaining the existing trial date.

Dated: October 28, 2021.

Respectfully submitted,

/s/ Elizabeth Wang

| | |
|---|---|
| Elizabeth Wang<br>LOEVY & LOEVY<br>2060 Broadway, Suite 460<br>Boulder, CO 80302<br>O: 720.328.5642<br>elizabethw@loevy.com<br>*Counsel for Fitouri Plaintiffs* | Makeba Rutahindurwa<br>LOEVY & LOEVY<br>311 N. Aberdeen St.<br>Chicago, IL 60607<br>O: 312.243.5900<br>makeba@loevy.com |

/s/ Timothy R. MacDonald
Timothy R. Macdonald
Matthew J. Douglas
Ed Aro
R. Reeves Anderson
Colin M. O'Brien
Kathleen K. Custer
Mollie DiBrell
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Ste. 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Facsimile: (303) 863-2301
Timothy.Macdonald@arnoldporter.com
Matthew.Douglas@arnoldporter.com
Ed.Aro@arnoldporter.com
Reeves.Anderson@arnoldporter.com
Colin.Obrien@arnoldporter.com
Katie.Custer@arnoldporter.com
Mollie.DiBrell@arnoldporter.com

Gerardo Mijares-Shafai
Leslie C. Bailey
ARNOLD & PORTER KAYE SCHOLER LLP

601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555
Gerardo.Mijares-Shafai@arnoldporter.com
Leslie.Bailey@arnoldporter.com

Patrick C. Reidy
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Patrick.Reidy@arnoldporter.com

Michael J. Sebba*
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
Michael.Sebba@arnoldporter.com

*Admitted only in New York; not admitted to the practice of law in California.

Mindy Gorin
ARNOLD & PORTER KAYE SCHOLER, LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-7832
Mindy.Gorin@arnoldporter.com

In cooperation with the American Civil
Liberties Union Foundation of Colorado

Mark Silverstein
Sara Neel
Arielle Herzberg
American Civil Liberties Union Foundation of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 80203
Telephone: (303) 777-5482
Facsimile: (303) 777-1773
Msilverstein@aclu-co.org
Sneel@aclu-co.org

---

Aherzberg@aclu-co.org

*Counsel for Epps Plaintiffs*

## Certificate of Service

  I, Elizabeth Wang, an attorney, hereby certify that on October 28, 2021, I served via CM/ECF the foregoing Response, on all counsel of record.

                /s/ Elizabeth Wang
                Counsel for Fitouri Plaintiffs