# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civ. Act. No. 1:20-CV-1878-RBJ
(consolidated with 1:20-CV-01922-RBJ-MEH)

ELISABETH EPPS, et al.

    Plaintiffs

v.

CITY AND COUNTY OF DENVER, COLORADO, et al.,

    Defendants.

## REPLY IN SUPPORT OF MOTION TO MODIFY
## SCHEDULING ORDER AND TRIAL DATE [ECF 194]

In further support of their Motion to Modify the Scheduling Order and Trial Date [ECF 194], Defendants City and County of Denver ("Denver"), Sergeant Anthony E. Tak, Commander Patrick Phelan, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant David Abeyta, Sergeant Marco Martinez, Sergeant Justin Dodge, Corporal Richard D. Eberharter, Officer Tana Cunningham, Officer John Sampson, Officer Johnathan Christian and Officer Keith Valentine (collectively the "Denver Defendants), by and through Denver's City Attorney's Office and Hall and Evans, LLC, along with the City of Aurora and Officer Cory Budaj (the "Aurora Defendants"), by and through their counsel of record, and the Board of County Commissioners of Jefferson County and Jefferson County Sheriff Jeff Shrader (the "Board," and the "Sheriff," respectively; collectively, the "Jefferson County Defendants"), by and through the Jefferson County Attorney's Office and Assistant County Attorneys Rebecca Klymkowsky and Rachel Bender, state as follows:

**Argument**

**I. Plaintiffs Addition of Several New Defendants Well over a Year after the Case Initiated Has Threatened the Trial Date Due to the New Defendants' Entitlement to Discovery, Dispositive Motions and Experts.**

Notwithstanding Plaintiffs' assertion that the newly named Defendants have "done nothing to cooperate" to maintain the trial date, while "Plaintiffs are bending over backwards to accommodate any remaining discovery needs" (Resp. at 2), counsel for both the Aurora and Jefferson County Defendants met with Fitouri Plaintiffs' counsel Liz Wang in person near her office on October 14, 2021, to discuss both sides' discovery needs. At that time and in email exchanges that followed, Ms. Wang expressed her strong desire to maintain the trial date while consistently attempting to negotiate for more discovery. Counsel for Aurora and Jefferson County Defendants were similarly consistent in expressing their need for additional time, not only to ensure that they were fully representing their clients through appropriate discovery in this case, but also to balance the needs of this case with the rest of their respective workloads.[1]

---

[1] For example, Jefferson County Defendants' counsel also serve in a training and general advising role for the Jefferson County Sheriff's Office; have various motions, discovery obligations, and depositions set in other active federal and state cases throughout the proposed discovery period (*Brandt v. DeNuzzi*, Civ. Act. No. 21-cv-0097-MEH; *Estate of Kowalski v. Shrader*, Civ. Act. No. 21-cv-00827-NYW; *Minter v. Aurora*, Civ. Act. No. 20-cv-02172-RM-NYW; *Lopez v. Shrader*, Civ. Act. No. 19-cv-1754-WJM-NYW); and are preparing for oral argument before the Tenth Circuit in *Estate of Burgaz v. Board of County Commissioners*, No. 21-1049 on November 16. Ms. Klymkowsky, who is lead counsel for the Jefferson County Defendants, also anticipates being on parental leave from mid-December to mid-March, leaving Ms. Bender as the sole litigator assigned to this case during a critical period in its litigation.

Similarly, counsel for Aurora is engaged in a number of litigation matters in both state and federal court with deadlines during the proposed discovery period including answer deadlines in *Abdulhafiz v. Eshelman*, 21-cv-2606-STV and *Huff v. City of Aurora, et al.*, 21-cv-2716-RMR; discovery deadlines in *Thomas v. City of Aurora, et al.*, 20-cv-3308-LTB-NYW; an administrative appeal hearing of a termination set for December 15-16, 2021; and a mediation of an employment claim scheduled for November.

In addition, undersigned counsel for the Individual Aurora Defendants is engaged in several active federal and state court litigation matters with motions, discovery obligations, and

2

For example, in their Response, Plaintiffs propose that discovery related to the Aurora and Jefferson County Defendants close on December 31, 2021. Jefferson County and Aurora Defendants' response to the operative Complaint in this matter is not due until November 19, 2021, leaving just forty-two (42) remaining days for the parties to conduct discovery following Jefferson County and Aurora Defendants' response to the operative Complaint. Assuming Jefferson County and/or Aurora Defendants are granted leave to move to dismiss some or all the claims against them pursuant to the Court's practice standards and no party receives an extension, briefing on such a motion will not be complete until December 24, 2021, a mere seven (7) calendar days before Plaintiffs' proposed discovery cut-off.

Furthermore, the Jefferson County and Aurora Defendants have not been party to this matter during its pendency and therefore need time to become familiar with the proceedings to this point. Plaintiffs have provided the Jefferson County and Aurora Defendants with external hard drives containing the vast discovery already conducted by Plaintiffs and the Denver Defendants. The Jefferson County and Aurora Defendants must review these documents, videos, and transcripts in a condensed period in order to adequately prepare to conduct their own discovery. In addition to the fact discovery matters discussed in Defendants' Joint Motion to Amend, this includes time to determine whether and to what extent they require experts separate and distinct from any experts retained by the Denver Defendants to defend their claims and/or rebut any expert

---

deadlines occurring during the proposed discovery period in this case, including post-trial motions and appellate briefing in *Franco v. City of Boulder*, 19-cv-02634-MEH; dispositive motions briefing in *Napier v. Board of County Comm'rs, et al.*, 21-cv-00746-MEH-RMR; depositions and discovery obligations in *Minter v. Aurora*, Civ. Act. No. 20-cv-02172-RM-NYW; motions practice in *People v. Cichuniec*, 2021CR2806 and *People v. Cooper*, 2021CR2800; and administrative employment hearings set throughout the proposed discovery period.

testimony that Plaintiffs propose to use against them. To expect the Jefferson County and Aurora Defendants to be able to review the sum of many months of extensive discovery in mere weeks in order to make these types of litigation decisions is not only unrealistic, but unreasonable and prejudicial.

In a similar vein, Plaintiffs' proposal that, "Dispositive motion for Jefferson County and Aurora Defendants set at the Court's discretion, as long as the trial date remains in place" (Resp. at 6) offers the Aurora and Jefferson County Defendants no reasonable timeline to make, let alone have the Court rule upon, dispositive motions.

The Jefferson County and Aurora Defendants remain committed to undertaking their discovery in a timely and responsive manner but cannot commit to doing so in a manner that compromises their ability to defend against Plaintiffs' claims.

**II.     Additional Discovery is not Appropriate Against the Denver Defendants.**

On October 4, 2021, as discovery was closing, Denver Defendants disclosed the names of individuals likely to testify regarding the materials, documents, and information provided to Plaintiffs over the last year. For example, one individual was identified to potentially testify at trial about the rationale for dismissing the curfew charges. The details of that rationale was previously disclosed to Plaintiffs in the form of documents -- press statements from the Mayor and City Attorney -- several months prior to the close of discovery. Further, Denver Defendants identified an individual to testify specifically about all the injuries and impacts experienced by officers policing the protests.  Almost all Denver officers deposed in this case discussed their injuries and the impact the protest had on them, but this individual was disclosed to discuss the cumulative effect on officers.  Furthermore, Denver Defendants disclosed the information upon which this individual would testify in previously disclosed documents.

4

Counsel for Denver Defendants explained the same during a conferral with Plaintiffs' counsel, Ms. Wang. After also confirming that none of the recently disclosed individuals would testify that any of the named Plaintiffs injured an officer, Counsel acquiesced an understanding and stated she would not need to depose any of the recently disclosed individuals at this time. At no time did she indicate that she would seek to bar these witnesses from testifying at trial, who were all properly disclosed before discovery closed. Plaintiffs' Response is the first time Denver Defendants learned of the intention to prohibit properly disclosed individuals.

As for the deposition requests of Captain Sich and Lt. Coppedge, the provision of the lesser redacted OIM memos is not a justification for requesting their depositions after the close of discovery. Plaintiffs have known about these individuals since May 10, 2021, which is the date that Plaintiffs were provided the memos, including non-privileged content and the topics upon which they were asked. Moreover, the questions OIM asked of the interviewees were provided in full in May 2021, and Plaintiffs had the ability to ask the same questions OIM asked of the individuals well before discovery closed. They strategically chose to not take that opportunity.

Furthermore, Plaintiffs' counsel misconstrues the impact of the recently disclosed content. Captain Sich's comment that "policing fails in three areas: supervision, leadership and training" was a generic comment. It was not attributed to any specific failures of Denver during the protests. [Doc. #176 – 19 at 11772]. Lt. Coppedge's comment that crowd control is no longer trained in the academy is qualified with an explanation that it is now done in the districts by a different trainer and is updated occasionally based upon new legal guidance. [Doc. #176 – 5 at 11716-11717]. The rapid development of the protests and its effect on Denver's planning and preparation has been discussed at length during the numerous depositions conducted by Plaintiffs. Therefore, an accurate reading of the highlighted content referenced by Plaintiffs reveals no previously unknown

admissions against Denver. Furthermore, an employee's after the fact opinion of events made in hindsight, has no bearing on Plaintiffs' *Monell* claim, because these opinions do nothing to establish causation for Plaintiffs' claims and are inadmissible.

Finally, despite discovery being closed, Denver Defendants have committed to continuing conferral attempts with Plaintiffs in an attempt to settle any remaining discovery disputes.

### III. The New Defendants' Proposed Modifications to the Scheduling Order Are Appropriate.

#### A. Scheduling Order

Plaintiffs argue that "there is no reason why discovery cannot be completed by December 31, 2021," and that dispositive motions for the Jefferson County and Aurora Defendants "be set at the Court's discretion." As discussed above in Section I, these deadlines do not make sense in the larger context of the case, nor do they allow sufficient time for the Jefferson County and Aurora Defendants to adequately represent their interests in this litigation.

#### B. Severance of Arrest Class Claims is Appropriate

Severance of the arrest class claims is appropriate in accordance with Fed. R. Civ. P. 42(b). Pursuant to Fed. R. Civ. P. 42(b), a district court has broad discretion to order separate trials. *See United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). The Court may order a separate trial of one or more separate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize . . . " Fed. R. Civ. P. 42(b). Here, severance is appropriate because (1) the issues are readily separable, (2) bifurcation promotes efficiency and economy, and (3) failure to bifurcate would cause Defendants to suffer unfair prejudice. *Heatherman v. Ethicon, Inc.*, 2021 U.S. Dist. LEXIS 101898, *5 (D. Colo. Jan. 22, 2021).

Regarding the first prong, the issues between the arrest class claims and the direct force claims are, in fact, separable. First, the issues between the arrest class claims and the direct force claims are different. For the arrest class, the issue is whether Denver enforced its emergency curfew order specifically against protestors only. Conversely, there are a multitude of issues presented by Plaintiffs' direct force claims, including whether Defendants used unlawful force against Plaintiffs, whether Defendants violated Plaintiffs' First Amendment rights, whether any individual Defendants failed to intervene. The crux of Plaintiffs' argument against severance is there is some overlap of witnesses. While this is true, it is not enough. The overlap of witnesses in this case is negligible—two Plaintiffs and a few Denver Police Department command staff members. Additionally, Plaintiffs argue they have retained the same expert for both the arrest class claims and direct force claims and requiring the expert to appear for two trials would be expensive. This Court has entertained this argument before and rejected it. *See Seabron v. Am. Family Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 108112, *7 (D. Colo. Aug. 6, 2014) ("This Court finds this argument unavailing given the right to recover attorneys' fees and costs if any Plaintiff should prevail on his or her claim."). The same is true here. Moreover, even if there is minimal overlap of witnesses, the substance of these witnesses' testimony for the arrest class claims and the direct force claims is different. With respect to the arrest class claims, witnesses will be asked questions about Denver's emergency curfew order, how it was enforced, and the individual circumstances of arrests. These questions and issues are simply not relevant to the direct force claims.

Regarding the second and third prongs, severance promotes the interests of judicial efficiency and economy. Given the number of parties, witnesses, and issues, severance is appropriate. Moreover, failure to do so would cause multiple parties to suffer unfair prejudice. Plaintiffs recently filed Amended Complaints, which bring claims against Aurora and Jefferson

7

County Defendants for the first time. The new Defendants need time to get up to speed in this case and review previously exchanged discovery. Additionally, the new Defendants need an opportunity to conduct their own discovery in this case. As the arrest class claims are only against Denver, severing the arrest class claims is in the best interests of justice, as it permits Aurora and Jefferson County Defendants an opportunity to conduct *meaningful* discovery without the threat of an imminent jury trial. Severance also eliminates any prejudice to the Aurora and Jefferson County Defendants that would result from trying the arrest class claims against Denver in the same proceeding as the unrelated force claims against them. The facts and issues relating to the arrest class claims are irrelevant to the direct force claims, and vice versa. As such, severance of the arrest class claims is appropriate because it allows the fact-finder to focus on the facts and issues solely related to the arrest class, without the introduction of evidence relating to the direct force claims, which are wholly irrelevant to the arrest class claims and almost certain to cause confusion and prejudice.

**Conclusion**

Plaintiffs' Response demonstrates that they have failed to reasonably account for the discovery needs of the newly added Defendants, including appropriate time for responsive pleadings following Defendants' waivers of service; for discovery, regardless of whether it is conducted following or in tandem to the timeline for responsive pleadings; for newly added Defendants to determine whether and what expert testimony they may need to properly defend against Plaintiffs' claims; or for dispositive motions practice. As the Court noted, it is incumbent upon the parties to accommodate newly added Defendants' discovery needs. Furthermore, Plaintiffs have not established the need to re-open discovery as to Denver Defendants, which has been disclosing documents and responding to Plaintiffs' discovery requests for the last thirteen

months. Given Plaintiffs' late addition of various Defendants, it is not realistic to maintain the March 2022 trial date for the claims involving them without significant hardship and prejudice to the newly added Defendants. As an accommodation, Denver has offered to maintain the trial date for the arrest class alone, which is a logical solution to accommodate the newly added Defendants, and has a sound basis in precedent for severance of claims for trial. As a result, Defendants jointly request that the Court amend its Scheduling Order to reflect the timelines and requests outlined in their Motion.

Respectfully submitted this 1st day of November, 2021.

| JEFFERSON COUNTY ATTORNEY'S OFFICE | DENVER CITY ATTORNEY'S OFFICE |
|---|---|
| */s/ Rebecca P. Klymkowsky* | */s/ Hollie R. Birkholz* |
| Rebecca P. Klymkowsky | Hollie R. Birkholz |
| Rachel Bender | Robert Huss |
| Assistant County Attorneys | Lindsay M. Jordan |
| 100 Jefferson County Parkway, Suite 5500 | Assistant City Attorneys |
| Golden, Colorado 80419 | Civil Litigation Section |
| T: 303.271.8932 | 201 West Colfax Avenue, Dept. 1108 |
| E: rklymkow@jefsfco.us | Denver, Colorado 80202 |
| E: rbender@jeffco.us | T: 720.913.3100 |
| *Attorneys for Jefferson County Sheriff Jeff Shrader and the Board of County Commissioners of Jefferson County* | E: hollie.birkholz@denvergov.org |
| | E: robert.huss@denvergov.org |
| | E: lindsay.jordan@denvergov.org |
| AURORA CITY ATTORNEY'S OFFICE | HALL & EVANS |
| */s/ Isabelle Evans* | */s/ Andrew D. Ringel* |
| Isabelle Evans | Andrew D. Ringel |
| Peter Ruben Morales | Hall & Evans, LLC |
| 15151 East Alameda Parkway, 5th Floor | 1001 Seventeenth Street, Suite 300 |
| Aurora, Colorado 80012 | Denver, Colorado 80202 |
| T: 303.739.7096 | T: 303.628.3453 |
| E: ievans@auroragov.org | E: ringela@hallevans.com |
| E: pmorales@auroragov.org | *Attorneys for the City and County of Denver and the Individually Named Denver Police Department Officers* |
| *Attorneys for the City of Aurora and Aurora Police Department Officer Cory Budaj* | |

*s/ Michael T. Lowe*
David M. Goddard
Michael T. Lowe
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO  80202
Telephone: (303) 831-1099
dgoddard@brunolawyers.com;
mlowe@brunolawyers.com
*Counsel for Defendants Budaj, McNamee,*
*Serrant, and Brukbacher, in their individual capacities*

10

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2021, the foregoing **REPLY IN SUPPORT OF MOTION TO MODIFY SCHEDULING ORDER AND TRIAL DATE** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans
Peter Ruben Morales
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Aurora Officers Brukbacher, Budaj, McNamee and Serrant in their official capacities*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Rachel Bender
Rebecca Klymkowsky
rbender@jeffco.us
rklymkow@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officer*

s/ Sarah Peasley
Denver City Attorney's Office