IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*

Defendants.

---

### CITY AND COUNTY OF DENVER'S ANSWER AND JURY DEMAND TO THE FIRST AMENDED EPPS COMPLAINT [ECF 178]

---

Defendant City and County of Denver, Colorado ("Denver"), through undersigned counsel, provide the following Answer and Jury Demand to the First Amended Complaint ("Complaint") filed by Elisabeth Epps, *et al*. ("Plaintiffs") [ECF 178]:

## **INTRODUCTION**

1. The allegations contained in paragraph 1 of the Complaint do not appear to require a response. To the extent a response is required, Denver denies that it engaged in violations of Plaintiffs' constitutional and further denies that it has a policy, custom, or practice of allowing police officers to violate constitutional rights. Denver denies the remaining allegations regarding Denver contained in paragraph 1. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 1 as they relate to other Defendants, and, as a result, denies the same.

2.      With respect to the allegations contained in paragraph 2 of the Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the characterization or specifics thereof.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Mr. Garner, but Defendant is without sufficient information to admit or deny the characterization or specifics thereof.

4.      With respect to the allegations contained in paragraph 4 of the Complaint, Defendant admits that the factual allegations therein are consistent with the news reports regarding the death of Ms. Taylor, but Defendant is without sufficient information to admit or deny the characterization or specifics thereof.

5.      Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint, and, as a result, denies the same. Denver denies the allegation as it specifically relates to Denver.

6.      With respect to the allegations contained in paragraph 6 of the Complaint, Denver admits Michael Marshall and Marvin Booker each died while in the custody of the Denver Sheriff Department. Denver denies the remaining allegations pertaining these two incidents. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 6, and, as a result, denies the same.

7.      Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 7 of the Complaint, and, as a result, denies the same.

8.      Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 8 of the Complaint, and, as a result, denies the same.

9.      Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint, and, as a result, denies the same.

10.     With respect to the allegations contained in paragraph 10 of the Complaint, Denver admits the death of George Floyd was captured on video and admits this sparked widespread protests, including in Denver. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 10, and, as a result, denies the same.

11.     With respect to the allegations contained in paragraph 11 of the Complaint, Denver denies the Denver Police Department ("DPD") or Denver Sheriff's Office repeatedly used unconstitutional excessive force. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 11 as they relate to other Defendants and/or law enforcement agencies, and, as a result, denies the same.

12.     With response to the allegations contained in paragraph 12 of the Complaint, Denver admits that it requested law enforcement officers from other jurisdictions to assist DPD officers. Denver denies the remaining allegations contained in paragraph 12.

13.     With respect to the allegations contained in paragraph 13 of the Complaint, Denver admits DPD used less-lethal equipment over the course of the protests, including CS gas[1], kinetic impact projectiles, flash bangs, and OC[2] spray. Denver denies the remaining allegations in paragraph 13 of the Complaint.

---

[1] "CS" is short for chlorobenzalmalonitrile and is often referred to as tear gas.

[2] "OC" is short for oleoresin capsicum and is often referred to as pepper spray.

14.     The allegations in paragraph 14 of the Complaint are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Denver may be required, Denver denies all the allegations in paragraph 14 of the Complaint.

15.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 15, and, as a result, denies the same.

16.     With respect to the allegations contained in paragraph 16 of the Complaint, Denver admits Plaintiffs bring an action seeking various forms of relief but denies Plaintiffs are entitled to any such relief. Denver denies DPD officers used unjustified and indiscriminate force during the protests and denies its policies and customs caused any injuries. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 16, and, as a result, denies the same.

## RESPONSE TO PARTIES

17-24.  Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 17-24, and, as a result, denies the same.

25.     Denver admits the allegations contained in paragraph 25 of the Complaint.

26-29.  The allegations in paragraphs 26-29 of the Complaint are not directed at Denver, so no response is required from Denver. To the extent a response from Denver may be required, Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 26-29 of the Complaint, and as a result, denies the same.

30.     Denver admits Jonathan Christian was employed by DPD as an officer during the timeframe relevant to the Complaint, admits that he was acting within the scope of his employment and under color of law. Denver is without sufficient information and knowledge to admit or deny

4

the remaining allegations contained in paragraph 30 of the Complaint, and as a result, denies the same.

31.     Denver admits Keith Valentine was employed by DPD as an officer during the timeframe relevant to the Complaint, admits that he was acting within the scope of his employment and under color of law. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 31 of the Complaint, and as a result, denies the same.

32-34.  Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 32-34 of the Complaint, and as a result, denies the same.

## RESPONSE TO JURISDICTION AND VENUE

35.     Denver admits Plaintiffs contend their constitutional rights allegedly were violated, but states Plaintiffs' claims are without merit and Plaintiffs are not entitled to any of the relief they seek in the Complaint to the extent alleged in paragraph 35 of the Complaint. Denver admits this Court has jurisdiction over matters involving federal questions pursuant to 28 U.S.C. § 1331. Denver denies the remaining allegations in paragraph 35 while noting that federal rules and statutes speak for themselves.

36.     Denver does not contest the propriety of venue in this matter to the extent asserted in paragraph 36 of the Complaint, but states Plaintiffs' claims are without merit and Plaintiffs are not entitled to any of the relief they seek in the Complaint to the extent alleged in paragraph 36.

## RESPONSE TO FACTUAL BACKGROUND

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Denver admits protests began on May 28, 2020, in Denver in response to the killing of George Floyd.

Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 37 of the Complaint, and as a result, denies the same.

38.     With respect to the allegations contained in paragraph 38 of the Complaint, Denver admits DPD officers wore protective gear and used less lethal force over the course of the protests. Denver denies the remaining allegations contained in paragraph 38 of the Complaint regarding Denver. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 38 of the Complaint as they relate to other Defendants, and as a result, denies the same.

### Response to Weapons Used

39.     With respect to the allegations in paragraph 39 of the Complaint, Denver admits during the course of protests, DPD officers used less lethal force, including 40 mm foam rounds, pepper balls, stinger grenades, flashbangs, OC spray, CS canisters, and smoke canisters. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 39 of the Complaint, and as a result, denies the same.

40.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 40 of the Complaint, and as a result, denies the same.

41.     With respect to the allegations contained in paragraph 41 of the Complaint, Denver admits DPD officers used CS gas canisters, which are often referred to as tear gas, and DPD officers used OC spray, which is often referred to as pepper spray. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 41 of the Complaint, and as a result, denies the same.

42.    With respect to the allegations contained in paragraph 42 of the Complaint, Denver admits DPD officers used CS gas canisters, which can produce a cloud, during the course of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 42 of the Complaint, and as a result, denies the same.

43.    With respect to the allegations contained in paragraph 43 of the Complaint, Denver admits CS can cause coughing, tear production, mucus production, skin irritation, and a burning sensation in the eyes and nose. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 43 of the Complaint, and as a result, denies the same.

44-46. Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 44 through 46 of the Complaint, and as a result, denies the same.

47.    With respect to the allegations contained in paragraph 47 of the Complaint, Denver admits smoke canisters emit smoke which can make it difficult to see. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 47 of the Complaint, and as a result, denies the same.

48.    With respect to the allegations contained in paragraph 48 of the Complaint, Denver admits DPD officers fired pepper balls and 40 mm foam rounds and threw stinger grenades over the course of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 48 of the Complaint, and as a result, denies the same.

49.     Absent additional factual context, Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 49 of the Complaint, and as a result, denies the same.

50.     With respect to the allegations in paragraph 50 of the Complaint, Denver admits pepper balls or 40 mm foam rounds can cause bruises. Absent additional factual context, Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 50 of the Complaint, and as a result, denies the same.

51.     Absent additional factual context, Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 51 of the Complaint, and as a result, denies the same.

52.     With respect to the allegations in paragraph 52 of the Complaint, Denver denies DPD officers intentionally aimed at individuals' prohibited body parts. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 52 of the Complaint, and as a result, denies the same.

53-55. Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 53 through 55 of the Complaint, and as a result, denies the same.

56.     With respect to the allegations contained in paragraph 56 of the Complaint, Denver admits DPD officers fired 40 mm foam rounds over the course of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 56 of the Complaint, and as a result, denies the same.

57.     With respect to the allegations contained in paragraph 57 of the Complaint, Denver admits DPD officers fired 40 mm foam rounds (sometimes referred to as sponge rounds) during the course of the protests, admits some of those rounds contained OC powder, and admits such rounds can commonly cause bruising or welts if an individual is struck by them. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 57 of the Complaint, and as a result, denies the same.

58.     With respect to the allegations contained in paragraph 58 of the Complaint, Denver denies DPD officers "shot" the rubber pellets depicted in paragraph 58 and affirmatively states such projectiles are contained in stinger grenades. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 58 of the Complaint, and as a result, denies the same.

59.     With respect to the allegations contained in paragraph 59 of the Complaint, Denver admits DPD officers fired pepper balls during the course of the protests and admits pepper balls usually burst, emitting OC powder, when they strike hard objects or people. Without additional context, Denver can neither admit or deny the remaining allegations of this paragraph, and as a result, denies the same.

60.     With respect to the allegations contained in paragraph 60 of the Complaint, Denver admits OC powder contained in pepper balls can irritate exposed skin. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 60 of the Complaint, and as a result, denies the same.

61-63. Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 61 through 63 of the Complaint, and as a result, denies the same.

64.     With respect to the allegations in paragraph 64 of the Complaint, Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 64 of the Complaint, and as a result, denies the same.

65-66. Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 65 through 66 of the Complaint, and as a result, denies the same.

67.     With respect to the allegations in paragraph 67 of the Complaint, Denver denies that DPD officers shot grenades at protesters. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 67 and, as a result denies the same.

68.     Denver admits that paragraph 68 of the Complaint contains a general description of flash bang diversionary devices. Without additional factual context, Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 68 of the Complaint, and as a result, denies the same.

69.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 69 of the Complaint, and as a result, denies the same.

70.     With respect to the allegations contained in paragraph 70 of the Complaint, Denver admits DPD officers used stinger grenades, which contain OC and rubber pellets, over the course

of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 70 of the Complaint, and as a result, denies the same.

71.     With respect to the allegations contained in paragraph 71 of the Complaint, Denver admits DPD officers used OC spray over the course of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 71 of the Complaint, and as a result, denies the same.

72.     Denver admits paragraph 72 of the Complaint contains a general description of pepper spray.

73.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 73 of the Complaint, and as a result, denies the same.

74.     Denver admits paragraph 74 of the Complaints contains a general description of the potential effects of pepper spray.

75.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 75 of the Complaint, and as a result, denies the same.

**Response to Timeline of Law Enforcement Response to Protests in Denver**

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Denver admits protest activity in Denver connected to George Floyd's death generally began on May 28, 2020, near the Capital building. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 76 of the Complaint, and as a result, denies the same.

77.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 77 of the Complaint, and as a result, denies the same.

11

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Denver admits protestors gathered near I-25 and the nearby pedestrian bridge. Denver denies all the protestors gathered in this area were peaceful. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 78 of the Complaint, and as a result, denies the same.

79.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 79 of the Complaint, and as a result, denies the same.

80.     With respect to the allegations contained in paragraph 80 of the Complaint, Denver admits DPD officers used less lethal weapons over the course of the protests. Denver denies the characterization the protestors who gathered in Denver on May 28, 2020, were largely peaceful and affirmatively states many protestors engaged in force and acts of violence against DPD officers. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 80 of the Complaint, and as a result, denies the same.

81.     With respect to the allegations contained in paragraph 81 of the Complaint, Denver admits protests took place on May 29, 2020, DPD officers wore protective gear, and DPD officers used less lethal weapons over the course of the protests. Denver denies DPD officers used violent or intimidating tactics. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 81 of the Complaint, and as a result, denies the same.

82.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 82 of the Complaint, and as a result, denies the same.

83.     With respect to the allegations contained in paragraph 83 of the Complaint, Denver admits protests took place on May 30, 2020, and DPD officers used less lethal weapons over the course of the protests. Denver denies DPD officers intentionally fired projectiles at protestors' faces. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 83 of the Complaint, and as a result, denies the same.

84.     With respect to the allegations contained in paragraph 84 of the Complaint, Denver admits it enacted a curfew that began at 8:00 P.M. on May 30, 2020, in response to rioting, vandalism, and assaults committed by individuals embedded in the protests. Denver further admits DPD officers attempted to disperse crowds of people who remained in public in violation of the curfew and DPD officers used less lethal weapons. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 84 of the Complaint, and as a result, denies the same.

85-86.  Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 85 through 86 of the Complaint, and as a result, denies the same.

87.     With respect to the allegations contained in paragraph 87 of the Complaint, Denver admits protests took place on May 31, 2020, and DPD officers used less lethal weapons over the course of the protests. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 87 of the Complaint, and as a result, denies the same.

88.     With respect to the allegations contained in paragraph 88 of the Complaint, Denver denies DPD officers intentionally used "kettling" or other tactics to trap protestors. Denver is

without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 88 of the Complaint, and as a result, denies the same.

89.    With respect to the allegations contained in paragraph 89 of the Complaint, Denver denies DPD officers intentionally used "kettling" or other tactics to trap protestors on June 1, 2020, or June 2, 2020. Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 89 of the Complaint, and as a result, denies the same.

90.    With respect to the allegations contained in paragraph 90 of the Complaint, Denver admits a lawsuit was filed on June 4, 2020, which resulted in a temporary restraining order. Denver states the temporary restraining order speaks for itself and denies any characterizations which differ from the order, are incomplete, or are otherwise taken out of context.

### Allegations Concerning Plaintiff Elisabeth Epps

91-100.  Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 91 through 100 of the Complaint and, as a result denies the same.

### Allegations Concerning Plaintiff Ashlee Wedgeworth

101-107.  Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 101 through 107 of the Complaint and, as a result, denies the same.

### Allegations Concerning Plaintiff Amanda Blasingame and Plaintiff Maya Rothlein

108-114.  Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 108 through 114 of the Complaint and, as a result, denies the same.

### Allegations Concerning Plaintiff Zachary Packard

115-122.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 115 through 122 of the Complaint and, as a result, denies the same.

### Allegations Concerning Plaintiff Hollis Lyman

123-128.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 123 through 128 of the Complaint and, as a result, denies the same.

### Allegations Concerning Plaintiff Sanford Smith

129-136.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 129 through 136 of the Complaint and, as a result, denies the same.

### Allegations Concerning Denver's Policies, Practices, and/or Customs

137-148.   Denver denies the allegations contained in paragraphs 137 through 148 of the Complaint.

### Allegations Concerning Aurora's Policies, Practices, and/or Customs

149-154.   The allegations in paragraphs 149 through 154 of the Complaint are not directed at Denver, so no response is required from Denver. To the extent the allegations in paragraph 149 through 154 are directed at Denver and a response may be required, Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 149 through 154 of the Complaint, and as a result, denies the same.

## CLAIMS FOR RELIEF

### CLAIM 1
**Violation of Plaintiffs' First Amendment Rights by Denver, Christian, Valentine, and McNamee, John and Jane Does 1-100, Jon and Jane Boes 1-100**

155-156.   Denver denies the allegations contained in paragraphs 155-156 of the Complaint.

157-158.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 156 through 158 of the Complaint as they relate to unidentified Defendants and, as a result denies the same.

159.     Denver specifically denies that Officers Christian and Valentine engaged in excessive force against peaceful protesters.  Denver is without specific information as to Officer McNamee's actions, so no response is required from Denver. However, to the extent a response may be required, Denver denies the same. The remainder of this paragraph calls for a legal conclusion, for which no response is required, though to the extent a response is required, Denver denies the same.

160.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 160 of the Complaint as they relate to unidentified Defendants and, as a result denies the same.

161.     Denver specifically denies that Officers Christian and Valentine acted with the purpose of suppressing first amendment rights. This paragraph otherwise calls for a legal conclusion, for which no response is required, though to the extent a response is required, Denver denies the same.

162.-163.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 162-163 of the Complaint and, as a result denies the same.

164.     Denver denies the allegations contained in paragraph 164 of the Complaint.

165.     Denver denies the allegations contained in paragraph 165 of the Complaint.

166.     Denver denies the allegations contained in paragraph 166 of the Complaint.

167.     Denver denies the allegations contained in paragraph 167 of the Complaint.

168-169.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 168 through 169 of the Complaint as they relate to other Defendants and, as a result denies the same.

170.     Denver denies the allegations contained in paragraph 170 of the Complaint.

## CLAIM 2
**Violation of Plaintiffs' Fourth and/Fourteenth Amendment Rights by Denver, Christian, Valentine, and McNamee, John and Jane Does 1-100, Jon and Jane Boes 1-100**

171.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 171 of the Complaint as they relate to other Defendants, and, as a result, denies the same.

172.     Denver denies the allegations of paragraph 172 of the Complaint.

173.     Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 173 of the Complaint as they relate to other Defendants, and, as a result, denies the same.

174.     With respect to the allegations contained in paragraph 174 of the Complaint, Denver denies that its actions violated or caused the violation of Plaintiffs' Fourth and/or Fourteenth Amendment rights, or that its officers utilized excessive force or unreasonably seized protesters.  Denver is without sufficient information and knowledge to admit or deny the remaining

allegations contained in paragraph 174 as they relate to other Defendants, and, as a result, denies the same.

175.    Denver denies the allegations of paragraph 175 of the Complaint.

176-177.   Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 176 through 177 of the Complaint as they relate to other Defendants, and, as a result, denies the same.   To the extent the allegations in paragraphs 176 through 177 are directed at Denver, it denies the same.

178.    Denver denies the allegations in paragraph 178 of the Complaint.

### CLAIM 3
**Violation of Plaintiff Packard's and Smith's First Amendment Rights by Aurora and McNamee, John and Jane Does 1-100**

179-190.   The allegations in paragraphs 179 through 190 of the Complaint are not directed at Denver, so no response is required from Denver. To the extent the allegations in paragraphs 179 through 190 are directed at Denver and a response may be required, Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 179 through 190 of the Complaint, and as a result, denies the same.

191.    Denver denies the allegations contained in paragraph 191 of the Complaint.

### CLAIM 4
**Violation of Plaintiff Packard's and Smith's Fourth and/or Fourteenth Amendment Rights by Aurora and McNamee**

192-195.   The allegations in paragraphs 192 through 195 of the Complaint are not directed at Denver, so no response is required from Denver. To the extent the allegations in paragraphs 192 through 195 are directed at Denver and a response may be required, Denver denies the same.

196.    Denver denies the allegations contained in paragraph 196 of the Complaint.

## CLAIM 5
### § 1983 Supervisory Liability against Defendants Serrant and Brukbacher for the violation of Plaintiff Packard's Constitutional Rights

197-198.  The allegations in paragraphs 197 through 198 of the Complaint are not directed at Denver, so no response is required from Denver. To the extent the allegations in paragraphs 197 through 198 are directed at Denver and a response may be required, Denver denies the same.

### Allegations Concerning Relief Requested

199-206.  Denver denies that the Plaintiffs are entitled to the relief requested in paragraphs 199 through 206 of the Complaint as to the Defendant Denver. Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 199 through 206 of the Complaint as to the other Defendants, and as a result, denies the same.

### General Denial

207.     In addition to the specific responses asserted above, Denver denies each and every other allegation contained in the Complaint, except to the extent expressly and specifically admitted herein.

### Defenses

1.  The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

2.  Individual officers named as defendants are entitled to qualified immunity.

3.  Plaintiffs' damages, if any, were proximately caused by their own conduct and not by the reason of any unconstitutional conduct by Denver's employees.

4.  Plaintiffs may have failed to mitigate any damages they allegedly sustained as a result of the events described in the Complaint.

5. Plaintiff's damages, if any, are not to the nature and extent alleged.

6. Denver's policies were, at all relevant times, in conformance with established constitution and statutory law with respect to all issues relevant to this action.

7. Denver's training and supervision of its police officers met or exceeded constitutional and statutory standards with respect to all topics relevant to this action.

8. Some or all of the claims attempted by Plaintiffs are duplicative of one another and cannot be the basis for any duplicative recovery.

9. Some or all of Plaintiffs' injuries and damages, if any, were either pre-existing or were not proximately caused by any act or omission of or by Denver.

10. Denver hereby incorporates herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendants in this matter in any Answer or Motion filed by any of the other Defendant with the District Court.

11. Defendants specifically reserve the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

## Jury Demand

Denver demand a trial by jury pursuant to Fed. R.Civ.P. 38.

WHEREFORE, Denver, having fully answered the allegations of Epps Plaintiffs' First Amended Complaint, respectfully requests that the Court dismiss the First Amended Complaint, with prejudice; enter judgment in Denver's favor and against Plaintiffs for attorney fees and costs; and to grant such other and further relief as the Court deems just and proper.

DATED this 2nd day of November , 2021.

Respectfully submitted,


By:  *s/ Hollie S. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
        Robert.huss@denvergov.org
        Lindsay.jordan@denvergov.org
*Attorneys for the City and County of Denver*

and


Andrew D. Ringel, Esq.
Katherine Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Telephone:  (303) 628-3300
Facsimile:  (303) 628-3368
E-mail:  ringela@hallevans.com
        hoffmank@hallevans.com
*Attorneys for the City and County of Denver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November, 2021, the foregoing **CITY AND COUNTY OF DENVER'S ANSWER AND JURY DEMAND TO THE FIRST AMENDED EPPS COMPLAINT [ECF 178]** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans
Peter Ruben Morales
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Aurora Officers Brukbacher, Budaj, McNamee and Serrant in their official capacities*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Rachel Bender
Rebecca Klymkowsky
rbender@jeffco.us
rklymkow@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officers*

*s/ Sarah Peasley*
Denver City Attorney's Office