IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civ. Act. No. 1:20-CV-1878-RBJ
(consolidated with 1:20-CV-01922-RBJ-MEH)

ELISABETH EPPS, et al.

Plaintiffs

v.

CITY AND COUNTY OF DENVER, COLORADO, et al.,

Defendants.
_____

**DEFENDANT DENVER'S RESPONSE TO PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW OF OIM MEMOS PURSUANT TO THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER**
_____

Defendant, City and County of Denver, ("Denver") through its undersigned counsel, hereby respectfully submits this Response to Plaintiffs' Request for *In Camera* Review of OIM Memos Pursuant to the Court's Order Granting Plaintiffs' Motion to Reconsider, as follows:

**INTRODUCTION**

On May 20, 2021, this Court held a telephonic discovery hearing. During the hearing, this Court orally denied Plaintiffs' demand for unredacted interview memos prepared by the Office of the Independent Monitor ("OIM") of the City and County of Denver. [ECF 106]. On July 27, 2021, Plaintiffs filed a Motion to Reconsider Discovery Order. [ECF 135]. Denver filed its Response to Plaintiffs' Motion to Reconsider Discovery Order on August 24, 2021. [ECF 141]. Plaintiffs filed their Reply in Support of their Motion

to Reconsider on September 7, 2021. [ECF 146]. On September 15, 2021, this Court granted the Plaintiffs' Motion to Reconsider, as follows:

> Order granting [135]/[136] Motion for Reconsideration. The Court suggests that defense counsel reexamine the memos to be sure that factual information was not redacted, i.e., that only thoughts and mental impressions from the interviews were redacted. If counsel has done so, and represents that the memos have been reexamined and that the redactions have been revised, if necessary; and if plaintiffs' counsel essentially does not trust their representations; then defendant may submit the memos for in camera inspection.

[ECF 150].

On October 1, 2021, after spending considerable time and effort again reviewing all the redactions in the OIM Memos based on this Court's Order, Denver provided counsel for the Plaintiffs the OIM Memos with revised redactions. Denver explained its process as follows:

> On May 10, 2021, Defendant City and County of Denver ("Denver") served its Fifth Privilege Log. Included in the Fifth Privilege Log were the privilege designations for the Confidential Memos created by the Office of the Independent Monitor ("OIM") and ("OIM Memos"). On September 15, 2021, the District Court issued an Order granting the Plaintiffs' Motion to Reconsider Discovery Order directing counsel for Denver to reexamine the OIM Memos "to be sure that factual information was not redacted, i.e., that only thoughts and mental impressions from the interviews were redacted." [ECF 150].
>
> In compliance with the District Court's Order, counsel for Denver reexamined the OIM Memos. Revised OIM Memos are being produced along with this Amended Fifth Privilege Log. The Amended Fifth Privilege Log contains the assertions of privilege made by Denver based on the revised redactions. For purposes of clarity and tracking, new bates numbers have been included on the newly produced OIM Memos. The same bates numbers that were previously used are again being used with a new designation "R" on the new OIM Memos. This will allow comparison between the previously produced redacted OIM Memos and the newly produced redacted OIM Memos.

## EXPLANATION OF REVISED REDACTIONS

Denver has previously articulated its position concerning the applicability of the deliberative process privilege to the OIM Memos during the discovery hearing before the United States District Court and the Defendants' Response to Plaintiffs' Motion to Reconsider Discovery Order. [ECF 141]. Denver maintains the deliberative process privilege was appropriately asserted and the redactions made to the OIM Memos were also appropriate. Denver provides the revised redactions to the OIM Memos not because it believes the earlier redactions were inappropriate, but to comply with counsel's understanding of both the letter and spirit of the District Court's Order. Specifically, many of the redactions made in the OIM Memos originally concerned factual information inextricably intertwined with opinion, recommendation and deliberation information. Redactions on that basis are consistent with the deliberative process privilege. **City of Colorado Springs v. White,** 967 P.2d 1042 1051 (Colo. 1998); **EPA v. Mink,** 410 U.S. 73, 89 (1973); **In re Sealed Case,** 121 F.3d 729, 737 (D.C. Cir. 1997); **Wolfe v. Dept. of Health & Human Servs.,** 839 F.2d 768, 773 (D.C. Cir. 1997).

In re-reviewing the redactions made to the OIM Memos, counsel for Denver approached the task by attempt[ting to provide the factual information contained in the OIM Memos and eliminated redactions even when there was some opinion, recommendation and deliberation information contained in the same sentence or paragraph as the factual information. When the opinion and factual information could not be separated an remained intertwined, so long as the factual information was the primary component of the inexplicably intertwined information, counsel for Denver eliminated the redaction. Counsel for Denver spent considerable time and effort in making the revised redactions to the OIM Memos having taken the directions contained in the District Court's Order seriously in an effort to provide factual information on an unredacted basis but still maintaining Denver's deliberative process privilege for the opinion, recommendation, and deliberation information contained in the OIM Memos.

Denver's assertion of the deliberate process privilege for the particular redactions in each of the OIM Memos must be understood in the above context and explanation of the revised redactions.

[*See* City and County of Denver's Amended Fifth Privilege Log, at 1-3, Exh. A].

## ARGUMENT

On October 15, 2021, Plaintiffs filed their Request for *In Camera* Review of OIM Memos Pursuant to the Court's Order Granting Plaintiffs' Motion to Reconsider ("Plaintiffs' Request") [ECF 176]. Denver now respectfully submits this Response to Plaintiffs' Request.

First, Denver does not believe counsel for the Plaintiffs engaged in any meaningful conferral concerning the request for *in camera* review prior to submitting the Plaintiffs' Request. The only conferral that occurred was an email sent by Tim McDonald, Esq. on October 14, 2021, to which the undersigned counsel responded indicating he was working on the issue and would respond as soon as possible. [*See* Emails, October 14, 2021, Exh. B]. Counsel for Denver believes it was incumbent on counsel for the Plaintiffs to discuss Denver's redactions with counsel for Denver prior to filing Plaintiff's Request. Plaintiffs never did so.[1]

Second, Plaintiffs criticize Denver's revised redactions of certain OIM Memos but fail to provide this Court with the appropriate context of the previously redacted versions of those same OIM Memos. Any meaningful review of Denver's re-redacted OIM Memos must be undertaken by comparing the earlier redacted OIM Memos with the new versions

---

[1] Both the conferral emails and Plaintiffs' Request suggest Plaintiffs question Denver's Confidentiality designations for the OIM Memos. [*See* Plaintiffs' Request, at 2 n. 1]. In reality, however, upon further conferral on the issue, Plaintiffs have indicated they do not intend to seek to have the Confidentiality designations for the OIM Memos removed at this time. [*See* Ringel Letter, 10/19/21, Exh. C; Wang Letter, 10/21/21, Exh. D]. Denver has agreed to the Plaintiffs' proposal to file a Motion to file publicly redacted versions of filings before this Court. [*See* Hoffman Email, 10/22/21, Exh. E]. Counsel for the Plaintiffs have not yet provided those redacted versions of the filings for counsel for Denver's review to date.

4

of the redacted OIM Memos. Plaintiffs provided this Court with the new versions of the redacted OIM Memos as Exhibits A-U to Plaintiff's Request. Denver hereby provides the 23 OIM Memos as previously redacted for this Court's review. [*See* OIM Memos as Previously Redacted, Exh. F]. Denver believes it is critical for this Court to review both sets of redacted OIM Memos with the manner in which counsel for Denver approached the task as explained in detail in the Amended Fifth Privilege Log quoted above.

Third, Denver is not using the deliberative process privilege as both a sword and a shield. [ECF 176, at 5-9]. Initially, as Denver has previously articulated in the briefing before this Court, it is Denver's position neither the OIM Memos nor the OIM Report constitute relevant evidence to any of the Plaintiffs' claims. [ECF 141, at 12-14]. Denver will not repeat its relevance argument here, but it defies logic to suggest Denver intends to use the OIM Memos as a sword based on this litigation position. Denver, of course, reserves the right to use the OIM Memos should this Court disagree with Denver's relevance objection, but such a reservation of rights does not constitute an improper effort by Denver to use the deliberative process privilege as both a sword and a shield. Moreover, counsel for Denver reviewed and revised redactions to the OIM Memos based on the methodology outlined above and did not make differentiations based on whether the content of the OIM Memos was favorable or unfavorable to Denver.

Fourth, Plaintiffs accuse Denver of misunderstanding and misapplying the deliberative process privilege. [ECF 176, at 9-13]. Denver has previously articulated its position concerning the deliberative process privilege both orally before this Court and its prior submissions to this Court concerning the issue. Denver refers this Court to its comprehensive discussion of the deliberative process privilege in its Response to

5

Plaintiffs' Motion to Reconsider Discovery Order. [ECF 141, at 4-6]. As before, Plaintiffs again inappropriately attempt to narrow the scope of the deliberative process privilege, an argument also already previously addressed by Denver. [ECF 141, at 7-8]. Denver's position concerning the deliberative-process privilege and its applicability to the OIM Memos is appropriately summarized in the following terms:

> Thus, the deliberative process privilege applies to the subjective, personal opinions of the interviewees on the issues underlying the OIM Report. It also applies to recommendations made to OIM by the interviewees. Plaintiffs' contention opinion information learned from the Chief of Police, the Deputy Chief of Police, the Division Chief of Police, the Incident Commander who oversaw the protest response, and other command officers of DPD did not form the basis of OIM's recommendations in its report is wrong. Ultimately, for OIM to create its report and recommendations it needed the ability to discuss with DPD decision-makers their candid and frank assessments of what occurred during the protests. Such communications, as reflected in the OIM Memos, are protected by the deliberative process privilege.

[ECF 141, at 8]. Indeed, this Court's own formulation in its Order granting Plaintiffs' Motion for Reconsideration differentiates between factual information and thoughts and mental impressions and does not adopt the Plaintiffs' strained and cabined reading of the deliberative process privilege. [ECF 150 ("The Court suggests that defense counsel reexamine the memos to be sure that factual information was not redacted, i.e., that only thoughts and mental impressions from the interviews were redacted."). Counsel for Denver re-examined and revised the redactions to the OIM Memos based on the approach discussed above based on the clear applicability of the deliberative process privilege to the OIM Memos. [ECF 141, at 9-11].

Fifth, Denver respectfully suggests Plaintiffs have not met their burden of demonstrating this Court needs to engage in the substantial time and energy required for

6

*in camera* review of the OIM Memos. ***Krenning v. Hunter Health Clinic,*** 166 F.R.D. 33, 35 (D. Kan. 1996). However, if this Court is inclined to review the OIM Memos on an *in camera* basis, Denver respectfully requests this Court review the following: (1) the original redacted OIM Memos provided with this Response as Exhibit F; (2) the re-redacted OIM Memos provided with the Plaintiffs' Request as Exhibits A-U; and (3) the unredacted OIM Memos to be provided by Denver to this Court in a manner directed by this Court.[2] Denver maintains the deliberative process privilege applies to the OIM Memos. Denver believes this Court understands the importance of the deliberative process privilege to Denver for the OIM Memos and will conduct its review in a comprehensive manner with Denver's position in mind. Denver maintains it would be significantly detrimental to Denver and the overall operations of the OIM in the future if the deliberative process privilege is not appropriately respected by this Court.

In the event this Court conducts an *in camera* review of the OIM Memos, counsel for Denver stands ready and able to provide this Court with any additional explanation about the particular redactions made to any of the individual OIM Memos. As this Court understands, the process by which the revised redactions were made was extremely time consuming and counsel for Denver has explained the basis of the redactions in the Amended Fifth Privilege Log provided to this Court, but can provide any further explanation if this Court has any questions. Finally, as noted in the Amended Fifth

---

[2] Counsel for Denver will provide the unredacted OIM Memos to this Court as directed. For example, they can be delivered to this Court's Chambers or submitted via electronic mail.

Privilege Log, and ignored by the Plaintiffs in the Plaintiffs' Request, Denver also redacted information on the basis of the law enforcement privilege from the OIM Memos.

## CONCLUSION

In conclusion, Defendant the City and County of Denver respectfully submits the foregoing Response to Plaintiffs' Request for *In Camera* Review of OIM Memos Pursuant to the Court's Order Granting Plaintiffs' Motion to Reconsider.

Dated this 5th day of November, 2021.

Respectfully submitted,

*s/ Andrew D. Ringel*                                .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3300; Fax:  303-628-3368
ringela@hallevans.com
hoffmank@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org

**ATTORNEYS FOR DENVER DEFENDANTS**

## **CERTIFICATE OF SERVICE (CM/ECF)**

     I HEREBY CERTIFY that on this 5th day of November 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF which will send notification of such filing to all parties of record:

                        *s/Nicole Marion*, Legal Assistant to
                        Andrew D. Ringel, Esq.
                        Katherine N. Hoffman, Esq.
                        of Hall & Evans, L.L.C.
                        1001 17th Street, Suite 300
                        Denver, CO 80202
                        Phone:  303-628-3300
                        Fax:  303-628-3368
                        ringela@hallevans.com
                        hoffmank@hallevans.com

                        **ATTORNEYS FOR DENVER DEFENDANTS**