IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civ. Act. No. 1:20-CV-1878-RBJ
(consolidated with 1:20-CV-01922-RBJ-MEH)

ELISABETH EPPS, et al.

Plaintiffs

    v.

CITY AND COUNTY OF DENVER, COLORADO, et al.,

Defendants.

_____

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE REPLY IN SUPPORT OF MOTION TO PRECLUDE FORMER INDEPENDENT MONITOR NICHOLAS E. MITCHELL AS A WITNESS FOR PLAINTIFFS AND OFFICE OF INDEPENDENT MONITOR INTERVIEW MEMOS AS EVIDENCE**

_____

Defendant, City and County of Denver, ("Denver") through its undersigned counsel, hereby respectfully submits this Motion for Extension of Time to File Reply in Support of Motion to Preclude Former Independent Monitor Nicholas E. Mitchell, as follows:

    1.    <u>Certificate of Conferral</u>:  Pursuant to D.C.Colo.LCiv.R. 7.1(a), prior to filing the instant Motion, the undersigned counsel for Denver conferred with counsel for the Plaintiffs.  Counsel for the Fitouri Plaintiffs, Elizabeth Wang, Esq. indicated the Fitouri Plaintiffs oppose this Motion.  Counsel for the Epps Plaintiffs, Patrick Reidy, Esq., indicated the Epps Plaintiffs oppose this Motion.  Neither provided any reason for their opposition.

    2.    Denver filed its Motion to Preclude Former Independent Monitor Nicholas E. Mitchell as a Witness for Plaintiffs and Office of Independent Monitor Interview Memos as Evidence on October 6, 2021.  [ECF 169].  Plaintiffs filed their Response to

Defendant's Motion to Preclude Former Independent Monitor Nicholas E. Mitchell as a Witness and OIM Interview Memos as Evidence on October 27, 2021. [ECF 199]. Accordingly, the Defendant's Reply is due on November 10, 2021. Denver respectfully requests an extension of five (5) days (including only two (2) business days when this Court is open) until November 15, 2021, to file its Reply in Support of Motion to Preclude Former Independent Monitor Nicholas E. Mitchell as a Witness for Plaintiffs and Office of Independent Monitor Interview Memos as Evidence.

3. The undersigned counsel has the responsibility for drafting Denver's Reply. The undersigned counsel participated in the deposition of Mr. Mitchell, and researched and drafted Denver's Motion and has therefore been assigned to research and draft the Reply. Given the undersigned counsel's familiarity with the legal and factual issues raised in the Motion and the Response it does not make any sense for any other counsel for Denver to draft the Reply.

4. Since the Plaintiffs filed their Response on October 27, 2021, the undersigned counsel has had the following additional matters to work on that have required the undersigned counsel's attention and not allowed the undersigned counsel to complete work on the Reply: (1) a deposition all day on October 28, 2021; (2) an all-day mediation on October 29, 2021, resulting in the resolution of the matter after further settlement discussions the following week and the preparation of settlement documents; (3) a Motion for Summary Judgment in James Delaney v. William Romero, Civil Actioin No. 20-cv-02964-CMA-NRN, United States District Court for the District of Colorado; (4) portions of a jointly filed Appellant's Reply Brief filed with the United States Court of Appeals for the Tenth Circuit in Lawrence Rubin Montoya v. Detective Martin Vigil et. al.,

Case No. 21-1107, filed on November 1, 2021; (5) an Opening Brief filed with the United States Court of Appeals for the Tenth Circuit in <u>Michaela Lynn Surat v. Randall Klamser and City of Fort Collins, Colorado,</u> Case No. 21-1284, filed on November 5, 2021; (6) Defendant Denver's Response to Plaintiffs' Request for *In Camera* Review of OIM Memos Pursuant to the Court's Order Granting Plaintiffs' Motion to Reconsider filed in this matter on November 5, 2021 [ECF 205]; (7) a Confidential Settlement Statement submitted on November 5, 2021, for a mediation set for November 11, 2021; (8) responses to written discovery in several matters; and (9) the daily requirements of a busy law practice to respond to issues on all of the different matters the undersigned counsel is working on or supervising.

5. Plaintiffs will not be prejudiced by the requested five-day extension of time despite the Plaintiffs' objection to this Motion. The relief requested in Denver's Motion does not require resolution by this Court until a decision concerning the evidence that may be used by the Plaintiffs needs to be made by this Court. The earliest time frame such a decision for this Court would occur is when this Court considers any motions for summary judgment by the parties but more likely the issue is an issue to be determined by this Court on a pretrial basis.

6. In contrast, Denver will be prejudiced if the undersigned counsel does not have sufficient time and opportunity to thoroughly brief the important issues raised by Denver's Motion to this Court in a Reply Brief. Denver's Motion raises important issues for Denver and this Court deserves a thorough and complete briefing of the issues raised in Denver's Motion and the Plaintiffs' Response in Denver's Reply before this Court makes its decision on Denver's Motion.

7. Finally, a five-day extension of time for Denver's Reply simply will not delay this Court's consideration of Denver's Motion. Given this Court's busy docket the likelihood such a delay will make a material difference in when this Court will be able to give its attention to Denver's Motion.

8. Pursuant to D.C.Colo.LCiv.R. 6.1(c), the undersigned counsel has served his client representative with a copy of this Motion as reflected in the accompanying Certificate of Service.

WHEREFORE, for all the foregoing reasons, Defendant the City and County of Denver respectfully requests an extension of five (5) days until and including November 15, 2021, to file its Reply in Support of Motion to Preclude Former Independent Monitor Nicholas E. Mitchell, and for all other and further relief as this Court deems just and appropriate.

Dated this 10th day of November, 2021.

Respectfully submitted,

*s/ Andrew D. Ringel*                                  .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3300; Fax:  303-628-3368
ringela@hallevans.com
hoffmank@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org

**ATTORNEYS FOR DENVER DEFENDANTS**

5

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 10th day of November 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF which will send notification of such filing to all parties of record:

and served a copy of the foregoing on the Mary Dulacki via email on behalf of the City and County of Denver.

*s/Nicole Marion*, Legal Assistant to
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone:  303-628-3300
Fax:  303-628-3368
ringela@hallevans.com
hoffmank@hallevans.com

**ATTORNEYS FOR DENVER DEFENDANTS**

6