IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-1878-RBJ
(consolidated with 20-CV-01922-RBJ-MEH)

ELISABETH EPPS, et al.

      Plaintiffs

      v.

CITY AND COUNTY OF DENVER, COLORADO, et al.,

      Defendants.
_____

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO PRECLUDE**
_____

Defendant, City and County of Denver, ("Denver") through its undersigned counsel, respectfully submits this Reply in Support of its Motion for Preclude ("Motion"):[1]

1. Plaintiffs attempt to avoid the clear language of Mr. Mitchell's deposition testimony. Mr. Mitchell testified regarding Plaintiffs' *ex parte* communications with him concerning the deliberative process privilege, Denver's assertion of it respecting the OIM Memos, Denver's redactions, and the discovery dispute before this Court. Plaintiffs attempt to avoid Mr. Mitchell's testimony by casting aspersions on counsel for Denver, attempting to argue the ethics rules are inapplicable based on an extremely narrow reading, and unconvincingly suggesting Mr. Mitchell's deposition testimony does not clearly demonstrate the nature of the *ex parte* discussions with counsel for Plaintiffs.

2. First, Plaintiffs argue Denver attempts to distract from the issue of the propriety of the OIM Memos redactions. Nonsense. Denver steadfastly maintains its

---

[1] Due to this Court's page limitations for Replies, Denver does not address all the arguments in Plaintiffs' Response. However, Denver concedes no unaddressed argument.

redactions are appropriate. Denver raises the distinct issue of the propriety of the *ex parte* communications with Mr. Mitchell. Plaintiffs mischaracterize the Motion's footnote 1. [Response, 14]. The footnote never suggests the Motion obviates this Court's need potentially to address the deliberative-process privilege issues. Instead, the footnote states the Motion may obviate addressing whether Mr. Mitchell has any relevant and admissible testimony and whether the OIM Memos constitute relevant and admissible evidence. Denver maintains he does not and they are not. [Motion, 2 n. 1].

      3.      Second, relying on their Declarations, Plaintiffs argue their multiple *ex parte* communications with Mr. Mitchell did not discuss information protected by the deliberative-process privilege. Plaintiffs argue so long as counsel did not show Mr. Mitchell the redacted OIM Memos and specifically ask him what was under Denver's redactions, Denver's deliberative-process privilege is not implicated. This is incorrect. Discussing the deliberative-process privilege asserted by Denver respecting the OIM Memos generally with Mr. Mitchell was for the purpose of eroding the privilege. Plaintiffs' counsels' inquiry to Mr. Mitchell generally about the content of the memos which Denver applied privilege to cannot be considered appropriate compliance with the ethical rules even if Mr. Mitchell was not asked specific content related questions. The spirit of Rule 4.2 means counsel should not have discussed the privilege with Mr. Mitchell at all. [Motion, 9]. Mr. Mitchell's deposition testimony demonstrates *ex parte* communications occurred concerning Denver's assertion of the deliberative-process privilege on the OIM Memos, the privilege generally, counsel for the Plaintiffs' objection to the privilege's assertion and the scope of its assertion, and the discovery dispute before this Court. [Motion, 2-5]. These *ex parte* communications were improper under the applicable ethical

2

rules, which must be read to preclude any communication about privilege, or Denver's privilege cannot be appropriately protected.

4. Third, Plaintiffs narrowly read Colo. RPC Rule 4.2 as encompassing only the attorney-client privilege. However, the plain language of Comment [7] belies this argument: "In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization." Colo. RPC, Rule 4.2, Comment [7]. The Comment does not limit Rule 4.2 to only the attorney-client privilege. Any organization's "legal rights" are broader. At a minimum, Comment [7] contemplates there should not be any communications with a former constituent concerning any privilege. This interpretation is logical because all privileges belong to the organization, not the former constituent, and protecting the organization's privileges requires opposing attorneys not communicating with former constituents about privileges. Such a rule must be enforced for any applicable privilege not just the attorney-client privilege. Under both federal and Colorado law, there is no hierarchy of privileges elevating the attorney-client privilege above others. The exact same danger of invading an organization's privilege through *ex parte* communications exists no matter what privilege is implicated.

5. Fourth, Plaintiffs suggest sanctions are inappropriate because it is not clear Rule 4.2 applies to the deliberative-process privilege. However, the "legal rights" language in Comment [7] is unambiguous and nothing in Rule 4.2 or any precedent cited by Plaintiffs serves to limit its scope to the attorney-client privilege alone. The clear lesson of Comment [7] is to avoid any discussion of privileges or privileged material. Plaintiffs failed to do so and violated Rule 4.2 making sanctions appropriate.

6. Fifth, Plaintiffs mischaracterize Denver's argument suggesting Denver asserts former government officials should be more restricted than private former constituents. [Response, 8]. Denver actually argued a former high-level government official like Mr. Mitchell may warrant a different rule, but noted this Court need not address the issue. [Motion, at 7 & n. 2]. Plaintiffs never disclaim a future effort to argue Mr. Mitchell is a final policymaker or his statements constitute admissions against interest. Plaintiffs' silence suggests their actual intent on these issues and this intent underscores the impropriety of the *ex parte* communications.

7. Sixth, Plaintiffs argue the merits of Denver's OIM Memos redactions. Denver has addressed both the scope of the deliberative-process privilege and its redactions elsewhere and need not repeat its arguments here. [ECF 146 & 205]. Denver disagrees with Plaintiffs' narrow reading of the deliberative-process privilege.

8. Seventh, Plaintiffs rely on Judge Kane's decision in **Johnson v. Cadillac Plastic Group, Inc.,** 930 F.Supp. 1437, 1442 (D. Colo. 1996), to suggest Denver's remedy of precluding Mr. Mitchell's testimony and the OIM Memos into evidence is inappropriate. [Response, 13]. Plaintiffs ignore the fact prior counsel in **Johnson** was accused of the ethical violation not the current attorneys. *Id.* In addition to this difference, Judge Kane found no ethical violation so the discussion of the applicable remedy is dicta. Denver maintains the appropriate sanction for the misconduct is the exclusion of the evidence at issue. However, if Plaintiffs prefer the traditional sanction of disqualification of counsel such a sanction is within this Court's authority. [Motion, 9-11].[2]

---

[2] Plaintiffs' suggestion "this Court expressly rejected and criticized attempts to obtain such relief" is illusory. *See, e.g.,* **Camreta v. Greene,** 563 U.S. 692, 709 n. 7 (2011)

9.      Finally, Plaintiffs repeatedly accuse Denver of filing its Motion tactically because of Plaintiffs' characterizations of the unredacted OIM Memos as damaging to Denver. Plaintiffs are wrong in both their unfounded accusation and their description of the OIM Memos. The OIM Memos simply do not address the actual, central issues of this litigation—which is whether each individual Plaintiffs' constitutional rights were violated.

Dated this 15th day of November, 2021.

Respectfully submitted,

| | |
|---|---|
| *s/ Andrew D. Ringel* . | *s/ Hollie R. Birkholz, Esq.* . |
| Andrew D. Ringel, Esq. | Hollie R. Birkholz, Esq. |
| Katherine N. Hoffman, Esq. | Robert Huss, Esq. |
| of Hall & Evans, L.L.C. | Lindsay M. Jordan, Esq. |
| 1001 17th Street, Suite 300 | Denver City Attorney's Office |
| Denver, CO 80202 | Litigation Section |
| Phone: 303-628-3300 | 201 W. Colfax Ave., Dept. 1108 |
| Fax: 303-628-3368 | Denver, Colorado 80202 |
| ringela@hallevans.com | Phone: 720-913-3100 |
| hoffmank@hallevans.com | Fax: 720-913-3155 |
| | hollie.birkholz@denvergov.org |
| | robert.huss@denvergov.org |
| | lindsay.jordan@denvergov.org |

**ATTORNEYS FOR DENVER DEFENDANTS**

---

("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."; quoting 18 J. Moore et. al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011)).

5

### CERTIFICATE OF SERVICE (CM/ECF)

     I HEREBY CERTIFY that on this 15th day of November 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF which will send notification of such filing to all parties of record:

                         *s/Nicole Marion*, Legal Assistant to
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3300
Fax: 303-628-3368
ringela@hallevans.com
hoffmank@hallevans.com

**ATTORNEYS FOR DENVER DEFENDANTS**