**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

SARA FITOURI, et al.,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et al.

      Defendants.

---

**CITY OF AURORA'S ANSWER TO FITOURI PLAINTIFFS' SECOND AMENDED
CLASS ACTION COMPLAINT AND JURY DEMAND**

---

      Defendants City of Aurora and Officer Cory Budaj ("Aurora Defendants"), by and through their counsel of record, hereby submit the following Answer to the Fitouri Plaintiffs' Second Amended Class Action Complaint and Jury Demand ("Complaint") [ECF 153].

**<u>ANSWER TO INTRODUCTION</u>**

      1.      As to the allegations contained in Paragraph 1 of the Complaint, Aurora Defendants admit that protests took place following the death of George Floyd. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 1.

      2.      As to the allegations contained in Paragraph 2 of the Complaint, Aurora Defendants admit that they provided assistance to the City and County of Denver under a request

for mutual aid. Aurora Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Aurora Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Aurora Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Aurora Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Aurora Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8.      Aurora Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.      Aurora Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.      Aurora Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny the same.

## ANSWER TO JURISDICTION

13.     Aurora Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Aurora Defendants admit the allegations contained in Paragraph 14 of the Complaint.

## ANSWER TO PARTIES

15.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny the same.

16.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny the same.

17.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny the same.

22.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny the same.

23.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny the same.

24.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

25.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

26.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny the same.

27.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny the same.

28.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny the same.

29.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny the same.

30.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny the same.

31.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny the same.

35.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny the same.

36.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny the same.

37.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

38.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny the same.

39.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny the same.

41.     As to the allegations contained in Paragraph 41 of the Complaint, Aurora Defendants admit that the City of Aurora provided mutual aid to the City and County of Denver. As to the remaining allegations contained in Paragraph 41 of the complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

42.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny the same.

43.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny the same.

44.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny the same.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     As to the allegations contained in Paragraph 46, Aurora Defendants admit that the City of Aurora is a Colorado municipal corporation and that the Aurora Police Department is a

City agency. Aurora Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Aurora Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny the same.

49.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny the same.

50.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny the same.

51.     Paragraph 51 of the Complaint does not contain allegations to which a response is required. To the extent that a response is required, Aurora Defendants admit the allegations contained in Paragraph 51.

52.     Aurora Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny the same.

55.    Aurora Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.    The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore deny the same.

57.    The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

## ANSWER TO FACTUAL BACKGROUND

58.    As to the allegations contained in Paragraph 58 of the Complaint, Aurora Defendants admit that George Floyd was killed on May 25, 2020 in Minneapolis. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation and deny the remaining allegations contained in Paragraph 58 of the Complaint.

59.    The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore deny the same.

60.    As to the allegations contained in Paragraph 60 of the Complaint, Aurora Defendants admit that COVID-19 was present and transmissible at the time of these alleged incidents and that public health officials advised individuals to maintain social distancing.

Aurora Defendants deny that these allegations are relevant or admissible in the present litigation and deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and therefore deny the same.

62.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore deny the same.

63.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore deny the same.

64.     Aurora Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Aurora Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Aurora Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Aurora Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68.     Aurora Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Aurora Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Aurora Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71.     As to the allegations contained in Paragraph 71 of the Complaint, Aurora Defendants admit that certain Aurora officers are certified in the use of 40mm launchers to deploy KIPs. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71 of the Complaint and therefore deny the same.

72.     Aurora Defendants admit that KIPs can travel at a high rate of speed when fired. Aurora Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73.     Aurora Defendants admit that KIPs can cause contusions in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Aurora Defendants admit that KIPs can cause more serious injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

75.     Aurora Defendants admit the allegations contained in Paragraph 75 of the Complaint.

76.     Aurora Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Aurora Defendants admit that certain Aurora officers wore protective gear during portions of the incidents alleged in the Complaint. Aurora Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Complaint and therefore deny the same.

78.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint and therefore deny the same.

79.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore deny the same.

80.     As to the allegations contained in Paragraph 80 of the Complaint, Aurora Defendants admit that flashbang devices make a noise and/or flash of light. Aurora Defendants deny the remaining allegations contained in Paragraph 80 of the Complaint.

81.     Aurora Defendants admit that flashbang devices can cause injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Aurora Defendants admit that stinger or rubber ball projectiles can cause pain or injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and therefore deny the same.

84.     Aurora Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Aurora Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint and therefore deny the same.

87.     Aurora Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     Aurora Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Aurora Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore deny the same.

91.     Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore deny the same.

92.     Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore deny the same.

93.     Aurora Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Aurora Defendants deny the allegations contained in Paragraph 94 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 of the Complaint and therefore deny the same.

95.     Aurora Defendants deny the allegations contained in Paragraph 95 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 of the Complaint and therefore deny the same.

96.     Aurora Defendants deny the allegations contained in Paragraph 96 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the Complaint and therefore deny the same.

97.     Aurora Defendants admit that the City and County of Denver imposed an 8pm curfew for the City. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 of the Complaint and therefore deny the same.

98.     Paragraph 98 of the Complaint contains legal conclusions to which no response is required and is not directed to Aurora Defendants. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint and therefore deny the same.

100.    The allegations contained in Paragraph 100 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 of the Complaint and therefore deny the same.

101.    The allegations contained in Paragraph 101 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 of the Complaint and therefore deny the same.

102.    The allegations contained in Paragraph 102 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 of the Complaint and therefore deny the same.

103.    The allegations contained in Paragraph 103 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 of the Complaint and therefore deny the same.

104.    The allegations contained in Paragraph 104 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora

Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 of the Complaint and therefore deny the same.

## Answer to Factual Allegations Relating to Plaintiffs

### Answer to Plaintiffs Sara Fitouri, Jacquelyn Parkins, and Joe Deras

105.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore deny the same.

## Answer to May 28, 2020

106.    The allegations contained in Paragraphs 106 through 116 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 28, 2020 at the location of the incidents alleged in Paragraphs 106 through 116 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 106 through 116. Aurora Defendants therefore deny the same.

## Answer to May 29, 2020

107.    The allegations contained in Paragraphs 117 through 133 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 29, 2020 at the location of the incidents alleged in Paragraphs 117 through 133 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 117 through 133. Aurora Defendants therefore deny the same.

**Answer to May 30, 2020**

108.    The allegations contained in Paragraph 134 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 134 and Aurora Defendants therefore deny the same.

109.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 135 and Aurora Defendants therefore deny the same.

110.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 136 and Aurora Defendants therefore deny the same.

111.    As to the allegations contained in Paragraph 137, Aurora Defendants admit that Aurora officers provided mutual aid to the City and County of Denver, which included participation in skirmish lines at various times and locations. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 137 of the Complaint and therefore deny the same.

112.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 138 and Aurora Defendants therefore deny the same.

113.    As to the allegations contained in Paragraph 139, Aurora Defendants admit that Aurora officers provided mutual aid to the City and County of Denver, which included participation in skirmish lines at various times and locations. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 139 of the Complaint and therefore deny the same.

114.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 140 and Aurora Defendants therefore deny the same.

115.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 141 and Aurora Defendants therefore deny the same.

116.     Aurora Defendants admit the allegations contained in Paragraph 142 of the Complaint.

117.     Aurora Defendants admit the allegations contained in Paragraph 143 of the Complaint.

118.     As to the allegations contained in Paragraph 144 of the Complaint, Aurora Defendants admit that Aurora officers acted pursuant to the mutual aid request from the City and County of Denver. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 144 and Aurora Defendants therefore deny the same.

119.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 145 and Aurora Defendants therefore deny the same.

120.     Aurora Defendants deny the allegations contained in Paragraph 146 of the Complaint.

121.     As to the allegations contained in Paragraph 147 of the Complaint, Aurora Defendants admit that some members of the crowd at various times may have chanted, held signs, or kneeled, but deny that the crowd was peaceful. Aurora Defendants deny the remaining allegations contained in Paragraph 147 of the Complaint.

122.    The allegations contained in Paragraphs 148 through 154 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 148 through 154 and Aurora Defendants therefore deny the same.

123.    As to the allegations contained in Paragraph 155, Aurora Defendants admit that Aurora officers acted pursuant to the mutual aid request from the City and County of Denver. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 155 and Aurora Defendants therefore deny the same.

124.    The allegations contained in Paragraphs 156 through 160 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 156 through 160 and Aurora Defendants therefore deny the same.

125.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 161 and Aurora Defendants therefore deny the same.

126.    The allegations contained in Paragraphs 162 through 166 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 162 through 166 and Aurora Defendants therefore deny the same.

127.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 167 and Aurora Defendants therefore deny the same.

128.    The allegations contained in Paragraphs 168 through 169 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required,

Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 168 through 169 and Aurora Defendants therefore deny the same.

129.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 170 and Aurora Defendants therefore deny the same.

130.    The allegations contained in Paragraphs 171 through 174 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 171 through 174 and Aurora Defendants therefore deny the same.

**Answer to May 31, 2020**

131.    The allegations contained in Paragraphs 175 through 195 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 175 through 195 and Aurora Defendants therefore deny the same.

132.    As to the allegations contained in Paragraph 196, Aurora Defendants admit that Aurora officers acted pursuant to the mutual aid request from the City and County of Denver and were present at the location between Logan and Pennsylvania on Colfax. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 196 and Aurora Defendants therefore deny the same.

133.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 197 and Aurora Defendants therefore deny the same.

134.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 198 and Aurora Defendants therefore deny the same.

135.    As to the allegations contained in Paragraph 199 of the Complaint, Aurora Defendants deny the allegations as they relate to Aurora officers. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 199 and Aurora Defendants therefore deny the same.

136.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 200 and Aurora Defendants therefore deny the same.

137.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 201 and Aurora Defendants therefore deny the same.

138.    The allegations contained in Paragraphs 202 through 203 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 202 through 203 and Aurora Defendants therefore deny the same.

139.    As to the allegations contained in Paragraph 204 of the Complaint, Aurora Defendants admit that Defendant Budaj deployed a cannister of gas at approximately 9:41pm. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 204 and Aurora Defendants therefore deny the same.

140.    Aurora Defendants deny the allegations contained in Paragraph 205 of the Complaint.

141.    Aurora Defendants admit the allegations contained in Paragraph 206 of the Complaint.

142.    The allegations contained in Paragraphs 207 through 208 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required,

Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 207 through 208 and Aurora Defendants therefore deny the same.

143.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 209 and Aurora Defendants therefore deny the same.

**Answer to Plaintiff Claire Sannier**

144.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 210 and Aurora Defendants therefore deny the same.

**Answer to May 28, 2020**

145.     The allegations contained in Paragraphs 211 through 212 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 28, 2020 at the location of the incidents alleged in Paragraphs 211 through 212 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 211 through 212. Aurora Defendants therefore deny the same.

**Answer to May 29, 2020**

146.     The allegations contained in Paragraphs 213 through 217 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 29, 2020 at the location of the incidents alleged in Paragraphs 213 through 217 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 213 through 217. Aurora Defendants therefore deny the same.

**Answer to May 30, 2020**

147.     The allegations contained in Paragraphs 218 through 230 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 218 through 230. Aurora Defendants therefore deny the same.

### Answer to May 31, 2020

148.     The allegations contained in Paragraphs 231 through 238 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 231 through 238. Aurora Defendants therefore deny the same.

### Answer to June 1, 2020

149.     The allegations contained in Paragraphs 239 through 260 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 239 through 260. Aurora Defendants therefore deny the same.

### Answer to Plaintiff Kelsey Taylor

150.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 261. Aurora Defendants therefore deny the same.

### Answer to May 28, 2020

151.     The allegations contained in Paragraphs 262 through 268 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 28, 2020 at the location of the incidents alleged in Paragraphs 262 through 268 and therefore lack sufficient knowledge to form a belief as to the

truth of the allegations contained in Paragraphs 262 through 268. Aurora Defendants therefore deny the same.

### Answer to May 30, 2020

152.    The allegations contained in Paragraphs 269 through 283 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 269 through 283. Aurora Defendants therefore deny the same.

### Answer to Plaintiff Youssef Amghar

153.    The allegations contained in Paragraphs 284 through 304 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 284 through 304. Aurora Defendants therefore deny the same.

### Answer to Plaintiff Johnathen "De La Vaca" Duran

154.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 305 and therefore deny the same.

### Answer to May 30, 2020

155.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 306 and therefore deny the same.

156.    The allegations contained in Paragraphs 307 through 316 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 307 through 316. Aurora Defendants therefore deny the same.

**Answer to May 31, 2020**

157.    The allegations contained in Paragraphs 317 through 328 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 317 through 328. Aurora Defendants therefore deny the same.

158.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 329 through 344 and therefore deny the same.

## ANSWER TO CLASS ALLEGATIONS

159.    The allegations contained in Paragraphs 345 through 351 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 345 through 351. Aurora Defendants therefore deny the same.

## ANSWER TO NUMEROSITY

160.    The allegations contained in Paragraph 352 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 352. Aurora Defendants therefore deny the same.

## ANSWER TO COMMON ISSUES OF FACT OR LAW

161.    The allegations contained in Paragraphs 353 through 354 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 353 through 354. Aurora Defendants therefore deny the same.

## ANSWER TO TYPICALITY

162.    The allegations contained in Paragraphs 355 through 357 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 355 through 357. Aurora Defendants therefore deny the same.

## ANSWER TO ADEQUATE REPRESENTATION

163.    The allegations contained in Paragraphs 358 through 360 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 358 through 360. Aurora Defendants therefore deny the same.

## ANSWER TO MAINTENANCE AND SUPERIORITY

164.    The allegations contained in Paragraphs 361 through 366 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 361 through 366. Aurora Defendants therefore deny the same.

## ANSWER TO DAMAGES

165.    Paragraph 367 contains legal conclusions to which no answer is required. To the extent an answer is required, Aurora Defendants deny the allegations contained in Paragraph 367 of the Complaint.

166.    To the extent that the allegations contained in Paragraph 368 are alleged against the Aurora Defendants, they deny the same. As to the allegations against all other Defendants,

Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the same.

167.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 369 and therefore deny the same.

168.     Aurora Defendants deny that any Aurora policy, practice, custom, conduct, or act has resulted in injury to Plaintiffs. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 370 of the Complaint and therefore deny the same.

169.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 371 and 372 and therefore deny the same.

170.     Paragraph 373 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 373.

### ANSWER TO DEFENDANT DENVER'S POLICIES [sic], PRACTICES, AND CUSTOMS

171.     The allegations contained in Paragraphs 374 through 407 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 374 through 407. Aurora Defendants therefore deny the same.

### ANSWER TO POLICIES, PRACTICES, AND CUSTOMS OF DEFENDANTS CITY OF AURORA, BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, AND JEFFERSON COUNTY SHERIFF

172.     Aurora Defendants deny the allegations contained in Paragraphs 408 through 411 as alleged against the City of Aurora. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 408 through 411 as to other Defendants and therefore deny the same.

173.     Aurora Defendants deny the allegations contained in Paragraph 412 of the Complaint.

174.     Aurora Defendants deny the allegations contained in Paragraph 413 of the Complaint.

175.     The allegations contained in Paragraphs 414 through 418 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 414 through 418. Aurora Defendants therefore deny the same.

176.     Aurora Defendants admit that a review of use of force was undertaken and that the incidents reviewed were in compliance with policy. As to the remaining allegations contained in Paragraph 419, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the same.

177.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 420 and therefore deny the same.

178.     The allegations contained in Paragraph 421 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 421. Aurora Defendants therefore deny the same.

179.     Paragraph 422 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 422 of the Complaint.

180.     Aurora Defendants deny the allegations contained in Paragraph 423 to the extent they are alleged against the City of Aurora. As to allegations against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the same.

181.     Aurora Defendants admit the allegations contained in Paragraph 424 of the Complaint.

182.     The allegations contained in Paragraph 425 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 425. Aurora Defendants therefore deny the same.

### ANSWER TO COUNT I: 42 U.S.C. §1983 – FIRST AMENDMENT

183.     Aurora Defendants incorporate by reference each answer stated above as if fully set forth herein.

184.     Aurora Defendants deny the allegations contained in Paragraph 427 of the Complaint.

185.     The allegations contained in Paragraphs 428 through 429 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 428 through 429. Aurora Defendants therefore deny the same.

186.     Aurora Defendants deny the allegations contained in Paragraph 430 of the Complaint.

187.     Paragraph 431 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 431 of the Complaint.

188.     Paragraph 432 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 432 of the Complaint.

189.     Paragraph 433 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 433 of the Complaint.

190.     Aurora Defendants deny the allegations contained in Paragraph 434 of the Complaint.

191.     Aurora Defendants deny the allegations contained in Paragraph 435 of the Complaint.

192.     Paragraph 436 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 436 of the Complaint.

193.     The allegations contained in Paragraph 437 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 437. Aurora Defendants therefore deny the same.

194.    Aurora Defendants deny the allegations contained in Paragraphs 438 and 439 as alleged against the City of Aurora. As to the allegations alleged against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 438 and 439 and therefore deny the same.

195.    The allegations contained in Paragraph 440 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 440. Aurora Defendants therefore deny the same.

196.    Paragraph 441 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 441 of the Complaint.

**ANSWER TO COUNT II: 42 U.S.C. §1983 – FOURTH AMENDMENT**

197.    Aurora Defendants incorporate by reference each answer stated above as if fully stated herein.

198.    The allegations contained in Paragraphs 443 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 443 and Aurora Defendants therefore deny the same.

199.    Aurora Defendants deny the allegations contained in Paragraph 444 of the Complaint.

200.    Aurora Defendants deny the allegations contained in Paragraphs 445 through 448 as alleged against the City of Aurora. As to the allegations alleged against other Defendants,

Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 445 through 448 and therefore deny the same.

201.    The allegations contained in Paragraph 449 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 449. Aurora Defendants therefore deny the same.

202.    Paragraph 450 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 450 of the Complaint.

## ANSWER TO COUNT III: 42 U.S.C. §1983 – FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION

203.    Aurora Defendants incorporate by reference all answers above as if fully restated herein.

204.    Aurora Defendants deny the allegations contained in Paragraph 452 of the Complaint.

205.    The allegations contained in Paragraph 453 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 453. Aurora Defendants therefore deny the same.

206.    Aurora Defendants deny the allegations contained in Paragraphs 454 through 457 as alleged against the City of Aurora. As to the allegations alleged against other Defendants,

Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 454 through 457 and therefore deny the same.

207.    The allegations contained in Paragraph 458 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 458. Aurora Defendants therefore deny the same.

208.    Paragraph 459 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 459 of the Complaint.

## ANSWER TO COUNT IV: 42 U.S.C. §1983 – FAILURE TO INTERVENE

209.    Aurora Defendants incorporate by reference all answers above as if fully restated herein.

210.    Aurora Defendants deny the allegations contained in Paragraph 461 of the Complaint.

211.    Aurora Defendants deny the allegations contained in Paragraphs 462 through 465 as alleged against the City of Aurora. As to the allegations alleged against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 462 through 465 and therefore deny the same.

212.    The allegations contained in Paragraph 466 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 466. Aurora Defendants therefore deny the same.

213.     Paragraph 467 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 467 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief is void of a Claim or allegation of any kind and, therefore, a response is not required. To the extent a response is required, Aurora Defendants deny the allegations contained in the Prayer for Relief of the Complaint.

214.     Paragraphs 468 and 469 do not contain a claim or allegation and therefore do not require a response. To the extent a response is required, the allegations contained in Paragraphs 468 and 469 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 468 and 469. Aurora Defendants therefore deny the same.

215.     As to Paragraphs 470 through 476, no claims or allegations are contained therein and thus no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraphs 470 through 476. Aurora Defendants therefore deny the same.

## GENERAL DENIAL

Aurora Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1.     Plaintiffs' Complaint, and each and every claim for relief set forth therein, fails to state a valid claim upon which the relief prayed for may be granted.

2.     Plaintiffs have failed to mitigate their damages.

3.     Defendant Budaj, to the extent he is properly sued in his individual capacity, is entitled to Qualified Immunity inasmuch as his actions did not violate the constitutional rights of Plaintiffs, did not violate clearly established law at the time of the events at issue, and were undertaken with a good faith belief in the lawfulness of their actions. These actions of Defendant Budaj were objectively reasonable under the circumstances with which he was confronted.

4.     Defendant Budaj was lawfully exercising his Public Duties in accordance with § 18-1-701, C.R.S. Further, Defendant Budaj was properly exercising his police powers and the authority vested in him by virtue of §§ 16-3-101, 16-3-102, 16-3-103, 18-1-701, and 18-1-707, C.R.S., at all times pertinent to the incident complained of.

5.     Defendant City of Aurora cannot be liable to the Plaintiffs herein on the basis of vicarious liability or *respondeat superior*.

6.     Plaintiffs have failed to adequately allege and cannot establish, that the alleged constitutional violations enumerated in the Complaint arose from a policy, custom, or practice of the City of Aurora which was the motivating force behind an alleged violation of Plaintiffs' constitutional rights.

7.     Plaintiffs' injuries, damages, and losses, if any, were the result of the negligence or unlawful conduct of a third party or parties over whom these Defendants had no control or ability to exercise a right of control.

8.    The actions of the Aurora Defendants were at all times in furtherance of legitimate law enforcement purposes and were not based upon Plaintiffs' membership in any protected class of individuals.

9.    Subject matter jurisdiction is lacking inasmuch as Plaintiffs' claims fail to rise to the level of a deprivation of federal constitutional rights.

10.   Aurora Defendants adopt and incorporate by reference any affirmative defense asserted by any other party to this action to the extent such affirmative defenses apply to Aurora Defendants and do not conflict with Aurora Defendants' other defenses.

**11.**   Aurora Defendants reserve the right to assert any and all additional affirmative defenses.

### JURY DEMAND

Aurora Defendants hereby demand that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

Dated this 22nd day of November, 2021.

OFFICE OF THE CITY ATTORNEY

*s/ Isabelle Sabra Evans*
Isabelle Sabra Evans
Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
Email: ievans@auroragov.org
        pmorales@auroragov.org

*Attorneys for Defendant City of Aurora, and Defendants Budaj in his official capacity*

BRUNO, COLIN & LOWE, P.C.


s/ Michael T. Lowe

Michael T. Lowe
David M. Goddard
1999 Broadway, Suite 4300
Denver, Colorado 80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
Email: mlowe@brunolawyers.com
dgoddard@brunolawyers.com
*Attorneys for Defendants Budaj in his individual capacity*


## CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on November 22, 2021, I electronically filed the foregoing **CITY OF AURORA'S ANSWER TO FITOURI PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| **Loevy & Loevy** | **Denver City Attorney's Office** |
| Elizabeth Wang elizabethw@loevy.com | Robert Huss robert.huss@denvergov.org |
| Makeba Rutahindurwa makeba@loevy.com | Kate Field kate.field@denvergov.org |
| *Attorneys for Fitouri Consolidated Plaintiffs* | Emily Dreiling |
| | emily.dreiling@denvergov.org |
| **Arnold & Porter Kaye Scholer LLP** | Hollie Birkholz |
| Timothy R. Macdonald | hollie.birkholz@denvergov.org |
| timothy.macdonald@anroldporter.com | Lindsay Jordan |
| Matthew J. Douglas | lindsay.jordan@denvergov.org |
| matthew.douglas@arnoldporter.com | |
| Ed Aro ed.aro@arnoldporter.com | **Hall & Evans LLC** |
| Colin M. O'Brien | Andrew D. Ringel, Esq. |
| colin.obrien@arnoldporter.com | ringela@hallevans.com |
| Kathleen K. Custer | Kathrine Hoffman, Esq. |
| katie.custer@arnoldporter.com | hoffmank@hallevans.com |
| Mollie DiBrell | *Attorneys for Denver Consolidated* |
| mollie.dibrell@arnoldporter.com | *Defendants* |

| | |
|---|---|
| Gerardo Mijares-Shafai gerardo.mijares-shafai@arnoldporter.com<br>Leslie C. Bailey<br>leslie.bailey@arnoldporter.com<br>Patrick C. Reidy<br>patrick.reidy@arnoldporter.com<br>Michael Sebba<br>michael.sebba@arnoldporter.com<br>Mindy Gorin mindy.gorin@arnoldporter.com<br><br>**American Civil Liberties Union Foundation of Colorado**<br>Mark Silverstein msilverstein@aclu-co.org<br>Sara Neel sneel@aclu-co.org<br>Arielle Herzberg aherzberg@aclu-co.org<br>*Attorneys for Epps Consolidated Plaintiffs* | **Kilmer, Lane & Newman, LLP**<br>Reid R. Allison rallison@kln-law.com<br>Andrew J. McNulty amcnulty@kln-law.com<br><br>**Jefferson County Attorney's Office**<br>Rachel Bender rbender@jeffco.us<br>Rebecca Klymkowsky rklymkow@jeffco.us<br>*Attorneys for Jefferson County Defendants*<br><br>**Bruno, Colin & Lowe, P.C.**<br>David M. Goddard<br>dgoddard@brunolawyers.com<br>Michael T. Lowe mlowe@brunolawyers.com | 

s/ *Cindy K. Selden*
Cindy K. Selden