**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

SARA FITOURI, et al.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et al.

Defendants.

---

**CITY OF AURORA'S ANSWER TO FITOURI PLAINTIFFS' THIRD AMENDED
CLASS ACTION COMPLAINT AND JURY DEMAND**

---

Defendants City of Aurora and Officer Cory Budaj ("Aurora Defendants"), by and
through their counsel of record, hereby submit the following Answer to the Fitouri Plaintiffs'
Third Amended Class Action Complaint and Jury Demand ("Complaint") [ECF 219].

**ANSWER TO INTRODUCTION**

1.      As to the allegations contained in Paragraph 1 of the Complaint, Aurora
Defendants admit that protests took place following the death of George Floyd. Aurora
Defendants deny that these allegations are relevant or admissible in the present litigation. To the
extent any further response is required, Aurora Defendants deny the remaining allegation(s)
contained in Paragraph 1.

2.      As to the allegations contained in Paragraph 2 of the Complaint, Aurora
Defendants admit that they provided assistance to the City and County of Denver under a request

for mutual aid. Aurora Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Aurora Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.      Aurora Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      Aurora Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Aurora Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8.      Aurora Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.      Aurora Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.      Aurora Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny the same.

## ANSWER TO JURISDICTION

13.     Aurora Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Aurora Defendants admit the allegations contained in Paragraph 14 of the Complaint.

## ANSWER TO PARTIES

15.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny the same.

16.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and therefore deny the same.

17.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny the same.

22.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny the same.

23.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny the same.

24.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

25.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

26.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny the same.

27.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny the same.

28.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny the same.

29.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny the same.

30.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny the same.

31.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32.      The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny the same.

35.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny the same.

36.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny the same.

37.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

38.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny the same.

39.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny the same.

41.     As to the allegations contained in Paragraph 41 of the Complaint, Aurora Defendants admit that the City of Aurora provided mutual aid to the City and County of Denver. As to the remaining allegations contained in Paragraph 41 of the complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

42.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore deny the same.

43.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny the same.

44.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny the same.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     As to the allegations contained in Paragraph 46, Aurora Defendants admit that the City of Aurora is a Colorado municipal corporation and that the Aurora Police Department is a

City agency. Aurora Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Aurora Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore deny the same.

49.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny the same.

50.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny the same.

51.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore deny the same.

52.     Paragraph 52 of the Complaint does not contain allegations to which a response is required. To the extent that a response is required, Aurora Defendants admit the allegations contained in Paragraph 52.

53.     Aurora Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore deny the same.

56.     Aurora Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

58.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny the same.

## ANSWER TO FACTUAL BACKGROUND

59.     As to the allegations contained in Paragraph 59 of the Complaint, Aurora Defendants admit that George Floyd was killed on May 25, 2020 in Minneapolis. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation and deny the remaining allegations contained in Paragraph 58 of the Complaint.

60.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore deny the same.

61.     As to the allegations contained in Paragraph 61 of the Complaint, Aurora Defendants admit that COVID-19 was present and transmissible at the time of these alleged incidents and that public health officials advised individuals to maintain social distancing. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation and deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore deny the same.

63.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore deny the same.

64.     The Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore deny the same.

65.     Aurora Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Aurora Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Aurora Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Aurora Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69.     Aurora Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Aurora Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Aurora Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72.     As to the allegations contained in Paragraph 72 of the Complaint, Aurora Defendants admit that certain Aurora officers are certified in the use of 40mm launchers to deploy KIPs. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Complaint and therefore deny the same.

73.     Aurora Defendants admit that KIPs can travel at a high rate of speed when fired. Aurora Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Aurora Defendants admit that KIPs can cause contusions in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

75.     Aurora Defendants admit that KIPs can cause more serious injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 75 of the Complaint.

76.     Aurora Defendants admit the allegations contained in Paragraph 76 of the Complaint.

77.     Aurora Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.     Aurora Defendants admit that certain Aurora officers wore protective gear during portions of the incidents alleged in the Complaint. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint and therefore deny the same.

79.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore deny the same.

80.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore deny the same.

81.     As to the allegations contained in Paragraph 81 of the Complaint, Aurora Defendants admit that flashbang devices make a noise and/or flash of light. Aurora Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Aurora Defendants admit that flashbang devices can cause injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Aurora Defendants admit that stinger or rubber ball projectiles can cause pain or injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore deny the same.

85.     Aurora Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Aurora Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore deny the same.

88.     Aurora Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Aurora Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Aurora Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore deny the same.

92.     Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore deny the same.

93.     Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and therefore deny the same.

94.     Aurora Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Aurora Defendants deny the allegations contained in Paragraph 95 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 of the Complaint and therefore deny the same.

96.     Aurora Defendants deny the allegations contained in Paragraph 96 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the Complaint and therefore deny the same.

97.     Aurora Defendants deny the allegations contained in Paragraph 97 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97 of the Complaint and therefore deny the same.

98.     Aurora Defendants admit that the City and County of Denver imposed an 8pm curfew for the City. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 98 of the Complaint and therefore deny the same.

99.     Paragraph 99 of the Complaint contains legal conclusions to which no response is required and is not directed to Aurora Defendants. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint and therefore deny the same.

101.    The allegations contained in Paragraph 101 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 101 of the Complaint and therefore deny the same.

102.    The allegations contained in Paragraph 102 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 102 of the Complaint and therefore deny the same.

103.    The allegations contained in Paragraph 103 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 of the Complaint and therefore deny the same.

104.    The allegations contained in Paragraph 104 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 of the Complaint and therefore deny the same.

105.    The allegations contained in Paragraph 105 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants admit that the curfew was imposed by the City and County of Denver and Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Complaint and therefore deny the same.

**Answer to Factual Allegations Relating to Plainitffs**

**Answer to Plaintiffs Sara Fitouri, Jacquelyn Parkins, and Joe Deras**

106.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore deny the same.

**Answer to May 28, 2020**

107.    The allegations contained in Paragraphs 107 through 117 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 28, 2020 at the location of the incidents alleged in Paragraphs 107 through 117 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 107 through 117. Aurora Defendants therefore deny the same.

**Answer to May 29, 2020**

108.    The allegations contained in Paragraphs 118 through 134 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required,

Aurora Defendants were not present on May 29, 2020 at the location of the incidents alleged in Paragraphs 118 through 134 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 118 through 134. Aurora Defendants therefore deny the same.

### Answer to May 30, 2020

109.     The allegations contained in Paragraph 135 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 135 and Aurora Defendants therefore deny the same.

110.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 136 and Aurora Defendants therefore deny the same.

111.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 137 and Aurora Defendants therefore deny the same.

112.     As to the allegations contained in Paragraph 138, Aurora Defendants admit that Aurora officers provided mutual aid to the City and County of Denver, which included participation in skirmish lines at various times and locations. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 138 of the Complaint and therefore deny the same.

113.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 139 and Aurora Defendants therefore deny the same.

114.     As to the allegations contained in Paragraph 140, Aurora Defendants admit that Aurora officers provided mutual aid to the City and County of Denver, which included

participation in skirmish lines at various times and locations. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 140 of the Complaint and therefore deny the same.

115.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 141 and Aurora Defendants therefore deny the same.

116.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 142 and Aurora Defendants therefore deny the same.

117.    Aurora Defendants admit the allegations contained in Paragraph 143 of the Complaint.

118.    Aurora Defendants admit the allegations contained in Paragraph 144 of the Complaint.

119.    As to the allegations contained in Paragraph 145 of the Complaint, Aurora Defendants admit that Aurora officers acted pursuant to the mutual aid request from the City and County of Denver. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 145 and Aurora Defendants therefore deny the same.

120.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 146 and Aurora Defendants therefore deny the same.

121.    Aurora Defendants deny the allegations contained in Paragraph 147 of the Complaint.

122.    As to the allegations contained in Paragraph 148 of the Complaint, Aurora Defendants admit that some members of the crowd at various times may have chanted, held

signs, or kneeled, but deny that the crowd was peaceful. Aurora Defendants deny the remaining allegations contained in Paragraph 148 of the Complaint.

123.    The allegations contained in Paragraphs 149 through 155 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 149 through 155 and Aurora Defendants therefore deny the same.

124.    As to the allegations contained in Paragraph 156, Aurora Defendants admit that Aurora officers acted pursuant to the mutual aid request from the City and County of Denver. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 156 and Aurora Defendants therefore deny the same.

125.    The allegations contained in Paragraphs 157 through 161 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 157 through 161 and Aurora Defendants therefore deny the same.

126.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 162 and Aurora Defendants therefore deny the same.

127.    The allegations contained in Paragraphs 163 through 167 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 163 through 167 and Aurora Defendants therefore deny the same.

128.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 168 and Aurora Defendants therefore deny the same.

129.     The allegations contained in Paragraphs 169 through 170 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 169 through 170 and Aurora Defendants therefore deny the same.

130.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 171 and Aurora Defendants therefore deny the same.

131.     The allegations contained in Paragraphs 172 through 175 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 172 through 175 and Aurora Defendants therefore deny the same.

**Answer to May 31, 2020**

132.     The allegations contained in Paragraphs 176 through 194 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 176 through 194 and Aurora Defendants therefore deny the same.

133.     As to the allegations contained in Paragraph 195, Aurora Defendants admit that Aurora officers acted pursuant to the mutual aid request from the City and County of Denver and were present at the location between Logan and Pennsylvania on Colfax. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 195 and Aurora Defendants therefore deny the same.

134.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 196 and Aurora Defendants therefore deny the same.

135.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 197 and Aurora Defendants therefore deny the same.

136.     As to the allegations contained in Paragraph 198 of the Complaint, Aurora Defendants deny the allegations as they relate to Aurora officers. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 198 and Aurora Defendants therefore deny the same.

137.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 199 and Aurora Defendants therefore deny the same.

138.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 200 and Aurora Defendants therefore deny the same.

139.     The allegations contained in Paragraphs 201 through 202 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 201 through 202 and Aurora Defendants therefore deny the same.

140.     As to the allegations contained in Paragraph 203 of the Complaint, Aurora Defendants admit that Defendant Budaj deployed a cannister of gas at approximately 9:41pm. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 203 and Aurora Defendants therefore deny the same.

141.     Aurora Defendants deny the allegations contained in Paragraph 204 of the Complaint.

142.     Aurora Defendants admit the allegations contained in Paragraph 205 of the Complaint.

143.    The allegations contained in Paragraphs 206 through 207 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 206 through 207 and Aurora Defendants therefore deny the same.

144.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 208 and Aurora Defendants therefore deny the same.

**Answer to Plaintiff Claire Sannier**

145.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 209 and Aurora Defendants therefore deny the same.

**Answer to May 28, 2020**

146.    The allegations contained in Paragraphs 210 through 211 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 28, 2020 at the location of the incidents alleged in Paragraphs 210 through 211 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 210 through 211. Aurora Defendants therefore deny the same.

**Answer to May 29, 2020**

147.    The allegations contained in Paragraphs 212 through 216 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 29, 2020 at the location of the incidents alleged in Paragraphs 212 through 216 and therefore lack sufficient knowledge to form a belief as to the

truth of the allegations contained in Paragraphs 212 through 216. Aurora Defendants therefore deny the same.

### Answer to May 30, 2020

148.    The allegations contained in Paragraphs 217 through 229 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 217 through 239. Aurora Defendants therefore deny the same.

### Answer to May 31, 2020

149.    The allegations contained in Paragraphs 230 through 237 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 230 through 237. Aurora Defendants therefore deny the same.

### Answer to June 1, 2020

150.    The allegations contained in Paragraphs 238 through 259 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 238 through 259. Aurora Defendants therefore deny the same.

### Answer to Plaintiff Kelsey Taylor

151.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 260. Aurora Defendants therefore deny the same.

### Answer to May 28, 2020

152.     The allegations contained in Paragraphs 261 through 267 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants were not present on May 28, 2020 at the location of the incidents alleged in Paragraphs 261 through 267 and therefore lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 261 through 267. Aurora Defendants therefore deny the same.

### Answer to May 30, 2020

153.     The allegations contained in Paragraphs 268 through 282 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 268 through 282. Aurora Defendants therefore deny the same.

### Answer to Plaintiff Youssef Amghar

154.     The allegations contained in Paragraphs 283 through 303 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 283 through 303. Aurora Defendants therefore deny the same.

### Answer to Plaintiff Johnathen "De La Vaca" Duran

155.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 304 and therefore deny the same.

### Answer to May 30, 2020

156.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 305 and therefore deny the same.

157.    The allegations contained in Paragraphs 306 through 315 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 306 through 315. Aurora Defendants therefore deny the same.

**Answer to May 31, 2020**

158.    The allegations contained in Paragraphs 316 through 327 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 316 through 327. Aurora Defendants therefore deny the same.

159.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 328 through 343 and therefore deny the same.

## ANSWER TO CLASS ALLEGATIONS

160.    The allegations contained in Paragraphs 344 through 350 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 344 through 350. Aurora Defendants therefore deny the same.

## ANSWER TO NUMEROSITY

161.    The allegations contained in Paragraph 351 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 351. Aurora Defendants therefore deny the same.

## ANSWER TO COMMON ISSUES OF FACT OR LAW

162.     The allegations contained in Paragraphs 352 through 353 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 352 through 353. Aurora Defendants therefore deny the same.

## ANSWER TO TYPICALITY

163.     The allegations contained in Paragraphs 354 through 356 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 354 through 356. Aurora Defendants therefore deny the same.

## ANSWER TO ADEQUATE REPRESENTATION

164.     The allegations contained in Paragraphs 357 through 359 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 357 through 359. Aurora Defendants therefore deny the same.

## ANSWER TO MAINTENANCE AND SUPERIORITY

165.     The allegations contained in Paragraphs 360 through 365 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 360 through 365. Aurora Defendants therefore deny the same.

## ANSWER TO DAMAGES

166.     Paragraph 366 contains legal conclusions to which no answer is required. To the extent an answer is required, Aurora Defendants deny the allegations contained in Paragraph 366 of the Complaint.

167.     To the extent that the allegations contained in Paragraph 367 are alleged against the Aurora Defendants, they deny the same. As to the allegations against all other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the same.

168.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 368 and therefore deny the same.

169.     Aurora Defendants deny that any Aurora policy, practice, custom, conduct, or act has resulted in injury to Plaintiffs. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 369 of the Complaint and therefore deny the same.

170.     Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 370 and 371 and therefore deny the same.

171.     Paragraph 372 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 372.

**ANSWER TO DEFENDANT DENVER'S POLICES [sic], PRACTICES, AND CUSTOMS**

172.     The allegations contained in Paragraphs 373 through 406 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required,

Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 373 through 406. Aurora Defendants therefore deny the same.

## ANSWER TO POLICIES, PRACTICES, AND CUSTOMS OF DEFENDANTS CITY OF AURORA AND JEFFERSON COUNTY SHERIFF

173.    Aurora Defendants deny the allegations contained in Paragraphs 407 through 410 as alleged against the City of Aurora. Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 407 through 410 as to other Defendants and therefore deny the same.

174.    Aurora Defendants deny the allegations contained in Paragraph 411 of the Complaint.

175.    Aurora Defendants deny the allegations contained in Paragraph 412 of the Complaint.

176.    The allegations contained in Paragraphs 413 through 417 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 413 through 417. Aurora Defendants therefore deny the same.

177.    Aurora Defendants admit that a review of use of force was undertaken and that the incidents reviewed were in compliance with policy. As to the remaining allegations contained in Paragraph 418, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the same.

178.    Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 419 and therefore deny the same.

179.     The allegations contained in Paragraph 420 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 420. Aurora Defendants therefore deny the same.

180.     Paragraph 421 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 421 of the Complaint.

181.     Aurora Defendants deny the allegations contained in Paragraph 422 to the extent they are alleged against the City of Aurora. As to allegations against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the same.

182.     Aurora Defendants admit the allegations contained in Paragraph 423 of the Complaint.

183.     The allegations contained in Paragraph 424 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 424. Aurora Defendants therefore deny the same.

### ANSWER TO COUNT I: 42 U.S.C. §1983 – FIRST AMENDMENT

184.     Aurora Defendants incorporate by reference each answer stated above as if fully set forth herein.

185.     Aurora Defendants deny the allegations contained in Paragraph 426 of the Complaint.

186.     The allegations contained in Paragraphs 427 through 428 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 427 through 428. Aurora Defendants therefore deny the same.

187.     Aurora Defendants deny the allegations contained in Paragraph 429 of the Complaint.

188.     Paragraph 430 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 430 of the Complaint.

189.     Paragraph 431 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 431 of the Complaint.

190.     Paragraph 432 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 432 of the Complaint.

191.     Aurora Defendants deny the allegations contained in Paragraph 433 of the Complaint.

192.     Aurora Defendants deny the allegations contained in Paragraph 434 of the Complaint.

193.     Paragraph 435 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 435 of the Complaint.

194.     The allegations contained in Paragraph 436 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 436. Aurora Defendants therefore deny the same.

195.     Aurora Defendants deny the allegations contained in Paragraphs 437 and 438 as alleged against the City of Aurora. As to the allegations alleged against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 437 and 438 and therefore deny the same.

196.     The allegations contained in Paragraph 439 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 439. Aurora Defendants therefore deny the same.

197.     Paragraph 440 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 440 of the Complaint.

## ANSWER TO COUNT II: 42 U.S.C. §1983 – FOURTH AMENDMENT

198.     Aurora Defendants incorporate by reference each answer stated above as if fully stated herein.

199.     The allegations contained in Paragraphs 442 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 442 and Aurora Defendants therefore deny the same.

200.     Aurora Defendants deny the allegations contained in Paragraph 443 of the Complaint.

201.     Aurora Defendants deny the allegations contained in Paragraphs 444 through 447 as alleged against the City of Aurora. As to the allegations alleged against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 444 through 447 and therefore deny the same.

202.     The allegations contained in Paragraph 448 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 448. Aurora Defendants therefore deny the same.

203.     Paragraph 449 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 449 of the Complaint.

## ANSWER TO COUNT III: 42 U.S.C. §1983 – FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION

204.     Aurora Defendants incorporate by reference all answers above as if fully restated herein.

205.     Aurora Defendants deny the allegations contained in Paragraph 451 of the Complaint.

206.     The allegations contained in Paragraph 452 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants

lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 452. Aurora Defendants therefore deny the same.

207.    Aurora Defendants deny the allegations contained in Paragraphs 453 of the Complaint.

208.    The allegations contained in Paragraph 454 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 454. Aurora Defendants therefore deny the same.

209.    Aurora Defendants deny the allegations contained in Paragraphs 455 of the Complaint.

210.    Aurora Defendants deny the allegations contained in Paragraph 456 as alleged against the Aurora Defendants. As to the allegations alleged against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 456 and therefore deny the same.

211.    The allegations contained in Paragraph 457 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 457. Aurora Defendants therefore deny the same.

212.    Paragraph 458 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 458 of the Complaint.

**ANSWER TO COUNT IV: 42 U.S.C. §1983 – FAILURE TO INTERVENE**

213.     Aurora Defendants incorporate by reference all answers above as if fully restated herein.

214.     Aurora Defendants deny the allegations contained in Paragraph 460 of the Complaint.

215.     Aurora Defendants deny the allegations contained in Paragraphs 461 through 464 as alleged against the City of Aurora. As to the allegations alleged against other Defendants, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 461 through 464 and therefore deny the same.

216.     The allegations contained in Paragraph 465 are not directed to Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 465. Aurora Defendants therefore deny the same.

217.     Paragraph 466 contains legal conclusions to which no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 466 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief is void of a Claim or allegation of any kind and, therefore, a response is not required. To the extent a response is required, Aurora Defendants deny the allegations contained in the Prayer for Relief of the Complaint.

218.     Paragraphs 467 and 468 do not contain a claim or allegation and therefore do not require a response. To the extent a response is required, the allegations contained in Paragraphs 467 and 468 are not directed to Aurora Defendants and therefore no response is required. To the

extent a response is required, Aurora Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraphs 467 and 468. Aurora Defendants therefore deny the same.

219.     As to Paragraphs 489 through 475, no claims or allegations are contained therein and thus no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraphs 469 through 475. Aurora Defendants therefore deny the same.

## <u>GENERAL DENIAL</u>

Aurora Defendants deny each and every allegation not specifically admitted herein.

## <u>AFFIRMATIVE DEFENSES</u>

Defendants assert the following affirmative defenses:

1.     Plaintiffs' Complaint, and each and every claim for relief set forth therein, fails to state a valid claim upon which the relief prayed for may be granted.

2.     Plaintiffs have failed to mitigate their damages.

3.     Defendant Budaj, to the extent he is properly sued in his individual capacity, is entitled to Qualified Immunity inasmuch as his actions did not violate the constitutional rights of Plaintiffs, did not violate clearly established law at the time of the events at issue, and were undertaken with a good faith belief in the lawfulness of their actions. These actions of Defendant Budaj were objectively reasonable under the circumstances with which he was confronted.

4.     Defendant Budaj was lawfully exercising his Public Duties in accordance with § 18-1-701, C.R.S. Further, Defendant Budaj was properly exercising his police powers and the

authority vested in him by virtue of §§ 16-3-101, 16-3-102, 16-3-103, 18-1-701, and 18-1-707, C.R.S., at all times pertinent to the incident complained of.

5.      Defendant City of Aurora cannot be liable to the Plaintiffs herein on the basis of vicarious liability or *respondeat superior*.

6.      Plaintiffs have failed to adequately allege and cannot establish, that the alleged constitutional violations enumerated in the Complaint arose from a policy, custom, or practice of the City of Aurora which was the motivating force behind an alleged violation of Plaintiffs' constitutional rights.

7.      Plaintiffs' injuries, damages, and losses, if any, were the result of the negligence or unlawful conduct of a third party or parties over whom these Defendants had no control or ability to exercise a right of control.

8.      The actions of the Aurora Defendants were at all times in furtherance of legitimate law enforcement purposes and were not based upon Plaintiffs' membership in any protected class of individuals.

9.      Subject matter jurisdiction is lacking inasmuch as Plaintiffs' claims fail to rise to the level of a deprivation of federal constitutional rights.

10.     Aurora Defendants adopt and incorporate by reference any affirmative defense asserted by any other party to this action to the extent such affirmative defenses apply to Aurora Defendants and do not conflict with Aurora Defendants' other defenses.

**11.**     Aurora Defendants reserve the right to assert any and all additional affirmative defenses.

## **JURY DEMAND**

Aurora Defendants hereby demand that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

Dated this 7th day of December, 2021.

OFFICE OF THE CITY ATTORNEY

s/ *Isabelle Sabra Evans*
Isabelle Sabra Evans
Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
Email:  ievans@auroragov.org
          pmorales@auroragov.org
*Attorneys for Defendant City of Aurora, and*
*Defendants Budaj in his official capacity*

BRUNO, COLIN & LOWE, P.C.

s/ *Michael T. Lowe*
Michael T. Lowe
David M. Goddard
1999 Broadway, Suite 4300
Denver, Colorado 80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
Email:  mlowe@brunolawyers.com
dgoddard@brunolawyers.com
*Attorneys for Defendants Budaj in his individual*
*capacity*

### CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on December 7, 2021, I electronically filed the foregoing **CITY OF AURORA'S ANSWER TO FITOURI PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| **Loevy & Loevy**<br>Elizabeth Wang elizabethw@loevy.com<br>Makeba Rutahindurwa makeba@loevy.com<br>*Attorneys for Fitouri Consolidated Plaintiffs*<br><br>**Arnold & Porter Kaye Scholer LLP**<br>Timothy R. Macdonald<br>timothy.macdonald@anroldporter.com<br>Matthew J. Douglas<br>matthew.douglas@arnoldporter.com<br>Ed Aro ed.aro@arnoldporter.com<br>Colin M. O'Brien colin.obrien@arnoldporter.com<br>Kathleen K. Custer<br>katie.custer@arnoldporter.com<br>Mollie DiBrell mollie.dibrell@arnoldporter.com<br>Gerardo Mijares-Shafai gerardo.mijares-shafai@arnoldporter.com<br>Leslie C. Bailey leslie.bailey@arnoldporter.com<br>Patrick C. Reidy patrick.reidy@arnoldporter.com<br>Michael Sebba michael.sebba@arnoldporter.com<br>Mindy Gorin mindy.gorin@arnoldporter.com<br><br>**American Civil Liberties Union Foundation of Colorado**<br>Mark Silverstein msilverstein@aclu-co.org<br>Sara Neel sneel@aclu-co.org<br>Arielle Herzberg aherzberg@aclu-co.org<br>*Attorneys for Epps Consolidated Plaintiffs* | **Denver City Attorney's Office**<br>Robert Huss robert.huss@denvergov.org<br>Kate Field kate.field@denvergov.org<br>Emily Dreiling emily.dreiling@denvergov.org<br>Hollie Birkholz hollie.birkholz@denvergov.org<br>Lindsay Jordan lindsay.jordan@denvergov.org<br><br>**Hall & Evans LLC**<br>Andrew D. Ringel, Esq. ringela@hallevans.com<br>Kathrine Hoffman, Esq. hoffmank@hallevans.com<br>*Attorneys for Denver Consolidated Defendants*<br><br>**Killmer, Lane & Newman, LLP**<br>Reid R. Allison rallison@kln-law.com<br>Andrew J. McNulty amcnulty@kln-law.com<br><br>**Jefferson County Attorney's Office**<br>Rachel Bender, rbender@jeffco.us<br>Rebecca Klymkowsky rklymkow@jeffco.us<br>*Attorneys for Jefferson County Defendants*<br><br>**Bruno, Colin & Lowe, P.C.**<br>David M. Goddard dgoddard@brunolawyers.com<br>Michael T. Lowe mlowe@brunolawyers.com |

*s/ Joanne Flaherty*
Joanne Flaherty, Legal Secretary