IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01922-RBJ-MEH
(consolidated with 1:20-cv-1878-RBJ)

SARA FITOURI, *et al.*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*

Defendants.

---

**DENVER DEFENDANTS' ANSWER AND JURY
DEMAND TO THE THIRD AMENDED FITOURI COMPLAINT [ECF 219]**

---

Defendants City and County of Denver, Colorado ("Defendant Denver"), Sergeant Anthony E. Tak (#00018), Commander Patrick Phelan, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant David Abeyta, Sergeant Marco Martinez, Sergeant Justin Dodge, Corporal Richard D. Eberharter, Officer Tana Cunningham, and Officer John Sampson (collectively, "Denver Defendants"), through undersigned counsel, provide the following Answer and Jury Demand to the Third Amended Complaint ("TAC") filed by Sara Fitouri, *et al.* ("Plaintiffs").

## RESPONSE TO INTRODUCTION

1.      With respect to the allegations in paragraph 1 of the TAC, Denver Defendants admit the killing of George Floyd sparked protests in Denver and elsewhere. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 1, and, as a result, deny the same.

2.      With respect to the allegations in paragraph 2 of the TAC, Denver Defendants admit Denver Police Department ("DPD") officers used less lethal force during the protests. Denver Defendants are without sufficient information and knowledge to admit or deny allegations regarding the race and age of protestors contained in paragraph 2, and, as a result, deny the same. Denver Defendants are without sufficient information and knowledge to admit or deny allegations regarding tactics employed by other law enforcement agencies contained in paragraph 2, and, as a result, deny the same. Denver Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

3-6.   Denver Defendants deny the allegations contained in paragraphs 3-6 of the TAC.

7.      With respect to the allegations contained in paragraph 7 of the TAC, Defendant Denver[1] admits DPD officers made over 300 arrests during the protests. Defendant Denver admits a nighttime curfew order was in effect from May 30, 2020 to

---

[1] Where an allegation in the TAC is directed at less than all the Denver Defendants, only those Defendants to whom the allegation is directed provide a response. To the extent a response is required from all Denver Defendants, those Denver Defendants not explicitly mentioned in the response lack sufficient information and knowledge to admit or deny the subject allegation and, as a result, deny the same.

June 5, 2020. Defendant Denver denies the characterization the protests were "overwhelming peaceful." Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 7, and, as a result, denies the same.

8.      With respect to the allegations contained in paragraph 8 of the TAC, Denver Defendants admit officers used less lethal force during the protests. Denver Defendants admit the majority of protest activity took place in the Denver downtown area. Denver Defendants deny the remaining allegations contained in paragraph 8 of the TAC.

9-11. Denver Defendants deny the allegations contained in paragraphs 9-11 of the TAC.

12.      With respect to the allegations contained in paragraph 12 of the TAC, Denver Defendants admit Plaintiffs seek various forms of relief but deny they are entitled to any such relief. Denver Defendants deny the remaining allegations contained in paragraph 12 of the TAC.

## RESPONSE TO JURISDICTION

13.      Denver Defendants admit Plaintiffs contend their constitutional rights allegedly were violated, but state Plaintiffs' claims are without merit and Plaintiffs are not entitled to any of the relief they seek in the TAC to the extent alleged in paragraph 13 of the TAC. Denver Defendants admit this Court has jurisdiction over matters involving federal questions pursuant to 28 U.S.C. § 1331. Denver Defendants deny the remaining allegations contained in paragraph 13 while noting that the referenced federal rules and statutes speak for themselves and do not require a response.

3

14.     Denver Defendants do not contest the propriety of venue in this matter to the extent asserted in paragraph 14 of the TAC, but state Plaintiffs' claims are without merit and plaintiffs are not entitled to any of the relief they seek in the TAC to the extent alleged in paragraph 14.

## **RESPONSE TO PARTIES**

15-21. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 15-21 of the TAC, and as a result, deny the same.

22.     The allegations in paragraph 22 of the TAC are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Denver Defendants may be required, Denver Defendants admits Denver is a municipal corporation and DPD is an agency of Denver. Denver Defendants admit Plaintiffs brought claims against Denver regarding its alleged policies, customs, and practices but denies Plaintiffs state any cognizable claims against Denver and/or Denver Defendants. Denver Defendants deny the remaining allegations contained in paragraph 22 of the TAC.

23.     Defendant Sergeant Tak admits the allegations contained in paragraph 23 of the TAC.

24.     Defendant Commander Phelan admits the allegations contained in paragraph 24 of the TAC.

25.     Defendants Commander Phelan and Lieutenant Canino admit the allegations contained in paragraph 25 of the TAC.

26.     Defendant Commander Phelan admits he was the Incident Commander for much of the protests and admits he coordinated the police response to the protests. Defendant Commander Phelan denies the remaining allegations contained in paragraph 26 of the TAC.

27.     Defendant Lieutenant Canino admits the allegations contained in paragraph 27 of the TAC.

28.     Defendant Lieutenant Williams admits the allegations contained in paragraph 28 of the TAC.

29.     Defendant Lieutenant Pine admits the allegations contained in paragraph 29 of the TAC.

30.     Defendant Lieutenant Porter admits the allegations contained in paragraph 30 of the TAC.

31.     Defendant Lieutenant[2] O'Donnell admits the allegations contained in paragraph 31 of the TAC.

32.     Defendant Lieutenant Carroll admits the allegations contained in paragraph 32 of the TAC.

33.     Defendant Sergeant Beall admits the allegations contained in paragraph 33 of the TAC.

34.     Defendant Sergeant Abeyta admits the allegations contained in paragraph 34 of the TAC.

_____

[2] At the time of the activities alleged in the Complaint, Defendant O'Donnell was a Lieutenant with DPD.  Currently, he serves as a Commander.

35.     Defendant Sergeant Martinez admits the allegations contained in paragraph 35 of the TAC.

36.     Defendant Sergeant Dodge admits the allegations contained in paragraph 36 of the TAC.

37.     Defendant Corporal Eberharter admits the allegations contained in paragraph 37 of the TAC.

38.     Defendant Officer Cunningham admits the allegations contained in paragraph 38 of the TAC.

39.     Defendant Officer Sampson admits the allegations contained in paragraph 39 of the TAC.

40.     With respect to the allegations contained in paragraph 40 of the TAC, Defendant Denver admits DPD is an agency of Denver. Defendant Denver denies the remaining allegations contained in paragraph 40 of the TAC.

41.     With respect to the allegations contained in paragraph 41 of the TAC, Defendant Denver admits DPD requested assistance from other law enforcement agencies in responding to the protests. Defendant Denver admits DPD had mutual aid agreements with some of these outside law enforcement agencies. Defendant Denver admits the Aurora Police Department ("APD") and the Jefferson County Regional SWAT Team ("JCRS") assisted DPD with its response to the protests. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 41 and, as a result, denies the same.

42- 43. Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 42-43 of the TAC and, as a result, denies the same.

44.     With respect to the allegations contained in paragraph 44 of the TAC, Defendant Commander Phelan admits he gave direction to supervisory officers during daily briefings that were attended by outside law enforcement agencies. Defendant Commander Phelan denies the remaining allegations contained in paragraph 44 of the TAC.

45.     Defendant Denver denies the allegations contained in paragraph 45 of the TAC.

46-50. The allegations in paragraphs 46-50 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 46-50 of the TAC, and as a result, deny the same.

51.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 51 of the TAC, and as a result, deny the same.

52.     The allegations contained in paragraph 52 of the TAC do not appear to require a response. However, to the extent a response is required, Denver Defendants deny the allegations.

53.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 53 of the TAC, and as a result, deny the same.

54.     Defendants Sergeant Anthony E. Tak, Commander Patrick Phelan, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant David Abeyta, Sergeant Marco Martinez, Sergeant Justin Dodge, Corporal Richard D. Eberharter, Officer Tana Cunningham, and Officer John Sampson admit they were acting in their capacities as DPD employees during the timeframe relevant to the TAC. Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 54 of the TAC, and as a result, denies the same.

55.     Defendant Denver denies the allegations contained in paragraph 55 of the TAC.

56-57. The allegations in paragraphs 56-57 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 56-57 of the TAC, and as a result, deny the same.

58.     With respect to the allegations in paragraph 58 of the TAC, Defendant Denver admits outside law enforcement agencies followed their own policies during the protests. Denver Defendants are without sufficient information and knowledge to admit or

deny the remaining allegations contained in paragraphs 57 of the TAC, and as a result, deny the same.

## RESPONSE TO FACTUAL BACKGROUND

59.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 59 of the TAC, and as a result, deny the same.

60.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 60 of the TAC, and as a result, deny the same.

61.     With respect to the allegations in paragraph 61 of the TAC, Defendant Denver admits it has encouraged residents to wear masks and practice social distancing to reduce the spread of Novel Coronavirus, COVID-19. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 60 of the TAC, and as a result, denies the same.

62.     With respect to the allegations in paragraph 62 of the TAC, Denver Defendants admit protestors gathered near the Capitol on May 28, 2020. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 62, and as a result, deny the same.

63.     With respect to the allegations in paragraph 63 of the TAC, Denver Defendants admit protestors assembled in Denver for several days following May 28, 2020.  Denver Defendants are without sufficient information and knowledge to admit or

deny the remaining allegations contained in paragraph 63 of the TAC, and as a result, deny the same.

64.    Denver Defendants admit the allegations contained in paragraph 64 of the TAC.

65.    With respect to the allegations contained in paragraph 65 of the TAC, Denver Defendants admit DPD officers utilized crowd management and crowd control tactics during the protests but deny the tactics were violent. Denver Defendants deny the remaining allegations contained in paragraph 65 of the TAC.

66.    With respect to the allegations in paragraph 66 of the TAC, Denver Defendants admit DPD officers used less lethal weapons during the protests, including CS gas[3], pepper balls, and flashbangs. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 66 of the TAC, and as a result, deny the same.

67.    With respect to the allegations in paragraph 67 of the TAC, Denver Defendants deny they deliberately used less lethal force on peaceful protestors who were not violating the law. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 67 of the TAC, and as a result, deny the same.

68.    With respect to the allegations in paragraph 68 of the TAC, Denver Defendants admit CS gas is often referred to as tear gas. Denver Defendants deny the remaining allegations in paragraph 68 of the TAC.

---

[3]"CS" is short for chlorobenzalmalonitrile and is often referred to as tear gas.

69.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 69 of the TAC, and as a result, deny the same.

70.     With respect to the allegations in paragraph 70 of the TAC, Denver Defendants admit they used less lethal weapons during the protests but deny they deliberately used less lethal force on peaceful protestors who were not violating the law. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 70 of the TAC, and as a result, deny the same.

71.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 71 of the TAC, and as a result, deny the same.

72.     With respect to the allegations in paragraph 72 of the TAC, Denver Defendants admit DPD officers use 40mm launchers to deploy short impact projectiles. Denver Defendants are without sufficient information and knowledge to admit or deny allegations regarding the weapons used by outside law enforcement jurisdictions during the protests contained in paragraph 72, and as a result, deny the same.

73.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 73 of the TAC, and as a result, deny the same.

74.     Denver Defendants admit the allegations contained in paragraph 74 of the TAC.

75.     Absent additional factual context, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 75 of the TAC, and as a result, deny the same.

76.     Denver Defendants admit the allegations in paragraph 76 of the TAC.

77.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 77 of the TAC, and as a result, deny the same.

78.     With respect to the allegations in paragraph 78 of the TAC, Denver Defendants admit DPD officers wore protective equipment after being attacked by protestors during the protests. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 78 of the TAC, and as a result, deny the same.

79.     With respect to the allegations in paragraph 79 of the TAC, Denver Defendants admit pepper ball guns use air pressure to discharge plastic spheres containing OC powder[4] and the OC powder is disseminated when a round strikes a target. Absent additional factual context, Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 79 of the TAC, and as a result, deny the same.

80.     With respect to the allegations in paragraph 80 of the TAC, Denver Defendants admit pepper balls and OC spray can cause a burning sensation on exposed skin. Denver Defendants are without sufficient information and knowledge to admit or

---

[4] "OC" is short for oleoresin capsicum and is often referred to as pepper spray.

deny the remaining allegations contained in paragraph 80 of the TAC, and as a result, deny the same.

81.     With respect to the allegations in paragraph 81 of the TAC, Denver Defendants admit flash bangs are referred to as noise/flash diversionary devices. Denver Defendants admit flash bangs are pyrotechnic devices that make a loud noise and/or flash of light. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 81 of the TAC, and as a result, deny the same.

82.     Absent additional factual context, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 82 of the TAC, and as a result, deny the same.

83.     With respect to the allegations in paragraph 83 of the TAC, Denver Defendants admit stingers are devices that discharge light, sound, and/or CS gas. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 83 of the TAC, and as a result, deny the same.

84.     The allegations in paragraph 84 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 84 of the TAC, and as a result, deny the same.

85.     With respect to the allegations contained in paragraph 85 of the TAC, Denver Defendants admit DPD officers used less lethal weapons near the Capitol and downtown area. Denver Defendants deny the characterization the protestors were largely peaceful. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 85 of the TAC, and as a result, deny the same.

86.     Denver Defendants deny the allegations contained in paragraph 86 of the TAC.

87.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 87 of the TAC, and as a result, deny the same.

88.     With respect to the allegations contained in paragraph 88 of the TAC, Denver Defendants deny they used kettling tactics against protestors. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 88 of the TAC, and as a result, deny the same.

89.     With respect to the allegations contained in paragraph 89 of the TAC, Denver Defendants deny they used kettling tactics against protestors. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 89 of the TAC, and as a result, deny the same.

90.     With respect to the allegations in paragraph 90 of the TAC, Denver Defendants deny Plaintiffs' characterization of their allegation as a standard "tactic." Denver Defendants are without sufficient information and knowledge to admit or deny the

remaining allegations contained in paragraph 90 of the TAC, and as a result, deny the same.

91.     With respect to the allegations in paragraph 91 of the TAC, Denver Defendants admit protestors gathered near the Capitol on May 29, 2020. Denver Defendants deny they used force without provocation or warning. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 91 of the TAC, and as a result, deny the same.

92.     Denver Defendants deny the allegations contained in paragraph 92 of the TAC.

93.     With respect to the allegations in paragraph 93 of the TAC, Denver Defendants deny they intentionally targeted members of the press or individuals recording their activities. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations in paragraph 93 of the TAC, and as a result, deny the same.

94.     With respect to the allegations in paragraph 94 of the TAC, Denver Defendants admit protestors gathered near the Capitol on Saturday, May 30, 2020. Denver Defendants admit they used less lethal weapons during the protests but deny they deliberately intimidated protestors with less lethal weapons. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 94 of the TAC, and as a result, deny the same.

95.     With respect to the allegations in paragraph 95 of the TAC, Denver Defendants admit they used less lethal weapons during the protests but deny they

intentionally targeted individuals' heads, faces, and/or groins. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 95 of the TAC, and as a result, deny the same.

96.     Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 96 of the TAC, and as a result, deny the same.

97.     With respect to the allegations in paragraph 97 of the TAC, Denver Defendants deny they deliberately used force against peaceful protestors who were not violating the law. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 97 of the TAC, and as a result, deny the same.

98.     Defendant Denver admits the allegations contained in paragraph 98 of the TAC.

99.     Defendant Denver denies the allegations contained in paragraph 99 of the TAC.

100.    Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 100 of the TAC, and as a result, denies the same.

101.    Defendant Denver admits the allegations contained in paragraph 101 of the TAC.

102.    Defendant Denver admits the allegations contained in paragraph 102 of the TAC.

103.    Defendant Denver states the curfew order speaks for itself and denies any allegations which differ from the curfew order, are incomplete, or are otherwise taken out of context.  Defendant Denver denies the remaining allegations contained in paragraph 103 of the TAC.

104.    Defendant Denver admits the allegations in paragraph 104 of the TAC.

105.    Defendant Denver denies the allegations in paragraph 105 of the TAC.

**Response to Factual Allegations Relating to Plaintiffs**

**Response to Plaintiffs Sara Fitouri, Jacquelyn Parkins, and Joe Deras**

106.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 106 of the TAC, and as a result, deny the same.

*Response to May 28, 2020*

107.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 107 of the TAC, and as a result, deny the same.

108.    With respect to the allegations in paragraph 108 of the TAC, Denver Defendants admit a group of protestors entered the lanes of travel on I-25 on May 28, 2020. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 108 of the TAC, and as a result, deny the same.

109.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 109 of the TAC, and as a result, deny the same.

110.   Defendant Sergeant Dodge is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 110 of the TAC, and as a result, denies the same.

111.   Without additional factual context, Defendant Sergeant Dodge is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 111 of the TAC, and as a result, denies the same.

112.   With respect to the allegations in paragraph 112 of the TAC, Defendant Lieutenant Canino admits he was present in the area of I-25 on May 28, 2020, and affirmatively states individuals were on the highway and throwing projectiles at DPD officers in this location. Defendant Lieutenant Canino admits in his supervisory role he provided direction to his team but denies he authorized every use of force his team members used. Without additional factual context, Defendant Lieutenant Canino is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 112 of the TAC, and as a result, denies the same.

113.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 113 of the TAC, and as a result, deny the same.

114.   With respect to the allegations in paragraph 114 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response

is required. To the extent a response from Defendants Lieutenant Canino or Sergeant Dodge may be required, Defendants Lieutenant Canino and Sergeant Dodge deny the allegations contained in paragraph 114 of the TAC.

115.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 115 of the TAC, and as a result, deny the same.

116.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 116 of the TAC, and as a result, deny the same.

117.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 117 of the TAC, and as a result, deny the same.

*Response to May 29, 2020*

118.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 118 of the TAC, and as a result, deny the same.

119.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 119 of the TAC, and as a result, deny the same.

120.   With respect to the allegations in paragraph 120 of the TAC, Defendants Lieutenant Carroll and Lieutenant O'Donnell admit in their supervisory roles they provided direction to their respective teams but deny they authorized every use of force their

respective team members used. Defendants Lieutenant Carroll and Lieutenant O'Donnell are without sufficient information and knowledge to admit or deny allegations regarding Defendant Commander Phelan's actions in paragraph 120 of the TAC, and as a result, deny the same. Defendant Commander Phelan admits he was the Incident Commander for much of the protests but denies he directed all uses of force that took place during the protests. Defendant Commander Phelan is without sufficient information and knowledge to admit or deny allegations regarding Defendants Lieutenant Carroll and Lieutenant O'Donnell's actions in paragraph 120 of the TAC, and as a result, denies the same.

121.   Defendant Denver states DPD policy speaks for itself and denies any allegations which differ from DPD policy, are incomplete, or are otherwise taken out of context.  Defendant Denver denies the remaining allegations contained in paragraph 121 of the TAC.

122.   Defendant Commander Phelan is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 122 of the TAC, and as a result, denies the same.

123.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 123 of the TAC, and as a result, deny the same.

124.   Defendant Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 124 of the TAC, and as a result, deny the same.

125.    Defendant Commander Phelan denies the allegations contained in paragraph 125 of the TAC.

126.    With respect to the allegations in paragraph 126 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendants Lieutenant Carroll, Lieutenant O'Donnell, or Commander Phelan may be required, Defendants Lieutenant Carroll, Lieutenant O'Donnell, and Commander Phelan deny the allegations contained in paragraph 126 of the TAC.

127-134. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations in paragraphs 127-134 of the TAC, and as a result, deny the same.

*Response to May 30, 2020*

135-137. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations in paragraphs 135-137 of the TAC, and as a result, deny the same.

138.    Denver Defendants admit the allegations in paragraph 138 of the TAC.

139.    Denver Defendants admit the allegations in paragraph 139 of the TAC.

140.    The allegations in paragraph 140 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 140 of the TAC, and as a result, deny the same.

141.   With respect to the allegations in paragraph 141 of the TAC, Denver Defendants admit that within the DPD, Metro SWAT officers had flash bangs. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations in paragraph 141, and as a result, deny the same.

142.   With respect to the allegations in paragraph 142 of the TAC, Denver Defendants admit that some DPD Gang Unit officers had pepper ball guns but deny the characterization that numerous Gang Unit officers had pepper ball guns.

143-144. The allegations in paragraphs 143-144 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 143-144 of the TAC, and as a result, deny the same.

145.   Denver Defendants deny the allegations in paragraph 145 of the TAC.

146.   With respect to the allegations in paragraph 146 of the TAC, Denver Defendants admit protestors gathered on the Capitol grounds, on Lincoln, in Veterans Park, and in Civic Center Park. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 146 of the TAC, and as a result, deny the same.

147.   Denver Defendants deny the allegations in paragraph 147 of the TAC.

148.   Denver Defendants admit the allegations in paragraph 148 of the TAC.

149.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 149 of the TAC, and as a result, deny the same.

150.    With respect to the allegations in paragraph 150 of the TAC, Defendants Sergeant Martinez and Corporal Eberharter deny they threw a flashbang grenade at protestors in the area of Colfax before curfew at 8 P.M. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 150 of the TAC, and as a result, deny the same.

151.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 151 of the TAC, and as a result, deny the same.

152.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 152 of the TAC, and as a result, deny the same.

153.    Defendant Denver states DPD policy speaks for itself and denies any allegations which differ from DPD policy, are incomplete, or are otherwise taken out of context.  Defendant Denver denies the remaining allegations contained in paragraph 153 of the TAC.

154.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 154 of the TAC, and as a result, deny the same.

155.   With respect to the allegations in paragraph 155 of the TAC, Defendant Corporal Eberharter admits he threw CS gas canisters during the protests and related violent activities, but denies he threw any canisters without justification or warning. Defendant Corporal Eberharter is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 155 of the TAC, and as a result, denies the same.

156.   With respect to the allegations in paragraph 156 of the TAC, Defendant Corporal Eberharter admits he handed a CS canister to an APD officer. Defendant Corporal Eberharter denies his actions were taken without justification or warning. Defendant Corporal Eberharter is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 156 of the TAC, and as a result, denies the same.

157.   With respect to the allegations in paragraph 157 of the TAC, Defendant Sergeant Martinez admits he threw CS gas canisters during the protests and related violent activities, but denies he threw any canisters without justification or warning. Defendant Sergeant Martinez is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 157 of the TAC, and as a result, denies the same.

158.   Defendants Lieutenant Williams, Lieutenant Pine, Lieutenant Canino, Lieutenant O'Donnell, and Lieutenant Carroll admit the allegations contained in paragraph 158 of the TAC.

159.   Defendants Commander Phelan, Lieutenant Pine, Lieutenant Canino, Lieutenant O'Donnell, and Lieutenant Carroll are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 159 of the TAC, and as a result, deny the same.

160-164. Denver Defendants are without sufficient information and knowledge to admit or deny allegations contained in paragraphs 160-164 of the TAC, and as a result, deny the same.

165.   With respect to the allegations in paragraph 165 of the TAC, Defendants Lieutenant Williams, Lieutenant Pine, Lieutenant Canino, Lieutenant O'Donnell, and Lieutenant Carroll admit in a supervisory role they provided direction to their respective teams but deny they authorized every use of force their respective team members used. Defendants Lieutenant Williams, Lieutenant Pine, Lieutenant Canino, Lieutenant O'Donnell, and Lieutenant Carroll are without sufficient information and knowledge to admit or deny allegations regarding Defendant Commander Phelan's actions in paragraph 165 of the TAC, and as a result, deny the same. Defendant Commander Phelan admits he was the Incident Commander for much of the protests but denies he directed all uses of force that took place during the protests. Defendant Commander Phelan is without sufficient information and knowledge to admit or deny allegations regarding Defendants Lieutenant Williams, Lieutenant Pine, Lieutenant Canino, Lieutenant O'Donnell, and Lieutenant Carroll's actions in paragraph 165 of the TAC, and as a result, denies the same.

166.    With respect to the allegations in paragraph 166 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendants Commander Phelan, Lieutenant Williams, Lieutenant Pine, Lieutenant Canino, and Lieutenant Carroll, or Lieutenant O'Donnell may be required, Defendants Commander Phelan, Lieutenant Williams, Lieutenant Pine, Lieutenant Canino, and Lieutenant Carroll, and Lieutenant O'Donnell deny the allegations in paragraph 166 of the TAC.

167-175. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 167-175 of the TAC, and as a result, deny the same.

### Response to May 31, 2020

176.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 176 of the TAC, and as a result, deny same.

177.    The allegations in paragraph 177 of the Complaint are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 177 of the TAC, and as a result, deny the same.

178.    Defendant Commander Phelan denies the allegations in paragraph 178 of the TAC.

179.    Defendant Commander Phelan is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 179 of the TAC, and as a result, denies the same.

180.    With respect to the allegations in paragraph 180 of the TAC, Defendant Commander Phelan admits he was the Incident Commander on May 31, 2020, but denies the remaining allegations contained in paragraph 180 of the TAC.

181.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 181 of the TAC, and as a result, deny the same.

182-187. The allegations in paragraphs 182-187 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 182-187 of the TAC, and as a result, deny the same.

188.    Absent additional factual context, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 188 of the TAC, and as a result, deny the same.

189-190.  The allegations in paragraphs 189-190 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 189-190 of the TAC, and as a result, deny the same.

191.   Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 191 of the TAC, and as a result, denies the same.

192-194.  Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 192 -194 of the TAC, and as a result, deny the same.

195.   With respect to the allegations in paragraph 195 of the TAC, Defendants Lieutenant Williams, Sergeant Abeyta, and Sergeant Beall admit they may have been present in the area of Colfax and Logan on May 31, 2020. Defendants Lieutenant Williams, Sergeant Abeyta, and Sergeant Beall are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 195 of the TAC, and as a result, deny the same.

196.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 196 of the TAC, and as a result, deny the same.

197.   With respect to the allegations in paragraph 197 of the TAC, Denver Defendants deny DPD officers deliberately trapped protestors. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 197 of the TAC, and as a result, deny the same.

198.   With respect to the allegations in paragraph 198 of the TAC, Denver Defendants admit DPD officers used less lethal weapons during the protests. Denver Defendants are without sufficient information and knowledge to admit or deny allegations

regarding the actions taken by other law enforcement agencies contained in paragraph 198, and as a result, deny the same. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 198 of the TAC, and as a result, deny the same.

199.    Defendant Commander Phelan is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 199 of the TAC, and as a result, denies the same.

200.    With respect to the allegations in paragraph 200 of the TAC, Defendant Commander Phelan denies he ordered DPD officers to kettle protestors. Defendant Lieutenant Williams, Sergeant Abeyta, and Sergeant Beall deny they kettled protestors. Denver Defendants are without sufficient information and knowledge to admit or deny allegations regarding the actions of APD officers contained in paragraph 200 of the TAC, and as a result, deny the same.

201.    Absent additional factual context, Defendants Commander Phelan, Lieutenant Williams, Sergeant Abeyta, and Sergeant Beall are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 201 of the TAC, and as a result, denies the same.

202.    With respect to the allegations in paragraph 202 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendants Commander Phelan, Lieutenant Williams, Sergeant Abeyta, or Sergeant Beall may be required, Defendants Commander

Phelan, Lieutenant Williams, Sergeant Abeyta, and Sergeant Beall deny the allegations contained in paragraph 202 of the TAC.

203.    With respect to the allegations in paragraph 203 of the TAC, Defendant Commander Phelan denies he is responsible for the actions of APD Officer Budaj. Defendant Commander Phelan is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 203 of the TAC, and as a result, denies the same.

204.    Denver Defendants deny the allegations contained in paragraph 204 of the TAC as they relate to the actions of DPD officers. Denver Defendants are without sufficient information and knowledge to admit or deny allegations regarding the actions taken by other law enforcement agencies contained in paragraph 204 of the TAC, and as a result, deny the same.

205-206. The allegations in paragraphs 205-206 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 205-206 of the TAC, and as a result, deny the same.

207.    Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding the actions taken by other law enforcement agencies contained in paragraph 207 of the TAC, and as a result, denies the same. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 207 of the TAC, and as a result, denies the same.

208.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 208 of the TAC, and as a result, deny the same.

**Response to Plaintiff Claire Sannier**

209.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 209 of the TAC, and as a result, deny the same.

*Response to May 28, 2020*

210.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 210 of the TAC, and as a result, deny the same.

211.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 211 of the TAC, and as a result, deny the same.

*Response to May 29, 2020*

212-214. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 212-214 of the TAC, and as a result, deny the same.

215.    With respect to the allegations in paragraph 215 of the TAC, Denver Defendants admit citizens have a right to record police officers' official actions in public places but are without sufficient information and knowledge to admit or deny the

remaining allegations contained in paragraph 215 of the TAC, and as a result, deny the same.

216.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 216 of the TAC, and as a result, deny the same.

*Response to May 30, 2018*

217.    With respect to the allegations in paragraph 217 of the TAC, Defendant Lieutenant Porter denies he directed his team to discharge pepper balls without provocation. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 217 of the TAC, and as a result, deny the same.

218.    With respect to the allegations in paragraph 218 of the TAC, Defendant Lieutenant Porter admits he was dispatched to the intersection of 16th Street and Welton on May 31, 2020. Lieutenant Porter admits in his supervisory role he authorized his officers to deploy pepper balls at a wall in response to a group of individuals who had surrounded APD officers, pinning them down and throwing projectiles at them. Lieutenant Porter is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 218 of the TAC, and as a result, denies the same.

219.    With respect to the allegations in paragraph 219 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Lieutenant Porter may be required,

Defendant Lieutenant Porter denies the allegations contained in paragraph 219 of the TAC.

220-229. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 220-229 of the TAC, and as a result, deny the same.

*Response to May 31, 2020*

230.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 230 of the TAC, and as a result, deny the same.

231.   With respect to the allegations in paragraph 231 of the TAC, Denver Defendants deny the allegations contained in paragraph 231.

232-237. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 233-237 of the TAC, and as a result, deny the same.

*Response to June 1, 2020*

238-241. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 238-241 of the TAC, and as a result, deny the same.

242.   With respect to the allegations in paragraph 242 of the TAC, Defendant Commander Phelan admits he was the Incident Commander for much of the protests but denies the remaining allegations contained in paragraph 242 of the TAC.

243-245. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 243-245 of the TAC, and as a result, deny the same.

246.    Defendant Sergeant Tak is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 246 of the TAC, and as a result, denies the same.

247.    Defendant Sergeant Tak is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 247 of the TAC, and as a result, denies the same.

248.    With respect to the allegations in paragraph 248 of the TAC, Defendants Commander Phelan, Lieutenant O'Donnell, and Sergeant Tak admit that paragraph 248 of the TAC outlines the applicable chain of command.

249.    With respect to the allegations in paragraph 249 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendants Commander Phelan, Lieutenant O'Donnell, or Sergeant Tak may be required, Defendants Commander Phelan, Lieutenant O'Donnell, and Sergeant Tak deny the allegations contained in paragraph 249 of the TAC.

250.    Defendant Denver admits Plaintiff Sannier was placed under arrest by DPD officers on June 1, 2020. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 250 of the TAC, and as a result, denies the same.

251.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 251 of the TAC, and as a result, deny the same.

252.    Defendant Denver denies the allegations contained in paragraph 252 of the TAC.

253.    Defendant Sergeant Tak is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 253 of the TAC, and as a result, denies the same.

254.    Defendant Sergeant Tak is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 254 of the TAC, and as a result, denies the same.

255-257. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 255-257 of the TAC, and as a result, deny the same.

258.    Denver Defendants deny the allegations contained in paragraph 258 of the TAC.

259.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 259 of the TAC, and as a result, deny the same.

**Response to Plaintiff Kelsey Taylor**

260.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 260 of the TAC, and as a result, deny the same.

*Response to May 28, 2020*

261-265. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 261-265 of the TAC, and as a result, deny the same.

266.    With respect to the allegations in paragraph 266 of the TAC, Defendants Lieutenant Williams and Lieutenant Pine admit in their supervisory roles they directed some of the actions of their respective teams but deny they authorized every use of force their respective team members used. Defendants Lieutenant Williams and Lieutenant Pine are without sufficient information and knowledge to admit or deny allegations regarding Defendant Commander Phelan's actions in paragraph 266 of the TAC, and as a result, deny the same. Defendant Commander Phelan admits he was the Incident Commander for much of the protests but denies he directed all uses of force that took place during the protests. Defendant Commander Phelan is without sufficient information and knowledge to admit or deny allegations regarding Defendants Lieutenant Williams and Lieutenant Pine's actions in paragraph 266 of the TAC, and as a result, denies the same.

267.    With respect to the allegations in paragraph 267 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response

is required. To the extent a response from Defendants Commander Phelan, Lieutenant Williams, or Lieutenant Pine may be required, Defendants Commander Phelan, Lieutenant Williams, and Lieutenant Pine deny the allegations contained in paragraph 267 of the TAC.

*Response to May 30, 2020*

268-271. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 268-271 of the TAC, and as a result, deny the same.

272.   With respect to the allegations in paragraph 272 of the TAC, Defendants Lieutenant O'Donnell and Commander Phelan admit that paragraph 272 sets forth the applicable chain of command. Defendants Lieutenant O'Donnell and Commander Phelan admit many DPD officers wore protective gear during the protests. Defendants Lieutenant O'Donnell and Commander Phelan are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 272 of the TAC, and as a result, deny the same.

273.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 273 of the TAC, and as a result, deny the same.

274.   Defendant Denver admits Plaintiff Taylor was placed under arrest by DPD officers on May 30, 2020, for violation of curfew and failure to abide by a lawful order. Defendant Denver is without sufficient information and knowledge to admit or deny the

remaining allegations contained in paragraph 274 of the TAC, and as a result, denies the same.

275.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 275 of the TAC, and as a result, deny the same.

276.   Defendant Denver denies the allegations contained in paragraph 276 of the TAC.

277-280. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 277-280 of the TAC, and as a result, deny the same.

281.   Denver Defendants deny the allegations contained in paragraph 281 of the TAC.

282.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 282 of the TAC, and as a result, deny the same.

### Response to Plaintiff Youssef Amghar

283-284. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 284-284 of the TAC, and as a result, deny the same.

285.   With respect to the allegations in paragraph 285 of the TAC, Defendants Lieutenant Williams, Lieutenant Canino, Lieutenant Pine, and Lieutenant O'Donnell were present in the area of Colfax and Lincoln on May 30, 2020. Defendants Lieutenant

Williams, Lieutenant Canino, Lieutenant Pine, and Lieutenant O'Donnell are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 285 of the TAC, and as a result, deny the same.

286-288. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 286-288 of the TAC, and as a result, deny the same.

289. Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 289 of the TAC, and as a result, deny the same.

290. Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 290 of the TAC, and as a result, deny the same.

291. With respect to the allegations in paragraph 291 of the TAC, Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson deny the characterization they filed indiscriminately into the crowd. Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson deny they filed directly at Plaintiff Amghar. Denver Defendants are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 291 of the TAC, and as a result, deny the same.

292. Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 292 of the TAC, and as a result, deny the same.

293-294.   Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson deny the allegations contained in paragraphs 293-294 of the TAC.

295.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 295 of the TAC, and as a result, deny the same.

296.   With respect to the allegations in paragraph 296 of the TAC, Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson deny they shot Plaintiff Amghar. Defendants Corporal Eberharter, Officer Cunningham, and Officer Sampson are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 296 of the TAC, and as a result, deny the same.

297.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 297 of the TAC, and as a result, deny the same.

298.   Defendant Officer Cunningham denies the allegations contained in paragraph 298 of the TAC.

299-303. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 299-303 of the TAC, and as a result, deny the same.

### Response to Plaintiff Johnathen "De La Vaca" Duran

304.   Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 304 of the TAC, and as a result, deny the same.

*Response to May 30, 2021*

305.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 305 of the TAC, and as a result, deny the same.

306.    Defendants Lieutenant Carroll, Lieutenant O'Donnell, and Lieutenant Williams are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 306 of the TAC, and as a result, deny the same.

307.    With respect to the allegations in paragraph 307 of the TAC, Defendants Lieutenant Carroll, Lieutenant O'Donnell, and Lieutenant Williams admit they generally followed orders issued by the Incident Commander. Defendants Lieutenant Carroll, Lieutenant O'Donnell, Lieutenant Williams, and Commander Phelan are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 307 of the TAC, and as a result, deny the same.

308-310. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 308-310 of the TAC, and as a result, deny the same.

311.    With respect to the allegations in paragraph 311 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendants Commander Phelan, Lieutenant O'Donnell, Lieutenant Carroll, or Lieutenant Williams may be required, Defendants Commander Phelan, Lieutenant O'Donnell, Lieutenant Carroll, and Lieutenant Williams deny the allegations contained in paragraph 311 of the TAC.

312-314. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 312-314 of the TAC, and as a result, deny the same.

315.    Defendant Commander Phelan is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 315 of the TAC, and as a result, denies the same.

*Response to May 31, 2020*

316-319. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 316-319 of the TAC, and as a result, deny the same.

320.    With respect to the allegations in paragraph 320 of the TAC, Defendants Lieutenant Carroll and Lieutenant O'Donnell admit that Defendant Phelan was the Incident Commander. Defendants Lieutenant Carroll and Lieutenant O'Donnell are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 320 of the TAC, and as a result, deny the same.

321.    Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 321 of the TAC, and as a result, deny the same.

322.    With respect to the allegations in paragraph 322 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendants Commander Phelan, Lieutenant O'Donnell, or Lieutenant Carroll may be required, Defendants Commander Phelan,

Lieutenant O'Donnell, and Lieutenant Carroll deny the allegations contained in paragraph 322 of the TAC.

323-327. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 323-327 of the TAC, and as a result, deny the same.

328.   The allegations in paragraph 328 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 328 of the TAC, and as a result, deny the same.

329.   With respect to the allegations in paragraph 329 of the TAC, Defendant Commander Phelan denies he is responsible for the actions of APD Officer Budaj. Defendant Commander Phelan is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraphs 329 of the TAC, and as a result, denies the same.

330-331. The allegations in paragraphs 330-331 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 330-331 of the TAC, and as a result, deny the same.

332.    Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 332 of the TAC, and as a result, denies the same.

333.    With respect to the allegations in paragraph 333 of the TAC, Defendant Denver admits outside law enforcement agencies followed their own policies during the protests. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 333 of the TAC, and as a result, denies the same.

334-335. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 334-335 of the TAC, and as a result, deny the same.

336.    With respect to the allegations in paragraph 336 of the TAC, Defendants Commander Phelan, Lieutenant Williams, Sergeant Beall, and Sergeant Abeyta admit DPD used less lethal weapons during the protests. Defendants Commander Phelan, Lieutenant Williams, Sergeant Beall, and Sergeant Abeyta deny they kettled protestors at the Basilica. Defendants Commander Phelan, Lieutenant Williams, Sergeant Beall, and Sergeant Abeyta are without sufficient information and knowledge to admit or deny allegations regarding the actions taken by outside law enforcement agencies contained in paragraph 336 of the TAC, and as a result, deny the same. Defendants Commander Phelan, Lieutenant Williams, Sergeant Beall, and Sergeant Abeyta are without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 336 of the TAC, and as a result, deny the same.

337-341. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 337-341 of the TAC, and as a result, deny the same.

342. With respect to the allegations in paragraph 342 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Denver Defendants may be required, Denver Defendants deny the allegations contained in paragraph 342 of the TAC.

343. Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 343 of the TAC, and as a result, deny the same.

**Response to Class Allegations**

344. Defendant Denver states the class certification order speaks for itself and denies any allegations which differ from the class certification order, are incomplete, or are otherwise taken out of context.

345. With respect to the allegations in paragraph 345 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations contained in paragraph 345 of the TAC.

346. The allegations in paragraph 346 of the TAC do not appear to require a response. However, to the extent a response is required, Denver Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 346 of the TAC, and as a result, denies the same.

347.    Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 347 of the TAC, and as a result, denies the same.

348-350. Defendant Denver denies the allegations contained in paragraphs 348-350 of the TAC.

### Response to Numerosity

351.    With respect to the allegations in paragraph 351 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver admits there is approximately 312 people in the arrest class. Defendant Denver denies the remaining allegations contained in paragraph 351 of the TAC.

### Response to Common Issues of Fact and Law

352-353. With respect to the allegations in paragraphs 352-353 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations contained in paragraphs 352-353 of the TAC.

### Response to Typicality

354.    With respect to the allegations in paragraph 354 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver admits Plaintiffs Taylor and Sannier were arrested for violation of the curfew order

and for failure to obey a lawful order. Defendant Denver admits the charges against Plaintiffs Taylor and Sannier were dismissed. Denver Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 354 of the TAC, and as a result, denies the same.

355-356. With respect to the allegations in paragraphs 355-356 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 355-356 of the TAC, and as a result, denies the same.

### Response to Adequate Representation

357.   Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 357 of the TAC, and as a result, denies the same.

358.   With respect to the allegations in paragraph 358 of the TAC, Defendant Denver admits Plaintiffs Sannier and Taylor are represented by counsel, Loevy & Loevy, who are experienced civil rights attorneys. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 358 of the TAC, and as a result, denies the same.

359.   Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 359 of the TAC, and as a result, denies the same.

**Response to Maintenance and Superiority**

360-363. With respect to the allegations in paragraphs 360-363 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations in paragraphs 360-363 of the TAC.

364.    Defendant Denver admits the allegations contained in paragraph 364 of the TAC.

365.    With respect to the allegations in paragraph 365 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations in paragraph 365 of the TAC.

**Response to Damages**

366-367. With respect to the allegations in paragraphs 366-367 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations in paragraphs 366-367 of the TAC.

368.    With respect to the allegations in paragraph 368 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding plaintiffs' subjective thoughts or feelings contained in paragraph 368, and as a

result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 368 of the TAC.

369.    With respect to the allegations in paragraphs 369 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding plaintiffs' subjective thoughts or feelings or future plans contained in paragraph 369, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 369 of the TAC.

370-371. With respect to the allegations in paragraphs 370-371 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding plaintiffs' subjective thoughts or feelings contained in paragraphs 370-371, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraphs 370-371 of the TAC.

372.    With respect to the allegations in paragraph 372 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver admits Plaintiffs seek injunctive relief but denies Plaintiffs state a cognizable claim for injunctive relief. Defendant Denver denies the remaining allegations contained in paragraph 372 of the TAC.

**Response to Defendant Denver's Policies, Practices, and Customs**

373-375. Defendant Denver denies the allegations contained in paragraph 373-375 of the TAC.

376.   With respect to the allegations in paragraph 376 of the TAC, Defendant Denver states the referenced Office of Independent Monitor report speaks for itself and denies any allegations which differ from the report, are incomplete, or are otherwise taken out of context. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 376 of the TAC, and as a result, denies the same.

377.   With respect to the allegations in paragraph 377 of the TAC, Defendant Denver admits flash bangs and stingers were used during the protests. Defendant Denver denies DPD has not provided any training on the use of flash bangs and stingers to its officers. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 377 of the TAC, and as a result, denies the same.

378.   With respect to the allegations in paragraph 378 of the TAC, Defendant Denver admits DPD did not provide training to outside law enforcement agencies because it has no legal obligation to do so, as it was reasonably believed those outside law enforcement agencies provide their own training. Defendant Denver denies the remaining allegations contained in paragraph 378 of the TAC.

379.   Defendant Denver denies the allegations contained in paragraph 379 of the TAC.

380.   With respect to the allegations in paragraph 380 of the TAC, Defendant Denver denies DPD did not have a policy related to flash bangs or stingers, as DPD had general use of force policies which provided instruction to its officers on how to use flash bangs and stingers. Without additional factual context, Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding the capability of flash bangs and stingers contained in paragraph 380, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 380 of the TAC.

381.   Defendant Denver denies the allegations contained in paragraph 381 of the TAC.

382. Defendant Denver denies the allegations contained in paragraph 382 of the TAC.

383. With respect to the allegations in paragraphs 383 of the TAC, Defendant Denver admits that DPD officers fired pepper balls at individuals after officers were attacked on October 29, 2011, that DPD received complaints in connection with the incident, and that DPD conducted a debriefing in connection with the incident.  Defendant Denver denies the remaining allegations contained in paragraph 383 of the TAC.

384.   Defendant Denver denies the allegations contained in paragraph 384 of the TAC.

385.   With respect to the allegations in paragraph 385 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 385 of the Complaint, and as a result, denies the same.

386.   With respect to the allegations in paragraph 386 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations contained in paragraph 386 of the TAC.

387.   With respect to the allegations in paragraph 387 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding the equipment used by outside law enforcement agencies contained in paragraph 388, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 387 of the TAC.

388.   With respect to the allegations in paragraph 388 of the TAC, Defendant Denver admits outside law enforcement agencies were directed to follow their own policies during the protests. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 388 of the TAC, and as a result, denies the same.

389.   Defendant Denver is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 389 of the TAC, and as a result, denies the same.

390.   Defendant Denver denies the allegations contained in paragraph 390 of the TAC.

391-392. With respect to the allegations in paragraphs 391-392 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be

required, Defendant Denver denies the allegations contained in paragraphs 391-392 of the TAC.

393.    Defendant Chief Pazen denies the allegations contained in paragraph 393 of the TAC.

394.    With respect to the allegations in paragraph 394 of the TAC, Defendant Commander Phelan admits he was the Incident Commander for much of the protests but denies the remaining allegations contained in paragraph 394 of the TAC.

395.    With respect to the allegations in paragraph 395 of the TAC, Defendant Denver admits Mayor Hancock and Chief Pazen offered general praise to officers and indicated they exercised great restraint despite being the targets of numerous attacks made by individuals embedded in the protests. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 395 of the TAC, and as a result, denies the same.

396.    With respect to the allegations in paragraph 396 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations contained in paragraph 396 of the TAC.

397.    Defendant Denver denies the allegations contained in paragraph 397 of the TAC.

398.    Defendant Denver denies the allegations contained in paragraph 398 of the TAC.

399.   With respect to the allegations in paragraph 399 of the TAC, Defendant Denver admits Defendant Denver received citizens' complaints regarding some DPD officers' actions during the protests. Defendant Denver admits Defendant Denver has fired one probationary officer and disciplined officers. Defendant Denver denies Plaintiff's allegation that only two DPD officers have been disciplined and affirmatively states at least three DPD officers have been disciplined for actions during the protests. Defendant Denver also states the review of incidents occurring during the protests remains ongoing.

400.   With respect to the allegations in paragraph 400 of the TAC, Defendant Denver admits DPD command staff instructed DPD officers to complete use of force reports documenting their use of force after the protests. Defendant Denver denies the remaining allegations contained in paragraph 400 of the Complaint.

401.   With respect to the allegations in paragraph 401 of the TAC, Defendant Denver admits paragraph 401 states some of the policy reasons for implementing a use of force reporting policy. Defendant Denver denies it applied a different policy during the protests. Defendant Denver denies the remaining allegations contained in paragraph 401 of the TAC.

402.   With respect to the allegations in paragraph 402 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations regarding officers' subjective thoughts contained in paragraph 402 of the TAC, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 402 of the TAC.

403.   With respect to the allegations in paragraph 403 of the TAC, Defendant Denver denies DPD did not have a policy regarding the use of BWC during the protests. Defendant Denver is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 403 of the TAC, and as a result, denies the same.

404-406. With respect to the allegations in paragraphs 404-406 of the TAC, the allegations are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant Denver may be required, Defendant Denver denies the allegations contained in paragraphs 404-406 of the TAC.

### Response to Policies, Practices, and Customs of Defendants
### City of Aurora, Board of County Commissioners of Jefferson County,
### and Jefferson County Sheriff

407-416. The allegations in paragraphs 407-416 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 407-416 of the TAC, and as a result, deny the same.

417.   With respect to the allegations in paragraph 417 of the TAC, Defendant Denver admits outside law enforcement agencies followed their own policies during the protests. Defendant Denver denies the remaining allegations contained in paragraph 417 of the TAC.

418-419. The allegations in paragraphs 418-419 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 418-419 of the TAC, and as a result, deny the same.

420.   With respect to the allegations in paragraph 420 of the TAC, Defendant Denver admits outside law enforcement agencies followed their own policies during the protests. Defendant Denver denies the remaining allegations contained in paragraph 420 of the TAC.

421-424. The allegations in paragraphs 421-424 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 421-424 of the TAC, and as a result, deny the same.

### Response to Count I: 42 U.S.C. § 1983 – First Amendment

425.   With respect to the allegations in paragraph 425 of the TAC, Denver Defendants incorporate by reference their responses to all other paragraphs as if fully set forth herein, in response to paragraph 425 of the TAC.

426-429. Defendant Denver denies the allegations contained in paragraph 426-429 of the TAC.

430-431.   With respect to the allegations in paragraphs 430-431, Denver Defendants state the First Amendment speaks for itself and deny any allegations which differ from the First Amendment, are incomplete, or are otherwise taken out of context.

432.    Denver Defendants admit the allegations contained in paragraph 432 of the TAC.

433-434. Denver Defendants deny the allegations contained in paragraphs 433-434 of the TAC.

435.    With respect to the allegations contained in paragraph 435 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 435 of the TAC.

436.    Defendant Denver denies the allegations contained in paragraph 436 of the TAC.

437.    The allegations in paragraph 437 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 437 of the TAC, and as a result, deny the same.

438.    With respect to the allegations contained in paragraph 438 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same.

Defendant Denver denies the remaining allegations contained in paragraph 438 of the TAC.

439.    With respect to the allegations in paragraph 439 of the TAC, Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter admit they hold supervisory positions with the DPD. Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter deny the remaining allegations contained in paragraph 439 of the TAC.

440.    Denver Defendants deny the allegations contained in paragraph 440 of the TAC.

### Response to Count II: 42 U.S.C. § 1983 – Fourth Amendment

441.    With respect to the allegations in paragraph 441 of the TAC, Denver Defendants incorporate by reference their responses to all other paragraphs as if fully set forth herein, in response to paragraph 441 of the TAC.

442-443. Denver Defendants deny the allegations contained in paragraphs 442-443 of the TAC.

444.    With respect to the allegations contained in paragraph 444 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same.

Defendant Denver denies the remaining allegations contained in paragraph 444 of the TAC.

445.    Defendant Denver denies the allegations contained in paragraph 445 of the TAC.

446.    The allegations in paragraph 446 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 446 of the TAC, and as a result, deny the same.

447.    With respect to the allegations contained in paragraph 447 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 447 of the TAC.

448.    With respect to the allegations contained in paragraph 448 of the TAC, Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter admit they hold supervisory positions with the DPD. Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez,

Sergeant Dodge, and Corporal Eberharter deny the remaining allegations contained in paragraph 448 of the TAC.

449.   Denver Defendants deny the allegations contained in paragraph 449 of the TAC.

### Response to Count III: 42 U.S.C. § 1983 – Fourteenth Amendment Due Process and Equal Protection

450.   With respect to the allegations in paragraph 450 of the TAC, Denver Defendants incorporate by reference their responses to all other paragraphs as if fully set forth herein, in response to paragraph 450 of the TAC.

451-452. Denver Defendants deny the allegations contained in paragraphs 451-452 of the TAC.

453.   With respect to the allegations contained in paragraph 453 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 453 of the TAC.

454.   Defendant Denver denies the allegations contained in paragraph 454 of the TAC.

455.   The allegations in paragraph 455 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 455 of the TAC, and as a result, deny the same.

456.    With respect to the allegations contained in paragraph 456 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 456 of the TAC.

457.    With respect to the allegations contained in paragraph 457 of the TAC, Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter admit they hold supervisory positions with the DPD. Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter deny the remaining allegations contained in paragraph 457 of the TAC.

458.    Denver Defendants deny the allegations contained in paragraph 458 of the TAC.

### Response to Count IV: 42 U.S.C. § 1983 – Failure to Intervene

459.    With respect to the allegations in paragraph 459 of the TAC, Denver Defendants incorporate by reference their responses to all other paragraphs as if fully set forth herein, in response to paragraph 459 of the TAC.

460.    Defendants Sergeant Tak, Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant

Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, Corporal Eberharter, Officer Cunningham, and Officer Sampson deny the allegations contained in paragraph 460 of the TAC.

461.    With respect to the allegations contained in paragraph 461 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 461 of the TAC.

462.    Defendant Denver denies the allegations contained in paragraph 462 of the TAC.

463.    The allegations in paragraph 463 of the TAC are not directed at Denver Defendants, so no response is required from Denver Defendants. To the extent a response from Denver Defendants may be required, Denver Defendants are without sufficient information and knowledge to admit or deny the allegations contained in paragraph 463 of the TAC, and as a result, deny the same.

464.    With respect to the allegations contained in paragraph 464 of the TAC, Defendant Denver is without sufficient information and knowledge to admit or deny allegations directed at other law enforcement agencies, and as a result, denies the same. Defendant Denver denies the remaining allegations contained in paragraph 464 of the TAC.

465.    With respect to the allegations contained in paragraph 465 of the TAC, Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant

Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter admit they hold supervisory positions with the DPD. Defendants Commander Phelan, Lieutenant Canino, Lieutenant Williams, Lieutenant Pine, Lieutenant Porter, Lieutenant O'Donnell, Lieutenant Carroll, Sergeant Beall, Sergeant Abeyta, Sergeant Martinez, Sergeant Dodge, and Corporal Eberharter deny the remaining allegations contained in paragraph 465 of the TAC.

466.    Denver Defendants deny the allegations contained in paragraph 466 of the TAC.

## Response to Prayer for Relief

Denver Defendants deny all the allegations following the heading "Prayer for Relief" on pages 83-84 of the TAC including all the allegations in paragraphs 467-475. Denver Defendants deny Plaintiffs are entitled to any of the damages alleged or sought in Plaintiffs' TAC.

## General Denial

In addition to the specific responses asserted above, Denver Defendants deny each and every other allegation contained in the TAC not specifically admitted in this Answer.

**DEFENSES**

1. The Third Amended Complaint fails to state a claim upon which relief may be granted, in whole or in part.

2. Individual officers named as defendants are entitled to qualified immunity.

3. Plaintiffs' damages, if any, were proximately caused by their own conduct and not by the reason of any unconstitutional conduct by Defendant Denver's employees.

4. Plaintiffs may have failed to mitigate any damages they allegedly sustained as a result of the events described in the Third Amended Complaint.

5. Defendant Denver's policies were, at all relevant times, in conformance with established constitution and statutory law with respect to all issues relevant to this action.

6. Defendant Denver's training and supervision of its police officers met or exceeded constitutional and statutory standards with response to all topics relevant to this action.

**JURY DEMAND**

Denver Defendants demand a trial by jury pursuant to Fed. R.Civ.P. 38.

WHEREFORE, the City and County of Denver, Sergeant Anthony E. Tak, Commander Patrick Phelan, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant David Abeyta, Sergeant Marco Martinez, Sergeant Justin Dodge, Corporal Richard D. Eberharter, Officer Tana

Cunningham, and Officer John Sampson, having fully answered the allegations of Fitouri

Plaintiffs' Second Amended Complaint, respectfully request that the Court dismiss the

Third Amended Complaint, with prejudice; enter judgment in Denver Defendants' favor

and against Plaintiffs for attorney fees and costs; and to grant such other and further relief

as the Court deems just and proper.

DATED this 7th day of December, 2021.

Respectfully submitted,

By: _s/ Lindsay M. Jordan_
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
Robert.huss@denvergov.org
      Lindsay.jordan@denvergov.org
*Attorneys for the City and County of Denver*
*and the individually named Police*
*Department Officers*

Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Telephone:  (303) 628-3300
Facsimile:  (303) 628-3368
E-mail:  ringela@hallevans.com
      hoffmank@hallevans.com
*Attorneys for the City and County of Denver*
*and the individually named Police*
*Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2021, the foregoing **DENVER DEFENDANTS' ANSWER AND JURY DEMAND TO FITOURI PLAINTIFFS' THIRD AMENDED COMPLAINT [ECF 219]** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans
Peter Ruben Morales
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora, Officers Brukbacher, Budaj, McNamee and Serrant in their official capacities*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Rachel Bender
Rebecca Klymkowsky
rbender@jeffco.us
rklymkow@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officers*

_s/ Sarah Peasley_
Denver Attorney's Office