**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

**JEFFCO DEPUTIES' ANSWER TO FITOURI PLAINTIFFS' THIRD AMENDED**
**CLASS ACTION COMPLAINT AND JURY DEMAND [ECF 219]**

---

Defendants Jefferson County Deputy Sheriffs Anthony Hamilton and Timothy Dreith ("Dep. Hamilton" and "Dep. Dreith," respectively; collectively the "Jeffco Deputies"), by and through counsel, answer the Plaintiffs Fitouri, Parkins, Amghar, Sannier, Taylor, Deras, and Duran's Third Amended Class Action Complaint and Jury Demand (the "TAC") [ECF 219] as follows:

**ANSWER TO INTRODUCTION**

1.      In response to paragraph 1 of the TAC, the Jeffco Deputies admit that the factual allegations therein are consistent with the news reports regarding the death of Mr. Floyd and the demonstrations and protests thereafter but are without sufficient information to admit or deny the characterization or specifics thereof.

2.      In response to paragraph 2 of the TAC, the Jeffco Deputies admit that the Jefferson County Regional SWAT Team ("JCRS"), of which the Jefferson County Sheriff's Office (the "JCSO") is

a member agency, assisted the Denver Police Department ("DPD") with crowd control pursuant to Colorado's mutual aid statutes at a protest on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 2 of the TAC.

3.      The Jeffco Deputies deny the allegations contained in paragraph 3 of the TAC as they pertain to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the TAC.

4.      The Jeffco Deputies deny the allegations contained in paragraph 4 of the TAC as they pertain to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations contained in paragraph 4 of the TAC.

5.      The Jeffco Deputies deny the allegations contained in paragraph 4 of the TAC as they pertain to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations contained in paragraph 5 of the TAC.

6.      The Jeffco Deputies deny the allegations contained in paragraph 6 of the TAC as they pertain to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations contained in paragraph 6 of the TAC.

7.      The Jeffco Deputies admit that Denver was under an emergency nighttime curfew order from May 30 through June 5, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations contained in paragraph 7 of the TAC.

8.      In response to paragraph 8 of the TAC, the Jeffco Deputies admit that they and other JCRS members used "less-lethal" platforms and munitions while assisting DPD with crowd control at the protests at issue in this case on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 8 of the TAC.

9.      The Jeffco Deputies deny the allegations contained in paragraph 9 of the TAC as they pertain to their actions.

10.     The Jeffco Deputies deny the allegations contained in paragraph 10 of the TAC as they pertain to their actions.

11.     The allegations in paragraph 11 of the TAC are not directed toward the Jeffco Deputies and therefore they provide no response. To the extent a response is required, the Jeffco Deputies deny the allegations in paragraph 11 of the TAC.

12.     The allegations in paragraph 12 of the TAC are not directed toward the Jeffco Deputies admit Plaintiff and therefore they provide no response. To the extent a response is required, the Jeffco Deputies admit the Plaintiff seek relief and deny the remaining allegations in paragraph 12 of the TAC.

## ANSWER TO JURISDICTION

13.     The Jeffco Deputies admits the allegations in paragraph 13 of the TAC.

14.     The Jeffco Deputies admit that venue is proper and that the events giving rise to this case occurred in this judicial district. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 14 of the TAC.

## ANSWER TO THE PARTIES

15.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 15 through 39 of the TAC.

16.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 40 of the TAC.

17.     In response to paragraph 41 of the TAC, the Jeffco Deputies admit that the JCRS assisted DPD in providing crowd control at the protests at issue in this case upon DPD's request pursuant to Colorado's mutual aid statutes. The Jeffco Deputies deny that the JCRS is an agency and are without sufficient information to admit or deny the remaining allegations in paragraph 41 of the TAC.

18.     The Jeffco Deputies admit the allegations in paragraph 42 of the TAC as they relate to them. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 42 of the TAC.

19.     The Jeffco Deputies admit the allegations in paragraph 43 of the TAC as they relate to them. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 43 of the TAC.

20.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 44 of the TAC.

21.     The Jeffco Deputies admit they were under the direct supervision and command of DPD pursuant to Colorado's mutual aid statutes. The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 45 of the TAC.

22.     The allegations in paragraph 46 of the TAC are not directed toward the Jeffco Deputies and therefore they provide no response. To the extent a response is required, the Jeffco Deputies deny the allegations in paragraph 46 of the TAC.

23.     The allegations in paragraph 47 of the TAC are not directed toward the Jeffco Deputies and therefore they provide no response. To the extent a response is required, the Jeffco Deputies deny the allegations in paragraph 47 of the TAC.

24.     Plaintiffs have voluntarily dismissed Jefferson County Sheriff Jeff Shrader from this action rendering the allegations in paragraph 48 of the TAC moot.

25.     The Jeffco Deputies admit the allegations in paragraph 49 of the TAC.

26.     The Jeffco Deputies admit the allegations in paragraph 50 of the TAC.

27.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 51 of the TAC.

28.     Paragraph 52 of the TAC does not require a response. To the extent a response is required, the Jeffco Deputies deny the allegations in paragraph 52 of the TAC.

29.     The Jeffco Deputies deny the allegations in paragraph 53 of the TAC as they pertain to their actions.

30.     In response to paragraph 54 of the TAC, the Jeffco Deputies admit that at all relevant times they were acting under color of law and within the scope of their employment with the JCSO, with the knowledge and consent of the Sheriff, and as agents of DPD. The Jeffco Deputies deny the remaining allegations contained in paragraph 54 of the TAC.

31.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 55 of the TAC.

32.     The allegations in paragraph 56 of the TAC are not directed toward the Jeffco Deputies and therefore they provide no response. To the extent a response is required, the Jeffco Deputies deny the allegations in paragraph 46 of the TAC.

33.     The Jeffco Deputies admit the allegations in paragraph 57 of the TAC.

34.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 58 of the TAC.

**Answers to Factual Background**

35.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 59 of the TAC.

36.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 60 of the TAC.

37.     The Jeffco Deputies admit COVID-19 existed at the time of the protests in 2020, and that public health and government officials, at times, advised people to wear masks and social distance. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 61 of the TAC.

38.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 62 of the TAC.

39.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 63 of the TAC.

40.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 64 of the TAC.

41.     In response to paragraph 65 of the TAC, the Jeffco Deputies admit that they used crowd management and crowd control tactics while assisting the DPD at protests in Denver on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 65 of the TAC.

42.     In response to paragraph 66 of the TAC, the Jeffco Deputies admit that they used less-lethal weapons while assisting the DPD at protests in Denver on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 66 of the TAC.

43.     The Jeffco Deputies deny the allegations in paragraph 67 of the TAC to the extent they pertain to their actions on May 31, 2020.

44.     The Jeffco Deputies admit the allegations in paragraph 68 of the TAC.

45.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 69 of the TAC.

46.     In response to the allegations in paragraph 70 of the TAC, the Jeffco Deputies state that they were outfitted with less lethal shotguns when they deployed to assist the DPD on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 70 of the TAC.

47.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 71 of the TAC.

48.     In response to the allegations in paragraph 72 of the TAC, the Jeffco Deputies state that they were outfitted with less lethal shotguns when they deployed to assist DPD at the protests in Denver on May 31, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 72 of the TAC.

49.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 73 through 77 of the TAC.

50.     In response to paragraph 78 of the TAC, the Jeffco Deputies admit that they wore tactical vests and tactical helmets while assisting DPD at the protests on May 31, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 78 of the TAC.

51.     In response to paragraph 79 of the TAC, the Jeffco Deputies admit that pepper ball guns are air-powered launch devices that fire rounds containing plastic sphere projectiles filled with OC

powder that explode OC powder onto the person who gets hit. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 79 of the TAC.

52.     In response to paragraph 80 of the TAC, the Jeffco Deputies admit pepper balls and pepper spray can cause a burning sensation on exposed skin. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 80 of the TAC.

53.     In response to paragraph 81 of the TAC, the Jeffco Deputies admit that flashbang grenades, also known as noise flash diversionary devices, make a loud noise and/or flash of light. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 81 of the TAC.

54.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 82 of the TAC.

55.     In response to paragraph 83 of the TAC, the Jeffco Deputies admit "Stinger" or rubber-ball grenades emit light, sound, and rubber pellets. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 83 of the TAC.

56.     In response to paragraph 84 of the TAC, the Jeffco Deputies admit that they used less lethal shotguns with bean bag rounds while assisting DPD at the protests on May 31, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 84 of the TAC.

57.     In response to paragraph 85 of the TAC, the Jeffco Deputies state that they employed bean bag rounds while assisting DPD at protests in Denver on May 31, 2020. The Jeffco Deputies deny that they shot these bean bags at peaceful protestors. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 85 of the TAC.

58.     The Jeffco Deputies deny the allegations in paragraph 86 of the TAC to the extent they pertain to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 86 of the TAC.

59.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 87 of the TAC.

60.     The Jeffco Deputies deny the allegations contained in paragraph 88 of the TAC as they relate to their actions on May 31, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 88 of the TAC.

61.     The allegations in paragraph 89 of the TAC call for a legal conclusion for which no response is required. To the extent that the allegations in paragraph 89 of the TAC require a response, the Jeffco Deputies deny they kettled protestors. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 89 of the TAC.

62.     The Jeffco Deputies deny the allegations in paragraph 90 as they relate to their actions on May 31, 2020.

63.     The Jeffco Deputies deny the allegations in paragraph 91 as they relate to their actions. The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 91 of the TAC.

64.     The Jeffco Deputies deny the allegations in paragraph 92 as they relate to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 92 of the TAC.

65.     The Jeffco Deputies deny the allegations in paragraph 93 as they relate to their actions. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 93 of the TAC.

66.     In response to paragraph 94 of the TAC, the Jeffco Deputies state that they did not assist DPD at the protests in Denver on May 30, 2020. To the extent a response is necessary, the Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 94 of the TAC.

67.     In response to paragraph 95 of the TAC, the Jeffco Deputies state that they did not assist DPD at the protests in Denver on May 30, 2020. To the extent a response is necessary, the Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 95 of the TAC.

68.     In response to paragraph 96 of the TAC, the Jeffco Deputies state that they did not assist DPD at the protests in Denver on May 30, 2020. To the extent a response is necessary, the Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 96 of the TAC.

69.     In response to paragraph 97 of the TAC, the Jeffco Deputies state that they did not assist DPD at the protests in Denver on May 30, 2020. To the extent a response is necessary, the Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 97 of the TAC.

70.     In response to paragraph 98 of the TAC, the Jeffco Deputies admit that the Mayor of Denver issued an emergency curfew order on May 30, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 98 of the TAC.

71.     The allegations in paragraph 99 of the TAC are not directed toward the Jeffco Deputies and call for a legal conclusion; therefore, they provide no response.

72.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 100 of the TAC.

73.     In response to paragraph 101 of the TAC, the Jeffco Deputies admit that Denver imposed a curfew. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegation in paragraph 101 of the TAC.

74.     In response to paragraph 102 of the TAC, the Jeffco Deputies admit that Denver imposed a curfew. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegation in paragraph 102 of the TAC.

75.     In response to paragraph 103 of the TAC, the Jeffco Deputies state that the text of Denver's curfew order speaks for itself. To the extent a response is necessary, the Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 103 of the TAC.

76.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 104 of the TAC.

77.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 105 of the TAC.

### Answers to Factual Allegations Relating to
### Plaintiffs Sara Fitouri, Jacquelyn Parkins, and Joe Deras

78.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 106 of the TAC.

*Answer to May 28, 2020*

79.     The allegations contained in paragraphs 107 through 117 of the TAC are not directed at the Jeffco Deputies because the Jeffco Deputies did not assist the DPD at the protests in Denver on May 28, 2020, and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 107 and 117 of the TAC.

*Answer to May 29, 2020*

80.     The allegations contained in paragraphs 118 through 134 of the TAC are not directed at the Jeffco Deputies. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 118 through 134 of the TAC.

*Answer to May 30, 2020*

81.     The allegations contained in paragraphs 135 through 175 of the TAC are not directed at the Jeffco Deputies. To the extent a response is required, the Jeffco Deputies did not assist the DPD at the protests in Denver on May 30, 2020, and therefore lack sufficient information to admit or deny the allegations contained in paragraphs 135 through 175 of the TAC.

*Answer to May 31, 2020*

82.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 176 of the TAC.

83.     The Jeffco Deputies are without sufficient information to admit or deny that Fitouri, Parkins, Deras, or Amghar were at Washington and Colfax at 8:30 p.m. on May 31, 2020. The Jeffco Deputies admit there were many protestors marching near the police precinct on Washington and Colfax on May 31, 2020, at approximately 8:30 p.m. The Jeffco Deputies deny the remaining allegations in paragraph 177 of the TAC.

84.     The Jeffco Deputies  are without sufficient information to admit or deny the allegations in paragraph 178 of the TAC.

85.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 179 of the TAC.

86.     The Jeffco are without sufficient information to admit or deny the allegations in paragraph 180 of the TAC.

87.     The Jeffco Deputies admit the allegations in paragraph 181 of the TAC.

88.     The Jeffco Deputies deny the allegations in paragraph 182 of the TAC.

89.     The Jeffco Deputies deny the allegations in paragraph 183 of the TAC.

90.     The Jeffco Deputies deny the allegations in paragraph 184 of the TAC.

91.     In response to paragraph 185 of the TAC, the Jeffco Deputies are without sufficient information to admit or deny that they used projectiles, "less-lethal" weapons, or any force against Plaintiff Deras. The Jeffco Deputies are similarly without sufficient information to admit or deny the remaining allegations in paragraph 185 of the TAC.

92.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 186 of the TAC.

93.     In response to paragraph 187 of the TAC, the Jeffco Deputies admit that, under certain circumstances, deploying beanbags at red zones can cause bodily injury or death. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 187 of the TAC.

94.     The Jeffco Deputies deny the allegations in paragraph 188 of the TAC.

95.     In response to paragraph 189 of the TAC, the Jeffco Deputies admit that they used bean bag rounds while assisting DPD at the protests at Washington and Colfax at 8:30 p.m. on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 189 of the TAC.

96.     In response to paragraph 190 of the TAC, the Jeffco Deputies admit that their actions while assisting DPD at the protests in Denver on May 31, 2020, were consistent with their training. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations contained in paragraph 190 of the TAC.

97.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 191 of the TAC.

98.     The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 192 of the TAC.

99.     The Jeffco Deputies deny the allegations in paragraph 193 of the TAC.

100.    The Jeffco Deputies deny they used excessive force. The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 194 of the TAC.

101.    In response to paragraph 195 of the TAC, the Jeffco Deputies admit that they were in the area of Pennsylvania and Colfax sometime after 8:30 p.m. on May 31, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 195 of the TAC.

102.    The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 196 of the TAC.

103.    The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 197 of the TAC.

104.     In response to paragraph 198 of the TAC, the Jeffco Deputies admit that they were outfitted with less-lethal shotguns with beanbag rounds while assisting DPD at the protests on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 198 of the TAC.

105.     The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 199 of the TAC.

106.     The allegations in paragraph 200 of the TAC are not directed toward the Jeffco Deputies; therefore, they provide no response.

107.     The allegations in paragraph 201 of the TAC are not directed toward the Jeffco Deputies; therefore, they provide no response.

108.     The allegations in paragraph 202 of the TAC assert legal conclusions for which no response is required and are not directed toward the Jeffco Deputies; therefore, they provide no response.

109.     The allegations in paragraph 203 of the TAC are not directed toward the Jeffco Deputies; therefore, they provide no response.

110.     The allegations in paragraph 204 of the TAC call for a legal conclusion for which no response is required are not directed toward the Jeffco Deputies; therefore, they provide no response.

111.     The allegations in paragraph 205 of the TAC are not directed toward the Jeffco Deputies; therefore, they provide no response.

112.     In response to the allegations contained in paragraph 206 of the TAC, the Jeffco Deputies admit that they acted consistent with their training and the policies, practices, and customs of the Jefferson County Sheriff's Office. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 206 of the TAC.

113.    The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 207 of the TAC.

114.    The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 208 of the TAC.

### Answer to Plaintiff Claire Sannier

115.    The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 209 of the TAC.

116.    The allegations contained in paragraphs 210 through 229 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 210 through 229 of the TAC.

*Answer to May 31, 2020*

117.    The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 230 through 237 of the TAC.

*Answer to June 1, 2020*

118.    The allegations contained in paragraphs 238 through 259 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 238 through 259 of the TAC.

### Answer to Plaintiff Kelsey Taylor

119.    The Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraph 260 of the TAC.

120.    The allegations contained in paragraphs 261 through 282 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 261 through 282 of the TAC.

**Answer to Plaintiff Youssef Amghar**

121.    The allegations contained in paragraphs 283 through 303 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 283 through 303 of the TAC.

**Answer to Plaintiff Johnathen "De La Vaca" Duran**

122.    The Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraph 304 of the TAC.

*Answer to May 30, 2020*

123.    The allegations contained in paragraphs 305 through 315 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 305 through 315 of the TAC.

*Answer to May 31, 2020*

124.    The Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraphs 316 through 321 of the TAC.

125.    The allegations in paragraph 322 state a legal conclusion to which no response is required. To the extent that a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraph 322 of the TAC.

126.    The Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraphs 323 through 343 of the TAC, which do not relate to them.

**Answer to Class Allegations**

127.    The allegations contained in in paragraphs 344 through 350 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 344 through 350 of the TAC.

**Answer to Numerosity**

128.    The allegations contained in paragraph 351 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraph 351 of the TAC.

**Answer to Common Issues of Fact or Law**

129.    The allegations contained in paragraphs 352 through 353 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 353 and 353 of the TAC.

**Answer to Typicality**

130.    The allegations contained in paragraphs 354 through 356 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 354 through 356 of the TAC.

### Answer to Adequate Representation

131.    The allegations contained on paragraphs 357 through 359 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraphs 357 through 359 of the TAC.

### Answer to Maintenance and Superiority

132.    The allegations contained in paragraphs 360 through 365 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 360 through 365.

### Answer to Damages

133.    The allegations contained in paragraphs 366 through 372 are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies lack sufficient information to admit or deny the allegations contained in paragraphs 366 through 372.

### Answer to Defendant Denver's Policies, Practices, and Customs

134.    The allegations in paragraph 373 through 388 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extend a response is required, the Jeffco

Deputies lack sufficient information to admit or deny the allegations in paragraphs 373 through 388 of the TAC.

135.    The Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 389 of the TAC.

136.    The Jeffco Deputies admit the allegations in Paragraph 390 of the TAC.

137.    The allegations in paragraphs 391 through 406 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 391 through 406 of the TAC.

**Answer to Policies, Practices, and Customs of Defendants City of Aurora
and Jefferson County Sheriff Shrader**

138.    Plaintiffs have voluntarily dismissed Jefferson County Sheriff Jeff Shrader from this action rendering the allegations in paragraphs 407 through 410 of the TAC moot. To the extent a response is required, the Jeffco Deputies deny the allegations contained in paragraphs 407 through 410 of the TAC as they relate to them. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 407 through 410 of the TAC.

139.    The allegations in paragraphs 411 and 412 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 411 and 412 of the TAC.

140.    In response to paragraph 413 of the TAC, the Jeffco Deputies admit that they did not wear BWC while assisting DPD at the protests in Denver on May 31, 2020. The Jeffco Deputies deny the remaining allegations in paragraph 413 of the TAC.

141.    In response to paragraph 414 of the TAC, the Jeffco Deputies admit that they used less-lethal munitions while assisting DPD at the protests in Denver on May 31, 2020. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 414 of the TAC.

142.    In response to paragraph 415 of the TAC, the Jeffco Deputies admit that their actions during the protests on May 31, 2020, complied with Sheriff's Office policies. The after-action report speaks for itself. The Jeffco Deputies deny the remaining allegations in paragraph 415 of the TAC.

143.    In response to paragraph 416 of the TAC, the Jeffco Deputies admit that their actions on May 31, 2020, at 8:30 p.m., at the intersection of Colfax and Washington, were consistent with the policies, practices, and training of the Jefferson County Sheriff's Office and that they were authorized to assist with the protests. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 416 of the TAC.

144.    The Jeffco Deputies are without sufficient information to admit or deny the the allegations in paragraph 417 of the TAC.

145.    The allegations in paragraphs 418 through 420 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 418 through 420 of the TAC.

146.    The allegations in paragraph 421 of the TAC call for a legal conclusion to which no response is required. To the extent that a response is required, the Jeffco Deputies deny the allegations contained in paragraph 421 of the TAC as they relate to JCRS.

147.     Plaintiffs have voluntarily dismissed Jefferson County Sheriff Jeff Shrader from this action rendering the allegations in paragraph 422 of the TAC moot. To the extent a response is required, the Jeffco Deputies admit that Sheriff Shrader is the final policymaker for the Jefferson County Sheriff's Office. The Jeffco Deputies deny the remaining allegations in paragraph 422 of the TAC.

148.     The allegations in paragraph 423 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 423 of the TAC.

149.     In response to paragraph 424 of the TAC, the Jeffco Deputies admit that they have not been disciplined for their actions during the protests. The Jeffco Deputies are without sufficient information to admit or deny the remaining allegations in paragraph 424 of the TAC.

### Answer to Count I: 42 U.S.C. § 1983 – First Amendment

150.     The Jeffco Deputies incorporate by reference each of the paragraphs in this Answer as if fully set forth herein.

151.     The Jeffco Deputies deny the allegations in paragraph 426 of the TAC as they relate to them.

152.     the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 427 of the TAC and therefore deny them.

153.     The allegations contained in paragraph 428 of the TAC calls for legal conclusions to which no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations contained in paragraph 428 of the TAC.

154.     The Jeffco Deputies deny the allegations in paragraph 429 of the TAC as they relate to them.

155.    The allegations contained in paragraphs 430 through 435 of the TAC state legal conclusions to which no response is required. To the extent a response is required, the Jeffco Deputies deny the allegations contained in paragraphs 430 through 435 of the TAC.

156.    The allegations in paragraph 436 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 436 of the TAC.

157.    Plaintiffs have voluntarily dismissed Jefferson County Sheriff Jeff Shrader from this action rendering the allegations in paragraphs 437 through 438 of the TAC moot. To the extent a response is required, the Jeffco Deputies deny the allegations contained in paragraph 437 and 438 of the TAC as related to them.

158.    The allegations in paragraph 439 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 439 of the TAC.

159.    The Jeffco Deputies deny the allegations in paragraph 440 of the TAC to the extent they are directed toward the Jeffco Deputies.

**Answer to Count II: 42 U.S.C. § 1983 – Fourth Amendment**

160.    In response to paragraph 441 of the TAC, the Jeffco Deputies incorporate by reference each of the paragraphs in this Answer as if fully set forth herein.

161.    The Jeffco Deputies deny the allegations in paragraph 442 of the TAC as they relate to their actions.

162.    The Jeffco Deputies deny the allegations in paragraph 443 of the TAC to the extent they are directed toward the Jeffco Deputies.

163.     Plaintiffs have voluntarily dismissed Jefferson County Sheriff Jeff Shrader from this action rendering the allegations in paragraph 444 of the TAC moot. To the extent a response is required, the Jeffco Deputies deny any misconduct while assisting DPD at the protests in Denver on May 31, 2020.

164.     The allegations in paragraph 445 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 445 of the TAC.

165.     Plaintiffs have voluntarily dismissed Jefferson County Sheriff Jeff Shrader from this action rendering the allegations in paragraphs 446 and 447 of the TAC moot. To the extent a response is required, the Jeffco Deputies deny the allegations in paragraph 446 and 447 of the TAC to the extent they are directed toward the Jeffco Deputies.

166.     The allegations in paragraph 448 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraph 448 of the TAC.

167.     The Jeffco Deputies deny the allegations in paragraph 449 of the TAC to the extent they are directed toward the Jeffco Deputies.

### Answer to County III: 42 U.S.C. § 1983 – Fourteenth Amendment
### Due Process and Equal Protection
### (Against All Defendants Except Sheriff Shrader and Deputy Sheriff Dreith and Hamilton)

168.     In response to paragraph 450 of the TAC, the Jeffco Deputies incorporate by reference each of the paragraphs in this Answer as if fully set forth herein.

169.     The allegations in paragraphs 451 through 458 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco

Deputies are without sufficient information to admit or deny the allegations in paragraphs 451 through 458 of the TAC.

### Answer to County III: 42 U.S.C. § 1983 – Failure to Intervene
### (Against All Defendants Except Sheriff Shrader and Deputy Sheriff Dreith and Hamilton)

170.    In response to paragraph 459 of the TAC, the Jeffco Deputies in corporate by reference each of the paragraphs in this Answer as if fully set forth herein.

171.    The allegations in paragraphs 460 through 466 of the TAC are not directed at the Jeffco Deputies and therefore no response is required. To the extent a response is required, the Jeffco Deputies are without sufficient information to admit or deny the allegations in paragraphs 460 through 466 of the TAC.

### ANSWER TO PRAYER FOR RELIEF

172.    The Jeffco Deputies deny that Plaintiffs are entitled to any relief requested in the Request for Relief section of the TAC and therefore denies all allegations and requests for economic, compensatory, and punitive relief contained within paragraphs 467 through 475 of the TAC.

### General Denial

The Jeffco Deputies deny each allegation not specifically admitted herein.

### Affirmative Defenses

The Jeffco Deputies assert the following affirmative defenses:

1.    The TAC fails to state a valid claim upon which the relief prayed for may be granted.

2.    Plaintiffs have failed to mitigate their damages.

3.    The Jeffco Deputies are entitled to qualified immunity inasmuch as their actions did not violate constitutional rights of Plaintiffs, did not violate clearly established law at the time of the

events at issue, and were undertaken with a good faith belief in the lawfulness of their actions. The actions of Jeffco Deputies were objectively reasonable under the totality of the circumstances with which they were confronted.

4.      The Jeffco Deputies acted in full conformity with all applicable state and federal statutes, regulations, and laws.

5.      Plaintiffs' damages, if any, were proximately caused by their own conduct or the conduct of a third party and not by any unconstitutional conduct by the Jeffco Deputies.

6.      The Jeffco Deputies reserve the right to assert any additional affirmative defenses should factual bases become known during the course of litigation.

**JURY DEMAND**

The Jeffco Deputies hereby demand that this case be tried to a jury pursuant to FED. R. CIV. P. 38.

**JEFFCO DEPUTIES' REQUEST FOR RELIEF**

WHEREFORE, the Jeffco Deputies respectfully request that this Court enter judgment in their favor and against Plaintiffs, for an award of costs and attorneys' fees, and for any such further relief as the Court deems just and proper.

Dated: December 20, 2021.                     JEFFERSON COUNTY ATTORNEY'S OFFICE

By: */s/ Rachel Bender*
Rebecca Klymkowsky, #41673
Rachel Bender, #46228
Eric Butler, #29997
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
Telephone: 303.271.8932
Facsimile: 303.271.8901
rklymkow@jeffco.us

rbender@jeffco.us
ebutler@jeffco.us
*Attorneys for Jeffco Deputies*


## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I filed the foregoing JEFFCO DEPUTIES' ANSWER TO FITOURI PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND [ECF 219] via CM/ECF which will serve a true and correct copy upon the following:

Andreas E. Moffett, andreas.moffett@arnoldporter.com
Anya Amalia Havriliak, anya.havriliak@arnoldporter.com
Colin Michael O'Brien, colin.obrien@arnoldporter.com
Edwin Packard Aro, ed.aro@arnoldporter.com
Ferardo Mijares-Shafai, Gerardo.mijares-shafai@arnoldporter.com
Leslie Claire Bailey, Leslie.bailey@arnoldporter.com
Matthew J. Douglas, matthew.douglaw@arnoldporter.com
Michael J. Sebba, Michael.sebba@arnoldporter.com
Mindy Amanda Gorin, mindy.gorin@arnoldporter.com
Mollie DiBrell, mollie.dibrell@arnoldporter.com
Patrick Conor Reidy, Patrick.reidy@arnoldporter.com
Timothy R. Macdonald, timothy.macdonald@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP-DENVER
*Attorneys for Plaintiffs Epps, Wedgeworth, Blasingame, Rothlein, Packard, Lyman, Fisk, and Smith*

Arielle Kay Herzberg, aherzberg@aclu-co.org
Mark Silverstein, msilverstein@aclu-co.org
Sara R. Neel, sneel@aclu-co.org
AMERICAN CIVIL LIBERTIES UNION-DENVER
*Attorneys for Plaintiffs Epps, Wedgeworth, Blasingame, Rothlein, Packard, Lyman, Fisk, and Smith*

Daniel Moore Twetten, dan@loevy.com
Elizabeth C. Wang, elizabethw@loevy.com
LOEVY & LOEVY-BOULDER
*Attorneys for Plaintiffs Fitouri, Parkins, Taylor, Amghar, Sannier, Deras, and Duran*

Makeba Rutahindurwa, makeba@loevy.com
LOEVY & LOEVY-CHICAGO
*Attorney for Plaintiff Fitouri Parkins, Taylor, Amghar, Sannier, Deras, and Duran*

Andrew Joseph McNulty, amcnulty@kln-law.com
Reid Robertson Allison, rallison@kln-law.com
KILLMER LANE & NEWMAN LLP
*Attorneys for Plaintiff Acker*

Andrew David Ringel, ringela@hallevans.com
Katherine Hoffman, hoffmank@hallevans.com
HALL & EVANS LLC-DENVER
*Attorneys for Defendant Denver, Felkins, Abeyta, Tak, Lnu, and Pazen*

Hollie Renee Birkholz, hollie.birkholz@denvergov.org
Lindsay Michelle Jordan, lindsay.jordan@denvergov.org
Robert Charles Huss, Robert.huss@denvergov.org
DENVER CITY AND COUNTY ATTORNEY'S OFFICE
*Attorneys for Defendants Denver, Felkins, Abeyta, Tak, Lnu, and Pazen*

Isabelle Sabra Evans, ievans@auroragov.org
Peter Ruben Morales, pmorales@auroragov.org
AURORA CITY ATTORNEY'S OFFICE
*Attorneys for Defendants Aurora, Brukbacher, Serrant, and McNamee*

David M Goddard, dgoddard@brunolawyers.com
Michael T. Lowe, mlowe@brunolawyers.com
Bruno, Colin & Lowe, P.C.
*Attorneys for Defendants Budaj, McNamee, Serrant, and Brukbacher*

                                        */s/ Briana McCarten*