IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, *et al.*

Defendants.

---

## OFFICER JONATHAN CHRISTIAN'S ANSWER AND JURY DEMAND TO THE FIRST AMENDED EPPS COMPLAINT [ECF 178]

---

Defendant Officer Jonathan Christian ("Defendant"), through undersigned counsel, provides the following Answer and Jury Demand to the First Amended Complaint ("FAC") filed by Elisabeth Epps, *et al.* ("Plaintiffs") [ECF 178]:

## __INTRODUCTION__

1.      The allegations contained in paragraph 1 of the FAC do not appear to require a response. To the extent a response is required, Defendant denies he violated Plaintiffs' constitutional rights. Defendant denies the City and County of Denver ("Denver") has a policy, custom, or practice of allowing police officers to violate constitutional rights. Defendant is without sufficient information and knowledge to admit or deny allegations regarding the force used by other Defendants and/or law enforcement agencies, and as a result, denies the same. Defendant is

without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 1 of the FAC, and as a result, denies the same.

2.      With respect to the allegations contained in paragraph 2 of the FAC, Defendant admits the factual allegations therein are consistent with the information reported by the media regarding the death of Mr. Floyd, but Defendant is without sufficient information to admit or deny the characterization or specifics thereof.

3.      With respect to the allegations contained in paragraph 3 of the FAC, Defendant admits the factual allegations therein are consistent with the information reported by the media regarding the death of Mr. Garner, but Defendant is without sufficient information to admit or deny the characterization or specifics thereof.

4.      With respect to the allegations contained in paragraph 4 of the FAC, Defendant admits the factual allegations therein are consistent with the information reported by the media regarding the death of Ms. Taylor, but Defendant is without sufficient information to admit or deny the characterization or specifics thereof.

5.      Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 5 of the FAC, and, as a result, denies the same.

6.      Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 6 of the FAC, and, as a result, denies the same.

7.      Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 7 of the FAC, and, as a result, denies the same.

8.      Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 8 of the FAC , and, as a result, denies the same.

9.      Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 9 of the FAC, and, as a result, denies the same.

10.     With respect to the allegations contained in paragraph 10 of the FAC, Defendant admits the death of Mr. Floyd was captured on video and this sparked widespread protests, including in Denver. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 10, and, as a result, denies the same.

11.     With respect to the allegations contained in paragraph 11 of the FAC, Defendant denies he used excessive force. Defendant is without sufficient information and knowledge to admit or deny allegations regarding the force used by other Defendants and/or law enforcement agencies, and as a result, denies the same. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 11 of the FAC, and as a result, denies the same.

12.     With response to the allegations contained in paragraph 12 of the FAC, Defendant admits other law enforcement agencies assisted the Denver Police Department ("DPD") in responding to the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 12, and, as a result, denies the same.

13.     With respect to the allegations contained in paragraph 13 of the FAC, Defendant admits DPD officers used less-lethal equipment during the protests. Defendant denies he used less-lethal equipment to suppress peaceful protest activity and denies he used excessive force. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 13, and, as a result, denies the same.

14.     The allegations in paragraph 14 of the FAC are conclusory and seek to state an objectionable legal conclusion, to which no response is required. To the extent a response from Defendant may be required, Defendant denies all the allegations in paragraph 14 of the FAC.

15.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 15, and, as a result, denies the same.

16.     With respect to the allegations contained in paragraph 16 of the FAC, Defendant admits Plaintiffs bring an action seeking various forms of relief but denies Plaintiffs are entitled to any such relief. Defendant denies he used unjustified and indiscriminate force during the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 16, and, as a result, denies the same.

## RESPONSE TO PARTIES

17-24. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 17-24, and, as a result, denies the same.

25.     Defendant admits the allegations contained in paragraph 25 of the FAC.

26-29. The allegations in paragraphs 26-29 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 26-29 of the FAC, and as a result, denies the same.

30.     Defendant admits the allegations contained in paragraph 30 of the FAC.

31.     The allegations in paragraph 31 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant admits Officer Keith Valentine was an employee of DPD during the timeframe relevant

to the FAC. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 31 of the FAC, and as a result, denies the same.

32-34. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 32-34 of the FAC, and as a result, denies the same.

## RESPONSE TO JURISDICTION AND VENUE

35.     Defendant admits Plaintiffs contend their constitutional rights allegedly were violated, but states Plaintiffs' claims are without merit and Plaintiffs are not entitled to any of the relief they seek in the FAC to the extent alleged in paragraph 35 of the FAC. Defendant admits this Court has subject matter jurisdiction over matters involving federal questions pursuant to 28 U.S.C. § 1331. Defendant denies the remaining allegations in paragraph 35 while noting that federal rules and statutes speak for themselves.

36.     Defendant does not contest the propriety of venue in this matter to the extent asserted in paragraph 36 of the FAC, but states Plaintiffs' claims are without merit and Plaintiffs are not entitled to any of the relief they seek in the FAC to the extent alleged in paragraph 36.

## RESPONSE TO FACTUAL BACKGROUND

37.     With respect to the allegations contained in paragraph 37 of the FAC, Defendant admits protests began on May 28, 2020, in Denver in response to the killing of George Floyd. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 37 of the FAC, and as a result, denies the same.

38.     With respect to the allegations contained in paragraph 38 of the FAC, Defendant admits DPD officers wore protective gear and used less-lethal force during the protests. Defendant denies he used violent law enforcement tactics on peaceful protestors. Defendant denies his

conduct violated DPD's Operations Manual or the Constitution. Defendant is without sufficient information and knowledge to admit or deny allegations regarding the force used by other Defendants and/or law enforcement agencies, and as a result, denies the same. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 38 of the FAC, and as a result, denies the same.

### Response to Weapons Used

39.     With respect to the allegations in paragraph 39 of the FAC, Defendant admits DPD officers used less-lethal equipment during the protests. Defendant is without sufficient information and knowledge to admit or deny allegations regarding weapons used by other Defendants and/or law enforcement agencies, and as a result, denies the same. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 39 of the FAC, and as a result, denies the same.

40.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 40 of the FAC, and as a result, denies the same.

41.     With respect to the allegations contained in paragraph 41 of the FAC, Defendant admits DPD officers used CS gas canisters, which are often referred to as tear gas, and DPD officers used OC spray, which is often referred to as pepper spray. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 41 of the FAC, and as a result, denies the same.

42.     With respect to the allegations contained in paragraph 42 of the FAC, Defendant admits DPD officers used CS gas canisters, which can produce a cloud, during the course of the

protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 42 of the FAC, and as a result, denies the same.

43.     With respect to the allegations contained in paragraph 43 of the FAC, Defendant admits CS can cause coughing, tear production, mucus production, skin irritation, and a burning sensation in the eyes and nose. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 43 of the FAC, and as a result, denies the same.

44-46. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 44 through 46 of the FAC, and as a result, denies the same.

47.     With respect to the allegations contained in paragraph 47 of the FAC, Defendant admits smoke canisters emit smoke which can make it difficult to see. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 47 of the FAC, and as a result, denies the same.

48.     With respect to the allegations contained in paragraph 48 of the FAC, Defendant admits DPD officers used less-lethal equipment over the course of the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 48 of the FAC, and as a result, denies the same.

49.     Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 49 of the FAC, and as a result, denies the same.

50.     With respect to the allegations in paragraph 50 of the FAC, Defendant admits pepper balls or 40 mm foam rounds can cause bruises. Absent additional factual context,

Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 50 of the FAC, and as a result, denies the same.

51.     Absent additional factual context, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 51 of the FAC, and as a result, denies the same.

52.     With respect to the allegations in paragraph 52 of the FAC, Defendant denies he intentionally aimed at individuals' prohibited body parts. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 52 of the FAC, and as a result, denies the same.

53-55.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 53 through 55 of the FAC, and as a result, denies the same.

56.     With respect to the allegations contained in paragraph 56 of the FAC, Defendant admits DPD officers fired 40 mm foam rounds over the course of the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 56 of the FAC, and as a result, denies the same.

57.     With respect to the allegations contained in paragraph 57 of the FAC, Defendant admits DPD officers fired 40 mm foam rounds (sometimes referred to as sponge rounds) during the course of the protests and admits such rounds can commonly cause bruising or welts if an individual is struck by them. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 57 of the FAC, and as a result, denies the same.

58.     With respect to the allegations contained in paragraph 58 of the FAC, Defendant denies he "shot" the rubber pellets depicted in paragraph 58. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 58 of the FAC, and as a result, denies the same.

59.     With respect to the allegations contained in paragraph 59 of the FAC, Defendant admits DPD officers fired pepper balls during the course of the protests and admits pepper balls usually burst, emitting OC powder, when they strike hard objects or people. Without additional context, Defendant can neither admit or deny the remaining allegations of this paragraph, and as a result, denies the same.

60.     With respect to the allegations contained in paragraph 60 of the FAC, Defendant admits OC powder contained in pepper balls can irritate exposed skin. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 60 of the FAC, and as a result, denies the same.

61-63.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 61 through 63 of the FAC, and as a result, denies the same.

64-66.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 64 through 66 of the FAC, and as a result, denies the same.

67.     With respect to the allegations in paragraph 67 of the FAC, Defendant denies he shot grenades at protesters. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 67 and, as a result denies the same.

68.     With respect to the allegations in paragraph 68 of the FAC, Defendant admits that paragraph 68 of the FAC contains a general description of flash bang diversionary devices.

Without additional factual context, Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 68 of the FAC, and as a result, denies the same.

69.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 69 of the FAC, and as a result, denies the same.

70.     With respect to the allegations contained in paragraph 70 of the FAC, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 70 of the FAC, and as a result, denies the same.

71.     With respect to the allegations contained in paragraph 71 of the FAC, Defendant admits DPD officers used OC spray over the course of the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 71 of the FAC, and as a result, denies the same.

72.     Defendant admits paragraph 72 of the FAC contains a general description of pepper spray.

73.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 73 of the FAC, and as a result, denies the same.

74.     Defendant admits paragraph 74 of the FAC contains a general description of the potential effects of pepper spray.

75.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 75 of the FAC, and as a result, denies the same.

### Response to Timeline of Law Enforcement Response to Protests in Denver

76.     With respect to the allegations contained in paragraph 76 of the FAC, Defendant admits protest activity in Denver connected to Mr. Floyd's death generally began on May 28, 2020. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 76 of the FAC, and as a result, denies the same.

77.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 77 of the FAC, and as a result, denies the same.

78.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 78 of the FAC, and as a result, denies the same.

79.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 79 of the FAC, and as a result, denies the same.

80.     With respect to the allegations contained in paragraph 80 of the FAC, Defendant admits DPD officers used less-lethal equipment over the course of the protests. Defendant denies he discharged less-lethal weapons at peaceful protestors. Defendant denies the characterization the protestors who gathered in Denver on May 28, 2020, were largely peaceful and affirmatively states many protestors engaged in force and acts of violence against DPD officers. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 80 of the FAC, and as a result, denies the same.

81.     With respect to the allegations contained in paragraph 81 of the FAC, Defendant admits protests took place on May 29, 2020, DPD officers wore protective gear, and DPD officers used less-lethal equipment over the course of the protests. Defendant denies he used violent or intimidating tactics. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 81 of the FAC, and as a result, denies the same.

82.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 82 of the FAC, and as a result, denies the same.

83.     With respect to the allegations contained in paragraph 83 of the FAC, Defendant admits protests took place on May 30, 2020, and DPD officers used less-lethal weapons over the course of the protests. Defendant denies he intentionally fired projectiles at protestors' faces. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 83 of the FAC, and as a result, denies the same.

84.     With respect to the allegations contained in paragraph 84 of the FAC, Defendant admits Denver enacted a curfew in response to rioting, vandalism, and assaults committed by individuals embedded in the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 84 of the FAC, and as a result, denies the same.

85-86.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 85 through 86 of the FAC, and as a result, denies the same.

87.     With respect to the allegations contained in paragraph 87 of the FAC, Defendant admits protests took place on May 31, 2020, and DPD officers used less-lethal weapons over the course of the protests. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 87 of the FAC, and as a result, denies the same.

88.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 88 of the FAC, and as a result, denies the same.

89.     With respect to the allegations contained in paragraph 89 of the FAC, Defendant denies he intentionally used "kettling" or other tactics to trap protestors on June 1, 2020. Defendant

denies he worked on June 2, 2020, and is therefore without sufficient information and knowledge to admit or deny allegations regarding tactics used on June 2, 2020, contained in paragraph 89 of the FAC, and as a result, denies the same. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 89 of the FAC, and as a result, denies the same.

90.     With respect to the allegations contained in paragraph 90 of the FAC, Defendant admits a lawsuit was filed which resulted in a temporary restraining order. Defendant states the temporary restraining order speaks for itself and denies any characterizations which differ from the order, are incomplete, or are otherwise taken out of context. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 90 of the FAC, and as a result, denies the same.

**Response to Allegations Concerning Plaintiff Elisabeth Epps**

91-94.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 91 through 94 of the FAC and, as a result denies the same.

95.     With respect to the allegations in paragraph 95 of the FAC, Defendant is without sufficient information and knowledge to admit or deny the allegations he shot Plaintiff Epps with pepper balls and, as a result denies the same. Defendant denies he did not issue any warnings to Plaintiff Epps. Defendant denies his actions were without justification and affirmatively states Plaintiff Epps was standing in the middle of the roadway obstructing traffic. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 95 of the FAC and, as a result denies the same.

96-100. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 96 through 100 of the FAC and, as a result denies the same.

### Response to Allegations Concerning Plaintiff Ashlee Wedgeworth

101-107.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 101 through 107 of the FAC and, as a result, denies the same.

### Response to Allegations Concerning Plaintiff Amanda Blasingame and Plaintiff Maya Rothlein

108-114.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 108 through 114 of the FAC and, as a result, denies the same.

### Response to Allegations Concerning Plaintiff Zachary Packard

115-122.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 115 through 122 of the FAC and, as a result, denies the same.

### Response to Allegations Concerning Plaintiff Hollis Lyman

123-128.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 123 through 128 of the FAC and, as a result, denies the same.

### Response to Allegations Concerning Plaintiff Stanford Smith

129-136.  Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 129 through 136 of the FAC and, as a result, denies the same.

### Response to Allegations Concerning Denver's Policies, Practices, and/or Customs

137-148. The allegations in paragraphs 137-148 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent a response from Defendant may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 137 through 148 of the FAC, and as a result, denies the same.

**Response to Allegations Concerning Aurora's Policies, Practices, and/or Customs**

149-154.   The allegations in paragraphs 149 through 154 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraph 149 through 154 are directed at Defendant and a response may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 149 through 154 of the FAC, and as a result, denies the same.

## CLAIMS FOR RELIEF

### CLAIM 1
**Violation of Plaintiffs' First Amendment Rights by Denver, Christian, Valentine, and McNamee, John and Jane Does 1-100, Jon and Jane Boes 1-100**

155.   Defendant denies the allegations contained in paragraph 155 of the FAC.

156.   With respect to the allegations in paragraph 156 of the FAC, Defendant denies he engaged in any unconstitutional acts and denies he violated Plaintiff Epps' rights. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 156 as they relate to other Defendants and, as a result denies the same.

157.   Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 157 as they relate to other Defendants and, as a result denies the same.

158.   Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 158 of the FAC as they relate to unidentified Defendants and, as a result denies the same.

159.   With respect to the allegations in paragraph 159 of the FAC, Defendant denies he engaged in excessive force against peaceful protesters. Defendant is without sufficient information

and knowledge to admit or deny the remaining allegations contained in paragraph 159 as they relate to other Defendants and, as a result denies the same. The remainder of this paragraph calls for a legal conclusion, for which no response is required, though to the extent a response is required, Defendant denies the same.

160.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 160 of the FAC as they relate to unidentified Defendants and, as a result denies the same.

161.    With respect to the allegations in paragraph 161 of the FAC, Defendant denies he acted with the purpose of suppressing First Amendment rights. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 161 as they relate to other Defendants and, as a result denies the same. This paragraph otherwise calls for a legal conclusion, for which no response is required, though to the extent a response is required, Defendant denies the same.

162.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 162 as they relate to other Defendants and, as a result denies the same.

163.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 163 of the FAC as they relate to unidentified Defendants and, as a result denies the same.

164-166. The allegations in paragraphs 164-166 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraphs 164 through

166 are directed at Defendant and a response may be required, Defendant denies the allegations contained in paragraphs 164 through 166 of the FAC.

167.     With respect to the allegations in paragraph 167 of the FAC, Defendant denies he acted with reckless or callous indifference to Plaintiff Epps' First Amendment rights. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 167 as they relate to other Defendants and, as a result denies the same. The remainder of this paragraph calls for a legal conclusion, for which no response is required, though to the extent a response is required, Defendant denies the same.

168.   Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 168 of the FAC as they relate to other Defendants and, as a result denies the same.

169.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 169 of the FAC as they relate to unidentified Defendants and, as a result denies the same.

170.     The allegations in paragraph 170 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraphs 170 are directed at Defendant and a response may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 170 of the FAC and, as a result denies the same.

<u>**CLAIM 2**</u>
**Violation of Plaintiffs' Fourth and/Fourteenth Amendment Rights by Denver, Christian, Valentine, and McNamee, John and Jane Does 1-100, Jon and Jane Boes 1-100**

171.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 171 of the FAC as they relate to unidentified Defendants, and, as a result, denies the same.

172.     With respect to the allegations in paragraph 172 of the FAC, Defendant denies his actions violated Plaintiff Epps' Constitutional rights. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 172 as they relate to other Defendants and, as a result denies the same. The remainder of this paragraph calls for a legal conclusion, for which no response is required, though to the extent a response is required, Defendant denies the same.

173.     Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 173 of the FAC as they relate to other Defendants, and, as a result, denies the same.

174.     With respect to the allegations contained in paragraph 174 of the FAC, Defendant denies that Denver's policies, customs, and practices violate the Constitution. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 174 as they relate to other Defendants, and, as a result, denies the same.

175.     With respect to the allegations in paragraph 175 of the FAC, Defendant denies he acted with reckless or callous indifference to Plaintiff Epps' rights. Defendant is without sufficient information and knowledge to admit or deny the remaining allegations contained in paragraph 175 as they relate to other Defendants and, as a result denies the same. The remainder of this paragraph calls for a legal conclusion, for which no response is required, though to the extent a response is required, Defendant denies the same.

176.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 176 of the FAC as they relate to other Defendants, and, as a result, denies the same.

177.    Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 177 of the FAC as they relate to unidentified Defendants, and, as a result, denies the same.

178.    The allegations in paragraph 178 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraphs 178 are directed at Defendant and a response may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraph 178 of the FAC and, as a result denies the same.

## CLAIM 3

### Violation of Plaintiff Packard's and Smith's First Amendment Rights by Aurora and McNamee, John and Jane Does 1-100

179-191.  The allegations in paragraphs 179 through 191 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraphs 179 through 191 are directed at Defendant and a response may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 179 through 191 of the FAC, and as a result, denies the same.

## CLAIM 4

### Violation of Plaintiff Packard's and Smith's Fourth and/or Fourteenth Amendment Rights by Aurora and McNamee

192-196.  The allegations in paragraphs 192 through 196 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraphs

192 through 196 are directed at Defendant and a response may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 192 through 196 of the FAC, and as a result, denies the same.

## CLAIM 5
### § 1983 Supervisory Liability against Defendants Serrant and Brukbacher for the violation of Plaintiff Packard's Constitutional Rights

197-198.  The allegations in paragraphs 197 through 198 of the FAC are not directed at Defendant, so no response is required from Defendant. To the extent the allegations in paragraphs 197 through 198 are directed at Defendant and a response may be required, Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 197 through 198 of the FAC, and as a result, denies the same.

### Response to Allegations Concerning Relief Requested

199-206.  Defendant denies Plaintiffs are entitled to the relief requested in paragraphs 199 through 206 of the FAC as to the Defendant. Defendant is without sufficient information and knowledge to admit or deny the allegations contained in paragraphs 199 through 206 of the FAC as they relate to other Defendants, and as a result, denies the same.

### GENERAL DENIAL

In addition to the specific responses asserted above, Defendant denies each and every other allegation contained in the FAC, except to the extent expressly and specifically admitted herein.

### DEFENSES

1.      Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted against Defendant.

2.      Defendant is entitled to qualified immunity because his actions were objectively reasonable, undertaken in good faith and did not violate clearly established law.

3.      On information and belief, Plaintiffs failed to mitigate their damages, if any.

4.      Some or all of Plaintiffs' injuries and damages, if any, were either pre-existing or were not proximately caused by any act or omission of or by Defendant.

5.      At all times pertinent herein, Defendant acted in accordance with all constitutional obligations and without any intent to cause Plaintiffs harm.

6.      Plaintiffs' injuries and damages, if any, were proximately caused by the acts or omissions of others over whom Defendant possessed no ability or opportunity to control or right to control.

7.      In all respects, Defendant acted in accordance with applicable legal authority in all actions or inactions associated with Plaintiffs negating any claim of liability asserted by Plaintiffs against him.

8.      Plaintiffs' damages, if any, are not to the nature and extent alleged.

9.      Defendant is not liable for any punitive damages pursuant to federal law in connection with this matter.

10.     Defendant hereby incorporates herein by reference all applicable defenses and affirmative defenses raised by any of the other Defendant in this matter in any Answer or Motion filed by any of the other Defendant with the District Court.

11.     Defendant specifically reserves the right to amend this Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

## **JURY DEMAND**

Defendant demand a trial by jury pursuant to Fed. R.Civ.P. 38.

WHEREFORE, Defendant, having fully answered the allegations of Epps Plaintiffs' First Amended Complaint, respectfully requests that the Court dismiss the First Amended Complaint, with prejudice; enter judgment in Defendant's favor and against Plaintiffs for attorney fees and costs; and to grant such other and further relief as the Court deems just and proper.

DATED this 22nd day of December 2021.

Respectfully submitted,

By: *s/ Hollie R. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Defendant, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
        robert.huss@denvergov.org
        lindsay.jordan@denvergov.org
*Attorneys for the City and County of Denver*

and

Andrew D. Ringel, Esq.
Katherine Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Defendant, Colorado 80202
Telephone:  (303) 628-3300
Facsimile:  (303) 628-3368
E-mail:  ringela@hallevans.com

22

hoffmank@hallevans.com
*Attorneys for the City and County of Denver*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2021, the foregoing **OFFICER JONATHAN CHRISTIAN'S ANSWER AND JURY DEMAND TO THE FIRST AMENDED EPPS COMPLAINT [ECF 178]** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
ACLU of Colorado
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Isabelle Sabra Evans
Peter Ruben Morales
Office of the Aurora City Attorney
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Aurora Officers Brukbacher, Budaj, McNamee and Serrant in their official capacities*

David M. Goddard
Michael T. Lowe
Bruno, Colin & Lowe, P.C.
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Rachel Bender
Rebecca Klymkowsky
Jefferson County Attorney's Office
rbender@jeffco.us
rklymkow@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Defendant Police Officers*

*s/ Camelia Close*
Denver City Attorney's Office