**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, et al.,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et al.

      Defendants.

---

## AURORA DEFENDANTS' ANSWER TO EPPS PLAINTIFFS' FIRST AMENDED COMPLAINT

---

Defendants City of Aurora and Officers David McNamee, Patricio Serrant, and Matthew Brukbacher ("Aurora Defendants"), by and through their counsel of record, hereby submit the following Answer to the Epps Plaintiffs' First Amended Complaint ("Complaint") [ECF 178].

## ANSWER TO INTRODUCTION

1.      Aurora Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      As to the allegations contained in Paragraph 2 of the Complaint, Aurora Defendants admit that the death of George Floyd took place during his arrest by officers of the Minneapolis Police Department. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 2.

3.      As to the allegations contained in Paragraph 3 of the Complaint, Aurora Defendants admit that Eric Garner died during the course of his arrest by New York police officers. Aurora

Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 3.

4.      As to the allegations contained in Paragraph 4 of the Complaint, Aurora Defendants admit that Breonna Taylor died during the execution of a warrant by the Louisville, Kentucky police. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 4.

5.      As to the allegations contained in Paragraph 5 of the Complaint, Aurora Defendants admit that deaths have occurred around the country. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 5.

6.      As to the allegations contained in Paragraph 6 of the Complaint, Aurora Defendants admit that Elijah McClain and David Baker died after interactions with the Aurora Police Department. Aurora Defendants further admit that Michael Marshall and Marvin Booker died after interactions with Denver sheriffs. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 6.

7.      As to the allegations contained in Paragraph 7 of the Complaint, Aurora Defendants admit that Tony McDade, Laquan McDonald, Freddie Gray, Aiyana Stanley-Jones, Botham Jean, Michael Brown, Yvette Smith, Alton Sterling, Walter Scott, Tamir Rice, Philando Castile, and Stephon Clark died after interactions with law enforcement around the country. Aurora Defendants

deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 7.

8.     Paragraph 8 of the Complaint does not contain allegations to which a response is required. To the extent that a response is required, Aurora Defendants deny the allegations contained in Paragraph 8.

9.     Paragraph 9 of the Complaint does not contain allegations to which a response is required. To the extent that a response is required, Aurora Defendants deny the allegations contained in Paragraph 9.

10.     As to the allegations contained in Paragraph 10 of the Complaint, Aurora Defendants admit that protests took place following the death of George Floyd. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 10.

11.     As to the allegations contained in Paragraph 11 of the Complaint, Aurora Defendants admit that they provided assistance to the City and County of Denver under a request for mutual aid and that other agencies provided similar aid. Aurora Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

12.     As to the allegations contained in Paragraph 12 of the Complaint, Aurora Defendants admit that the City of Aurora provided assistance to the City and County of Denver under a request for mutual aid. The remaining allegations contained in Paragraph 12 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a

response is required, Aurora Defendants deny all remaining allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants deny all allegations contained in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required and is not directed to Aurora Defendants. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore deny the same.

16.     Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent that Paragraph 16 alleges Plaintiffs' subjective beliefs, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, deny the same. To the extent a further response is required, Aurora Defendants deny the allegations contained in Paragraph 1 of the Complaint.

## ANSWER TO PARTIES

17.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny the same.

22.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny the same.

23.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny the same.

24.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

25.      Aurora Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.      Aurora Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.      Aurora Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.      Aurora Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.      Aurora Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.      Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny the same.

31.      Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32.      Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33.      Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34.    Aurora Defendants admit the allegations contained in Paragraph 34 of the Complaint to the extent that they are directed towards Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 to the extent they are alleged against other Defendants and, therefore, deny the same.

## ANSWER TO JURISDICTION AND VENUE

35.    Aurora Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.    Aurora Defendants admit the allegations contained in Paragraph 36 of the Complaint.

## ANSWER TO FACTUAL BACKGROUND

37.    As to the allegations contained in Paragraph 37 of the Complaint, Aurora Defendants admit that protests took place following the deaths of George Floyd and Breonna Taylor. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation. To the extent any further response is required, Aurora Defendants deny the remaining allegation(s) contained in Paragraph 37.

38.    As to the allegations contained in Paragraph 37 of the Complaint, Aurora Defendants admit that protests took place following the death of George Floyd and that the City of Aurora provided assistance to the City and County of Denver under a request for mutual aid. Aurora Defendants further admit that certain Aurora officers wore protective gear during portions of the incidents alleged in the Complaint. Aurora Defendants deny that these allegations are

relevant or admissible in the present litigation. Aurora Defendants deny the remaining allegation(s) contained in Paragraph 38.

### ANSWER TO WEAPONS USED

39.     As to the allegations contained in Paragraph 39 of the Complaint, Aurora Defendants admit that certain Aurora officers were equipped with and deployed less lethal munitions during the course of providing mutual aid to Denver. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and the accompanying photograph and, therefore, deny the same.

41.     As to the allegations contained in Paragraph 41 of the Complaint, Aurora Defendants admit that CS and OC spray are aerosolized chemical agents and that some officers from various agencies may be deployed these agents during the mutual aid response in Denver. Aurora Defendants deny all remaining allegations contained in Paragraph 41 of the Complaint.

42.     As to the allegations contained in Paragraph 42 of the Complaint, Aurora Defendants admit that cannisters can be used to deploy aerosolized chemical agents. Aurora Defendants deny the remaining allegations contained in Paragraph 42. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations associated with the photographs in Paragraph 42 and therefore deny the same.

43.      As to the allegations contained in Paragraph 43 of the Complaint, Aurora Defendants admit that tear gas can cause a temporary physical reaction when inhaled. Aurora Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.      As to the allegations contained in Paragraph 44 of the Complaint, Aurora Defendants admit that tear gas can cause a temporary physical reaction when inhaled and in rare cases can have more severe side effects. Aurora Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45.      As to the allegations contained in Paragraph 45 of the Complaint, Aurora Defendants admit that there are regulations upon the use of aerosolized chemical agents. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation and deny the allegations contained in Paragraph 45 of the Complaint.

46.      As to the allegations contained in Paragraph 46 of the Complaint, Aurora Defendants admit that COVID-19 was present and transmissible at the time of these alleged incidents and that public health officials advised individuals to maintain social distancing. Aurora Defendants deny that these allegations are relevant or admissible in the present litigation and deny the remaining allegations contained in Paragraph 46 of the Complaint.

47.      As to the allegations contained in Paragraph 47 of the Complaint, Aurora Defendants admit that cannisters can be used to deploy smoke. Aurora Defendants deny the remaining allegations contained in Paragraph 47. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations associated with the photographs in Paragraph 47 and therefore deny the same.

48.     As to the allegations contained in Paragraph 48 of the Complaint, Aurora Defendants admit that certain officers are certified in the use of 40mm launchers to deploy kinetic impact projectiles ("KIPs"). Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Complaint and therefore deny the same. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations associated with the photographs in Paragraph 48 and therefore deny the same.

49.     Aurora Defendants admit that KIPs have a larger surface area than certain other types of ammunition and that accuracy may be impacted in certain situations. Aurora Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Aurora Defendants admit that KIPs can cause contusions, abrasions, or hematomas in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Aurora Defendants admit that KIPs can cause more serious injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Aurora Defendants deny the allegations contained in Paragraph 52 as they are alleged against the Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations as alleged against other Defendants and therefore deny the same.

53. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny the same.

54. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny the same.

55. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore deny the same.

56. The allegations contained in Paragraph 56 are not alleged against Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. As to the allegations contained in Paragraph 57 of the Complaint, Aurora Defendants admit that certain Aurora officers are certified in the use of 40mm launchers to deploy KIPs. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

58. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny the same.

59. Aurora Defendants deny the allegations contained in Paragraph 59 as directed toward Aurora Defendants. Aurora Defendants do not carry and did not deploy pepper balls.

Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint as alleged against any other Defendant and therefore deny the same.

60.     Aurora Defendants admit that pepper balls can cause a physical reaction to exposed skin. Aurora Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Aurora Defendants admit that pepper balls can cause more serious injuries in certain circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore deny the same.

63.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore deny the same.

64.     The allegations contained in Paragraph 64 are not directed toward Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore deny the same.

66.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore deny the same.

67.     As to the allegations contained in Paragraph 67, Aurora Defendants admit that some officers were equipped with flash bang devices. Aurora Defendants deny the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Aurora Defendants admit that flashbang devices can cause injuries in some circumstances. Aurora Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Aurora Defendants admit that rubber pellet grenades disperse rubber projectiles. Aurora Defendants deny the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Aurora Defendants admit that some grenade devices can deploy chemical munitions. Aurora Defendants deny the remaining allegations contained in Paragraph 70 of the Complaint.

71.     Aurora Defendants admit that pepper spray was deployed by some officers during the incidents. With respect to the allegations associated with the photographs in Paragraph 71, Aurora Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the same.

72.     Aurora Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73.     Aurora Defendants admit that the direction of the application of chemical agents can impact the amount applied. Aurora Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74.     As to the allegations contained in Paragraph 74 of the Complaint, Aurora Defendants admit that pepper spray can cause a temporary physical reaction when inhaled. Aurora Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

75.     Aurora Defendants without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and therefore deny the same.

## ANSWER TO TIMELINE OF LAW ENFORCEMENT RESPONSE TO PROTESTS IN DENVER

76.     Aurora Defendants were not present on May 28, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 76 through 80 of the Complaint and therefore deny the same.

77.     As to the allegations contained in Paragraphs 81 through 82, Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 81 through 82 of the Complaint and therefore deny the same.

78.     To the extent the allegations contained in Paragraph 83 are alleged against Aurora Defendants, Aurora Defendants deny the same. To the extent the allegations contained in Paragraph 83 are alleged against other Defendants, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

79.     As to the allegations contained in Paragraph 84 of the Complaint, Aurora Defendants admit that Denver imposed a curfew of 8pm. To the extent the remaining allegations are alleged against Aurora Defendants, Aurora Defendants deny the same. To the extent the allegations contained in Paragraph 84 are alleged against other Defendants, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

80.     As to the allegations contained in Paragraph 85 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

81.     As to the allegations contained in Paragraph 86 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

82.     As to the allegations contained in Paragraph 87 of the Complaint, Aurora Defendants admit that some officers deployed less lethal devices during the course of the incident response. Aurora Defendants deny the remaining allegations contained in Paragraph 87.

83.     As to the allegations contained in Paragraph 88 of the Complaint as alleged against Aurora Defendants, Aurora Defendants deny the allegations. To the extent the allegations contained in Paragraph 88 are alleged against other Defendants, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

84.     As to the allegations contained in Paragraph 89 of the Complaint as alleged against Aurora Defendants, Aurora Defendants deny the allegations. To the extent the allegations

contained in Paragraph 89 are alleged against other Defendants, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

85.     As to the allegations contained in Paragraph 90 of the Complaint, Aurora Defendants admit that a lawsuit was filed against Denver and an order was issued by Judge Jackson related to that litigation. Aurora Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

## ANSWER TO DEFENDANTS' ILLEGAL ACTIONS CAUSED INJURIES TO PLAINTIFFS

## ANSWER TO PLAINTIFF ELIZABETH EPPS

86.     As to the allegations contained in Paragraph 91 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

87.     As to the allegations contained in Paragraph 92 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

88.     As to the allegations contained in Paragraphs 93 through 96, Aurora Defendants were not present on May 28, 2020 or May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 93 through 96 of the Complaint and therefore deny the same.

89.     The allegations contained in Paragraphs 97 through 99 are not directed toward Aurora Defendants and therefore no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraphs 97 through 99.

90.     As to the allegations contained in Paragraph 100 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

## ANSWER TO PLAINTIFF ASHLEE WEDGEWORTH

91.     As to the allegations contained in Paragraph 101 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

92.     As to the allegations contained in Paragraph 102 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

93.     As to the allegations contained in Paragraph 103, Aurora Defendants were not present on May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and therefore deny the same.

94.     As to the allegations contained in Paragraph 104 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

95.     As to the allegations contained in Paragraph 105 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

96.     As to the allegations contained in Paragraph 106 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

97.     As to the allegations contained in Paragraph 107 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

## ANSWER TO PLAINTIFF AMANDA BLASINGAME AND PLAINTIFF MAYA ROTHLEIN

98.     As to the allegations contained in Paragraph 108 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

99.     As to the allegations contained in Paragraphs 109 through 110, Aurora Defendants were not present on May 28, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 109 through 110 of the Complaint and therefore deny the same.

100.    As to the allegations contained in Paragraphs 111 through 114 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

## RESPONSE TO PLAINTIFF ZACH PACKARD

101.    As to the allegations contained in Paragraph 115 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

102.    As to the allegations contained in Paragraph 116 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

103.    As to the allegations contained in Paragraph 117 of the Complaint, Aurora Defendants admit that Aurora officers were present at the intersection of Colfax and Washington on May 31, 2020 and that certain of those officers were equipped with less lethal munitions. Aurora Defendants further admit that Aurora officers were instructed to deploy munitions as appropriate in response to violence from members of the crowd. Aurora Defendants deny all remaining allegations contained in Paragraph 117 of the Complaint.

104.    As to the allegations contained in Paragraph 118 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

105.    As to the allegations contained in Paragraph 119 of the Complaint, Aurora Defendants admit that announcements regarding curfew were made at the location in question. Aurora Defendants further admit that Sergeant Brukbacher has performed training for the Aurora Police Department and was involved in leading the Emergency Response Team. Aurora Defendants deny the remaining allegations contained in Paragraph 119 of the Complaint.

106.    As to the allegations contained in Paragraph 120 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

107.     As to the allegations contained in Paragraph 121 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

108.     As to the allegations contained in Paragraph 122 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

## ANSWER TO PLAINTIFF HOLLIS LYMAN

109.     As to the allegations contained in Paragraph 123 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

110.     As to the allegations contained in Paragraphs 124 through 125, Aurora Defendants were not present on May 28, 2020 or May 29, 2020 and are therefore without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 124 through 125 of the Complaint and therefore deny the same.

111.     As to the allegations contained in Paragraph 126 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

112.     As to the allegations contained in Paragraph 127 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

113.     As to the allegations contained in Paragraph 128 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

## ANSWER TO PLAINTIFF SANFORD SMITH

114.     As to the allegations contained in Paragraphs 129 through 136 of the Complaint, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in and therefore deny the same.

## ANSWER TO DENVER'S POLICIES, PRACTICES, AND/OR CUSTOMS

115.     The allegations contained in Paragraphs 137 through 148 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 137 through 148 of the Complaint and therefore deny the same.

## ANSWER TO AURORA'S POLICIES, PRACTICES, AND/OR CUSTOMS

116.     Aurora Defendants deny the allegations contained in Paragraphs 149 through 154 of the Complaint.

## ANSWER TO CLAIMS FOR RELIEF

### ANSWER TO CLAIM 1: Violation of Plaintiffs' First Amendment Rights by Denver, Christian, Valentine, and McNamee, John and Jane Does 1-100, Jon and Jane Boes 1-100

117.     The allegations contained in Paragraphs 155 through 156 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraphs 155 through 156 of the Complaint and therefore deny the same.

118.    Aurora Defendants deny the allegations contained in Paragraph 157 of the Complaint.

119.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint and therefore deny the same.

120.    Aurora Defendants deny the allegations contained in Paragraph 159 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 159 of the Complaint and therefore deny the same.

121.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the Complaint and therefore deny the same.

122.    The allegations contained in Paragraph 161 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint and therefore deny the same.

123.    Aurora Defendants deny the allegations contained in Paragraph 162 of the Complaint.

124.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Complaint and therefore deny the same.

125.     The allegations contained in Paragraphs 164 through 167 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 164 through 167 of the Complaint and therefore deny the same.

126.     Aurora Defendants deny the allegations contained in Paragraph 168 of the Complaint.

127.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint and therefore deny the same.

128.     Aurora Defendants deny the allegations contained in Paragraph 170 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170 of the Complaint and therefore deny the same.

**ANSWER TO CLAIM 2: Violation of Plaintiffs' Fourth and/or Fourteenth Amendment Rights by Denver, Christian, Valentine, and McNamee, John and Jane Does 1-100, Jon and Jane Boes 1-100**

129.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint and therefore deny the same.

130.     The allegations contained in Paragraph 172 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint and therefore deny the same.

131.     Aurora Defendants deny the allegations contained in Paragraph 173 of the Complaint.

132.     The allegations contained in Paragraphs 174 through 175 are not directed towards Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 174 through 175 of the Complaint and therefore deny the same.

133.     Aurora Defendants deny the allegations contained in Paragraph 176 of the Complaint.

134.     Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 177 of the Complaint and therefore deny the same.

135.     Aurora Defendants deny the allegations contained in Paragraph 178 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 178 of the Complaint and therefore deny the same.

**ANSWER TO CLAIM 3: Violation of Plaintiffs Packard's and Smith's First Amendment Rights by Aurora and McNamee, John and Jane Does 1-100**

136.    Aurora Defendants deny the allegations contained in Paragraph 179 of the Complaint.

137.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the Complaint and therefore deny the same.

138.    Aurora Defendants deny the allegations contained in Paragraph 182 of the Complaint.

139.    Aurora Defendants deny the allegations contained in Paragraph 183 of the Complaint.

140.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Complaint and therefore deny the same.

141.    Aurora Defendants deny the allegations contained in Paragraphs 185 through 188 of the Complaint.

142.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint and therefore deny the same.

143.    Aurora Defendants deny the allegations contained in Paragraph 190 of the Complaint.

144.    The allegations contained in Paragraph 191 of the Complaint are not directed toward Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 191 of the Complaint and therefore deny the same.

### ANSWER TO CLAIM 4: Violation of Plaintiff Packard's and Smith's Fourth and/or Fourteenth Amendment Rights by Aurora and McNamee

145.    Aurora Defendants deny the allegations contained in Paragraph 192 of the Complaint as applied to Aurora Defendants. Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 192 of the Complaint and therefore deny the same.

146.    Aurora Defendants deny the allegations contained in Paragraph 193 of the Complaint.

147.    Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Complaint and therefore deny the same.

148.    Aurora Defendants deny the allegations contained in Paragraph 195 of the Complaint.

149.    The allegations contained in Paragraph 196 of the Complaint are not directed toward Aurora Defendants and, therefore, no response is required. To the extent a response is required, Aurora Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 of the Complaint and therefore deny the same.

### ANSWER TO CLAIM 5: § 1983 Supervisory Liability against Defendants Serrant and Brukbacher for the violation of Plaintiff Packard's Constitutional Rights

150.    Aurora Defendants deny the allegations contained in Paragraphs 197 and 198 of the Complaint.

## ANSWER TO RELIEF REQUESTED

Plaintiffs' Relief Requested section is void of a Claim or allegation of any kind and, therefore, a response is not required. To the extent a response is required, Aurora Defendants deny the allegations contained in the Relief Requested section of the Complaint.

151.    As to Paragraphs 199 through 206, no claims or allegations are contained therein and thus no response is required. To the extent a response is required, Aurora Defendants deny the allegations contained in Paragraphs 199 through 206. Aurora Defendants therefore deny the same.

## ANSWER TO JURY DEMAND

152.    Aurora Defendants hereby demand that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

## GENERAL DENIAL

Aurora Defendants deny each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1.    Plaintiffs' Complaint, and each and every claim for relief set forth therein, fails to state a valid claim upon which the relief prayed for may be granted.

2.    Plaintiffs have failed to mitigate their damages.

3.    Defendants Brukbacher, McNamee, and Serrant, to the extent they are properly sued in their individual capacities, are entitled to Qualified Immunity inasmuch as their actions did not violate the constitutional rights of Plaintiffs, did not violate clearly established law at the

time of the events at issue, and were undertaken with a good faith belief in the lawfulness of their actions. These actions of Defendants Brukbacher, McNamee, and Serrant were objectively reasonable under the circumstances with which they were confronted.

4.      Defendants Brukbacher, McNamee, and Serrant were lawfully exercising their Public Duties in accordance with § 18-1-701, C.R.S. Further, Defendants Brukbacher, McNamee, and Serrant were properly exercising their police powers and the authority vested in them by virtue of §§ 16-3-101, 16-3-102, 16-3-103, 18-1-701, and 18-1-707, C.R.S., at all times pertinent to the incident complained of.

5.      Defendant City of Aurora cannot be liable to the Plaintiffs herein on the basis of vicarious liability or *respondeat superior*.

6.      Plaintiffs have failed to adequately allege and cannot establish, that the alleged constitutional violations enumerated in the Complaint arose from a policy, custom, or practice of the City of Aurora which was the motivating force behind an alleged violation of Plaintiffs' constitutional rights.

7.      Plaintiffs' injuries, damages, and losses, if any, were the result of the negligence or unlawful conduct of a third party or parties over whom these Defendants had no control or ability to exercise a right of control.

8.      The actions of the Aurora Defendants were at all times in furtherance of legitimate law enforcement purposes and were not based upon Plaintiffs' membership in any protected class of individuals.

9.      Subject matter jurisdiction is lacking inasmuch as Plaintiffs' claims fail to rise to the level of a deprivation of federal constitutional rights.

10.     Aurora Defendants adopt and incorporate by reference any affirmative defense asserted by any other party to this action to the extent such affirmative defenses apply to Aurora Defendants and do not conflict with Aurora Defendants' other defenses.

11.     Aurora Defendants reserve the right to assert any and all additional affirmative defenses.

Respectfully submitted this 22nd day of December, 2021.

OFFICE OF THE CITY ATTORNEY


s/ Isabelle Sabra Evans
Isabelle Sabra Evans
Peter Ruben Morales
Office of the City Attorney
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
Telephone: (303) 739-7030
Facsimile: (303) 739-7042
Email:  ievans@auroragov.org
        pmorales@auroragov.org
*Attorneys for Defendant City of Aurora, and Aurora Defendant Officers McNamee, Serrant and Brukbacher in their official capacities*

BRUNO, COLIN & LOWE, P.C.


s/ Michael T. Lowe
Michael T. Lowe
David M. Goddard
1999 Broadway, Suite 4300
Denver, Colorado 80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
Email:  mlowe@brunolawyers.com
dgoddard@brunolawyers.com

*Attorneys for Aurora Defendant Officers McNamee, Serrant, and Brukbacher in their individual capacities*

## CERTIFICATE OF SERVICE BY CM/ECF

I hereby certify that on December 22, 2021, I electronically filed the foregoing **AURORA DEFENDANTS' ANSWER TO EPPS PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

| | |
|---|---|
| **Loevy & Loevy**<br>Elizabeth Wang elizabethw@loevy.com<br>Makeba Rutahindurwa makeba@loevy.com<br>*Attorneys for Fitouri Consolidated Plaintiffs* | **Denver City Attorney's Office**<br>Robert Huss robert.huss@denvergov.org<br>Kate Field kate.field@denvergov.org<br>Emily Dreiling emily.dreiling@denvergov.org<br>Hollie Birkholz hollie.birkholz@denvergov.org<br>Lindsay Jordan lindsay.jordan@denvergov.org |
| **Arnold & Porter Kaye Scholer LLP**<br>Timothy R. Macdonald<br>timothy.macdonald@anroldporter.com<br>Matthew J. Douglas<br>matthew.douglas@arnoldporter.com<br>Ed Aro ed.aro@arnoldporter.com<br>Colin M. O'Brien colin.obrien@arnoldporter.com<br>Kathleen K. Custer<br>katie.custer@arnoldporter.com<br>Mollie DiBrell mollie.dibrell@arnoldporter.com<br>Gerardo Mijares-Shafai gerardo.mijares-shafai@arnoldporter.com<br>Leslie C. Bailey leslie.bailey@arnoldporter.com<br>Patrick C. Reidy patrick.reidy@arnoldporter.com<br>Michael Sebba michael.sebba@arnoldporter.com<br>Mindy Gorin mindy.gorin@arnoldporter.com | **Hall & Evans**<br>Andrew D. Ringel, Esq. ringela@hallevans.com<br>Kathrine Hoffman, Esq. hoffmank@hallevans.com<br>*Attorneys for Denver Consolidated Defendants* |
| **American Civil Liberties Union Foundation of Colorado**<br>Mark Silverstein msilverstein@aclu-co.org<br>Sara Neel sneel@aclu-co.org<br>Arielle Herzberg aherzberg@aclu-co.org<br>*Attorneys for Epps Consolidated Plaintiffs* | |

*s/ Joanne Flaherty*
Joanne Flaherty, Legal Secretary