

Andrew Ringel
ringela@hallevans.com
303-628-3453

File No. 14781-37

January 7, 2022

**Filed and Served Via CM/ECF**

The Honorable R. Brooke Jackson
United States District Court Judge
Alfred A. Arraj United States Courthouse A938
Denver, Colorado 80294

      Re:    *Elisabeth Epps et. al. v. City and County of Denver et. al.,* United States District Court for the District of Colorado, Civil Action No. 20-cv-01878-RBJ (consolidated with 20-cv-01922-RBJ-MEH)

Dear Judge Jackson:

      Pursuant to your Practice Standards, on behalf of the Denver Defendants, I respectfully submit this Notice of Intent to File Motion for Summary Judgment.

      Plaintiffs Sara Fitouri, Jacquelyn Parkins, Youssef Amghar, Claire Sannier, Kelsey Taylor, Joe Deras and Johnathan Duran, along with approximately 310 other class members, in Civil Action No. 20-cv-1878-RBJ-MEH ("Fitouri Plaintiffs") attempt the following claims against The City and County of Denver, Sergeant Anthony E. Tak, Commander Patrick Phalen, Lieutenant Matthew Canino, Lieutenant James D. Williams, Lieutenant Thomas Pine, Lieutenant Vincent Porter, Lieutenant Michael O'Donnell, Lieutenant Kevin Carroll, Sergeant Rick Beall, Sergeant Marco Martinez, Sergeant Justin Dodge, Corporate Richard D. Eberharter, Officer Tana Cunningham, and Officer John Sampson:  (1) violations of the First Amendment pursuant to 42 U.S.C. § 1983 alleging Denver's curfew order was both facially unconstitutional and unconstitutionally applied discriminatorily against protestors based upon the attempts to control and break up protests; (2) violations of the Fourth Amendment pursuant to 42 U.S.C. § 1983 based on the arrests of class members and based on the use of force against Plaintiffs; (3) violations of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 based on the use of force on the Plaintiffs as protestors; and (4) failure to intervene pursuant to 42 U.S.C. § 1983.  [ECF 219].

1001 Seventeenth Street   P 303-628-3300
Suite 300   F 303-628-3368
Denver, CO 80202   www.hallevans.com

The Honorable R. Brooke Jackson
January 7, 2022
Page 2

Plaintiffs Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlien, Zach Packard, Hollie Lyman, Cidney Fish[1] and Stanford Smith in Civil Action No. 20-cv-01878-RBJ ("Epps Plaintiffs") attempt the following claims against The City and County of Denver, Jonathan Christian, and Keith Valentine:  (1) violations of the First Amendment pursuant to 42 U.S.C. § 1983 based on the use of force on Plaintiffs engaged in protest activities; (2) violations of the Fourth and Fourteenth Amendment pursuant to 42 U.S.C. § 1983 based on the use of force against Plaintiffs.  [ECF 178].

Denver Defendants do not intend to move for summary judgment on any individual event where excessive force was allegedly used in violation of the Fourth Amendment for any Defendant who the evidence shows personally participated in the use of force. Denver Defendants intend to raise the following arguments concerning the Plaintiffs' claims.

First, the Emergency Curfew Orders issued pursuant to D.R.M.C. Section 2-98 were constitutional both facially and as applied because they did not regulate speech but rather served as temporary public safety measures.  Further, any indirect restriction on speech was content neutral, reasonable and narrowly tailored.  Finally, the Emergency Curfew Orders were not discriminatorily enforced as protestors were not treated differently than other similarly situated individuals.

Second, the arrests of the arrest class members for violating the Emergency Curfew Orders and/or failing to obey a lawful order did not violate anyone's Fourth Amendment rights because probable cause existed to support the arrests.

Third, Plaintiffs' Fourteenth Amendment Due Process claims fail because the Fourth Amendment provides the appropriate basis to evaluate the alleged use of force on the Plaintiffs. Alternatively, if the Due Process Clause of the Fourteenth Amendment applies the Plaintiffs cannot meet the extremely high threshold for substantive due process claims.

Fourth, the supervisory Denver Defendants did not personally participate in the alleged constitutional violations.  Alternatively, Plaintiffs cannot meet the legal requirements necessary to establish a supervisory liability claim against the supervisory Denver Defendants.  Finally, the supervisor Denver Defendants are entitled to qualified immunity from the Plaintiffs' claims against them due either due to a lack of a constitutional violation or the absence of particularized clearly established law.

Fifth, Plaintiffs' Fourteenth Amendment Equal Protection rights were not violated based on any use of force.  Plaintiffs cannot meet the legal standards for a Fourteenth Amendment Equal Protection claim because there was not a selective use of force and hence no constitutional

---

[1] Cidney Fisk is one of the Epps Plaintiffs who was included in the original Complaint and represented by the same counsel.  However, counsel for the Epps Plaintiffs has withdrawn as counsel for Ms. Fisk and she now proceeds *pro se*.

The Honorable R. Brooke Jackson
January 7, 2022
Page 3

violation. Alternatively, there is no particularized clearly established constitutional law supporting this claim.

  Sixth, Plaintiffs' failure to intervene claims fail to meet the requirements for such a claim or alternatively the individual Denver Defendants are entitled to qualified immunity from the failure to intervene claims due to the lack of any particularized clearly established law.

  Seventh, Plaintiffs cannot meet the legal requirements for a municipal liability claim against the City and County of Denver.

  Because of the number of Plaintiffs, the number of Denver Defendants and the numerous claims advanced by the Plaintiffs in this matter, this letter outlines the legal issues to be raised by the Denver Defendants on summary judgment and does not outline the specific facts related to each claim since doing is not feasible without a much lengthier presentation which is not contemplated by the letter outlined in the Court's Practice Standards.

  Thank you for your attention.

        Very truly yours,

        */s/ Andrew D. Ringel*

        Andrew D. Ringel
        of HALL & EVANS, L.L.C.

cc:  All counsel of record (via CM/ECF)
    Cidney Fisk (via U.S. Mail)