# LOEVY & LOEVY

Elizabeth Wang
elizabethw@loevy.com

2060 Broadway, Suite 460, Boulder, Colorado 80302

direct 720.328.5642

January 12, 2022

*Via CM/ECF*
The Honorable R. Brooke Jackson
Alfrad A. Arraj United States Courthouse A938/Courtroom A902
901 19th Street
Denver, CO 80294

     Re: *Elisabeth Epps v. City and County of Denver, et al.*, 20-CV-1878-RBJ (consolidated)

Dear Judge Jackson:

     Consistent with this Court's Practice Standards, the Fitouri Plaintiffs provide this response to the notice of intent to file for summary judgment filed by Defendants Jefferson County Deputy Sheriffs Anthony Hamilton and Timothy Dreith [Dkt. 236].

     There are genuine disputes of material fact on whether Defendants Hamilton and Dreith shot Plaintiff Joe Deras with less-lethal weapons without justification. If they did, they would not be entitled to qualified immunity on Deras's First and Fourth Amendment claims. Defendants' assertions otherwise in their letter rely on ignoring disputed material facts.

     The material facts that preclude summary judgment include:

- On the evening of May 31, 2020, Deras was marching down Colfax with a group of protestors, peacefully exercising his First Amendment rights. He was shot once in his head, once in his hand, and once in his back by Defendants Anthony Hamilton and/or Timothy Dreith with kinetic impact projectiles. Hamilton and Dreith had "bean bag" shotguns. Despite the innocuous-sounding name by which these weapons are commonly known, these weapons are not innocuous. "Bean bag" rounds are cloth bags filled with small metal pellets, like those normally shot from a shotgun. There is video of the incident.
- What the evidence (including the video and Deras's testimony) shows is that Deras was not engaged in any aggressive or violent act when he was shot. As Deras and the other marchers walked east on Colfax, the Jefferson County Regional SWAT Team (including Dreith and Hamilton) formed a line just north of Colfax on Washington. They fired tear gas and other less-lethal weapons (including what appear to be flashbang grenades or some other type of explosive) into the crowd of peaceful marchers.
- Because the officers were wearing riot gear (such as gas masks) and the marchers were not, Deras kicked a tear gas canister away from the crowd in the only direction where there were not protestors present.
- Deras's action did not threaten the officers in any way because the canister rolled on the ground only a foot or so, the officers were far away, and they were wearing protective

Judge Jackson	Page 2 of 3
January 12, 2022

gear. Nor did Deras commit any crime or disobey any commands, as there were no warnings or commands given. The canister kicked by Deras never left the intersection and had no impact whatsoever on the officers.

- The first shot hit Deras directly in the head. Fortunately, he was wearing a helmet and the projectile did not injure his head. (Given the police violence Deras and other protestors experienced the day before, he decided to attend the protests wearing a helmet on May 31.) It is undisputed that officers may not shoot someone in the head with a less-lethal projectile unless they are justified in using **deadly force.** It is also undisputed that Deras's action of kicking a tear gas canister did not justify deadly force in response.

- After he was hit in the head, Deras turned around and tried to run away from the officers in fear. But Defendants Dreith and/or Hamilton continued to use excessive force by shooting him in the lower back and hand. The lower back is another prohibited target area given the proximity to the kidneys. These subsequent uses of force were excessive because the purported "threat" (Deras kicking a canister that hardly moved) had already stopped. That is, Dreith and/or Hamilton continued shooting at Deras after Deras had already stopped what he was doing and turned away.

- Defendants Hamilton and Dreith assert that there is no evidence that they were the ones who shot Deras. But there is evidence from which a reasonable jury could conclude otherwise. Hamilton and Dreith were the only officers at that intersection who shot at protestors who attempted to kick gas canisters. Hamilton and Dreith confirmed at their depositions that they shot protestors who were throwing or kicking gas canisters, and this is what they wrote in their reports. They did not deny shooting Deras.

- Contrary to Defendants' suggestion otherwise, there is no evidence in the record that the shooting of Deras was merely an accident or unintentional. For example, Hamilton and Dreith did not claim that they shot at Deras but that hitting him in the head or back was an accident. To the contrary, their testimony is that they directly targeted people kicking or attempting to kick gas canisters, and that they could clearly see their targets. Moreover, even though the canister kicked by Deras rolled only a foot or so, the officers were close enough to target Deras accurately with their weapons. The genuinely disputed material facts will allow a reasonable jury to conclude that the shooting was intentional.

- Deras was doing nothing that warranted *any* use of force on him, much less being shot in the head, which is permissible only if deadly force is justified. Thus, Defendants Hamilton and Dreith will not be entitled to qualified immunity because it would have been clear to any reasonable police officer in May 2020 that they could not shoot a non-threatening person with a projectile; could not use deadly force on a person kicking a tear gas canister; and could not continue shooting a non-threatening person who had already turned away from the officers.

- As a result of being shot, Deras had to cease his undisputedly First Amendment-protected activity and could not engage in it for several days afterwards. Thus, Defendants prevented him from exercising his First Amendment rights. In addition, the evidence will show that these acts were intended to stop protestors and constitute retaliation.

Judge Jackson  
January 12, 2022

Page 3 of 3

      In sum, there are numerous genuine disputes of material fact that preclude summary judgment for Defendants Hamilton and Dreith. Nor will the Defendants be entitled to qualified immunity, because the law at the time was clearly established.

                Sincerely,

                s/ Elizabeth Wang  
                Counsel for Fitouri Plaintiffs