IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

## PLAINTIFFS' MOTION TO LIMIT THE EXPERT OPINION TESTIMONY OF JOSH GARCIA

---

The Fitouri Plaintiffs, through their attorneys, respectfully move this Court for an order excluding certain testimony of Josh Garcia, Jefferson County Defendants' proffered non-retained police practices expert. In support thereof, Plaintiffs state as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel attempted to confer with the Jefferson County Defendants regarding the relief sought herein but did not receive a response by the time of the filing of this motion.

### FACTUAL BACKGROUND AND OPINIONS TO BE EXCLUDED

The Jefferson County Defendants (Anthony Hamilton and Timothy Dreith) served a Rule 26(a)(2)(C) disclosure of a non-retained witness named Josh Garcia. Ex. 1 (Jefferson County Defendants' Rule 26(a)(2)(C) Disclosure). Garcia opines on an incident involving Plaintiff Joe Deras occurring on May 31, 2020 at the intersection of Colfax and Washington. At that time, protestors were marching peacefully east on Colfax. Officers at the intersection, Jefferson

1

County Regional SWAT officers, began teargassing the protestors and throwing explosive devices into the crowd of protestors. Plaintiff Deras responded by kicking a tear gas canister away from the protestors (who were not wearing gas masks); the canister moved on the ground but did not travel more than a few feet. Deras was shot with three projectiles, one in the head (fortunately it hit his helmet), one in the back, as he turned away, and one in the hand. Deras was very seriously injured and went to the hospital. The incident is on video. It is undisputed that being shot in the head with a projectile is only warranted when deadly force is warranted. *See also* Dkt. 239 (Plaintiff Deras's Response to Jefferson County Defendants' Notice of Intent to File For Summary Judgment).

The opinion of Garcia that is inadmissible under Rule 702 and *Daubert* is: "it was reasonable for officers to use impact weapons on Mr. Deras in this particular circumstance in an attempt to stop Mr. Deras from obscuring the vision of officers on scene or potentially injuring them." Ex. 1 at 1-2. These opinions are inadmissible because there is no factual foundation for them; they are inadmissible under Rule 702(a), (b), and (d).

Plaintiffs deposed the officers responsible, Defendant Anthony Hamilton and Defendant Timothy Stegink. Neither of them testified to shooting Deras because their vision was obscured by the kicking of the gas canister or because they thought Deras was going to potentially injure them. When asked whether he shot Plaintiff Deras with his bean bag shotgun, Hamilton said, "I don't recall." Ex. 2 (Hamilton Dep.) at 29:16-19. He admitted that the canister Deras appeared to kick did not travel more than a few feet and that it came nowhere near the officers, who were at "maybe 20, 30 feet" away. *Id.* at 30:23-31:12. Defendant Hamilton testified that he had no independent recollection of Deras (wearing a white helmet in the video) or shooting him with his shotgun. Hamilton could not say whether or not he had any memory of Deras posing any threat

2

to him at that time. *Id.* at 34:7-16. Hamilton did not testify that he shot at Deras because Deras obscured his vision. Instead, he testified that he had no memory of Deras at all. Hamilton's report also says nothing about Deras obscuring his vision. *Id.* at 34:21-35:19.

Defendant Dreith gave similar testimony. He did not recall shooting Deras. Ex. 3 (Dreith Dep.) at 56:8-57:5. When shown the video and asked whether Deras was doing anything that warranted shooting at him with a bean bag shotgun, Dreith testified, "Yeah. I don't know. He was kicking the thing. I couldn't tell exactly what he was doing from—from here." *Id.* at 57:3-5. When asked whether Deras was doing something that warranted shooting him with a bean bag shotgun, Dreith testified, "I'm not sure." *Id.* at 58:16-23. He admitted that, based on his report, he shot bean bags from his shotgun at people who were kicking things, but he had no recollection of shooting Deras. *Id.* at 58:24-59:18.

Garcia was also deposed. When asked whether there was any evidence that anyone testified to using less-lethal munitions on people kicking tear gas canisters (including Deras) because the gas would obscure their vision, Garcia could not identify any. Ex. 4 (Garcia Dep.) at 56:5-57:25.

**ARGUMENT**

Expert testimony is only admissible if it helps the jury "understand the evidence or … determine a fact in issue," "is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Defendants, as the proponents of Garcia's testimony, bear the burden of proving its admissibility for each component of Rule 702. *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987); *U.S. v. Nacchio*, 555 F. 3d 1234, 1241 (10th Cir. 2009). "The trial court plays a 'gatekeeping' role, but it has discretion as to how to perform that role." *Davies v. City of*

*Lakewood*, 2016 WL 614434, at *1 (D. Colo. Feb. 16, 2016) (Jackson, J.) (citing *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000)). Under Rule 702, the trial court "ensures that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).

Even if an expert is deemed qualified on a certain subject matter, he is still prohibited from expressing opinions based on speculation, subjective belief, or facts not supported by, or inconsistent with, the evidence. *See Mitchell v. Gencorp, Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) (finding a party must show that the "method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements"); *Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013) (affirming district court's decision to exclude expert testimony because he failed to show his testimony reliably applied the facts of the case).

Courts generally allow police practices experts "to state an opinion on whether the conduct at issue fell below accepted standards in the field of law enforcement," *Zuchel v. City & Cnty. of Denver*, 997 F.2d 730, 742 (10th Cir. 1993), as "a jury of lay persons might be assisted by the testimony of a person who has specialized knowledge in the area of police procedures in deciding from the perspective of a reasonable officer whether there was excessive force." *Estate of Smart v. City of Wichita*, 2020 WL 3618850, at *5 (D. Kan. July 2, 2020) (internal quotations and citation omitted). But opinions must be based on the facts and the evidence. *Mitchell*, 165 F.3d at 781 ("Under *Daubert*, the proposed expert testimony must be supported … based on what is known."). Because Garcia proffered the above-listed opinion by assuming facts that no witness will testify to, these opinions must be excluded under Rule 702. They are also

inadmissible under Rule 403 because any probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, or wasting time.

To be clear, some of Garcia's opinions are based on facts that a jury might find a trial; Plaintiffs do not seek to exclude those. However, the same cannot be said for Garcia's opinion that assumes that officers shot at Deras because he was obscuring their vision by kicking the canister, or because he put the officers in fear of bodily injury. No officer has testified to that, and Dreith and Hamilton disclaim any memory of shooting Deras at all. An expert witness may assume one party's version of events and evaluate what flows from it, and experts do so routinely. *See Williams v. Illinois*, 567 U.S. 50, 57 (2012) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true.") But this is not what Garcia did with the opinions listed above. As a result, any opinions based on speculation or hypothetical facts are inadmissible under *Daubert*. *See Daubert*, 509 U.S. at 590 (expert's testimony that is nothing more than an expert's "subjective belief" is inadmissible); Fed. R. Evid. 702(b), (d). These opinions are also inadmissible under Rules 402 and 403.

As the proponents of Garcia's testimony, Defendants have the burden of proving that his opinions are admissible under Rule 702 and *Daubert*. They have not met that burden.

## CONCLUSION

Plaintiffs respectfully request an Order excluding Josh Garcia's testimony described above.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*

5

| | |
|---|---|
| Elizabeth Wang | Makeba Rutahindurwa |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 2060 Broadway, Suite 460 | 311 N. Aberdeen St. |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | makeba@loevy.com |
| *Counsel for Fitouri Plaintiffs* | |

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on January 19, 2022, I served the foregoing Motion on all counsel of record via CM/ECF.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys

6