IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.*,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

## PLAINTIFFS' MOTIONS *IN LIMINE*

The Fitouri and Epps Plaintiffs, respectfully file these motions *in limine*.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for the Denver Defendants regarding the relief sought herein. Defendants oppose the motion. The other Defendants (Aurora Defendants and Jefferson County Defendants) did not respond to Plaintiffs' attempt to confer (as of the time of the filing of this motion).

### MOTION IN LIMINE NO. 1:

### Bar reference to Plaintiffs' criminal history and Plaintiff Amghar's military discharge

Plaintiffs move to bar Defendants' introduction of Plaintiffs' prior criminal history and Plaintiff Amghar's other-than-honorable discharge from the United States military because this evidence is inadmissible.

### Background

This case is about Denver police officers' unlawful actions during the George Floyd Protests in Denver in the early summer of 2020 which deprived the Plaintiffs of their

1

constitutionally protected rights. Any of Plaintiffs' "prior bad acts" have no relevance whatsoever to their legal claims under the First, Fourth, and Fourteenth Amendments, or to Defendants' defenses.

During discovery, Plaintiffs sent an interrogatory to Denver asking it to "identify any and all criminal convictions of any party or witness . . . and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609." Defendant did not identify any criminal convictions; instead, it responded by referring Plaintiffs to its responses to Denver's Request for Production No. 4 and Interrogatory No. 10. *See, e.g.*, Ex. 1 (Defendant City and County of Denver's Response to Fitouri Plaintiffs' First Set of Interrogatories), No. 2. However, each of the Plaintiffs objected to Interrogatory No. 10 (asking for prior contacts and arrests) and the corresponding Request for Production No. 4. *See, e.g.*, Ex. 2 (Plaintiff Sara Fitouri's Response to Defendant City and County of Denver's First Set of Interrogatories), No. 10. And Defendant did not object to Plaintiffs' responses (waiving their right to do so as discovery has since closed).

At their depositions, Defendants elicited information about prior interactions with law enforcement, seemingly as a strategy to paint Plaintiffs as antagonistic towards law enforcement and as non-law-abiding individuals. For example, Plaintiff Deras responded by identifying a prior, and sealed, arrest record in 2017 for municipal trespass during a protest at the Denver Hyatt Regency. Ex. 3 (Deras Dep.) at 29:21-33:9. Plaintiff Duran, who was not even attending the protests as a demonstrator but as a credentialed member of the media, testified that he had been arrested in the past over ten years ago when he was a teenager. Ex. 4 (Duran Dep.) at 17:4-15, 22:9-26:8 (describing arrest for jaywalking over railroad tracks when he was 18 and theft charge when he was 14). Plaintiff Packard testified that he received a citation for graffiti

approximately 10 years ago and was later arrested for failing to complete his community service. Ex. 5 (Packard Dep.) at 18:2-19:21. Plaintiff Smith was arrested after failing to pay a seatbelt ticket and for domestic violence charges, both of which occurred in Texas and were dismissed without him appearing in court. Ex. 6 (Smith Dep.) at 24:15-29:7. Plaintiff Wedgeworth was arrested in 2007, 2009, and 2014, and has never been convicted of a crime involving dishonesty. Ex. 7 (Wedgeworth Dep.) at 29:13-32:3. Other plaintiffs have had similar interactions with the judicial system. These prior convictions and arrests have no bearing on the issues in this case and any probative value is far outweighed by the extremely unfairly prejudicial effect that permitting this evidence would have on a jury.

In a similar vein, Plaintiff Amghar testified at their deposition that they left the United States Marine Corps in 2012 under an other-than-honorable discharge. Ex. 8 (Amghar Dep.) at 18:14-19:1. This evidence is entirely irrelevant to Plaintiff Amghar's claims and should be excluded because its unfair prejudice substantially outweighs its probative value and constitutes improper character evidence. Accordingly, the Plaintiffs respectfully request that this Court bar Defendants from introducing any of the Plaintiffs' prior criminal history or "bad acts," including Plaintiff Amghar's discharge from the military.

## Argument

### I. Plaintiffs' Prior Convictions Are Barred by Federal Rule of Evidence 609.

Rule 609 governs the admissibility of prior convictions for impeachment purposes. For convictions older than 10 years old, as is the case with Plaintiff Duran's convictions, the general rule is that "evidence of a conviction over ten years old is inadmissible" and should only be admitted in rare circumstances where the conviction is substantially more probative than prejudicial. *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1571 (10th Cir. 1993); *see also*

3

*Cox v. Wilson*, 2016 WL 6803702, at *2 (D. Colo. Nov. 17, 2016). In *Cox*, the Court noted that the plaintiff's prior convictions for driving under the influence and trespass were completely unrelated to his excessive force claim. *Id.* The same applies here. Defendant Duran's convictions from when he was a teenager have no probative value to the issues at hand and this kind of evidence "is inherently and significantly prejudicial." *Id.*

Plaintiff Deras's 2017 misdemeanor trespass conviction should also be excluded under Rule 609(a)(2) because the elements of trespass do not require proving a dishonest act or false statement. Likewise, the other Plaintiffs' charges do not require proving a dishonest act or false statement. For these reasons, the Court should exclude Defendants from introducing any of Plaintiffs' prior convictions, including the ones referenced above.

**II.     Plaintiffs' Prior Arrests and Discharge from the Military Are Inadmissible.**

Plaintiffs also move to bar character evidence and "prior bad acts" under Federal Rules of Evidence 402, 403, and 404. This includes all references to and testimony about Plaintiffs' prior arrests and charges and Plaintiff Amghar's other-than honorable discharge. This evidence is entirely irrelevant and thus inadmissible under Rule 402. And the sole purpose Defendants would seek to introduce this evidence is to attempt to show that Plaintiffs acted in accordance with their character (acted with disrespect and disregard for law enforcement and the law), which is not only prohibited under Rule 404(b)(1) but would also be irrelevant and contrary to the evidence in this case which demonstrates that Plaintiffs were strictly peaceful protestors throughout the protests. Finally, even if this evidence were admissible, its probative value is substantially outweighed by the unfair prejudice that would result if allowed to be presented to the jury. Fed. R. Evid. 403.

**Conclusion**

WHEREFORE, Plaintiffs respectfully request that the Court bar Defendants from introducing any of the Plaintiffs' prior criminal history or "bad acts," including the above-described evidence.

**MOTION *IN LIMINE* NO. 2:**

**Bar arguments appealing to jurors' pecuniary interests as taxpayers**

Arguments that appeal to jurors' pecuniary interests as taxpayers are improper. *See, e.g.*, *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."); *see United States v. Morris*, 573 F. App'x 712, 725 (10th Cir. 2014) (noting remarks invoking the pecuniary interests of jurors as taxpayers are generally improper). All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Court bar any arguments that appeal to jurors' pecuniary interests as taxpayers.

**MOTION *IN LIMINE* NO. 3:**

**Bar any references to Defendants' financial inability to pay**

Evidence of the Individual Defendants' financial status is not relevant to Plaintiffs' request for compensatory damages, nor is evidence about whether the Individual Defendants are indemnified by their employer or by insurance coverage. It plays no role in the jury's assessment of compensatory damages. *O'connell v. Alejo*, No. 18-CV-01359-RBJ, 2020 WL 5748810, at *11 (D. Colo. Sept. 25, 2020) (Jackson, J.) (agreeing with Plaintiff that "defendants' financial status, i.e., any alleged inability to pay a compensatory damages award, and whether they are

indemnified by their employers or by insurance coverage for such damages, is irrelevant and should not be allowed").

This type of inability to pay evidence is also properly excluded because its probative value (none for compensatory damages) is substantially outweighed by the risk of unfair prejudice that it will unreasonably cause the jury to deflate a potential compensatory damages award. *See Lawson v. Trowbridge*, 153 F.3d 368, 379-80 (7th Cir. 1998).

Plaintiffs agree not to make any references or argument to indemnification or insurance, so long as Defendants do not open the door, as discussed below.

**I.    Punitive Damages**

In the event that the Defendants present evidence or argument of their financial inability to pay *punitive* damages, Plaintiffs should be allowed to introduce evidence about how any judgment against that individual Defendant for compensatory damages will be indemnified. *O'connell v. Alejo*, 2020 WL 5748810, at *11 (granting the same argument); *Lawson*, 153 F.3d at 380 ("After carefully reviewing the trial transcript, we are left with the conclusion that the defendants' detailed financial testimony opened the door concerning who likely would pay any judgment against them and the district court abused its discretion in not allowing Lawson to rebut by telling the jury who likely would pay."); *Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (noting that when a defendant improperly puts on evidence of his or her financial condition at trial, the proper remedy is the admission of evidence about indemnification); *Gonzales v. Olson*, 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015) ("But if Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages.").

WHEREFORE, Plaintiffs respectfully request that this Court bar any arguments regarding Defendants' financial inability to pay.

**MOTION *IN LIMINE* NO. 4:**

**Bar untimely disclosed witnesses and any references to property destruction or third-party behavior not relevant to Plaintiffs**

The Court should bar the use of untimely disclosed witnesses and any references to property destruction or the behavior of other persons during the protests under Federal Rule of Civil Procedure 37 and Federal Rules of Evidence 402 and 403.

Argument

**A. Defendants' Improper Disclosures of Witnesses on The Last Day of Fact Discovery Should Be Barred from Trial**

On the last day of fact discovery, October 4, 2021, Denver disclosed five brand new witnesses who had never been disclosed before and had never been mentioned in any deposition or (to Plaintiffs' counsel's knowledge) any document. These witnesses are commander Jeffrey Martinez, Heather Hohnholz, Beth Moyski, Richard Lee, and Bradley Whitfield.

Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "somehow incomplete or incorrect." *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 91 F. App'x 37, 44 (10th Cir. 2004) (citing Fed. R. Civ. P. 26(e)(1)). "To ensure compliance with these discovery requirements, Rule 37(c)(1) provides that '[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such

7

failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." *Id*. at 45 (citing Fed. R. Civ. P. 37(c)(1)). In exercising its discretion to determine whether a discovery violation is justified or harmless, the Court looks to four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (citing *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

Defendants failed to disclose these witnesses until the last day of discovery, essentially rendering the belated disclosure meaningless. *Dunlap v. City of Oklahoma City*, 12 F. App'x 831, 834 (10th Cir. 2001) ("One clear purpose of the federal discovery rules is to facilitate fact finding and prevent unfair surprise."). Plaintiffs requested an opportunity to depose just two of the untimely disclosed witnesses, which would assist though not entirely cure the prejudice of these late disclosures. The City refused. Plaintiffs asked the City its justification for its position on the matter and for the late disclosures, and the City did not provide any meaningful response. The City had no justification for disclosing these witnesses on the very last day of discovery.

Additionally, Plaintiffs will be prejudiced should these witnesses be allowed to testify at trial. For example, Commander Martinez is expected to testify on the "seriousness of injuries officers sustained during the protests, which included broken bones caused by rocks, bricks, chunks of concrete, bottles and other objects thrown by protesters; partial hearing loss due to explosives thrown by protesters; lacerations from broken bottles and other; broken bones caused by falls during pursuits of suspects; and injuries that occurred when protesters intentionally struck officers with vehicles, and all related issues." Ex. 9 (Defendants' 37th Supp Disclosures)

at 4. The Defendants likely intend to use this testimony to try to argue that the officers were justified in using indiscriminate force (tear gas and other less-lethal munitions) on plaintiffs (who were undisputedly peaceful) because officers felt threatened *by other people*, and some were injured. Defendants have propounded this alleged defense from the very beginning of this litigation, so Defendants knew or should have known to disclose Martinez earlier. And Plaintiffs will not have had the benefit of discovery to discern facts or to refute or rebut any testimony because they were unable to discover the alleged facts during depositions. *Cohen v. Pub. Serv. Co. of Colorado*, 2015 WL 6446948, at *2 (D. Colo. Oct. 26, 2015) ("Mandatory disclosure serves several purposes, including giving the opposing party information about the identification and locations of knowledgeable individuals to determine whether an individual should be deposed during discovery.").

This is also particularly true for late-disclosed witness Bradley Whitfield, an assistant city attorney who intends to testify on the "ultimate decision to drop the curfew charges … and all related issues." Ex. 9 at 14. It is unclear what other "related issues" Mr. Whitfield intends to testify on, but considering that the Fitouri Plaintiffs' arrest class was certified months prior to Defendants' new disclosures, one can only infer that Defendants acted willfully by failing to disclose a potential critical class-related witness until the last day of discovery, and refusing to stipulate to his deposition. *See Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344 (10th Cir. 2020) (inferring that the plaintiffs acted in bad faith because they "waited till the final day of discovery to disclose new damages that they knew or should have known about three and a half years prior.").

Third, Defendants cannot cure this prejudice without reopening discovery and allowing depositions to take place. That should not happen. Plaintiffs are opposed to moving the trial date

9

and Defendants should not get to benefit from their willfulness or lack of diligence (as they have made it clear they would like to postpone trial). The Court should bar these witnesses from trial on this basis alone.

### B. The Testimony of These Witnesses Is Irrelevant and Highly Prejudicial

There is another ground to bar these witnesses: the testimony is irrelevant to the claims in this case, and any probative value is substantially outweighed by its prejudicial effect. The Court should bar their testimony, as well as any references to property destruction or the behavior of other persons during the protests under Rules 402 and 403.

The newly disclosed witnesses intend to testify on (1) officer injuries (Martinez); (2) DPD property damage (Hohnholz); (3) downtown property damage (Moyski); (4) damages to "State owned assets" and to the City (Lee); and (5) decision to drop the curfew arrest charges (Whitfield). It is undisputed that Plaintiffs never injured any officers, engaged in any property destruction, or damaged any "State owned assets." In fact, the only evidence related to officer injury does not even detail where the officer was located when the alleged injury occurred. *See* Ex. 10 (DEN 36270-32673_DPD Injuries Table). Not only were Plaintiffs not involved in any officer injuries or property destruction, but there is not even any evidence that any of these bad acts occurred *at the incidents at which Plaintiffs were present and unlawfully shot at or teargassed*.

Thus, any testimony or evidence about property destruction, officer injuries, or the violent or threatening behavior of other persons who are not Plaintiffs is completely irrelevant and should not be admitted because they have no bearing on Plaintiffs' claims. *See Henderson v. City & Cnty. of Denver*, 2014 WL 222761, at *4 (D. Colo. Jan. 21, 2014)("[T]he Tenth Circuit has held that an individual must be judged for his own actions, and not the actions of those

around him."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1158 (10th Cir. 2008) ("The Fourth Amendment plainly requires probable cause to arrest Fogarty as an individual, not as a member of a large basket containing a few bad eggs."); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1982) ("The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct ... that itself is not protected."); *Jones v. Parmley*, 465 F.3d 46, 59 (2d Cir. 2006) (holding that officers could not have thought that indiscriminate arrests were lawful when "a few individuals within [a protesting] crowd had violated the law at an earlier time and then desisted"). If this highly prejudicial evidence were permitted, it would only confuse and mislead the jury by creating the unfair inference that Plaintiffs contributed to the officers' injuries, engaged in acts of violence, or were somehow complicit in the actions of others that justified the officers' use of force on them. Defendants are trying to use irrelevant and unfairly prejudicial evidence to attempt to justify their own conduct or paint Plaintiffs in a bad light even though Plaintiffs had nothing to do with any officer injuries or property damage.

Alternatively, if this Court finds that some of this evidence is relevant to the claims and defenses in this case, it should require that, before any evidence on property destruction or third-party behavior is introduced, the City lay a foundation that establishes that these acts took place at the same dates, times, and locations of Plaintiffs' incidents of excessive force.

To be clear, however, the Court should bar evidence of officer injury unless Defendants can show that one of the Plaintiffs injured a particular officer. Whether or not a police officer was injured at some location three blocks away from where Plaintiff Amghar was shot dozens of times with pepper balls while standing on a sidewalk with their hands up or blocks away from

where Plaintiff Epps was shot while crossing the street alone, for example, cannot possibly have any bearing on Plaintiffs' claims and should not be introduced at trial.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that this Court bar the use of untimely disclosed witnesses and any references to property destruction or the behaviors of other persons during the protests. Alternatively, Plaintiff requests that the Court require any evidence of property destruction or violence of other persons to be directly tied to Plaintiffs' allegations.

RESPECTFULLY SUBMITTED,

/s/ Makeba Rutahindurwa
*One of Plaintiffs' Attorneys*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com
*Counsel for Plaintiffs*

Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
O: 312.243.5900
makeba@loevy.com

s/ Timothy R. Macdonald
*Counsel for Epps Plaintiffs*

Patrick C. Reidy
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Patrick.Reidy@arnoldporter.com

Timothy R. Macdonald
Matthew J. Douglas
Ed Aro
R. Reeves Anderson
Colin M. O'Brien
Kathleen K. Custer

ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Ste. 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Timothy.Macdonald@arnoldporter.com
Matthew.Douglas@arnoldporter.com
Ed.Aro@arnoldporter.com
Reeves.Anderson@arnoldporter.com
Colin.Obrien@arnoldporter.com
Katie.Custer@arnoldporter.com

Michael J. Sebba*
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone: (213) 243-4000
Michael.Sebba@arnoldporter.com
　　　　*Admitted only in New York; not admitted to the practice of law in California.

In cooperation with the American Civil Liberties Union Foundation of Colorado

Mark Silverstein
Sara Neel
Arielle Herzberg
American Civil Liberties Union Foundation of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 80203
Telephone: (303) 777-5482
Msilverstein@aclu-co.org
Sneel@aclu-co.org
Aherzberg@aclu-co.org
*Counsel for Epps Plaintiffs*

### Certificate of Service

　　　I, Makeba Rutahindurwa, an attorney, hereby certify that on January 19, 2022, I served via CM/ECF the foregoing Motion, on all counsel of record.

　　　　　　　　　　　　　　　　　　　　/s/ Makeba Rutahindurwa
　　　　　　　　　　　　　　　　　　　　One of Plaintiffs' Attorneys