Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

BLACK LIVES MATTER 5280, *et al*.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et. al*.,

Defendants.

**DEFENDANT CITY AND COUNTY OF DENVER'S RESPONSE TO
FITOURI PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendant, City and County of Denver ("Denver"), through its undersigned counsel, submits the following response to the Fitouri Plaintiffs' First Set of Interrogatories:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Denver objects to Plaintiffs' "Definitions and Instructions" as follows:

1.  Denver objects to Plaintiffs' "Definitions" and "Instructions" to the extent that such "Definitions" and "Instructions" attempt to impose obligations that are not required by the Federal Rules of Civil Procedure. Denver is only responsible for responding to Plaintiffs' written discovery to the extent required by Rules 26, 33, and 34 and will respond to Plaintiffs' discovery in compliance with such rules.

2.  Denver objects to Plaintiffs' **Definition No. 2**, defining "City and County of Denver," as Plaintiffs define the term so broadly as to include materials protected by the attorney-client, attorney work-product, and deliberative process privileges, within the definition.

3. Denver objects to Plaintiffs' **Definition No. 6**, as overly broad in that it defines "Complaint" as distinct from "Plaintiff's Complaint," as Plaintiffs' definition references any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, citizen's complaints, personnel records, lawsuits or legal complaints, or other Documents relating in any manner to Defendant Officers' job performance or the job performance of any other Denver police officer, regardless of the disposition of any resulting inquiry or investigation. Use of this overly broad definition multiplies any request incorporating the term "Complaint" such that any such request incorporating the term necessarily includes at least six separate requests as to the various types of documents sought through the term "Complaint."

4. Denver further objects to Plaintiffs' **Definition No. 6** to the extent that it seeks privileged personnel files of Denver Police Department officers that are irrelevant to the claims asserted herein. The personnel files are not relevant to any party's claim or defense as required by Fed. R. Civ. P. 26(b)(1). The request of such records also implicates the subject the officers' statutory and common law privacy rights. *See Whalen v. Roe*, 429 U.S. 589, 598-600 (1977); Denver Revised Municipal Code Chapter 2, Article X, Sec. 2-271; *Martinelli v. District Court in and for City and Cty. of Denver*, 612 P.2d 1083, 1091-1093 (1980). *People v. Spykstra*, 234 P.3d 662 (Colo. 2010)

5. Denver objects to Plaintiffs' **Definition No. 10** as overly broad and disproportional to the needs of the case. Plaintiffs define "Protest(s)" as the protests, demonstrations, or marches arising from the death of George Floyd, which took place in Denver "on May 28, 2020 – June 3, 2020." Plaintiffs' definition includes a date that is outside the scope of this case, as the two operative complaints address alleged conduct occurring only from May 28, 2020 through June 2,

2020, thus, the definition incorporates a broader scope of time for the Protests than that designated in the complaints and, as such, seeks information that is irrelevant and/or disproportional to the needs of this case.

      6.      Denver objects to Plaintiffs' **Definition No. 16** as overly broad, unduly burdensome, and irrelevant in that it calls for production of "all iterations of [every identified] Document, including all earlier and all later versions of that Document." Iterations of the thousands of documents produced by Denver, apart from those in force at the time of the subject events, are irrelevant to the claims in this case and locating and producing "all iterations" of every document would be burdensome, in that Denver would have to conduct an exhaustive search for prior and subsequent versions of every one of the thousands of documents produced in discovery. Further, the definition fails to include any temporal limitation. Thus, the blanket direction to produce "all iterations" of every document is disproportional to the needs of this case. Further, the definition seeks draft materials that are protective by the deliberative process privilege. Denver rejects this instruction and will not produce "all iterations" of the documents identified or produced herein or in its other discovery responses.

## INTERROGATORIES

      1.      Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in these actions, including but not limited to all Persons who are not listed by name in the parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to

the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiffs will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons. In addition to the Plaintiffs and Defendants and those names listed in Denver's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1), providing such information for undefined and unidentified Persons who "have knowledge of facts that relate to any of the claims or defenses in these actions" renders the request overly broad and is an impermissible "blockbuster" interrogatory. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, given the number of individuals present at the protests, as well as bystanders in the vicinity, and the number of officers that responded, Denver has no reasonable means of ascertaining the information sought by the interrogatory. Denver further objects to and rejects the direction that "[i]f this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference." Denver has no reasonable

way of identifying any persons with knowledge of the facts not listed on relevant documents or to ascertain facts known by witnesses not reflected in the documents. Denver likewise objects to and rejects any assumptions that Plaintiffs choose to make regarding the witnesses and the substance of their testimony.

**RESPONSE:** Subject to and without waiving these objections, Denver refers Plaintiff to the documents and witnesses previously disclosed/produced by the parties as well as any supplemental and/or subsequent disclosures/productions. Documents produced by Denver, to-date, that include the identities of potential witnesses include the CAD reports (DEN000001-67, 00208-2105), After-Action Reports (DEN001916-1945) and Operations Plans (DEN001946-2027).

2. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move in limine to bar any references to convictions not identified in the manner requested.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons. Plaintiff seeks irrelevant information for unidentified individuals outside of the named parties in this case. Further, aside from the Plaintiffs and Defendants, requesting such information will require Defendants to identify all "witness with knowledge relating to any of the claims or defenses of this action," which, to the

extent it is even possible, is unduly burdensome and disproportional to the needs of the case given the thousands of potential witnesses to the protest activity. *See Hilt v. SFC, Inc*., 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A*., 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, in light of the nature of the protests, there is no reasonable way for Denver to identify all such individuals. *Id*. Further, this information is equally accessible to the Plaintiffs as it is to Denver, thus, it is inappropriate for Plaintiffs to request that Denver provide this information to them. Additionally, Denver objects to and rejects the request that Denver provide "the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609" as this information is equally available to the Plaintiffs and refers to a legal determination to be made by the Court in limine or during trial.

**RESPONSE**: Subject to and without waiving these objections, Denver hereby incorporates the Plaintiffs' responses to Denver's Request for Production No. 4 and Interrogatory No. 10 and, pursuant to Fed. R. Civ. P. 33(d), refers Plaintiff to any records produced in response to those requests to the extent that Plaintiffs have already, or will in the future produce any such records. Further, because the Plaintiffs have access to this information, it is Plaintiffs obligation to produce the same, rather than Denver's.

3. Is it your position that any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the Protests, including but not limited to the uses of force described in the operative Complaint? If so, please describe each alleged unlawful act or acts warranting the use of force that you contend was committed by that Plaintiff, and provide the complete factual basis for your contention, including identifying any witnesses, or physical, documentary, or testimonial evidence supporting your contention.

**OBJECTION:** Denver objects to the request in that a response to the Interrogatory requires a legal determination as to whether an unlawful act was committed or whether a particular use of force was warranted and necessarily seeks information that is protected from disclosure based upon attorney work product and/or attorney-client privileges. In addition, Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case, as responding with "the complete factual basis" with accompanying evidence for unidentified individuals would require a complete and thorough evaluation of the complete and entire evidentiary record after the close of discovery, which is unduly burdensome. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Denver further objects to the extent Plaintiff requests Denver to describe each illegal act, and to additionally identify witnesses, physical evidence, documents, and testimony as each is a separate topic and discrete sub-part, as opposed to a single request. Denver, therefore, considers Interrogatory No. 3 to encompass five distinct requests. Further, Denver objects because it has no way of identifying the Plaintiffs in relevant media rendering it impossible to make any determination as to whether "any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the Protests," whether they were subjected to any use of force by a Denver officer, or whether any such use of force was warranted. Discovery in this case is ongoing, therefore Denver may not have the information in its possession at this time to respond to this request.

**RESPONSE:** Subject to and without waiving these objections, Denver is without the information necessary to identify the specific actions taken by Plaintiffs during the protests, including determining whether the Plaintiffs were subjected to any use of force by a Denver officer.

Denver refers Plaintiffs to their Complaint, which appears to indicate that Plaintiffs Sannier and Taylor knowingly violated the Emergency Curfew. Additionally, Denver hereby incorporates the Plaintiffs' responses to Denver's Request for Production Nos. 6 and 7 and Interrogatory Nos. 1 and 2 and, pursuant to Fed. R. Civ. P. 33(d), refers Plaintiff to any records identified or produced therein. Denver is in the process of reviewing video provided in response to its Interrogatory No. 2 and Requests for Production Nos. 3 and 6 and will supplement this response to the extent appropriate based on information learned through that review.

4.      Please state whether any of the Defendant Officers or Denver police officers assigned to the Protests from May 28, 2020 through June 2, 2020 acted inconsistently with any of the policies, customs, or practices of the City and County of Denver and/or the DPD at any time during the events described in Plaintiff's Complaint. If the answer is yes, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks information related to the actions of "Denver police officers assigned to the Protests from May 28, 2020 through June 2, 2020" and not the officers specifically named as Defendants in this matter or the officers whose conduct is alleged to have been directed at the Plaintiffs. Several hundred officers responded to the protests and the request would require Denver to describe whether any of those officers committed any act inconsistent with policy, a task that is disproportional to the needs of the case in that it is unlikely to identify any admissible evidence and is a "blockbuster" request. *See Hilt v. SFC, Inc.*, 170

F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Denver further objects as the request is not limited to use of force incidents or curfew arrests, which are the only types of allegations relevant to this lawsuit. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see also Watson v. City of Kansas City, Kansas*, No. CIV.A.99-2106-CM, 2002 WL 922155, at *5 (D. Kan. Apr. 12, 2002) *aff'd sub nom. Watson v. Unified Gov't of Wyandotte Cnty./Kansas City*, 70 F. App's 493 (10th Cir. 2003); *Trujillo v. Campbell*, No. 09-cv-030110-CMA-KLM, 2012 WL 3609747, at *6-7 (D. Colo. Aug. 22, 2012).

Denver also objects to this request because it seeks the results of investigations that are presently ongoing. Providing information from active investigations may interfere with the investigation and, as a result, any such information is protected by the law enforcement privilege. *See In re City of New York,* 607 F.3d 923 (2d Cir. 2010); *Cisneros v. Town of Center,* 2009 WL 2568534 (August 18, 2009).

**RESPONSE:** Subject to and without waiving these objections, Denver will provide the results of completed Internal Affairs Bureau investigations, limited to complaints relating to the specific incidents of excessive force and/or curfew arrests allegedly suffered by the Plaintiffs, within a reasonable time after such investigations are completed. Further, discovery is ongoing. However, at this time Denver is unaware of any protest-related Internal Affairs investigations involving the named Defendants. To the extent any such investigations are identified, Denver will supplement its discovery response as appropriate.

5. For any Document (which includes any body-worn camera footage, HALO camera footage, or other video or audio recording) requested in Plaintiff's discovery requests that has been lost, discarded or destroyed, please identify each such document as completely as possible and

state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case in that it pertains to "any Document . . . requested in Plaintiff's discovery requests" even though, as described herein and in Denver's other responses, many of those requests are themselves objectionable and, as a result, Denver has provided only a limited response. Denver cannot ascertain whether documents it has not searched for or identified were lost, discarded or destroyed.

**RESPONSE:** Subject to and without waiving these objections, Denver is unaware of any relevant and responsive document that has been lost, discarded or destroyed at this time.

6.    Do you contend that the City and County of Denver or the DPD had in place between 2010 and the present any written policies, procedures, or training relating to crowd control, management of protests, or use of Less-Lethal Weapons? If so, please identify each of the written policies, procedures, or training by Bates number and how Denver police officers and any officers from outside law enforcement agencies providing assistance during the Protests were made aware of it prior to May 28, 2020. In addition, please identify each and every policymaker who was responsible for or who had final policymaking authority for those policies or procedures between 2010 and the present. To be perfectly clear, this Interrogatory seeks the identities of any and all such policymakers with final or delegated policymaking authority whose knowledge or

actions the Defendants will allege at summary judgment or trial is relevant to Plaintiff's claims regarding the City and County of Denver's liability under *Monell*.

**OBJECTION:** Denver objects to the Interrogatory as being overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons. The request to identify "each and every policymaker who was responsible for or who had final policymaking authority for those policies or procedures between 2010 and the present" seeks information that is remote in time and, thus, irrelevant to the claims and would be unduly burdensome to identify such that the cost of conducting the inquiry far outweighs the need for the information. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Plaintiffs' Interrogatory addresses the time period from 2010 to the present, which goes beyond the Plaintiffs and Defendants in this case and the specific dates, times and locations in the complaints and in the letters identified as Exhibits A and B in Plaintiffs' Joint Request for Production of Documents Nos. 2-16, which are the relevant issues and individuals in this case. *See Connick*, 563 U.S. at 62; *see also Watson*, 2002 WL 922155, at *5, *aff'd sub nom. Watson*, 70 F. Appx. at 493; *Trujillo*, 2012 WL 3609747, at *6-7. Ten years ago, DPD was operating under a different Chief of Police, Executive Director of Safety, use of force policy, and administrative review policy. Thus, the request seeks records that are irrelevant to the legal issues presented in this case. Further, the identity of "each and every policymaker who was responsible for or who had final policymaking authority" for the subject training and policies is irrelevant, as the policies and training materials themselves have been provided and there is no dispute that such constitute official DPD policy and training.

Denver further objects to this request as it seeks information that, if disclosed, may

compromise the safety and security of law enforcement, including crowd control strategies and tactics. This request also seeks information protected by attorney-client and/or the deliberative process privilege and requires a legal determination regarding legal positions which may be presented on summary judgment or at trial. Denver objects further as Interrogatory No. 6 requests separately the identity of policymakers, or those with delegated policymaking authority, the written policies or procedures, and associated training as each is a separate topic and discrete sub-part, as opposed to a single request. Denver, therefore, considers Interrogatory No. 6 to encompass three distinct requests.

**RESPONSE:** Subject to and without waiving these objections, and limiting this response to describing the policies and training in effect at the time of the Protests, pursuant to Fed. R. Civ. P. 33(d), Denver refers Plaintiffs to the documents previously produced as part of Denver's Supplemental Disclosures, specifically, the Safariland Chemical Agent PowerPoints (DEN000117-000230) and videos (DEN000231-234), Denver Police Department Training Materials (DEN000235-000949), Denver Police Department Training Bulletins dated June 6, 2019, and August 16, 2018 (DEN001909-1915), Denver Police Department Operations Manual – 05-20 Book (DEN000950-001754), and Denver Police Department Crowd Management Manual (DEN001755-001798). All written DPD policies are subject to the approval of the Chief of Police.

7. Please identify and describe every instance (if any) between 2010 and the present in which the policymaker(s) identified in Interrogatory No. 6, above, undertook to review, investigate, analyze, uncover, prevent or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the policies, procedures, or training identified in Interrogatory No. 6, above. Please include what steps, if any, were taken in response to the

information obtained through any such inquiry, investigation, review, or analysis, as well as the date such steps were taken.

**OBJECTION:** Denver objects as the identities of "policymakers" are irrelevant to Plaintiff's claims because the policies themselves have been provided and there is no dispute that such constitute DPD policy. Thus, the identity of any associated "policymakers" is irrelevant. Likewise, the efforts of policymakers "to review, investigate, analyze, uncover, prevent or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any of the [identified] policies, procedures, or training" are irrelevant, as only the policy itself has any bearing on the claims. DPD reviews its policies periodically in light of its operations generally as well as in response specific incidents. Denver further objects as the Interrogatory is overly broad and unduly burdensome, as it seeks identification of "every instance (if any) between 2010 and the present" in which investigation or review was undertaken. Such blockbuster requests are unduly burdensome. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Because of the request's vague and overly broad nature there is no reasonable way for Denver to identify responsive information.

Denver further objects to this request as it seeks information that, if disclosed, may compromise the safety and security of law enforcement, including crowd control strategies and tactics, crowd management, deployment of Less Lethal Weapons, and investigations. This request also seeks information protected by attorney-client and/or the deliberative process privilege to the extent it seeks communications with legal counsel, draft documents or other pre-decisional materials.

**RESPONSE:** Subject to and without waiving any objection, and limiting this response to describing the policies and training in effect at the time of the Protests, pursuant to Fed. R. Civ. P. 33(d), Denver refers Plaintiffs to the documents previously produced as part of Denver's Supplemental Disclosures, specifically, the Safariland Chemical Agent PowerPoints (DEN000117-000230) and videos (DEN000231-234), Denver Police Department Training Materials (DEN000235-000949), Denver Police Department Training Bulletins dated June 6, 2019, and August 16, 2018 (DEN001909-1915), Denver Police Department Operations Manual – 05-20 Book (DEN000950-001754), and Denver Police Department Crowd Management Manual (DEN001755-001798). All written DPD policies are subject to the approval of the Chief of Police.

8.  Please identify, by department, name, and badge number, all of the law enforcement officers who were present at or near the intersection of Logan and Colfax, the intersection of Pennsylvania and Colfax, or on Colfax between Logan and Pennsylvania, on May 31, 2020 between 9:00 p.m. and 10:00 p.m., including but not limited to those who are depicted in this 9News video from the evening of May 31, 2020: https://www.youtube.com/watch?v=xAWGehxZlMk, at 1:37:17 to 1:38:45 minutes. This interrogatory includes a request for the identity of all supervising or commanding officers who were assigned to that location at that date and time or were responsible for the actions of the officers at that location at that date and time.

**OBJECTION:** Denver objects to this Interrogatory as being unduly burdensome and disproportional to the needs of the case for the following reasons. Review of the referenced YouTube video shows a perspective of what is believed to be the referenced area from what is likely the 9News helicopter. Such a view does not allow for a detailed view of any individual on

the ground during that time period. As such, Denver has no reasonable way to determine all of the officers who may be depicted in the video and therefore, it is unable to provide "by department, name, and badge number, all of the law enforcement officers who were present" at the referenced locations. Moreover, review of the video indicates dozens of, if not more, officers, most of whom do not appear to be engaged in any use of force whatsoever. Thus, the request for Denver to identify all officers present during a full hour of the event is also overly broad and a "blockbuster" request. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, the information sought is irrelevant in that, even if Denver could compile a list of all officers present, such would have no bearing on the claims and defenses in this action and could not be used in any foreseeable way to determine which, if any officers subjected Plaintiffs to force.

Denver further objects as the request is not limited to the Parties, use of force incidents or curfew arrests noted in the Complaint, which are the only types of allegations and individuals relevant to this lawsuit. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see also Watson v. City of Kansas City, Kansas*, No. CIV.A.99-2106-CM, 2002 WL 922155, at *5 (D. Kan. Apr. 12, 2002) *aff'd sub nom. Watson v. Unified Gov't of Wyandotte Cnty./Kansas City*, 70 F. App's 493 (10th Cir. 2003); *Trujillo v. Campbell*, No. 09-cv-030110-CMA-KLM, 2012 WL 3609747, at *6-7 (D. Colo. Aug. 22, 2012).

**RESPONSE:** Subject to and without waiving these objections, officers from District 1 and District 3, including members of District 1 Impact Team 180 and District 3 Impact Team 380, were at or near the intersection of Logan and Colfax, the intersection of Pennsylvania and Colfax, or on Colfax between Logan and Pennsylvania, on May 31, 2020 between 9:00 p.m. and 10:00

p.m. Lieutenant James D. Williams was assigned District 1 Resources and District 3 Impact on May 31, 2020. Denver cannot specifically identify any of the officers depicted at 1:37:17 to 1:38:45 minutes in the subject video at this time, as the video does not allow for a detailed view of any individual on the ground.

      9.      Please identify, by department, name, and badge number, all of the law enforcement officers who were present at or near the intersection of Lincoln and Colfax (at the NW corner of the Capitol building) between 6:00 p.m. and 8:00 p.m. on May 30, 2020, including but not limited to those who are depicted in this (News video from May 30, 2020: https://www.youtube.com/watch?v=c_oFD7l718A from approximately 56:00:00 to 3:17:00 minutes). This interrogatory includes a request for the identity of all supervising or commanding officers who were assigned to that location at that date and time or were responsible for the actions of the officers at that location at that date and time.

      **OBJECTION:** Denver objects to this Interrogatory as being unduly burdensome and disproportional to the needs of the case for the following reasons. Review of the referenced YouTube video shows a perspective from what is likely the 9News helicopter, then transitions between reporting from numerous areas around the State Capitol, Civic Center Park, and the general vicinity. Due to the number of individuals and officers in the areas shown over a span of approximately two hours and twenty minutes, Denver has no reasonable way to determine all of the officers who may be depicted in the video and therefore, it is unable to provide "by department, name, and badge number, all of the law enforcement officers who were present" at the numerous locations shown in the video. Moreover, the video depicts many officers who do not appear to be engaged in any use of force whatsoever. Thus, the request for Denver to identify all officers present

during an approximate two hour and twenty-minute timespan from numerous locations is overly broad and seeks to combine numerous requests into a single interrogatory. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, the information sought is irrelevant in that, even if Denver could compile a list of all officers present, such would have no bearing on the claims and defenses in this action and could not be used in any foreseeable way to determine which, if any officers subjected Plaintiffs to force.

Denver further objects as the request as disproportional to the needs of the case in that it is not limited to the Parties, use of force incidents or curfew arrests noted in the Complaint, which are the only types of allegations and individuals relevant to this lawsuit. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *see also Watson v. City of Kansas City, Kansas*, No. CIV.A.99-2106-CM, 2002 WL 922155, at *5 (D. Kan. Apr. 12, 2002) *aff'd sub nom. Watson v. Unified Gov't of Wyandotte Cnty./Kansas City*, 70 F. App's 493 (10th Cir. 2003); *Trujillo v. Campbell*, No. 09-cv-030110-CMA-KLM, 2012 WL 3609747, at *6-7 (D. Colo. Aug. 22, 2012).

**RESPONSE:** Subject to and without waiving these objections, Denver cannot reasonably identify the officers depicted at 56:00:00 to 3:17:00 minutes in the subject video. The timeframe provided in this Interrogatory spans nearly two and a half hours, with reporting from numerous areas around the State Capitol, Civic Center Park, and vicinity. In the interest of cooperation, if Plaintiffs significantly limit the scope of this Interrogatory to a reasonable timeframe and single, specific location, Denver will supplement this response, if appropriate.

**AS TO FORM AND OBJECTIONS**

By: *s/ David C. Cooperstein*
David C. Cooperstein, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: david.cooperstein@denvergov.org
*Attorney for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2020, the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S RESPONSE TO FITOURI PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served on the following via email:

Anya Amalia Havriliak
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Arnold & Porter Kaye Scholer LLP-Denver
Robert Reeves Anderson
Timothy R. Macdonald
anya.havriliak@arnoldporter.com
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
reeves.anderson@arnoldporter.com
timothy.macdonald@arnoldporter.com

Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
ACLU of Colorado
aherzberg@aclu-co.org

msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Daniel M. Twetten
Loevy & Loevy
elizabethw@loevy.com
dan@loevy.com

Tara Elizabeth Thompson
Loevy & Loevy-Chicago
tara@loevy.com

*Counsel for Plaintiffs*

*s/ David C. Cooperstein*
Denver City Attorney's Office