IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01878-RBJ

ELISABETH EPPS, *et al,*

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al,*

    Defendants.

---

MINUTE ORDER REGARDING LETTERS OF INTENT AND RESPONSES REGARDING
POTENTIAL MOTIONS FOR SUMMARY JUDGMENT

---

Entered by Judge R. Brooke Jackson on January 21, 2022.

    The Court has reviewed the parties' letters of intent and responses regarding potential Motions for Summary Judgment. The Court cannot prevent any defendant from filing a MSJ. However, the Court discourages the filing of MSJs that do not appear to be likely to succeed, as such motions could unnecessarily consume substantial time and resources of the parties and the Court at a time when the time might better be spent preparing for trial. The Court's comments are as follows:

**ECF Nos. 236/239 – Hamilton and Dreith**
Plaintiffs state "Dreith and/or Hamilton" shot Deras with a beanbag projectile after Deras kicked an empty gas cannister towards the JCRS officers. Defendants state that after gas was dispersed a group of protesters including Deras continue to advance toward the JCRS officers, and some were throwing or kicking objects towards them. It appears that plaintiffs might not evidence that it was specifically Dreith or Hamilton who fired a beanbag round that stuck him causing an injury or to link Dreith or Hamilton specifically to his decision not to return to the protests in future days. Therefore, without commenting on its ultimate merit, the Court does not discourage an MSJ by these defendants.

**ECF Nos. 237/241 – Denver Defendants**
1. This letter concerning what might be called an omnibus MSJ is somewhat unclear. I will address what I think the main issues are and apologize if I have misunderstood them.
2. Defendants say they will not file a MSJ on "any individual event where excessive force was allegedly used in violation of the Fourth Amendment for any Defendant who the evidence shows personally participated in the use of force." Plaintiffs respond that they only named individual officers who participated in the use of force directly or as a supervisor directing subordinate officers to use force. Putting those statements together, it appears that defendants will not be filing a MSJ on behalf of the individually named DPD officers. I am inclined to agree that a MSJ on their behalf could be problematic.

3. I am inclined to believe that there are numerous genuine disputes of material fact as to the *Monell* claim arising from alleged applications of excessive force that would make an MSJ a futile exercise. I would discourage a MSJ as to that claim.
4. On the other hand, I will not discourage a MSJ regarding the curfew issues. There might have been valid public safety issues arising from the acts of some "protesters" that caused property damage and threatened personal injuries to warrant a reasonable, temporary curfew. Unfortunately, there appear to have been some excessive acts by some participants on both sides of the protests. Plaintiffs seem to be implying that the law did not permit any curfew notwithstanding those incidents. The Court would have to be provided with clear authority for that proposition.

**ECF Nos. 238/240 -- Aurora Defendants**
1. It appears to the Court that there are fact issues that make any MSJ on behalf of defendant Budaj problematic.
2. If plaintiffs do have video or other evidence that defendant McNamee shot plaintiff Packard, and that he did so on the direction of defendant Serrant, but that Packard was doing nothing more than kicking a gas canister away from himself and other protesters, there would appear to be at least a fact dispute that would make a MSJ on behalf of McNamee and Serrant problematic.
3. If defendant Brukbacher's direction to shoot protesters who touch gas canisters was given after Packard was shot, then there would appear to be the absence of causation, and a MSJ on his behalf could be meritorious.
4. The potential problem I see with plaintiff Smith's claim is that, while he might have been directly sprayed in the face and eyes without provocation, plaintiff does not appear to know which individual did that.
5. It does not appear that a MSJ on the Monell claim against the Aurora PD would likely be granted. That does not mean that the Court finds that the claim is meritorious. I express no opinion on that. But plaintiffs appear to have expert witness evidence that creates a genuine and material fact dispute as to the claim.