IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Lead Civil Action No. 1:20-cv-01878-RBJ *consolidated with 1:20-cv-01922-RBJ*

ELISABETH EPPS, et al.,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et al.,

      Defendants.

---

ORDER FOLLOWING *IN CAMERA* REVIEW

---

By letter dated December 1, 2021, defense counsel submitted certain documents sought in plaintiffs' request for production for an *in camera* review.  The documents provided to the Court were:

1.  City and County of Denver's Amended Fifth Privilege Log dated October 1, 2021.

2.  Confidential Memos created by the Office of the Independent Monitor as originally redacted, Bates Nos. 11695-11787.

3.  The Confidential Memos as re-redacted, Bates Nos. DEN R 11695-11787.

4.  The unredacted Confidential Memos, Bates Nos. DEN UR 11695-11787.

Defendants claim that portions of the unredacted memos are protected from discovery by the "deliberative process privilege," and in some instances, the "law enforcement privilege."

The deliberative process privilege "shields 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental

1

decisions and policies are formulated.'" *Trentadue v. Integrity Committee,* 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting *Dep't of the Interior v. Klamath Water Users Protective Ass'n,* 532 U..S. 1, 8 (2001), in turn quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 148 (1975)).  It was born of the recognition that '"officials will not communicate candidly among themselves if each remark is a potential item of discovery."' *Id.*  To qualify for the protection, documents "must be both predecisional and deliberative." *Id.* at 1227.

"Predecisional" means that the document must have been prepared to assist the decisionmaker in making the decision, not to provide the reasons for a decision already made. *Id.* (citing *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.,* 421 U.S. 168, 184 (1975)). "Deliberative" means "[n]on-factual materials that express opinions or recommendations." *Id.* "The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 866 (D..C. Cir. 1980)).  Factors that help to determine whether the privilege applies include "the nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and the relative positions in the agency's chain of command occupied by the document's author and recipient." *Casad v. U.S. Dept. of Health and Human Services,* 301 F.3d 1247, 1252 (10th Cir. 2002) (internal citations and quotation marks omitted).

Purely factual materials are not protected unless disclosure is so inextricably intertwined with protected material that disclosure "would be tantamount to the publication of the [agency's] evaluation and analysis.'" *Trentadue,* 501 F.3d at 1228 (internal citations and quotation marks omitted).

The law enforcement privilege protects "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witnesses and law enforcement personnel [or] the privacy of individual involved in an investigation, and information that would 'otherwise interfere with an investigation.'" *In re City of New York,* 607 F.3d 923, 944 (2d Cir. 2010) (internal citations and quotation marks omitted).  It is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files."  *United States v. Winner,* 641 F.2d 825, 831 (10th Cir. 1981) (internal citations and quotation marks omitted).

These privileges are not easy to apply.  With respect to the deliberative process privilege, I have found the distinction between predecisional and postdecisional difficult to make, particularly so in light of the fact that these interviews took place after the protests.  I find that defendants' re-redacted versions reflect a good faith effort to apply the standards to these memos, and that there is no indication that their redaction decisions were affected by whether the material would be helpful or harmful to their litigation position.

The process of reviewing and comparing the R and UR versions and making privilege decisions, sometimes on a sentence by sentence basis, has proven to be time consuming.  In this order I am providing my findings as to six memos that I randomly selected, although I did infer that Commander Phelan's interviews might be viewed as particularly significant, so I reviewed the memos of both of his interviews.  Assuming that the parties continue to need *in camera* reviews of the other 15 memos, I suggest that you identify which ones you consider to be the most important, and those will go to the head of the list when I am able to devote more time to the task.

I will provide specific reasons as to why I do or do not agree with the redactions for the first memo (Archer).  The reasoning for the remainder is not spelled out in the same detail, but I have applied the same definitions of the privileges in each case.  I will refer specifically to the law enforcement privilege where applicable.  Otherwise, all references concern the deliberative process privilege.

### Deputy Chief Archer Interview Memo

1.  First paragraph under CROWD ENGAGEMENT: Not protected by the privilege, i.e., the redaction should be removed.  This paragraph describes and justifies DPD's strategy of identifying suspects to be charged with, for example, breaking windows after crowds had dispersed instead of engaging them in the heat of the moment.  It does not recommend future action or policy changes.  It explains the thought process behind an already-implemented policy.

2.  First paragraph under LESSONS LEARNED: The first sentence is protected, i.e., the redactions should remain.  It appears to be predecisional and deliberative.  The second sentence relates to factual content that is inextricably intertwined with the first sentence.  I cannot be more specific without compromising the privilege.  The third sentence contains factual content that is not inextricably intertwined, and the fourth sentence is postdecisional.  The redaction should be removed as to those two sentences.

3.  Third paragraph under LESSONS LEARNED:  The first sentence is protected.  The second and third sentences are not.

**DPD Technician Ryan Grothe Interview**

1.  Under LESS LETHAL TRAINING I find that the redacted portions are not protected.

2.  Under LESS LETHAL EQUIPMENT AND MUNITIONS I find that the redacted portion is protected.

3.  Under PROTEST DISTRIBUTION LOGISTICS I find that the redacted portion is not protected.

4.  Under MUNITION SHORTAGE AND PURCHASES I find that the redacted portion of the third paragraph, beginning "Mr. Mitchell asked . . ." is not protected.  I find that the redacted portion at the end of the section is protected.

5.  Under LESSON LEARNED I find that the redacted portion is protected.

**OEM Executive Director Matthew Mueller Interview**

Under PERCEPTIONS OF INCIDENT MANAGEMENT, neither sentence is protected. The first sentence might be "deliberative," but it is not "predecisional."  The second sentence expresses an opinion, but I can't characterize it as "deliberative."

**Commander Patrick Phelan Interview (August 11, 2020)**

1.  Under GFP PLANNING I find that the redacted material is protected.

2.  Under COMMAND POST I find that the redacted material is protected by the law enforcement privilege.

3.  Under SKIRMISH LINES AND OFFICER FATIGUE I find that the redacted material is protected.

4.  Under DISENGAGING I find that the redacted material is protected.

5.  Under SUPERVISORS I find that the first two redacted sentences and the last two redacted sentences are not protected.  The redacted material in between is protected.

6.  Under RADIO COMMUNICATION I find that the redactions are protected by the law enforcement privilege.

7.  Under DPD BUILDINGS I find that the redacted material is not protected.

8.  Under LESS LETHAL WEAPONS I find that the first redacted portions are protected.

9.  Under MUNITIONS I find that the redacted portion is not protected.

10.  Under MAYOR AND CHIEF PARTICIPATION I find that the last sentence of the redacted portion is protected by the law enforcement privilege, but the rest of the redacted portion is not protected.

11.  Under CURFEW ARRESTS I find that the last sentence is protected but the rest of the section is not protected.

12.  Under OUTSIDE AGENCIES I find that the redacted material is not protected.

13.  Under LESSONS LEARNED I find that the last sentence is not protected, but the rest of this section is protected.

14.  Under ADDITIONAL INTERVIEWS I find that the redacted material is not protected.

**Commander Patrick Phelan Interview (September 9, 2020)**

1.  Under NATIONAL INCIDENT MANAGEMENT SYSTEM

a.  The first redaction is protected material and arguably also protected by the law enforcement privilege.

b.  The second redaction is protected material.

c.  The first sentence of the third redaction (""When asked how helpful...") is not protected.  The rest of the redacted material under this heading is protected.

2.  Under USE OF FORCE I find that the first redacted sentence is protected, but the other redactions are not.

3.  Under DISPERSAL ORDERS I find that the redacted material is protected.

4.  Under RESOURCES I find that the redacted material is protected.

5.  Under BODY WORN CAMERAS I find that the redacted material is protected except for the last sentence in this section.

6  Under PARTNER AGENCIES I find that the first redaction (one sentence) is not protected but the second redaction is of protected material.

7.  Under COMMUNICATION I find that the first redaction is of protected material, but the second redaction is not.

**Lt. Robert Wykoff Interview Memo**

1.  Second paragraph under CHIEF and COMMANDER PARTICIPATION ("Lt. Wykoff described . . ."): fourth sentence ("He felt . . . ") is protected.  The rest is not.

2.  Third paragraph under CHIEF and COMMANDER PARTICIPATION ("He described . . ."): second sentence ("Lt. Wykoff indicated . . . ") and third sentence ("Mr. Mitchell asked . . ." are protected.  The rest is not.

3.  Fourth paragraph under CHIEF and COMMANDER PARTICIPATION ("Lt. Wykoff indicated . . ." : protected.

4.  Fifth paragraph under CHIEF and COMMANDER PARTICIPATION ("Lt. Wykoff stated . . ."): first sentence protected, rest not.

5.  Sixth paragraph under CHIEF and COMMANDER PARTICIPATION ("Lt. Wykoff said . . .": not protected.

6.  Second paragraph under USE OF FORCE ("UOF") and UOF REPORTING: The first redacted sentence ("He described . . . ") is not protected.  The rest is protected, i.e., the redactions stay.

7.  Under LESSONS LEARNED: The first and second paragraphs are protected. The first redacted sentence in the third paragraph ("He indicated . . .") is not protected.  The rest of the paragraph is protected.  The fourth paragraph is protected.  The first sentence of the fifth paragraph ("He stated . . .:") is protected, the rest not.  The last paragraph ("Lt. Wykoff believes . . .") is protected.

DATED this 24th day of January, 2022.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge