IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

**PLAINTIFFS' MOTION TO BAR TESTIMONY FROM MARC SEARS AND JASON PETRUCELLI (AURORA DEFENDANTS' NON-RETAINED EXPERTS)**

The Plaintiffs, through their respective counsel, respectfully move this Court for an order barring the Aurora Defendants' non-retained experts, Marc Sears, and Jason Petrucelli, from testifying at trial.[1] In support thereof, Plaintiffs state as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for the Aurora Defendants regarding the relief requested in this motion. The Aurora Defendants oppose this motion.

Plaintiffs specifically inquired whether the Aurora Defendants oppose Plaintiffs' motion to exclude testimony from Sears and Petrucelli about the use of force incidents involving Plaintiffs Stanford Smith, Zach Packard, or Johnathen Duran, given that the Rule 26(a)(2)(C) disclosure says nothing about these incidents, and *Sears and Petrucelli testified at their*

---

[1] Plaintiffs filed this motion after their other *Daubert* motions because these experts were only available for deposition on January 25, 2022, and their deposition transcripts were necessary for this motion.

1

*depositions that they have no opinions on these three incidents*. The Aurora Defendants would not confirm in one way or the other and simply stated, "The experts will testify consistent with the disclosures we provided which list the opinions they intend to render." Given that the disclosure contains no opinions concerning the incidents involving Plaintiffs Smith, Duran, or Packard, the experts should not be permitted to testify about these incidents.

## FACTUAL BACKGROUND

The Aurora Defendants served a Rule 26(a)(2)(C) Disclosure containing opinions that Aurora police officers Marc Sears and Jason Petrucelli intend to testify to at trial. Ex. 1 (Aurora Defendants' Rule 26(a)(2)(C) Disclosure). The disclosure does not include any opinions about the incidents involving (or the use of force on) Plaintiffs Stanford Smith, Zach Packard, or Johnathen Duran. *Id.* Plaintiffs Smith, Packard and Duran are the only Plaintiffs in this matter with claims against the Aurora Defendants. Plaintiff Duran alleges that Aurora Defendant Cory Budaj shot him in the groin with a 40mm launcher without justification while Duran was covering the protest in his capacity as a journalist. Dkt. 219 (Fitouri Third Amd. Compl.) ¶¶ 304, 326-343. This occurred at the intersection of Colfax and Pearl on May 31, 2020, at 9:34 p.m. *Id.* Plaintiff Smith alleges that an Aurora officer pepper sprayed him in the face without any justification while he was peacefully protesting on May 30, 2020, at the intersection of Colfax and Lincoln at about 7:00 p.m. Dkt. 178 (Epps First Amd. Compl.) ¶¶ 129-136. Plaintiff Packard alleges that Aurora Defendant David McNamee shot him without justification with a less-lethal shotgun on May 31, 2020, at about 9:00 p.m. at the intersection of Colfax and Washington, and that Aurora Defendants Patricio Serrant and Matthew Brukbacher had instructed McNamee and other officers to shoot. *Id.* ¶¶ 115-122.  Notably, the materials reviewed by the experts as set out in the disclosure and confirmed at deposition, contain no video evidence relating to the incidents

involving Plaintiffs Smith and Packard, and limited video relating to the incident involving Plaintiff Duran.

## LEGAL STANDARDS

Expert testimony is only admissible if it helps the jury "understand the evidence or … determine a fact in issue," "is based on sufficient facts or data," "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Defendants, as the proponents of Sears and Petrucelli's testimony, bear the burden of proving its admissibility for each component of Rule 702. *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987); *U.S. v. Nacchio*, 555 F. 3d 1234, 1241 (10th Cir. 2009). "The trial court plays a 'gatekeeping' role, but it has discretion as to how to perform that role." *Davies v. City of Lakewood*, 2016 WL 614434, at *1 (D. Colo. Feb. 16, 2016) (Jackson, J.) (citing *Goebel v. Denver and Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000)). Under Rule 702, the trial court "ensures that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993); *see also* Fed. R. Evid. 702(d).

Even if an expert is deemed qualified on a certain subject matter, he is still prohibited from expressing opinions based on speculation, subjective belief, or facts not supported by, or inconsistent with, the evidence. *See Mitchell v. Gencorp, Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) (finding a party must show that the "method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements"); *Conroy v. Vilsack*, 707 F.3d 1163, 1170 (10th Cir. 2013) (affirming district court's decision to exclude expert testimony because he failed to show his testimony reliably applied the facts of the case).

3

# ARGUMENT

### I. Aurora's Experts Have No Opinions regarding the Incidents involving Plaintiffs Smith, Packard, and Duran

Plaintiffs Smith, Packard and Duran are the only plaintiffs in this case with claims against the Aurora Defendants. Aurora's experts, Sears and Petrucelli, do not have any opinions regarding the incidents of use of force involving Plaintiffs Smith, Packard, or Duran. Ex. 2 (Sears Dep.) at 15-16, 18-22; Ex. 3 (Petrucelli Dep.) at 15-16, 30-31. Nor are any such opinions in their disclosure. Ex. 1 at 2-5. Thus, Sears and Petrucelli should not be allowed to testify about the incidents involving Plaintiffs Smith, Packard, or Duran.

Moreover, Sears and Petrucelli confirmed that they did not review any materials (video, documents, photos, etc.) relating to Plaintiffs Smith or Packard. Ex. 2 at 15-16; Ex. 3 at 15-16. Without having reviewed any materials relating to Smith or Packard, Sears and Petrucelli have no factual basis for rendering any opinions relating to those incidents. They admitted that they have no opinions about any videos they did not review. Ex. 2 at 42. This is an additional reason to bar Sears and Petrucelli from testifying about the Smith and Packard incidents. And, even though Sears and Petrucelli reviewed some videos pertaining to the shooting of Plaintiff Duran in the groin, they have no opinion about that incident (other than, they did not see him doing anything that warranted use of force). Ex. 2 at 18-23; Ex. 3 at 22, 30-31. That is reason enough to bar them from testifying about it. (Petrucelli also could not say that any of the videos he reviewed had anything to do with any of the events involving the plaintiffs. Ex. 3 at 38-44.

### II. Aurora's Experts' Opinions about Unrelated Crowd Conduct and Unrelated "Justification" Are Irrelevant and Inadmissible

Sears and Petrucelli's disclosures include vague opinions about crowd conduct and alleged "justification" for the use of force that are completely unrelated to the incidents involving

4

Plaintiffs Smith, Packard and Duran. These opinions are inadmissible under Rules 702 and 403, for the reasons discussed below. Specifically, the disclosure lists the following opinions:

- Opinion C: "Conduct by the crowd during the Denver protests created an officer safety concern," Ex. 1 at 3, 5;

- Opinion D: "Officers had a legal justification to deploy less lethal munitions during the course of the Denver protests because of the conduct of the crowd," *id.* at 5; and "Officers at the protests had a legal justification to utilize crowd control and crowd management techniques, consistent with their training," *id.* at 3.

### A.     Opinion C relating to "Crowd Conduct" Is Inadmissible

Opinions must be based on the facts and the evidence and must aid "the trier of facts to understand the evidence." *Mitchell*, 165 F.3d at 781 ("Under *Daubert*, the proposed expert testimony must be supported … based on what is known."); Fed R. Evid. 702(a), (d). Sears and Petrucelli based their opinions only on the materials that they reviewed listed in the disclosure. Ex. 2 at 15, 38, 41-43; Ex. 3 at 17-18, 20-21. However, the materials that they reviewed and on which they based their opinions, are extremely limited. There are 13 items in the list of materials they each reviewed in forming their opinions. These are: a PowerPoint presentation created by the Aurora Police Department Force Investigations Unit for the events of May 31, 2020 (which does not cover the events involving any of the plaintiffs even those involving Packard or Duran, which took place on May 31, 2020); body worn camera video from an Aurora officer Bubna for May 31, 2020; HALO camera videos for May 28, 2020 (most of which show no protestor-police interaction); one HALO camera video for May 29, 2020 that merely depicts protestors milling around; one HALO camera video for May 30, 2020 between 4:00-4:30 p.m. at Colfax and Washington; and three videos pertaining to May 31, 2020, including two that were created by Plaintiff Duran (Fitouri 228 and Fitouri 229). Ex. 1 at 2, 4.

5

None of these materials pertain to the incidents involving Plaintiffs Smith or Packard. Only one of the body worn camera videos from Officer Bubna and the two videos shot by Plaintiff Duran pertain to his incident.

Sears and Petrucelli intend to testify that "[c]onduct by the crowds at the Denver protests created an officer safety concern." Ex. 1 at 3, 5. But this opinion is extremely vague and general. What crowds? What date of the protest? What location and time? As the Court is aware, the protests occurred over multiple days and multiple locations. It is not helpful to the jury for Sears or Petrucelli to give a generalized opinion that conduct by "the crowds" created an "officer safety concern" without any specifics as to time, date, location, or which "crowds." There is no connection between this general opinion and the conduct of or the use of force on *the Plaintiffs*, much less the incidents of Plaintiffs Smith, Duran, and Packard—who are the plaintiffs alleging claims against the Aurora Defendants in this case. Nor is there any connection between this general opinion and the conduct of any "crowds" at any of the locations where Plaintiffs were present. "'Relevant expert testimony must logically advance[] a material aspect of the case and be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.'" *Erickson v. City of Lakewood*, 2021 WL 4438035, at *3 (D. Colo. Sept. 27, 2021) (quoting *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011)).

Significantly, the opinions of Sears and Petrucelli can only be based on the *materials they reviewed*. The materials they reviewed, however, do not include a single video or document pertaining to Plaintiffs Smith or Packard—or even the incidents at which they were present.[2] Ex. 1 at 2, 4. Most of the videos reviewed by Sears and Petrucelli were from *May 28* and *May 29*,

---

[2] To be clear, there are videos and photos produced in this case depicting the uses of force on Plaintiffs Smith and Packard. However, Aurora's experts did not review any of this.

and those are not dates on which the incidents involving Smith, Packard or Duran took place. (Nor do the videos they reviewed cover the *locations* where the incidents involving Plaintiffs took place.) And, even though Sears and Petrucelli reviewed videos shot by Plaintiff Duran on May 31, 2020, at the time that he was shot in the groin by Aurora Defendant Budaj, they have no opinion that Plaintiff Duran was doing anything that warranted the use of force on him. Ex. 2 at 27-28; Ex. 3 at 21-22. They also agreed that Plaintiff Duran was not doing anything illegal in the videos they reviewed, and that his conduct (videotaping a protest as a journalist) was protected by the First Amendment. Ex. 2 at 26-28, 30, 36-38.

      Thus, to the extent that Sears and Petrucelli have opinions about the "conduct of the crowds" at the protests and whether they created an "officer safety concern," this opinion has nothing to do with the allegations of Plaintiffs Smith, Packard, or Duran in this case. (Nor do they even have anything to do with any of the *other Plaintiffs*, who are not alleging claims against any Aurora Defendants in this case. None of the videos Sears and Petrucelli reviewed cover the dates, times, and locations of where force was used on the other Plaintiffs.) Petrucelli could not even confirm that his opinions have any connection to the events involving Plaintiffs in this case. Ex. 3 at 30. And, to the extent that Sears and Petrucelli intend to opine about *other incidents* of "crowd conduct" during *other days* of the protests at *other locations*, this is irrelevant and would be confusing to the jury. Even Petrucelli admitted that what happened to Plaintiff Duran (for instance) at the intersection of Colfax and Pearl on May 31, 2020 cannot be justified with reference to what "crowds" or protestors were doing on a different date at a different place. *Id.* at 34-35. And, whether or not there was any justification for the pepper spraying of one protestor at one location (e.g., Plaintiff Smith) depends on the circumstances

7

existing at that date, time and location—not on what happened somewhere else two days earlier. *Id.* at 36-37. Thus, Opinion C is inadmissible under Rule 702(a) and (d).

Furthermore, Opinion C is inadmissible under Rule 702(b). Even if it were helpful to the jury for Sears and Petrucelli to give a generalized opinion about the "crowds" at the protest and whether they created an "officer safety concern" at locations and times at which Plaintiffs were not even present, any such opinion is not based on sufficient facts or data. Fed. R. Evid. 702(b). They reviewed 11 videos, half of which concern only the first day of the protest (May 28). Ex. 1 at 2, 4. This is an insufficient factual basis on which to provide an opinion that the crowds during the protest created an officer safety concern. To the extent they could even give such an opinion, it would necessarily be limited to whatever they saw in the videos they reviewed.

Thus, Opinion C is inadmissible under Rule 702(a), (b), and (d).

Finally, Opinion C is inadmissible under Rule 403 because any probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, or wasting time.

    **B.**    **Opinion D Is Inadmissible**

Opinion D suffers from the same problems as Opinion C, and it is even more problematic. Sears and Petrucelli intend to testify that the officers had a "legal justification" to "utilize crowd control and crowd management techniques"—whatever that means—and to "deploy less lethal munitions" "during the course of the Denver protests because of the conduct of the crowd." Ex. 1 at 3, 5. This opinion is general and not tied to a specific plaintiff, an incident, a date, a time, or a location. Read literally, Sears and Petrucelli want to tell the jury that, based on their review of 11 videos, every use of "less lethal munitions" by every officer on every

day of the protests—which took place over weeks, not just days—was "legally justified." This is plainly inadmissible under Rule 702(a), (b), and (d).

Moreover, these experts do not have an opinion about whether the use of force on Plaintiffs Smith, Packard, or Duran was "legally justified." *See* Ex. 3 at 31-32. And even if they did have such an opinion, it would be inadmissible because opining on an ultimate issue is disfavored and is an attempt to take the question away from the jury, which is charged with deciding whether or not the use of less lethal munitions on the Plaintiffs was legally justified. *Davies*, 2016 WL 614434, at *7 (precluding expert from opining on an ultimate issue); *Erickson*, 2021 WL 4438035, at *11 ("The Court … must not allow an expert to testify on matters if his or her testimony would 'usurp [] a critical function of the jury.'") (quoting *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993)); *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) ("an expert may not state legal conclusions drawn by applying the law to the facts.") (internal quotation marks and citations omitted).

Even more problematic, though, is that Sears and Petrucelli intend to tell the jury that an officer can use weapons on a plaintiff because of the "conduct of the crowd," as opposed to the conduct of the plaintiff who was targeted with the weapon. Ex. 1 at 3, 5. This is not the law, especially in the case of Plaintiffs Smith, Duran, and Packard. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1159-60 (10th Cir. 2008) (force used on protestor must be reasonable under the facts and circumstances presented, citing *Graham v. Connor*, 490 U.S. 386 (1989)). Smith was pepper sprayed directly in the face, Duran was shot in the groin with a 40mm launcher, and Packard was shot in the head with a less-lethal shotgun. These are weapons that must be targeted at specific aggressive or violent individuals in a crowd. The use of any force on a subject—but especially this type of targeted force—must be justified with reference to the acts of the target (the

9

plaintiff). *See id.* at 1162 (use of pepper spray on a person who posed no threat amounted to excessive force). Even Petrucelli admitted this. Ex. 3 at 31-32. Thus, not only do Sears and Petrucelli want to tell the jury how to decide whether the acts of defendants were "legally justified," but they want to incorrectly instruct the jury on the law.[3] This is not admissible. *See Davies*, 2016 WL 614434, at *7; *Specht v. Jensen*, 853 F.2d 805, 807-810 (10th Cir. 1988); *Gebremedhin v. Am. Family Mut. Ins. Co.*, 2015 WL 4979742, at * 5 (D. Colo. Aug. 21, 2015) (expert may not state legal opinions or legal conclusions drawn by applying the law to facts).

      **C.**    **The Aurora Experts' Opinions about Training Are Duplicative of Testimony from Other Witnesses**

Sears and Petrucelli offer the following opinions about training practices: Opinion A: Aurora provides training to their officers on the use of the 40mm launcher and less-lethal shotgun and the Aurora officers assigned to the protests had specialized training, Ex. 1 at 2-5, and Opinion B: Aurora's training classes constitute "best practices." *id.* at 3, 5.

These opinions are duplicative of testimony that is expected to be given by Aurora's designated Rule 30(b)(6) witnesses. The Aurora Defendants should not be allowed to call multiple witnesses to provide the same evidence. The probative value of such testimony would be substantially outweighed by the danger of undue delay, wasting time, and needless presentation of cumulative evidence. Fed. R. Evid. 403. At this juncture, Plaintiffs simply alert the Court to this potential issue, should the Aurora Defendants attempt to call multiple witnesses to present cumulative evidence at trial.

---

[3] Sears and Petrucelli provide no opinions on whether or not the actions of officers in this case were consistent with accepted law enforcement standards; their opinions are expressly framed in terms of "legal justification" for use of less-lethal munitions and crowd control techniques.

## CONCLUSION

Plaintiffs respectfully request an Order excluding Marc Sears and Jason Petrucelli from testifying, as discussed above.

| | |
|---|---|
| /s/ Elizabeth Wang<br>Elizabeth Wang<br>Loevy & Loevy<br>2060 Broadway, Suite 460<br>Boulder, CO 80302<br>Telephone: (720) 328-5642<br>elizabethw@loevy.com<br><br>Makeba Rutahindurwa<br>Loevy & Loevy<br>311 N. Aberdeen St.<br>Chicago, IL 60607<br>Telephone: (312) 243-5900<br>makeba@loevy.com<br><br>*Counsel for Fitouri Plaintiffs* | /s/ Matthew J. Douglas<br>Timothy R. Macdonald<br>Matthew J. Douglas<br>Ed Aro<br>Robert Reeves Anderson<br>Colin M. O'Brien<br>Arnold & Porter Kaye Scholer LLP<br>1144 Fifteenth Street, Suite 3100<br>Denver, Colorado 80202<br>Telephone: (303) 863-1000<br>Facsimile: (303) 863-2301<br>Reeves.Anderson@arnoldporter.com<br>Timothy.Macdonald@arnoldporter.com<br>Matthew.Douglas@arnoldporter.com<br>Ed.Aro@arnoldporter.com<br>Colin.Obrien@arnoldporter.com<br><br>Leslie C. Bailey<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-5555<br>Leslie.Bailey@arnoldporter.com<br><br>Patrick C. Reidy<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>70 West Madison Street<br>Suite 4200<br>Chicago, IL 60602<br>Telephone: (312) 583-2300<br>Facsimile: (312) 583-2360<br>Patrick.Reidy@arnoldporter.com<br><br>Michael J. Sebba*<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 243-4000 |

Facsimile: (213) 243-4199
Michael.Sebba@arnoldporter.com

*Admitted only in New York; not admitted to the practice of law in California.

In cooperation with the American Civil Liberties Union Foundation of Colorado

Mark Silverstein
Sara Neel
Arielle Herzberg
American Civil Liberties Union Foundation of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 80203
Telephone: (303) 777-5482
Facsimile: (303) 777-1773
Msilverstein@aclu-co.org
Sneel@aclu-co.org
Aherzberg@aclu-co.org

*Counsel for Epps Plaintiffs*

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on January 28, 2022, I served the foregoing Motion on all counsel of record via CM/ECF.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys