IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## DENVER DEFENDANTS' MOTION TO EXCEED PAGE LIMIT FOR MOTION FOR SUMMARY JUDGMENT

Defendants City and County of Denver, Colorado ("Denver"), Patrick Phelan, Matthew Canino, James D. Williams, Thomas Pine, Vincent Porter, Michael O'Donnell, Kevin Carroll, Rick Beall, David Abeyta, Marco Martinez, Justin Dodge, Richard D. Eberharter, Tana Cunningham, John Sampson, Jonathan Christian, and Keith Valentine ("Denver Defendants"), through undersigned counsel, hereby respectfully submit this Motion to Exceed Page Limit for Motion for Summary Judgment, as follows:

1.     <u>Certificate of Conferral</u>:  Prior to filing the instant Motion, counsel for the Denver Defendants conferred with counsel for the other parties pursuant to D.C.Colo.LCiv.R. 7.1(a). Counsel for the Plaintiffs indicate the Plaintiffs object to this Motion.  Counsel for the other Defendants indicate they do not object to this Motion.

2.     Plaintiffs Sara Fitouri, Jacquelyn Parkins, Youssef Amghar, Claire Sannier, Kelsey Taylor, Joe Deras and Jonathan Duran, along with approximately 310 other class members

("Fitouri Plaintiffs") assert the following claims pursuant to 42 U.S.C. § 1983 against Denver and the individual Denver Defendants other than Officers Christian and Valentine: (1) alleging Denver's curfew orders violated the First Amendment, both facially and as-applied; (2) violations of the Fourth Amendment based on the arrest of class members and based on the use of force; (3) violations of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment based on the use of force; and (4) failure to intervene. [ECF 219].

3. Plaintiffs Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zach Packard, Hollie Lyman, Cidney Fisk, and Stanford Smith ("Epps Plaintiffs") the following claims pursuant to 42 U.S.C. § 1983 against Denver and Officers Christian and Valentine: (1) violations of the First Amendment based on the use of force; and (2) violations of the Fourth and Fourteenth Amendments based on the use of force. [ECF 178].

4. In total, there are 15 Plaintiffs and Denver and 16 individual Denver Defendants. Contemporaneously with this Motion, Denver Defendants are filing a Motion for Summary Judgment consisting of 38 pages. This Court's Order dated November 23, 2021, set a page limit of 25 pages for Motions for Summary Judgment in this case. [ECF 217]. Denver Defendants believe their Motion for Summary Judgment is necessary and appropriate in this matter for this Court to understand all the arguments and authorities raised by the Denver Defendants. In particular, this Court has precluded the Denver Defendants from filing any Reply Brief in support of their Motion for Summary Judgment making the Denver Defendants' Motion for Summary Judgment their sole opportunity to present their legal arguments and authorities for consideration by this Court. [ECF 217]. Accordingly, Denver Defendants respectfully request this Court grant this Motion and accept the Denver Defendants' Motion for Summary Judgment

contemporaneously submitted with this Motion as filed with this Court.

5.      Counsel for the Denver Defendants understands and appreciates this Court's relatively limited time frame to consider the Motions for Summary Judgment filed in this matter due to the upcoming trial date.  Counsel does not file this Motion or the Motion for Summary Judgment without recognizing this reality and without appreciating the amount of work before this Court and its staff on this case.  However, because of the importance of the issues raised in the Motion for Summary Judgment, the number of parties, and the arguments that require addressing by this Court on summary judgment the Denver Defendants' Motion for Summary Judgment in its present length was needed.  Denver Defendants' Motion for Summary Judgment focuses on legal issues properly considered and decided by this Court on summary judgment.

6.      First, the Motion for Summary Judgment presents a total of 47 facts consisting of 12 pages.  The number of facts were needed based on the number of claims advanced by the Plaintiffs and the separate facts applicable to the different legal theories advanced and in particular the different facts applicable to the claims of the Arrest Class and the claims by the other named Plaintiffs.  In addition, the nature of the actions of the Denver Police Department generally needed to be placed in an appropriate context for this Court given the unprecedented nature of the activities surrounding the George Floyd Protests in May and June 2020 in Denver.

7.      Second, Denver Defendants argue the Emergency Curfew Orders issued by the Mayor of the City and County of Denver did not violate the First Amendment either facially or as applied.  The applicable First Amendment law and the applicable facts related to these claims required a presentation of 9 pages including the legal argument that Division Chief Ron Thomas, whose text message is heavily relied upon by the Plaintiffs, is not a final policymaker for Denver.

3

8. Third, Denver Defendants argue the arrests of the Arrest Class did not violate anyone's Fourth Amendment rights because probable cause existed to support the arrests. This argument is needed to directly address the Arrest Class' separate Fourth Amendment claim and consists of one page.

9. Fourth, Denver Defendants argue the use of force did not violate the First Amendment. As pled, Plaintiffs attempt both a First Amendment excessive use of force claim as well as a First Amendment retaliation claim. Denver Defendants argue how those claims fail as a matter of law in two pages.

10. Fifth, Denver Defendants argue Plaintiffs' Fourteenth Amendment Due Process Clause claims fail because the Fourth Amendment provides the appropriate basis to evaluate any alleged excessive use of force by police officers and because Plaintiffs have not met the extremely high threshold for a substantive due process claim as a matter of law. These arguments are presented in one page.

11. Sixth, Denver Defendants argue Plaintiffs' Fourteenth Amendment Equal Protection Clause claims fail as a matter of law due to a lack of intentional discrimination and causation. This argument takes one page.

12. Seventh, Denver Defendants argue Plaintiffs' supervisory liability claims are not cognizable under the applicable standards for such claims. In particular, Denver Defendants argue Plaintiffs cannot meet their burden in establishing the requisite state of mind for their claims against the Denver Defendants individual supervisors. This argument takes two pages.

13. Eighth, Denver Defendants argue Plaintiffs' failure to intervene claims fail. Initially, Denver Defendants argue the only recognized failure to intervene theory is a failure to

intervene in an excessive use of force context and no general failure to intervene claim is recognized for all alleged constitutional violations at least in the Tenth Circuit. Further, Denver Defendants argue the elements of failure to intervene are not met particularly on the intent requirement for such a claim. These arguments take two pages.

14. Ninth, Denver Defendants argue Plaintiffs' municipal liability claims against Denver fail. Denver bases this argument on the applicable standards for such claims and specifically on the deliberate indifference and causation requirements. This argument consists of 7 pages.

15. Tenth, Denver Defendants argue the individual Denver Defendants are entitled to qualified immunity with a focus on the second clearly established prong of the qualified immunity analysis. This argument consists of 3 pages.

16. Overall, the undersigned counsel does not believe the Denver Defendants have over-argued or over-presented their arguments in their Motion for Summary Judgment. In this matter, because of the nature of the claims advanced by the Plaintiffs and the number and nature of the Defendants named by the Plaintiffs, this Court is required both on summary judgment and at trial to decide a whole host of legal issues. Plaintiffs could have simplified both the legal and factual issues in this case but have instead chosen to pursue a variety of legal theories which the Denver Defendants are forced to address in their Motion for Summary Judgment. In deciding these important legal issues, this Court should have the benefit of a full presentation of the issues by the Denver Defendants. No page limit should be employed to prevent the Denver Defendants from articulating the complete legal basis of all of their arguments. In particular, the assertion of qualified immunity requires this Court to address this argument on a pretrial basis and the

individual Defendants are dramatically prejudiced if this Court does not have the benefit of the full arguments of the Denver Defendants.  Further, even if this Court denies the Denver Defendants' Motion for Summary Judgment in whole or in part, this Court is still going to have to address the legal issues raised in the Motion for Summary Judgment on a pretrial basis or during the trial in this matter.  The notion there are not many legal issues for decisions by this Court based on the Plaintiffs' claims is illusory.

WHEREFORE, for all the foregoing reasons, Defendants City and County of Denver, Colorado, Patrick Phelan, Matthew Canino, James D. Williams, Thomas Pine, Vincent Porter, Michael O'Donnell, Kevin Carroll, Rick Beall, David Abeyta, Marco Martinez, Justin Dodge, Richard D. Eberharter, Tana Cunningham, John Sampson, Jonathan Christian, and Keith Valentine respectfully request this Court grant this Motion and accept for filing the Denver Defendants' Motion for Summary Judgment submitted contemporaneously with this Motion, and for all other and further relief as this Court deems just and appropriate.

DATED this 28th day of January, 2022.

Respectfully submitted,

*s/ Andrew D. Ringel*                              .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
hoffmank@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
lindsay.jordan@denvergov.org

*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 28th day of January, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following all counsel of record in this matter.

In addition, the foregoing was placed in the United States Mail, first-class postage prepaid and addressed to the following non-CM/ECF participant:

Cidney Fisk
5100 Leetsdale Dr., Apt. 438
Denver, Colorado 80246

and

Cidney Fisk
14362 E. Road
Delta, Colorado 81416

> s/Nicole Marion, Legal Assistant to
> Andrew D. Ringel, Esq.
> Katherine N. Hoffman, Esq.
> of Hall & Evans, L.L.C.
> 1001 17th Street, Suite 300
> Denver, CO 80202
> Phone: 303-628-3300
> Fax: 303-628-3368
> ringela@hallevans.com
> hoffmank@hallevans.com
>
> **ATTORNEYS FOR DENVER DEFENDANTS**