IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

### PLAINTIFFS' SUPPLEMENT TO MOTION *IN LIMINE* NO. 4 TO BAR UNTIMELY WITNESSES

---

The Fitouri and Epps Plaintiffs, respectfully file this supplement to their Motion *in Limine* No. 4 to bar untimely disclosed witnesses [Dkt. 246 at 7], who were disclosed by the Aurora Defendants for the first time in their list of trial witnesses served on January 27, 2022.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for the Aurora Defendants regarding the relief sought herein. Defendants oppose the motion. In response to Plaintiffs informing them that they did not disclose the below-listed witnesses and that Plaintiffs would be moving to bar the Defendants from calling these undisclosed witnesses at trial, the Aurora Defendants stated that they would be "disclosing" the witnesses **today** in a supplemental disclosure. This is not consistent with the disclosure requirements in the Federal Rules.

### ARGUMENT

Discovery relating to the Aurora Defendants closed on December 30, 2021. Dkt. 217.

1

On January 27, 2022, the Aurora Defendants served Plaintiffs with their lists of witnesses and trial exhibits. Their list of witnesses include 9 witnesses who were never disclosed during discovery. These witnesses are: Darin Parker, James Twombly, Chis Poppe, Tim Railsback, Lance Dyer, Christopher Schipke, Daniel Child, Alex Eisamen, Delbert Tisdale.

Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "somehow incomplete or incorrect." *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 91 F. App'x 37, 44 (10th Cir. 2004) (citing Fed. R. Civ. P. 26(e)(1)). "To ensure compliance with these discovery requirements, Rule 37(c)(1) provides that '[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." *Id*. at 45 (citing Fed. R. Civ. P. 37(c)(1)). In exercising its discretion to determine whether a discovery violation is justified or harmless, the Court looks to four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (citing *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

There is no substantial justification for the Aurora Defendants' failure to disclose these witnesses. Nor is the failure to disclose harmless. These are not witnesses that Plaintiffs had any

idea had any relevant testimony to the issues in this case or who could be expected to be called at trial. Plaintiffs are prejudiced by the failure to disclose. The other factors the Court should consider in determining whether the failure to disclose was harmless also weigh in favor of barring these undisclosed witnesses. Plaintiffs did not have an opportunity to conduct any discovery regarding these witnesses; there is no ability to cure the prejudice because discovery is closed and trial is approximately 5 weeks away; introducing the testimony of these numerous witnesses (five of them have been listed by Aurora Defendants as "will call" witnesses: Parker, Ortiz, Twombly, Poppe, Railsback) would disrupt the trial and take up unnecessary time; and the Aurora Defendants were willful in not disclosing the witnesses.

Rule of Civil Procedure 26 is very clear about a party's obligation to disclose witnesses in a timely manner. It would have been easy for Defendants to comply with the Rule. They did not. Plaintiffs should not be prejudiced by Defendants' lack of diligence.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Court bar Defendants from presenting the testimony of any undisclosed witnesses.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com
*Counsel for Plaintiffs*

s/ Matthew J. Douglas
*Counsel for Epps Plaintiffs*

Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
O: 312.243.5900
makeba@loevy.com

3

Patrick C. Reidy
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Patrick.Reidy@arnoldporter.com

Timothy R. Macdonald
Matthew J. Douglas
Ed Aro
R. Reeves Anderson
Colin M. O'Brien
Kathleen K. Custer
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Ste. 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Timothy.Macdonald@arnoldporter.com
Matthew.Douglas@arnoldporter.com
Ed.Aro@arnoldporter.com
Reeves.Anderson@arnoldporter.com
Colin.Obrien@arnoldporter.com
Katie.Custer@arnoldporter.com

Michael J. Sebba*
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone: (213) 243-4000
Michael.Sebba@arnoldporter.com
   *Admitted only in New York; not admitted to the practice of law in California.

In cooperation with the American Civil
Liberties Union Foundation of Colorado

Mark Silverstein
Sara Neel
Arielle Herzberg
American Civil Liberties Union Foundation of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 80203
Telephone: (303) 777-5482
Msilverstein@aclu-co.org
Sneel@aclu-co.org

Aherzberg@aclu-co.org
*Counsel for Epps Plaintiffs*

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on January 28, 2022, I served via CM/ECF the foregoing Motion, on all counsel of record.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys