IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DENVER DEFENDANTS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR SUMMARY JUDGMENT**

The Fitouri Plaintiffs, through their counsel, respectfully file this opposition to the Denver Defendants' motion for leave to exceed the page limit for summary judgment by 13 pages [Dkt. 254].

**ARGUMENT**

The Court gave the Denver Defendants 25 pages to brief summary judgment and the combined Plaintiffs 25 total pages to respond. Dkt. 217. This is already over the limit that the Court usually allows for summary judgment (20 pages). The Denver Defendants now ask for leave to file a summary judgment motion that exceeds this limit by 13 pages—an increase of more than fifty percent (50%).

Courts (and the local rules) set page limits for a reason. The reason is that parties should be required to make informed and careful decisions about the arguments that they choose to make. Arguments that are unlikely to succeed should not be made, because it is a waste of

1

everyone's time, especially when trial is rapidly approaching and everyone is better off using this time to prepare for trial.

It is clear from even a quick review of Denver Defendants' motion for summary judgment that they have not wisely used the pages that the Court allotted and are making arguments for summary judgment while ignoring intensely disputed facts.

Examples include (but are not limited to): Denver moves for summary judgment on Plaintiffs' *Monell* claim, while ignoring Plaintiffs' disputed evidence (among other things, the expert reports of Norman Stamper and Edward Maguire, which they know that Plaintiffs intend to rely on, at least in part, for their *Monell* claims). Defendants also move for summary judgment on all the individual defendants, even though there is evidence that every one of them directly participated in constitutional violations against Plaintiffs or directed subordinate officers to use force on Plaintiffs.[1] In the same vein, Defendants move for summary judgment on qualified immunity, even though the law on Plaintiffs' claims—including in the context of protests and demonstrations—has been clearly established for decades.

## CONCLUSION

The Court should deny the Denver Defendants' motion for leave to file excess pages, so that they are required to choose their arguments with greater consideration.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460

Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen St.

---

[1] In an attempt to streamline things, the Fitouri Plaintiffs offered to dismiss several individual supervisory- or command-level defendants in exchange for Denver not moving for summary judgment on the *Monell* claim. Denver rejected this proposal.

2

| | |
|---|---|
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | makeba@loevy.com |
| *Counsel for Plaintiffs* | |

### Certificate of Service

    I, Elizabeth Wang, an attorney, hereby certify that on January 28, 2022, I served via CM/ECF the foregoing Response, on all counsel of record.

                                            /s/ Elizabeth Wang
                                            One of Plaintiffs' Attorneys