**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

**RESPONSE TO PLAINTIFFS' MOTION TO LIMIT THE EXPERT OPINION TESTIMONY OF JOSH GARCIA**

Defendants Jefferson County Deputy Sheriffs Anthony Hamilton and Timothy Dreith (the "Jeffco Deputies"), by and through counsel, respond in opposition to Plaintiffs' Motion to Limit the Expert Testimony [ECF No. 245] and state as follows:

**INTRODUCTION**

Plaintiffs seek to preemptively limit the scope of the testimony of the Jeffco Deputies' expert Sgt. Josh Garcia based on counsel's characterization of certain limited deposition testimony of the Jeffco Deputies. In particular, Plaintiffs seek to exclude any opinion that one reasonable purpose (among others) for the Deputies attempting to stop protestors from kicking gas canisters at them was to prevent the gas from obscuring their vision thereby subjecting them to injury from the dangerous projectiles which were being directed at them. Plaintiffs' motion is based on an incomplete and limited factual record and does not consider the objective reasonableness standard

required for an excessive force analysis and which Sgt. Garcia's expert opinion will address. Accordingly, Plaintiffs' motion is misplaced or at best premature.

## ARGUMENT

Plaintiffs' motion cites no authority for the proposition that an expert on the use of force is limited to considering the subjective mindset of the Jeffco Deputies in offering an opinion on whether the conduct was objectively consistent with that of a reasonable officer under the circumstances as observed by expert. "We assay a plaintiff's excessive-force claim for objective reasonableness, asking 'whether the officer['s] actions [were] objectively reasonable in light of the facts and circumstances confronting [him], *without regard to underlying intent or motivation*.'" *A.M. v. Holmes*, 830 F.3d 1123, 1151 (10th Cir. 2016) (emphasis added). That is, the Deputies specific state of mind is not of consequence to the excessive force claims. Whether the Jeffco Deputies specifically considered the vision-obscuring effect of protestors kicking gas cans does not mean that objectively reasonable officers in those circumstance would not have done so. *See U.S. v. Perkins*, 470 F.3d 150, 159-160 (4th Cir. 2006) (expert testimony on police officer use of force properly admitted where it is based on the expert's personal assessment of the of the use of force employed in the circumstances).

There will be evidence at trial regarding the circumstances and the possible impact of the gas on the Jeffco Deputies, including the testimony of other witnesses on the scene and videotapes that have been produced during discovery. Sgt. Garcia can take this evidence into account in assessing the justifications for the Deputies' use of force. Plaintiffs' challenge to this proposition is properly addressed via cross-examination.

Second, Plaintiffs cite no authority for the proposition that an expert opinion is limited to facts developed prior to trial. In fact, Federal Rule of Evidence 703 specifically contemplates that an expert may rely on any admissible evidence that he or she may observe or be made aware of. This certainly includes evidence admitted at trial, and it is routine practice for experts to offer opinions (or modify their opinions) based on the factual record fully developed at trial and which may have not been previously known. Furthermore, factual disputes regarding the underlying foundation for an expert opinion are properly addressed through vigorous cross-examination and the presentation of competing facts, not exclusion. *In Re EpiPen Marketing, Sales Practices, and Antitrust Litigation*, Case No. 17-md-2785-DDC-TJJ, 2021 WL 2577490, slip op. (D. Kan. June 23, 2021). Sgt. Garcia will testify to his opinions after the full development of the facts at trial. If at that time Plaintiffs believe there has been insufficient foundation laid for him to address the issue of obscured vision, they can raise their concerns. Accordingly, Plaintiffs' motion is premature.

WHEREFORE, the Jeffco Deputies respectfully request that the Court deny Plaintiffs' motion.

Dated: January 31, 2022.   JEFFERSON COUNTY ATTORNEY'S OFFICE

By: */s/ Eric Butler*
Rebecca Klymkowsky, #41673
Eric Butler, #29997
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
Telephone: 303.271.8932
Facsimile: 303.271.8901
rklymkow@jeffco.us
ebutler@jeffco.us
*Attorneys for Defendants Dreith and Hamilton*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2022, I filed the foregoing RESPONSE TO PLAINTIFFS' MOTION TO LIMIT THE EXPERT OPINION TESTIMONY OF JOSH GARCIA via CM/ECF which will serve a true and correct copy upon the following:

Colin Michael O'Brien, colin.obrien@arnoldporter.com
Edwin Packard Aro, ed.aro@arnoldporter.com
Matthew J. Douglas, matthew.douglaw@arnoldporter.com
Michael J. Sebba, Michael.sebba@arnoldporter.com
Mindy Amanda Gorin, mindy.gorin@arnoldporter.com
Patrick Conor Reidy, Patrick.reidy@arnoldporter.com
Timothy R. Macdonald, timothy.macdonald@arnoldporter.com
Reeves Anderson, reeves.anderson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP-DENVER
*Attorneys for Plaintiffs Epps, Wedgeworth, Blasingame, Rothlein, Packard, Lyman, Fisk, and Smith*

Arielle Kay Herzberg, aherzberg@aclu-co.org
Mark Silverstein, msilverstein@aclu-co.org
Sara R. Neel, sneel@aclu-co.org
AMERICAN CIVIL LIBERTIES UNION-DENVER
*Attorneys for Plaintiffs Epps, Wedgeworth, Blasingame, Rothlein, Packard, Lyman, Fisk, and Smith*

Daniel Moore Twetten, dan@loevy.com
Elizabeth C. Wang, elizabethw@loevy.com
LOEVY & LOEVY-BOULDER
*Attorneys for Plaintiffs Fitouri, Parkins, Taylor, Amghar, Sannier, Deras, and Duran*

Makeba Rutahindurwa, makeba@loevy.com
LOEVY & LOEVY-CHICAGO
*Attorney for Plaintiff Fitouri Parkins, Taylor, Amghar, Sannier, Deras, and Duran*

Andrew David Ringel, ringela@hallevans.com
Katherine Hoffman, hoffmank@hallevans.com
HALL & EVANS LLC-DENVER
*Attorneys for Defendant Denver, Felkins, Abeyta, Tak, Lnu, and Pazen*

Hollie Renee Birkholz, hollie.birkholz@denvergov.org
Lindsay Michelle Jordan, lindsay.jordan@denvergov.org
Robert Charles Huss, Robert.huss@denvergov.org
DENVER CITY AND COUNTY ATTORNEY'S OFFICE
*Attorneys for Defendants Denver, Felkins, Abeyta, Tak, Lnu, and Pazen*

Isabelle Sabra Evans, ievans@auroragov.org
Peter Ruben Morales, pmorales@auroragov.org
AURORA CITY ATTORNEY'S OFFICE
*Attorneys for Defendants Aurora, Brukbacher, Serrant, and McNamee*

David M Goddard, dgoddard@brunolawyers.com
Michael T. Lowe, mlowe@brunolawyers.com
BRUNO, COLIN & LOWE, P.C.
*Attorneys for Defendants Budaj, McNamee, Serrant, and Brukbacher*

　　　　　　　　　　　　　　　　　　　*/s/ Briana McCarten*

5