IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

      Defendants.

---

## DENVER DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO LIMIT EXPERT OPINION OF STEVE IJAMES

---

Defendants City and County of Denver, Colorado ("Denver"), Patrick Phelan, Matthew Canino, James D. Williams, Thomas Pine, Vincent Porter, Michael O'Donnell, Kevin Carroll, Rick Beall, David Abeyta, Marco Martinez, Justin Dodge, Richard D. Eberharter, Tana Cunningham, John Sampson, Jonathan Christian, and Keith Valentine ("Individual Denver Defendants" and collectively with Denver "Denver Defendants"), through undersigned counsel, hereby respectfully submit this Response to Plaintiffs' Motion to Limit the Expert Opinion Testimony of Steve Ijames, as follows:

### INTRODUCTION

Denver Defendants designated Steve Ijames as a police practices expert.  Mr. Ijames has extensive law enforcement professional experience, education and training and regularly has been qualified as an expert witness by federal and state courts throughout the United States for many years.  [*See* Steve Ijames CV, Exh. A; Steve Ijames List of Prior Testimony for last four years,

Exh. B].

Plaintiffs' Motion to Limit the Expert Opinion Testimony of Steve Ijames ("Plaintiffs' Motion") [ECF 244] does not challenge Mr. Ijames' expertise, credentials or qualifications as a police practices expert. [*See* Plaintiffs' Motion]. Plaintiffs' Motion also does not challenge Mr. Ijames' methodology. [*See* Plaintiffs' Motion]. Instead, Plaintiffs' Motion seeks to exclude 42 of Mr. Ijames' expert opinions on the basis no evidence will be presented at trial to support these opinions of Mr. Ijames. [*See* Plaintiffs' Motion]. Plaintiffs focus on Mr. Ijames' opinions concerning whether any of the Plaintiffs themselves participated in behavior justifying the use of the less lethal munitions deployed in the circumstances involving each of the Plaintiffs. [*See* Plaintiffs' Motion].

Plaintiffs' Motion must be denied by this Court. First, this Court possesses broad discretion in determining whether to allow expert testimony. Notably, the rejection of expert testimony remains the exception and not the rule. Second, Mr. Ijames' factual assumptions underlying the expert opinions challenged by the Plaintiffs are perfectly appropriate for an expert. Courts regularly allow experts to assume the facts underlying their expert opinions. Third, the validity of Mr. Ijames' factual assumptions only goes to the weight of his expert opinions and not their admissibility. Plaintiffs' challenge to the purported accuracy of Mr. Ijames' factual assumptions is something subject to cross-examination at trial and not exclusion on a pretrial basis. Fourth, until the actual evidence is presented at trial there is no basis for this Court to evaluate the propriety of Mr. Ijames' opinions challenged by the Plaintiffs. Plaintiffs' Motion is premised on the evidence Plaintiffs anticipate being presented at trial and their assertion there will not be any evidence supporting any conclusion any of the Plaintiffs individually personally participated in

behavior justifying a use of force against them.  Denver Defendants have had no opportunity to actually present their evidence at trial and the validity of Plaintiffs' assumption cannot be decided by this Court on a pretrial basis.  Instead, it must await the actual evidence presented by the parties at trial.

## ARGUMENT

Initially, this Court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible.  ***Truck Insurance Exchange v. MagneTek, Inc.,*** 360 F.3d 1206, 1210 (10th Cir. 2004); ***Smith v. Ingersoll-Rand Co.,*** 214 F.3d 1235, 1243 (10th Cir. 2000).  Generally, rejection of expert testimony by a trial court is the exception rather than the rule.  ***United States v. Durango & Silverton Narrow Gauge R.R. Co.,*** 19-cv-01913-REB-NRN, 2021 U.S. Dist. LEXIS 223623, at *3 (D. Colo. Nov. 19, 2021).  "Rule 702 was amended in 2000 in response to ***Daubert***.  The Advisory Committee observed at that time that post-***Daubert*** case law had shown that 'rejection of expert testimony is the exception rather than the rule.'  Pointedly, in view of the present case, the Committee stated that the amendment was 'not intended to provide an excuse for an automatic challenge to the testimony of every expert.'" ***Davies v. City of Lakewood,*** 14-cv-01285-RBJ-NYW, 2016 U.S. Dist. LEXIS 18348, at *3 (D. Colo. Feb. 16, 2016).  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." ***Daubert v. Merrell Dow Pharms., Inc.,*** 509 U.S. 579, 596 (1993).  "In short, while trial courts have discretion to exclude irrelevant or unreliable evidence, ***Daubert*** and the 2000 amendments to Rule 702 generally liberalize the standard for admission of expert testimony." ***Davies,*** 2016 U.S. Dist. LEXIS 18348, at *3.

Plaintiffs acknowledge the propriety of Mr. Ijames as an expert assuming facts to support his expert opinions.  [*See* Plaintiffs' Motion, at 13 (citing *Williams v. Illinois,* 567 U.S. 50, 57 (2012) ("Under settled evidence law, an expert may express an opinion that is based on facts that the expert assumes, but does not know, to be true.")].  Courts consistently allow experts to testify based on assumptions which are supported by the facts which are or will be in evidence.  *See, e.g., Ark. River Power Auth. v. Babcock & Wilcox Power Co.,* 14-cv-00638-CMA-NYW, 2016 U.S. Dist. LEXIS 194071, at *8-9 (D. Colo. Oct. 25, 2016) (rejecting exclusion of expert opinion and noting "Rather, ARPA can present evidence at trial explaining or even contradicting this testimony, including the testimony of its expert that the breach occurred in 2009."); *Chimney Rock Pub. Dist. v. Tri-State Generation & Transmission Ass'n,* 2014 U.S. Dist. LEXIS 59975, at *8 (D. Colo. Apr. 30, 2014); *Martinez v. Salazar,* 13-534-KG/WPL, 2016 U.S. Dist. LEXIS 173137, at *11 (D.N.M. Dec. 14, 2016) ("Experts are not barred from assuming facts if it is clear the expert is assuming facts and not confirming facts being assumed").

Importantly, an expert's factual assumptions do not make an expert opinion unreliable or inadmissible.  Rather, any factual assumptions are subject to testing on cross-examination.  Addressing this precise issue, another Judge in this District reasoned:

> An expert witness may use assumptions in addition to facts to formulate his opinion, and the use of such assumptions does not make the opinion inadmissible. *See United States v. Crabbe,* 556 F.Supp.2d 1217, 1224 (D. Colo. 2008) ("Reliance on assumptions does not necessarily preclude the opinion from having an adequate foundation under Rule 702.  *The accuracy of the assumption is an issue for trial because it affects the weight of the opinion*.").  Defendant does not argue that Mr. Taylor presents his assumptions as facts or that he has failed to sufficiently identify his assumptions as such.  *Cf. Champagne Metals v. Ken-Mac Metals, Inc.,* 458 F.3d 1073, 1080 n. 4 (10th Cir. 2006) ("Expert testimony that fails to make clear that certain facts the expert describes as true are merely assumed for the purpose of [the opinion] may not assist the trier of fact at all and, instead, may simply result in confusion.").

The Court finds that Defendant's argument goes to the weight the jury should attribute to Mr. Taylor's testimony, rather than to the admissibility of such testimony under Rule 702.  Mr. Taylor's opinion is, therefore, not inadmissible on that basis, and Defendant's arguments can be addressed by vigorous cross-examination at trial.  *See **Daubert v. Merrell Dow Pharms.,*** 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993).

***Auraria Student Hous. at the Regency, LLC v. Campus Vill. Apts., LLC,*** 10-cv-02516-WJM-KLM, 2014 U.S. Dist. LEXIS 130959 at *13 (D. Colo. Sept. 18, 2014) (emphasis added).  Mr. Ijames' assumptions go to the weight (cross-examination at trial) of his expert opinions rather than their admissibility (pre-trial exclusion).  As the Tenth Circuit has noted, the "full burden of exploration of the facts and assumptions underlying the testimony of an expert witness falls squarely on the shoulders of opposing counsel's cross-examination." ***Smith v. Ford Motor Co.,*** 626 F.2d 784, 799 (10th Cir. 1980) (citation omitted).  Ultimate, "[t]o the extent [the expert's] facts and data or methodology may be inaccurate, incomplete, or otherwise imperfect, those flaws go to the weight to be ascribed to his opinions, and not to their admissibility." ***Hardy v. Union Pac. R.R.,*** 10-cv-01880-REB-MJW, 2011 U.S. Dist. LEXIS 127582, at * 8-9 (D. Colo. Nov. 2, 2011).

As the above precedent demonstrates, the validity of Mr. Ijames' assumptions and hence his expert opinions must be tested at trial and are not subject to pretrial exclusion.  Mr. Ijames' expert report makes assumptions about the facts because as an expert he recognizes he does not decide what occurred during each of the events at issue—the jury does.  Instead, Mr. Ijames offers alternative expert opinions based on different assumptions recognizing the jury may determine what occurred respecting each of the incidents involving the Plaintiffs in different ways. Mr. Ijames' expert opinions provide guidance to the jury concerning what the jury ultimately determines occurred based on Mr. Ijames' expertise on police practices and operations.  Any other

methodology improperly invades the province of the jury by telling the jury what occurred.  *See, e.g., O'Sullivan v. Geico Cas. Co.,* 233 F.Supp.3d 917, 928 (D. Colo. 2017) ("However, an expert witnesses's testimony may not usurp the jury's fact-finding function."); *Al-Turki v. Robinson,* 10-cv-02404-WJM-CBS, 2013 U.S. Dist. LEXIS 20802, at *13 (D. Colo. Feb. 15, 2013) (same); *Smith v. Ingersoll Rand Co.,* 214 F.3d 1235, 1246 (10th Cir. 2000) (concluding expert testimony was proper because expert "made no attempt to apply the facts of this case to the criteria he proffered to the jury; the jury remained free to exercise its fact-finding function.").

Furthermore, the entire premise of Plaintiffs' Motion is based on the evidence developed during discovery from Plaintiffs' perspective and not the evidence that actually gets presented at trial.  Plaintiffs confidently predict based on the testimony of each Plaintiff regarding the incidents at issue and the selected questions asked by Plaintiffs' counsel during depositions of some police witnesses to each event that there will not be evidence presented at trial establishing any of the Plaintiffs engaged in conduct justifying the use of the less lethal munitions deployed in the circumstances involving each of the Plaintiffs.  [*See* Plaintiffs' Motion, at 13].  However, because counsel for the Denver Defendants did not generally ask questions of Denver witnesses during discovery and not all of the witnesses who may have witnessed the events involving the Plaintiffs were deposed, Plaintiffs evidentiary predictions are not based on the entirety of the evidence.  Ultimately, until the actual evidence is presented at trial concerning each of the incidents involving the Plaintiffs no one can determine whether any of the different assumptions underlying Mr. Ijames' expert opinions are reasonable assumptions or not.  Plaintiffs' effort to obtain a pretrial exclusion of some of Mr. Ijames' expert opinions based on assumptions not yet tested by the crucible of trial is misguided and must be rejected by this Court.  After all, the jury will be asked

to decide the ultimate question of whether the police actions at issue in this case were reasonable under the totality of the circumstances or not.  Until those totality of the circumstances have been presented at trial with a full and robust evidentiary presentation, including the Denver Defendants' evidence, no decision concerning the legitimacy of Mr. Ijames' factual assumptions can possibly be made.  Based on the above precedent, it is the jury who will decide what weight, if any, to give to Mr. Ijames' expert opinions based on the jury's assessment of Mr. Ijames' opinions in the context of its determination about what actually occurred.  Nothing contained in any precedent cited by Plaintiffs or otherwise allows this Court to decide to exclude these expert opinions of Mr. Ijames on a pretrial basis.  As such, Plaintiffs' Motion must be denied by this Court.

## **CONCLUSION**

In conclusion, for all the foregoing reasons, Defendants City and County of Denver, Colorado, Patrick Phelan, Matthew Canino, James D. Williams, Thomas Pine, Vincent Porter, Michael O'Donnell, Kevin Carroll, Rick Beall, David Abeyta, Marco Martinez, Justin Dodge, Richard D. Eberharter, Tana Cunningham, John Sampson, Jonathan Christian, and Keith Valentine respectfully request this Court deny the Plaintiffs' Motion to Limit the Expert Opinion Testimony of Steve Ijames, and for all other and further relief as this Court deems just and appropriate.

DATED this 31st day of January, 2022.

Respectfully submitted,

*s/ Andrew D. Ringel*                              .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
hoffmank@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
lindsay.jordan@denvergov.org

*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 31st day of January, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following all counsel of record in this matter.

In addition, the foregoing was placed in the United States Mail, first-class postage prepaid and addressed to the following non-CM/ECF participant:

Cidney Fisk
5100 Leetsdale Dr., Apt. 438
Denver, Colorado 80246

and

Cidney Fisk
14362 E. Road
Delta, Colorado 81416

<u>*s/Nicole Marion*</u>, Legal Assistant to
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
of Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Phone: 303-628-3300
Fax: 303-628-3368
ringela@hallevans.com
hoffmank@hallevans.com

**ATTORNEYS FOR DENVER DEFENDANTS**