# EXHIBIT B

```
                                                              Page 1
 1            IN THE UNITED STATES DISTRICT COURT
               OF THE DISTRICT COURT OF COLORADO
 2
     Civil Action Nos. 1:20-cv-01878-RBJ & 1:20-cv-01922-RBJ-MEH
 3   & 1:20-cv-03155-KLM (Consolidated)
     _____
 4
 5   BLACK LIVES MATTER 5280, et al.,
 6            Plaintiffs,
 7   vs.
 8   CITY AND COUNTY OF DENVER, et al.,
 9            Defendants.
     _____
10
              VIDEO VIDEOCONFERENCED DEPOSITION OF
11                   NICHOLAS ETHAN MITCHELL
                        June 25, 2021
12   _____
13   VIDEOCONFERENCED APPEARANCES:
14   ON BEHALF OF THE PLAINTIFFS BLACK LIVES MATTER 5280:
              MICHAEL J. SEBBA, ESQ.
15            Arnold & Porter Kaye Scholer LLP
              777 South Figueroa Street, 44th Floor
16            Los Angeles, California  90017
              Phone:  213-243-4229
17            Email:  michael.sebba@arnoldporter.com
18   ON BEHALF OF THE PLAINTIFFS BLACK LIVES MATTER 5280:
              EDWARD ARO, ESQ.
19            Arnold & Porter Kaye Scholer LLP
              1144 15th Street, Suite 3100
20            Denver, Colorado  80202
              Phone:  303-863-2380
21            Email:  ed.aro@arnoldporter.com
22   ON BEHALF OF THE PLAINTIFFS BLACK LIVES MATTER 5280:
              PATRICK C. REIDY, ESQ.
23            Arnold & Porter Kaye Scholer LLP
              70 West Madison Street, Suite 4200
24            Chicago, Illinois  60602
              Phone:  312-583-2424
25            Email:  patrick.reidy@arnoldporter.com
```

Page 146

1  like this one, yes, I have nothing to do with nor any
2  authority over decisions about whether or not to waive
3  the disciplinary -- deliberative-process privilege.
4          Q.   (By Mr. Ringel)  I understand the
5  distinction, Mr. Mitchell.  And I appreciate that.
6               Turning to your report that -- that both
7  counsel asked you about.  There's no conclusion in your
8  report that any particular action taken by the Denver
9  Police Department violated anyone's constitutional rights,
10 correct?
11         A.   I think that's right.  Yeah.  We did not
12 comment -- or I did not comment on specific incidents or
13 specific uses of force as they related to potential
14 violations of constitutional rights.  So I think that's
15 right.
16         Q.   There's also no conclusion in your report
17 that any policy of the Denver Police Department was a
18 cause of a violation of anyone's constitutional rights,
19 correct?
20         A.   We did not draw that conclusion in the
21 report, no.
22         Q.   And that both of those sort of
23 constitutional questions -- and in this case, liability
24 questions -- are beyond the scope of what you were looking
25 at in your report, true?

Page 147

1  A. I think it sounds accurate to say that to
2  the extent there were constitutional violations alleged
3  in this lawsuit, those are kind of jury questions. Those
4  are not the questions that we were attempting to analyze
5  or resolve in that report.
6  Q. Well, more broadly, separate from this
7  lawsuit, you weren't attempting to analyze whether
8  anyone's constitutional rights were violated by the Denver
9  Police Department as part of the George Floyd protests
10  response in your report, right?
11  A. Not in the report, though certainly
12  in -- as I mentioned earlier, there was, you know, north
13  of 100 Internal Affairs investigations opened in response
14  to allegations of inappropriate force. And we did, in
15  the context of all of that work, which we were doing
16  simultaneously as we were doing this investigation, we
17  were concerned with and looking at potential violations
18  of policy or potential constitutional violations that
19  arose in connection with individual incidents.
20  So for me, since I was doing both things
21  at the same time, they blend together a little bit. But
22  in the report, I agree with you, those were not the
23  questions that we were evaluating.
24  Q. Okay. And someone in the Denver Police
25  Department is disciplined not because they violate

1   someone's constitutional rights, but because they violate
2   Denver Police Department policy, correct?
3           A.   Correct.
4           Q.   The standard that is imposed in the
5   disciplinary process is whether the actions were in
6   conformance with Denver Police Department policy, not
7   whether the actions were in conformance with the United
8   States Constitution, right?
9                MR. MCNULTY:  Objection to form.
10          A.   Sorry.
11               That's right.  There may be, and often is,
12  overlap between those questions.  But you're -- you're
13  right.  The standard that we're using when evaluating
14  officer behavior in the disciplinary process is whether
15  or not officers complied with policy.
16          Q.   (By Mr. Ringel)  Right.
17               And during your conversation a little bit
18  ago with Mr. McNulty, you talked -- one of the areas that
19  he was asking you about was training.
20               There's nothing in your report that talks
21  about a deficiency in training being the moving force or
22  cause of the violation of anyone's constitutional rights,
23  correct?
24          A.   Correct.
25          Q.   Okay.  When did you leave -- I believe you