**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

**PLAINTIFFS' MOTION TO LIMIT THE EXPERT**
**OPINION TESTIMONY OF PETER DAVIDOV**

---

The Fitouri Plaintiffs, through their attorneys, respectfully move this Court for an order excluding certain testimony of Peter Davidov, Jefferson County Defendants' retained police practices expert on the basis that (1) some of his opinions are based on speculation and not based on facts in the record, and (2) he impermissibly opines on an ultimate issue. In support thereof, Plaintiffs state as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with the Jefferson County Defendants regarding the relief sought herein. They oppose.

**FACTUAL BACKGROUND AND OPINIONS TO BE EXCLUDED**

The Jefferson County Defendants (Anthony Hamilton and Timothy Dreith) served a Rule 26(a)(2)(B) disclosure with a report by retained witness Peter Davidov. Ex. 1 (Davidov Report). Davidov's report opines on an incident involving Plaintiff Joe Deras occurring on May 31, 2020, at the intersection of Colfax and Washington, when Jefferson County Regional SWAT officers

1

began teargassing the protestors and throwing explosive devices into the crowd of protestors

marching on Colfax. Plaintiff Deras kicked a tear gas canister away from the protestors (who

were not wearing gas masks); the canister moved on the ground but did not travel more than a

few feet. Deras was shot with three projectiles, one in the head (fortunately it hit his helmet), one

in the back, as he turned away, and one in the hand. Deras was very seriously injured and went to

the hospital. The incident is on video. It is undisputed that being shot in the head with a projectile

is only warranted when deadly force is warranted.

Two categories of opinions provided by Davidov are inadmissible. First, his opinions

about the reasonableness of officers using impact weapons against Deras to stop the supposed

threat, including "the impact hazard from a thrown object and the loss of vision due to the smoke

projected from the device." Ex. 1 at 7. And, opinions that officers may have unintentionally

struck Deras in the head, back, and hand. *Id.* at 9. These opinions are inadmissible because there

is no factual foundation for them. No officer testified that they shot Deras because of an impact

hazard from a "thrown object" (Deras did not throw anything); no officer testified that they shot

Deras due to "loss of vision due to the smoke" from the canister; and no officer testified that they

unintentionally shot Deras.

Second, Davidov's opinions that the officers' actions were objectively reasonable under

the law are inadmissible. For example, he proffers this opinion: "[t]he judgement of the deputies

in this incident was clearly objectively reasonable based on their written reports, the video and

their depositions. They deployed less lethal impact munitions in accordance with law

enforcement best practices, manufacturer recommendation, their agencies use of force policy and

the constraints of Graham v. Conner [*sic*] given the actions of their intended target and the

operational circumstances. They acted as any similarly trained and equipped reasonable prudent

officer would have in the same situation." *Id.* at 9. This category of opinions should be excluded as impermissible legal conclusions.

## I.      Davidov's Improper Opinions on An Ultimate Issue Should be Excluded.

Davidov expressly opines the actions of Dreith and Hamilton (and every law enforcement officer on the skirmish line at Colfax and Washington on the evening of May 31, 2020, Deras was hit with projectiles) were objectively reasonable under the law. Davidov cites *Graham v. Connor*, 490 U.S. 386 (1989), several times and states that Jefferson County Sheriff's Office Use of Force Policy follows the "objective reasonableness" standard delineated in *Graham*. These opinions are inadmissible.

"An expert may not state legal conclusions drawn by applying the law to the facts[.]" *United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) (internal quotation marks omitted); *see also Erickson v. City of Lakewood*, 2021 WL 4438035, at *3 (D. Colo. Sept. 27, 2021) ("The Court also must not allow an expert to testify on matters if his or her testimony would 'usurp[ ] a critical function of the jury.'") (quoting *United States v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993)). Davidov's opinions that the officers' actions were objectively reasonable are exactly the kind of "ultimate issue" opinions that this Court has excluded as improper. *Davies v. City of Lakewood*, 2016 WL 614434, at *7 (D. Colo. Feb. 16, 2016) (Jackson, J.); *see also O'Connell v. Alejo*, 2020 WL 5748810, at * (D. Colo. Sept. 25, 2020) (Jackson, J.) (barring police practices expert from providing conclusions that "go directly to witness credibility and thereby impermissible invade the province of the jury," particularly where the conclusions "are not based on any methodology aside from reviewing Alejo's testimony and taking it as true"). The Court should therefore bar Davidov's aforementioned opinions because they improperly attempt to take an issue away from the jury.

## II.    Opinions Based on Speculation Should be Excluded under Rule 702(a), (b), and (d), and Rule 403.

Neither Defendants Dreith nor Hamilton testified to shooting Deras because their vision was obscured or because they thought Deras was going to potentially injure them. Hamilton has no memory of Deras, or of shooting Deras with his bean bag shotgun but admitted that the canister that he kicked was nowhere near the officers. Dkt. 245-2 (Hamilton Dep. excerpts). Dreith gave similar testimony. He admitted that, based on his report, he shot bean bags from his shotgun at people who were kicking things, but he had no recollection of shooting Deras. Dkt. 245-3 (Dreith Dep. excerpts).

Expert testimony is only admissible if it helps the jury "understand the evidence or … determine a fact in issue," or "is based on sufficient facts or data [. . .]" Fed. R. Evid. 702. Defendants, as the proponents of Davidov's testimony, bear the burden of proving its admissibility for each component of Rule 702. *U.S. v. Nacchio*, 555 F. 3d 1234, 1241 (10th Cir. 2009). Even qualified experts are prohibited from expressing opinions based on speculation, subjective belief, or facts not supported by, or inconsistent with, the evidence. *See Mitchell v. Gencorp, Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) ("Under *Daubert*, the proposed expert testimony must be supported … based on what is known."). Because Davidov proffered several opinions by assuming facts that no witness will testify to, these opinions must be excluded under Rule 702. They are also inadmissible under Rule 403 because any probative value is substantially outweighed by a danger of confusing the issues, misleading the jury, or wasting time. There is no evidence or testimony that Deras was shot unintentionally. No officer has testified that they shot Deras because he obscured their vision by kicking the canister, or because

he put the officers in fear of bodily injury. Dreith and Hamilton disclaim any memory of shooting Deras at all.

In assessing whether these officers' actions against Deras were justifiable or in accordance with generally accepted police standards, an expert must rely on the facts and totality of the circumstances *at the time* of the incident. *Estate of Larsen ex rel. Sturdivan v.* Murr, 511 F.3d 1255, 1260 (10th Cir. 2008) ("We assess objective reasonableness based on whether the totality of the circumstances justified the use of force, and pay careful attention to the facts and circumstances of the particular case.") (internal quotation marks omitted); *see also Graham v. Connor*, 490 U.S. 386, 396 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."). Davidov cannot provide a post-hoc justification that neither Dreith, Hamilton, nor any officer on that skirmish line identified as a factor they considered in shooting their less lethal weapons at people kicking tear gas canisters on May 31, 2020.

## CONCLUSION

Defendants have not met their burden of proving that Davidov's opinions are admissible under Rule 702 and *Daubert*. Plaintiffs respectfully request an Order excluding Peter Davidov's testimony described above.

RESPECTFULLY SUBMITTED,

/s/ Makeba Rutahindurwa
*One of Plaintiffs' Attorneys*

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com

Makeba Rutahindurwa
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
O: 312.243.5900
makeba@loevy.com

5

*Counsel for Fitouri Plaintiffs*

## Certificate of Service

    I, Makeba Rutahindurwa, an attorney, hereby certify that on February 1, 2022, I served the foregoing Motion on all counsel of record via CM/ECF.

                /s/ Makeba Rutahindurwa
                One of Plaintiffs' Attorneys