IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

**PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO BAR ANY EVIDENCE OF PLAINTIFFS COMMITTING ANY ACT THAT WARRANTED USE OF FORCE ON THEM**

The Fitouri Plaintiffs, through their counsel, respectfully file this Motion *in Limine* No. 5 to bar Defendants from presenting any evidence that Plaintiffs committed any act that warranted any use of force on them or any unlawful act.[1]

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for the Denver and Aurora Defendants. They object to this motion.

**ARGUMENT**

During discovery, Plaintiffs served this interrogatory:

Is it your position that any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the protests, including but not limited to the uses of force described in the operative Complaint? If so, please describe each alleged unlawful act or acts warranting the use of force that you contend was committed by that Plaintiff, and provide the complete factual basis for your contention, including identifying any witnesses, or physical, documentary, or testimonial evidence supporting your contention.

---

[1] For purposes of this motion, Plaintiffs are excluding the evidence of Plaintiffs Sannier and Taylor violating the curfew. That is the subject of the Arrest Class's claims against Denver.

1

Ex. 1 (Denver Defs.' Resp. to Fitouri Plaintiffs' Interrogatory No. 3) at 6-7; Ex. 2 (Aurora Defs.' Resp. to Plaintiff Duran's Interrogatory No. 1 in Second Set of Interrogatories) (same interrogatory from Duran to the Aurora Defendants). In response to this interrogatory, the Denver Defendants stated that they were "without the information necessary to identify the specific actions taken by Plaintiffs during the protests" and that they would "supplement" based on review of video and records. Ex. 1 at 6-7. This response was submitted by the Denver Defendants on November 16, 2020, *id.* at 10, but they never supplemented, even towards the end of discovery in fall 2021. Likewise, the Aurora Defendants responded to a similar interrogatory from Duran by stating that they do not know who Duran is and "therefore take no position as to whether Plaintiff Duran committed any unlawful acts on May 31, 2020." Ex. 2 at 2. They should not be allowed to present any contrary position at trial.

     Rule 26(e) requires a party who makes a disclosure or responds to an interrogatory to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…" Fed. R. Civ. P. 26(e). Defendants never supplemented their response to this interrogatory, which sought crucial information about what evidence the Defendants have of Plaintiffs committing any act that warranted use of force on them or any unlawful act at all. Nor was any such evidence ever "made known" to the parties during discovery or in writing—as Defendants admit in their Response to the Plaintiffs' Motion to Limit the Expert Testimony of Steve Ijames [Dkt. 266]. "The penalty for failing to supplement is severe. Rule 37 provides that, if one 'fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at trial,

2

unless the failure was substantially justified or is harmless.'" *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 2009 WL 3672495, at *2 (D.N.M. Sept. 29, 2009) (quoting Rule 37(c)(1)).

The Denver Defendants argue in their Response to Plaintiffs' Motion to Limit the Expert Testimony of Steve Ijames [Dkt. 266] that it would be premature to bar Ijames from testifying about Plaintiffs' acts that warranted use of force because they might present such evidence for the first time at trial. But if they have any such evidence, it would be a surprise to Plaintiffs, and it would be evidence that they were required to disclose in response to Plaintiffs' interrogatory seeking exactly this information. Defendants failed to supplement their interrogatory as required by Rule 26(e), and they should be barred from presenting any such evidence under Rule 37(c)(1). The failure to disclose was not substantially justified or harmless. It would be a surprise and prejudicial to Plaintiffs, because they did not have the opportunity to conduct discovery into any such evidence; there is no ability to cure the prejudice because trial is fast approaching and discovery is closed; any such testimony would disrupt the trial because it would be entirely new and unnecessarily lengthen the trial; and Defendants' failure to supplement was willful. *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (citing *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017)).

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court bar the Denver and Aurora Defendants from presenting any evidence at trial that the Plaintiffs committed any act that warranted the use of force on them or any unlawful act (whether through the testimony of Steve Ijames or otherwise).

                                        RESPECTFULLY SUBMITTED,

                                        /s/ Elizabeth Wang
                                        *One of Plaintiffs' Attorneys*

3

| | |
|---|---|
| Elizabeth Wang | Makeba Rutahindurwa |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 2060 Broadway, Suite 460 | 311 N. Aberdeen St. |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | makeba@loevy.com |
| *Counsel for Plaintiffs* | |

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on February 2, 2022, I served via CM/ECF the foregoing Motion, on all counsel of record.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys

4