**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

BLACK LIVES MATTER 5280, *et al*.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et. al*.,

Defendants.

---

**DEFENDANT CITY AND COUNTY OF DENVER'S RESPONSE TO
FITOURI PLAINTIFFS' FIRST SET OF INTERROGATORIES**

---

Defendant, City and County of Denver ("Denver"), through its undersigned counsel, submits the following response to the Fitouri Plaintiffs' First Set of Interrogatories:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Denver objects to Plaintiffs' "Definitions and Instructions" as follows:

1. Denver objects to Plaintiffs' "Definitions" and "Instructions" to the extent that such "Definitions" and "Instructions" attempt to impose obligations that are not required by the Federal Rules of Civil Procedure. Denver is only responsible for responding to Plaintiffs' written discovery to the extent required by Rules 26, 33, and 34 and will respond to Plaintiffs' discovery in compliance with such rules.

2. Denver objects to Plaintiffs' **Definition No. 2**, defining "City and County of Denver," as Plaintiffs define the term so broadly as to include materials protected by the attorney-client, attorney work-product, and deliberative process privileges, within the definition.

EXHIBIT 1

3. Denver objects to Plaintiffs' **Definition No. 6**, as overly broad in that it defines "Complaint" as distinct from "Plaintiff's Complaint," as Plaintiffs' definition references any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, citizen's complaints, personnel records, lawsuits or legal complaints, or other Documents relating in any manner to Defendant Officers' job performance or the job performance of any other Denver police officer, regardless of the disposition of any resulting inquiry or investigation. Use of this overly broad definition multiplies any request incorporating the term "Complaint" such that any such request incorporating the term necessarily includes at least six separate requests as to the various types of documents sought through the term "Complaint."

4. Denver further objects to Plaintiffs' **Definition No. 6** to the extent that it seeks privileged personnel files of Denver Police Department officers that are irrelevant to the claims asserted herein. The personnel files are not relevant to any party's claim or defense as required by Fed. R. Civ. P. 26(b)(1). The request of such records also implicates the subject the officers' statutory and common law privacy rights. *See Whalen v. Roe*, 429 U.S. 589, 598-600 (1977); Denver Revised Municipal Code Chapter 2, Article X, Sec. 2-271; *Martinelli v. District Court in and for City and Cty. of Denver*, 612 P.2d 1083, 1091-1093 (1980). *People v. Spykstra*, 234 P.3d 662 (Colo. 2010)

5. Denver objects to Plaintiffs' **Definition No. 10** as overly broad and disproportional to the needs of the case. Plaintiffs define "Protest(s)" as the protests, demonstrations, or marches arising from the death of George Floyd, which took place in Denver "on May 28, 2020 – June 3, 2020." Plaintiffs' definition includes a date that is outside the scope of this case, as the two operative complaints address alleged conduct occurring only from May 28, 2020 through June 2,

2020, thus, the definition incorporates a broader scope of time for the Protests than that designated in the complaints and, as such, seeks information that is irrelevant and/or disproportional to the needs of this case.

6. Denver objects to Plaintiffs' **Definition No. 16** as overly broad, unduly burdensome, and irrelevant in that it calls for production of "all iterations of [every identified] Document, including all earlier and all later versions of that Document." Iterations of the thousands of documents produced by Denver, apart from those in force at the time of the subject events, are irrelevant to the claims in this case and locating and producing "all iterations" of every document would be burdensome, in that Denver would have to conduct an exhaustive search for prior and subsequent versions of every one of the thousands of documents produced in discovery. Further, the definition fails to include any temporal limitation. Thus, the blanket direction to produce "all iterations" of every document is disproportional to the needs of this case. Further, the definition seeks draft materials that are protective by the deliberative process privilege. Denver rejects this instruction and will not produce "all iterations" of the documents identified or produced herein or in its other discovery responses.

## INTERROGATORIES

1. Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in these actions, including but not limited to all Persons who are not listed by name in the parties' Rule 26(a)(1) initial disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to

the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference; in the event that you fail to do so, Plaintiffs will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons. In addition to the Plaintiffs and Defendants and those names listed in Denver's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1), providing such information for undefined and unidentified Persons who "have knowledge of facts that relate to any of the claims or defenses in these actions" renders the request overly broad and is an impermissible "blockbuster" interrogatory. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, given the number of individuals present at the protests, as well as bystanders in the vicinity, and the number of officers that responded, Denver has no reasonable means of ascertaining the information sought by the interrogatory. Denver further objects to and rejects the direction that "[i]f this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defense in this action that are not reflected in the Documents that you reference." Denver has no reasonable

way of identifying any persons with knowledge of the facts not listed on relevant documents or to ascertain facts known by witnesses not reflected in the documents. Denver likewise objects to and rejects any assumptions that Plaintiffs choose to make regarding the witnesses and the substance of their testimony.

**RESPONSE:** Subject to and without waiving these objections, Denver refers Plaintiff to the documents and witnesses previously disclosed/produced by the parties as well as any supplemental and/or subsequent disclosures/productions. Documents produced by Denver, to-date, that include the identities of potential witnesses include the CAD reports (DEN000001-67, 00208-2105), After-Action Reports (DEN001916-1945) and Operations Plans (DEN001946-2027).

2. Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move in limine to bar any references to convictions not identified in the manner requested.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case for the following reasons. Plaintiff seeks irrelevant information for unidentified individuals outside of the named parties in this case. Further, aside from the Plaintiffs and Defendants, requesting such information will require Defendants to identify all "witness with knowledge relating to any of the claims or defenses of this action," which, to the

extent it is even possible, is unduly burdensome and disproportional to the needs of the case given the thousands of potential witnesses to the protest activity. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Further, in light of the nature of the protests, there is no reasonable way for Denver to identify all such individuals. *Id*. Further, this information is equally accessible to the Plaintiffs as it is to Denver, thus, it is inappropriate for Plaintiffs to request that Denver provide this information to them. Additionally, Denver objects to and rejects the request that Denver provide "the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609" as this information is equally available to the Plaintiffs and refers to a legal determination to be made by the Court in limine or during trial.

**RESPONSE**: Subject to and without waiving these objections, Denver hereby incorporates the Plaintiffs' responses to Denver's Request for Production No. 4 and Interrogatory No. 10 and, pursuant to Fed. R. Civ. P. 33(d), refers Plaintiff to any records produced in response to those requests to the extent that Plaintiffs have already, or will in the future produce any such records. Further, because the Plaintiffs have access to this information, it is Plaintiffs obligation to produce the same, rather than Denver's.

3.  Is it your position that any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the Protests, including but not limited to the uses of force described in the operative Complaint? If so, please describe each alleged unlawful act or acts warranting the use of force that you contend was committed by that Plaintiff, and provide the complete factual basis for your contention, including identifying any witnesses, or physical, documentary, or testimonial evidence supporting your contention.

**OBJECTION:** Denver objects to the request in that a response to the Interrogatory requires a legal determination as to whether an unlawful act was committed or whether a particular use of force was warranted and necessarily seeks information that is protected from disclosure based upon attorney work product and/or attorney-client privileges. In addition, Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case, as responding with "the complete factual basis" with accompanying evidence for unidentified individuals would require a complete and thorough evaluation of the complete and entire evidentiary record after the close of discovery, which is unduly burdensome. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). Denver further objects to the extent Plaintiff requests Denver to describe each illegal act, and to additionally identify witnesses, physical evidence, documents, and testimony as each is a separate topic and discrete sub-part, as opposed to a single request. Denver, therefore, considers Interrogatory No. 3 to encompass five distinct requests. Further, Denver objects because it has no way of identifying the Plaintiffs in relevant media rendering it impossible to make any determination as to whether "any Plaintiff committed any unlawful act or an act that warranted the use of force on them during the Protests," whether they were subjected to any use of force by a Denver officer, or whether any such use of force was warranted. Discovery in this case is ongoing, therefore Denver may not have the information in its possession at this time to respond to this request.

**RESPONSE:** Subject to and without waiving these objections, Denver is without the information necessary to identify the specific actions taken by Plaintiffs during the protests, including determining whether the Plaintiffs were subjected to any use of force by a Denver officer.

Denver refers Plaintiffs to their Complaint, which appears to indicate that Plaintiffs Sannier and Taylor knowingly violated the Emergency Curfew. Additionally, Denver hereby incorporates the Plaintiffs' responses to Denver's Request for Production Nos. 6 and 7 and Interrogatory Nos. 1 and 2 and, pursuant to Fed. R. Civ. P. 33(d), refers Plaintiff to any records identified or produced therein. Denver is in the process of reviewing video provided in response to its Interrogatory No. 2 and Requests for Production Nos. 3 and 6 and will supplement this response to the extent appropriate based on information learned through that review.

4. Please state whether any of the Defendant Officers or Denver police officers assigned to the Protests from May 28, 2020 through June 2, 2020 acted inconsistently with any of the policies, customs, or practices of the City and County of Denver and/or the DPD at any time during the events described in Plaintiff's Complaint. If the answer is yes, please: (a) identify any particular policy, custom, or practice which, to your knowledge was violated; (b) describe the circumstances and manner in which said policy, custom, or practice was violated; and (c) state whether any discipline resulted from that violation.

**OBJECTION:** Denver objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it seeks information related to the actions of "Denver police officers assigned to the Protests from May 28, 2020 through June 2, 2020" and not the officers specifically named as Defendants in this matter or the officers whose conduct is alleged to have been directed at the Plaintiffs. Several hundred officers responded to the protests and the request would require Denver to describe whether any of those officers committed any act inconsistent with policy, a task that is disproportional to the needs of the case in that it is unlikely to identify any admissible evidence and is a "blockbuster" request. *See Hilt v. SFC, Inc.*, 170

**AS TO FORM AND OBJECTIONS**

By: *s/ David C. Cooperstein*
David C. Cooperstein, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: david.cooperstein@denvergov.org
*Attorney for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2020, the foregoing **DEFENDANT CITY AND COUNTY OF DENVER'S RESPONSE TO FITOURI PLAINTIFFS' FIRST SET OF INTERROGATORIES** was served on the following via email:

Anya Amalia Havriliak
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Arnold & Porter Kaye Scholer LLP-Denver
Robert Reeves Anderson
Timothy R. Macdonald
anya.havriliak@arnoldporter.com
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
reeves.anderson@arnoldporter.com
timothy.macdonald@arnoldporter.com

Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
ACLU of Colorado
aherzberg@aclu-co.org

msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Daniel M. Twetten
Loevy & Loevy
elizabethw@loevy.com
dan@loevy.com

Tara Elizabeth Thompson
Loevy & Loevy-Chicago
tara@loevy.com

*Counsel for Plaintiffs*

*s/ David C. Cooperstein*
Denver City Attorney's Office