IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## AURORA DEFENDANTS' MOTION TO CONTINUE TRIAL

Defendants the City of Aurora and Officer Cory Budaj, David McNamee, Patricio Serrant, Matthew Brubacher (the "Aurora Defendants") by and through their counsel respectfully move for an Order continuing the currently set trial date, as follows:

### CERTIFICATE OF CONFERRAL

In accordance with D.C.COLO.LCivR 7.1(A), the undersigned conferred with counsel for the Fitouri Plaintiffs and counsel for the Epps Plaintiffs. The Plaintiffs oppose the relief requested herein.

### I.    INTRODUCTION

Aurora Defendants respectfully request that the Court continue the presently set trial date with respect to the claims against them. All Defendants have previously filed a motion requesting bifurcation of the various claims. Aurora Defendants further request that in addition to bifurcating the claims against them from the claims alleged as part of the arrest class allegations and

1

bifurcating the municipal liability claims from those made against the individual officers, that the claims against the Aurora Defendants be continued to a later date so that they have a meaningful and adequate opportunity to prepare for trial.

## II.   PROCEDURAL HISTORY

On October 26, 2021, all Defendants submitted their Motion to Modify Scheduling Order and Trial Date. [ECF 194]. After receiving briefing on this request, the Court issued an order on the Motion which granted in part and denied the relief requested in part. [ECF 217]. The Court permitted certain modifications of discovery deadlines to conduct discovery with newly added parties from Aurora and Jefferson County, but denied the request to sever the arrest class claims from the remaining claims and hold trial as presently scheduled only on the arrest class claims. As a result, trial remains set on all claims involving all parties to commence on March 7, 2022. The Court specifically noted, however, that Plaintiffs' decision to add new defendants so close to the previously set trial date placed "pressure on the discovery, dispositive motions and trial dates." [ECF 217]. Therefore, the Court noted that it "might reconsider the trial date, in whole or in part, depending on the outcome of the mediation set with Judge Meyer." *Id.* That mediation has now been conducted and did not result in the resolution of the claims involving the City of Aurora or any individually named Aurora officer presently before the Court. All Defendants subsequently filed their Joint Motion to Bifurcate Trial. [ECF 251].

## III.   STANDARD OF REVIEW

The Tenth Circuit has articulated four factors to consider in determining whether to grant a motion to continue: "(1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed

need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as a result of the district court's denial of the continuance." *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)).

## IV.   ARGUMENT

In the present case, all four factors weigh in favor of granting a continuance of the presently set trial date with respect to the claims involving the Aurora Defendants. The Aurora Defendants have diligently attempted to comply with abbreviated deadlines due to their late addition to the cases, a continuance would accomplish the purpose of allowing the Aurora Defendants to adequately prepare for trial, the other parties and the Court would not be unduly inconvenienced or prejudiced by the requested continuance, and denial of the requested continuance would cause serious prejudice to the Aurora Defendants at trial.

**1. Aurora Defendants Have Diligently Participated in this Litigation**

As detailed in the Defendants' Motion to Modify Scheduling Order and Trial Date [ECF 194], the Aurora Defendants were added to this litigation well after the commencement of claims against the City and County of Denver and its employees. As the Court has noted, "plaintiffs' belated decisions to amend to add the Jeffco and Aurora defendants to this case" resulted in "pressure on the discovery, dispositive motions and trial dates." [ECF 217]. In spite of highly condensed deadlines and the extremely large volume of discovery in this matter, Aurora Defendants have diligently attempted to participate.

Aurora Defendants responded to a request for an entity deposition and produced three witnesses for a 30(b)(6) deposition of the City of Aurora, designated two non-retained experts and produced both for depositions, responded to three sets of written discovery, produced Defendant Budaj for a deposition, and engaged in numerous conferrals and discussions with opposing counsel. Aurora Defendants also appeared for and participated in two full days of mediation with Judge Meyer in good faith in an attempt to resolve claims against them. Simultaneously, Aurora Defendants undertook the task of reviewing the enormous amount of discovery completed by Plaintiffs and the Denver Defendants prior to Aurora's inclusion in these matters, including hundreds of hours of body worn camera and HALO camera footage. Given the severely condensed timeline and the press of other business, Aurora Defendants have diligently participated in the litigation and attempted to conduct all of their discovery and preparation within the three months since their entry into the cases at hand.

**2. Continuance Allows the Aurora Defendants to be Adequately Prepared for Trial**

Aurora Defendants are now faced with the task of preparing for trial in just over one month where Plaintiffs have disclosed a witness list containing 146 witnesses and an exhibit list with 1,092 exhibits. Aurora Defendants must undertake this task merely three and a half months after being brought into these cases involving dozens of claims, thousands of pages of documents, and hundreds of hours of video footage already exchanged in discovery prior to entry. Reviewing the exhibits proposed by Plaintiffs and preparing examinations for each of Plaintiffs' disclosed witnesses, in addition to preparing witnesses, exhibits, and strategy for the defense presentation at trial will take considerable time and is not realistic within the time currently set. Additionally, significant coordination must take place between counsel for Aurora Defendants, Denver

Defendants, and Jefferson County Defendants. Such coordination requires additional time and work by all attorneys involved and cannot reasonably be completed in the time remaining before trial. A continuance of the trial date with respect to the claims against the Aurora Defendants would allow the Aurora Defendants to adequately and competently prepare for trial.

### 3. Continuance Would Not Result in Inconvenience to the Other Parties or the Court

As described in the Defendants' Joint Motion to Bifurcate Trial [ECF 251], trial as currently set cannot reasonably be concluded within the 12 to 15 days scheduled. The number of parties, claims, witnesses, and exhibits involved to try all claims as they are currently set would take significantly longer than is scheduled on the Court's calendar. As a result, a continuance of the claims would against the Aurora Defendants would not cause prejudice or inconvenience to the other parties or the Court because additional docket time for trial will be required regardless of when these claims are tried. Furthermore, continuance of the claims against the Aurora Defendants would increase efficiency of presentation of evidence if done in conjunction with the further relief requested in the Joint Motion to Bifurcate [ECF 251].

### 4. Aurora Defendants Will be Harmed by Denial of the Continuance

A denial of the relief requested in this Motion will result in significant prejudice to the Aurora Defendants. As discussed above, given the scope of the claims, evidence, and anticipated witnesses involved in trial of these matters, Aurora Defendants cannot adequately and competently prepare for trial in the time remaining. Due to their late addition to the cases, Aurora Defendants have already had to condense their discovery and motions practice into a significantly abbreviated timeframe through no fault of their own and to further reduce their preparation for trial would result in significant prejudice. Given the severity of the allegations and the vast sums being claimed

by Plaintiffs as damages, the outcome and preparation of these matters are of the utmost importance to Aurora Defendants, who are entitled to adequate and fair preparation time. The trial as currently set does not afford Aurora Defendants sufficient time to prepare for and present their case at trial.

Finally, the current trial setting with the multitude of Defendants, Plaintiffs, and attorneys on both sides will require a large number of persons to be present in the courtroom for trial, in addition to Court staff and jurors. The large number of participants in the trial will make it difficult, if not impossible, to observe social distancing guidelines for COVID-19 safety. Given the COVID-19 circumstances currently present in the District of Colorado and the Court's recent General Order continuing jury trials through February 11, 2022[1], conducting the trial as presently set would pose a risk to the health of the participants, Court staff, and jurors alike.

## V.     CONCLUSION

The factors for assessing a request for a continuance of a trial setting weigh heavily in favor of granting the Aurora Defendants' request. The Aurora Defendants have diligently participated in the litigation at hand in spite of compressed deadlines and their late addition to the case. However, the volume of material anticipated for presentation by Plaintiffs in a trial makes it impractical, if not impossible, to adequately prepare in the time remaining. Denial of a continuance in this matter will cause significant prejudice to the Aurora Defendants, while a continuance combined with the relief requested in the Defendants' Joint Motion to Bifurcate Trial [ECF 251]

---

[1] General Order 2022-1 continued all civil and criminal jury trials set between January 20, 2022, and February 11, 2022, due to ongoing concerns about COVID-19 and specifically the Omicron variant. The Order notes that positivity rates, hospitalizations, and occurrences of COVID-19 "are increasing alarmingly throughout the District of Colorado." *General Order 2022-1*.

will not cause prejudice or inconvenience to the Court or any party. Therefore, Aurora Defendants request that the Court grant the requested continuance of trial of the claims against them.

Dated this 2nd day of February 2022.

AURORA CITY ATTORNEY'S OFFICE

| | |
|---|---|
| *s/ Isabelle Evans* | *s/ Michael T. Lowe* |
| Isabelle Evans | David M. Goddard |
| Peter Ruben Morales | Michael T. Lowe |
| 15151 East Alameda Parkway, 5th Floor | Bruno, Colin & Lowe, P.C. |
| Aurora, Colorado 80012 | 1999 Broadway, Suite 4300 |
| T: 303.739.7096 | Denver, CO  80202 |
| E: ievans@auroragov.org | T: (303) 831-1099 |
| E: pmorales@auroragov.org | E: dgoddard@brunolawyers.com; |
| *Attorneys for the City of Aurora and Officers Cory Budaj, David McNamee, Patricio Serrant, and Matthew Brukbacher in their official capacities* | E: mlowe@brunolawyers.com *Counsel for Defendants Budaj, McNamee, Serrant, and Brukbacher, in their individual capacities* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2022 the foregoing **AURORA DEFENDANTS' MOTION TO CONTINUE TRIAL** was filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj,*
*McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Eric Butler
ebutler@jeffco.us
*Counsel for Defendants Timothy Dreith*
*and Anthony Hamilton*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver*
*and the individually named Denver Police Officers*

Hollie R. Birkholz
Robert Huss
Lindsay M. Jordan
hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org
*Counsel for the City and County of Denver*
*and the Individually Named Denver Police*
*Department Officers*

*s/ Joanne Flaherty*
Joanne Flaherty, Legal Secretary