**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

**RESPONSE TO PLAINTIFFS' MOTION TO LIMIT THE EXPERT OPINION
TESTIMONY OF PETER DAVIDOV**

---

Defendants Jefferson County Deputy Sheriffs Anthony Hamilton and Timothy Dreith (the "Jeffco Deputies"), by and through counsel, hereby respond in opposition to Plaintiffs' Motion to Limit the Expert Opinion Testimony of Peter Davidov ("Plaintiffs' Motion") and state as follows:

**INTRODUCTION**

The Jeffco Deputies have retained testifying expert Peter Davidov, a veteran police officer of 30 years who is currently employed as a police lieutenant with the Montgomery County Department of Police in Maryland. Lt. Davidov is an expert on police procedures, tactics, and use of force and issued a preliminary report containing a summary of his opinions regarding the Jeffco Deputies' use of less-lethal force on the evening of May 31, 2021. Pls' Mot. Ex. 1 ("Davidov Report"). Lt. Davidov concludes in his report, among other things, that the Jeffco Deputies' use of force was objectively reasonable and in accordance with law enforcement best practices, and manufacturer recommendations (which mirrors the *Graham v. Connor* reasonableness standard).

That is, Lt. Davidov opines that the Jeffco Deputies' use of force was consistent with the applicable standard of care: "They acted as any similarly trained and equipped reasonable prudent officer would in the same situation." Davidov Report, at 9.

Importantly, Plaintiffs do not challenge Lt. Davidov's qualifications or methodology, nor do they assert that he should be excluded from testifying regarding police use of force standards and their application to the conduct of the Jeffco Deputies. Instead, Plaintiffs seek only to limit the scope of the testimony of Lt. Davidov on two grounds. First, Plaintiffs claim that Lt. Davidov's opinion is objectionable to the extent it opines on the ultimate issue of "objective reasonableness." Second, Plaintiffs assert, based on limited deposition testimony, that Lt. Davidov's opinion is speculative to the extent he states that one reasonable purpose (among others) for the Deputies attempting to stop protestors from kicking gas canisters at them was to prevent the gas from obscuring their vision thereby subjecting them to injury from the dangerous projectiles which were being directed at them. Contrary to Plaintiffs' assertions, Lt. Davidov's opinion is well within the "ultimate issue" parameters set forth by this Court for use of force experts. Furthermore, any objection regarding speculation or disputed facts is premature prior to a full trial record and does not consider the totality of the circumstances for an objective officer which is required for an excessive force analysis and which Lt. Davidov will address. Accordingly, Plaintiffs' motion should be denied.

## ARGUMENT

### I.     Ultimate Issue Objection

The Federal Rules of Evidence do not proscribe an expert opinion on an ultimate issue to be determined by the jury. Rather, F.R.E, Rule 704(a) "allows an expert witness to testify in the

form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact." *A.E. ex rel Evans v. Indep. Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir. 1991); *Erickson v. City of Lakewood*, Civil Action No. 19-cv-02613-PAB-NYW, 2021 WL 4438035, *12 (D. Colo. Sept. 27, 2021). An "expert may not state legal conclusions drawn by applying the law to the facts," but "[a]n expert may . . . refer to the law in expressing his or her opinion." *Id*.

It is also established Tenth Circuit precedent that "expert testimony regarding the standard of care applicable to police officers in such areas as police tactics, use of force, administration, supervision and training is relevant to excessive force claims." *Davies v. City of Lakewood*, Civil Action No. 14-cv-01285-RBJ, 2016 WL 614434, *2 (D. Colo. Feb. 16, 2016) (*citing Zuchel v. City and Cnty. of Denver*, 997 F.2d 730, 738-41 (10th Cir. 1993). "[T[he Court sees no reason to preclude [the expert's] testimony about police standards simply because it does not lend itself to application of the Daubert factors." *Ortega v. City & Cnty. of Denver*, Civil Action No. 11-cv-02394-WJM-CBS, 2013 WL 438579, *3 (D. Colo. Feb. 5, 2013).

Thus, qualified police experts are allowed to testify regarding police practices and standards and to state that, under the circumstances faced by the officer, another reasonable officer would have concluded the subject was a threat and used similar force. *Estate of Smart v. City of Wichita*, Case No. 14-2111-JPO, 2020 WL 3618850, *5 (D. Kan. July 2, 2020). That is, courts allow testimony regarding how a reasonable police officer would react or use force under similar circumstances, the essence of the *Graham* test. *Id*.; *see also Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250 (10th Cir. 2013) (defendant could have called expert to state what a reasonable officer would have done under the circumstances); *Davies, supra* (testimony by police expert

regarding consistency with police practices and the standard of care would be permitted). This Court ruled that the expert opinion "[a] reasonably trained and experienced officer given a similar set of circumstances would have logically determined that . . ." was not a conclusory embracing of the ultimate legal issue of objective reasonableness given the context of the other detailed supporting opinions in the report and could be explored on cross examination or by a rebuttal expert. *Davies,* 2016 WL 614434, at *7.

Lt. Davidov's expert opinion is well within these boundaries. He provides a detailed recitation of the facts and circumstances that were provided to him thus far and opines that the Jeffco Deputies responded to the threat they faced in a manner consistent with their training, police standards of conduct, and as a reasonable officer would in the same situation. Lt. Davidov's opinion is not excludable simply because he refers to the prevailing legal standard and uses the terminology of that standard in framing his opinions. *A.E. ex rel Evans, supra*. This is permissible and is in no way the type of invasion of the province of the jury such assessment of witness credibility and motives which these evidentiary principles were intended to prevent. Moreover, Plaintiffs can freely address Lt. Davidov's conclusions and the basis for them on cross examination. Accordingly, Plaintiffs' motion should be denied.

## II.    Speculation Objection

Plaintiffs' assertion that Lt. Davidov improperly speculates about the underlying facts and motivations for the use of force is the same argument Plaintiffs made with respect to their motion to limit the testimony of the Jeffco Defendants' expert Sgt. Josh Garcia (ECF No. 245). The Jeffco Defendants have previously addressed those arguments in their response to that Motion (ECF No. 265).

Plaintiffs' Motion cites no authority for the proposition that an expert on the use of force is limited to considering the subjective mindset of the Jeffco Deputies in offering an opinion on whether the conduct was objectively consistent with that of a reasonable officer under the circumstances as observed by expert. "We assay a plaintiff's excessive-force claim for objective reasonableness, asking 'whether the officer['s] actions [were] objectively reasonable in light of the facts and circumstances confronting [him], *without regard to underlying intent or motivation.*'" *A.M. v. Holmes*, 830 F.3d 1123, 1151 (10th Cir. 2016) (emphasis added). That is, the Deputies' specific state of mind is not of consequence to the excessive force claims. Whether the Jeffco Deputies specifically considered the vision-obscuring effect of protestors kicking gas cans does not mean that objectively reasonable officers in those circumstance would not have done so. *See U.S. v. Perkins*, 470 F.3d 150, 159-160 (4th Cir. 2006) (expert testimony on police officer use of force properly admitted where it is based on the expert's personal assessment of the of the use of force employed in the circumstances).

Second, Plaintiffs cite no authority for the proposition that an expert opinion is limited to facts developed prior to trial. In fact, Federal Rule of Evidence 703 specifically contemplates that an expert may rely on any admissible evidence that he or she may observe or be made aware of. This certainly includes evidence admitted at trial, and it is routine practice for experts to offer opinions (or modify their opinions) based on the factual record fully developed at trial and which may have not been previously known.

There will be evidence at trial regarding the circumstances and the possible impact of the gas on the Jeffco Deputies, including the testimony of other witnesses on the scene and videotapes that have been produced during discovery. Lt. Davidov can take this evidence into account in

assessing the justifications for the Deputies' use of force. Plaintiffs' challenge to this proposition is properly addressed via cross-examination.

Furthermore, factual disputes regarding the underlying foundation for an expert opinion are properly addressed through vigorous cross-examination and the presentation of competing facts, not exclusion. *In Re EpiPen Marketing, Sales Practices, and Antitrust Litigation*, Case No. 17-md-2785-DDC-TJJ, 2021 WL 2577490, slip op. (D. Kan. June 23, 2021). Lt. Davidov will testify to his opinions after the full development of the facts at trial. If at that time Plaintiffs believe there has been insufficient foundation laid for him to address the issue of obscured vision, they can raise their concerns. Accordingly, Plaintiffs' Motion is premature.

WHEREFORE, the Jeffco Deputies respectfully request that Plaintiffs' Motion to Limit the Expert Opinion Testimony of Peter Davidov be denied.

Dated: February 3, 2022.                          JEFFERSON COUNTY ATTORNEY'S OFFICE

By: */s/ Eric Butler*
Rebecca Klymkowsky, #41673
Eric Butler, #29997
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
Telephone: 303.271.8932
Facsimile: 303.271.8901
rklymkow@jeffco.us
ebutler@jeffco.us
*Attorneys for Defendants Dreith and Hamilton*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, I filed the foregoing RESPONSE TO PLAINTIFFS' MOTION TO LIMIT THE EXPERT OPINION TESTIMONY OF PETER DAVIDOV via CM/ECF which will serve a true and correct copy upon the following:

Colin Michael O'Brien, colin.obrien@arnoldporter.com
Edwin Packard Aro, ed.aro@arnoldporter.com
Matthew J. Douglas, matthew.douglaw@arnoldporter.com
Michael J. Sebba, Michael.sebba@arnoldporter.com
Mindy Amanda Gorin, mindy.gorin@arnoldporter.com
Patrick Conor Reidy, Patrick.reidy@arnoldporter.com
Timothy R. Macdonald, timothy.macdonald@arnoldporter.com
Reeves Anderson, reeves.anderson@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP-DENVER
*Attorneys for Plaintiffs Epps, Wedgeworth, Blasingame, Rothlein, Packard, Lyman, Fisk, and Smith*

Arielle Kay Herzberg, aherzberg@aclu-co.org
Mark Silverstein, msilverstein@aclu-co.org
Sara R. Neel, sneel@aclu-co.org
AMERICAN CIVIL LIBERTIES UNION-DENVER
*Attorneys for Plaintiffs Epps, Wedgeworth, Blasingame, Rothlein, Packard, Lyman, Fisk, and Smith*

Daniel Moore Twetten, dan@loevy.com
Elizabeth C. Wang, elizabethw@loevy.com
LOEVY & LOEVY-BOULDER
*Attorneys for Plaintiffs Fitouri, Parkins, Taylor, Amghar, Sannier, Deras, and Duran*

Makeba Rutahindurwa, makeba@loevy.com
LOEVY & LOEVY-CHICAGO
*Attorney for Plaintiff Fitouri Parkins, Taylor, Amghar, Sannier, Deras, and Duran*

Andrew David Ringel, ringela@hallevans.com
Katherine Hoffman, hoffmank@hallevans.com
HALL & EVANS LLC-DENVER
*Attorneys for Defendant Denver, Felkins, Abeyta, Tak, Lnu, and Pazen*

Hollie Renee Birkholz, hollie.birkholz@denvergov.org
Lindsay Michelle Jordan, lindsay.jordan@denvergov.org
Robert Charles Huss, Robert.huss@denvergov.org
DENVER CITY AND COUNTY ATTORNEY'S OFFICE

*Attorneys for Defendants Denver, Felkins, Abeyta, Tak, Lnu, and Pazen*

Isabelle Sabra Evans, ievans@auroragov.org
Peter Ruben Morales, pmorales@auroragov.org
AURORA CITY ATTORNEY'S OFFICE
*Attorneys for Defendants Aurora, Brukbacher, Serrant, and McNamee*

David M Goddard, dgoddard@brunolawyers.com
Michael T. Lowe, mlowe@brunolawyers.com
BRUNO, COLIN & LOWE, P.C.
*Attorneys for Defendants Budaj, McNamee, Serrant, and Brukbacher*

*/s/ Briana McCarten*