IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01878-RBJ *consolidated with 1:20-cv-01922-RBJ*

ELISABETH EPPS, et al.,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et. al.,

     Defendants.

---

## SECOND ORDER FOLLOWING *IN CAMERA* REVIEW

By letter dated December 1, 2021, defense counsel submitted certain documents sought in plaintiffs' request for production for an *in camera* review. The documents provided to the Court were:

1. City and County of Denver's Amended Fifth Privilege Log dated October 1, 2021.

2. Confidential Memos created by the Office of the Independent Monitor as originally redacted, Bates Nos. 11695-11787.

3. The Confidential Memos as re-redacted, Bates Nos. DEN R 11695-11787.

4. The unredacted Confidential Memos, Bates Nos. DEN UR 11695-11787.

On January 24, 2022, this Court provided its findings as to six randomly selected memos. ECF No. 250. I noted that reviewing the memos was time-consuming and suggested that the parties identify the most important of the remaining 15 memos. I have since found time to review the remaining 15 memos. My reasoning for agreeing or disagreeing with defendants' claims of privilege are not always spelled out in full, but I apply the standards set forth below.

A few logistical notes about this order: "Protected" means the privilege applies and the redaction may remain, and "not protected" means the privilege does not apply and the redaction must be removed. I was working off the redacted version labeled "DEN R [number]" by defendants. The numbers in the subheadings are the DEN R bates numbers. My order considers only the redacted portions of the memos, that is, when the order says something like "COMMAND POST – protected," it means that the redacted portions under the heading "COMMAND POST" are protected by the asserted privilege and does not opine on whether a privilege may or may not apply to portions of the section not redacted in the DEN R version. I considered only the asserted privilege. I chose to assess whether plaintiffs could overcome the law enforcement privilege by applying the test articulated in *In re City of New York*, 607 F.3d 923 (2d Cir. 2010). That test is described in more detail below. Finally, I reiterate that the asserted privileges are not easy to apply, particularly given that the deliberative process privilege shields only predecisional material, but the interviews were an ex-post diagnosis of the police response to the protests. *See* ECF No. 250 p. 3.

## I.    LEGAL BACKGROUND

Defendants claim that portions of the unredacted memos are protected from discovery by the "deliberative process privilege," and in some instances, the "law enforcement privilege."

The deliberative process privilege "shields 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Trentadue v. Integrity Committee,* 501 F.3d 1215, 1226 (10th Cir. 2007) (quoting *Dep't of the Interior v. Klamath Water Users Protective Ass'n,* 532 U..S. 1, 8 (2001), in turn quoting *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 148 (1975)). It was born of the recognition that "'officials will not communicate candidly among themselves if

each remark is a potential item of discovery.'" *Id.* To qualify for the protection, documents "must be both predecisional and deliberative." *Id.* at 1227.

"Predecisional" means that the document must have been prepared to assist the decisionmaker in making the decision, not to provide the reasons for a decision already made. *Id.* (citing *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.,* 421 U.S. 168, 184 (1975)). "Deliberative" means "[n]on-factual materials that express opinions or recommendations." *Id.* "The exemption thus covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 866 (D..C. Cir. 1980)). Factors that help to determine whether the privilege applies include "the nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and the relative positions in the agency's chain of command occupied by the document's author and recipient." *Casad v. U.S. Dept. of Health and Human Services,* 301 F.3d 1247, 1252 (10th Cir. 2002) (internal citations and quotation marks omitted).

Purely factual materials are not protected unless disclosure is so inextricably intertwined with protected material that disclosure "would be tantamount to the publication of the [agency's] evaluation and analysis.'" *Trentadue,* 501 F.3d at 1228 (internal citations and quotation marks omitted).

The law enforcement privilege protects "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witnesses and law enforcement personnel [or] the privacy of individual involved in an investigation, and information that would 'otherwise interfere with an investigation.'" *In re New York,* 607 F.3d at 944 (internal citations and quotation marks omitted).

It is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files." *United States v. Winner,* 641 F.2d 825, 831 (10th Cir. 1981) (internal citations and quotation marks omitted).

The law enforcement privilege is a qualified, not absolute privilege. *In re New York*, 607 F.3d at 945. Once the party asserting the privilege shows that it applies, a court must "balance the public interest in nondisclosure against "the need of a particular litigant for access to the privileged information." *Id.* at 948. In doing so a court must find that (1) the suit is brought in good faith; (2) the information sought is not available through discovery from other sources; and (3) the party has a compelling need for the privileged information. *Id.* In conducting this balancing test, "[t]here is a strong presumption against lifting the privilege." *Id.* (internal citations and quotations omitted).

## II.   ANALYSIS OF MEMOS

### A.  <u>Archer Memo – 11695–97</u>

1. Covered by order ECF No. 250

### B.  <u>Canino Memo – 11698–11704</u>

1. INITIAL LESSONS LEARNED – protected

2. OFFICER FATIGUE/WELFARE

   a. First paragraph - **not protected**, it is not predecisional because it is not an opinion given to help a decisionmaker with a decision. It describes his personal justification for the way he approached discussions with his team during the protests.

   b. Final paragraph – **not protected –** postdecisional

3. GFP BRIEFINGS

    a.  Second paragraph – **not protected** – Denver has not met its burden of showing that the law enforcement privilege applies because it has not provided evidence that mentioning the topic of briefing would disclose law enforcement techniques, undermine confidentiality of sources, endanger witnesses or personnel, or interfere with an investigation.

    b.  Third paragraph, middle – protected – The law enforcement privilege applies, and plaintiff can discover the same information through the Senate Bill itself.

    c.  Third paragraph, last sentence – protected

4. USE OF PEPPERBALLS – **not protected** – not predecisional

5. ARRESTS – protected

6. FLASH-BANGS AND OTHER CONCUSSION DEVICES – protected

7. STING-BALL GRENADES – protected

8. CURRENT RADIO ISSUES – protected

9. FINAL THOUGHTS – protected

**C. Chavez Memo – 11705–09**

1. COMMAND POST – protected by the law enforcement privilege.

2. GFP CROWD BEHAVIOR – **not protected**

3. RADIO COMMUNICATION – **not protected** – not predecisional

4. GENERAL PROTEST MANAGEMENT – **partially not protected** – Most redactions are protected.  Six of the seven sentences at the end of the third paragraph are not protected.  Beginning with the sentence "Lieutenant Chavez recognized that some supervisors . . .", most of the remainder of the third paragraph is postdecisional and not protected by the deliberative process privilege.  The only sentence in the latter half of this paragraph covered by the privilege is the second to last sentence.

5

5.  LESSONS LEARNED – protected

**D.  Cody Memo – 11710–13**

1.  COMMAND POST – protected – Plaintiffs can glean the same information from other sources.

2.  LIEUTENANT RESPONSIBILITIES – **not protected**- not deliberative

3.  GFP BRIEFINGS – **not protected** – not deliberative

4.  GFP CROWD BEHAVIOR – protected

5.  LESS LETHAL WEAPONS AND MUNITIONS

 a.  First paragraph – **not protected** – not deliberative

 b.  Second paragraph – **partially not protected** – The first three sentences are not postdecisional.  The last two sentences are not postdecisional.  The remainder are protected.

6.  GENERAL PROTEST MANAGEMENT

 a.  First Paragraph– **not protected** – Defendants asserted only the deliberative process privilege.  It is not deliberative.

 b.  Second paragraph – protected

7.  LESSONS LEARNED – **partially not protected** – The last sentence is protected, the rest is postdecisional.

**E.  Coppedge Memo – 11714–17**

1.  LEADERSHIP FAILURE

 a.  First Paragraph – **not protected**

 b.  Second, Third, Fourth Paragraphs – protected

2.  CHANGE IN EMPHASIS ON TRAINING

a.  First paragraph – **not protected** – These are not opinions or recommendations but a description of past events and officers' reasons for taking or not taking certain actions.

b.  Second paragraph – **not protected –** not deliberative.  The paragraph is largely a recitation of factual claims about the police department.  The one statement that could be deliberative, discussing Lt. Coppedge's attitude toward field Force trainings, describes a past event ("Lt. Coppedge pushed for Field Force trainings") and is thus postdecisional.  The factual claims are not inexorably intertwined with protected material.

c.  Third paragraph – protected

d.  Fourth paragraph – **partially not protected** – The first three sentences are not protected because they are factual statements, not deliberative ones, and not inexorably intertwined with protected material.  The rest of the paragraph is protected.

3.  LESS LETHAL, CROWD MANAGEMENT, AND FIELD FORCE TRAINING

a.  Second paragraph – protected

b.  Third paragraph – protected

c.  Fourth paragraph – **partially not protected** – The second sentence is protected, as are all sentences after "…disperse crowds."  The remainder are postdecisional.

d.  Fifth paragraph – protected

e.  Sixth paragraph (top of DEN R 11716) – protected

f.  Seventh paragraph – protected

7

    4.  TRAINING ACADEMY ROLE IN GFP – **not protected** – postdecisional

**F.  <u>Grothe Memo – 111718–21</u>**

    1.  Covered by order ECF No. 250

**G.  <u>Kimberly Memo – 11722–25</u>**

    1.  DOUGCO SWAT ROLE AT GFP – **not protected**

    2.  CROWD BEHAVIOR – **not protected** – the material is deliberative but postdecisional

    3.  LESSONS LEARNED – protected

**H.  <u>Knutson Memo – 111726–29</u>**

    1.  CROWD CONTROL/FIELD FORCE TRAINING – protected

    2.  UNIT TYPES AND SIZES – protected

    3.  NON-VERBAL COMMUNICATION WITH CROWDS – protected

    4.  PROPER TACTICS/TECHNIQUES – protected

    5.  WHAT SGT. KNUTSON SAW WHILE WATCHING THE GFP –

        a.  First paragraph – **partially not protected** – The last two sentences are protected.  The rest of the redacted material in this paragraph is not predecisional.

        b.  Second paragraph – **not protected –** not predecisional

        c.  Third paragraph – protected

        d.  Fourth paragraph – protected

    6.  RECENT CROWD CONTROL/FIELD FORCE TRAINING –

        a.  First paragraph – **not protected** – postdecisional

        b.  Second paragraph – **not protected** – The fact that deliberative suggestions were made is not itself a deliberative statement.

**I.  Lovato Memo – 11730–33**

   1.  TEAM BRIEFINGS **– not protected**

   2.  GFP CROWD BEHAVIOR – protected

   3.  LESS LETHAL WEAPONS AND MUNITIONS – **not protected** – The statement explains the reasoning behind an already-completed action and thus is not predecisional.

   4.  PREPAREDNESS AND GENERAL PROTEST MANAGEMENT – **not protected** – not predecisional

   5.  LESSONS LEARNED – protected

**J.  Williams Memo – 11734–36**

   1.  RADIO COMMUNICATION – **not protected –** not predecisional

   2.  LESSONS LEARNED – protected

**K.  Mueller Memo – 11737–38**

   1.  Covered by Order ECF 250

**L.  O'Donnell Memo – 11739–42**

   1.  FIRST NIGHT OF GFP

      a.  Third paragraph – protected

      b.  Final paragraph – **not protected** – not predecisional

   2.  LESSONS LEARNED

      a.  First paragraph – **partially not protected** – The following sentences in the first paragraph are postdecisional and not protected: (i) the first two sentences (ending with "…uses ear pieces)."; (ii) the sentence beginning "Frequently during the GFP…".  The remainder of redacted material in this paragraph is protected.

      b.  Second paragraph – **not protected**

      c.  Third paragraph – **not protected** – not predecisional

**M.  O'Neill Memo – 11743–47**

  1.  SECOND THROUGH FIFTH DAYS

      a.  First paragraph – **not protected**

      b.  Fourth paragraph – **not protected**

  2.  COMPARISON TO OTHER EVENTS – **not protected** – not predecisional

  3.  OTHER EXPERIENCE AND WELLNESS – protected

  4.  LESSONS LEARNED

      a.  First paragraph – **not protected** – It is not predecisional as it describes feelings and opinions about completed events.

      b.  Second paragraph – protected – It provides a recommendation.

**N.  Pasicznyk Memo – 11748–50**

  1.  GENERAL RADIO SYSTEM DESCRIPTION – protected

  2.  OTHER JURISDICTIONS – protected

  3.  POTENTIAL RADIO ISSUES – **partially not protected** – The first two sentences are not protected, except that the specific channel can be redacted from those sentences.  The remainder of the section is protected.

  4.  POTENTIAL SOLUTIONS – protected

  5.  FOLLOW-UP REQUESTS – **not protected**

**O.  Phelan Memo (Aug. 11 Interview) – 11751–57**

  1.  Covered by Order ECF No. 250

**P.  Phelan Memo (Sept. 9 Interview) – 11758–62**

  1.  Covered by Order ECF No. 250

**Q.  <u>Stadler Memo – Den R 11768–71 (DEN UR 11763–66)</u>**

    1.  LESS LETHAL WEAPONS AND MUNITIONS – **not protected** – not predecisional

    2.  GENERAL PROTEST MANAGEMENT – **not protected** – not predecisional

    3.  RADIO COMMUNICATION – **not protected**

    4.  LESSONS LEARNED

        a.  First paragraph – protected

        b.  Second paragraph – **not protected** – not predecisional

        c.  Third paragraph – **not protected** – It is an opinion, but it is not deliberative.

        d.  Fourth paragraph – **partially not protected** – All sentences after "…in the crossfire" are protected.  All preceding sentences are not postdecisional.

**R.  <u>Piyasena Memo – Den R 11763–67 (DEN UR 11767–71)</u>**

    1.  SECOND DAY OF PROTESTS (SATURDAY NIGHT) – **not protected** – not predecisional

    2.  COMMENTARY ON PARTICIPANTS **–** not protected **– not predecisional**

    3.  REASSIGNMENT TO PROTECT DENVER FIRE – protected

    4.  THE ARRIVAL OF DARKNESS – **not protected**

    5.  SUNDAY – protected

    6.  MONDAY NIGHT AT DISTRICT 6 – **not protected**

    7.  BRIEFINGS – **not protected**

    8.  RADIO/COMMUNICATION ISSUES – protected

    9.  TAKE-AWAYS

        a.  First paragraph – **not protected**

        b.  Second paragraph - protected

**S.**  **Silch Memo – 11772–775**

1.  INTRODUCTIONS – **not protected** – It is not predecisional because it explains her view of the DPD's response to the GFP.

2.  COMMAND POST CHALLENGES

   a.  First paragraph – protected – both redacted portions

   b.  Second paragraph – **not protected** – It is not predecisional and there are many facts not inexorably intertwined with protected material.

   c.  Third paragraph – **not protected** – not predecisional

   d.  Fourth paragraph – **not protected** – not predecisional

   e.  Fifth paragraph – **not protected**

   f.  Sixth paragraph – **not protected**

   g.  Seventh paragraph – **not protected**

3.  TRAINING INADEQUACIES

   a.  First paragraph – **not protected**

   b.  Second paragraph – protected

   c.  Third paragraph – protected

4.  OUTSIDE AGENCY COORDINATION

   a.  Second paragraph – protected

   b.  Fourth paragraph – **not protected** – not predecisional

5.  OIM DOCUMENT REQUEST – protected

6.  TEMPORARY RESTRAINING ORDER – **not protected**

**T.**  **Wykoff Memo – 11776–83**

1.  Covered by Order ECF No. 250

U. **Thomas Memo – 11784–87**

1. DIVISION CHIEF THOMAS'S ROLE – protected

2. LESSONS LEARNED

   a. First paragraph – protected

   b. Second paragraph – protected

   c. Third paragraph – protected

   d. Fourth paragraph – **not protected** – not predecisional

3. COMMAND STRUCTURE

   a. First paragraph – protected

   b. Second paragraph – **not protected** – not predecisional

4. USE OF FORCE AND REPORTING – protected

DATED this 3rd day of February, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge