IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## AURORA DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO BAR TESTIMONY FROM MARC SEARS AND JASON PETRUCELLI (AURORA DEFENDANTS' NON-RETAINED EXPERTS) [DOC 252]

Defendants the City of Aurora and Officer Cory Budaj, David McNamee, Patricio Serrant, Matthew Brubacher (the "Aurora Defendants") by and through their counsel respectfully submit this Response to Plaintiffs' Motion to Bar Testimony from Marc Sears and Jason Petrucelli (Aurora Defendants' Non-Retained Experts) [DOC 252], as follows:

### I.    INTRODUCTION

Plaintiffs argue in their Motion to Bar Testimony from Marc Sears and Jason Petrucelli [ECF 252] that the opinions of these two non-retained expert witnesses are irrelevant and inadmissible. However, Plaintiffs arguments fail because the opinions proffered are both relevant to the claims asserted against the Aurora Defendants and are admissible for consideration by the jury. As a result, Plaintiffs' requests to limit testimony should be denied.

1

## II.   ANALYSIS

Federal Rule of Evidence 702 permits opinion testimony of persons "qualified as an expert by knowledge, skill, experience, training, or education" where such opinion testimony "will help the trier of fact to understand the evidence or determine a fact in issue." *Federal Rule of Evidence 702(a)*. Here, Plaintiffs do not argue that Aurora's non-retained experts, Marc Sears and Jason Petrucelli (collectively, the "Aurora Experts") are not qualified as experts in their fields of crowd control, crowd management, and less lethal weapons use and training. Rather, Plaintiffs only present arguments to exclude the testimony of the Aurora Experts because of the relevance and admissibility of the opinions. However, because the opinions will assist the trier of fact to understand the issues presented by Plaintiffs' claims, the testimony at issue should not be excluded.

**A.   The opinions of the Aurora Experts are relevant.**

Plaintiffs first argue that the opinions of the Aurora Experts are not relevant because they do not relate directly to the three Plaintiffs making claims against the individually named Aurora Officer Defendants. Plaintiffs further argue that the expert opinions are duplicative of testimony anticipated to be presented by the representatives of the City who were deposed under Rule 30(b)(6). However, these arguments are legally and factually insufficient to justify excluding the testimony of the Aurora Experts.

Plaintiffs' argument that the expert opinions are irrelevant because they do not relate to the three individual Plaintiffs with claims against individual Aurora Officer Defendants ignores the fact that Plaintiffs allege municipal liability claims in their Complaints. Plaintiffs allege that Defendant City of Aurora has an unconstitutional custom, policy, or practice and/or has failed to train and supervise its employees, leading to constitutional violations. The opinions of the Aurora

2

Experts are directly related to these claims. The Aurora Experts' testimony is related to the policies, practices, and training of Defendant City of Aurora, in addition to testimony regarding best practices in the areas of crowd control, crowd management, and less lethal weapons. Such evidence is directly relevant to the claims at issue and would assist the trier of fact in determining whether Defendant City of Aurora's policies, training, or supervision are constitutionally deficient.

Furthermore, Plaintiffs' argument that the expert opinions would be duplicative of testimony by 30(b)(6) witnesses assumes that Plaintiffs are the appropriate parties to select witnesses and trial strategy for the Aurora Defendants. Aurora Defendants are not obligated to proffer the testimony of the witnesses who testified as agency representatives. Unless and until such duplicative testimony is presented, this argument is not justification to exclude Aurora Experts. Additionally, the opinions disclosed in the Aurora Defendants' Expert Disclosures specifically note that the witnesses will testify as to the best practices for training, a topic area not even broached in the depositions of the agency representatives. Therefore, the testimony of the Aurora Experts is not duplicative and should not be excluded.

### B. The opinions of the Aurora Experts are admissible.

Plaintiffs next argue that the Aurora Experts should be prohibited from testifying because their opinions are related to other incidents occurring during the protests, not specifically related to the individual Plaintiffs. Additionally, they argue that the opinions disclosed are vague and improperly imply that the conduct of the crowd could justify the use of force on a particular individual. However, these arguments are insufficient to justify exclusion of the testimony of the Aurora Experts because the other incidents during the protests are relevant to assessing the totality of the circumstances and the proffered opinions are neither vague nor legally inaccurate.

Plaintiffs attempt to isolate the incidents involving the individually named parties and exclude them from the broader context of the situations in which they took place. However, the conduct of the crowd at large and the violent, riotous, and illegal behavior taking place around the Plaintiffs is entirely relevant to the circumstances at issue in these cases. This broader context explains the actions and posture of the Aurora Defendants during the incidents alleged and is entirely relevant to the question of whether the Aurora Defendants acted reasonably given the circumstances. To eliminate testimony regarding the circumstances presented to the individual defendants would improperly remove the totality of the circumstances from the jury's review.

Furthermore, until the filing of this Motion, Plaintiffs did not raise any concerns with the degree of specificity in the Aurora Defendants' Expert Disclosures. If Plaintiffs believed that the disclosures were inadequate, the time for addressing that inadequacy has passed. Plaintiffs requested and were granted four hours to depose each of the Aurora Experts. Plaintiffs elected not to use the entirety of that time and failed to ask any questions of the Aurora Experts related to the opinions disclosed.[1] Instead, Plaintiffs chose to repeatedly question the Experts on matters outside the scope of their disclosed opinions. That Plaintiffs now regret failing to explore the topics of

---

[1] Plaintiffs conducted a deposition of Marc Sears on January 25, 2022, lasting approximately 54 minutes. *See*, *Transcript of Sears Deposition* attached as Exhibit A (start time indicated at 9:01 A.M. and end time indicated at 9:55 A.M.). Plaintiffs conducted a deposition of Jason Petrucelli on the same date, lasting approximately 60 minutes. *See, Transcript of Petrucelli Deposition* attached as Exhibit B (start time indicated at 1:33 P.M. and end time indicated at 2:33 P.M.). Plaintiffs did not ask either deponent about the training, policies, or practices of the Aurora Police Department related to crowd control, crowd management, or the use and deployment of less lethal munitions during those depositions. *See, generally,* Exhibit A; Exhibit B. Plaintiffs also did not ask either deponent about the best practices in those areas of police training, policy, or practice. *Id.*

their actual testimony is of no fault of the Aurora Defendants and is not a basis upon which to exclude their testimony.

## III. CONCLUSION

Thus, because the opinions of the Aurora Experts are relevant, admissible, and permitted under Rule 702, Plaintiffs' request to exclude their testimony should be denied.

Dated this 3rd day of February 2022.

| | |
|---|---|
| *s/ Isabelle Evans* | *s/ Michael T. Lowe* |
| Isabelle Evans | David M. Goddard |
| Peter Ruben Morales | Michael T. Lowe |
| 15151 East Alameda Parkway, 5th Floor | Bruno, Colin & Lowe, P.C. |
| Aurora, Colorado 80012 | 1999 Broadway, Suite 4300 |
| T: 303.739.7096 | Denver, CO  80202 |
| E: ievans@auroragov.org | T: (303) 831-1099 |
| E: pmorales@auroragov.org | E: dgoddard@brunolawyers.com; |
| *Attorneys for the City of Aurora and Officers Cory Budaj, David McNamee, Patricio Serrant, and Matthew Brukbacher in their official capacities* | E: mlowe@brunolawyers.com *Counsel for Defendants Budaj, McNamee, Serrant, and Brukbacher, in their individual capacities* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2022 the foregoing **AURORA DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO BAR TESTIMONY FROM MARC SEARS AND JASON PETRUCELLI (AURORA DEFENDANTS' NON-RETAINED EXPERTS)** was filed with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai

Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
andreas.moffett@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj,
McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Eric Butler
ebutler@jeffco.us
*Counsel for Defendants Timothy Dreith
and Anthony Hamilton*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com

*Counsel for Defendants City and County of Denver and the individually named Denver Police Officers*

Hollie R. Birkholz
Robert Huss
Lindsay M. Jordan
hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org
*Counsel for the City and County of Denver and the Individually Named Denver Police Department Officers*

                                           *s/ Joanne Flaherty*
                                           Joanne Flaherty, Legal Secretary