IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH and 1:20-cv-03155-KLM)

**EPPS, et al.,**

    Plaintiffs,

v.

**CITY AND COUNTY OF DENVER, et al.,**

    Defendants.

___

## MOTION TO EXCLUDE THIRTEEN PLAINTIFFS FROM CLASS ACTION MEMBERSHIP IN 20-CV-01878-RBJ

Ben Bialy, Asa Briggs, John Cameron, Dan Delany, Ailyn Havens, Lily Knowles, Jon Pflanzer, David Seaver, Sable Spottswood, Jonathan Ziegler, James Sweetman, Gregory Trickle, and Cody Schmitt, by and through their attorneys, Baumgartner Law, LLC ("Baumgartner") and Beem & Isley, PC ("Beem"), submit to all parties of record this Motion to Exclude Thirteen Plaintiffs From Class Action Membership In 20-cv-01878-RBJ in the above-captioned case, and as support states:

### CONFERRAL STATEMENT

1. Counsel for the class opposes this Motion.

2. Counsel for the City and County of Denver takes no position and does not oppose the Motion *per se*. The City and County of Denver states that this Court is the appropriate forum for this Motion. The City and County of Denver wishes for this Court to decide the matter.

## BACKGROUND FACTS

3.      On November 24, 2020, Beem and Baumgartner served Notice of Claims on the City and County of Denver ("the City"), listing 50 clients, including thirteen people currently listed as members of the class in the above-captioned action. See **Exhibit 1**.

4.      Loevy and Loevy, P.C., represents a class of protesters in the above-captioned matter and Elizabeth Wang is lead counsel. Thirteen of those members have been clients of Beem and Baumgartner many months before the class action was filed.

5.      Beginning July 29, 2021, Loevy and Loevy began to send out "Notice of Class Action" in the above-captioned matter via USPS. The notice stated the op-out period would remain open to September 13, 2021. See **Exhibit 2**, pg. 1.

6.      The Class Notice states, "ASK TO BE EXCLUDED: Get out of lawsuit. Get no benefits from it. Keep rights."

7.      On August 4, 2021, Baumgartner sent Elizabeth Wang of Lovey and Lovey a letter stating as follows:

> "The law firms of Baumgartner Law, LLC, and Beem & Isley, P.C., as co-counsel, are currently representing 57 people in claims against the City and County of Denver related to their activities and injuries during the protests last year in the wake of the murder of George Floyd. In the coming days, we will be filing several lawsuits on behalf of our clients in the United States District Court against the City and County of Denver for damages resulting from several constitutional violations, including excessive force, unconstitutional arrest, and first amendment violations stemming from the curfew imposed by Mayor Michael Hancock.
> We are aware of your class action lawsuit that makes claims for damages for many of the same violations and that your firm may be contacting or may have already contacted many people who have suffered from the same violations. However, we respectfully request that you refrain from contacting or speaking directly to our clients regarding these issues given that they are currently represented by counsel. We further ask that you inform us if you have already made contact with any of our clients so that we may counsel them appropriately. Our clients' names and addresses are provided in the attachment to this letter.

2

> If there is any information that you would like to pass along to our clients regarding your lawsuit, please direct those communications to me. In addition, if there is anything that we can do to be of assistance, I would be more than happy to speak to you about it."

See **Exhibit 3**.

8. Baumgartner also sent Ms. Wang at Loevy and Loevy a list a fifty-seven people currently represented. See **Exhibit 4**.

9. Thirteen people who are currently included in the class action were listed in that letter.

10. Although Ms. Wang acknowledged receipt of the letter on the same day, she did not respond to the letter; nor did she at any time inform this Court that she had received the letter.

11. Instead, Ms. Wang filed with this Court a list of prospective members of the class, informing the Court that Beem and Baumgartner's thirteen (13) clients did not opt out of representation.

12. Before learning that counsel for the class did this, Beem and Baumgartner filed two lawsuits on behalf of the same thirteen clients, which made some of the same claims for relief: Civil Action No.: 21-cv-2477-KLM and Civil Action No.: 21-cv-2478-RBJ.

13. The thirteen plaintiffs in common are:

   a. Ben Bialy
   b. Asa Briggs
   c. John Cameron
   d. Dan Delany
   e. Ailyn Havens
   f. Lily Knowles
   g. Jon Pflanzer
   h. David Seaver
   i. Sable Spottswood
   j. Jonathan Ziegler
   k. James Sweetman
   l. Gregory Trickle
   m. Cody Schmitt

14. Beem and Baumgartner submit to the Court that all thirteen clients opted out of class membership on August 4, 2021, when the letter was received by counsel for the prospective class, Ms. Wang.

15. Loevy and Loevy, through Ms. Wang, have argued that Beem and Baumgartner's thirteen clients may not now opt-out, and have no choice in counsel or membership in the class.

16. Beem and Baumgartner strongly object to the lack of communication by Ms. Wang both with them, with the thirteen clients, and with the Court.

17. Beem and Baumgartner strongly object to Ms. Wang continuing to include our clients in her representation when asked not to do so.

18. Beem and Baumgartner strongly object to Ms. Wang's interference with the attorney client relationship among the thirteen plaintiffs and our firms.

19. All thirteen clients desire to be removed from the class and from representation by Loevy and Loevy, so that they may be represented by Beem and Baumgartner with whom they formed an attorney-client relationship, and with whom that have contracted for representation. They wish to pursue their own causes of action against the City, as stated in the August 4, 2021, letter to Loevy and Loevy, and Ms. Wang.

## LEGAL STANDARDS

20. Rule 23 states, "the court must direct to the class members the best possible notice." *Sibley v. Sprint Nextel Corp.*, F.Supp.2d *2-4, 2009 WL 662630 (D.Kan March 13, 2009) (holding no specific form is necessary for exclusion. Notice form with simple instructions as how to opt-out i.e. letter written to law firm or opt-out form completed on firm website is appropriate as approved by the court pursuant to Rule 23).

21. Rule 23 does not require a form to be completed to opt out.

22. Rule 23 does not require specific language to opt-out.

23. It simply states that members of the class provided notice within the period to opt-out. and the manner in which to opt-out.

24. Further, Rule 23(c)(4) provides the Court with the ability to exclude members of a class after certification, once a settlement proposal is reached. This provision allows previously added members of a class to exclude themselves from any settlement and maintain their ability to seek redress with their individual claims.

## ANALYSIS

25. Baumgartner clearly sent a letter to counsel for the prospective class that could only be construed as an opt-out, and Ms. Wang acknowledges receipt of the letter. See **Exhibit 5**.

26. Baumgartner's letter make specific mention of Loevy's class action, case number, same violations being litigated, that Beem and Baumgartner would be filing suit for the same claims, and it requested Lovey and Lovey refrain from contacting their clients. Id.

27. Beem and Baumgartner also sent Loevy a full list of plaintiffs being represented by their firms. See Exhibit 4.

28. In the present case, Loevy's class notice included their address to send opt-out requests and provided their website for further assistance regarding class membership. Beem and Baumgartner sent a letter requesting that its clients not be included in the class. The letter is an appropriate, court-approved, method for exclusion. *Sibley v. Sprint Nextel Corp.*, F.Supp.2d *2-3, 2009 WL 662630 (D.Kan. March 13, 2009).

29. While Beem and Baumgartner's letter did not use the specific term "opt-out" or the word "exclusion," there is no such requirement, and the intent of the letter is objectively clear: our clients wish to pursue their own claims.

5

30. Counsel for the class did not inform the Court of this communication, despite a duty to do so.

31. Because the letter can only be construed as an opt-out, and because the desire of the thirteen overlapping clients is to be excluded and to have their attorneys represent them, Beem and Baumgartner request that this Court issue an Order removing those plaintiffs from the class, so that their rights in the Civil Actions Nos.: 21-cv-2477-KLM and 21-cv-2478-RBJ are not impaired.

**WHEREFORE**, Baumgartner Law, LLC and Beem & Isley, PC, on the behalf of the thirteen clients listed above, respectfully request this Court issue an Order removing them from Civil Action No. 20-cv- 01878-RBJ.

Dated this 11th day of February 2022.

                                              Respectfully submitted,
                                              BAUMGARTNER LAW, L.L.C.

                                              *s/ Birk Baumgartner*
                                              S. Birk Baumgartner
                                              300 E. Hampden Ave., Ste. 401
                                              Englewood, CO 80113
                                              Phone: (303) 529-3476
                                              Fax: (720) 634-1018
                                              Birk@BaumgartnerLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2022, a true and correct copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to all interested parties.

                                     *s/ Carly C. Kelley*
                                     Carly C. Kelley