**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

---

## DENVER'S RESPONSE TO FITOURI PLAINTIFFS' MOTION IN LIMINE NO. 5

Defendant City and County of Denver, Colorado ("Denver"), through its undersigned counsel, hereby respectfully submit its response to Fitouri Plaintiffs' Motion *in limine* No. 5 (hereinafter referred to as "Plaintiffs' MIL No. 5"), as follows:

Fitouri Plaintiffs seek to prohibit Denver from presenting any evidence that Fitouri Plaintiffs committed any act that warranted any use of force on them or committed any unlawful act. As an initial matter, Fitouri Plaintiffs have not specifically indicated, and Denver is unaware of, the specific evidence Fitouri Plaintiffs seek to bar through this motion. In support, Fitouri Plaintiffs argue Denver failed to supplement its response to Fitouri Plaintiffs' Interrogatory No. 3 pursuant to Federal Rules of Civil Procedure 26(e). As stated in Plaintiffs' MIL No. 5, Fed. R. Civ. P. 26(e)(1)(a) requires a party to supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and *if the additional or corrective information has not otherwise been made known to*

*the other parties during the discovery process* or in writing (emphasis added). Although Fed. R. Civ.P 37 provides information or witnesses not previously provided should not be allowed to be presented at trial unless the failure to disclose was substantially justified or harmless, preclusion is not warranted in this case.[1]

Fitouri Plaintiffs' Interrogatory No. 3 asked Denver to describe each alleged unlawful act or acts warranting the use of force committed by a Fitouri Plaintiff and to provide the complete factual basis for the contention. In response, Denver responded it was without sufficient information to identify the specific actions taken by [Fitouri] Plaintiffs during the protests. However, an extensive amount of video footage has been produced during the discovery phase of this litigation. In particular, Denver produced HALO footage from the intersection of Washington and Colfax, on May 30, 2020, between 8:00PM and 9:00PM. This footage captured Joe Deras, a Fitouri Plaintiff, attempting to kick a cannister after it was deployed by law enforcement. Denver was not aware this individual was Mr. Deras until he was identified by his counsel. Any perceived failure to supplement a discovery response regarding this information was substantially justified and harmless, and there is no prejudice or surprise because counsel for the Fitouri Plaintiffs is well aware of the information contained in the video footage. In fact, this footage was used during depositions of officers, and Plaintiffs' retained expert addressed this event.

Furthermore, a supplemental response is improper because responses to discovery must be based upon knowledge known by the City. Only the lawyers for the City have learned the identity of Mr. Deras through this litigation; no witness for the City could verify the supplemental response.

---

[1] The Epps Plaintiffs did not serve anything akin to the Fitouri Plaintiffs' Interrogatory No. 3 so this issue is exclusive to the Fitouri Plaintiffs.

2

Because there is no person from the City who could testify to the identity of Mr. Deras based upon their personal knowledge, Rule 37 does not warrant any sanction.

At this time, Denver is unaware of any evidence or witnesses that would directly establish other events where Fitouri Plaintiffs were throwing rocks, projectiles, and/or engaging in other forms of active aggression. However, there is evidence that may support that the Fitouri Plaintiffs were in engaged in passive resistance and/or other non-compliant behavior, and this evidence was produced throughout discovery in the form of Body Worn Camera ("BWC") footage, HALO footage, Colorado State Patrol footage, and other video footage produced by Plaintiffs or produced by the parties or non-parties during the litigation as a whole. Again, any lack of supplementation to discovery responses was harmless because the parties have had many discussions about the video footage produced by Denver in this case and many officers were questioned during their depositions about crowd behavior and use of force relating to many of the incidents Fitouri Plaintiffs are claiming they suffered constitutional violations.

Moreover, supplementation of Response to Interrogatory No. 3 was not warranted because Denver was unaware of specific evidence and/or did not learn of additional information regarding specific conduct of Fitouri Plaintiffs until identified by counsel. Throughout discovery, Denver was presented multiple screen shots taken from video footage produced and asked by Plaintiffs to identify officers that may have been involved in incidents claimed by the Fitouri Plaintiffs. As a result, the information contained in those videos was clearly known to counsel for the Fitouri Plaintiffs.

Denver intends to introduce evidence that will assist the jury with understanding the overall nature of the events occurring from May 28, 2020, through June 2, 2020. Specifically, evidence

related to the overall behavior of the crowd that each Fitouri Plaintiff was involved in is necessary to Denver's defenses. This evidence provides essential context for the alleged constitutional violations in this case, which was known and considered by officers at the time of the protests, thus the admission of this evidence is consistent with *Graham v. Connor*, 490 U.S. 386 (1989), and its progeny because it focuses on the totality of the circumstances involved when the uses of force occurred. There is no surprise or prejudice to Fitouri Plaintiffs because they had the opportunity to conduct extensive discovery into videos produced, the behavior of the crowd and the force used by officers. Also, Fitouri Plaintiffs' experts reviewed much of the evidence produced by Denver in this case. Any such testimony and/or evidence would not disrupt the trial because the information is not new nor would it unnecessarily lengthen the trial because Denver is afforded the opportunity to present a defense. Ultimately, the Motion is based on a faulty premise. Properly understood, the information responsive to the Fitouri Plaintiffs' Interrogatory No. 3 was provided by Denver throughout the discovery in this matter. The direct information involving Mr. Deras has been long-known to counsel for the Fitouri Plaintiffs. Conversely, the information regarding Mr. Deras' identity is not known to anyone with Denver, making no supplement necessary.

WHEREFORE, for the foregoing reasons, Denver respectfully requests the Court deny Fitouri Plaintiffs' Motion *in Limine* No. 5 in its entirety, and for all other and further relief as this Court deems just and appropriate.

DATED this 11th day of February, 2022.

                Respectfully submitted,

                By: *s/Hollie R. Birkholz*
                Hollie R. Birkholz, Assistant City Attorney
                Robert Huss, Assistant City Attorney
                Lindsay M. Jordan, Assistant City Attorney
                Denver City Attorney's Office
                Civil Litigation Section
                201 West Colfax Ave., Dept. 1108
                Denver, CO 80202
                Telephone: (720) 913-3100
                Facsimile: (720) 913-3155
                E-mail: hollie.birkholz@denvergov.org
                robert.huss@denvergov.org
                lindsay.jordan@denvergov.org

                Andrew D. Ringel, Esq.
                Katherine N. Hoffman, Esq.
                Hall & Evans, L.L.C.
                1001 17th Street, Suite 300
                Denver, CO 80202
                Telephone: (303) 628-3453
                Facsimile: (303) 628-3368
                E-mail: ringela@hallevans.com
                      hoffmanm@hallevans.com
                *Counsel for the City and County of Denver*

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2022, the foregoing **DENVER'S RESPONSE TO FITOURI PLAINTIFFS' MOTION IN LIMINE NO. 5** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Andreas Moffett
Mindy Gorin
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
mindy.gorin@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans

Peter Ruben Morales
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Aurora Officers Brukbacher, Budaj, McNamee and Serrant in official capacities*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
Heather D. Kuhlman
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
hkuhlman@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Jefferson County Attorney's Office
Rebecca Klymkowsky
Eric Butler
rklymkow@jeffco.us
ebutler@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officers*

*s/ Sarah Peasley*
Denver City Attorney's Office