IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 1:20-cv-01922-RBJ-MEH
and 20-cv-03155-KLM)

BLACK LIVES MATTER 5280, *et al*.,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et. al*.,

Defendants.

---

### DEFENDANT CITY AND COUNTY OF DENVER'S RESPONSES TO FITOURI PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

---

Defendant, City and County of Denver ("Denver"), through its undersigned counsel, submits the following objections and responses to Fitouri Plaintiffs' First Set of Requests for Admission as follows:

### OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

Defendant City and County of Denver, objects as follows:

1.      Denver objects to Plaintiffs' "Definitions" and "Instructions" to the extent that such "Definitions" and "Instructions" attempt to impose obligations that are not required by the Federal Rules of Civil Procedure. Denver is only responsible for responding to Plaintiffs' written discovery to the extent required by Rules 26 and 36 and will respond to Plaintiffs' discovery in compliance with such rules.

Exhibit 57

## REQUESTS FOR ADMISSIONS

1.      There was no justification for the shooting of Plaintiff Youssef Amghar with pepperballs on May 30, 2020 at 7:08-7:09 p.m., at the intersection of Lincoln Street and Colfax Avenue, as depicted in videos produced in this case, including COABLM 294, DEN 5047, DEN 5017, and DEN 5022.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term

2

"justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

> **RESPONSE:** Subject to the stated objections and without waiving the same, due to the foregoing and consequent reasons Denver is unable to admit or deny this request. Denver has reviewed the videos of the location and time in question, and reviewed officer statements from May 30, 2020, and attended depositions of Denver and Aurora officers at the location at issue, but Denver remains unable to identify the officer who fired pepperball that allegedly impacted Plaintiff Amghar, which could be an officer from another jurisdiction. Not knowing who fired or what that individual perceived, Denver does not know the totality of circumstances surrounding the event and cannot admit or deny this request.

2.      There was no justification for the use of force on Plaintiff Joe Deras (throwing of three tear gas canisters which hit him in the head, back and hand) on May 31, 2020, at 8:30 p.m., at the intersection of Colfax Avenue and Washington Street, as depicted in the HALO video DEN 3871, in the below screenshot at 8:30:37 p.m. (Deras is circled) [Photograph excluded from Response].

> **OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL

2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further object to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

     **RESPONSE:** Denver denies the assertion that affirmatively identifies the cannister as "tear gas." Inert smoke contained in cannisters was a munition utilized by officers in this vicinity, as was CS gas No facts have been brought forth to provide Denver with any reasonable certainty that "tear gas" was discharged by Denver officers at this time, place, and where Plaintiff was specifically located, Denver therefore denies this request. Denver's denial of this Request for Admission is further based on the totality of the information available to Denver that has been produced in this matter including disclosures, discovery responses, documents, video, and deposition testimony. Denver anticipates additional information supportive of Denver's denial

of this Request for Admission will be produced during the course of the remaining discovery in this matter.

3.      There was no justification for the use of tear gas on Plaintiffs Joe Deras, Sara Fitouri, and Jackie Parkins, on May 31, 2020, at 8:30 p.m., at the intersection of Colfax Avenue and Washington Street, as depicted in the HALO video DEN 3871 from 8:27-8:30 p.m.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Moreover, Denver objects to this request as it violates Fed. R. Civ. P. 36 by failing to separately state each matter for which an admission or denial is being sought. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that

will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Denver denies the assertion that "tear gas" was affirmatively utilized on these Plaintiffs. Inert smoke contained in cannisters was a munition utilized by officers in this vicinity, as was CS gas. Denver does not retrospectively know which of these was utilized at this time and place. Further, members of the crowd also discharged fireworks and other pyrotechnics, which may have been the source of Plaintiffs' alleged exposure. Because Denver cannot state with any reasonable certainty that "tear gas" was discharged by Denver officers at this time, place, and where Plaintiffs were specifically located, Denver denies this request. Denver's denial of this Request for Admission is further based on the totality of the information available to Denver that has been produced in this matter including disclosures, discovery responses, documents, video, and deposition testimony.   Denver anticipates additional information supportive of Denver's denial of this Request for Admission will be produced during the course of the remaining discovery in this matter.

4.      There was no justification for the shooting of Plaintiff Johnathen De La Vaca Duran in the groin with a foam baton on May 31, 2020, at approximately 9:30 p.m., at the intersection of Colfax Avenue and Pearl Street, as depicted in Fitouri 228 at 22:18 minutes.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from

disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver is unable to admit or deny this request. Denver has reviewed the videos of the location and time in question, and reviewed officer statements from May 31, 2020. Denver remains unable to identify the officer who utilized the 40 mm that is alleged to have impacted Plaintiff Duran, which could have been an officer from another jurisdiction. Not knowing who fired or what that individual

perceived, Denver does not know the totality of circumstances surrounding the event and cannot admit or deny this request.  Denver notes Plaintiff Duran was in violation of the curfew order at this time and protesters are observed in the vicinity of Plaintiff Duran displaying active aggression against officers.

5.      There was no justification for the shooting of Plaintiff Sannier with pepperballs on May 29, 2020 at or about 9:47 p.m. while she was standing on a sidewalk filming the officers on 16th Street at Broadway and Cleveland Place, as depicted in Fitouri 10940 at 3:52 minutes.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Defendants to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow *undisputed* issues for trial". *Id*. at 6, emphasis added. This

8

request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Subject to the stated objections and without waiving the same, due to the foregoing and consequent reasons Denver is unable to admit or deny this request. Denver has reviewed the videos of the location and time in question, and reviewed officer statements from May 29, 2020, but Denver remains unable to identify the officer who discharged the pepper ball that allegedly impacted Plaintiff Sannier. Not knowing the totality of circumstances surrounding the event or knowing whether it was a Denver officer or an officer from another jurisdiction that discharged the pepper ball  Denver is unable admit or deny this request.

6.      There was no justification for the use of less lethal weapons on Plaintiff Sannier, on May 30, 2020 at or about 4:49 p.m. in the parking lot adjacent to the intersection of 16th Street and Welton Street.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this

matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Subject to said objection and without waiving the same, Denver denies this request. Denver has reviewed the videos of the location and time in question, and reviewed officer statements from May 30, 2020. Upon information and belief, no less lethal munitions impacted Plaintiff Sannier at this time and location. *See* Fitouri011239. Denver's denial of this Request for Admission is further based on the totality of the information available to Denver that has been produced in this matter including disclosures, discovery responses, documents, video, and deposition testimony.  Denver anticipates additional information supportive of Denver's denial of this Request for Admission will be produced during the course of the remaining discovery in this matter.

7.     There was no justification for the shooting of Plaintiff Johnathen De La Vaca Duran with pepperballs on May 30, 2020 between approximately 5:40-6:00 p.m. while he was standing in Liberty Park just south of Colfax Avenue across from Civic Center station (between Broadway and Lincoln Street).

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police

officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver is unable to admit or deny this request. None of the footage, photographs, or documents provided by either party appears to depict the actual deployment of the munition which is alleged to have impacted De La Vaca Duran during the twenty-minute window of 5:40-6:00 p.m on May 30, 2020. Particularly, Plaintiff has indicated only generally where De La Vaca Duran was after the alleged incident at 6:30 p.m., without knowing his specific whereabouts at the time he was alleged to have been impacted by pepper ball, Denver has insufficient information regarding the circumstances, and is unable to admit or deny this request.

8.     There was no justification for the throwing of a flashbang grenade that landed at Plaintiff Fitouri's foot and exploded near Plaintiff Deras's ear (between approximately 6:30-6:50 p.m.) on May 30, 2020 at the intersection of Lincoln Street and Colfax Avenue.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Defendants to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in

contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification." Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver is unable to admit or deny this request. None of the footage, photographs, or documents provided by either party appears to depict the deployment of the munition referenced herein or the specific location of the Plaintiffs referenced herein, with any perspective to the alleged deployment of the munition. While Denver has reviewed officer statements from May 30, 2020, Denver remains unable to identify what specific incident is referenced in this request. Not knowing the totality of circumstances surrounding the event, Denver is unable to admit or deny this request.

9.     There was no justification for the shooting of Plaintiff Deras with less lethal weapons on May 30, 2020, between approximately 6:30-6:50 p.m., at the intersection of Lincoln Street and Colfax Avenue.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the

application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id.* "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id.* at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification."  Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:**  Subject to the stated objections and without waiving the same, Denver is unable to admit or deny this request. None of the footage, photographs, or documents provided by either party appears to depict the deployment of the munition referenced herein or the specific

location of the Plaintiff referenced herein, with any perspective to the alleged deployment of a specific less lethal munition. Particularly, Plaintiff has indicated they "have not identified any footage produced by the parties where Plaintiff Deras can be easily identified on May 30, 2020 between 6:15 p.m. and 10:00 p.m. in the Capitol Hill neighborhood." Because Plaintiff cannot identify footage or additional details regarding the whereabouts of Plaintiff Deras which also depicts the deployment of any particular less lethal weapons in his vicinity, Denver has insufficient information regarding the circumstances, and is unable to admit or deny this request.

9.     There was no justification for the throwing of a flashbang grenade that exploded near Plaintiff Sannier on May 30, 2020 between 6:00-8:00 p.m. at the intersection of Lincoln Street and Colfax Avenue.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot

"put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification."  Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver is unable to admit or deny this request. None of the footage, photographs, or documents provided by either party appears to depict the actual deployment of the munition in the vicinity of Plaintiff Sannier during the two-hour window of 6:00-8:00 p.m. on May 30, 2020. Without knowing sufficient details regarding the specific incident alleged, Denver has insufficient information regarding the circumstances, and is unable to admit or deny this request.

10. There was no justification for the use of less lethal weapons on Plaintiffs Fitouri, Parkins, Sannier, or Duran, on May 31, 2020, between 9:36-9:42 p.m. on Colfax Avenue between Logan Street and Pennsylvania Street.

**OBJECTION:** Denver objects to this Request as it seeks a legal conclusion, the application of facts to law to determine whether an officer's conduct constitutes the violation of any person's constitutional rights, and seeks disclosure of information that is protected from disclosure based on attorney work product and/or attorney-client privileges. Additionally, this request violates Fed. R. Civ. P. 36 because it seeks Denver to admit disputed facts in the case.

*Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). This request encompasses an issue of contention in this matter, therefore is improper, "[r]equests for admissions are designed to eliminate issues from a case prior to trial and to avoid unnecessary evidence with respect to issues that are not truly in contention and can be fully developed by admissions of the parties." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *5 (D. Kan. July 22, 2015) (citing *Hurt v. Coyne Cylinder Co.,* 124 F.R.D. 614, 615 (W.D.Tenn.1989)). A request to admit cannot "put forward the requester's legal or factual contentions" because the requester believes they should be admitted. *Id*. "The purpose of a request for admission is not to argue about disputed issues" it is to narrow "*undisputed* issues for trial". *Id*. at 6, emphasis added. This request calls for the admission of a factual and/or legal issue that will better be resolved at trial. Denver further objects to this request as it is vague and ambiguous in the use of the term "justification."  Finally, Denver objects to this request because whether an action taken by a police officer is "justified" is not relevant to any issue in dispute in this litigation because it misstates the applicable legal standard governing the use of force by a police officer.

**RESPONSE:**  Subject to the stated objections and without waiving the same, Denver is unable to admit or deny this request. None of the footage, photographs, or documents provided by either party has been identified by Plaintiffs to depict the actual use of less lethal munitions on Plaintiffs Fitouri, Parkins, Sannier, or Duran, on May 31, 2020, between 9:36-9:42 p.m. on Colfax Avenue between Logan Street and Pennsylvania Street. Without knowledge of the particular deployment referenced, Denver has insufficient information regarding the circumstances, and is unable to admit or deny this request, even though these plaintiffs were in

17

violation of the curfew order at this time.

11.   Immediately following an on-duty assignment, Denver police officers are required to upload their BWC (body-worn camera) data by placing the BWC into a docking station.

**OBJECTION:** Denver objects to this request as it is vague and ambiguous in the use of the term "immediately." Denver further objects to the use of the phrase "Denver police officers," as overbroad, as not all officers of the Denver Police Department were required to utilize BWC under the operative policy. Furthermore, requests for admission are proper to elicit simple and direct answers. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). "Compound, complex, and vague [requests for admission] are prone to ... objection." *Id.* (internal citations omitted).

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver admits that under the policy in effect at the time of the incident, the categories of officers (as further specified in the policy) with regular on-duty assignment or secondary employment were required to upload BWC footage within two hours using the department docking station. However, Denver denies Plaintiffs' request as to any officers not on a regular on-duty assignment or secondary employment, or to any interpretation of the term "immediately" that does not mean within two hours following the officers' assignment. *See* Denver Police Department Operations Manual, Section 119.04, previously produced as DEN000950-1754.

12.   Once uploaded by the officers, BWC video footage is retained in the Evidence.com database for storage.

**OBJECTION:** Denver objects to this request as it is vague and ambiguous in the use of the term "officers," which when plainly interpreted combines every officer in the employ of

Denver, regardless of whether they worked the protests or were even on duty elsewhere on the days of the protests. Denver further objects to this request as vague and ambiguous, in reference to the term "any BWC video footage," which is not limited in scope to the footage relevant to the protests. Furthermore, requests for admission are proper to elicit simple and direct answers. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). "Compound, complex, and vague [requests for admission] are prone to ... objection." *Id.* (internal citations omitted).

**RESPONSE:**  Subject to said objection and without waiving the same, Denver admits this request.

13.    No Denver police officer deleted any BWC video from the protests.

**OBJECTION:** Denver objects to this request as it violates Fed. R. Civ. P. 36 by failing to separately state each matter for which an admission or denial is being sought, as it does not separate officers, but combines every officer in the employ of Denver, regardless of whether they worked the protests or were even on duty elsewhere on the days of the protests. Denver further objects to this request as vague and ambiguous, in reference to the term "any BWC video from the protests," as such phrase, by its plain meaning, encompasses every body worn camera video from the protests, including copies made for investigations and prosecutions.  Furthermore, requests for admission are proper to elicit simple and direct answers. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). "Compound, complex, and vague [requests for admission] are prone to ... objection." *Id.* (internal citations omitted).

**RESPONSE:** Subject to the stated objections and without waiving the same, as written, Denver is unable to admit or deny this request. As with any electronic record, an original is created and subsequently copied and shared. The original BWC video recording is uploaded to Evidence.com; however, copies of the video may be subsequently made and shared for investigative and prosecutorial purposes. It is not possible for Denver to comment on what every Denver officer who has a copy of BWC from the protests may have done with it. Denver further responds that only limited individuals within the Denver Police Department have the ability to delete original records in DPD's Evidence.com database and admits that no original recordings from the protest have been deleted by those individuals.

14.    The City did not delete any BWC video from the protests.

**OBJECTION:** Denver objects to this request as vague and ambiguous, in reference to the term "any BWC video from the protests." Additionally, Denver objects to this request as unduly burdensome, as it would require inquiry to any Denver employee who may have received a copy of BWC video from the protests. Furthermore, requests for admission are proper to elicit simple and direct answers. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). "Compound, complex, and vague [requests for admission] are prone to ... objection." *Id*. (internal citations omitted).

**RESPONSE:** Subject to said objection and without waiving the same, as written, Denver is unable to admit or deny this request. As with any electronic record, an original is created and subsequently copied. The original BWC video recording is uploaded to Evidence.com; however, copies of the video may be subsequently shared with other agencies and departments within the City, such as the Office of the Independent Monitor for investigation purposes, and the City

Attorney's Office for prosecution and litigation discovery purposes. It is not possible for Denver to affirmatively state that no person within "the City" deleted "any BWC video from the protests." Further, Denver restates only limited individuals within the Denver Police Department have the ability to delete original records in DPD's Evidence.com database, and that no original recordings from the protest have been deleted by those individuals.

15.     In this case, the City produced all of the BWC video from the protests requested by Plaintiffs after a meet-and-confer.

**OBJECTION:** Denver objects to this request on the basis of attorney client privilege and attorney work product. Fed. R. Civ. P. 36 states that requests for admission may be used for the purpose of determining the facts of a case, the application of law to facts, opinions about either, or the genuineness of documents. This request serves none of the functions of Fed. R. Civ. P. 36, rather it seeks information on undersigned counsel's actions following a conferral regarding the scope of discovery. It does not seek facts bearing on the constitutional claims brought by Plaintiffs; it seeks information regarding what discovery was produced during litigation, and is an improper use of Request for Admission. "Discovery on discovery" is not proper. "As a general matter, neither a requesting party nor the court should prescribe or detail the steps that a responding party must take to meet its discovery obligations, and there should be no discovery on discovery . . . ." *See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1, 123 cmt. 6.b.(2018)); *Sinclair Wyoming Ref. Co. v. Infrassure Ltd,* No. 15-CV-194-F, 2016 WL 11588072, at *2 (D. Wyo. Nov. 7, 2016)

**RESPONSE:** Responding to this request invades attorney client privileged and work product privilege. Therefore, the City neither admits nor denies this request.

16.     In this case, the City has produced no BWC video from any Denver Metro/SWAT officer.

**OBJECTION:** Denver objects to this request as it violates Fed. R. Civ. P. 36 by failing to separately state each matter for which an admission or denial is being sought, as it does not separate officers, but combines every Metro/SWAT officer in the employ of Denver, regardless of whether they worked the protests or were even on duty elsewhere on the days of the protests. Denver further objects to this request as vague and ambiguous, in reference to the term "BWC video," which is not limited in time or scope to the protests.

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver denies. Denver has produced Metro/SWAT BWC, including, but not limited to DEN003891 and DEN004020, which is BWC of Technician Craig Moen from May 28, 2020.

17.     There were Denver Metro/SWAT officers present for one or more of the incidents during the protests for which Plaintiffs requested BWC video.

**OBJECTION:** Denver objects to this request as it violates Fed. R. Civ. P. 36 by failing to separately state each matter for which an admission or denial is being sought, it is unclear which "incidents" Plaintiff is referring to between May 28, 2020 and June 2, 2020. Moreover, Denver objects because this request is vague and ambiguous as to the term "incidents." Furthermore, requests for admission are proper to elicit simple and direct answers. *Cunningham v. Standard Fire Ins. Co.*, Civil Action No. 07-cv-02538-REB-KLM, 2008 WL 2247860 at *2 (D. Colo. May 29, 2008). "Compound, complex, and vague [requests for admission] are prone to ... objection."

*Id.* (internal citations omitted).

**RESPONSE:** Subject to the stated objections and without waiving the same, Denver admits there were Denver Metro/SWAT officers present at one or more of the incidents for which Plaintiffs requested BWC video, but denies innuendo that all ranks of Metro/SWAT officers present in those locations were equipped with BWC under the policy in effect at the time. Furthermore, when activation is warranted is dependent upon policy. *See* Denver Police Department Operations Manual, Section 119.04, previously produced as DEN000950-1754

DATED this 25th day of June, 2021.

Respectfully submitted,

By:  *s/ Hollie R. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2021, the foregoing **DEFENDANT'S RESPONSE TO FITOURI PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** was served on the following via email:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com

Andrew McNulty
Reid Allison
Killmer, Lane & Newman, LLP
amcnulty@kln-law.com
ralison@kln-law.com
*Counsel for Plaintiffs*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants*

*s/ Sarah Peasley*
Denver City Attorney's Office