IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et. al.*,

    Defendants.

**DEFENDANT CITY AND COUNTY OF DENVER'S RESPONSES TO FITOURI PLAINTIFFS' FOURTH SET OF INTERROGATORIES**

Defendant, City and County of Denver ("Denver"), through its undersigned counsel, submits the following objections and responses to Fitouri Plaintiffs' Fourth Set of Interrogatories as follows:

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS**

In response to Plaintiffs' incorporating by reference the Definitions and Instructions in the Fitouri Plaintiffs' Fourth Set of Interrogatories to Defendant City and County of Denver, Denver objects as follows:

1. Denver objects to Plaintiffs' "Definitions" and "Instructions" to the extent that such "Definitions" and "Instructions" attempt to impose obligations that are not required by the Federal Rules of Civil Procedure. Denver is only responsible for responding to Plaintiffs' written discovery to the extent required by Rules 26 and 33 and will respond to Plaintiffs' discovery in compliance with such rules.

Exhibit 65

## RESPONSES TO INTERROGATORIES

23. Do you contend that dispersal orders, announcements, or warnings were given by any law enforcement officer(s) during the George Floyd Protests in Denver from May 28 to June 2, 2020, prior to the use of any "less lethal" weapon or chemical munition on protestors or other civilians? If your answer is anything but an unqualified "no," please identify all video on which any such dispersal orders, announcements or warnings can be heard. Please identify the video(s) by Bates stamp and identify the timestamp(s). This interrogatory *excludes* any announcements warning that protestors are subject to *arrest* for violation of the emergency curfew, such as that depicted in Fitouri 256.

**OBJECTION:** Denver objects to this request as it is vague and ambiguous in its use of the terms "dispersal orders, announcements or warnings" and "George Floyd Protests." Denver objects to the request in that a response to the Interrogatory requires a legal determination as to whether an unlawful act was committed or whether a particular use of force was warranted and necessary, thus seeking information that is protected from disclosure based upon attorney work product and/or attorney-client privileges. In addition, Denver objects to this request as overly broad, unduly burdensome and disproportional to the needs of the case, as responding would require a complete and thorough evaluation of the complete and entire evidentiary record, which is unduly burdensome. *See Hilt v. SFC, Inc.*, 170 F.R.D. 182 (D. Kan. 1997); *Grynberg v. Total S.A.*, 2006 WL 1186836, No. 03-cv-01280-WYD-BNB (D. Colo. May 3, 2006). To respond to this interrogatory would require Denver to watch every single video from six days which represents thousands of hours of video. Requiring Denver to watch all such video would take hundreds of hours and is unduly burdensome on its face. Finally, Denver objects to this request to

the extent that it seeks information that is as equally available to the Fitouri Plaintiffs as to Denver pursuant to Fed. R. Civ. P. 33(d) since the video has been produced in this litigation and can be watched by the Plaintiffs.

**RESPONSE:** Subject to the stated objections and without waiving Denver's assertion of attorney work product and attorney client privilege, Denver provides the following summary concerning the dispersal orders, announcements, or warnings given by law enforcement officers prior to the use of any "less lethal" weapon or chemical munition in Denver between May 28 to June 2, 2020. The utilization of dispersal orders, announcements, and warnings and the use of any "less lethal" weapon or chemical munition was based upon Denver's Use of Force policy. DPD Ops. Man. 105.00, *et seq*. (Rev. 1/27/19). The utilization of less lethal munitions, including the deployment of chemical munitions, is permitted in, and not limited to, a crowd control setting where officers are faced with protesters engaging in an unlawful assembly, and where protesters are utilizing active aggression against officers, including throwing objects in the direction of officers with the intention of harming them. Between May 28 to June 2, 2020, Denver officers issued dispersal orders, announcements, or warnings to protestors in accordance with all relevant policies and procedures. Under the relevant policies and procedures, dispersal orders, announcements, and warnings prior to the use of any "less lethal" weapons or chemical munitions are not required when they are used in a situation to protect officers for officer safety reasons. That being said, as seen on many of the body worn cameras footage, when possible officer instructed people to get back prior to deploying pepper ball. Although Denver would have to review every single video related to this case to even attempt to determine the time and location of each occasion when a formal dispersal order was given, which is unduly burdensome,

Lieutenant Thomas Pine testified during his deposition that at the intersection of 14th and Sherman, on May 28, 2021, dispersal orders were given from the PA system.

Denver states its position concerning the above issues is supported by the totality of the information available to Denver and its counsel that has been produced in this matter by all parties and non-parties and what will be produced by all parties as part of the ongoing discovery in this matter as well as the depositions conducted and the anticipated depositions to be conducted in this matter. Any additional information learned by Denver and any additional supporting documents will be provided in a supplemental disclosure or supplemental discovery response.

DATED this 8th day of October, 2021.

Respectfully submitted,

AS TO OBJECTIONS:

By: *s/ Lindsay M. Jordan*
Hollie R. Birkholz, Assistant City Attorney
Robert Huss, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
robert.huss@denvergov.org
lindsay.jordan@denvergov.org

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368

>E-mail: ringela@hallevans.com
>*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, the foregoing **DEFENDANT'S RESPONSE TO FITOURI PLAINTIFFS' FOURTH SET OF INTERROGATORIES** was served on the following via email:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Leslie Bailey
Gerardo Mihares-Shafai
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
leslie.bailey@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com

ACLU of Colorado
Arielle Kay Herzberg
Mark Silverstein
Sara R. Neel
aherzberg@aclu-co.org
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Makeba Rutahindurwa
Loevy & Loevy
elizabethw@loevy.com
makeba@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans
Peter Ruben Morales
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Officer Cory Budaj in his official capacity*

Jefferson County Attorney's Office
Rachel Bender
Rebecca Klymkowsky
rbender@jeffco.us
rklymkow@jeffco.us
*Counsel for Defendants Board of Commissioners of Jefferson County, Sheriff Jeff Shrader*

Andrew D. Ringel
Hall and Evans
ringela@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officers*

*s/ Sarah Peasley*
Denver City Attorney's Office

6

## **VERIFICATION**

I declare under penalty of perjury that the foregoing Responses to Fitouri Plaintiffs' Interrogatories are true and accurate to the best of my knowledge and information.

Dated this 7th day of October, 2021.

Division Chief Ron Thomas