UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Elisabeth Epps, *et al.*,

    v.

City and County of Denver, *et al.*

Civ. Nos. 1:20-cv-1878-RBJ (consol.)

**RESPONSE TO MOTION TO EXCLUDE THIRTEEN PLAINTIFFS
FROM CLASS ACTION MEMBERSHIP IN 20-CV-01878-RBJ**

Plaintiffs and Class Representatives Claire Sannier and Kelsey Taylor respectfully file this Response to the Motion to Exclude Thirteen Plaintiffs from Class Action Membership in 20-CV-01878-RBJ [Dkt. 283], stating as follows:

**RESPONSE TO CONFERRAL STATEMENT**

Attorneys Baumgartner Law, LLC and Beem & Isley filed a motion on behalf of thirteen members of the Arrest Class to exclude them from membership in the Class Action concerning the curfew arrest claims. Dkt. 283. Contrary to their statement otherwise in their motion, *id.* at 1, they never conferred with Class Counsel concerning their motion.

Instead, at the request of Baumgartner and Beem, on January 4, 2022, Class Counsel had a telephone call with them concerning the lawsuits they filed in September 2021, *Barbour, et al. v. City and County of Denver*, 1:21-cv-02477-DDD-KLM, and *Agwu, et al. v. City and County of Denver*, 1:21-cv-02478-RBJ. During that phone call, Baumgartner and Beem stated that 13 plaintiffs in *Agwu* and *Barbour* were arrested pursuant to the Emergency Curfew being litigated in this case (*Epps, et al. v. City and County of Denver*, as consolidated with *Fitouri, et al. v. City and County of Denver*), and that they believed they had opted these 13 plaintiffs out of the class. Class Counsel disagreed that they had submitted any effective exclusion letter. However, Class

Counsel stated that, regardless of whether the 13 class members' exclusion was effective, Baumgartner and Beem's litigation of the exact same issue concerning the constitutionality of the curfew should be stayed pending resolution of that issue in this case, and that, therefore, there is no need to litigate the effectiveness of their exclusion at this time. Baumgartner and Beem stated that they would not necessarily oppose a stay. Nor did they articulate any basis for opposing a stay or any prejudice to their clients from a stay. Class Counsel requested that they consider the issue. Class Counsel received no further contact or communication from Baumgartner or Beem since that date.

## RELEVANT FACTS

This class action was filed on July 1, 2020. Dkt. 1, No. 1:20-cv-01922-RBJ-MEH. Since the beginning of this litigation, the Fitouri Plaintiffs have alleged that curfew imposed by the City and County of Denver during the George Floyd Protests in May and June 2020 was unconstitutional, either as applied or on its face. *Id.* On August 4, 2020, this Court consolidated the Fitouri Plaintiffs' action with the Epps action. Dkt. 22, No. 1:20-cv-01878-RBJ.

On April 26, 2021, the Fitouri Plaintiffs filed a motion for class certification. Dkt. 91. On June 28, 2021, this Court certified the Arrest Class, which this Court defined as:

> Those persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order (D.R.M.C. 38-31(c)), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

Dkt. 127 at 8. The Court appointed Elizabeth Wang and Makeba Rutahindurwa of Loevy & Loevy as class counsel. *Id.* The Court requested that the parties submit a joint notice to potential class members for this Court's approval. *Id.* The parties did so, and the Court approved the class notice

on July 22, 2021. Dkt. 133.

The class notice approved by the Court stated that, in order to seek exclusion from the class action, potential class members were required to provide their exclusion or opt-out by September 13, 2021. Dkt. 133-1 at 1, 6. The class notice contained specific, clear instructions on how to be excluded from the Class:

> To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Fitouri v. Denver*. Be sure to include your name and address, **and sign the letter**. You must mail your Exclusion Request postmarked by September 13, 2021, to: *Fitouri v. Denver* Exclusions, Loevy & Loevy, 2060 Broadway, Suite 460, Boulder, CO 80302.

*Id.* at 6 (emphasis added).

On July 31, 2021, Class Counsel mailed via first class U.S. Mail the approved notice to class members. *See* Dkts. 158 at 1, 158-3. The list of class members to whom the notice was mailed included Ben Bialy, Asa Briggs, John Cameron, Daniel Delany, Ailyn Havens, Lily (August) Knowles, Ryan Pflanzer, Cody Schmitt, David Seaver, Sable Spotswood, James Sweetman, Gregory Trickell, and Jonathan Ziegler. *See* Dkts. 158-1, 158-2, 158-3. Baumgartner and Beem do not contend that these individuals did not receive the notice, or that they were not aware of class certification and notice. *See* Dkts. 283, 283-2.

On August 4, 2021, undersigned Class Counsel received a letter from Baumgartner. *See* Dkt. 283-3. In this letter, Baumgartner stated that he represented 57 individuals, including the above-named 13 class members, that he was aware of this pending litigation, and that they intended to file their own lawsuits. The letter had Baumgartner's e-signature, but it did not contain any signatures of the 13 class members. *Id.* This was the first time Class Counsel learned that any of these individuals were represented. Other than the mailing of the class notice, which occurred

3

before Class Counsel received the letter sent by Baumgartner on August 4, 2021, Class Counsel did not contact the individuals represented by Baumgartner and Beem.

When Class Counsel received the August 4, 2021 letter, Class Counsel did not contact Baumgartner, as there was no need or reason to. Instead, Class Counsel assumed that Baumgartner—who had knowledge of this action and would have been able to submit effective exclusion letters in accordance with the requirements in the notice—would be submitting exclusion letters from his clients if those clients did in fact choose to pursue individual cases with claims that overlapped with the class claims in this case rather than remain as class members. When Baumgartner sent the letter, his clients had not yet filed their own lawsuits, and if Class Counsel had interpreted the letter as an opt out, even though it did not follow the required procedure or say that it was an opt-out letter, the class members would have been left with no remedy had Baumgartner not filed lawsuits later. The procedure requiring a clear indication that the class member wants to opt out protects class members from that very situation.

The August 4, 2021 letter did not comply with the requirements for exclusion set forth by the Court in the notice. Specifically, (1) neither the letter nor the attachment (Dkts. 283-3, 283-4) contained the signatures of the 13 individuals presumably wishing to exclude themselves from the class action, and (2) while the letter stated that Baumgartner would be filing a separate lawsuit for these individuals, it did not state that the individuals wished to be excluded from the class action. Dkt. 283-3. As Baumgartner admits, his letter said nothing about exclusion or opt-out. If his clients wanted to opt out, it would have been easy enough for Baumgartner to comply with the requirements of the notice, which are designed to protect the interests of class members. Baumgarter has not provided any explanation for why he did not submit letters with his clients'

4

individual signatures.

Thus, Class Counsel did not receive any exclusion or opt-out letters during the exclusion period (or at any time since). On September 24, 2021, Class Counsel submitted a status report to the Court informing the Court of this fact. Dkt. 158 at 2.

Baumgartner and Beem filed the *Barbour* and *Agwu* cases on September 13, 2021. *Agwu* is pending before this Court. No scheduling order has been entered in *Agwu*. *Agwu* involves plaintiffs and curfew arrestees Bialy, Briggs, Cameron, Delany, Havens, Knowles, Pflanzer, Seaver, Spottswood, Ziegler, Sweetman, and Trickell. *Barbour* is pending before Magistrate Judge Mix and Judge Domenico. A scheduling order was recently entered in *Barbour*. Dkt. 25, No. 1:21-cv-02477-DDD-KLM. *Barbour* involves plaintiff and curfew arrestee Schmitt.

On December 28, 2021, counsel for the City and County of Denver sent a letter to Baumgartner and Beem, copying Class Counsel, stating that it appears that these 13 plaintiffs did not opt out of the class action and that their claims involving the same issue (constitutionality of the curfew) in *Barbour* and *Agwu* should be dismissed without prejudice. Ex. 1 (Ringel Ltr.).

On January 4, 2022, Baumgartner and Beem contacted Class Counsel to discuss these matters. The sum and substance of that conversation is recounted above, in the Conferral Statement section.

## ARGUMENT

Under well-settled law, Baumgartner's August 4, 2021 letter, which contained no signatures from any of his 13 plaintiffs and said nothing about exclusion from the class, was not an effective exclusion or opt-out letter. Baumgartner was apparently aware of this case and could have submitted effective exclusion letters on behalf of his clients, had he read the class notice with

5

due care and complied with it. He simply did not do so.

The requirement of a signature from the class member—as opposed to merely an e-signature of an attorney—is not a mere technicality. Under Rule 23(d), this Court has the authority and discretion to protect the interests and rights of class members. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("A district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and the parties."); *In re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016) (affirming district court's enforcement of the "common and practical requirement" that exclusion request is signed by the class member, not the attorney, in order to "ensure that the exclusion was with the client's express consent") (internal quotation marks omitted). Requiring the signature of each class member who wishes to be excluded is a standard and unburdensome requirement that is designed to protect the interests of the class members. *See, e.g., Bellows v. NCO Financial Sys., Inc.*, 2009 WL 10725745, at *2-3 (S.D. Cal. June 19, 2009) (holding that purported exclusion letter submitted by an attorney not signed by the class members in accordance with the requirements of the notice were insufficient to exclude them from the class action, and observing that the attorney had never discussed or conferred with any of his clients about opting out); *Gordon v. Chipotle Mexican Grill, Inc.*, 2019 WL 5791872, at *3 (D. Colo. June 19, 2019) (requiring that class members "individually and personally execute a Request for Exclusion" in order to opt out of a class action settlement). As the district court in *Bellows* explained under similar circumstances:

> The exclusion requirement of a signature from the potential class member with identifying information is unburdensome and insures that potential class members knowingly act with the intent to exclude themselves from the class action settlement. The reasonable inference to be drawn from a potential class member's written exclusion is that he or she intends to pursue individual remedies against the class action defendant. … the individual signature of the potential class member protects against abuses by an attorney who without authority

6

seeks to improperly interfere with a class action settlement. *Bellows*, 2009 WL 10725745, at *4. Requiring individual, wet-ink signatures of class members is standard practice in class actions and is designed to protect the interests and due process rights of the class members. *See, e.g., Good v. Am. Water Works Co., Inc.*, 2016 WL 5736347, at *2 n.3 (S.D.W.V. Sept. 30, 2016) (citing *Moulton v. U.S. Steel Corp.*, 581 F.3d 344 355 (6th Cir. 2009) ("Given the real risk that the attorney-signed opt-out forms did not reflect the wishes of class members, the district court appropriately exercised its power by requiring individually signed opt-out forms (and rejecting the attorney-signed forms)."); *In re Chesapeake Energy Corp.*, 2021 WL 4776685, at *21 (S.D. Tex. Oct. 13, 2021) ("'wet ink signatures' are not unduly burdensome. It is a 'common and practical requirement' 'that an opt-out be signed by the class member … to ensure … express consent.'"); *In re Syngenta AG Mir162 Corn Litig.*, 2021 WL 3025471, at *10 (D. Kan. May 14, 2021) (noting the requiring a "'wet ink signature' by an opt-out was intended to provide maximum protection to potential class members whose decision to opt out could very substantially affect their legal rights" and "provided some assurance that such opt-outs would only be executed after the potential Class Member personally had a full opportunity to consider this important question. … there was a risk that some lawyers who disfavored a class action approach to the litigation might seek to file mass opt-outs using electronic signatures based on their interpretation of their authority under their retainer agreements or powers of attorney."). Furthermore, group opt-outs are disfavored. *See* 3 *Newberg on Class Actions* § 9:49 (5th ed. 2021). It is also well-settled that even pendency of an individual action (not the situation here) is insufficient to communicate exclusion. *Id.* § 9:46.

It is in this Court's discretion to decide whether the August 4, 2021 letter constituted an

7

effective exclusion letter for Baumgartner's 13 plaintiffs. As discussed above, the Court should exercise its discretion to find that the letter was not a timely, valid exclusion request because it did not comply with the clear requirements of the class action notice.

However, it may not be necessary for the Court to make that determination at this time, for two reasons. First, the claims of these 13 plaintiffs in *Barbour* and *Agwu* concerning the constitutionality of the curfew must be stayed until the resolution of this exact same issue in this case. The Class Representatives (Taylor and Sannier) are filing motions to stay the litigation of the curfew claim in *Barbour* and *Agwu*. (These motions will be filed promptly in the *Barbour* and *Agwu* cases, since those are the cases sought to be stayed.) Second, these 13 individuals will have another opportunity to opt out, in the event that there is a settlement of the class claims in this case that is approved by the Court, and these individuals find the settlement unsatisfactory. *See* Fed. R. Civ. P. 23(e)(4). (Although the Class and the Defendant City and County of Denver did not reach a settlement during the mediation in January 2021, there may be further opportunities for settlement discussion should the Court deny Defendants' motion for summary judgment.)

## CONCLUSION

For the foregoing reasons, this Court should deny the motion to exclude the 13 *Agwu* and *Barbour* curfew arrestee plaintiffs from class action membership, because they did not timely submit an effective exclusion request. Alternatively, the Court should decline to consider this issue until after the constitutionality of the curfew has been resolved in this pending class action, since *Agwu* and *Barbour* should be stayed, in any event (as discussed in greater detail in the motions to

8

stay to be filed in those cases).

Respectfully submitted,

s/ Elizabeth Wang
Counsel for the Arrest Class

| | |
|---|---|
| Elizabeth Wang | Makeba Rutahindurwa |
| Loevy & Loevy | Loevy & Loevy |
| 2060 Broadway, Ste. 460 | 311 N. Aberdeen St., Ste. 460 |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | makeba@loevy.com |

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2022, I served via CM/ECF the foregoing **Response** on all counsel of record.

s/ Elizabeth Wang