IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## DENVER DEFENDANTS' SECOND TRIAL BRIEF

Defendants City and County of Denver, Colorado ("Denver"), Jonathan Christian, and Keith Valentine ("Individual Denver Defendants") (collectively with Denver, the "Denver Defendants"), through undersigned counsel, hereby respectfully submit this Second Trial Brief, as follows:[1]

### I. THIS COURT MUST DECIDE WHETHER DENVER MAY BE HELD LIABLE FOR THE ACTIONS OF OFFICERS FROM MUTUAL AID JURISDICTIONS AND HOW EVIDENCE PRESENTED ON THE ISSUE WILL OCCUR AT TRIAL

Plaintiffs intend to argue at trial Denver is legally responsible for the actions of officers from other jurisdictions who responded to the protests pursuant to requests for mutual aid. Two

---

[1] This Second Trial Brief raises a legal issue that came to light after the Trial Preparation Conference held on February 4, 2020, and requires a decision by this Court prior to the commencement of trial. Counsel for the Denver Defendants will be prepared to discuss this issue at the continued Trial Preparation Conference on February 23, 2022. Counsel for the Denver Defendants raised the issue in correspondence to counsel for the Epps Plaintiffs in detail and counsel responded by referring to the Plaintiffs' Opposition to the Denver Defendants' Motion for Summary Judgment which does not address the issue.

of the Epps Plaintiffs, Stanford Smith and Zachary Packard, asserted claims against the City of Aurora and individually named Aurora police officers. Mr. Smith alleges an Aurora police officer deployed pepper spray at him and Mr. Packard alleges an Aurora police officer shot a projectile at him.[2] No evidence directly connects any Denver officer with the alleged constitutional violations of the Aurora Defendants. Similarly, Fitouri Plaintiff Joe Deras alleges Jefferson County Deputy Sheriffs Hamilton and Dreith fired bean bag rounds at him. No evidence directly connects any Denver officers with the alleged constitutional violation by Defendants Hamilton and Dreith. This means Plaintiffs intend to present evidence at trial concerning those events and contend Denver may be held liable for the actions of the officers from those other jurisdictions pursuant to 42 U.S.C. § 1983 based on the fact these officers responded to the protests pursuant to Denver's requests for mutual aid. Essentially, Plaintiffs intend to hold Denver liable on an unprecedented agency theory which raises multiple legal, factual and practical issues for this Court to decide.

Denver Defendants maintain as a threshold matter this Court must decide whether Denver may be held liable pursuant to 42 U.S.C. § 1983 for the actions of an officer not employed by Denver. Counsel for the Denver Defendants has located no precedent from any court holding one municipality liable under 42 U.S.C. § 1983 for the actions of an officer from another jurisdiction either in a mutual aid or another context. Denver Defendants maintain this represents an issue of federal law and is one requiring a decision by this Court.

Further, to any extent Plaintiffs will argue Colorado's mutual aid statute creates an agency

---

[2] Denver Defendants understand both Mr. Smith and Mr. Packard have separate incidents not involving the Aurora Defendants for which they also seek to hold Denver liable. The issue raised in this Second Trial Brief does not directly impact these different aspects of these Plaintiffs' claims.

relationship between Denver and these officers, assuming *arguendo* Colorado law has any applicability, the Colorado mutual aid statute does not create an agency relationship between Denver and officers of other jurisdictions. The mutual aid statute allows a jurisdiction like Denver to request mutual aid from other jurisdictions. C.R.S. § 29-5-104. The statute does provide the possibility of liability on a requesting jurisdiction for violations under Colorado law. Specifically, C.R.S. § 29-5-108 expressly states "any liability that accrues under the provisions of article 10 of title 24 [the Colorado Governmental Immunity Act], on account of the negligent or otherwise tortious act" of an assisting police officer is imposed on the requesting jurisdiction not the assigning jurisdiction. C.R.S. § 29-5-108. Nothing in this section or anywhere else in the mutual aid statute imposes liability on the requesting jurisdiction for liability accruing for an alleged violation of federal law pursuant to 42 U.S.C. § 1983. It is well established the Colorado Governmental Immunity Act is inapplicable to 42 U.S.C. § 1983 claims. ***Walker v. Wegener,*** Civil Action No. 11-cv-03238-PAB-KMT, 2012 U.S. 41448, at \*14-15 (D. Colo. Mar. 2, 2012); ***Martinez v. Count of El Paso,*** 673 F.Supp. 1030, 1031 (D. Colo. 1987). Additionally, it is clear the import of C.R.S. § 29-5-108 relates to allocating liability between the two municipalities and does not create an agency relationship between the requesting municipality and the responding individual officer for liability under 42 U.S.C. § 1983 to an individual alleging a violation of her constitutional rights.

Denver Defendants anticipate Plaintiffs will argue the facts to be presented at trial establish the mutual aid officers were under the command and control of Denver and therefore their actions are legally attributable to Denver. Denver Defendants dispute this proposition. However, assuming *arguendo* this Court determines as a matter of law it is even permissible to hold Denver

liable for the actions of officers from Aurora and Jefferson County, the jury will need to be instructed on this issue. Denver Defendants believe a specific instruction applying municipal liability principles for this circumstance would be necessary because absent the action of the responding officers being cognizable under a municipal liability theory, Denver cannot properly be held liable, particularly where Plaintiffs have asserted the same legal theories against the jurisdictions that employ these officers as have been presented against Denver. Otherwise, Plaintiffs are effectively asserting Denver asked for mutual aid, those providing mutual aid violated some of the Plaintiffs' constitutional rights and therefore Denver is liable which would be fundamentally inconsistent with any applicable legal principle for municipal liability under 42 U.S.C. § 1983.

      Practically, the present posture of this matter and this Court's decision to sever the Plaintiffs' claims against the City of Aurora and related Aurora Defendants has significant impact on Plaintiffs' presentation of evidence related to these claims. Necessarily, any factual presentation of these claims will require evidence from the Aurora Defendants allegedly involved and likely other Aurora officers. Thus, the same issues presented to this Court by counsel for the Aurora Defendants and accepted by this Court in justifying severance of the claims still exist related to any presentation of this evidence at the upcoming trial. Counsel for the Aurora Defendants would have to be involved both during pretrial preparations for witness testimony and also presumably at trial to protect the interests of the individual Aurora Defendants and the City of Aurora generally. Notably, at no time during the February 4, 2022, Trial Preparation Conference before this Court did counsel for these Plaintiffs ever articulate the intent to proceed with these claims against Denver despite this Court's severance ruling.

The same issues apply respecting Mr. Deras' claims involving the Jefferson County Defendants Hamilton and Dreith. If summary judgment is granted, the equivalent situation to the severance of the claims against the Aurora Defendants exists. Moreover, presumably, Mr. Deras will still seek to hold Denver liable for what occurred to him if summary judgment is granted on the basis of his inability to identify any specific person as the perpetrator of the alleged constitutional violation which sharply presents the legal issue of derivative liability against Denver under a municipal liability theory. If summary judgment is denied and the claims against these two Defendants are tried along with the derivative claim against Denver, the factual presentation will not be problematic, but careful and precise jury instruction on the specific issues raised by this derivative claim for municipal liability purposes must be included by this Court.

WHEREFORE, Defendants City and County of Denver, Colorado, Jonathan Christian, and Keith Valentine respectfully submit the foregoing Denver Defendants' Second Trial Brief.

DATED this 22nd day of February, 2022.

Respectfully submitted,

s/ Andrew D. Ringel .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Robert A. Weiner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
hoffmank@hallevans.com
weinerr@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Lindsay M. Jordan, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org
lindsay.jordan@denvergov.org
*Counsel for the City and County of Denver and the individually named Denver Police Department Officers*

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 22nd day of February, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following all counsel of record in this matter.

In addition, the foregoing was placed in the United States Mail, first-class postage prepaid and addressed to the following non-CM/ECF participant:

Cidney Fisk
5100 Leetsdale Dr., Apt. 438
Denver, Colorado 80246

and

Cidney Fisk
14362 E. Road
Delta, Colorado 81416

*s/Nicole Marion*, Legal Assistant to
Hall & Evans, L.L.C.