IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01878-RBJ *consolidated with 1:20-cv-01922-RBJ*

ELISABETH EPPS, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et. al.,

    Defendants.

---

ORDER ON CERTAIN PENDING NON-DISPOSITIVE MOTIONS

---

The Court has summarized the background of this case in previous orders. The parties have filed numerous non-dispositive motions shortly before trial, some of which need not be addressed now due to the Court's bifurcation of certain claims. In light of the timing and volume, the Court can only provide rulings with very brief indications of its reasons. Please bear in mind that any in limine ruling is subject to reconsideration in the context of the evidence and arguments presented at trial.

**1. Denver's Motion to Preclude Independent Monitor Nicholas E. Mitchell as a Witness for Plaintiffs and Office of Independent Monitor Interview Memos as Evidence, ECF No. 169: DENIED.**

This was orally denied during the February 23, 2022 hearing. Defendant Denver asserts that plaintiffs' counsel had improper ex parte communications with Mr. Mitchell, the former Independent Monitor, and discussed redacted portions of the Office of Independent Monitor

1

Memos. As a sanction, Denver requests that plaintiffs be barred from calling Mr. Mitchell as a witness and from using the memos as evidence.

Having read the motion, response and reply, the Court finds no evidence that plaintiffs' counsel engaged in improper communications with Mr. Mitchell. Specifically, the Court finds no evidence that counsel had any ex parte communications with Mr. Mitchell while he was known to be represented by counsel, or even that he was in fact represented by counsel when the communications took place. The Court finds no evidence that counsel discussed with Mr. Mitchell the substance of any privileged communications, i.e., communications subject to an attorney-client privilege or the deliberative process privilege or the law enforcement privilege. The Court finds no evidence that counsel discussed with Mr. Mitchell the substance of any portion of his office's interview memos that had been designated as privileged by the defendant and redacted from the memos as produced to plaintiffs in discovery. The motion is based upon unwarranted speculation and is denied.

**2. Plaintiffs' Motion to Limit the Expert Opinion Testimony of Steve IJames, ECF No. 244: DENIED.**

This too was addressed at the recent hearing. It is not a typical Rule 702/Daubert motion in which movant asserts that the expert's opinions are not reliable due to a lack of appropriate credentials or the use of an unreliable methodology. Rather, plaintiffs state that Mr. Ijames' opinions are based upon assumptions he has made about individual plaintiffs' actions during the protests that have no basis in fact and that will not be supported by any witness called by either side. If so, then at a minimum, Mr. Ijames' opinions will be tested by cross-examination, even if defendant elects to call him. The Court declines to bar his testimony on an in limine basis.

**3. Plaintiffs' Motion to Limit the Expert Opinion Testimony of Josh Garcia, ECF No. 245: DENIED.**

This was also addressed at the recent hearing. The motion is somewhat confusing because in places it refers to the actions of Deputies Hamilton and Dreith and in another place to the actions of Deputies Hamilton and Timothy Stegink. In any event, to the extent that Sgt. Garcia's testimony is still relevant after the Court dismissal of plaintiffs' individual claims against Deputies Hamilton and Dreith, then the Court declines to bar the testimony in limine for similar reasons to its ruling on witness Ijames. I also note that there is no indication that counsel conferred with counsel for the Denver defendants about this motion.

**4. Plaintiffs' [Four] Motions in Limine, ECF No. 246. (Addressed at the February 23, 2022 hearing): GRANTED IN PART, DENIED IN PART.**

a. Plaintiffs' Criminal History and Plaintiff Amghar's Military Discharge. **MOOT.** Defendants state that they will only introduce this evidence if plaintiffs open the door. I also note that plaintiff Amghar reportedly has settled.

b. Appeals to Jury's Financial Interest as Taxpayers. **MOOT**. Defendants state that they will only introduce this evidence if plaintiffs open the door.

c. Evidence as to Defendant's Financial Status. **GRANTED IN PART, DENIED IN PART.** The financial status of the Jefferson County and Aurora defendants is not relevant. However, plaintiffs have made the Denver defendants' financial status and ability to pay relevant by their prayer for punitive damages.

d. Bar Testimony From Newly Disclosed Witnesses Martinez, Hohnholz, Moyski, Lee, and Whitfield. **DENIED.** The Court permitted plaintiff to take depositions of these witnesses.

The Court does not agree that testimony about property destruction, officer injuries, or violent or threatening behavior is irrelevant. It is part of the context in which the events of this trial took place. I acknowledge that these witnesses do not appear to have knowledge or opinions about the specific actions of plaintiffs Smith, Packard, or Duran.

5. **Plaintiffs' Motion to Bar Testimony from Marc Sears and Jason Petrucelli (Aurora Defendants' Non-Retained Experts), ECF No. 252:  DENIED.**

Ordinarily I would grant a motion that relates to testimony that concerns the Aurora defendants, since those claims have been bifurcated. But plaintiffs apparently plan to present evidence of the allegedly wrongful acts of Aurora officers on a theory that Denver has Monell liability for their actions. However, there is no indication that counsel conferred with counsel for the Denver defendants. Moreover, the Court is not in a position to make rulings in limine without knowing how the testimony could be related to plaintiffs' claims against the Denver defendants.

6. **Plaintiffs' Supplement to Motion in Limine No. 4 to Bar Untimely Witnesses, ECF No. 258: GRANTED IN PART, DENIED IN PART.**

The Court grants it to the extent that the Court has considered this supplement. However, it relates to allegedly untimely disclosure of witnesses by the Aurora defendants. Because the claims against the Aurora defendants have been bifurcated and will be reset for trial on a future date, the substance of the motion is premature at this time and is denied.

7. **Fitouri plaintiffs' Motion to limit the Expert Opinion Testimony of Peter Davidov, ECF No. 270:  DENIED.**

This is another example of a motion that might no longer be relevant in view of the dismissal of plaintiffs' claims against Deputies Hamilton and Dreith. But I will assume for now

4

that plaintiffs wish to introduce Lt. Davidov's opinions on the theory that Denver is responsible on a Monell basis for claims arising from constitutional violations by the two Jeffco deputies. First, there is no indication that plaintiffs' counsel conferred with counsel for the Denver defendants concerning this motion. Moreover, regarding whether Lt. Davidov's opinions are improper legal opinions or improperly embrace the ultimate issue, so long as his opinions are expressly couched in terms of the standard of care of police officers, i.e., what a reasonable officer would do in the same or similar circumstances, they would not be objectionable on those grounds. Lt. Davidov should not be expressing opinions about the law or what the law requires. Plaintiffs' belief that Lt. Davidov's opinions are based upon incorrect assumptions of the facts may be challenged at trial by cross examination and by the testimony of witnesses who contradict those assumptions.

**8. Plaintiffs' Motion in Limine No. 5 to Bar any Evidence of Plaintiffs Committing any Act that Warranted Use of Force on Them, ECF No. 272: DENIED.**

Defendants have contended that Mr. Deras kicked or attempted to kick a cannister towards the officers. That position is well known to plaintiffs' counsel. It does not appear that the Denver defendants have, or have not disclosed, any other evidence showing that a specific Fitouri plaintiff threw or kicked anything at officers or have engaged in "other forms of active aggression."

However, the phrase "any act that warranted the use of force on them" is so vague and broad that the Court cannot issue a blanket ruling to that effect in limine. Witnesses are not barred from discussing actions captured on videos that are possessed by plaintiffs and whether those actions warranted the use of force. Hypothetically, a video could show a Fitouri plaintiff engaging in "active aggression," but the Denver defendants did not know that the individual was

a Fitouri plaintiff.  Suffice it to say that the defendants will not be permitted to introduce evidence of an aggressive action that went beyond peaceful protesting committed by a specific Fitouri plaintiff (other than Mr. Deras as indicated above) if the individual's identity as a Fitouri plaintiff was known to the Denver defendants but not disclosed in discovery responses.

**9.  Plaintiffs' Unopposed Motion to File Certain Exhibits Under Seal, ECF No. 285: GRANTED.**

DATED this 28th day of February, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge