**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:20-cv-01878-RBJ *consolidated with 1:20-cv-01922-RBJ*

**ELISABETH EPPS,** *et al.***,**

    Plaintiffs,

v.

**CITY AND COUNTY OF DENVER,** *et al.***,**

    Defendants.

___

**REPLY IN SUPPORT OF MOTION TO EXCLUDE THIRTEEN PLAINTIFFS FROM CLASS ACTION MEMBERSHIP IN 20-CV-01878-RBJ**
___

Ben Bialy, Asa Briggs, John Cameron, Dan Delany, Ailyn Havens, Lily Knowles, Jon Pflanzer, David Seaver, Sable Spottswood, Jonathan Ziegler, James Sweetman, Gregory Trickle, and Cody Schmitt (the "Thirteen Plaintiffs"), by and through their attorneys, Baumgartner Law, LLC ("Baumgartner") and Beem & Isley, PC ("Beem"), respectfully submit this Reply in Support of their Motion to Exclude Thirteen Plaintiffs From Class Action Membership In 20-cv-01878-RBJ as follows:

**REPLY RE: CONFERRAL STATEMENT**

Counsel for the Thirteen Plaintiffs conferred with counsel for the class ("Class Counsel") in a telephone conference that occurred on January 4, 2022, about the opt-out issue that is now before this Court. During that phone conference, Class Counsel disagreed that the Thirteen Plaintiffs had effectively opted out of the class and thus refused to take any voluntary or affirmative action to exclude them from class membership in this case. Therefore, and as confirmed by the position taken in the response, Class Counsel opposes the Thirteen Plaintiff's motion and takes the

position that they are still members of the class. The issue of staying the resolution of certain claims is a separate issue and a determination for the courts in which any later-filed and overlapping claims are pending. Furthermore, the magistrate in *Barbour, et al. v. City and County of Denver*, 1:21-cv-02477-DDD-KLM, a case in which one of the Thirteen Plaintiffs, Cody Schmitt, has asserted certain curfew-related claims, among others, ordered the *Barbour* Plaintiffs to resolve the issue raised by the City as to whether Schmitt is a proper member of the class, and if so, whether any or all of his claims are within the scope of the class litigation. Because of Class Counsel's position that all Thirteen Plaintiffs, including Schmitt, are among the class members, the Thirteen Plaintiffs had no choice but to file this motion for judicial determination.

## REPLY ARGUMENTS

The thrust of Class Counsel's argument against excluding the Thirteen Plaintiffs is that her firm never received any opt-out forms or letters, signed in "wet ink" by each of the Thirteen Plaintiffs, that conformed to the exclusion requirements set forth in a notice that was purportedly sent to all class members. Because the letter of representation sent to Class Counsel by the Thirteen Plaintiffs' attorney, Baumgartner, did not comply with the exclusion requirements of the notice, Class Counsel apparently ignored the letter entirely and then assumed that the Thirteen Plaintiffs had not opted out. [Resp. ECF 290, p. 4]. Class Counsel's assumptions and utter failure to communicate at all with counsel for the Thirteen Plaintiffs is the source of the current dispute. In any event, Class Counsel has not pointed to any prejudice or substantive reason that would support forcing the Thirteen Plaintiffs to be part of the class.

Contrary to Class Counsel's assumptions, counsel for the Thirteen Plaintiffs did not know the details and requirements for opting out of the class. Baumgartner represented most, if not all, of the Thirteen Plaintiffs in matters that arose before this class action was filed, and they hired

2

Baumgartner (and subsequently Beem) to represent them in their civil claims arising out of the 2020 protests against police brutality. While counsel for the Thirteen Plaintiffs were analyzing and evaluating their various clients' claims, Baumgartner first learned in the summer of 2021 that at least one of the Thirteen Plaintiffs had received a notice or was otherwise being contacted by Class Counsel's firm in matters related to the class action. One of the Thirteen Plaintiffs provided the photographed copy of the Notice from Class Counsel's firm, which was attached to the Motion to Exclude [ECF 283] as Exhibit 2 [ECF 283-2]. Even though that Notice, as received by Baumgartner, contains a table on the first page summarizing the potential class members' legal rights and options [*see* ECF 283-2, p. 1], it contains no specific information or requirements for asking to be excluded [*see generally id.*]. These Plaintiffs, who are not attorneys, not otherwise sophisticated in the intricacies of federal civil procedure, and who thought they were already being represented by Baumgartner and Beem, were understandably confused and had questions about who was actually representing them and how their claims would be presented. Baumgartner, who had received no notices or communication directly from Class Counsel or their firm, despite explicitly asking for exactly that, and having only seen the Notice as it appears in Exhibit 2 [ECF 283-2], conferred with his clients about their preferences for representation and manner of presenting their claims, and decided to send Class Counsel the August 4, 2021 letter that was quoted in the motion and attached thereto as Exhibit 3 [ECF 283-3].

The letter was not intended to frustrate or in any way interfere with Class Counsel's class action. Rather, the intent was simply to advise Class Counsel about the representation of the clients identified in Exhibit 4 [ECF 283-4] (which includes the Thirteen Plaintiffs here), appropriately ask that those clients not be contacted directly by Class Counsel, and invite Class Counsel to speak with Baumgartner about any issues. In fact, Baumgartner specifically stated in closing:

3

> If there is any information that you would like to pass along to our clients regarding your lawsuit, please direct those communications to me. In addition, if there is anything that we can do to be of assistance, I would be more than happy to speak to you about it.

[ECF 283-3]. There is nothing hostile or confrontational about the letter, and it even invited communication and offered assistance.

Upon receipt of Baumgartner's letter, Class Counsel could have easily communicated in any number of ways to discuss or confirm any issues and ask any lingering questions. Specifically, if Class Counsel was confused by the letter and wanted to confirm whether any or all Thirteen Plaintiffs wanted to opt-out, counsel could have simply asked the question and then directed Baumgartner to the specific requirements for opting out. If Class Counsel felt that any aspect of the Thirteen Plaintiffs' claims might be better represented by pursuing those claims in the class action rather than through smaller separate actions, counsel could have easily discussed that with Baumgartner and asked that he convey that information to the Thirteen Plaintiffs so that they could make an informed decision. Instead, as confirmed by the response, Class Counsel simply chose to ignore the letter [ECF 290, p. 4], and the assumed that all Thirteen Plaintiffs had decided to be a part of the class when no individually signed exclusion requests arrived by the September deadline. No individually signed opt-out letters were sent to Class Counsel, however, because Baumgartner and Beem believed that the August 4, 2021 letter sufficed. Otherwise, Baumgartner and Beem believed that Class Counsel would have contacted and advise them that something more was required. Consistent with their understanding, Baumgartner and Beem filed lawsuits that included the Thirteen Plaintiffs and asserted claims under 42 U.S.C. §1983 for various violations of their constitutional rights.

As previously mentioned, counsel for the Thirteen Plaintiffs never had any intention of frustrating the class action. In fact, the interests of the Thirteen Plaintiffs and those of the class

4

members are consistent, hence Baumgartner's offer of assistance. [*See* ECF 283-3]. This request to exclude the Thirteen Plaintiffs simply boils down to the fact that they were already working and comfortable with their current counsel and their beliefs that their interests might be better served in a smaller civil action rather than a large class action. These Thirteen Plaintiffs should be allowed to choose their own attorneys and the procedure that they prefer. Baumgartner's August 4, 2021 letter specifically put Class Counsel on notice of that choice.

As Class Counsel's response confirms, this Court has discretion to determine whether the Thirteen Plaintiffs should be excluded from the class. [ECF 290, pp. 7-8]. In light of the facts and arguments made on both sides of this issue, it is difficult to imagine how it could possibly be in the best interest of the Thirteen Plaintiffs to force them to be a part of a class action that they do not want to be a part of; and likewise, how excluding the Thirteen Plaintiffs from the class would be harmful or prejudicial to anyone on either side of the issue. Despite Class Counsel's purported early concerns about protecting the legal rights and remedies of potential class members in the event that Baumgartner did not file the promised lawsuits [ECF 290, p. 4], *see also In re Deepwater Horizon*, 819 F.3d 190, 197 (5th Cir. 2016) (cited in the response and involving a much larger multi-district litigation in which a party moved to be severed from a particular settlement class), any such concerns have since been alleviated by the fact that lawsuits were filed on behalf of all Thirteen Plaintiffs in September 2021 (*Barbour* and *Agwu*). The only other concern raised by Class Counsel is whether the class claim/issue concerning the constitutionality of the curfew should be stayed in the later-filed *Barbour* and *Agwu* cases. [ECF 290, p. 8]. As Class Counsel points out, counsel for the Thirteen Plaintiffs were not necessarily opposed to such a stay [*id.* at 2], and the details and scope of any such stay are currently pending before the *Barbour* and *Agwu* courts [*id.*

at 8]. In other words, removing the Thirteen Plaintiffs from this class action will not have any bearing on any issues that may warrant such a stay.

Finally, the cases cited by Class Counsel in the response are distinguishable on different levels. There are cases that involve proper opt-out requirements for class members after a settlement has been reached, *see, e.g., Bellows v. NCO Financial Sys., Inc.*, 2009 WL 10725745, at *2-3 (S.D.Cal. June 19, 2009) (also finding that the power of attorney used as a basis for the lawyer excluding his clients did not give the lawyer authority to act in the particular class action, nor did it authorize the lawyer to enter into or opt out of any settlement agreements without specific client approval); cases relating to extended opt-out deadlines and requirements that the lawyer failed to comply with, *see, e.g., Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 348, 354-55 (6th Cir. 2009) (rejecting attorney-signed opt-out forms after court gave attorney's clients an extension to opt out with the specific requirement that each client must sign); and cases discussing the merits of requiring opt-out forms signed by individual class members, *see, e.g., In re Chesapeake Energy Corp.*, 2021 WL 4776685, at *21 (S.D. Tex. Oct. 13, 2021).

However, none of the cases cited by Class Counsel provide any authority under the circumstances here for forcing the Thirteen Plaintiffs to litigate any of their claims in the subject class action. The class claims are scheduled for trial, and no settlement has been reached. [ECF 290, p. 8]. Even though the Thirteen Plaintiffs may have an opportunity to opt out of any settlement that may be reached in the future [*id.*], that does not solve the problem of their current wish to pursue their claims separately and apart from the class action. Even if Baumgartner's letter [ECF 283-3] was not a sufficient opt-out notice for the Thirteen Plaintiffs, any such insufficiency can be easily cured by giving them another opportunity to opt-out in whatever form the Court requires. *Cf. Moulton*, 581 F.3d at 348 (noting that the district court created a new opt-out period

for the class members who were purportedly represented by attorney Hadden). Furthermore, the fact that Baumgartner's letter was sent in August 2021—over a month before the opt-out deadline and certainly before any settlement or adjudication—indicates that there is no bad faith or strategy of waiting to see if the outcome was favorable for the class. *See In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1291 (10th Cir. 1974) (affirming trial court's acceptance of a belated request to opt out where there was no evidence of bad faith or strategy to gain a tactical advantage and where there was no prejudice suffered from the extension).

As of the date this reply is due to be filed, counsel has received signed affidavits from twelve of the Thirteen Plaintiffs confirming and clarifying their desire to be excluded from the class. Those affidavits are being submitted herewith as **Exhibit 6**. Counsel will provide the Court with a signed affidavit from the remaining Plaintiff once it is received or otherwise advise the Court of any changed circumstances once they are known.

**WHEREFORE**, Baumgartner Law, L.L.C. and Beem & Isley, P.C., on the behalf of the Thirteen Plaintiffs listed above, respectfully renew their request that this Court issue an Order removing the Thirteen Plaintiffs from Civil Action No. 1:20-cv- 01878-RBJ.

Dated this 28th day of February 2022.

                              Respectfully submitted,
                              BAUMGARTNER LAW, L.L.C.

                              *s/ Birk Baumgartner*
                              S. Birk Baumgartner
                              300 E. Hampden Ave., Ste. 401
                              Englewood, CO 80113
                              Phone: (303) 529-3476
                              Fax: (720) 634-1018
                              Birk@BaumgartnerLaw.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of February, 2022, a true and correct copy of the foregoing was filed using the CM/ECF system which will send notification of such filing to all interested parties.

　　　　　　　　　　　　　　　　　　　*s/ Carly C. Kelley*
　　　　　　　　　　　　　　　　　　　Carly C. Kelley