## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF COLORADO

ELISABETH EPPS, *et al.*,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

     Defendants,

Civil Action Nos. 1:20-cv-01878-RBJ &
1:20-cv-01922-RBJ-MEH (consol.)

---

## JURY INSTRUCTIONS

---

*Final Instructions Given*

*Brooke Jackson*

*3/24/22*

**Instruction No. 1.     Parties and Claims**

This is a federal civil rights lawsuit arising out of the protests that took place in Denver in May and June 2020, following the death of George Floyd. The plaintiffs in this case are Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zach Packard, Hollis Lyman, Stanford Smith, Sara Fitouri, Jacquelyn Parkins, Claire Sannier, Kelsey Taylor, and Joe Deras. The defendants are the City and County of Denver, which I will refer to simply as "Denver," and Denver Police Officer Jonathan Christian.

The plaintiffs, each of whom participated in the protests, allege that the defendants violated their constitutional rights. Plaintiffs contend that officers used force against them in a manner that violated their rights to freedom of speech, freedom of assembly, freedom of the press, and/or the freedom to petition the government for a redress of grievances, which are protected by the First Amendment to the United States Constitution. Plaintiffs also claim that the defendants used excessive force, violating Plaintiffs' rights protected by the Fourth Amendment to the United States Constitution. Plaintiffs contend that officers conducted drive-by PepperBall shootings of peaceful protestors, fired at their heads, threw flashbang grenades, and tear-gassed them, usually without warning. Plaintiffs also claim that they were seriously injured by this police misconduct, with one plaintiff suffering a fractured skull and bleeding in his brain. Plaintiffs maintain that they did not engage in any violent or destructive behavior.

The plaintiffs claim that the Denver Police Department either had official policies, or that they had practices or customs, that caused their injuries; that the Denver Police Department had insufficient training or supervision that caused their injuries; and that certain final policymaking officials ratified the unconstitutional actions of the officers. Ms. Epps also brings claims against Jonathan Christian, one of the officers whom Ms. Epps alleges shot her during the protests.

Defendants deny these claims. Denver claims that the officers acted reasonably in response to the circumstances of the incidents they encountered as on multiple days they were faced with violent and destructive behavior. Denver claims that the officers were fully and properly trained, and that Denver's official policies, and its practices and customs applicable at the time, were in conformance with established constitutional law.

These are the issues you are to decide.

## Instruction No. 2.    Summary Instruction

I will now explain the claims and the law governing this case. Please pay close attention to these instructions, which include both general instructions and instructions specific to the claims in this case. No single instruction states all the applicable law. All the instructions must be read and considered together.

You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court. I do not, by these instructions, express any opinions as to what has or has not been proved in the case, or to what are or are not the facts of the case.

Remember at all times you are not partisans. You are judges—judges of the facts. Your role is to seek and determine the truth based on the evidence presented to you. You must all agree on your verdict, applying the law, as you are now instructed, to the facts as you find them to be.

### Instruction No. 3.    Evidence in the Case

The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, and all facts and events which have been judicially noticed.

In deciding the facts, you must consider only the evidence received at trial. Anything you see or hear outside the courtroom is not evidence. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules. Only by offering an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.

You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a conclusion that follows, as a matter of reason and common sense, from the evidence.

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence.

You have heard the parties stipulate or agree to the existence of a fact or that a fact has been admitted. The agreement means that you must accept this fact as true. Likewise, when the Court declares it has taken judicial notice of some fact or event, the jury must accept that fact or event as proved.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

### Instruction No. 4.     All Litigants Equal Before the Law

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in  life. Governmental entities are entitled to the same fair trial as private individuals.

In this case, one of the defendants is a police officer, and one of the defendants is a city government. The plaintiffs all are private citizens. You are required to evaluate the testimony of a law-enforcement officer or other city official just as you would the testimony of any other witness. No special weight may be given to, or deducted from, their testimony because they are a law-enforcement officer or a city official. The defendants and plaintiffs are entitled to the same fair consideration.

In addition, you must not be influenced by sympathy, bias, or prejudice for or against any party in this case. You should decide the case as to each party separately. Each plaintiff may only recover for any violation of his or her own constitutional rights. No one may recover for a violation of someone else's constitutional rights. Unless otherwise stated, the instructions apply to all parties.

### Instruction No. 5.     Witness Testimony

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the plaintiffs or the defendants? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which they testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent mis-recollection—like failure of recollection—is not uncommon.

Based on these considerations, you may believe all, part, or none of the testimony of a witness.

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

**Instruction No. 6.     Prior Inconsistent Statements**

You may consider the statements by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give their testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement *not* under oath that is inconsistent with their testimony here in court, you may consider the earlier statement only in deciding whether their testimony here in court was true and what weight to give to their testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Instruction No. 7.    All Available Witnesses or Evidence Need Not Be Produced**

The law does not require a party to call as witnesses all persons who might have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

You also have seen videos of certain incidents at issue in this case. Some of the incidents were captured on surveillance cameras or other recording devices, while other events were not. You do not need video evidence of a fact for that fact to be proven. A witness's testimony, if you deem it credible, is sufficient proof.

**Instruction No. 8.    Deposition Testimony**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

### Instruction No. 9.   Burden of Proof

Plaintiffs have the burden of proving all the required elements of their claims by a preponderance of the evidence. This means that the evidence must be sufficient to convince you that what the plaintiffs claim is more likely true than not. It is not sufficient for the plaintiffs to prove their claims "might" be true or even to prove that it is "as likely to be true" as another version. If the plaintiffs fail to meet their burden of proof as to any claim against any defendant or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim and find for that defendant. Plaintiffs can use evidence produced by any party to persuade you. The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

Defendants have the burden of proof to establish by a preponderance of the evidence their affirmative defense that plaintiffs failed to mitigate their damages. If the defendants fail to meet their burden of proof as to that defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject the affirmative defense.

In criminal cases, the standard of proof is "beyond a reasonable doubt." That standard does not apply in this case.

## Instruction No. 10.   Claims Generally

As I mentioned earlier, all plaintiffs have brought claims against Denver under a federal civil rights law that allows individuals to sue for violations of their constitutional rights. Ms. Epps also has brought claims against Officer Christian under that same civil rights law. Specifically, the plaintiffs claim that officers violated their First Amendment right to peacefully protest without being subject to retaliation or violence. The plaintiffs also claim that officers used excessive force against them in violation of the Fourth Amendment.

Generally speaking, to prove these claims and to hold Denver or Officer Christian responsible for those constitutional violations, plaintiffs will have to prove that there was a constitutional violation, and also that the defendant caused the constitutional violation. The proof required for those two elements differs between the specific constitutional claims and depending on whether the defendant is Denver or Officer Christian. In the instructions that follow, I will explain what is required to prove both the existence of a constitutional violation and the causation standard in the context of each claim. As you consider those instructions, you must bear in mind that in order for the plaintiffs to prove a constitutional violation, it is not enough to show that an officer violated a policy, regulation, rule, training, or practice. Instead, plaintiffs must establish a violation of their constitutional rights, as I will define them in these instructions.

### Instruction No. 11.   First Amendment

The plaintiffs claim that one or more officers violated their rights to freedom of speech, freedom of assembly, and/or freedom to petition the government for a redress of grievances. Each of these rights is protected by the First Amendment to the United States Constitution.

To establish that an officer violated a plaintiff's rights under the First Amendment, the plaintiff must prove the following elements by a preponderance of the evidence:

1.      The plaintiff engaged in speech or conduct protected by the First Amendment. I instruct you that participating peacefully in a protest is protected activity under the First Amendment;

2.      The officer's actions would chill a similarly situated person of ordinary firmness from continuing to engage in the protected activity; and

3.      The plaintiff's participation in the protected activity was a substantial or motivating factor in the officer's decision to take an action against the plaintiff. A substantial or motivating factor is a significant factor, though not necessarily the only factor.

In deciding whether the officer's action would likely deter a similarly situated person from engaging in protected First Amendment activity, you should consider only whether the officer's action would deter an ordinary person in the plaintiff's circumstances. It is not relevant whether a particular plaintiff in this case was actually prevented from exercising their constitutional rights.

An officer's motive or intent at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining whether a plaintiff's participation in protected activity was a substantial or motivating factor in the officer's decision to take an action against the plaintiff, you may consider any statements made or act done or admitted by the officer, and all other facts and circumstances in evidence

13

indicating the officer's state of mind. If you find that a plaintiff has proved all of the three elements listed above, you must return a verdict for that plaintiff. However, if you find that the plaintiff did not prove any one or more of these elements as to a particular defendant, then you must find for that defendant on this claim.

### Instruction No. 12.   Fourth Amendment

The plaintiffs also claim that one or more officers violated their constitutional right to be free from the unreasonable use of force. The Fourth Amendment to the United States Constitution protects individuals from being subjected to unreasonable force by law enforcement officers, including during public protests. Every person has the constitutional right not to be subjected to unreasonable force by police.

In order to prove that an officer violated a plaintiff's Fourth Amendment right to be free from unreasonable force, the plaintiff must prove the following elements by a preponderance of the evidence:

1.      The officer either (a) intentionally applied physical force against the plaintiff, or (b) restricted the plaintiff's freedom of movement through a show of authority;

2.      The force used was unreasonable; and

3.      The plaintiff suffered a physical or emotional injury.

Intentional application of physical force means that the force is purposefully applied. This contrasts with an accidental, or negligent, use of force. Physical force includes the use of projectiles and chemical agents, such as tear gas and pepper spray, on an individual or crowd. For an application of force to be intentional, there is no requirement that the person using force intends to do harm or that the use of force hits its intended target.

In determining whether the force used was unreasonable, you should consider all of the circumstances. The force that will be reasonable under the circumstances is directly related to the plaintiff's actions at the time the force was used. Circumstances you may consider include whether plaintiff had committed a crime and the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the officers or others, the need for the use of force against the plaintiff, the relationship between the need for the use of force on the plaintiff

15

and the amount of force used, the extent of the plaintiff's injury, and any efforts made by the officer to temper or limit the amount of force. You may also consider whether an officer's own reckless or deliberate conduct contributed to the need to use the force employed.

You must decide whether an officer's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the officer faced. You must make this decision based on what the officer knew at the time of the use of force, not based on matters learned after the use of force. In deciding whether the officer's use of force was unreasonable, you must not consider whether the officer's intentions were good or bad.

**Instruction No. 13.   Claims Against Jonathan Christian**

Plaintiff Elisabeth Epps brings claims against Jonathan Christian, one of the officers whom she claims is personally responsible for her injuries.

In order for Ms. Epps to prevail on her claims against Officer Christian, she must prove the following elements by a preponderance of the evidence:

1.      Ms. Epps was deprived of a right under the United States Constitution, as explained in Instructions 11 and 12; and

2.      Officer Christian's acts caused the deprivation of Ms. Epps' constitutional right.

An officer causes a person to be deprived of their constitutional rights if the officer sets in motion a series of events that the officer knew or reasonably should have known would cause a deprivation of a plaintiff's constitutional rights.

If you find that Ms. Epps has proved these elements, you must return a verdict in her favor against Officer Christian. If, on the other hand, you find that Ms. Epps has failed to prove any one or more of these elements as to Officer Christian, your verdict should be for Officer Christian.

**Instruction No. 14.**      **Claims Against Denver — Introduction**

All plaintiffs have brought claims against the City and County of Denver, which I have been referring to simply as "Denver," and which specifically includes the Denver Police Department.  The plaintiffs claim that Denver is liable for violating their constitutional rights in three separate ways. First, the plaintiffs claim that Denver had official policies, or that Denver had practices, or customs, that caused a deprivation of the plaintiffs' constitutional rights. Second, the plaintiffs claim that Denver inadequately trained its employees in a way that deprived the plaintiffs of their constitutional rights. Third, the plaintiffs claim that Denver's final policymaking officials ratified the acts of officers who deprived the plaintiffs of their constitutional rights. I will instruct you separately on each of these theories against Denver. Pay close attention to those instructions, as each theory has different requirements or elements.

If you find that a plaintiff has proved the elements on any one of these theories against Denver, your verdict should be for that plaintiff. If, on the other hand, you find that the plaintiff has failed to prove any of their theories against Denver, your verdict should be for the City.

**Instruction No. 15.        Official Policy, Practice, or Custom**

The plaintiffs' first theory of its claim against Denver is that the City had official policies,

or that it had practices or customs, that caused a violation of the plaintiffs' constitutional rights.

In order for a plaintiff to prevail on a claim against Denver based on an official policy,

practice, or custom, the plaintiff must prove the following elements by a preponderance of the

evidence:

1.      An act of one or more officers deprived the plaintiff of a constitutional right, as

explained in Instructions 11 and 12;

2.      The officer acted pursuant to an official policy, or a practice or custom of Denver;

and

3.      The City's official policy, practice, or custom caused the deprivation of the

plaintiff's rights by the officer; that is, the City's official policy or practice or custom is closely

related to the deprivation of the plaintiff's rights so as to be the moving force that caused the

ultimate injury.

"Official policy" means a formal policy, such as a rule or regulation adopted by the City,

resulting from a deliberate choice to follow a course of action made from among various

alternatives by the official or officials responsible for establishing final policy with respect to the

subject matter in question. Official policy for Denver also includes any actions Commander

Phelan took or instructed others to take during the protests, because Commander Phelan had final

policymaking authority from Denver over management and operational control of the protests

and the police response to the protests.

"Practice or custom" means any longstanding, widespread, or well-settled practice or

custom that constitutes a standard operating procedure of the City. A practice or custom can be

established in several ways. For example, a practice or custom can be established by a series of decisions by a subordinate official of which a supervisor was aware.

## Instruction No. 16.      Failure to Train

The plaintiffs' second theory of its claim against Denver is that plaintiffs were deprived of constitutional rights as a result of Denver's failure to train its officers and that this alleged failure can be considered to be the official policy of Denver.  To recover on this theory against Denver, plaintiffs must prove each of the following by a preponderance of the evidence:

1.      An act of one or more officers deprived the plaintiff of a constitutional right, as explained in Instructions 11 and 12;

2.      Denver had insufficient training or supervision that relate to the alleged constitutional violations of plaintiffs. Plaintiffs must identify specific deficiencies in Denver's training or supervision that relate to the alleged constitutional violations of plaintiffs;

3.      The deficient training or supervision caused the deprivation of the plaintiff's rights; that is, the City's deficient training or supervision is closely related to the deprivation of the plaintiff's rights so as to be the moving force that caused the ultimate injury; and

4.      Denver adopted its policy of deficient training with deliberate indifference.

"Deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care. It requires a showing that Denver's policymakers had actual or constructive notice that the specific deficiency in training or supervision identified was substantially certain to result in a constitutional violation, and consciously or deliberately chose to disregard the risk of harm. Moreover, deliberate indifference can occur when a city fails to train its employees to handle recurring situations presenting an obvious potential to result in a constitutional violation.

**Instruction No. 17.        Ratification**

The plaintiffs' third theory of its claim against Denver is that the City's final policymaking officials ratified the acts of officers who violated the plaintiffs' constitutional rights. In order to recover on this theory against Denver, a plaintiff must prove the following elements by a preponderance of the evidence:

1.      An act of one or more officers deprived the plaintiff of a constitutional right, as explained in Instructions 11 and 12; and

2.      An individual with final policymaking authority from Denver ratified the officer's action that deprived the plaintiff of their rights—that is, the final policymaker knew of and specifically made a deliberate choice to approve of the officer's act and the basis for it.

I instruct you that Denver Chief of Police Paul Pazen, Commander Patrick Phelan, and Mayor Michael Hancock had final policymaking authority from Denver concerning the acts at issue in this case.

22

**Instruction No. 18.**        **Mutual Aid Officers**

The claims of Plaintiffs Zachary Packard and Joe Deras, and possibly Stanford Smith, against Denver are based, in part, on the acts of police officers from other jurisdictions. The parties disagree as to whether Dr. Smith was sprayed with pepper spray by a Denver or an Aurora officer. These officers were present at the protests under a mutual aid request from Denver.

Denver may be liable for the acts of the individual officers from other jurisdictions if they acted pursuant to an official policy, or a practice or custom of Denver that caused a violation of a plaintiffs' constitutional rights. It is for the jury to determine by a preponderance of the evidence whether the officers from the other jurisdictions were acting pursuant to an official policy, or a practice or custom of Denver.

**Instruction No. 19.       Compensatory Damages**

I am now going to instruct you about damages. The fact that an instruction on measure of damages is being given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

If you find that a constitutional violation has been established by a plaintiff against either defendant, then you should determine an amount of money, if any, that will fairly compensate the plaintiff for any injury that you find he or she sustained and is reasonably certain to sustain in the future as a result of the defendants' wrongful conduct. Such an award is called "compensatory damages." As with the other parts of a claim, a plaintiff must prove that he or she did sustain compensatory damages as a result of the violation by a preponderance of the evidence.

In determining such damages, you should consider the following:

1.       Any economic losses or injuries which the plaintiff has had to the present time or which the plaintiff will probably have in the future, including loss of earnings or damage to their ability to earn money in the future, as well as medical, hospital, and other expenses.

2.       Any noneconomic losses or injuries which plaintiff has had to the present time or which plaintiff will probably have in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, impairment of the quality of life, loss of liberty, and the inability to exercise one's constitutional rights.

There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the plaintiff for the injury he or she has sustained. Difficulty or uncertainty in determining the precise amount of any damages

does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

If you find for any of the plaintiffs against any of the defendants, you must not take into account any consideration of attorney fees or court costs in deciding the amount of damages. I will decide the matter of attorney fees and court costs, if any, later.

**Instruction No. 20.**      **Punitive Damages**

Plaintiff Elisabeth Epps also seeks an award of punitive damages against Officer Christian. Punitive damages are intended to punish a wrongdoer for extraordinary misconduct and to set an example or warning to others not to engage in such conduct. Punitive damages may be awarded if you find, by a preponderance of the evidence, that an individual defendant's conduct was motivated by evil motive or intent, or that an individual defendant's conduct involved reckless or callous indifference to the federally protected rights of others. Punitive damages therefore require an assessment of the individual defendant's subjective state of mind.

Any amount of punitive damages must be fixed with calm discretion and sound reason and must never be awarded or fixed in amount of sympathy, bias, or prejudice.

**Instruction No. 21.**       **Affirmative Defense — Failure to Mitigate**

If you find that a plaintiff is entitled to an award of damages, you also must consider whether the defendants have proven their affirmative defense that a particular plaintiff failed to mitigate or lessen the extent of his or her injuries after those injuries occurred. Each plaintiff had a duty to take reasonable measures under the circumstances to mitigate or minimize his or her injuries.

The burden is on the defendants to prove, by a preponderance of evidence, that the plaintiffs could have lessened the extent of their injuries by seeking appropriate medical or mental healthcare or treatment, and that they acted unreasonably in failing to do so. If the defendants convince you that any of these plaintiffs could reasonably have reduced their injuries by taking these steps but failed to do so, that plaintiff is entitled only to damages sufficient to compensate them for the injury that they would have suffered if they had taken appropriate action to reduce their injuries.

Bear in mind that the question whether a plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.

In deciding whether to reduce a plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether defendants have satisfied this burden of proving that a plaintiff's conduct was not reasonable and this failure resulted in the plaintiff sustaining an amount of damages that he or she reasonably could have avoided.

**Instruction No. 22.**        **Duties Upon Retiring — Selection of Foreperson**

The court bailiff will now escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdicts you reach.

Please notify the court bailiff when you have reached a verdict, but do not tell the officer what your verdict is. You shall keep the verdict forms, these instructions, and the exhibits until I give you further instruction.