# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
Consolidated with No. 20-cv-01922-RBJ

ELISABETH EPPS,
ASHLEE WEDGEWORTH,
AMANDA BLASINGAME,
MAYA ROTHLEIN,
ZACH PACKARD,
HOLLIS LYMAN,
CIDNEY FISK,
STANFORD SMITH,
SARA FITOURI,
JACQUELYN PARKINS,
KELSEY TAYLOR,
JOE DERAS, and
CLAIRE SANNIER,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
JONATHAN CHRISTIAN,
KEITH VALENTINE,
ANTHONY HAMILTON,
TIMOTHY DREITH,
CITY OF AURORA,
MATTHEW BRUKBACHER,
PATRICIO SERRANT,
DAVID MCNAMEE, and
CORY BUDAJ,

    Defendants.

---

## JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Judgment is hereby entered.

The claims of the plaintiffs Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zachary Packard, Hollis Lyman, Stanford Smith, Cidney Fisk, Sara Fitouri, Jacquelyn Parkins, Kelsey Taylor, Joe Deras, and Claire Sannier against the defendant City and County of Denver, exclusive of claims arising from curfew violations, and plaintiff Elizabeth Epps' individual claim against former Denver Police Department Officer Jonathan Christian, were tried before a jury of eight duly sworn between March 7 and March 25, 2022, with Senior U.S. District Judge R. Brooke Jackson presiding, and the jury has rendered a verdict.[1]  It is

ORDERED that judgment is entered in favor of the defendants and against the plaintiff Cidney Fisk as to all her claims, which are dismissed with prejudice. It is

FURTHER ORDERED that judgment is entered in favor of defendants Anthony Hamilton and Timothy Dreith and against plaintiff Joe Deras as to his First Amendment and Fourth Amendment claims for the reasons set forth in the Court's summary judgment ruling of February 22, 2022 (ECF No. 298).  It is

FURTHER ORDERED that judgment is entered in favor of defendant Keith Valentine and against plaintiff Elisabeth Epps as to her First Amendment and Fourth Amendment claims for the reasons set forth in the Court's summary judgment ruling of March 1, 2022 (ECF No. 304).  It is

---

[1] Plaintiffs' claims against the City and County of Denver arising from curfew violations, and plaintiffs' claims against the City of Aurora and four individual Aurora Police Department officers were bifurcated for separate trials, to be scheduled.

FURTHER ORDERED that judgment is entered in favor of the plaintiffs, Zachary Packard; Claire Sannier, Stanford Smith, Sara Fitouri, Maya Rothlein, Amanda Blasingame, Hollis Lyman, Joe Deras, Kelsey Taylor, Jacquelyn Parkins, and Elisabeth Epps against defendant City and County of Denver as to those plaintiffs' First Amendment and Fourth Amendment claims.  Judgment is entered in favor of plaintiff Ashlee Wedgeworth against defendant City and County of Denver as to her First Amendment claim.  Judgment is entered in favor of plaintiff, Elisabeth Epps against defendant Jonathan Christian as to her Fourth Amendment claim. It is

FURTHER ORDERED that compensatory damages were awarded by the jury in the amount of $3,000,000 as to plaintiff Zachary Packard; $1,000,000 as to plaintiff Claire Sannier; $1,000,000 as to plaintiff Stanford Smith; $1,000,000 as to plaintiff Sara Fitouri; $1,000,000 as to plaintiff Maya Rothlein; $1,000,000 as to plaintiff Amanda Blasingame; $1,000,000 as to plaintiff Hollis Lyman; $1,000,000 as to plaintiff Joe Deras; $1,000,000 as to plaintiff Kelsey Taylor; $1,000,000 as to plaintiff Jacquelyn Parkins; $1,000,000 as to plaintiff Elisabeth Epps; and $750,000 as to Ashlee Wedgeworth; and judgment in those amounts to those individuals is entered.  It is

FURTHER ORDERED that punitive damages were awarded in the amount of $250,000 as to plaintiff Elisabeth Epps against defendant Jonathan Christian, and judgment in that amount is entered.  It is

FURTHER ORDERED that as the prevailing party the plaintiffs are awarded costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is

FURTHER ORDERED that in the discretion of the Court, attorney's fees might be awarded to the plaintiffs pursuant to 42 U.S.C. § 1988, and if so, in an amount to be determined.  It is

FURTHER ORDERED that in the discretion of the Court, pre-judgment interest might be awarded to the plaintiffs, and if so, in an amount to be determined.  It is

FURTHER ORDERED that post judgment interest will be awarded to the plaintiff at the federal rate applicable at the time final judgment is entered.  It is

FURTHER ORDERED that this is not a final judgment, as there are claims yet to be tried or otherwise resolved, as well as any post-trial motions, the matter of pre-judgment interest, and the matter of attorney's fees still to be determined.

Dated at Denver, Colorado this 15th day of April, 2022.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK

By:  s/   J Dynes

J DYNES
Deputy Clerk

APPROVED BY THE COURT:
s/ R. Brooke Jackson

Senior United States
District Judge