IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-01878-RBJ *consolidated with 1:20-cv-01922-RBJ*

ELISABETH EPPS, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, et. al.,

    Defendants.

## ORDER

This matter is before the Court on a motion filed by (1) Benjamin Baily; (2) Asa Briggs; (3) John Cameron; (4) Dan Delany; (5) Ailyn Havens; (6) Lily Knowles; (7) Jon Pflazer; (8) David Seaver; (9) Sable Spottswood; (10) Jonathan Ziegler; (11) James Sweetman; (12) Gregory Trickle; and (13) Cody Schmitt. These thirteen individuals, whom I refer to collectively as "movants," request exclusion from a plaintiff class certified by this Court on June 28, 2021. For the following reasons, that motion (ECF No. 283) is DENIED.

### I.   BACKGROUND

Plaintiffs in this case sued the City and County of Denver (Denver) for Denver Police Department (DPD) actions during racial-justice protests in downtown Denver in the wake of George Floyd's murder. A group of plaintiffs moved for class certification. ECF No. 91. The Court certified the following class, called the Arrest Class, on June 28, 2021:

> Those persons who were present during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order

1

> (D.R.M.C. 38-31(c))), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

ECF No. 127 at p. 8.  The Court appointed Elizabeth Wang and Makeba Rutahindurwa of Loevy & Loevy as class counsel.  *Id.*  The parties proposed, and the Court approved, a notice letter to potential class members.  ECF No. 133.

The first page of the approved notice informed potential class members that they had two options: "DO NOTHING: Stay in this lawsuit.  Await the outcome.  Give up certain rights," or "ASK TO BE EXCLUDED: Get out of this Lawsuit.  Get no benefits from it.  Keep rights."  ECF No. 133-1 at p. 1.  The cover page also informed potential class members that "[their] options are explained further in this notice" and that, "[t]o ask to be excluded, [they] must act before September 13, 2021."  *Id.*  The notice's second page contained a table of contents indicating that page six answered the question "how do I ask the Court to exclude me from the Class?"  *Id.* at p. 2.  On page six, the approved class notice laid out clear requirements for exclusion from the Arrest Class:

> To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Fitouri v. Denver*. Be sure to include your name and address, and sign the letter. You must mail your Exclusion Request postmarked by **September 13, 2021**, to: *Fitouri v. Denver Exclusions*, Loevy & Loevy, 2060 Broadway, Suite 460, Boulder, CO 80302. You may also get an Exclusion Request form at the website www.loevy.com.

*Id.* at p.6 (bold in original).  Class counsel mailed the approved notice to class members, including movants, on July 31, 2021.  *See* ECF Nos. 158, 158-3.

Before the opt-out period ended, thirteen members of the Arrest Class (the movants) had arranged to be represented by attorneys Baumgartner Law, LLC and Been & Isley, PC (collectively, B&B).  The movants had each been sent the approved class notice.  *See* ECF Nos. 158-1, 158-2, 158-3.  B&B learned "in the summer of 2021" that at least one of their clients had

received the class notice. The client sent B&B a photograph of the notice's first page. ECF No. 302 at p. 3. On August 4, 2021, B&B sent class counsel a letter stating that B&B represented 57 people in protest-related claims against Denver, representing that some of B&B's clients' claims may overlap with the Arrest Class's claims, listing B&B's clients, requesting class counsel inform B&B of whom class counsel had contacted, and asking class counsel to refrain from future direct contacts with B&B clients.[1] ECF No. 283-3. Class counsel did not respond.

On September 13, 2021 — which happened to be the last day to opt out of the Arrest Class — B&B filed complaints against Denver. *See Agwu v. Denver*, No. 21-cv-02478-RBJ (D. Colo.); *Barbour v. Denver*, No. 21-cv-02477-KLM (D. Colo.). A few months later, defendant Denver informed B&B that the thirteen movants had not opted out of the Arrest Class and their

---

[1] The letter, located at ECF No. 283-3, reads as follows:

Dear Counsel:

The law firms of Baumgartner Law, LLC, and Beem & Isley, P.C., as co-counsel, are currently representing 57 people in claims against the City and County of Denver related to their activities and injuries during the protests last year in the wake of the murder of George Floyd. In the coming days, we will be filing several lawsuits on behalf of our clients in the United States District Court against the City and County of Denver for damages resulting from several constitutional violations, including excessive force, unconstitutional arrest, and first amendment violations stemming from the curfew imposed by Mayor Michael Hancock.

We are aware of your class action lawsuit that makes claims for damages for many of the same violations and that your firm may be contacting or may have already contacted many people who have suffered from the same violations. However, we respectfully request that you refrain from contacting or speaking directly to our clients regarding these issues given that they are currently represented by counsel. We further ask that you inform us if you have already made contact with any of our clients so that we may counsel them appropriately. Our clients' names and addresses are provided in the attachment to this letter.

If there is any information that you would like to pass along to our clients regarding your lawsuit, please direct those communications to me. In addition, if there is anything that we can do to be of assistance, I would be more than happy to speak to you about it.

Welcome to Colorado, and we wish you great success.

3

arrest-related claims in the *Agwu* and *Barbour* cases should therefore be dismissed. ECF No. 290-1. In January 2022, B&B informed class counsel that they believed they had opted the thirteen movants out of the Arrest Class. Class counsel disagreed. On February 11, 2022, B&B asked the Court to issue an order removing the thirteen movants from the Arrest Class. ECF No. 283. Class counsel and class representatives opposed the motion. ECF No. 290.

## II. DISCUSSION

The dispute boils down to two questions: First, did B&B's August 4, 2021 letter opt movants out of the Arrest Class? Second, should the Court exclude movants from the Arrest Class anyway? To both questions, the answer is "no."

The Federal Rules of Civil Procedure govern class actions. Rule 23(c)(2)(B) requires district courts "direct to class members the best notice that is practicable under the circumstances." Such notice must inform class members of their right to opt out of the class and state "the time and manner for requesting exclusion [from the class]." Fed. R. Civ. P. 23(c)(2)(B)(vi). Within these bounds, district courts have "both the duty and the broad authority to exercise control over a class action." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).

This Court exercised its authority to set specific requirements for opting out of the Arrest Class. Those requirements included (1) a mailed letter (2) with the class member's name and address (3) ***signed by the class member*** (4) postmarked no later than September 13, 2021 (5) requesting exclusion from the Arrest Class. ECF No. 133-1 at p. 6. B&B's August 4, 2021 letter to class counsel did not meet those requirements. It had no addresses, did not explicitly request "exclusion," and, most importantly, contained no signatures from the class members that purportedly requested exclusion.

B&B, on behalf of movants, ask me to bend the exclusion rules so that their August 4 letter might be considered a proper opt-out. Alternatively, they ask me to extend the exclusion-request deadline and permit movants to opt out of the Arrest Class now. I decline to do so.

The class-notice letter I approved contained a bright-line rule. B&B could have followed it. They knew, months before the exclusion deadline, that at least one client had received the class notice. They could have discovered, through public documents and discussion with their clients, which other clients were members of the Arrest Class. Instead, they requested class counsel comb through B&B's records to identify which B&B clients were part of the Arrest Class. That was B&B's job, not class counsel's. Public documents and discussions with B&B clients also could have informed B&B of the exclusion-request requirements. B&B had seen a photograph of the class notice's first page, ECF No. 283-2, which clearly stated that the client/class member's "options are explained further in this notice," *see id.* B&B could have asked their client what the notice said about requesting exclusion. B&B also could have found the publicly available document on the Court's website. Even if B&B's failure to discover the proper exclusion-request procedures had been reasonable, they could have at least used the word "exclusion" in their letter to class counsel. The Court's procedural requirements were not onerous; B&B should have complied.

Enforcing bright line rules, as I do here, is important for a few reasons. First, class-action defendants deserve clarity about the number of similar suits they might face. Second, class actions already tax judicial resources — clear exclusion rules are designed to prevent wasteful briefing about ancillary issues like, for example, whether an ambiguous letter should be considered a request for exclusion. Finally, bright-line rules like the signature requirement protect class members by ensuring that they do not unintentionally forfeit their interests. Other

courts have upheld signature requirements for this exact reason. *See, e.g.*, *Bellows v. NCO Fin. Sys., Inc.*, No. 07-CV-1413 W (AJB), 2009 WL 10725745, at *4 (S.D. Cal. June 19, 2009), report and recommendation adopted, No. 07-CV-1413 W (CAB), 2009 WL 10725741 (S.D. Cal. July 13, 2009) ("The exclusion requirement of a signature from the potential class member with identifying information is unburdensome and insures that potential class members knowingly act with the intent to exclude themselves from the class action settlement.").[2]

I do not doubt that movants would prefer B&B represent them on their arrest-related claims. But in our legal system, it is a lawyer's job to jump through procedural hoops on their client's behalf. When busy lawyers neglect to dot i's and cross t's, clients sometimes forfeit claims. That happened here. Movants can litigate their non-arrest-related claims separately, and they will have the opportunity to opt-out of any settlement reached by class counsel. *See* Fed. R. Civ. P. 23(e)(4). But I will not remove them from the Arrest Class at this point.

### III.   ORDER

For the above reasons, the motion to exclude thirteen plaintiffs from the Arrest Class (ECF No. 283) is DENIED.

DATED this 1st day of June, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge

---

[2] B&B says that class counsel's cited cases upheld signature requirements to opt-out of a class settlement, not to request exclusion for a class. I fail to see the import of that distinction. No matter the stage of litigation, I find it important to ensure that a potential class member knowingly and intentionally forfeited his or her interest in a class action.