IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

## DECLARATION OF STEVEN ART

Pursuant to 28 U.S.C. § 1746, I, Steven Art, declare as follows:

1.      I graduated *magna cum laude* and Order of the Coif from Northwestern University School of Law in May 2009, where I served as the Executive Articles Editor of the Northwestern University Law Review. At Northwestern, I received several awards for academic distinction, including the Raoul Berger Prize for best research article in the graduating class, the John Henry Wigmore and Edward C. Austin merit scholarships, and the Lowden-Wigmore Prize for winning the Julius H. Miner Moot Court Competition. I served also as vice president of Northwestern's chapter of the American Constitution Society; I was chair of the law school's Public Interest Law Group; and I was recognized on the school's Public Service Honor Roll for his volunteer work with Cabrini Green Legal Aid, the ACLU of Illinois, and Holy Angels School in Chicago's Bronzeville neighborhood.

2.      During law school, I spent two years working for Northwestern's Bluhm Legal Clinic. I worked first for the Center for International Human Rights, where I helped to draft an amicus brief for British scholars and law lords in support of the petitioner in *Kennedy v.*

Exhibit E

*Louisiana*, 554 U.S. 407 (2008), and second for the Center on Wrongful Convictions, where I participated in the representation of Juan Rivera, a man wrongfully convicted of rape and murder whose conviction was overturned by the Illinois Appellate Court in 2011, *People v. Rivera*, 2011 IL App(2d) 091060. Also during law school, I served as a Summer Associate in appellate and commercial litigation at Mayer Brown in Washington, D.C., and at Miller Shakman & Beem, in Chicago, Illinois, and I served as a judicial extern to the Honorable Mark Filip of the U.S. District Court for the Northern District of Illinois.

3.  From July 2009 until September 2011, I served for two consecutive terms as a law clerk to Judge Diane P. Wood of the U.S. Court of Appeals for the Seventh Circuit.

4.  I was admitted to the bar of the State of Illinois in November 2010. I am admitted to practice in the U.S. Supreme Court, the U.S. Courts of Appeals for the First, Fourth, Fifth, Sixth, Seventh, Ninth and D.C. Circuits, and a number of U.S. District Courts.

5.  Since September 2011, I have practiced civil rights litigation as an attorney at Loevy & Loevy. I have been a partner at the firm since 2017. My practice is focused on wrongful convictions, police brutality, and constitutional violations in jails and prisons throughout the United States.

6.  I have served as litigation and trial counsel in multiple cases resulting in seven- and eight-figure settlements and verdicts for clients of Loevy & Loevy, *Rivera v. Guevara*, No. 12 C 4428 (N.D. Ill.), a wrongful conviction case that resulted in a $17+ million jury verdict for the plaintiff; *Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.), a wrongful conviction case that resulted in a $22+ million jury verdict for the plaintiff; *Burgess v. Baltimore Police Department*, No. 15 C 834 (D. Md.), a wrongful conviction case that resulted in a $15 million jury verdict for the plaintiff; *Roberts v. County of Riverside, et al.*, No. 19 C 1877 (C.D. Cal. 2021), a wrongful

conviction case that resulted in a $11+ million settlement for the plaintiff; *Rivera v. Lake County*, No. 12 C 8665 (N.D. Ill.), a wrongful conviction case that settled before trial for $20 million, one of the largest pretrial settlements of a wrongful conviction case ever; *Fox v. Barnes*, No. 9 C 5453 (N.D. Ill.), a prison denial of medical care case that resulted in a $12 million verdict; and *Awalt v. CHC*, No. 11 C 6142 (N.D. Ill.), a jail denial of medical care case that resulted in a multi-million settlement.

7.  In addition, I have written briefs and/or presented arguments in dozens of civil rights appeals that have resulted in victories for civil rights plaintiffs, and many of which established important new legal principles:

- *Thompson v. Clark*, 142 S. Ct. 1332 (2022) (Counsel for Amicus National, State, and Local Criminal Defense, Civil Rights, and Racial Justice Organizations in case about when a section 1983 claim for malicious prosecution is available)
- *Vega v. Tekoh*, No. 18-56414 (2021) (Counsel for Amicus National Association of Criminal Defense Lawyers in case about whether a section 1983 claim exists for violations of *Miranda v. Arizona*)
- *Lombardo v. St. Louis*, 141 S. Ct. 2239 (2021) (Counsel for National Association of Criminal Defense Lawyers and the American Civil Liberties Union in case where lower court qualified-immunity opinion summarily reversed)
- *Burgess v. Baltimore Police Department*, 997 F.3d 541 (4th Cir. 2021) (Plaintiff's counsel in wrongful conviction case following a verdict for the Plaintiff)
- *People v. Palmer*, 2021 IL 125621 (Ill. 2021) (Plaintiff's counsel in Illinois Supreme Court case about standards for awarding certificates of innocence in Illinois)
- *Fields v. City of Chicago*, 981 F.3d 534 (7th Cir. 2020) (Plaintiff's counsel in wrongful conviction case following a verdict for the Plaintiff)
- *Owsley v. Gorbett*, 960 F3d. 969 (7th Cir. 2020) (Plaintiff's counsel in case about standing to pursue claims of denial of access to courts)
- *J.K.J. v. Polk County*, 960 F.3d 367 (7th Cir. 2020) (*en banc*) (Plaintiffs' counsel at *en banc* stage in case about municipal liability for sexual assaults in correctional facilities)
- *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (*en banc*) (Plaintiff's counsel and presented argument in case about claim accrual in wrongful conviction cases)
- *McDonough v. Smith*, 139 S. Ct. 2149 (2019) (Counsel for Amicus Federal Courts Scholars in case about accrual of section 1983 claims for wrongful prosecution in violation of due process)

3

- *Koh v. Ustich*, 933 F.3d 836 (7th Cir. 2019) (Plaintiff's counsel in case about appellate jurisdiction over qualified immunity appeals in wrongful conviction cases); *Graf v. Koh*, No. 19-624 (brief in opposition to certiorari in the same case)
- *Beaman v. Freesmeyer*, 131 N.E.3d 488 (Ill. 2019) (Counsel for Amici Former Prosecutors in case about the elements of malicious prosecution in Illinois)
- *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018) (Counsel for Amicus National Association of Criminal Defense Lawyers in case about elements and accrual of false detention claims)
- *Jackson v. Curry*, 888 F.3d 259 (7th Cir. 2018) (Plaintiff's counsel and presented argument in case about appellate jurisdiction over qualified immunity appeals in wrongful conviction cases)
- *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) (Counsel for Amicus Albert Alschuler in case about Fourth Amendment claims for wrongful detention)
- *Avery v. City of Milwaukee*, 847 F.3d 433 (7th Cir. 2017) (Counsel for Amici Illinois Association of Criminal Defense Lawyers, Civil Rights and Police Accountability Project of the Mandel Legal Aid Clinic in case about due process claims alleging fabrication of evidence)
- *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015) (cited in *Kingsley*, 135 S. Ct. at 2474) (Counsel for Amici Former Corrections Experts in case about use of force claims brought by pretrial detainees)
- *Stinson v. Gauger*, 868 F.3d 516 (7th Cir. 2015) (*en banc*) (Plaintiff's counsel at *en banc* stage in case about jurisdictional limitations of qualified immunity appeals)
- *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013) (Plaintiff's counsel in case about the viability of federal malicious prosecution claims)
- *Jimenez v. City of Chicago*, 732 F.3d 710 (7th Cir. 2013) (Plaintiff's counsel in wrongful conviction case following a verdict for the Plaintiff)
- *Engel v. Buchan*, 710 F.3d 698 (7th Cir. 2013) (Plaintiff's counsel in case about *Bivens* actions for due process violations)
- *Vance v. Rumsfeld*, 701 F.3d 193 (7th Cir. 2012) (*en banc*) (Plaintiffs' counsel in case about *Bivens* claims for torture by the U.S. military); *Vance v. Rumsfeld*, No. 12-976 (U.S. Supreme Court 2013) (petition for certiorari in the same case)
- *Weyhrauch v. United States*, 561 U.S. 476 (2010) (cited in *Skilling v. United States*, 561 U.S. 358, 411 (2010)) (Counsel for Amicus Albert Alschuler in case about honest services fraud)

8. I have also represented individuals wrongly convicted of crimes they did not commit in post-conviction litigation, securing the exoneration of three innocence men. *People v. Demetrius Johnson*, No. 91 CR 19833 (Circuit Court of Cook County, Illinois); *People v. Thomas Sierra*, No. 95 CR 1860201 (Circuit Court of Cook County, Illinois); *People v. Geraldo Iglesias*, No. 93 CR 15199 (Circuit Court of Cook County, Illinois).

9. I have published work on constitutional and international law. My article, "An Empirical Examination of Universal Jurisdiction for Piracy," appears in volume 104 of the *American Journal of International Law*, and my article, "The Meaning of the Seventeenth Amendment and a Century of State Defiance," appears in volume 107 of the *Northwestern University Law Review*.

10. I am on the board of directors for the Chicago Council of Lawyers, a public interest bar association working on criminal and social justice issues. I am a past president of the Chicago Appleseed Fund for Justice, a leading nonpartisan organization promoting systemic reform of our court systems. In addition, I am a member and former chair of the Criminal Justice Advisory Committee of the Collaboration for Justice. Following law school, I served as a volunteer for the Constitutional Rights Foundation Chicago's Equal Justice Under Law program, which teaches high-school students in Illinois about constitutional law and public-policy issues. In 2016, I was awarded the Young Alumni Public Service Award by Northwestern University School of Law.

11. Declarant is seeking an hourly rate of $545 per hour. The requested rate is commensurate with rates charged by attorneys of like experience and skill practicing in this field and lower than the rates in the Fitzpatrick Matrix for fee shifting cases in the District of Columbia for attorneys with 13 years' experience ($625 per hour).

12. Declarant was awarded $375 per hour three years ago when he was in his ninth year of practice. *Awalt v. Marketti*, No. 11 C 6142, 2018 WL 2332072, at *4 (N.D. Ill. May 23, 2018).

13. Declarant has reviewed the billing records for his time spent on this matter. Those records are a fair and accurate depiction of the time Declarant spent working on this case and are reasonable in terms of the time spent on each task.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 31, 2022

Steven Art

| Timesheet of Steven Art | | |
|---|---|---|
| (Time related to claims tried to verdict) | | |
| | | |
| Date | Task | Time |
| 6/30/2020 | conferring with Elizabeth Wang (EW) about complaint | 0.25 |
| 7/27/2020 | conferring with EW about strategy | 0.25 |
| 3/29/2022 | conferring with EW about fee petition issues | 0.50 |
| 4/2/2022 | emailing and conferring with EW about judgment, form of judgment | 0.25 |
| 4/4/2022 | emailing with EW about fee petition issues | 0.25 |
| 5/19/2022 | conferring, emailing with EW about fee petition issues | 0.25 |
| 5/19/2022 | reviewing hours for fee petition | 0.25 |
| 5/26/2022 | conferring with EW about fee petition issues | 0.50 |
| | | |
| TOTAL | | 2.50 |