IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

## DECLARATION OF KATIE ROCHE

Pursuant to 28 U.S.C. § 1746, I, Katie Roche, declare as follows:

1. Declarant graduated from Loyola University Chicago School of Law in May 2015. During law school, Declarant founded and served as president of the Labor & Employment Law Society and served as a member of the College of Labor and Employment Lawyers Steering Committee. Declarant worked at the Cook County Bureau of Human Resources, Department of Labor Relations, the law firm of Wiedner & McAuliffe, and the U.S. Equal Employment Opportunity Commission under former District Director John Rowe, where she helped investigate, research, and draft briefs for a variety of Title VII employment discrimination cases, including a class action suit alleging national origin discrimination in the Chicago Police Department's hiring practices that ultimately resulted in a settlement. Declarant also served as a Criminal Records Corps volunteer at Cabrini Green Legal Aid, where she prepared petitions for certificates of good conduct and the sealing and expungement of criminal records for homeless individuals unable to obtain housing and employment because of their criminal history. Upon graduation, Declarant was awarded the Leadership, Service, and Public

Exhibit F

Interest Recognition Award for her commitment and dedication to public interest work and pro bono service during law school.

2. Declarant was admitted to the bar of the State of Illinois in November 2015. Declarant is also admitted to practice in the U.S. District Court for the Northern District of Illinois, the U.S. District Court for the Central District of Illinois, the U.S. District Court for the Southern District of Illinois, the U.S. Court of Appeals for the Seventh Circuit, the U.S. Court of Appeals for the Fourth Circuit, the U.S. District Court for the Western District of Michigan, the U.S. District Court for the District of Maryland, and the U.S. District Court for the Eastern District of Wisconsin.

3. Between the time Declarant joined Loevy & Loevy in December 2015 and left towards the end of 2021, Declarant worked on a variety of civil rights cases including wrongful convictions and prisoners' rights. Declarant gained invaluable first-hand litigation experience, including, among other things, drafting complaints, engaging in fact and expert discovery, conducting a dozen depositions, drafting briefs and motions, including responses to motions to dismiss and for summary judgment, and participating in the trial phase of litigation. The experience Declarant gained at Loevy & Loevy far exceeds that of her law school peers and those with the same years of experience at most other firms.

4. At the end of 2021, Declarant moved to Colorado and left Loevy & Loevy. She works at Holland & Hart in Boulder. Declarant has sought admission to the bar in Colorado, and the Colorado Supreme Court has approved her practice pending admission. Her rate is currently $350 per hour.

5. Declarant is seeking an hourly rate of $375 for the work performed in this case. This rate is commensurate with rates charged by attorneys of like experience and skill practicing

in this area, and it is far lower than the rates in the Fitzpatrick Matrix for attorneys with seven years' experience ($550 per hour).

6. In 2018, Declarant was awarded a rate of $200 per hour in *Fields v. City of Chicago*, 2018 WL 253716, at *3 (N.D. Ill. 2018), for work performed in 2015-2016, her first year of practice.

7. In this litigation, Declarant assisted with review of Denver bodycam video and assisted with the Curfew Arrest Class part of the case. Declarant has excluded from her hours submitted with this fee petition the time spent on Curfew Arrest Class matters.

8. Declarant has reviewed the billing records for her time spent on this matter. Those records are a fair and accurate depiction of the time Declarant spent working on this case and are reasonable in terms of time spent on each task.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2022.

*/s/ Katie Roche*

_____

Katie Roche

| Timesheet of Katie Roche | | |
|---|---|---|
| (Time related to claims tried to verdict) | | |
| | | |
| Date | Task | Time |
| 2/1/2021 | call with LW (Liz Wang) re project, reviewing complaint, discovery responses, draft declarations | 5.25 |
| 2/6/2021 | reviewing corr from team w/ instruction; uploading videos; reviewing bodycam videos | 6.25 |
| 2/8/2021 | reviewing video | 1.50 |
| 2/13/2021 | reviewing corr; reviewing and summarizing bodycam video | 5.25 |
| 2/20/2021 | reviewing protest video, summarizing and taking notes on the same | 5.00 |
| 2/21/2021 | reviewing protest video, summarizing and taking notes on the same | 2.75 |
| 3/3/2021 | reviewing bodycam protest video | 2.00 |
| 3/14/2021 | reviewing protest video | 3.75 |
| 4/2/2021 | reviewing bodycam video for 5/29/20; corr w/ LW | 1.50 |
| 4/5/2021 | reviewing video for 5/29/20, corr w/ LW re meeting | 1.75 |
| 4/7/2021 | reviewing video notes in preparation of call; call w/ LW | 1.00 |
| 11/11/2021 | reviewing hours and rate | 0.75 |
| 5/30/2022 | reviewing timesheet and declaration | 0.50 |
| | | |
| **TOTAL** | | **37.25** |