IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.*,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

## DECLARATION OF ANDY THAYER

Pursuant to 28 U.S.C. § 1746, I, Andy Thayer, declare as follows:

1. I am employed as the office manager of Loevy & Loevy, a position I have held for the past 19 years.

2. In that capacity, I maintain records regarding the costs associated with each of our firm's cases, including invoicing from third-party vendors and credit card payments made on our firm's business accounts.

3. Since September 2017, Loevy & Loevy no longer receives paper statements from our firm's credit card company. Loevy & Loevy receives its monthly corporate credit card statements in electronic data format from MasterCard/Visa.

4. Each month, I obtain a CSV file from MasterCard/Visa, which I download from the MasterCard/Visa website and have the data populated into Microsoft Excel (hereinafter, "monthly MasterCard/Visa electronic statement").

Exhibit I

5. I then format and send the relevant portions of the monthly statement to each of our firm cardholders, in Microsoft Excel.

6. The firm cardholders provide the case information and business reason for each charge.

7. I then take the information that I receive back from the firm cardholders and record that information in the monthly MasterCard/Visa electronic statement.

8. I am then able to pull all case-related costs for any given matter into a separate Excel spreadsheet.

9. The spreadsheets indicating charges submitted by particular cardholders submitted with Fitouri Plaintiffs' Bill of Costs (under Section 1920) and fee petition (under Section 1988) include the Fitouri case-related expenses that were charged to the firm's MasterCard/Visa account from July 2020 through present. These expenses are a true and accurate record of the charges contained in the monthly MasterCard/Visa electronic statement.

10. In addition, I have reviewed the Bill of Costs and Section 1988 expenses, reflected in the spreadsheets submitted with the Bill of Costs and the fee petition, as well as the copies of receipts and invoices. These costs and expenses were necessarily incurred in this action and the services for which fees have been charged were actually and necessarily performed. The spreadsheets attached to the Bill of Costs and fee petition categorize each expense.

11. Furthermore, I have reviewed the attached billing records for my time spent in this matter. They are a fair and accurate depiction of the time I spent and are reasonable in terms of the time spent on each task. In submitting my hours, I did not include any of my time spent paying invoices.

I declare under penalty of perjury that the foregoing is true and correct.

2

Executed on May 31, 2022.

_____
Andy Thayer

| Timesheet of Andy Thayer | | |
|---|---|---|
| (Time related to claims tried to verdict) | | |
| | | |
| Date | Task | Time |
| 5/20/2022 | gathering and organizing receipts/invoices for bill of costs and Section 1988 expenses; updating spreadsheets of costs and expenses | 3.00 |
| 5/22/2022 | gathering and organizing receipts/invoices for bill of costs and Section 1988 expenses; updating spreadsheets of costs and expenses | 6.00 |
| 5/25/2022 | reviewing spreadsheet of costs/expenses and comparing to receipts/invoices; gathering and organizing receipts/invoices for bill of costs and Section 1988 expenses; updating spreadsheets of costs and expenses | 3.50 |
| 5/25/2022 | conferring/emailing with Liz Wang about bill of costs, receipts, invoices and spreadsheet | 0.25 |
| 5/31/2022 | reviewing and revising declaration for fee petition and reviewing timesheet for fee petition | 0.75 |
| | | |
| **TOTAL** | | **13.50** |