IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| WILLIAM CALLOWAY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | )    No.   19 CH 14190 |
| v. | ) |
| | ) |
| CHICAGO POLICE DEPARTMENT, | ) |
| | ) |
| DEFENDANT. | ) |

ORDER

1.   Before the Court in this Freedom of Information Act ("FOIA") case are three issues: attorneys' fees, costs, and civil penalties. All issues are fully briefed, including briefs on supplemental authority in the intervening time. The Court heard oral argument on January 31, 2022.

2.   Previously, this Court granted Plaintiff's Motion for Partial Summary Judgment and for FOIA Section 11(e) Index and denied Defendant's Cross-Motion for Summary Judgment. The Court assumes familiarity with the underlying record.

**DISCUSSION**

I.   **Attorneys' Fees**

A.   **Legal Standard**

3.   When a statute allows a prevailing party to recover reasonable fees, the determination of reasonableness is left to the sound discretion of the trial court. *Kaiser v. MEPC Am. Props.*, 164 Ill. App. 3d 978, 983-85 (1st Dist. 1987). The court should consider a variety of factors, including the skill and standing of the attorney employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility involved, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation. *Plambeck v. Greystone Mgmt.*, 281 Ill. App. 3d 260, 273 (1st Dist. 1996).

4.   The party seeking the fees bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. *Kaiser*, 164 Ill. App. 3d at 983. The petitioner must specify the services performed, by whom they were

1

Exhibit L

performed, the time expended and an hourly rate charged therefore, based on records maintained during the litigation containing facts and computations upon which the charges are predicated. *Plambeck*, 281 Ill. App. 3d at 273; *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 103.

5. Once presented with the fee records, the trial judge may draw on her own knowledge of and familiarity with the case record to determine whether the time sought is reasonable without hearing testimony about how the time was spent. *Plambeck*, 281 Ill. App. 3d at 273. That determination is aided and informed by an opposing party's analysis of time records submitted. *Young*, 2015 IL App (1st) at ¶103.

6. Here, CPD does not dispute that Plaintiff is the prevailing party and entitled to recover some attorneys' fees and costs. CPD challenges the amount of fees requested, arguing that the hourly rate and the time spent are excessive.

**B.   Analysis**

### *Hourly Rate*

7. Plaintiff's counsel seeks to recover fees at a blended hourly rate of $550 per hour or individual hourly rates of $800 for Matthew Topic, $525 for Joshua Burday, $400 for Merrick Wayne, and $225 for paralegals. Pl.'s Second Petition for Attorney Fees and Costs ("2d Pet.") Exs. 1-5.[1] In support, each of Plaintiff's counsel provides an affidavit about his expertise,[2] and they point to fees incurred and/or paid by their other FOIA clients. 2d Pet. Exs. 1-2 & B. Counsel point to their demonstrated skill and substantial achievements for clients as specialized FOIA litigators. They identify three prior fee awards from the Circuit Court from 2016, 2017, and 2019 and add that since then, counsel have charged more and clients pay more for FOIA cases. Finally, they provide affidavits from outside attorneys attesting that the proposed rates are reasonable and consistent with the marketplace. 2d Pet. Exs. 4 & 5. Those affiants aver to hourly fees awarded to FOIA counsel of as much as $1,015 for a Kirkland & Ellis LLP partner; $720 to a Sidley LLP partner; and $625 to a Dentons US LLP partner. 2d Pet. Exs. 4 & 5.

8. CPD counters that the record does not support the requested rates, for the reasons set forth more fully in its response memorandum.

---

[1] The Court previously denied Plaintiff's first fee petition for the reasons stated on the record.

[2] CPD argues that Plaintiff did not provide affidavits from counsel Wayne and Burday. *See* Resp. to 2d Fee Pet. at 6. That is not true. *See* 2d Fee Pet. Exs. 1-2 & B.

2

9. Here, the deep expertise of all of Plaintiff's lawyers, paralegals and staff in FOIA issues, as well as their degree of success for their clients, is demonstrated beyond dispute.

10. Based on the record, the highest fee awards to Plaintiff's counsel from a Circuit Court were (a) a blended rate of $500/hour in March 2019, which was awarded by agreement of the parties;[3] (b) an hourly fee of $450 for Topic and $150 for paralegals in April 2017;[4] (c) an hourly fee of $450 for Topic, $300 for Burday, and $200 for paralegals in August 2016, which was awarded by agreement of the parties;[5] and (d) an hourly fee of $450 for Topic and $150 for paralegals in February 2016.[6]

11. Plaintiff points to the Circuit Court awards to other FOIA counsel of $720 and $1015. However, Plaintiff does not adduce any evidence that his counsel's overhead is equal to or nears the overhead of the firms involved in those cases (Kirkland, Sidley, and Dentons). *See, e.g., Todd W. Musburger, Ltd. v. Meier*, 394 Ill. App. 3d 781, 804-5 (1st Dist. 2009) (holding that overhead costs are ordinarily included in an attorney's hourly rate).

12. Based on the record and this Court's familiarity with it, *Plambeck*, 281 Ill. App. 3d at 273, this Court determines that fair hourly rates are: (a) $525 for Matthew Topic; (b) $450 for Joshua Burday; (c) $375 for Merrick Wayne; and (d) $200 for paralegals Rachel Eun and Blake Bunting.

### ***Time Expended***

13. CPD also challenges the amount of time spent by Plaintiff's counsel.

14. CPD does not dispute that Plaintiff should be awarded fees up to the date he received the court-ordered production on September 15, 2020.[7]

---

[3] *Better Gov't Ass'n v. Metropolitan Pier & Exposition Auth.*, 2014 CH 10364. 2d Pet. Grp. Ex. 8.

[4] *Zurek v. Village of Franklin Park*, 2014 CH 8570. 2d Pet. Grp. Ex. 8.

[5] *Better Gov't Ass'n v. Illinois Dep't of Transp.*, 2015 CH 2508. 2d Pet. Grp. Ex. 8.

[6] *Young v. Harvey*, 2015 CH 03711. 2d Pet. Grp. Ex. 8.

[7] *See* Response to 2d Fee Pet. at 9 (stating that "Plaintiff's attorneys['] fees should only be compensable up until they received the production ordered by the court – on September 15, 2020").

15. CPD posits that fees should not be awarded for time expended after September 15, 2020. None of the arguments is availing, however, and many of them are either unsupported by or directly contradicted by the case record.

a. As a threshold matter, CPD cites no authority for the proposition that the fee entitlement ended once CPD made its initial production. This proposition makes little sense from a policy perspective, as Plaintiff points out; it could disincentivize public bodies from making complete initial productions because they could then draw out their ultimate compliance without the counterbalance of facing more attorneys' fees.

b. Moreover, the record shows that CPD's initial production was not complete. First, although Plaintiff requested dash cam footage, CPD did not produce any such footage. When Plaintiff raised this issue, the parties negotiated and CPD agreed to produce explanatory affidavits. A second, unresolved issue after the initial production was the redaction of the victim's image. Here again, after negotiations, CPD subsequently undertook measures to remove the redactions. As the discussions ensued, at statuses before this Court on September 18, 2020 and November 18, 2020, Plaintiff's counsel very clearly reported the ongoing issues being negotiated between the parties related to the completeness and sufficiency of the production. CPD's counsel very clearly acknowledged those ongoing issues.[8] Given the foregoing, and applying the well-settled catalyst theory for eligibility for attorneys' fees, Plaintiff reasonably incurred additional time after the initial production to achieve a voluntary change in CPD's position as to the dash cam footage and the redaction of the victim's image. Plaintiff's counsel's reasonable fees in doing so are recoverable. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Resc.*, 532 U.S. 598, 601 (2001); *Uptown People's Law Ctr. v. Dep't of Corr.*, 2014 IL App (1st) 130161, pars. 15-21.

c. CPD also claims that the fee award should be diminished because Plaintiff made a settlement offer on January 22, 2021 which it withdrew on January 28, 2021 due to an internal mix-up at counsel's firm. None of the time entries submitted by Plaintiff relate to this mix-up or the relevant time period, however, and Plaintiff's counsel confirms they are not seeking to recover fees for such time.

d. CPD challenges certain entries for "reviewing for fee petition."[9] No such time entries exist, however. It also points out that Plaintiff breaks out counsel's time into pre-September 15 and post-September 15 entries. This breakdown is sensible given

---

[8] Based on this record, CPD's contention that "[d]uring court appearances following defendant's document production, plaintiff's counsel never asserted that he believed defendant had in any way violated the court order" is not accurate. *See* Response to 2d Fee. Pet. at 10.

[9] *See* Response to 2d Fee Pet. at 9.

CPD's lack of challenge to the former time period and does not amount to any sort of admission.

      e.    CPD asks this Court to discount time spent by Plaintiff's counsel participating in an internal meeting. The Court finds nothing unreasonable about this meeting. To the contrary, such meetings are an important and necessary opportunity for lawyers to share ideas about case status and strategy. *See Tchemkou v. Mukasey*, 517 F.3d 506, 511-12 (7th Cir. 2008).

      f.    CPD asserts that spending four hours preparing for a hearing is unreasonable. Plaintiff provided an outside affidavit attesting to the reasonableness of the time spent, which is not rebutted by counter-evidence. Moreover, the Court concludes independently that given the nature and scope of the hearing for which counsel prepared, this expenditure in preparation was not unreasonable.

      g.    Finally, CPD contends that nearly 75% of the time requested is "attributed to requesting payment – not actually obtaining the documents requested."[10] Even so, the concept of "fees on fees" is recognized and allowed by our courts in FOIA cases. *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 237 (D.D.C. 2011).

16. Based on the foregoing, all of the fees sought in the Second Fee Petition will be awarded.

17. In addition, on February 7, 2022, Plaintiff filed a supplemental fee and cost request for time expended preparing the reply memorandum and preparing for and appearing for argument, as set forth more fully in that supplement. CPD was given time to oppose the supplement but did not do so.

18. Accordingly, the undisputed supplemental fees of 10.8 hours expended by Plaintiff's counsel Merrick Wayne are hereby awarded.

19. Based on the foregoing, the following fees are awarded:

| Professional | Rate | Hours | Total for professional |
|---|---|---|---|

---

[10] *See* Response to 2d Fee Pet. at 8-9.

| Matthew Topic | $525 | 16.7 | $8767.50 |
| --- | --- | --- | --- |
| Joshua Burday | $450 | 4.4 | $1980 |
| Merrick Wayne | $375 | 67.2 | $25,200 |
| Merrick Wayne (supplement) | $375 | 10.8 | $4,050 |
| Paralegals Rachel Eun & Blake Bunting | $200 | 10.2 | $2,040 |
| | | TOTAL: | $42,037.50 |

## II. Costs

20. CPD does not challenge any of the costs identified by Plaintiff. Accordingly, Plaintiff is awarded $797.75 in costs based on its Second Petition, as well as costs of $660 in its supplement, for a total of $1,457.75.

## III. Penalties

21. Plaintiff asks the Court to award civil penalties. FOIA provides:

> If the court determines that a public body willfully and intentionally failed to comply with this Act, or otherwise acted in bad faith, the court shall also impose upon the public body a civil penalty of not less than $2,500 nor more than $5,000 for each occurrence. In assessing the civil penalty, the court shall consider in aggravation or mitigation the budget of the public body and whether the public body has previously been assessed penalties for violations of this Act.

5 ILCS 140/11(j).

22. Last year, the Second District held that the words "or otherwise" are "meant to be a catchall to include other actions that constitute bad faith...." *Williams v. Bruscato*, 2021 IL App (2d) 190971 pars. 13-14. Under *Williams*, a willful and intentional failure to comply with FOIA is only sanctionable if the failure was also in bad faith. *Id.* According to the appellate court's definition of the operative terms, "to warrant the imposition of a civil penalty under section 11(j), the public body not only must have intentionally failed to comply with the FOIA but must have done so deliberately, by design, and with a dishonest purpose." *Id.* par. 15.

6

23.     Although Plaintiff maintains that the Second District's analysis is incorrect, Plaintiff acknowledges that in our state's unified court system, this Circuit Court is bound to apply *Williams'* higher standard in the absence of a contradictory case from the First District. *See, e.g., Village of Glenview v. Zwick*, 356 Ill. App. 3d 630, 636 (1st 2005).

24.     Plaintiff contends that civil penalties are warranted in light of CPD's failure to respond to Plaintiff's initial FOIA request; its submission of conclusory affidavits to support the exemptions on which it relied; and its failure to meet the court-ordered deadline to produce, even after the deadline was extended by agreement of the parties. Alternatively, Plaintiff asks the Court for discovery so that it can meet the higher standard articulated in *Williams*.

25.     CPD contends that Plaintiff does not meet *Williams'* standard. CPD does not respond to Plaintiff's alternative request for discovery.

26.     Before *Williams*, section 11(j) could reasonably have been interpreted to require either proof of willful and intentional failure to comply with FOIA, or bad faith actions, but not both. *Williams*, however, dispels that interpretation and requires both elements.

27.     Now, the question is whether Plaintiff can meet his *Williams* burden without discovery.

28.     This Court concludes that in order to prove that CPD "not only ... intentionally failed to comply with the FOIA but must have done so deliberately, by design, and with a dishonest purpose," *Id.* par. 15, some discovery is necessary.

29.     This conclusion does not run afoul of FOIA's clear mandate of expediency, because the video and documents have already been produced.

30.     The parties are directed to meet and confer about the scope of civil penalties discovery within fourteen (14) days of the date of this order.

31.     If the parties cannot agree as to the proper scope of discovery, then each party must file its position as to the scope of civil penalties discovery within twenty-one (21) days of the date of this order.

32.     The case is set for status on April 14, 2022 at 10:00 a.m. via Zoom.

33. Accordingly, the March 18, 2022 status is no longer needed and is stricken.

SO ORDERED.

                **Judge Alison C. Conlon**

DATED            MAR 17 2022       ENTERED  

                Circuit Court – 2140

March 17, 2022                                  <u>s/Alison C. Conlon</u>
                                                 Circuit Judge