# AURORA POLICE DEPARTMENT
## DIRECTIVES MANUAL

| 05.03 | Title: USE OF PHYSICAL FORCE | |
|---|---|---|
| | Approved By: Nick Metz, Chief of Police | Duty Honor Integrity |
| | Effective: 09/01/1998    Revised: 01/01/2016 | |
| | Associated Policy: | |
| | References: CRS 18-1-704: 18-1-707; 18-1-901(3)(d) | |
| Review: Professional Standards Section Commanding Officer | | Page 1 of 3 |

5.3  USE OF PHYSICAL FORCE

Use of physical force is defined as the application of physical force by members of the Department. Members will only use reasonable and appropriate force; and only when legally justified. When practicable officers will attempt to de-escalate their use of force and/or the situation so that lesser force, or possibly no force, is required. It is understood that the policies regarding use of force may not cover every situation. At the discretion of the Chief of Police, any deviation from these policies will be evaluated on a case-by-case basis.

5.3.1  <u>Use of Physical Force</u>

Physical force may be used as allowed by State statutes, CRS 18-1-704 and CRS 18-1-707. These two statutes are copied below from CRS.

<u>18-1-704 Use of physical force in defense of a person</u>:

(1) Except as provided in subsections (2) and (3) of this section, a person is justified in using physical force upon another person in order to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force which he reasonably believes to be necessary for that purpose.

(2) Deadly physical force may be used only if a person reasonably believes a lesser degree of force is inadequate and:

(a) The actor has reasonable ground to believe, and does believe, that he or another person is in imminent danger of being killed or of receiving great bodily injury; or

(b) The other person is using or reasonably appears about to use physical force against an occupant of a dwelling or business establishment while committing or attempting to commit burglary as defined in sections 18-4-202 to 18-4-204; or

Fitouri 018538
Exhibit 9

**Directive Manual (Revised: 01/01/2016)**
**05.03 USE OF PHYSICAL FORCE** Page 2 of 3

(c) The other person is committing or reasonably appears about to commit kidnapping as defined in section 18-3-301 or 18-3-302, robbery as defined in section 18-4-301 or 18-4-302, sexual assault as set forth in section 18-3-402, or in section 18-3-403 as it existed prior to July 1, 2000, or assault as defined in sections 18-3-202 and 18-3-203.

(3) Notwithstanding the provisions of subsection (1) of this section, a person is not justified in using physical force if:

(a) With intent to cause bodily injury or death to another person, he provokes the use of unlawful physical force by that other person; or

(b) He is the initial aggressor; except that his use of physical force upon another person under the circumstances is justifiable if he withdraws from the encounter and effectively communicates to the other person his intent to do so, but the latter nevertheless continues or threatens the use of unlawful physical force; or

(c) The physical force involved is the product of a combat by agreement not specifically authorized by law.

18-1-707 Use of physical force in making an arrest or in preventing an escape:

(1) Except as provided in subsection (2) of this section, a peace officer is justified in using reasonable and appropriate physical force upon another person when and to the extent that he reasonably believes it necessary:

(a) To effect an arrest or to prevent the escape from custody of an arrested person unless he knows that the arrest is unauthorized; or

(b) To defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force while effecting or attempting to effect such an arrest or while preventing or attempting to prevent such an escape.

(2) A peace officer is justified in using deadly physical force upon another person for a purpose specified in subsection (1) of this section only when he reasonably believes that it is necessary:

(a) To defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force; or

(b) To effect an arrest, or to prevent the escape from custody, of a person whom he reasonably believes:

(I) Has committed or attempted to commit a felony involving the use or threatened use of a deadly weapon; or

(II) Is attempting to escape by the use of a deadly weapon; or

(III) Otherwise indicates, except through a motor vehicle violation, that he is likely to endanger human life or to inflict serious bodily injury to another unless apprehended without delay.

(3) Nothing in subsection (2) (b) of this section shall be deemed to constitute justification for reckless or criminally negligent conduct by a peace officer amounting to an offense against or with respect to innocent persons whom he is not seeking to arrest or retain in custody.

Members will attempt to utilize those control techniques and tactics that are departmentally approved. Those control techniques and tactics should employ maximum effectiveness with the minimum force needed to control the incident.

5.3.2 Rendering Aid

Members using any force that results in injury will arrange for reasonable, timely, and appropriate medical treatment. An exception will be made if the officer is physically unable to fulfill these duties.