```
                                                              Page 1
 1            IN THE UNITED STATES DISTRICT COURT
                 OF THE DISTRICT OF COLORADO
 2
      Civil Action Nos. 1:20-cv-01878-RBJ & 1:20-CV-01922-RBJ-MEH
 3    & 1l20-cv-03155-KLM (consolidated)
      _____
 4
      ELISABETH EPPS, et al.,
 5
             Plaintiffs,
 6
      vs.
 7
      CITY AND COUNTY OF DENVER, et al.,
 8
             Defendants.
 9
      _____
10
       VIDEO VIDEOCONFERENCED DEPOSITION OF PATRICIO SERRANT
11                         July 16, 2021
      _____
12
      VIDEOCONFERENCED APPEARANCES:
13
      ON BEHALF OF THE PLAINTIFFS:
14           PATRICK C. REIDY, ESQ.
             Arnold & Porter Kaye Scholer LLP
15           70 West Madison Street, Suite 4200
             Chicago, Illinois  60602
16           Phone:  312-583-2424
             Email:  patrick.reidy@arnoldporter.com
17
      ON BEHALF OF THE PLAINTIFFS:
18           ELIZABETH WANG, ESQ.
             Loevy & Loevy
19           312 North May Street, Suite 100
             Chicago, Illinois  60607
20           Phone:  312-243-5900
             Email:  elizabethW@loevy.com
21
22
23
24
25
```

Page 68

1          A.   Based on the video, no.
2          Q.   Okay.  We'll watch it for a little bit
3     longer.  So restarting it again at 9 -- 9:12:04 p.m.
4                (Video playing.)
5          Q.   Okay.  So I'm stopping it at 9:12:33.
6                Does the portion of the video that we just
7     watched confirm that David McNamee was using a less-lethal
8     shotgun at this time?
9          A.   Yes.
10         Q.   Okay.  So again, to summarize, on May 31st,
11    at about 9:12 p.m., at the intersection of Colfax and
12    Washington, outside the Denver Police Department station,
13    you instructed, among others, David McNamee to shoot
14    protesters using a less-lethal shotgun if they kicked one
15    of the canisters emitting gas or smoke, right?
16         A.   Yes.
17         Q.   Okay.  We're going to back this up -- back
18    up the video, Exhibit 4, COABLM450 to 21:12:03.  I've got
19    to reshare the screen with you.  Okay.
20               (Video playing.)
21         Q.   Sorry.  I think I need to back it up a
22    little bit more.  Okay.  We're going to start at 21:11:58.
23               (Video playing.)
24         Q.   Okay.  I want you to listen very carefully
25    to the video.  We just heard you at -- we just heard you

Page 73

1        Q.   All right.  Now, I understand that you were
2   unable to see an individual kicking a canister off the
3   curb in the video that we're watching here, COABLM416.
4             Suppose an individual had kicked a canister
5   off the curb across the street, as we can see in the
6   video.  Do you believe that posed a threat to the officers
7   standing with you at the intersection?
8             MS. PLATT:  Form and foundation.
9        A.   I don't know.  And I say that because I
10  don't know the -- the distance and I don't know what the
11  officer had seen.  I mean, I really can't even tell if
12  Officer McNamee was shooting or was aiming at a person,
13  so I don't know.  It's hard to tell.
14       Q.   Yeah.  So I'm not -- I understand -- I
15  understand all that, that you can't tell from Officer
16  McNamee's body-worn camera where he was aiming.
17            My question, though, is let's assume that
18  an individual had kicked a tear gas canister across the
19  street.  Would it have been within Aurora Police
20  Department policy to target and hit the individual with a
21  less-lethal shotgun round?
22            MS. PLATT:  Form and foundation.
23       A.   Well, I can assume, but -- if I could
24  assume, no, he was not.  He was not a threat.  That's
25  where the assumption that -- you know, that sound.  The

Page 74

1  distance, I still cannot tell.
2          Q.   (By Mr. Reidy)  Okay.  So an individual
3  across the street who kicks a tear gas canister would
4  not -- let me put the question differently.
5               So it would not be reasonable to target and
6  hit an individual who kicked a tear gas canister across
7  the street, right?
8               MS. PLATT:  Form and foundation.
9          A.   No, it wouldn't be reasonable, no.
10              MR. REIDY:  Okay.  I'm going to mark as
11 Exhibit 5 [sic] a document that was produced as
12 BLM_00001072.  And I'm going to share it on my screen
13 here.
14              (Exhibit 6 was marked.)
15         Q.   So this is a photo that shows an individual
16 holding a skateboard.  He's got his leg up.  And can you
17 see that -- he's at least at the intersection of some
18 street with Washington, right --
19         A.   Yes.
20         Q.   -- from this -- from this photo?
21              Do you recognize this intersection as being
22 the intersection you were standing at in the videos that
23 we've been watching, the body-worn camera videos?
24         A.   I can't tell.
25         Q.   Okay.  Exhibit 6 is a photograph that's