IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Elisabeth Epps, *et al.*,

    v.

City and County of Denver, *et al*.

Civ. No. 1:20-cv-1878-RBJ (consol.)

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RESPONSE TO AURORA DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff Johnathan Duran, through his attorneys, Loevy & Loevy, and hereby submits this notice of supplemental authority in support of his response to the Aurora Defendants' motion for summary judgment (Dkt. 383).

**DISCUSSION**

In their motion for summary judgment, the Aurora Defendants argue that Plaintiff Duran cannot show that his conduct during the protests (attending as a journalist and recording the protest) was protected by the First Amendment. Dkt. 259 at 8. This is wrong because, as Plaintiff explained in his response, he is a journalist whose newsgathering is indisputably protected under the First Amendment. *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972). The right to access, observe, and record the protests in public spaces is constitutionally protected for the press and the public. *Press-Enterprise Co. v. Sp. Ct. of Cal.*, 478 U.S. 1–2 (1986).

Moreover, the Tenth Circuit recently held in *Irizarry v. Yehia*, __ F.4th __, 2022 WL 2659462, at *8 (10th Cir. July 11, 2022), that it was clearly established by at least May 2019 that a journalist had a First Amendment right to film police performing their duties in public:

> Mr. Irizarry's right to film the police falls squarely within the First Amendment's core purposes to protect free and robust discussion of public affairs, hold government officials accountable, and check abuse of power. We have no doubt that Mr. Irizarry had a clearly

established First Amendment right to film the traffic stop in May 2019. *Id.* at *9. A copy of the opinion is attached as Exhibit 1.

Thus, not only was Plaintiff Duran's newsgathering as a journalist constitutionally protected activity, but his filming of the police at the protests in 2020 was constitutionally protected activity.

Respectfully submitted,

By: s/ Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
Telephone: (720) 328-5642
elizabethw@loevy.com
*Counsel for Plaintiff Johnathan Duran*

### CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2022, I served via CM/ECF the foregoing Notice of Supplemental Authority on all counsel of record.

s/ Elizabeth Wang