IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ (consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al*.,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al*.,

     Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, OR A NEW TRIAL, OR REMITTITUR FROM DEFENDANT JONATHAN CHRISTIAN**

---

### I. MR. CHRISTIAN IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON MS. EPPS' FOURTH AMENDMENT CLAIM OR A NEW TRIAL

#### A. JUDGMENT AS A MATTER OF LAW WAS APPROPRIATE ON MS. EPPS' FOURTH AMENDMENT USE OF FORCE CLAIM

Plaintiff ignores the totality of the circumstances and what the actual evidence regarding Mr. Christian's single pepperball area saturation deployment at Ms. Epps' feet. Mr. Christian does not raise subjective intent. His purpose goes to the objective reasonableness of his on-scene perception of the need to deploy the pepperball. ***Saucier v. Katz,*** 533 U.S. 194, 205 (2001); ***Trusdale v. Bell,*** 85 Fed. Appx. 691, 695 ("The legal question, however, is not whether the Officer was mistaken, but whether his actions were objectively reasonable in light of what he perceived at the time."). Judged against the appropriate standard, the deployment was objectively reasonable.

#### B. MR. CHRISTIAN WAS ENTITLED TO QUALIFIED IMMUNITY FROM MS. EPPS' FOURTH AMENDMENT USE OF FORCE CLAIM

Plaintiff's clearly established law analysis is fundamentally wrong. The Supreme Court

requires the specific and particularized analysis of the clearly established issue.  [Mot, at 5].

Plaintiff's cases pre-date these decisions and reliance on them is inconsistent with the mandatory

inquiry required by these decisions and others.  *See Doe v. Woodard,* 912 F.3d 1278, 1298 (10th

Cir. 2019) ("The Court has stressed that the rule's high 'degree of specificity' is especially

important in the Fourth Amendment context."); *Arnold v. City of Olathe,* 2022 U.S. App. Lexis

15215, at \*23 (10th Cir. May 19, 2022) ("It is particularly important that a Fourth Amendment

right be clearly established in a specific factual scenario because it can be difficult for an officer

to determine how the prohibition against excessive force will apply in novel situations.").

## II.  JUDGMENT AS A MATTER OF LAW WAS APPROPRIATE ON THE ISSUE OF PUNITIVE DAMAGES

To support punitive damages, Plaintiff inappropriately focuses on Mr. Christian's actions

towards other people.  [Resp., at 7].  Punitive damages in § 1983, cases, however, focuses on the

violation of Plaintiff's constitutional rights.  *Smith v. Wade,* 461 U.S. 30, 51 (1983) ("As for

punitive damages . . . we are content to adopt the policy judgment of the common law—that

reckless or callous disregard *for the plaintiff's rights*, as well as intentional violations of federal

law, should be sufficient to trigger a jury's consideration of the appropriateness of punitive

damages."; emphasis added); *Eisenhour v. Weber City,* 897 F.3d 1272, 1281 (10th Cir. 2018)

("The specific issue in this case is whether there was sufficient evidence that Storey acted with

'reckless or callous indifference to the federally protected rights of' Eisenhour.").  Ms. Epps

presented no evidence about Mr. Christian's perception of the risk to her.  [Mot., at 5-6].

## III.  MR. CHRISTIAN WAS PREJUDICED BY A JOINT TRIAL WITH ALL THE CLAIMS AGAINST DENVER

Analytically, in evaluating the prejudice of a joint trial to Mr. Christian, this Court should

evaluate what evidence presented at trial against Denver the Court would have allowed in a trial involving solely Ms. Epps' claims against Mr. Christian.   Only Ms. Epps and Mr. Christian testified about their event.   Testimony from Plaintiffs' experts, Nicholas Mitchell, concerning policy and training, the other Plaintiffs, and all the other evidence presented at the three-week trial was entirety irrelevant to Ms. Epps' claim against Mr. Christian.   Based on the actual evidence presented, a trial of Ms. Epps' claims against Mr. Christian would have lasted two or three days. Plaintiff's effort to minimize the fundamental unfairness of the trial to Mr. Christian is unavailing.

**A.  MR. CHRISTIAN WAS PREJUDICED BY THE INTRODUCTION OF EVIDENCE CONCERNING BOTH THE POLICIES AND TRAINING OF THE DENVER POLICE DEPARTMENT AND ANY VIOLATION OF THOSE POLICES OR TRAINING**

Mr. Christian maintains this Court would not have allowed the evidence concerning the policies and training of DPD and any violation of those policies or training standards presented at trial in a trial solely concerning Ms. Epps' claims against him.   Moreover, Plaintiff mischaracterizes how the evidence concerning Mr. Christian's compliance with DPD policy and training was actually presented.  Plaintiff ignores, for example, how Mr. Christian was questioned about not including the incident involving Ms. Epps in his use of force statement, how his failure to do so violated DPD policy, and how he was not disciplined.  [Tr., 3/16/22, at 1486].  Plaintiff also ignores how Mr. Christian was questioned about his use of body worn camera.  [Tr., 3/16/22, at 1473-75].  Based on the other evidence presented at trial related to the failure to use body worn cameras and to complete use of force reports in violation of DPD policy, the clear implication of these questions was Mr. Christian violated DPD policy and was not punished for it.  [Tr., 3/9/22, at 358; Tr., 3/11/22, at 911-912; Tr., 3/17/22, at 1796 & 1825; Tr., 3/21/22, at 2212; Tr., 3/22/22, at 2330, 2329, 2409 & 2529-30; Tr. 3/24/22, at 2868]. Such evidence squarely violates ***Tanberg***

***v. Sholtis,*** 401 F.3d 1151 (10th Cir. 2005). The jury instruction requested by the defense could not cure the prejudice on Mr. Christian based on the wholesale introduction of all the policy and training evidence presented at trial including specifically his violations of DPD body worn camera and use of force policies.

### B. MR. CHRISTIAN WAS PREJUDICED BY THE INTRODUCTION OF EVIDENCE AT TRIAL CONCERNING OTHER INCIDENTS HE WAS INVOLVED WITH AT THE PROTESTS UNRELATED TO MS. EPPS

Plaintiff argues the evidence concerning his interactions with others is relevant to punitive damages. When the introduction of these other events was objected to at trial, Plaintiff did not argue they were admissible for punitive damages, but instead asserted admissibility to establish Mr. Christian's motive for Ms. Epps' First Amendment claim. [Tr., 3/15/22, at 1278-1281; Tr., 3/16/22, at 1490]. Plaintiff has not previously argued this evidence is admissible for purposes of punitive damages and the law does not support Plaintiff's new argument as argued in Section II.

### IV. THE PUNITIVE DAMAGES AWARD AGAINST MR. CHRISTIAN IS EXCESSIVE AND SHOULD BE REDUCED UNDER THE DUE PROCESS CLAUSE

No separate itemization of compensatory damages against Mr. Christian exists on the verdict form and the jury's virtually identical compensatory damages awards to other Plaintiffs with claims only against Denver supports the conclusion they did not separately award compensatory damages against Mr. Christian.

In response to Mr. Christian's argument the facts of what occurred with respect to Ms. Epps do not justify a $250,000 punitive damages award, Plaintiff distinguishes the precedent relied upon by suggesting the cases are "mostly out-of-circuit" and cites two Tenth Circuit cases. Both those cases are factually distinguishable given the significant injuries suffered by those Plaintiffs. *Compare **Osterhout v. Bd. of Cty. Comm'rs,*** 10 F.4th 978, 982 & n. 1 & 998 (10th Cir. 2021)

(affirming $1 Million punitive damages award in case where police officer during traffic stop struck plaintiff twice in the face with either a closed fist or a flashlight and kicked him twice in the ribs causing actual physical damages documented by photographs and a CT scan showing fractures requiring surgery); ***Burke v. Regalado,*** 935 F.3d 960, 1039 (10th Cir. 2019) (affirming $250,000 punitive damages award against Sheriff where jail personnel ignored inmate's physical suffering for five full days including complaints of paralysis, thirst and pain and where inmate ultimately suffered respiratory failure and death).  After her encounter with Mr. Christian, Ms. Epps did not discontinue protesting, did not receive any medical attention, at most sustained a single bruise, and received no mental health treatment.  The jury's award of $250,000 in punitive damages against Mr. Christian on such facts is fundamentally inconsistent with due process.

Dated this 15th day of July, 2022.

Respectfully submitted,

*s/ Andrew D. Ringel*
Andrew D. Ringel, Esq.

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 15th day of July, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following all counsel of record in this matter.

*s/Nicole Marion*, Legal Assistant to
Hall & Evans, L.L.C.

6