IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-1878-RBJ (consolidated with 1:20-cv-1922-RBJ-MEH)

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SURREPLY TO AURORA DEFENDANTS' REPLY ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Johnathen Duran and Zach Packard, through their respective attorneys, hereby file this unopposed motion for leave to file a 6-page surreply to Aurora Defendants' Reply on Motion for Summary Judgment [Dkt. 403]. In support of this motion, Plaintiffs state as follows:

1. The Aurora Defendants raised a new argument for the first time in their reply brief on summary judgment. Dkt. 403 (Aurora Defs.' Reply) at 14-15. They argue that the jury verdict against Denver at the March 2022 trial defeats Plaintiffs Duran's and Packard's *Monell* claims against Aurora as a "matter of law." *Id.*

2. New arguments are not normally permitted for the first time in reply. However, because the Aurora Defendants' motion for summary judgment was filed before the trial and the new argument arose from the result of the trial, Plaintiffs did not oppose the Aurora Defendants' motion for leave to raise the new argument and seek five (5) extra pages for their reply brief to do so. *See* Dkt. 402 (Aurora Defs.' Mot. for Leave).

3. In turn, the Aurora Defendants agreed that Plaintiffs should have an opportunity to address the new argument in a surreply. Dkt. 403 at 14 n.3.

4. Plaintiffs' proposed 6-page surreply is attached as Exhibit A. In the surreply, Plaintiffs explain why the jury verdict against Denver has no effect on Plaintiffs' *Monell* claims against Aurora. Specifically, Mr. Duran was not part of the trial at all, and there were no jury findings on any of his claims whatsoever, including on whether they were attributable to Denver or anyone else. Notably, Aurora ignores this fact in its Reply and refers only to the verdict in favor of Mr. Packard against Denver. *See* Dkt. 403 at 14-15. Mr. Duran must be allowed an opportunity to present his claims against Aurora and Officer Budaj to a jury. As for Mr. Packard, Aurora is jointly and severally liable with Denver because Aurora's polices, practices, and customs also caused Mr. Packard's injuries. As Plaintiffs have shown in their response brief (and which Aurora does not meaningfully contest in reply), there is a genuine dispute of material fact on Plaintiffs' *Monell* claims against Aurora on which a reasonable jury could find in Plaintiffs' favor.

WHEREFORE, Plaintiffs Duran and Packard respectfully request leave to file the attached surreply.

Respectfully submitted,

By: /s/ Elizabeth Wang
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
Telephone: (720) 328-5642
elizabethw@loevy.com
*Counsel for Plaintiff Duran*

By: /s/ Timothy R. Macdonald
Timothy R. Macdonald
Matthew J. Douglas
Edward Packard Aro
R. Reeves Anderson
Colin M. O'Brien
Arnold & Porter Kaye Scholer, LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Timothy.Macdonald@arnoldporter.com
Matthew.Douglas@arnoldporter.com

Ed.Aro@arnoldporter.com
Reeves.Anderson@arnoldporter.com
Colin.Obrien@arnoldporter.com
*Counsel for Plaintiff Packard*

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on July 29, 2022, I served via CM/ECF the foregoing document on counsel of record for all parties.

s/ Elizabeth Wang
Counsel for Plaintiff Duran