IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ (consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

**RESPONSE TO FITOURI PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS FROM DEFENDANT CITY AND COUNTY OF DENVER**

Defendant City and County of Denver, Colorado ("Denver"), by and through its undersigned counsel, hereby respectfully submits this Response to Fitouri Plaintiffs' Motion for Attorneys' Fees and Costs, as follows:

**INTRODUCTION**

The Fitouri Plaintiffs' Motion for Attorneys' Fees and Costs requests a total of $1,432,885.00 in attorney's fees and $7,964.60 in costs pursuant to 42 U.S.C. § 1988. Denver respectfully submits any award of attorney's fees and costs for the Fitouri Plaintiffs must be significantly reduced.

**ARGUMENT**

**I. THE REQUESTED ATTORNEY FEES ARE NOT REASONABLE AND MUST BE REDUCED BY THIS COURT**

Plaintiffs bear the burden of establishing entitlement to an attorney fees award pursuant to 42 U.S.C. § 1988. ***Fox v. Vice,*** 563 U.S. 826, 838 (2011); ***Hensley v. Eckerhart,*** 461 U.S. 424,

437 (1983). This burden extends to proving the requested hourly rate and the appropriateness of the hours expended. Time spent by counsel that is "excessive, redundant, or otherwise unnecessary" is not compensable. **Hensley,** 461 U.S. at 434. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly." *Id.* at 433. Plaintiffs' "burden in an application for attorneys fees is to 'prove the reasonableness of each dollar, each hour, above zero.'" **Jane L. v. Bangerter,** 61 F.3d 1505, 1510 (10th Cir. 1995) (citing **Mares v. Credit Bureau of Raton,** 801 F.2d 1197, 1210 (10th Cir. 1986)). "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." **Case v. Unified Sch. Dist. No. 233,** 157 F.3d 1243, 1250 (10th Cir. 1998). Sloppy, imprecise and inadequate time records warrant reductions by the District Court. **Jane L,** 61 F.3d at 1510.

A court reviewing and determining the reasonableness of an attorney's fees application includes consideration of whether the tasks are those for which an attorney would normally bill a client, duplication of effort by multiple timekeepers, and the improper practice of "block billing" that fails to reveal how long specific activities took a timekeeper. **Robinson v. City of Edmond,** 160 F.3d 1275, 1284 (10th Cir. 1998); **Ramos v. Lamm,** 713 F.21d 546, 553-54 (10th Cir. 1983). Counsel submitting an attorney's fee application are required to utilize billing judgment. "In the private sector, 'billing judgment' is an important component of fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's

*adversary* pursuant to statutory authority." ***Ramos,*** 713 F.2d at 533 (quoting ***Copeland v. Marshall,*** 641 F.2d 880, 891 (D.C. Cir. 1980); emphases in original).

### A.  THE REQUESTED HOURLY RATES ARE UNREASONABLE

A reasonable hourly rate is based on the "prevailing market rates in the relevant community." ***Malloy v. Monahan,*** 73 F.3d 1012, 1018 (10th Cir. 1996). Plaintiffs bear the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." ***Blum v. Stenson,*** 465 U.S. 886, 896 n. 11 (1984). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" ***Jane L,*** 61 F.3d at 1510 (quoting ***Ramos,*** 713 F.2d at 555).

Denver retained William A. Rogers, III, Esq., as its expert on attorney's fees. Mr. Rogers has analyzed the hourly rates claimed for the different timekeepers and opines as to the reasonable hourly rates for them based on their levels of experience and the data provided by the 2017 Economics of Law Practice Survey published by the Colorado Bar Association, as follows:

| Name | Requested Hourly Rate | Reasonable Hourly Rate | Total Fees With Reduced Rates[1] |
|---|---|---|---|
| Jon Loevy | $650 | $475 | $4,037.50 |
| Elizabeth Wang | $595 | $400 | $683,900.00 |

---

[1] This column calculates the total fees with the reduced rates in this chart based on the total number of hours claimed with no reductions. Of course, Denver argues substantial reductions in the number of hours are appropriate based on the analysis in Section B below.

| Steven Art | $545 | $325 | $812.50 |
| --- | --- | --- | --- |
| David B. Owens | $545 | $300 | $957.00 |
| Katie Roche (associate) | $375 | $250 | $9,312.50 |
| Makeba Rutahindurwa (associate) | $375 | $225 | $151,931.25 |
| Brian Swift (paralegal) | $175 | $115 | $90,275.00 |
| Andy Thayer (office manager) | $175 | $0 | $0 |
| **Total** | | | $941,225.75 |

Mr. Rogers' analysis is thorough and well supported and should be adopted by this Court. [*See* Affidavit of William A. Rogers, III, Exh. A; Expert Report of William A. Rogers, III, Exh. B, at 4-13].

### B. THE NUMBER OF HOURS CLAIMED ARE UNREASONABLE

Denver and its expert have reviewed the time records submitted by counsel for the Fitouri Plaintiffs and respectfully submit the number of hours should be reduced for the following reasons.

**1.    Lack of Exercise of Billing Judgment**:

Billing judgment is appropriately exercised by a prevailing party *before* submitting an attorney's fees request. ***Ramos,*** 713 F.2d at 553; ***Copeland,*** 641 F.2d at 891; ***Thames v. Evanston Ins. Co.,*** 665 F'Appx. 716, 721 (10th Cir. 2016) ("The Court also notes that Evanston's lawyers have already exercised a degree of billing judgment by deleting certain charges from their bills to the client."); ***Praesuth v. Rubbermaid, Inc.,*** 406 F.3d 1245, 1257 (10th Cir. 2005) ("The fee applicant should exercise billing judgment with respect to the numbers of hours worked and billed.

Billing judgment consists of winnowing the hours actually expended down to hours reasonably expended."; citations omitted).

While the Declarations submitted assert billing judgment was exercised and "dozens of hours" have been excluded, there is no itemization of the actual number of hours expended not included in Plaintiffs' submission. [*See* ECF 380-2, ¶ 17; ECF 380-3, ¶ 7; ECF 380-9, ¶ 5]. Some of the timekeepers appear to have included no reduction in the hours claimed for billing judgment. [*See* ECF 380-4, ¶ 51; ECF 380-5, ¶ 23; ECF 380-6, ¶ 13]. Based the total of 3,325 hours requested, it defies logic to suggest only dozens of those hours were non-compensable and were excluded on a billing judgment basis. The time records and evidence actually submitted do not demonstrate any substantial billing judgment was exercised here. Based on the lack of billing judgment, Mr. Rogers opines a reduction of 5% is appropriate. [*See* Rogers Report, at 13-14, Exh. B].

### 2. **Duplication of Effort**:

Duplication of effort by multiple timekeepers represents an appropriate basis to reduce an attorney's fees award. ***Pelican Prod. Corp. v. Marino,*** 893 F.2d 1143, 1148 (10th Cir. 1990); ***Ramos,*** 713 F.2d at 554; ***Deasy v. Optimal Home Care, Inc.,*** 17-cv-00287-MSK-CBS, 2019 U.S. Dist. LEXIS 102086 at *9 (D. Colo. June 19, 2019). Several different instances of duplication of effort are reflected in the bills submitted by the Fitouri Plaintiffs.

First, Mr. Rogers has identified time entries from Ms. Rutahindurwa totaling 49.75 hours which are duplicative and unnecessary given Ms. Wang's participation in the same activities. [*See* Rogers Report, at 16, Exh. B].

Second, Mr. Rogers identifies the potential duplication arising from multiple timekeepers reviewing and analyzing the videos produced in discovery in this matter. [*See* Rogers Report, at 16 Exh. B]. Denver addresses this issue as an issue of excessive and unnecessary time below.

3.  **Excessive and Unnecessary Time**:

Excessive time spent on particular litigation tasks or time spent on unnecessary activities are not compensable under a fee shifting statute. *See, e.g.,* ***N.M. Top Organics-Ultra Health, Inc. v. Kennedy,*** 17-cv-00599-JAP-LF, 2019 U.S. Dist. LEXIS 56221 at *4-5 (D.N.M. Apr. 2, 2019) (reducing fee request for excessive time spent on certain matters); ***Ross v. Univ. of Tulsa,*** 14-cv-484-TCK-PJC, 2017 U.S. Dist. LEXIS 145407 at *9-10 (N.D. Okla. Sept. 8, 2017) (same); ***Burch v. La Petite Acad., Inc.,*** 10 F'Appx. 753, 755 (10h Cir. 2001) (noting propriety of excluding excessive, redundant, or otherwise unnecessary time from a fee application); ***Christos v. Halker Consulting, LLC,*** 16-cv-01838-PAB-NYW, 2019 U.S. Dist. LEXIS 135429 *26 n. 6 (D. Colo. Aug. 12, 2019) (same).

Initially, Mr. Rogers identified the duplication of multiple timekeepers reviewing and analyzing video evidence. [*See* Rogers Report, at 16-17, Exh. B]. Review of the time records from the Fitouri Plaintiffs' counsel demonstrates they do not include any details about what was being reviewed including how many videos, the duration of the videos, or anything other than a generic description of who produced the video evidence. These time entries do nothing to rebut the conclusion videos were reviewed by more than one timekeeper. While videos were important evidence in this case and needed to be reviewed, the vast amount of time spent reviewing videos is simply not reasonable and is duplicative.

Further, examples of specific tasks that took an excessive amount of time also exist. A total of 29.25 hours was spent in preparing the Motion to Limit the Expert Opinion Testimony of Steve Ijames related to Defendants' expert Steve Ijames. [*See* ECF 380-3: 1/13/22 (3.0); 1/14/22 (5.25); 1/15/22 (9.5); 1/16/22 (4.75); 1/18/22 (.75); 1/19/22 (1.5); ECF 380-2: 10/25/21 (1.0); 12/3/21 (.5); 1/13/22 (1.0); 1/19/22 (2.0)]. This Motion totaled 13 pages and was not complicated legally or factually. [ECF 244].

Similarly, deposition preparation for at least some of the depositions was excessive. A total of 11.75 hours was billed to prepare for and conduct the deposition of Keith Valentine. [ECF 380-3: 5/18/22 (4.0); 5/19/21 (7.5); ECF 380-2: 5/12/21 0.25)]. The deposition lasted 4 hours and 15 minutes, counsel for the Fitouri Plaintiffs was not the lead questioner, and her questions were for 39 pages of the deposition. [*See* Valentine Dep., at 1-3 & 153, Exh. C]. A total of 9.25 hours was billed to prepare for and conduct the deposition of Jonathan Christian. [*See* 380-3: 6/1/21 (2.75); 6/4/21 (1.5); 6/4/21 (5.0)]. The Fitouri Plaintiffs' counsel did not take lead, her questions consisted of 27 pages in the transcript, and the total deposition was 2 hours and 58 minutes. [*See* Christian Dep., at 3 & 124, Exh. D].

Other examples exist. Preparation for the opening statement took 23.25 hours. [*See* ECF 380-3: 3/5/22 (4.0); 3/6/22 (12.0); 3/7/22 (2.0); ECF 380-2: 3/6/22 (1.25)]. Preparation of Jacqueline Parkins for her trial testimony and her direct examination encompassed at least 9.5 hours. [*See* 380-3: 2/18/22 (2.75); 3/14/22 (1.0); 3/16/22 (5.75); ECF 380-2 (4.0)].[2] Ms. Parkins' direct examination took 41 minutes. [*See* ECF 330].

---

[2] Additional time was likely spent preparing for Ms. Parkins' direct examination given the generic time entries providing work on plaintiffs' direct outlines without specifying any particular witness. [*See* 380-3: 2/23/22 (9.0); 2/28/22 (6.5); 3/2/22 (4.0); 3/3/22 (4.0); 3/3/22 (3.25)].

Denver highlights the above as examples only. A general reduction for duplicative and excessive time of 2.5% is warranted.

4.  **Use of Quarter Hour Time Entries**:

In the context of fee-shifting statutes, federal courts have expressed concern the use of quarter hour time entries results in overbilling. *See, e.g.,* **Freeman v. Clarke Cnty.,** 620 F'Appx. 223, 230 n. 9 (5th Cir. July 7, 2015); **Yellowbrook v. Brandeberry,** 708 F.2d 837, 849 (6th Cir. 2013); **Welch v. Metro. Life Ins. Co.,** 480 F.3d 942, 948-949 (9th Cir. 2007); **Broyles v. Director,** 974 F.2d 508, 510-11 (4th Cir. 1992). Courts reviewing time records with quarter-hour time entries have reduced them on a percentage basis. *See, e.g.,* **Bench Billboard Co. v. City of Toledo,** 499 F'Appx. 538, at *25-26 (6th Cir. 2012) (noting District Court determined billing in quarter-hour increments results in bills 15% higher than bills based on tenth-hour increments and affirmed reduction of 7.5%); **Robinson v. Plourde,** 717 F.Supp.2d 1092, 1100-1 (D. Haw. 2010) (20% reduction); **Diffenderfer v. Gomez-Colon,** 606 F.Supp.2d 222, 229 (D.P.R. 2009) (20% reduction); **Glover v. Heart of Am. Mgmt. Co.,** 98-2125-KHV, 1999 U.S. Dist. LEXIS 9921, at *21-24 (D. Kan. May 5, 1999); **Welch,** 480 F.3d at 948-49 (affirming 20% reduction). Mr. Rogers is critical of the practice of billing in quarter hour increments based on the unremarkable proposition, and one recognized by all these courts, that many tasks take less than 15 minutes to accomplish. [*See* Rogers Report, at 14, Exh. B]. Based on Mr. Rogers' opinion, Denver requests a reduction of at least 15% in the number of hours requested. [*See* Rogers Report, at 14, Exh. B].

5.  **Vague Time Entries**:

The submitted billing records are replete with vague time entries making meaningful review by Denver and this Court of the time spent on specific tasks difficult if not impossible.

*Hensley,* 461 U.S. at 433; *Jane L.,* 61 F.3d at 1510; *Mares,* 801 F.2d at 1210.  Under such circumstances, courts reviewing such time records have adopted an approach of reducing the entire time by a percentage reduction to account for such issues.  *See, e.g.,* ***Okla. Nat. Gas Co. v. Apache Corp.,*** 355 F.Supp.2d 1246, 1264-65 (N.D. Okla. 2004); ***Huntair, Inc. v. ClimateCraft, Inc.,*** 254 F.R.D. 677, 680 (N.D. Okla. 2008).  Denver submits a percentage reduction of 2.5% is appropriate for these vague time entries.

      **6.**    **Inter and Intra-office Communications and Conferences**:

Interoffice and intraoffice communication also warrants a reduction of attorney's fees requests, particularly when more than one timekeeper bills for the conference time.  *See, e.g.,* ***Busby v. City of Tulsa,*** 11-cv-447-JEB-JFJ, 2018 U.S. Dist. LEXIS 224158 at *17-18 (N.D. Okla. Oct. 23, 2018); ***Layton v. Bd. of County Comm'rs,*** CIV-09-1208-C, 2014 U.S. Dist. LEXIS 18524 at *15 (W.D. Okla. Feb. 12, 2014); ***In re Associate Grocers,*** 137 B.R. 413, 425 n. e & 439 n. u (Bank. Colo. July 6, 1990).  Here, there are many interoffice and intraoffice communications between counsel and with staff.  [*See, e.g.,* 380-2: 6/19/20 (.25); 7/3/20 (1.5); 7/7/20 (.25); 7/10/20 (.75); 7/12/20 (.5); 7/13/20 (.5); 7/13/20 (1.0); 7/23/20 (.75); 7/27/20 (.75); 8/7/20 (1.0); 8/7/20 (.5); 8/12/20 (.5); 8/12/20 (1.5); 8/19/20 (.75); 8/19/20 (.5); 8/21/20 (.75); 8/27/20 (1.25); 8/27/20 (.5); 9/3/20 (1.0); 9/3/20 (.5); 9/9/20 (.5); 10/7/20 (.75); 10/7/20 (0.5); 10/14/20 (1.5); 10/28/20 (0.25); 11/9/20 (.5); 11/11/20 (.25); 11/18/20 (.25); 11/18/20 (.5); 11/23/20 (.5); 12/16/20 (1.0)]. Denver submits none of this time is compensable.  Mr. Rogers opines a reduction of 2.5% is appropriate for these communications.  [*See* Rogers Report, at 15-16, Exh. B].  Denver submits

9

this is a reasonable approach rather than attempting to identify every single interoffice and intraoffice communication that occurred.[3]

7.   **Administrative and Clerical Tasks**:

Administrative and clerical tasks are not compensable in an attorney's fee petition if performed either by an attorney or a paralegal. ***Missouri v. Jenkins,*** 491 U.S. 274, 288 n. 10 (1989). Non-compensable clerical and administrative tasks include "e-filing court documents, converting documents into PDFs, and sending emails to the Court regarding service of process." ***Howard v. Midland Credit Mgmt,*** 11-cv-03123-PAB-BNB, 2012 U.S. Dist. LEXIS 136209, at *10-11 (D. Colo. Sept. 24, 2012). Review of the billing statements reveals a host of administrative and clerical tasks for which compensation is inappropriately requested. [*See, e.g.,* 380-2: 6/22/20 (.25); 6/28/20 (.25); 9/7/21 (.25); ECF 380-10: 5/20/22 (3.0); 5/22/22 (6.0); 5/25/22 (3.5); 5/25/22 (.25); 5/31/22 (.75)]. None of these entries are recoverable.

8.   **Summary:**

Based on the above analysis of the reasonableness of the time expended by the Fitouri Plaintiffs in this matter, the following chart summarizes the time reductions believed appropriate.

| Category | Section Above | Reduction | Total Dollar Reduction[4] |
|---|---|---|---|
| **Lack of Exercise of Billing Judgment** | 1 | 5% | $47,061.29 |

---

[3] The above time entries are for Ms. Wang and only from June through December 2020. Review of the time records submitted by all timekeepers in their entirety reveals significant interoffice and intraoffice communications. These are provided as examples for the Court but many others exist.

[4] These amounts are based on the reasonable hourly rates outlined in Section A above.

| | | | |
|---|---|---|---|
| **Duplication of Effort** | 2 | MR-49.75 hours | $11,193.75 |
| **Excessive and Unnecessary Time** | 3 | 2.5% | $23,530.64 |
| **Use of Quarter Hour Time Entries** | 4 | 15% | $141,183.86 |
| **Vague Time Entries** | 5 | 2.5% | $23,530.64 |
| **Inter and Intra-office Communications and Conferences** | 6 | 2.5% | $23,530.64 |
| **Administrative and Clerical Tasks** | 7 | EW-.75<br>AT-13.5 | $300.00<br>$2,362.50 |
| **Total Dollar Reductions** | | | $251,493.32 |
| **Total Dollar Amount Recoverable** | | | $689,732.43 |

## II. COSTS REQUESTED PURSUANT TO 42 U.S.C. § 1988[5]

The Fitouri Plaintiffs request a total of $7,964.60 in costs pursuant to 42 U.S.C. § 1988. [ECF 380, at 13-14; ECF 380-14]. Denver takes issue only with the travel related expenses for counsel to travel from Chicago to Denver and stay in Denver totaling $4,021.88. Such costs should be considered overhead and not compensable.

---

[5] The Motion requests costs recoverable under 28 U.S.C. § 1920 in the amount of $25,140.29 and costs under 42 U.S.C. § 1988 in the amount of $7,964.00. [ECF 380, at 14]. Plaintiffs separately filed a Bill of Costs for the 28 U.S.C. § 1920 costs which the Clerk of this Court denied as premature due to the lack of a final judgment. [ECF 381 & 382]. Thus, Denver only addresses the requested costs pursuant to 42 U.S.C. § 1988 in this Response.

Plaintiffs rely solely on *M.B. v. Howard,* 555 F.Supp.3d 1047, 1079 (D. Kan. 2021). [ECF 380, at 15]. However, as that case and other cases hold travel expenses are only recoverable when out-of-state counsel is needed because the case demands particular skill or expertise. *Id.* (citing *Animal Legal Def. Fund.,* 2020 U.S. Dist. LEXIS 124480, at *6-7 (D. Kan. July 15, 2020)). Chicago counsel's participation in this litigation does not meet this threshold and therefore these travel-related expenses are not recoverable leaving recoverable costs pursuant to 42 U.S.C. § 1988 at $3,942.72.

WHEREFORE, for all the foregoing reasons, Defendant the City and County of Denver respectfully requests this Court reduce any attorney's fees and costs award to the Fitouri Plaintiffs to no more than $693,675.15, and for all other and further relief as this Court deems just and appropriate.

Dated this 5th day of August, 2022.

Respectfully submitted,

*s/ Andrew D. Ringel*                                        .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Robert A. Weiner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
hoffmank@hallevans.com
weinerr@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org

*Counsel for the City and County of Denver and Jonathan Christian*

13

## CERTIFICATE OF SERVICE (CM/ECF)

  I hereby certify that on this 5th day of August, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following all counsel of record in this matter.

                *s/Nicole Marion*, Legal Assistant to
                Hall & Evans, L.L.C.