IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ (consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## RESPONSE TO EPPS PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS FROM DEFENDANTS CITY AND COUNTY OF DENVER AND JONATHAN CHRISTIAN

Defendants City and County of Denver, Colorado ("Denver") and Jonathan Christian, by and through its undersigned counsel, hereby respectfully submits this Response to Epps Plaintiffs' Motion for Attorneys' Fees and Costs, as follows:

## INTRODUCTION

The Epps Plaintiffs' Motion for Attorneys' Fees and Costs requests a total of $2,561,557.000 in attorney's fees and $34,368.67 in costs pursuant to 42 U.S.C. § 1988. Defendants respectfully submit any award of attorney's fees and costs for the Epps Plaintiffs must be significantly reduced.

# ARGUMENT

## I.  THE REQUESTED ATTORNEY FEES ARE NOT REASONABLE AND MUST BE REDUCED BY THIS COURT

Plaintiffs bear the burden of establishing entitlement to an attorney fees award pursuant to 42 U.S.C. § 1988.  ***Fox v. Vice,*** 563 U.S. 826, 838 (2011); ***Hensley v. Eckerhart,*** 461 U.S. 424, 437 (1983).  This burden extends to proving the requested hourly rate and the appropriateness of the hours expended.  Time spent by counsel that is "excessive, redundant, or otherwise unnecessary" is not compensable.  ***Hensley,*** 461 U.S. at 434.  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation is inadequate, the district court may reduce the award accordingly." ***Id.*** at 433.  Plaintiffs' "burden in an application for attorneys fees is to 'prove the reasonableness of each dollar, each hour, above zero.'" ***Jane L. v. Bangerter,*** 61 F.3d 1505, 1510 (10th Cir. 1995) (citing ***Mares v. Credit Bureau of Raton,*** 801 F.2d 1197, 1210 (10th Cir. 1986)).  "Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." ***Case v. Unified Sch. Dist. No. 233,*** 157 F.3d 1243, 1250 (10th Cir. 1998).  Sloppy, imprecise and inadequate time records warrant reductions by the District Court.  ***Jane L,*** 61 F.3d at 1510.

A court reviewing and determining the reasonableness of an attorney's fees application includes consideration of whether the tasks are those for which an attorney would normally bill a client, duplication of effort by multiple timekeepers, and the improper practice of "block billing" that fails to reveal how long specific activities took a timekeeper.  ***Robinson v. City of Edmond,*** 160 F.3d 1275, 1284 (10th Cir. 1998); ***Ramos v. Lamm,*** 713 F.21d 546, 553-54 (10th Cir. 1983).

Counsel submitting an attorney's fee application are required to utilize billing judgment. "In the private sector, 'billing judgment' is an important component of fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Ramos,* 713 F.2d at 533 (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980); emphases in original).

### A. THE REQUESTED HOURLY RATES ARE UNREASONABLE

A reasonable hourly rate is based on the "prevailing market rates in the relevant community." *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996). Plaintiffs bear the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Jane L,* 61 F.3d at 1510 (quoting *Ramos,* 713 F.2d at 555).

Here, Plaintiffs offer as evidence to support the reasonableness of their claimed hourly rates only the Affidavit of counsel for the Plaintiffs, analogy to case law, and the Laffey Matrix. [*See* Motion, at 14-21]. In *Blum,* the Supreme Court determined the prevailing market rate must be established by "satisfactory evidence" which is more than the attorney's own affidavits. *Blum,* 465 U.S. at 896 n. 11. The Tenth Circuit and this Court have determined the type of evidence presented by Plaintiffs is not sufficient to carry their burden of establishing the prevailing market rate for the community. *See Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.,* 295 F.3d 1065,

3

1078-79 (10th Cir. 2002) (attorney's own affidavit combined with affidavit of another attorney about her fees insufficient); *Cypress Advisors, Inc. v. Davis,* 16-cv-01935-PAB-MEH, 2022 U.S. Dist. LEXIS 58669, at *16-25 (D. Colo. Mar. 20, 2022) (discussing lack of evidence on the supporting prevailing party's requested hourly rates and relying on the Colorado Bar Association's Economics of Law Practice Survey 2017 Edition to establish prevailing market rates in Denver); ***Live Face On Web, LLC v. Integrity Sols. Grp., Inc.,*** 16-cv-01627-CMA-STV, 2020 U.S. Dist. LEXIS 123386, at *7-8 (D. Colo. July 14, 2020) (satisfactory evidence standard met with declaration of attorney related to fees in the community). With respect to the Laffey Matrix, this Court has repeatedly rejected its applicability to Colorado. *See, e.g.,* ***Howard v. Midland Credit Mgmt,*** 11-cv-03123-PAB-BNB, 2012 U.S. Dist. LEXIS 136209, at *6 (D. Colo. Sep. 24, 2012); ***Fresquez v. BNSF,*** 17-cv-0844-WJM-SKC, 2020 U.S. Dist. LEXIS 48416, at *5-6 (D. Colo. Mar. 20, 2020); ***Reichers v. Delaware Asset Mgmt., LLC,*** 13-cv-02171-CMA-CBS, 2013 U.S. Dist. LEXIS 164981, at * 3 (D. Colo. Nov. 20, 2013). Plaintiffs' proffered evidence on the reasonable market rate for legal services in Denver is insufficient.

In contrast, Denver retained William A. Rogers, III, Esq., as its expert on attorney's fees. Mr. Rogers has analyzed the hourly rates claimed for the different timekeepers and opines as to the reasonable hourly rates for them based on their levels of experience and the data provided by the 2017 CBA Practice Survey, as follows:

| Name | Requested Hourly Rate | Reasonable Hourly Rate | Total Fees With Reduced Rates[1] |
|---|---|---|---|
| R. Reeves Anderson | $595 | $375 | $118,425 |
| Ed Aro | $595 | $500 | $13,750 |
| Matthew Douglas | $595 | $450 | $290,115 |
| Timothy McDonald | $595 | $450 | $305,415 |
| Colin O'Brien | $595 | $375 | $35,962.50 |
| Diana Sterk | $595 | $375 | $145,875 |
| Sam Callahan (associate) | $375 | $230 | $7,820 |
| Gerardo Mijares-Shafai (associate) | $375 | $250 | $64,450 |
| Patrick Reidy (associate) | $375 | $300 | $229,710 |
| Michael Sebba (associate) | $375 | $250 | $129,800 |
| Mindy Gorin (associate) | $375 | $225 | $93,420 |
| Andreas Moffett (associate) | $375 | $225 | $116,820 |
| Joseph Chang (paralegal) | $175 | $110 | $82,676 |
| **Total** | | | $1,634,238.50 |

---

[1] This column calculates the total fees with the reduced rates in this chart based on the total number of hours claimed with no reductions. Of course, Defendants argue substantial reductions in the number of hours are appropriate based on the analysis in Section B below.

Mr. Rogers' analysis is thorough and well supported and should be adopted by this Court. [*See* Affidavit of William A. Rogers, III, Exh. A; Expert Report of William A. Rogers, III, Exh. B, at 4-12].

### B.  THE NUMBER OF HOURS CLAIMED ARE UNREASONABLE

Defendants and their expert have reviewed the time records submitted by counsel for the Epps Plaintiffs and respectfully submit the number of hours should be reduced for the following reasons.

**1.    Lack of Exercise of Billing Judgment**:

Billing judgment is appropriately exercised by a prevailing party ***before*** submitting an attorney's fees request.  ***Ramos,*** 713 F.2d at 553; ***Copeland,*** 641 F.2d at 891; ***Thames v. Evanston Ins. Co.,*** 665 F'Appx. 716, 721 (10th Cir. 2016) ("The Court also notes that Evanston's lawyers have already exercised a degree of billing judgment by deleting certain charges from their bills to the client."); ***Praesuth v. Rubbermaid, Inc.,*** 406 F.3d 1245, 1257 (10th Cir. 2005) ("The fee applicant should exercise billing judgment with respect to the numbers of hours worked and billed. Billing judgment consists of winnowing the hours actually expended down to hours reasonably expended."; citations omitted).

The Epps Plaintiffs champion the number of hours they claim to have spent on this matter not included in the fee petition.  Importantly, no actual evidence of what the unsubmitted time consists of has been provided for either Defendants, their expert, or this Court to review or evaluate.  Based on Plaintiffs' evidence no one knows whether the time reduced consists of blank, vague, uninformative or non-descriptive time entries.  Despite the claim of the exercise of billing judgment, Mr. Rogers has comprehensively reviewed the entire time records provided and reaches

6

the conclusion, after citing several examples demonstrating a lack of billing judgment, a reduction of 5% is warranted on this basis. [*See* Rogers Report, at 16-17, Exh. B].

## 2. **Duplication of Effort**:

Duplication of effort by multiple timekeepers represents an appropriate basis to reduce an attorney's fees award. ***Pelican Prod. Corp. v. Marino,*** 893 F.2d 1143, 1148 (10th Cir. 1990); ***Ramos,*** 713 F.2d at 554; ***Deasy v. Optimal Home Care, Inc.,*** 17-cv-00287-MSK-CBS, 2019 U.S. Dist. LEXIS 102086 at *9 (D. Colo. June 19, 2019).

Mr. Rogers explains the duplication of effort apparent from his review of the Plaintiffs' time records as follows:

> Given the manner in which the Epps Plaintiffs have presented the timesheets on behalf of their attorneys, it is of course more difficult to undertake an evaluation of duplication of effort in this case. However, it is clear to me far too many attorneys and timekeepers spent time on this file for which these Plaintiffs now seek compensation and the work collectively done by these attorneys is far too duplicative to be reasonably awarded against the City and County of Denver. Several notable examples include the 31 hours claimed by partners Matthew Douglas, Timothy McDonald, and Diana Sterk along with associates Leslie Bailey, Andreas Moffett and Patrick Reidy attending a mediation on January 21, 2022. The Epps Plaintiffs claim an astonishing **1,350.8 hours** for attendance at trial of partners Reeves Anderson, Matthew Douglas, Timothy McDonald and Diana Sterk along with associates Leslie Bailey, Mindy Gorin, Andreas Moffett, Patrick Reidy and Michael Sebba. Nine of these ten attorneys request this Court award the Plaintiffs 10 hours a day for each of the fifteen (15) trial days for their collective attendance and participation in this case. Plaintiffs request an award of 142 hours for time spent in February 2022 by associate Mindy Gorin in the preparation of trial. They also seek an award of 115 hours spent by associate Andreas Moffett, 42 hours by associate Michael Sebba, and 187 hours spent by associate Leslie Bailey for doing the same thing. This does not of course include the time spent by the multiple partners at the firm who tried the case conducting their own trial preparations.
>
> Again it is hard to even know where to begin when a party seeks to be awarded time spent by counsel with so many different attorneys claiming time for the exact same thing. But is my opinion that given the substantial duplication of effort in this case, the specific and obvious examples most certainly should not be

>   awarded (as I have tried to point out above), and a wholesale reduction of 15% is appropriate to endeavor to address the others.

[*See* Rogers Report, at 18-19, Exh. B (emphasis in original)]. To underscore Mr. Rogers' opinion on the duplication that occurred, this Court will recall Mr. Anderson participated in pretrial activities and the jury instruction conference and examined no witnesses, Ms. Bailey examined only Plaintiff Hollis Lyman [ECF 331, at 2], Ms. Gorin examined only Plaintiff Amanda Blasingame, Mr. Moffatt examined only Plaintiff Maya Rothlein [ECF 324, at 1], Mr. Reidy examined only Plaintiff Zachary Packard [ECF 318, at 2-3], and Mr. Sebba examined only Plaintiff Stanford Smith. [ECF 318, at 2]. Requiring Defendants to pay full trial days for all of these timekeepers for the entire trial, as well as the other attorneys who participated more substantively at trial is fundamentally unfair and inappropriate.

    **3.**    **Excessive Time**:

Excessive time spent on particular litigation tasks or time spent on unnecessary activities are not compensable under a fee shifting statute. *See, e.g., **N.M. Top Organics-Ultra Health, Inc. v. Kennedy,*** 17-cv-00599-JAP-LF, 2019 U.S. Dist. LEXIS 56221 at *4-5 (D.N.M. Apr. 2, 2019) (reducing fee request for excessive time spent on certain matters); ***Ross v. Univ. of Tulsa,*** 14-cv-484-TCK-PJC, 2017 U.S. Dist. LEXIS 145407 at *9-10 (N.D. Okla. Sept. 8, 2017) (same); ***Burch v. La Petite Acad., Inc.,*** 10 F'Appx. 753, 755 (10h Cir. 2001) (noting propriety of excluding excessive, redundant, or otherwise unnecessary time from a fee application); ***Christos v. Halker Consulting, LLC,*** 16-cv-01838-PAB-NYW, 2019 U.S. Dist. LEXIS 135429 *26 n. 6 (D. Colo. Aug. 12, 2019) (same).

Mr. Rogers describes his assessment of the excessive time spent by the Epps Plaintiffs as follows:

8

> A similar and related component to exercising billing judgment and avoiding duplication of effort is ensuring a billing statement sent to a client reflects a reasonable amount of time spent for a particular task. The more experience an attorney has, generally, the more efficient the lawyer can be in drafting pleadings, conducting interviews, and doing the other things necessary to work up a case and prepare it for hearing or trial. Excess time should be deleted so it is not charged to a client. But this is not the burden of a defendant resisting a fee request under 42 U.S.C. § 1988, nor is it the obligation of any reviewing court.
>
> The time requested in this case by the Arnold & Porter attorneys most certainly implicates this parallel concern. There are far too many examples to provide great specificity. Associate Andreas Moffett spent 25.3 hours preparing to attend a deposition on June 4, 2021. Partner Reeves Anderson and Associate Sam Callahan spent over 133 hours preparing jury instructions. These are but obvious examples.
>
> When confronted with a request for almost 6,000 hours of time associated with work the Epps Plaintiffs claim was done on their behalf, the temptation is to review the time records provided and conclude no meaningful analysis is possible given the frailties and deficiencies identified above. This brings me back to the somewhat fortuitous fact we have the fee petition on behalf of the Fitouri Plaintiffs in the exact same consolidated case. It is difficult for me to justify or rationalize any type of argument explaining how the attorneys representing the Fitouri Plaintiffs could be entitled to an award of less than 3,000 hours of time (or even the 3,235 hours they have claimed) while the attorneys representing the Epps Plaintiffs in the consolidated claim could claim almost 6,000 hours. To me, this is neither reasonable nor logical and quite frankly is best explained by the numerous shortcomings and problems I have identified above, particularly the excessive staffing of the file and the lack of experience, much less Civil Rights experience, of some of the attorneys involved on behalf of the Epps Plaintiffs.

[*See* Rogers Report, at 20, Exh. B]. Based on Mr. Rogers' expert opinion, Defendants suggest this Court award no more attorney's fees to the Epps Plaintiffs than the Fitouri Plaintiffs ultimately receive based on the excessive time spent on this matter on behalf of the Epps Plaintiffs. Alternatively, Defendants request this Court impose an appropriate and significant percentage reduction based on the clearly excessive time requested.

4.     **Vague Time Entries**:

The submitted billing records are replete with vague time entries making meaningful review by Denver and this Court of the time spent on specific tasks difficult if not impossible. *Hensley,* 461 U.S. at 433; *Jane L.,* 61 F.3d at 1510; *Mares,* 801 F.2d at 1210. Under such circumstances, courts reviewing such time records have adopted an approach of reducing the entire time by a percentage reduction to account for such issues. *See, e.g.,* ***Okla. Nat. Gas Co. v. Apache Corp.,*** 355 F.Supp.2d 1246, 1264-65 (N.D. Okla. 2004); ***Huntair, Inc. v. ClimateCraft, Inc.,*** 254 F.R.D. 677, 680 (N.D. Okla. 2008). As an example, Defendants suggest this Court examine the time records of Ms. Bailey for February and March 2022. Entries include "Pretrial work in preparation for witness examinations," "Pretrial work in preparation of expert witness Chief N. Stamper's trial testimony," and "Assist with the preparation of witness exam of expert N. Stamper." [ECF 378-2, at 9]. For these activities, Ms. Bailey billed 139.7 hours. [ECF 378-2, at 9]. What precisely Ms. Bailey did during these hours remains a mystery. Defendants submit a percentage reduction of 2.5% is appropriate for these vague time entries.

5.     **Inter and Intra-office Communications and Conferences**:

Interoffice and intraoffice communication also warrants a reduction of attorney's fees requests, particularly when more than one timekeeper bills for the conference time. *See, e.g.,* ***Busby v. City of Tulsa,*** 11-cv-447-JEB-JFJ, 2018 U.S. Dist. LEXIS 224158 at *17-18 (N.D. Okla. Oct. 23, 2018); ***Layton v. Bd. of County Comm'rs,*** CIV-09-1208-C, 2014 U.S. Dist. LEXIS 18524 at *15 (W.D. Okla. Feb. 12, 2014); ***In re Associate Grocers,*** 137 B.R. 413, 425 n. e & 439 n. u (Bank. Colo. July 6, 1990). Here, Mr. Rogers has reviewed all the time records and determined a reduction of 5% to address these issues is warranted. [*See* Rogers Report, at 18, Exh. B]. Mr.

Rogers focuses on the time records for Mr. Mijares-Shafai as an example of these type of communications. Review of such records reveals they are replete with entries related to meetings, correspondence, and communications with his colleagues and counsel for the Fitouri Plaintiffs. [ECF 378-2, at 37-44]. Defendants submit the entirety of Plaintiffs' time records demonstrate the same type of inter and intra-office communications, meetings and conferences requiring reduction by this Court.

6. **Administrative and Clerical Tasks**:

Administrative and clerical tasks are not compensable in an attorney's fee petition if performed either by an attorney or a paralegal. ***Missouri v. Jenkins,*** 491 U.S. 274, 288 n. 10 (1989). Non-compensable clerical and administrative tasks include "e-filing court documents, converting documents into PDFs, and sending emails to the Court regarding service of process." ***Howard v. Midland Credit Mgmt,*** 11-cv-03123-PAB-BNB, 2012 U.S. Dist. LEXIS 136209, at *10-11 (D. Colo. Sept. 24, 2012). The most egregious example of billing for administrative and clerical tasks is the time records of paralegal Joseph Chang which are inundated with entries describing testing, uploading, downloading, converting, organizing, indexing, and preparing video and audio files for review by others. Mr. Chang literally spent several months engaged in these administrative and clerical activities. [ECF 378-2, at 10-16]. While embedded in Mr. Chang's time entries are things appearing substantive, his entries regularly combine administrative and potentially substantive activities related to the videos and audio recordings. Based on the manner Plaintiffs have presented these records, Defendants submit all of Mr. Chang's time should be found non-compensable.

11

7. **Summary:**

Based on the above analysis of the reasonableness of the time expended by the Epps Plaintiffs in this matter, the following chart summarizes the time reductions believed appropriate.

| Category | Section Above | Reduction | Total Dollar Reduction[2] |
|---|---|---|---|
| **Lack of Exercise of Billing Judgment** | 1 | 5% | $81,711.92 |
| **Duplication of Effort** | 2 | 15% | $245,135.78 |
| **Vague Time Entries** | 4 | 2.5% | $40,855.96 |
| **Inter and Intra-office Communications and Conferences** | 5 | 5% | $81,711.92 |
| **Administrative and Clerical Tasks** | 6 | All JC Time | $82,676.00 |
| **Excessive Time** | 3 | Limited by Fitouri Plaintiffs' reasonable attorneys fees | $412,414.49[3] |
| **Total Dollar Amount Recoverable** | | | $689,732.43 |

---

[2] These amounts are based on the reasonable hourly rates outlined in Section A above.

[3] This amount was arrived at based on the following arithmetic. After the prior reductions in the chart from the total amount based on the reasonable hourly rates outlined in Section A above, a total of $1,102,146.92 remains. Defendants deducted $412,414.49 to arrive at the amount Defendants maintain is an appropriate attorney's fees award to the Fitouri Plaintiffs based on Mr. Rogers' expert opinion. In the event this Court determines to employ an appropriate percentage reduction based on excessive time instead, this would need to be differently calculated.

12

## II.  COSTS REQUESTED PURSUANT TO 42 U.S.C. § 1988[4]

Plaintiffs request a total of $6,874.00 in electronic data hosting costs.  [ECF 378-4, at 3-4]. Plaintiffs, however, offer no precedent supporting these as costs recoverable under 42 U.S.C. § 1988.  Defendants have found no precedent supporting an award of data hosting costs pursuant to § 1988.  *Cf.* **Diaz v. Nestle Holdings,** 18STCV03750, 2022 Cal. Super. LEXIS 18947, at *8-9 (Sup. Ct. Cal. Feb. 24, 2022) (denying electronic discovery documents costs despite specific California statute allowing such recovery when a court orders a party to have documents hosted by an electronic filing service provider); **Wexford Borrower, LLC v. First Citizens Bank & Trust Co.,** 2011CV227, 2013 Colo. Dist. LEXIS 1659, at *6 (Dist. Ct. Eagle County Nov. 25, 2013) (costs incurred for electronic data hosting are not recoverable under Colorado costs rules or statutes).  Accordingly, Defendants maintain these are not recoverable costs.  Plaintiffs' remaining costs for electronic research and mediation fees totaling $27,494.67 are recoverable, although Defendants note the documentation related to precisely what was researched electronically is scant and this Court could conclude the evidence is insufficient to conclude these costs were reasonably and necessarily incurred.

WHEREFORE, for all the foregoing reasons, Defendants the City and County of Denver and Jonathan Christian respectfully requests this Court reduce any attorney's fees and costs award to the Epps Plaintiffs to no more than $717,227.10, and for all other and further relief as this Court deems just and appropriate.

---

[4] The Motion requests costs recoverable under 28 U.S.C. § 1920 in the amount of $61,815.38 and costs under 42 U.S.C. § 1988 in the amount of $34,368.67.  [ECF 380, at 14].  Plaintiffs separately filed a Bill of Costs for the 28 U.S.C. § 1920 costs which the Clerk of this Court denied as premature due to the lack of a final judgment.  [ECF 378 & 382].  Thus, Defendants only address the requested costs pursuant to 42 U.S.C. § 1988 in this Response.

Dated this 5th day of August, 2022.

Respectfully submitted,

s/ Andrew D. Ringel                               .
Andrew D. Ringel, Esq.
Katherine N. Hoffman, Esq.
Robert A. Weiner, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
E-mail: ringela@hallevans.com
hoffmank@hallevans.com
weinerr@hallevans.com

Hollie R. Birkholz, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.org

*Counsel for the City and County of Denver and Jonathan Christian*

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 5th day of August, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve the following all counsel of record in this matter.

*s/Nicole Marion*, Legal Assistant to
Hall & Evans, L.L.C.