IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

---

### MOTION TO CERTIFY ORDERS RELATED TO DENVER DEFENDANTS AS FINAL AND IMMEDIATELY APPEALABLE

---

Defendants City and County of Denver ("Denver") and Jonathan Christian ("Mr. Christian") (collectively "Denver Defendants"), through undersigned counsel, pursuant to Fed. R. Civ. P. 54(b), hereby respectfully submit this Motion to Certify Orders for Appeal, as follows:[1]

### INTRODUCTION

Certification of the verdict entered by the jury, the judgment, this Court's September 19, 2022 Order concerning the Denver Defendants' post-trial Motions, and all prior Orders of this Court related to the Denver Defendants and the jury trial held March 7 through March 25, 2022, is appropriate and justified pursuant to Fed. R. Civ. P. 54(b).

---

[1] Pursuant to D.C.Colo.LCiv.R. 7.1, the undersigned counsel conferred with counsel for Plaintiffs. Counsel indicated Plaintiffs agree that entry of final judgment is appropriate under Rule 54(b), but intend to file their own response on this issue in short order, as the parties disagree on the scope and form of the judgment.

The Denver Defendants invoke Fed. R. Civ. P. 54(b) in this Motion because the matters the Denver Defendants seek to certify are completely and finally adjudicated. Rule 54(b) allows this Court to certify the jury verdict, the judgment, the September 19, 2022 Order and prior Orders for immediate appeal. The legal issues decided by this Court prior to the trial, during the trial, and after the trial are final and it is appropriate to allow the Denver Defendants to appeal this Court's determinations now. It neither makes sense nor promotes justice to require the Denver Defendants to wait until after two additional trials occur in April and June 2023 before a final judgment is entered and an appeal can be filed. Instead, a certification now promotes justice for both the Plaintiffs as well as the Denver Defendants. Moreover, because of the number of other cases before the District of Colorado concerning the police response to the George Floyd protests, legal issues decided by the United States Court of Appeals for the Tenth Circuit in connection with an appeal in this case are likely to have applicability to those other cases thereby promoting efficient judicial administration.[2]

## PROCEDURAL HISTORY AND STATUS

On February 4, 2022, pursuant to Fed. R. Civ. P. 42(b), this Court severed the consolidated case into three separate trials: the individual plaintiffs' claims[3] against Denver, Plaintiffs Zachary Packard's and Johnathen Duran's claims against the City of Aurora and its officers, and the arrest

---

[2] Procedurally, this Court may certify any prior order for appeal by issuing a supplemental order doing so. *Hous. Fearless Corp. v. Teter,* 313 F.2d 91, 92 (10th Cir. 1962); *Martinez v. Back Bone Bullies Ltd.,* 21-cv-01245-MEH, 2022 U.S. Dist. LEXIS 64142 at *6-7 (D. Colo. Apr. 6, 2022).

[3] Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zachary Packard, Hollis Lyman, Stanford Smith, Sara Fitouri, Jacquelyn Parkins, Joe Deras, Kelsey Taylor, and Claire Sannier ("Trial Plaintiffs").

class claims certified by this Court. [ECF 278]. A jury trial proceeded on the Trial Plaintiffs' claims against the Denver Defendants resulting in a jury verdict for Plaintiffs on March 25, 2022. [ECF 341]. This Court entered judgment on the jury's verdict on April 15, 2022. [ECF 360].

Denver Defendants filed Motions for Judgment as a Matter of Law, New Trial, or Remittitur which this Court granted in part and denied in part on September 19, 2022. [ECF 428].[4] The Trial Plaintiffs have filed Motions for Attorney Fees and Costs which are fully briefed and pending before this Court.

A five-day jury trial has been set on the arrest class claims before this Court on April 24, 2023, with a Trial Preparation Conference on April 13, 2023. [ECF 366]. Trial Plaintiffs Kelsey Taylor and Claire Sannier are class representatives of the arrest class. [ECF 127].

On September 23, 2022, this Court issued its Order on the Aurora Defendants' Motion for Summary Judgment granting it in part and denying it in part. [ECF 429].[5] A five-day jury trial is set on the applicable Plaintiffs' claims against the Aurora Defendants before this Court on June 19, 2023, with a Trial Preparation Conference set for June 1, 2023. [ECF 372].

## ARGUMENT

Fed. R. Civ. P. 54(b) allows this Court to certify the jury verdict, this Court's September 19, 2022, Order, and prior Orders of this Court for appeal by the Denver Defendants.

---

[4] Plaintiff Elisabeth Epps has accepted this Court's remittitur of the punitive damages award against Officer Christian. [Doc. # 430]

[5] As part of the Order, this Court denied qualified immunity to individual Aurora Defendants. As a result, this Order is subject to an interlocutory appeal by those individuals. The deadline to file a notice of interlocutory appeal is October 19, 2022.

## A. FED. R. CIV. P. 54(b) LEGAL PRINCIPLES

Fed. R. Civ. P. 54(b) allows this Court to certify orders as final to allow an appeal to occur. Rule 54(b) provides when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A certification under Rule 54(b) is appropriate when a district court determines two requirements are met. "First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." ***Okla. Tpk. Auth. v. Bruner,*** 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted).

"To be final for purposes of Rule 54(b), an order must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" ***Jordan v. Pugh,*** 425 F.3d 820, 826 (10th Cir. 2005) (quoting ***Curtiss-Wright Corp. v. Gen. Elec. Co.,*** 446 U.S. 1, 7, (1980)). A claim comprises factually and legally connected elements of a case, "but there is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." ***Jordan,*** 425 F.3d at 827. A practical analysis applies. "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground it had covered in the first appeal." ***Id.*** (quoting ***Lawyers Title Ins. Corp. v. Dearborn Title Corp.,*** 118 F.3d 1157, 1162 (7th Cir. 1997)). Courts addressing this issue "consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal

4

issues, and whether separate recovery is possible." *Id.*

"No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *United Bank of Pueblo v. Hartford Acc. & Indem. Co.,* 529 F.2d 490, 492 (10th Cir. 1976); *Onyx Props. LLC v. Bd. of County Comm.,* 916 F.Supp.2d 1191, 1210 (D. Colo. 2013). "Ultimately, granting a Rule 54(b) motion is left to the sound discretion of the trial court, which 'must take into account judicial administrative interests as well as the equities involved.'" *Doe v. Masse,* 11-cv-02107-PAB-KLM, 2012 U.S. Dist. LEXIS 164837, at *2-3 (D. Colo. Nov. 16, 2012) (quoting *Curtiss-Wright,* 446 U.S. at 8).

Finally, other federal courts have made Rule 54(b) certifications following jury trials. *See, e.g., Microsoft Corp. v. Motorola, Inc.,* 564 F. App'x. 586, 588 (Fed. Cir. 2014) (describing district court doing so); *AG Equip. Co. v. AIG Life Ins. Co., Inc.,* 07-CV-0556-CVE-PJC, 2009 U.S. Dist. LEXIS 43032 at *2 (N.D. Okla. May 21, 2009) (same).

### B. CERTIFICATION OF APPEAL OF COMPLETED CLAIMS IS APPROPRIATE

First, the final order requirement of Fed. R. Civ. P. 54(b) is met for all of the Plaintiffs' claims. All issues related to the claims of eight of the 12 Trial Plaintiffs are final; Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Hollis Lyman, Stanford Smith, Sara Fitouri, Jacquelyn Parkins, and Joe Deras only brought claims against Denver. As a result, all of their claims against all Defendants they named have been adjudicated based on this Court's pre-trial rulings, the jury verdict, the judgment and this Court's Order on Denver's post-trial motions.

Nothing related to these Plaintiffs' claims precluding a final order is left to resolve.[6] The final order requirement under Rule 54(b) is clearly met with respect to these Plaintiffs and their claims against Denver Defendants.

Further, other than their arrest class claims, all claims of Trial Plaintiffs Kelsey Taylor and Claire Sannier have also been resolved. Ms. Taylor's and Ms. Sannier's arrest class claims are separate and distinct from their other adjudicated claims against the Denver Defendants. The legal and factual issues and the claimed damages related to their arrests were not litigated during the trial and do not overlap with the already litigated claims. This Court's order of separate trials under Fed. R. Civ. P. 42(b) establishes the separate nature of these claims. The final order requirement for Rule 54(b) is also met respecting these claims.

Similarly, all the claims of Trial Plaintiff Elisabeth Epps have also been concluded given her decision to accept this Court's remittitur [Doc. # 430]; nothing is left to litigate concerning her claims.

Plaintiff Zachary Packard's claims present a more complicated question. Though all of Mr. Packard's claims against the Denver Defendants are now resolved, he has claims remaining against the Aurora Defendants.[7] Mr. Packard's claims against the Aurora Defendants are set to proceed to trial (or an interlocutory appeal on qualified immunity), but the decisions by this Court related to those claims will not represent new decisions on legal issues already decided respecting Denver

---

[6] The Motions for attorney's fees and costs do not create a non-final order. ***Been v. O.K. Indus., Inc.,*** 398 F'Appx. 382, 391 n. 5 (10th Cir. 2010); ***Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Pittsburg,*** 987 F.2d 1516, 1518 (10th Cir. 1993).

[7] Plaintiff Johnathen Duran, who also has claims against the Aurora Defendants, does not have any remaining claims against the Denver Defendants as those resolved and were dismissed. [ECF 312].

Defendants. Instead, they will be legal issues solely related to the claims against the Aurora Defendants which can be separately appealed without legal overlap to the Tenth Circuit. Mr. Packard's potential damages recoverable against the Aurora Defendants, while albeit implicated by the prior jury verdict, also do not present an overlapping legal issue because this Court separately decided the damages issues involving Mr. Packard's claims against the Denver Defendants and will separately decide them against the Aurora Defendants at trial.

In addition to the final order requirement being met, there is no just cause for delaying the Denver Defendants' ability to appeal. This case represents the first George Floyd protests case to proceed to trial. Before, during and after trial, this Court decided a variety of different legal issues. Denver Defendants respectfully submit this Court erred in its decisions on some of those legal issues. Nothing is gained by delaying the Denver Defendants' ability to appeal those issues now rather than waiting until the claims against the Aurora Defendants and the arrest class claims are concluded. Plaintiffs obtained a large verdict. Plaintiffs, Denver Defendants, and the residents and taxpayers of the City deserve to have the appeal proceed so that finality can ultimately be achieved. It benefits no one to preclude an appeal for another year. Further, as noted above, the other protest-related cases pending in this District, and indeed throughout the United States, will benefit from the Tenth Circuit's consideration and decision on the legal issues to be raised on appeal.

In sum, the totality of the circumstances of this matter warrants this Court certifying its Orders for an appeal pursuant to Fed. R. Civ. P. 54(b).

## **CONCLUSION**

For the foregoing reasons, Defendants City and County of Denver and Jonathan Christian respectfully request this Court issue an Order certifying for appeal pursuant to Fed. R. Civ. P.

7

54(b), as appropriate, the jury verdict, the judgment, this Court's September 16, 2022 Order, and all prior Orders of this Court related to the Plaintiffs' claims against Denver and Mr. Christian, and for all other and further relief this Court deems just and appropriate.

Dated this 19th day of October, 2022.

Respectfully submitted,

*s/ Andrew D. Ringel*
Andrew D. Ringel
Katherine N. Hoffman
Robert A. Weiner
Hall & Evans, L.L.C.
1001 17th Street, Ste. 300
Denver, CO 80202
Telephone: (303) 628-3453
Facsimile: (303) 628-3368
mail: ringela@hallevans.com
hoffmank@hallevans.com
weinerr@hallevans.com

*s/ Hollie R. Birkholz*
Hollie R. Birkholz, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
E-mail: hollie.birkholz@denvergov.orgE-

*Counsel for the City and County of Denver and Jonathan Christian*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2022, the foregoing **MOTION TO CERTIFY ORDERS** was filed with the Clerk of the Court using the CM/ECF system, which will serve the following:

Arnold & Porter Kaye Scholer LLP
Colin Michael O'Brien
Edward Packard Aro
Matthew J. Douglas
Timothy R. Macdonald
Patrick Reidy
Andreas Moffett
Mindy Gorin
Diana Sterk
Brian Williams
colin.obrien@arnoldporter.com
ed.aro@arnoldporter.com
matthew.douglas@arnoldporter.com
timothy.macdonald@arnoldporter.com
patrick.reidy@arnoldporter.com
gerardo.mijares-shafai@arnoldporter.com
mindy.gorin@arnoldporter.com
Mindy.sterk@arnoldporter.com
Brian.williams@arnoldporter.com

ACLU of Colorado
Mark Silverstein
Sara R. Neel
msilverstein@aclu-co.org
sneel@aclu-co.org

Elizabeth Wang
Loevy & Loevy
elizabethw@loevy.com
*Counsel for Plaintiffs*

Office of the Aurora City Attorney
Isabelle Sabra Evans
Peter Ruben Morales
ievans@auroragov.org
pmorales@auroragov.org
*Counsel for Defendant City of Aurora and Aurora Officers Brukbacher, Budaj, McNamee and Serrant*

Bruno, Colin & Lowe, P.C.
David M. Goddard
Michael T. Lowe
Heather D. Kuhlman
dgoddard@brunolawyers.com
mlowe@brunolawyers.com
hkuhlman@brunolawyers.com
*Counsel for Defendants Brukbacher, Budaj, McNamee and Serrant in their individual capacities*

Andrew D. Ringel
Kate Hoffman
Robert Weiner
Hall and Evans
ringela@hallevans.com
hoffmank@hallevans.com
weinerr@hallevans.com
*Counsel for Defendants City and County of Denver and the individually named Denver Police Officers*

*s/ Sarah Peasley*
Denver City Attorney's Office