UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Elizabeth Epps, *et al.*,

                Plaintiffs,

v.

City and County of Denver, *et al.*,

                Defendants.

Civil No. 1:20-cv-1878-RBJ (consol.)

## CROSS-MOTION FOR JUDGMENT UNDER RULE 54(b)

On March 25, 2022, the jury returned its verdict and awarded damages on the individual claims brought by twelve plaintiffs against the City and County of Denver and Officer Jonathan Christian ("the Denver Defendants").[1] ECF No. 343. The Court thereafter entered judgment. ECF No. 360 at 2. Now that the Court has resolved the Denver Defendants' post-trial motion for judgment as a matter of law, new trial, or remittitur as to all parties and claims reflected in the judgment (ECF No. 428), and in light of Plaintiff Epps' acceptance of the Court's remitted punitive damage award (ECF No. 430), Plaintiffs respectfully renew their request that the Court direct entry of a final judgment under Federal Rule of Civil Procedure 54(b).[2] All parties now agree that entry of judgment under Rule 54(b) is appropriate and warranted. *See* ECF No. 431. Plaintiffs move separately to state their position on the scope of the proposed judgment.

---

[1] The plaintiffs are Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zachary Packard, Hollis Lyman, Stanford Smith, Sara Fitouri, Jacquelyn Parkins, Kelsey Taylor, Joe Deras, and Claire Sannier. Cidney Fisk did not participate in trial, and the Court granted Defendants' motion for a directed verdict.

[2] Plaintiffs' counsel sought entry of judgment under Rule 54(b) on April 5, 2022. *See* Exhibit A, attached hereto. Counsel for the Denver Defendants opposed that request on April 12, 2022. *See* Exhibit B. The Court entered judgment on April 15, 2022. ECF No. 360.

A judgment is proper under Rule 54(b) if two requirements are satisfied. First, the court must determine that the ruling at issue is a "final judgment"; that is, "it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also e.g.*, *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1289 (11th Cir. 2010) (explaining that "the judgment must completely dispose of at least one substantive claim" (cleaned up)). Second, the court must find that there is no "just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see also Stockman's Water Co., Ltd. Liab. Co. v. Vaca Partners, Ltd. P'ship*, 425 F.3d 1263, 1265 (10th Cir. 2005). Both requirements are satisfied here.[3]

### A.   The Judgment Will Be Final Upon Resolution of Prejudgment Interest

A "final" disposition for purposes of Rule 54(b) can be met based on just a single claim. *See Edwards*, 602 F.3d at 1289. The circumstances are even more compelling here, as the judgment against the Denver Defendants is final "in the sense that it is 'an ultimate disposition'" of *all* of the individual claims between Plaintiffs and the Denver Defendants. *Curtiss-Wright Corp.*, 446 U.S. at 7. Indeed, when it comes to the litigation between those parties, the jury's verdict "end[ed] the litigation on the merits and leaves nothing for the court to do but execute the judgment" as to

---

[3] The Denver Defendants' motion requests certification of the judgment and several specific orders or docket entries that predated and post-dated the judgment. *See* ECF No. 341 at 1, 2, 3, 8. Specification or "certification" of particular orders is unnecessary and inconsistent with Rule 54(b). "Once [a judgment is] certified under Rule 54(b), that judgment [i]s final. All prior interlocutory judgments affecting these appellants merged into the final judgment and became appealable at that time." *Bowdry v. United Airlines*, 58 F.3d 1483, 1489 & n.11 (10th Cir. 1995). The cases cited in footnote 1 of the Denver Defendants' motion are not Rule 54(b) cases; instead, they involve certification of interlocutory (non-final) orders under 28 U.S.C. § 1292(b), which is not relevant here.

the decided claims. *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, 571 U.S. 177, 183 (2014).

The only outstanding issue for resolution on the merits is prejudgment interest.[4] The unique circumstances of this case make prejudgment interest especially appropriate. Some of the damages awarded in this case reflect economic damages, for which prejudgment interest is routinely granted. *See West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987); Trial Exhs. 1099 & 1100; Trial Tr. 282:1-1 (describing medical bills of $181,000 for Zach Packard). As for noneconomic damages, district courts in this Circuit have discretion to decide whether to award prejudgment interest. *White v. Chafin*, 862 F.3d 1065, 1069 (10th Cir. 2017).[5] Unlike cases in which it may be difficult to ascertain the precise incurrence or duration of solely emotional injuries, Plaintiffs' damages here account for their substantial *physical* injuries, as well as emotional harm. Those damages are traceable to a discrete moment in time (May 28 to June 2, 2020), and

---

[4] The Denver Defendants' motion does not address prejudgment interest. Prejudgment interest "is an element of plaintiff's complete compensation." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (cleaned up). As such, the pendency of Plaintiffs' request for prejudgment interest affects the finality of the judgment. *Id*.

[5] Although this Court previously concluded that prejudgment interest is not available for noneconomic damages, *Mickelson v. Proctor*, No. 13-CV-01256-RBJ, 2017 WL 4335093, at *2 (D. Colo. Mar. 20, 2017), the Tenth Circuit subsequently clarified in *White* that noneconomic-interest determinations are within the district court's sound discretion, *see* 862 F.3d at 1069. District courts within and outside the Tenth Circuit have exercised their discretion to both grant and deny prejudgment interest on noneconomic damages. *Compare Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 5051666, at *2 (D. Colo. Nov. 1, 2021) (Martinez, J.) ("[A]fter carefully considering the parties' arguments, the Court cannot conclude that Plaintiff is entitled to prejudgment interest on his non-economic damages.") *with Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 64 (D.D.C. 2018) ("The Court, accordingly, will award prejudgment interest on the past economic loss of the direct victims as well as the non-economic pain and suffering and solatium damages suffered by the victims' estates and families.").

prejudgment interest is necessary to make plaintiffs whole for the elapse of time between when they incurred their injuries and when the jury returned its verdict and judgment is entered (more than two years). *West Virginia*, 479 U.S. at 310 n.2 (prejudgment interest "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress").

Accordingly, the court should follow the weight of authority and award prejudgment interest in this case. *See, e.g.*, *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) ("Non-economic damages awarded for a plaintiff's pain and suffering are just as much an actual loss (for which prejudgment interest is in order) as purely economic damages." (cleaned up)); *Thomas v. Texas Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002) ("Prejudgment interest should apply to all past injuries, including past emotional injuries. Courts should award prejudgment interest whenever a certain sum is involved. Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole."); *Hillier v. Southern Towing Co.*, 740 F.2d 583, 586 (7th Cir. 1984); *Bennett v. City of Holyoke*, 362 F.3d 1, 11 (1st Cir. 2004).[6]

The Court has discretion to set an appropriate rate of prejudgment interest. "Courts within this district have used various prejudgment interest rates including the Colorado statutory interest

---

[6] The pending motions for attorneys' fees and costs (ECF Nos. 378–381) do not affect finality of the judgment; a "judgment [is] final . . . despite the unresolved issue of attorney's fees." *Ray Haluch Gravel*, 571 U.S. at 183 (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988)). In *Budinich*, the court explained that "a claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Id.* at 183–84 (quoting *Budinich*, 486 U.S. at 200). This is true even if "the statutory or decisional law authorizing the fees might sometimes treat the fees as part of the merits." *Id.* at 184.

rate of 8%, the federal post-judgment interest rate of [28 U.S.C.] § 1961, and the IRS underpayment rate under [26 U.S.C.] § 6621." *Fresquez v. BNSF Railway Co.*, 421 F. Supp. 3d 1099, 1117 (D. Colo. 2019). Plaintiffs submit that the Court should apply the Colorado statutory interest rate to fairly compensate Plaintiffs "for being deprived of the monetary value of [their] loss from the time of the loss to the payment of judgment." *Anixter v. Home-Stake Prod. Co.*, 977 F.2d 1549, 1554 (10th Cir. 1992). Colorado law provides that "[i]f there is no agreement or provision of law for a different rate, the interest on money shall be at the rate of eight percent per annum, compounded annually." C.R.S. § 5-12-101. This Court has applied the Colorado statutory prejudgment rate in numerous cases.[7]

Alternatively, and at a minimum, the Court should apply the IRS underpayment rate set forth in 26 U.S.C. § 6621. The underpayment rate is calculated as the federal short-term rate plus three percentage points. *Id.* Courts in this district have applied this rate in employment cases. *Barnett v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 2015 WL 5315183, at *2 (D. Colo. 2015) (applying the IRS underpayment rate); *E.E.O.C. v. Western Trading Co., Inc.*, 291 F.R.D. 615, 621 (D. Colo. 2013) (same). Courts apply the applicable IRS underpayment rate at the time of judgment. *Valenzuela v. Coleman*, 2022 WL 2528330, at *12 (D. Colo. 2022). The applicable

---

[7] *See, e.g.*, *Romero v. Helmerich and Payne Int'l Drilling Co.*, 2017 WL 5900361, at *2–4 (D. Colo. 2017) (applying the Colorado statutory interest rate); *Degrado v. Jefferson Pilot Fin. Ins. Co.*, 2009 WL 1198173, at *2 (D. Colo. 2009) (same); *F.D.I.C. v. Moll*, 848 F. Supp. 145, 148–49 (D. Colo. 1993) (applying eight percent interest rate); *In re Weaver*, 579 B.R. 865, 910–11 (D. Colo. Bankr. 2018) (applying the Colorado statutory rate); *Allison v. Bank One-Denver*, 289 F.3d 1223, 1244 (10th Cir. 2002) (affirming the district court's decision to award prejudgment interest at the Colorado statutory rate of eight percent); *Eastman Kodak Co. v. Westway Motor Freight, Inc.*, 949 F.2d 317, 321 (10th Cir. 1991) (same).

underpayment rate beginning October 1, 2022, is six percent. *See* I.R.S. News Release IR-2022-150 (August 15, 2022).

The following table shows prejudgment interest for each plaintiff at the two proposed rates, using an accrual date of June 2, 2020—the last day on which plaintiffs were injured during the protests—and assuming a judgment entered on October 28, 2022:

|  | **C.R.S. § 5-12-101 (8%)** | **IRS underpayment rate (6%)** |
|---|---|---|
| Plaintiffs awarded $1,000,000 in compensatory damages[8] | $203,374.61 each | $150,464.60 each |
| Zachary Packard, awarded $3,000,000 in compensatory damages | $610,123.83 | $451,393.79 |
| Ashlee Wedgeworth, awarded $750,000 in compensatory damages | $152,530.96 | $112,848.45 |

**B.    There Is No Just Reason for Delay**

As to the second Rule 54(b) element, there is no "just reason for delay[ing]" entry of judgment. Fed. R. Civ. P. 54(b). This inquiry requires the court to weigh the "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. In making this determination, "[f]actors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Stockman's Water Co.*, 425 F.3d at

---

[8] Elisabeth Epps, Amanda Blasingame, Stanford Smith, Maya Rothlein, and Hollis Lyman, Sara Fitouri, Jacquelyn Parkins, Joe Deras, Claire Sannier, and Kelsey Taylor.

1265 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8); *see also N.M. ex rel. State Eng'r v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

The adjudicated claims against the Denver Defendants are "separable from the others remaining to be adjudicated" against the Aurora defendants and those involving the Arrest Class claims. *Curtiss-Wright Corp.*, 446 U.S. at 8. Indeed, the Court severed the remaining parties and claims for disposition at separate trials. "[T]here is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005). Rather, the "distinction is based largely on practical concerns." *Id.* Such concerns include whether "separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.*

The Arrest Class claims are separate from the claims resolved in the jury's verdict. The arrest claims turn on different facts (including Denver's selective enforcement against protestors), require a showing of different legal elements, and involve more than 300 class members that were not party to the Epps/Fitouri trial. *See generally* ECF No. 286 (Pls.' Resp. to Denver's MSJ) at 20-24; ECF No. 304 (Order on MSJ) at 4-10. The claims against the Aurora defendants likewise require plaintiffs to prove different facts (including *Aurora's* policies, practices, and training, as well as the Aurora officers' individual actions), and involve different parties (Johnathen Duran, the City of Aurora, and the Aurora officers were not party to the Epps/Fitouri trial).

Some overlap with remaining claims or parties "does not render a Rule 54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility." *Curtiss-Wright Corp.*, 446 U.S. at 9. Accordingly, the Supreme Court has upheld a Rule 54(b) judgment based on "a final order

on a claim which arises out of the same transaction and occurrence as [a] pending" counterclaim. *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 446, 452 (1956). Likewise, in *Soliday v. Miami Cnty.*, 55 F.3d 1158, 1163 (6th Cir. 1995), the Sixth Circuit held that the district court correctly entered a Rule 54(b) judgment as to two defendants because the "claims against them were distinct and separable from the claims against the other defendants, and [the two defendants were] not involved in any remaining claim." That was also the case in *In re Se. Banking Corp.*, where the court approved a Rule 54(b) judgment founded on an order "dismissing the entire complaint insofar as it concerned [two defendants]" because, "without question, it was a 'final judgment as to one or more but fewer than all . . . the parties." 69 F.3d 1539, 1550 (11th Cir. 1995) (quoting Fed. R. Civ. P. 54(b)). *See also Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 905–06 (3d Cir. 1991).

Other considerations support entry of a Rule 54(b) judgment now. The jury returned a verdict more than six months ago. The remaining claims, which the Court bifurcated on the eve of trial (ECF No. 365 at 6–9, 11, 15; ECF No. 278 at 2), are not scheduled to be heard until April and June 2023, respectively. ECF Nos. 366, 372. Posttrial motions on those claims could cause the jury's verdict to remain non-final for another year or longer. The plaintiffs *and* defendants in the Epps/Fitouri trial have an interest in finality on their claims and should not be held in a holding pattern, waiting the resolution of unrelated claims and the participation of uninvolved parties. "Delaying [any] appeal until the close of another trial will add to this case's complexity by requiring consideration of two separate, fully developed records, and may require yet another trial if the appeal were successful." *Dean v. Cnty. of Gage*, 807 F.3d 931, 938 (8th Cir. 2015).

Further delay also prejudices the plaintiffs who won their case. The jury found in favor of all plaintiffs and awarded damages to compensate their losses. This Court upheld that verdict in nearly all respects. ECF No. 428. The Denver Defendants have not taken any steps to satisfy the judgment in whole or part, and they are unlikely to do so voluntarily until an appeal is exhausted. Under these circumstances, good cause exists for entry of judgment under Rule 54(b).

## CONCLUSION

The Plaintiffs respectfully ask this Court to enter judgment in the proposed form submitted herewith.

Dated: October 25, 2022

                                          Respectfully submitted,

By: */s/ Timothy R. Macdonald*
     Timothy R. Macdonald
     ARNOLD & PORTER KAYE SCHOLER LLP
     1144 Fifteenth Street, Suite 3100
     Denver, Colorado 80202
     Telephone: (303) 863-1000
     Timothy.Macdonald@arnoldporter.com
     *Counsel for the Epps Plaintiffs*

By: */s/ Elizabeth Wang*
     Elizabeth Wang
     LOEVY & LOEVY
     2060 Broadway, Ste. 460
     Boulder, CO 80302
     O: 720.328.5642
     elizabethw@loevy.com
     *Counsel for the Fitouri Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2022, I served via CM/ECF the foregoing motion on all counsel of record.

*/s/ Tanya D. Huffaker*
Tanya D. Huffaker

10