# EXHIBIT B

| | |
|---|---|
| **From:** | Ringel, Andrew D. <ringela@hallevans.com> |
| **Sent:** | Tuesday, April 12, 2022 8:31 AM |
| **To:** | Elizabeth Wang; R Brooke Jackson |
| **Cc:** | Macdonald, Timothy R.; lindsay.jordan@denvergov.org; Mary DeRosa; Gavriel Schreiber; Glenna Gee-Taylor; Julie Dynes; Anderson, Reeves; Birkholz, Hollie R. - CAO Asst City Attorney - Sr; Hoffman, Katherine N.; Weiner, Bob; Ringel, Andrew D. |
| **Subject:** | RE: Judgment |
| **Attachments:** | 20cv1878 Judgment after trial_Ps cmts and defendants' edits and comments(9223849.1).docx |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

External E-mail

Good Morning:

We have now had the chance to review the draft Partial Judgment circulated by the Court and the edits of the Plaintiffs and can offer the following comments.

Initially, Defendants believe there are two legal issues that require resolution by the Court. They are: (1) whether a partial judgment is appropriate under these circumstances pursuant to Fed. R. Civ. P. 54(b); and (2) whether Plaintiffs are entitled to prejudgment interest for the jury's awards of non-economic damages.

First, Defendants do not believe a partial judgment is appropriate in this matter because of the remaining severed claims that still require resolution. Defendants' position is the remaining claims are interrelated legally and factually to the claims that were decided by the jury and therefore entry of a partial judgment is not appropriate. *See generally **Jordan v. Pugh**,* 425 F.3d 820, 829 (10th Cir. 2005); ***Okla. Turnpike Auth. v. Bruner,*** 259 F.3d 1236, 1242 (10th Cir. 2001).

Second, prevailing law is that prejudgment interest is not available for non-economic damage awards. *See **Valdez v. Motyka**,* 15-cv-0109-WJM-STV, 2021 U.S. Dist. LEXIS 210114 at*4 (D. Colo. Nov. 1, 2021) (citing a variety of cases for this proposition). Here, the damages awarded to the Plaintiffs by the jury were for the most part non-economic damages. To the extent any of the Plaintiffs had economic damages the general verdict for compensatory damages makes any differentiation to allow for an award of pre-judgment interest on any such damages impossible.

Because these issues represent legal issues requiring a decision by the Court and to allow for the creation of an appropriate record, Defendants believe there should be some formal decision-making by the Court on the issue. We suggest the Court order briefing of the issues for resolution by the Court. Perhaps simultaneous briefs filed by the parties with a hearing before the Court if the Court believes one would be beneficial would be an appropriate way to resolve the issues.

In addition to the need to decide these two legal issues, we have reviewed the proposed Partial Judgment with Plaintiffs' edits and offer the attached version with our additional edits and comments.

Finally, based on communications with counsel for the Plaintiffs regarding the issue of settlement since the trial the Defendants do not believe such a resolution can occur.

Thanks.

Andrew

**Andrew D. Ringel** | Member
ringela@hallevans.com
Tel: 303-628-3453

**Hall & Evans, LLC**
1001 Seventeenth Street, Suite 300
Denver, CO 80202



COLORADO | MISSOURI | MONTANA | NEW MEXICO | UTAH | WYOMING
website | bio | LinkedIn

Confidentiality Notice: This e-mail and any files transmitted with it are confidential and intended solely for the named addressee(s) of this message and may be subject to attorney-client privilege or work-product protection. If you are not the named addressee, unauthorized use, disclosure or distribution is prohibited; please notify the sender by reply email and destroy all copies of the original message. Our spam protection may prevent any reply e-mail from being delivered. If I have not responded to your email within 48 hours, please contact our office at 303/628-3300. This e-mail and any attachments are believed to be free of viruses and defects, but it is the responsibility of the recipient to ensure that it is virus-free. The sender is not responsible for any loss or damage arising from its use.

**From:** Ringel, Andrew D. <ringela@hallevans.com>
**Sent:** Wednesday, April 6, 2022 7:50 AM
**To:** Elizabeth Wang <elizabethw@loevy.com>; R Brooke Jackson <r_brooke_jackson@cod.uscourts.gov>
**Cc:** timothy.macdonald@arnoldporter.com; lindsay.jordan@denvergov.org; Mary DeRosa <Mary_DeRosa@cod.uscourts.gov>; Gavriel Schreiber <Gavriel_Schreiber@cod.uscourts.gov>; Glenna Gee-Taylor <Glenna_Gee-Taylor@cod.uscourts.gov>; Julie Dynes <Julie_Dynes@cod.uscourts.gov>; Anderson, Reeves <Reeves.Anderson@arnoldporter.com>; Ringel, Andrew D. <ringela@hallevans.com>; Birkholz, Hollie R. - CAO Asst City Attorney - Sr <Hollie.Birkholz@denvergov.org>; Hoffman, Katherine N. <hoffmank@hallevans.com>; Weiner, Bob <weinerr@hallevans.com>
**Subject:** RE: Judgment

Good Morning:

I am headed out of town shortly for the remainder of the week.  We will review the Plaintiffs' proposed edits and will comment upon them early next week.

Thanks.

Andrew

**Andrew D. Ringel** | Member
ringela@hallevans.com
Tel: 303-628-3453

**Hall & Evans, LLC**
1001 Seventeenth Street, Suite 300
Denver, CO 80202



COLORADO | MISSOURI | MONTANA | NEW MEXICO | UTAH | WYOMING
website | bio | LinkedIn

**From:** Elizabeth Wang <elizabethw@loevy.com>
**Sent:** Tuesday, April 5, 2022 6:49 PM
**To:** R Brooke Jackson <r_brooke_jackson@cod.uscourts.gov>
**Cc:** timothy.macdonald@arnoldporter.com; lindsay.jordan@denvergov.org; Ringel, Andrew D. <ringela@hallevans.com>; Mary DeRosa <Mary_DeRosa@cod.uscourts.gov>; Gavriel Schreiber <Gavriel_Schreiber@cod.uscourts.gov>; Glenna Gee-Taylor <Glenna_Gee-Taylor@cod.uscourts.gov>; Julie Dynes <Julie_Dynes@cod.uscourts.gov>; Anderson, Reeves <Reeves.Anderson@arnoldporter.com>
**Subject:** Re: Judgment

***CAUTION: This email originated outside H&E. Please scrutinize all links and attachments.***

Dear Judge Jackson,

Plaintiffs request that judgment be entered now. Attached are the Epps and Fitouri Plaintiffs' proposed revisions to the draft judgment.

The parties may engage in discussions regarding potential broader settlement as the case proceeds, but have not seen anything to date that justifies delay in entry of judgment.

Sincerely,

Elizabeth Wang
Loevy & Loevy
2060 Broadway | Ste. 460
Boulder | CO 80302
T 720.328.5642
F 312.243.5902
www.loevy.com
Pronouns: she, her

On Sat, Apr 2, 2022 at 9:28 AM R Brooke Jackson <R_Brooke_Jackson@cod.uscourts.gov> wrote:

> Dear Counsel,
>
> I am attaching a draft of a partial judgment for your review and comment.  But I also want to pose a question to you.  I anticipate that the parties will be filing post-trial motions (such the defense to attack or seek some type of reduction of the verdict; the plaintiffs concerning attorney's fees and interest).  Depending upon what the Court does with such motions and any hearing that is needed, one side or the other or both will want to appeal.  Of course, that raises the question whether an appeal is premature.  There are two phases of the case yet to be scheduled and tried (curfew, Aurora), assuming that plaintiffs still wish to press on with those phases.  Trials can't be set soon, given our docket; and if and when they are tried, there is the potential for appeals arising out of those phases.  The point is that the parties are in for a long, drawn out litigation in the district court and the appellate courts.  My question is whether the parties might have an interest in delaying the entry of judgment and the filing of post-trial motions for a reasonable period of

time so that they could engage in an effort to settle at least this phase and, ideally, the entire case?  I am talking about a serious, good faith negotiation, preferably with an experience professional mediator, where both sides are willing to compromise in order to achieve a resolution.  I have asked about settlement in the past, but now we are in a different posture.  Please let me know as soon as possible, and if the answer is that the parties are not interested in doing this,  then please give me your comments on the form of judgment, and I will take it from there.


Thank you, Brooke Jackson



R. BROOKE JACKSON
United States District Judge
U.S. District Court of Colorado
901 19th Street
Denver, CO 80294
(303) 844-4694
R_Brooke_Jackson@cod.uscourts.gov

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01878-RBJ
Consolidated with No. 20-cv-01922-RBJ

ELISABETH EPPS,
ASHLEE WEDGEWORTH,
AMANDA BLASINGAME,
MAYA ROTHLEIN,
ZACH PACKARD,
HOLLIS LYMAN,
CIDNEY FISK,
STANFORD SMITH,
SARA FITOURI,
JACQUELYN PARKINS,
KELSEY TAYLOR,
JOE DERAS,
CLAIRE SANNIER, and
JOHNATHEN DURAN,

    Plaintiffs~~S~~,

v.

CITY AND COUNTY OF DENVER, ~~and~~
JONATHAN CHRISTIAN, ~~and~~
KEITH VALENTINE,
ANTHONY HAMILTON,
TIMOTHY DREITH,
CITY OF AURORA,
MATTHEW BRUKBACHER,
PATRICIO SERRANT,
DAVID MCNAMEE, and
CORY BUDAJ,

    Defendants.

---

**PARTIAL JUDGMENT**

---

> **Commented [RAD1]:** Plaintiff Johnathen Duran's claims were dismissed by stipulation (ECF 311) and as a result he does not need to be included in the caption.

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a) and Fed. R. Civ. P. 54(b), the following Partial Judgment is hereby entered.

The claims of plaintiffs Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zachary Packard, Hollis Lyman, Stanford Smith, Cidney Fisk, Sara Fitouri, Jacquelyn Parkins, Kelsey Taylor, Joe Deras, and Claire Sannier, the plaintiffs against the defendant City and County of Denver, exclusive of claims arising from curfew violations, and plaintiff Elizabeth Epps' individual claim against former Denver Police Department Officer Jonathan Christian, were tried before a jury of eight duly sworn between March 7 and March 25, 2022, with Senior U.S. District Judge R. Brooke Jackson presiding, and the jury has rendered a verdict.[1]  It is

ORDERED that judgment is entered in favor of the defendants and against the plaintiff Cidney Fisk as to all her claims, which are dismissed with prejudice. It is

FURTHER ORDERED that judgment is entered in favor of defendant Keith Valentine and against plaintiff Elisabeth Epps as to her First Amendment and Fourth Amendment claims for the reasons set forth in the Court's summary judgment ruling of March 1, 2022 (ECF No. 304). It is

FURTHER ORDERED that judgment is entered in favor of defendants Anthony Hamilton and Timothy Dreith and against plaintiff Joe Deras as to his First Amendment

---

[1] Plaintiffs Claire Sannier and Kelsey Taylor's claims against the City and County of Denver arising from curfew arrestviolations, and plaintiffs Zachary Packard, Stanford Smith, and Johnathen Duran's claims against the City of Aurora and four individual Aurora Police Department officers were bifurcated for separate trials, to be scheduled. The court directs entry of a final judgment as to one or more, but fewer than all, claims or parties in this case, and expressly determines that there is no just reason for delay of entry of judgment on those claims tried to verdict by jury.

and Fourth Amendment claims for the reasons set forth in the Court's summary judgment ruling of February 22, 2022 (ECF No. 298). It is

FURTHER ORDERED that judgment is entered in favor of ~~the~~ plaintiffs~~,~~ Claire Sannier, Stanford Smith, Zachary Packard, Sara Fitouri, Maya Rothlein, Amanda Blasingame, Joe Deras, Kelsey Taylor, Jacquelyn Parkins, Elisabeth Epps, and Hollis Lyman and against ~~the~~ defendant~~,~~ the City and County of Denver~~,~~ as to those~~ir~~ plaintiffs'~~his or her~~ First Amendment and Fourth Amendment claims.  Judgment is entered in favor of ~~the~~ plaintiff~~,~~ Ashlee Wedgeworth~~,~~ and against ~~the~~ defendant~~,~~ the City and County of Denver~~,~~ as to her First~~ourth~~ Amendment claim.  Judgment is entered in favor of defendant, the City and County of Denver as to plaintiff Ashlee Wedgeworth's Fourth Amendment claim.  Judgment is entered in favor of ~~the~~ plaintiff~~,~~ Elisabeth Epps~~,~~ and against ~~the~~ defendant~~,~~ Jonathan Christian~~,~~ as to her Fourth Amendment claim. Judgment is entered in favor of defendant, Jonathan Christian as to plaintiff Elisabeth Epps' First Amendment claim.  It is

FURTHER ORDERED that compensatory damages were awarded by the jury in the amounts of $3,000,000 as to plaintiff ~~as to~~ Zachary Packard; $1,000,000 as to plaintiffs Claire Sannier; $1,000,000 as to plaintiff Stanford Smith; $1,000,000 as to plaintiff Sara Fitouri; $1,000,000 as to plaintiff Maya Rothlein; $1,000,000 as to plaintiff Amanda Blasingame; $1,000,000 as to plaintiff Hollis Lyman; $1,000,000 as to plaintiff Joe Deras; $1,000,000 as to plaintiff Kelsey Taylor; $1,000,000 as to plaintiff Jacquelyn Parkins; $1,000,000 as to plaintiff ~~, and~~ Elisabeth Epps; and $750,000 as to plaintiff Ashlee Wedgeworth, and judgment in those amounts to those individuals is entered.  It is

FURTHER ORDERED that punitive damages were awarded in the amount of $250,000 as to plaintiff Elisabeth Epps against defendant Jonathan Christian, and judgment in that amount is entered.  It is

FURTHER ORDERED that as the prevailing party the plaintiffs are awarded costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  It is

FURTHER ORDERED that in the discretion of the Court, attorney's fees may be awarded to the plaintiffs pursuant to 42 U.S.C. § 1988 in an amount to be determined.  It is

FURTHER ORDERED that the plaintiffs are awarded pre-judgment and post-judgment interest in amounts to be determined.

> **Commented [RAD3]:** We do not believe pre-judgment interest is appropriately awarded in this matter.

Dated at Denver, Colorado this ____ day of _____, 2022.