IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01878-RBJ
(consolidated with 20-cv-01922-RBJ-MEH)

ELISABETH EPPS, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

## RESPONSE TO PLAINTIFFS' CROSS MOTION FOR JUDGMENT UNDER RULE 54

Defendants City and County of Denver ("Denver") and Jonathan Christian ("Mr. Christian") (collectively "Denver Defendants"), through undersigned counsel, hereby respectfully submit this Response to Plaintiffs' Cross Motion for Judgement under Rule 54 as follows:

### INTRODUCTION

The only reservation Plaintiffs have respecting certification of the judgment is the assessment of pre-judgment interest, which is inappropriate here. At the conclusion of trial in this matter, the jury awarded Plaintiffs $13,750,000 in compensatory damages against Denver and $250,000 in punitive damages against Officer Christian, (Doc. 343) the latter of which was subsequently remitted to $50,000. (Doc. 428, 430). Plaintiffs now seek prejudgment interest on the entire compensatory award,[1] although only one single plaintiff, Zackary Packard, submitted evidence of any actual economic losses in the form of medical bills, which totaled $181,000. (Trial

---

[1] Plaintiffs do not seek prejudgment interest on the punitive award (Doc. 434 at 6).

Exhs 1099 & 1100; Trial Tr. 282:1-1). Therefore, 98.7% of the jury's $13,750,000 verdict (Doc. 343) represents non-economic compensatory damages. Because the jury's compensatory damages award already accounts for the present value of those damages, any additional award of interest would be inequitable and overcompensating. Plaintiffs' contention prejudgment interest is due is unsupported by the law within this District and the Tenth Circuit. This Court should exercise its discretion to deny prejudgment interest.

## ARGUMENT

**I.  Prejudgment interest on portions of the verdict representing noneconomic damages is unnecessary, inequitable and would overcompensate Plaintiffs.**

The Tenth Circuit has established a two-part test to determine whether prejudgment interest should be awarded. "The first step is to determine whether such an award would compensate the injured party. If prejudgment interest would be compensatory, the court must determine whether the equities would preclude an award." ***White v. Chafin***, 862 F.3d 1065, 1068 (10th Cir. 2017) (citing ***Zuchel v. City & Cty. of Denver***, 997 F.2d 730, 746 (10th Cir. 1993)). Here, Plaintiffs' compensatory award was comprised nearly entirely of noneconomic damages for which prejudgment interest is not appropriate.

Several courts have found "the notion of prejudgment interest to be incompatible with the concept of non-economic damages." ***Valenzuela v. Coleman***, No. 18-cv-329-CMA-STV, 2022 WL 2528330 at * 11-12 (D. Colo. July 7, 2022) (declining to award interest on non-economic damage awards); ***Clawson v. Mt. Coal Co.***, No. 01-cv-02199-MSK-MEH, 2007 WL 201253, at *14 (D. Colo. Jan. 24, 2007); ***Echon v. Sackett***, No. 14-CV-03420-PAB-NYW, 2019 WL 8275344, at *10 (D. Colo. Feb. 12, 2019), *aff'd sub nom by* ***Echon v. Sackett***, 809 F. App'x 468 (10th Cir. 2020) (stating that assessing prejudgment interest on plaintiffs' non-economic damages

would be fundamentally at odds with the compensatory purpose of prejudgment interest); ***Chatman v. Buller***, 2013 WL 5729603, at *3 (E.D. Okla. Oct. 22, 2013) (declining to award prejudgment interest on non-economic damages).

Prejudgment interest is designed to compensate a plaintiff for the "monetary value of his loss." ***White***, 2016 WL 9632932, at *2. "Put differently, the doctrine of prejudgment interest recognizes the time value of money and compensates for lost value that would have otherwise accrued had the plaintiff been able to invest or gather interest on monies that were lost as a result of his injury." ***Id.*** Courts in this District have agreed an award of prejudgment interest on non-economic damages is not "compensatory" because it does not represent "the return of the loss of the use of money." ***Wilson v. Burlington N. R.R. Co.***, 803 F.2d 563, 567 (10th Cir. 1986) (McKay, J., concurring). Because the purpose of non-economic damages is "to make [a plaintiff] whole for his emotional distress, embarrassment, etc.," to award prejudgment interest on such damages "would imply the preposterous notion that one's suffering could, at the time, have been used as an investment vehicle." ***Clawson v. Mt. Coal Co., L.L.C.***, No. 01-cv-02199-MSK-MEH, 2007 WL 201253, at *14 (D. Colo. Jan. 24, 2007). Nothing in the facts of this case warrants a departure from this well-established principle.

Plaintiffs' arguments that interest is "necessary" given the two-year lapse of time between their injuries and the verdict is misplaced, given there is no lost use of money for anyone but arguably Mr. Packard and his $181,000 in medical bills. Prejudgment interest on Plaintiffs' non-economic damages would not be compensatory in this case, they would be punitive. *See* ***Ebonie S. v. Pueblo Sch. Dist. 60***, No. 09-CV-00858-WJM-MEH, 2015 WL 1906086, at *2 (D. Colo. Apr. 23, 2015) ("The Court finds that awarding prejudgment interest in this case would be punitive

rather than compensatory."). The jury's substantial, and in Denver Defendants' view excessive, compensatory damages verdict has already compensated Plaintiffs for the jury's perception of their injuries. Adding prejudgment interest in this case artificially increases Plaintiffs' recovery in a manner that does nothing other than punish Denver Defendants.

Plaintiffs' citations to the weight of authority in other Circuits ignores the weight of authority in the Tenth Circuit. Tenth Circuit and this District routinely distinguish between economic and non-economic damage awards, generally refusing to award prejudgment interest for the latter. Another judge from this District – relying on *White* and the *Wilson* concurrence – rejected a prevailing 42 U.S.C. § 1983 plaintiff's claim for prejudgment interest on the entirety of his non-economic damage award. *See Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 5051666, at \*\*2-3 (D. Colo. Nov. 1, 2021), *appeal filed* 21-1415. A smattering of non-jurisdictional decisions allowing for prejudgment interest in specific scenarios (Doc. 434 at 4) is insufficient to override the clear precedent within this District and the Tenth Circuit.

Prejudgment interest is "inappropriate" on damages awarded for emotional distress and pain and suffering, because any such award "is merely the reduction of that sentimental value to dollars at the time of judgment and ***does not in any real or analytical sense represent the return of the loss of the use of money.***" *Wilson*, 803 F.2d at 567 (McKay, J., concurring) (emphasis added). Even the panel majority in *Wilson* found it "obvious[]" that "the damages awarded to a successful plaintiff represent a composite of a number of different elements," and that **"[*n*]*ot all of these elements are properly to be considered for prejudgment interest*."** *Id.* at 555-56 (emphasis added).

Denying Plaintiffs' prejudgment interest does not deprive or prevent them from using any

4

funds given the jury's award already reflects the present monetary value of such damages and an award of additional prejudgment interest would thus be duplicative, inequitable and overcompensating. *See* **Martinez v. Valdez**, No. 11-CV-00102-MSK-KLM, 2015 WL 5081606, at *14-*15 (D. Colo. Aug. 27, 2015) (finding "the equities of granting prejudgment interest unjust here."); **Chatman**, No. 12-CV-182-JHP, 2013 WL 5729603, at *3 ("While Plaintiff's losses were significant, his emotional distress, mental anguish, and suffering did not 'deprive him of the monetary value of his loss from the time of the loss to the payment of the judgment.' Therefore, rather than compensating Plaintiff, an award of prejudgment interest in this case would improperly 'duplicate damages already awarded.'").

Plaintiffs are made whole without an additional award of prejudgment interest. This Court has indicated it might have awarded less than the jury. [Doc. 428, at 21]. Given that reality, an award of prejudgment interest on top of the large compensatory damages award is unwarranted and unjustified as an exercise of this Court's discretion.

**II. Any prejudgment interest award should accrue at a rate equal to the one-year constant maturity Treasury yield pursuant to 28 U.S.C. § 1961.[2]**

Because there is no federal statutory interest rate on prejudgment interest, the rate imposed is left to this Court's discretion. **Kleier Advert., Inc. v. Premier Pontiac, Inc.**, 921 F.2d 1036, 1042 n.4 (10th Cir. 1990). Any prejudgment interest awarded in this case should be calculated using the IRS underpayment rate set by 26 U.S.C. § 6621(a)(2). **Valenzuela v. Coleman**, No. 18-cv-329-CMA-STV at * 28 (D. Colo. July 7, 2022); **Valdez v. Motyka**, 2021 WL 5051666, at **2-3 (D.

---

[2] At best, Defendants maintain this Court could award prejudgment interest to Plaintiff Packard for his medical bills in the amount of $181,000.00 (Trial Exhs 1099 & 1100; Trial Tr. 282:1-1). However, to any extent the Court awards prejudgment interest, it also needs to decide the applicable prejudgment interest rate.

Colo. Nov. 1, 2021), *appeal filed on unrelated issues at* 21-1415. (utilizing the IRS underpayment rate to calculate prejudgment interest for a plaintiff's economic damages in a § 1983 case).

The rate of 6% proposed by Plaintiffs is inaccurate, given the judgement in this case was not submitted in October, 2022. The verdict entered by this Court was dated March 25, 2022. Per the guidance submitted by the Court in ***Valenzuela***, the underpayment rate as of the first quarter of 2022 was 3%. That was calculated under 26 U.S.C. § 6621(a)(2) as the sum of "the Federal short-term rate determined under subsection (b)" plus "3 percentage points." Subsection (b) provides that "[t]he Secretary shall determine the Federal short-term rate for the first month in each calendar quarter." The applicable IRS underpayment rate for March 2022, when the jury entered its verdict in this case, was 3%. Rev. Rule 2021-24, 2021-50 I.R.B. 850; *see* I.R.S. News Release IR-2021-234 (Nov. 23, 2021), *available at* https://www.irs.gov/newsroom/interest-rates-remain-the-same-for-the-first-quarter-of-2022 (identifying 3% as the rate for underpayments for the calendar quarter beginning January 1, 2022).

Should this Court agree that Mr. Packard is entitled interest on his $181,000 in past medical bills constituting an economic damage award, the amount of interest should accrue at 3% from the date of his injury, May 31, 2020 to March 25, 2022—the date the jury returned its verdict. The Denver Defendants respectfully submit the proper amount of awardable prejudgment interest is due only to Plaintiff Zack Packard, and totals $9,863.26.[3]

---

[3] If the Court was to utilize the date of the Judgment (Doc. 360) dated April 15, 2022, then second quarter interest is appropriate, which was 4%. *Available at:* https://www.irs.gov/newsroom/interest-rates-increase-for-the-second-quarter-of-2022. That total for Mr. Packard utilizing the 4% rate from date of his injury, May 31, 2020 to April 15, 2022, the date of the verdict, is $13,567.56.

## CONCLUSION

For all these reasons, as well as based on the arguments and authorities in their Motion to Certify Orders Related to Denver Defendants as Final and Immediately Appealable (Doc. 431), Defendants City and County of Denver and Jonathan Christian respectfully request this Court deny Plaintiffs' request for prejudgment interest as is contained in their Cross Motion for Judgement under Rule 54, but otherwise request this Court issue an Order certifying for appeal pursuant to Fed. R. Civ. P. 54(b), the jury verdict, the judgment, this Court's September 22, 2022 Order, and all prior Orders of this Court related to the Plaintiffs' claims against Denver and Mr. Christian, and for all other and further relief as this Court deems just and appropriate.

Dated this 11th day of November, 2022.

Respectfully submitted,

| | |
|---|---|
| *s/ Andrew D. Ringel* | *Hollie R. Birkholz* |
| Andrew D. Ringel | Hollie R. Birkholz |
| Katherine N. Hoffman | Denver City Attorney's Office |
| Robert A. Weiner | Civil Litigation Section |
| Hall & Evans, L.L.C. | 201 West Colfax Avenue, Dept. 1108 |
| 1001 17th Street, Suite 300 | Denver, Colorado 80202 |
| Denver, Colorado 80202 | Telephone: (720) 913-3100 |
| Telephone: (303) 628-3453 | Facsimile: (720) 913-3155 |
| Facsimile: (303) 628-3368 | E-mail: hollie.birkholz@denvergov.org |
| E-mail: ringela@hallevans.com | |
| hoffmank@hallevans.com | *Counsel for the City and County of Denver* |
| weinerr@hallevans.com | *and Jonathan Christian* |

7

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on this 11th day of November, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record in this matter.

                                         *s/ Nicole Marion,* Legal Assistant_____
                                         Nicole Marion
                                         Hall & Evans, L.L.C.