UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

Elisabeth Epps, *et al.*,

v.

City and County of Denver, *et al*.

Civ. No. 1:20-cv-1878-RBJ (consol.)

PLAINTIFFS' REPLY IN SUPPORT OF THEIR CROSS MOTION FOR RULE 54(B) JUDGMENT

Denver's response all but concedes that Plaintiff Zach Packard is entitled to prejudgment interest on his $181,000 in medical bills. Denver disputes only whether the Court should award prejudgment interest on the remainder of Plaintiffs' damages awards and how the interest should be calculated. Specifically, the parties agree that the calculation of interest begins to run on the date of the plaintiff's injury; they disagree about (1) what interest rate applies and (2) how long the interest should run. But courts in this District typically use the date of *final* judgment to establish what interest rate applies. Similarly, this Court uses the date of final judgment as the last day on which prejudgment interest accrues. Denver offers no persuasive reason to deviate from that straightforward practice.

## ARGUMENT

I. **The Court should exercise its discretion to award prejudgment interest on all of Plaintiffs' damages.**

Denver is wrong in suggesting that the Tenth Circuit has "generally refus[ed]" to award prejudgment interest on noneconomic damages. Denver's Resp. at 4. That is not the case.

The decision whether to award prejudgment interest on noneconomic damages rests within the district court's sound discretion. *White v. Chafin*, 862 F.3d 1065, 1067–68 (10th Cir. 2017)

("[U]nder the current standard in this Circuit, district courts have been given great leeway in their determinations as to whether prejudgment interest should be awarded when a jury returns a verdict of compensatory damages in Section 1983 cases."). Denver heavily relies on a 1986 concurring opinion by a single judge for the proposition that prejudgment interest should not be awarded for noneconomic damages. *See* Denver's Resp. at 3, 4 (quoting *Wilson v. Burlington N. R.R. Co.*, 803 F.2d 563, 567 (10th Cir. 1986) (McKay, J., concurring)). But the *Wilson* court declined to adopt Judge McKay's position, which was again rejected by yet another panel in *White*. *See* 862 F.3d at 1069 (citing without adopting the *Wilson* concurrence). This Court is therefore free to award prejudgment interest on all of Plaintiffs' injuries.

And it should. Numerous courts have recognized that refusing to award prejudgment interest on noneconomic damages "ignores the time value of money and fails to make the plaintiff whole." *Thomas v. Texas Dep't of Crim. Just.*, 297 F.3d 361, 372 (5th Cir. 2002); *see also Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013); *Hillier v. S. Towing Co.*, 740 F.2d 583, 586 (7th Cir. 1984); *Bennett v. City of Holyoke*, 362 F.3d 1, 11 (1st Cir. 2004). Awarding prejudgment interest on all of Plaintiffs' damages is particularly warranted here where Plaintiffs were forced to wait over two years before obtaining a jury verdict.

**II.     The date of final judgment determines the applicable interest rate and interest period.**

Denver's calculation of Plaintiffs' prejudgment interest errs in two respects. First, Denver argues that, assuming the Court calculates the prejudgment interest using the IRS underpayment rate set by 26 U.S.C. § 6621(a)(2), the applicable rate is determined by the date of the jury verdict. Second, Denver argues that the interest runs only until the date of the jury verdict or, alternatively, the Court's April 15, 2022 non-final judgment (ECF No 360). Denver is mistaken on both counts.

2

As an initial matter, Denver ignores Plaintiffs' argument that the Court should apply Colorado's statutory interest rate of 8% and fails to distinguish authorities within this District and Circuit applying that rate. *See* Pls.' Cross-Motion at 5 n.7. Plaintiffs maintain that the Court should apply Colorado's statutory rate in calculating prejudgment interest.

Even so, if the Court instead applies the IRS underpayment rate, the cases Denver cites confirm that the applicable rate is determined by the date of *final* judgment—not by the date of a jury verdict or a non-final judgment. *See Valenzuela v. Coleman*, No. 18-CV-00329-CMA-STV, 2022 WL 2528330, at *12 (D. Colo. July 7, 2022) (applying the underpayment rate in place at the time of final judgment); *Valdez v. Motyka*, No. 15-CV-0109-WJM-STV, 2021 WL 5051666, at *3 (D. Colo. Nov. 1, 2021) (same). The current IRS underpayment rate, which applies through the end of this fiscal quarter, is 6%. *See* I.R.S. News Release IR-2022-150 (August 15, 2022), available at https://www.irs.gov/newsroom/irs-announces-interest-rate-increases-for-the-fourth-quarter-of-2022-6-rate-applies-to-most-taxpayers-starting-oct-1. Thus, if the Court enters final judgment any time between now and the end of 2022, a 6% rate of prejudgment interest applies to Plaintiffs' damages.

For determining the period during which the interest accrues, the parties agree that the prejudgment interest begins to run from the date of Plaintiffs' injuries. *See* Denver's Resp. at 6 (noting that "the amount of interest should accrue . . . from the date of . . . injury"). The Court should therefore calculate prejudgment interest beginning on June 2, 2020—the final day on which any Plaintiff suffered injuries for which they claimed damages at trial.

The Parties disagree, however, about the final date on which prejudgment interest accrues. Here again, Denver's authorities—and this Court's own precedent—definitively resolve this issue

3

in Plaintiffs' favor. *Valenzuela*, 2022 WL 2528330, at *13 & n.4 (calculating prejudgment interest through the day the Court entered *final* judgment); *Valdez*, 2021 WL 5051666, at *4 (same); *Mickelson v. Proctor*, No. 13-CV-01256-RBJ, 2017 WL 4335093, at *4 & n.1 (D. Colo. Mar. 20, 2017) (Jackson, J.) (same). Notably, the *Valdez* court calculated interest through the date of its final judgment *even though the plaintiff "only requested prejudgment interest through the date of the jury's verdict."* 2021 WL 5051666, at *4 n.2. Accordingly, as in *Mickelson*, *Valenzuela*, and *Valdez*, the Court should use the date it enters final judgment as the final date on which interest accrues.[1]

In sum, the Court should award Plaintiffs interest on all their damages from June 2, 2020, to the day the Court enters final judgment. The Court has not yet entered final judgment, which is what the parties are seeking in their respective Rule 54(b) motions. Assuming a judgment entered on November 30, 2022, and with the interest "compounded annually," *Mickelson*, 2017 WL 4335093, at *4, the Court should award Plaintiffs prejudgment interest as follows:

|  | **C.R.S. § 5-12-101 (8%)** | **IRS underpayment rate (6%)** |
|---|---|---|
| Plaintiffs awarded $1,000,000 in compensatory damages | $212,672.53 each | $157,030.95 each |
| Zach Packard, awarded $3,000,000 in compensatory damages | $638,017.58 | $471,092.84 |
| Ashlee Wedgeworth, awarded $750,000 in compensatory damages | $159,504.39 | $117,773.21 |

---

[1] Similarly, post-judgment interest under 28 U.S.C. § 1961 accrues from the entry of *final* judgment. *Wilson v. Union Pac. R. Co.*, 56 F.3d 1226, 1233 (10th Cir. 1995) (internal quotation marks and citation omitted) ("[P]ostjudgment interest should be calculated from the date that a plaintiff's damages are meaningfully ascertained and included in a final, appealable judgment.").

If the Court declines to award prejudgment interest on all of Mr. Packard's damages, it should at the very least award prejudgment interest on his medical bills, which totaled $181,065.57. *See* ECF No. 387 at 280–81. Calculating the prejudgment interest from the date of his hospitalization (May 31, 2020), and maintaining the same assumptions above, the interest award would be either $38,600.25 (applying 8%) or $28,499.78 (applying 6%).

Dated: November 22, 2022

Respectfully submitted,

By: s/ *Elizabeth Wang*
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
Telephone: (720) 328-5642
elizabethw@lovey.com

By: s/ *Timothy Macdonald*
Timothy R. Macdonald
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Timothy.Macdonald@arnoldporter.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2022, I served via CM/ECF the foregoing **Reply in Support of Plaintiffs' Cross-Motion for Rule 54(b) Judgment** on all counsel of record.

s/ *Timothy Macdonald*