**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action Nos. 1:20-cv-01878-RBJ (consolidated)

ELISABETH EPPS, *et al.*,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

---

**EPPS PLAINTIFFS' BRIEF REGARDING MINUTE ORDER CONCERNING PENDING MOTIONS FOR ATTORNEYS' FEES [Dkt. 441]**

---

The Epps Plaintiffs respectfully submit this response to the Court's minute order concerning the pending motions for attorneys' fees (Dkt. 441):

**DISCUSSION**

In its November 14, 2022 Minute Order, the Court requested that plaintiffs' counsel "please provide copies of the fee agreements [with their clients] to the Court and opposing counsel[.]" On December 5, the Fitouri Plaintiffs submitted a brief in response to the Court's November 14 minute order.

The Epps Plaintiffs are represented *pro bono*; accordingly, the "engagement agreements" and "fee agreements" between Counsel and the Epps Plaintiffs are not relevant to determining fees pursuant to 42 U.S.C. § 1988. As the Fitouri Plaintiffs note in their brief, Supreme Court and Tenth Circuit precedent establishes that fee agreements generally are not relevant for determining § 1988 fee awards. *See* ECF No. 443. The same precedent also notes that *pro bono*

arrangements are similarly irrelevant for determining § 1988 fee awards. "[W]e reject[], as contrary to congressional intent, the notion that fees are to be calculated on a cost-based standard. . . . That a nonprofit legal services organization may contractually have agreed not to charge any fee of a civil rights plaintiff does not preclude the award of a reasonable fee to a prevailing party in a [§] 1983 action, calculated in the usual way." *Blanchard v. Bergeron*, 489 U.S. 87, 94-95 (1989).

The Supreme Court has similarly held that "reasonable fees under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "[O]nce a determination has been made that a defendant, as a prevailing party, is entitled to attorney fees, the fact that his legal representation was undertaken by a public service firm or association is irrelevant." *Campbell v. Cook*, 706 F.2d 1084, 1086 (10th Cir. 1983) (collecting cases). *See also Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983) ("defendants argue that fee awards to public interest lawyers, those employed by public interest organizations or those in private practice who donate their services to such organizations, should be calculated differently than awards to lawyers in private practice who would personally receive the benefit of the awards. We reject this contention. We agree with most courts that have considered the issue that calculating attorney's fees for public interest lawyers and private firm lawyers in the same manner furthers the legislative intent underlying 42 U.S.C. § 1988").

Finally, engagement and fee agreements between client and counsel contain proprietary, confidential, and privileged information. Counsel for the Epps Plaintiffs have an ongoing interest in protecting the privileged and confidential information contained in their engagement

agreements.

## CONCLUSION

The Epps Plaintiffs respectfully request that the Court reconsider the portion of its minute order requesting production of the Epps Plaintiffs' retainer agreements.

Dated: December 9, 2022

Respectfully submitted,

By: */s/ Matthew J. Douglas*

Timothy R. Macdonald
Matthew J. Douglas
Edwin Packard Aro
R. Reeves Anderson
Colin M. O'Brien
Brian M. Williams
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Timothy.Macdonald@arnoldporter.com
Matthew.Douglas@arnoldporter.com
Ed.Aro@arnoldporter.com
Reeves.Anderson@arnoldporter.com
Colin.Obrien@arnoldporter.com
Brian.Williams@arnoldporter.com

Diana Sterk
Mindy Gorin
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Diana.Sterk@arnoldporter.com
Mindy.Groin@arnoldporter.com

Andreas E. Moffett
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW

Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555
Andreas.Moffett@arnoldporter.com

Patrick C. Reidy
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street
Suite 4200
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Patrick.Reidy@arnoldporter.com

Michael J. Sebba
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
Michael.Sebba@arnoldporter.com

*In cooperation with the American Civil Liberties Union Foundation of Colorado*

Mark Silverstein
Sara Neel
Arielle Herzberg
American Civil Liberties Union Foundation of Colorado
303 E. Seventeenth Ave., Suite 350
Denver, Colorado 80203
Telephone: (303) 777-5482
Facsimile: (303) 777-1773
Msilverstein@aclu-co.org
Sneel@aclu-co.org
Aherzberg@aclu-co.org

*Counsel for Epps Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I served the foregoing **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** via CM/ECF on all counsel of record.

*/s/ Tanya D. Huffaker*