IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ELISABETH EPPS, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF DENVER, *et al.*,<br><br>  Defendants, | Civil Action Nos. 1:20-cv-1878-RBJ-KLM & 1:20-cv-1922-RBJ-MEH (consol.) |

# CLASS PLAINTIFFS' TRIAL BRIEF

## Introduction

Between May 30 and June 5, 2020, following the murder of George Floyd, hundreds of protestors were arrested for violating a curfew imposed by Defendants City and County of Denver (the "City"). This Court has certified a class of people who Plaintiffs contend were arrested because the City believed they were engaged in protest activity challenging ongoing police violence.

At the trial beginning on April 24, 2023, the Plaintiff class will prove that the City's implementation of the curfew was unconstitutional because the City's policy or practice was to target those believed to be engaged in protest activity, in violation of the Constitution.

### I.    Relevant Background

Given the Court's familiarity with the protests, curfew, and other issues, Plaintiffs do not describe extensive factual detail about the underlying events here and, instead, focus on facts relevant to issues that may come up at trial.

This Court certified a class of plaintiffs as follows:

> Those persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order (D.R.M.C. 38-31(c)), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

Dkt. 127 at 8. This Plaintiff class is approximately 312 people.

Thereafter, discovery took place between September 2020 and October 2021. Fact discovery closed on October 4, 2021. Thereafter, the City moved for summary judgment. Dkt. 271. Following this Court's order on the City's motion for summary judgment, claims are set to be tried for this class under two constitutional theories: (1) the First Amendment, and (2) Equal Protection Clause of the Fourteenth Amendment. Dkt. 304.

Trial is set for April 24, 2023, and the Trial Preparation Conference will be set at a time convenient for the court before then. Dkt. 461. This trial is set for five days.

On March 28, 2023, less than a month before trial, the City "disclosed" about a dozen new, previously undisclosed witnesses. Nearly half of the City's trial witness list is comprised of these new witnesses.

At trial, Plaintiffs anticipate proving that, despite the generally-applicable language in the emergency curfew itself, the City had an official policy/practice of actually enforcing the curfew by directing their actions at those officers believed were engaged in protest activity. A number of Plaintiffs will testify about their experiences in being arrested at or near protests. And, significant evidence at trial will be presented by Denver policymakers and high-ranking police department officials who, Plaintiffs contend, have basically admitted that the policy or practice was to arrest those the City believed were engaged in "protest activity," as the City sought to "clear the streets" of people protesting police violence. Ronald Thomas, the current Chief of Police, was a

2

Division Chief at the time. After a meeting with the Chief of Police Paul Pazen, the Deputy Chief Barbara Archer, and the other Division Chiefs, Chief Pazen ordered that police officers enforce the curfew only against those engaged in protest activity. Thomas communicated this policy to officers—who he referred to as "troops"—stating that the curfew charge "is only to be used in relation to protest activity either downtown or elsewhere in the City." Dkt. 286-20 at 1. Chief Thomas instructed that City policy was as follows:

> Please advise all your officers that this curfew ordinance is to be used only for enforcing protest-related behavior regardless of location in the city. Do not let officers cite for curfew just for being out after 2100.

*Id.* at 4. In Plaintiffs' view, based on this evidence and the additional concessions made in depositions, the City should concede liability for its unconstitutional practice and judgment of a matter of law should be entered for Plaintiffs. Nonetheless, this matter is headed to trial.

### II. Legal and Factual Issues that May Arise at Trial and/or the Trial Preparation Conference

Issues that may arise at the Trial Preparation Conference and/or at trial include the following:

First, Plaintiffs are moving *in limine* to bar the City's previously-undisclosed witnesses and evidence. This Court should order these witnesses barred or Plaintiffs cannot receive a fair trial and will be unduly prejudiced. Plaintiffs were diligent in discovery and would have sought to depose these witnesses but the time for discovery lapsed long ago.

Second, the parties have substantial disagreement about the theory of liability (and thus the jury instructions), particularly with respect to the First Amendment instructions. Plaintiffs' position is that this is a straightforward First Amendment case where Plaintiffs need only prove (1) the City adopted a policy or practice, (2) targeted people on the basis of their speech (e.g., engaging in protest activity), and (3) arrested Plaintiffs pursuant to that unlawful policy or

3

practice. The City has framed this case as one of retaliation and argued that the subjective motivation of every police officer who made an arrest is at issue here. These competing frameworks are set forth in the parties' competing First Amendment instructions. The Court should reject the City's incorrect interpretation of the law, which seeks to introduce reversible error into the case and that would defeat entirely the antecedent for Class liability (*i.e.*, city practice/custom/policy) and certification in the first place. This would be consistent with this Court's class certification order and summary judgment decision.

Third, the parties seek clarity about this Court's expectation with respect to the scope of this trial. The parties agree that the class certification order includes liability and damages. And, the parties agree that it will not be possible to determine damages for the more than 300 people in the class at the upcoming trial, and so the parties seek clarification on what damages testimony, if any, this Court intends to be presented before this jury. In Plaintiffs' view, the most efficient way to proceed would be to include damages testimony from the Plaintiffs (e.g, class representatives and class members) who testify and allow this jury to calculate their damages. This is an accepted method of determining damages that avoids the inefficiency of calling the same class members to testify twice. *See, e.g.*, *Phillips v. Hulett*, 2022 WL 14461192, at *1 (C.D. Ill. Oct. 25, 2022) (describing class action trial where jury decided class-wide liability and individual damages for testifying plaintiffs); *Velez v. Novartis Pharms. Corp.*, 2010 WL 4877852, at *3 (S.D.N.Y. Nov. 30, 2010) (same).

If Plaintiff prevail, the parties will sort out how to resolve damages for the remaining class members and have already been conferring about this.

### III. Other Issues Impacting the Trial

As this Court has been apprised, the parties have had some settlement discussions. However, as of the time this is being submitted, the parties have not reached an agreement that would justify continuing the trial. Plaintiffs thus ask this Court to set the Trial Preparation Conference at a time convenient for the Court.

Respectfully submitted,

s/ Elizabeth Wang
Class Counsel

| | |
|---|---|
| Elizabeth Wang | David B. Owens |
| Loevy & Loevy | Wallace Hilke |
| 2060 Broadway, Ste. 460 | Loevy & Loevy |
| Boulder, CO 80302 | 311 N. Aberdeen St., 3rd Fl. |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | david@loevy.com |
| *Class Counsel* | hilke@loevy.com |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, hereby certify that I filed the foregoing Trial Brief on April 11, 2023 via CM/ECF, thereby delivering a copy to all counsel of record.

s/ Elizabeth Wang

5