IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.*,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

Defendants.

## CLASS PLAINTIFFS' MOTIONS *IN LIMINE*

The Class Plaintiffs respectfully file these motions *in limine*.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for Defendant Denver regarding the relief sought herein. The opposed and unopposed motions are indicated below.

### MOTION *IN LIMINE* NO. 1

### Bar undisclosed witnesses

The Court should bar the use of undisclosed witnesses under Federal Rule of Civil Procedure 37. This motion is opposed.

Fact discovery in this case closed in October 2021. On March 28, 2023, *one-and-a-half years after the close of fact discovery*, Defendant Denver "disclosed" numerous new witnesses

who were never previously disclosed before. Ex. 1 (Defs.' Fortieth Supplemental Disclosures).[1] Denver has now listed most of these witnesses as "will call" or "may call" witnesses on their trial witness list. *See* Def.'s Trial Witness List. The 12 witnesses on Defendant's trial witness list who were never previously disclosed and must be barred are:

- Alan Salazar (Chief of Staff of Mayor)
- Capt. Kelly Bruning (DSD)
- Capt. Jamieson Brown (DSD)
- Kristin Bronson (City Attorney)
- Arvada Police Officer Dean Moretti
- Adams County Sheriff's Department Sgt. Chastain
- Adam County Sheriff's Department Corporal Bastien
- Aurora Police Officer Kevin Manley
- Marley Bordovsky (Denver)
- Abbas Awie
- Yasir Gabani
- Zac Gabani

A thirteenth witness that Defendant listed on their trial witness list who must be barred is Beth Moyski. Denver disclosed her for the first time on the last day of fact discovery, October 4, 2021.

Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is

---

[1] In the "preface" of their Fortieth Supplemental Disclosures, Defendant claims that these witnesses were disclosed in other lawsuits in which Plaintiffs' counsel is involved (*Abay v. Denver* and *Cousik v. Denver*). This is untrue. And even if it were true, it is irrelevant, because neither Class Plaintiffs nor Plaintiffs' counsel had any idea that Defendant Denver intended to have any of these witnesses testify about the issues at this trial, which concern Denver's curfew. Neither *Abay* nor *Cousik* concern the curfew or the issues at this trial, and they are entirely separate, unrelated lawsuits that had their own discovery schedules and discovery parameters.

"somehow incomplete or incorrect." *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 91 F. App'x 37, 44 (10th Cir. 2004) (citing Fed. R. Civ. P. 26(e)(1)). "To ensure compliance with these discovery requirements, Rule 37(c)(1) provides that '[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." *Id*. at 45 (citing Fed. R. Civ. P. 37(c)(1)). In exercising its discretion to determine whether a discovery violation is substantially justified or harmless, the Court looks to four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (citing *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017). The non-moving party (Defendant) has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) or that such failure was harmless. *See Sender v. Mann*, 225 F.R.D. 645, 644 (D. Colo. 2004).

First, Defendant failed to disclose nearly half the witnesses on their trial witness list until **one-and-a-half years** after the close of fact discovery and 3 weeks before trial. This violates the Federal Rules of Civil Procedure. *Dunlap v. City of Oklahoma City*, 12 F. App'x 831, 834 (10th Cir. 2001) ("One clear purpose of the federal discovery rules is to facilitate fact finding and prevent unfair surprise."). Denver has no justification for disclosing these witnesses long after the close of fact discovery. It is well-established that "[a] party violates Rule 26 by failing to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party

from conducting discovery on the supplemental disclosures." *White v. Deere & Co.*, 2016 WL 525911, at *2 (D. Colo. Feb. 10, 2016).

Second, Plaintiffs will be prejudiced should these witnesses be allowed to testify at trial. There is no way that Plaintiffs could possibly depose all of these witnesses in time for trial on April 24, 2023, even if we had started scheduling them right after the late disclosures were made on March 28, 2023. Nor is it fair to require Plaintiffs' counsel to take time from their trial preparation (and obligations in other cases) to depose witnesses that Defendants knew about and could have disclosed *years ago* but simply failed to. Plaintiffs will not have had the benefit of discovery to discern facts or to refute or rebut any testimony because they were unable to discover the alleged facts during depositions. *Cohen v. Pub. Serv. Co. of Colorado*, 2015 WL 6446948, at *2 (D. Colo. Oct. 26, 2015) ("Mandatory disclosure serves several purposes, including giving the opposing party information about the identification and locations of knowledgeable individuals to determine whether an individual should be deposed during discovery."); *see, e.g.*, *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344 (10th Cir. 2020) (inferring that the plaintiffs acted in bad faith because they "waited till the final day of discovery to disclose new damages that they knew or should have known about three and a half years prior.").

Third, Defendants cannot cure this prejudice without reopening discovery and allowing depositions to take place. That cannot happen at this late date. Plaintiffs are opposed to moving the trial date and Defendants should not get to benefit from their willfulness or lack of diligence. The Court should bar these witnesses from trial on this basis alone.

WHEREFORE, Plaintiffs respectfully request that this Court bar the use of undisclosed witnesses.

## MOTION *IN LIMINE* NO. 2

### Bar evidence of why the curfew charges were dismissed

This motion is unopposed. Neither side intends to elicit any evidence or testimony about why the curfew charges were dismissed.

WHEREFORE, the Court should enter an order barring any evidence or testimony about why the curfew charges were dismissed.

## MOTION *IN LIMINE* NO. 3

### Bar evidence of or reference to officers' subjective intent or motivations

After the parties' conferral about this motion, Defendant indicated that it could not determine whether it is opposed or unopposed until it sees the motion.

This trial is about whether Defendant Denver's implementation of the curfew during the protests was unconstitutional because Denver's policy or practice was to target those believed to be engaged in protest activity. Nothing about the officers' subjective motivations or intent in arresting the class members is relevant.

Plaintiffs' First Amendment claim is straightforward. Plaintiffs need only prove: (1) Denver adopted a policy or practice, that (2) targeted people on the basis of their First Amendment activity (e.g., engaging in protest); and (3) arrested Plaintiffs pursuant to that unlawful policy or practice. *See* Pls.' Proposed Jury Instruction No. 10. If Plaintiffs prove that the curfew was a "protest-targeted curfew," then the curfew is content-based and subject to strict scrutiny. The Court has already set forth this framework for this claim and ruled that a protest-

targeted curfew does not survive strict scrutiny under the First Amendment. Dkt. 304 (SJ Opinion) at 7-8.

Defendant, by contrast, has proffered a jury instruction that frames the First Amendment claim as one for First Amendment retaliation, requiring the jury to consider the subjective motivation of every police officer who made an arrest. *See* Defs.' Proposed Jury Instruction No. 10. Defendant may attempt to elicit testimony from individual officers at trial about their intentions or motivations. This is plainly not the type of First Amendment claim at issue here. The subjective motivation or intent of the arresting officers is irrelevant.

WHEREFORE, the Court should bar any references to or evidence of officers' subjective motivations.

## MOTION *IN LIMINE* NO. 4

### Bar reference to Plaintiffs' criminal history

This motion is unopposed. Plaintiffs move to bar introduction of Plaintiffs' prior criminal history, including prior convictions, prior arrests, and prior criminal charges, because this evidence is inadmissible.

WHEREFORE, the Court should enter an order barring introduction of the Plaintiffs' prior criminal history, including prior convictions, prior arrests, and prior criminal charges.

## MOTION *IN LIMINE* NO. 5

### Bar arguments appealing to jurors' pecuniary interests as taxpayers

This motion is unopposed. Defendant Denver has agreed not to make arguments appealing to jurors' pecuniary interests as taxpayers.

WHEREFORE, Plaintiffs respectfully request that this Court bar any arguments that appeal to jurors' pecuniary interests as taxpayers.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Wang
*One of Plaintiffs' Attorneys*

| | |
|---|---|
| Elizabeth Wang | David B. Owens |
| LOEVY & LOEVY | Wallace Hilke |
| 2060 Broadway, Suite 460 | LOEVY & LOEVY |
| Boulder, CO 80302 | 311 N. Aberdeen St. |
| O: 720.328.5642 | Chicago, IL 60607 |
| elizabethw@loevy.com | O: 312.243.5900 |
| *Class Counsel* | david@loevy.com |
| | hilke@loevy.com |

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on April 11, 2023, I served via CM/ECF the foregoing Motion, on all counsel of record.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys