IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

## PLAINTIFFS' MOTIONS *IN LIMINE*

Plaintiffs Johnathen Duran and Zachary Packard respectfully file these motions *in limine*, as follows:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel attempted to confer (originally in 2022 and then again recently) with the Aurora Defendants regarding the relief sought herein. They have not responded as of the time of filing of this motion.

### ARGUMENT

### Motion *in Limine* No. 1:

### Untimely Disclosed Witnesses Should Be Barred

Discovery relating to the Aurora Defendants closed on December 30, 2021. Dkt. 217. On January 27, 2022, the Aurora Defendants served Plaintiffs with their lists of witnesses and trial exhibits. Their list of witnesses included 9 witnesses who were never disclosed during discovery: Darin Parker, James Twombly, Chris Poppe, Tim Railsback, Lance Dyer, Christopher Schipke, Daniel Child, Alex Eisamen, Delbert Tisdale.

1

When this motion was filed before last year's trial, the Court denied it as premature because the Aurora Defendants had been bifurcated from the trial. *See* Dkt. 300 at 4. Thus, Plaintiffs renew this motion.

Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "somehow incomplete or incorrect." *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 91 F. App'x 37, 44 (10th Cir. 2004) (citing Fed. R. Civ. P. 26(e)(1)). "To ensure compliance with these discovery requirements, Rule 37(c)(1) provides that '[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." *Id*. at 45 (citing Fed. R. Civ. P. 37(c)(1)). In exercising its discretion to determine whether a discovery violation is justified or harmless, the Court looks to four factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (citing *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

There is no substantial justification for the Aurora Defendants' failure to disclose these witnesses. Nor is the failure to disclose harmless. These are not witnesses that Plaintiffs had any idea had any relevant testimony to the issues in this case or who could be expected to be called at

trial. Plaintiffs are prejudiced by the failure to disclose. The other factors the Court should consider in determining whether the failure to disclose was harmless also weigh in favor of barring these undisclosed witnesses. Plaintiffs did not have an opportunity to conduct any discovery regarding these witnesses; there is no ability to cure the prejudice because discovery is closed; introducing the testimony of these numerous witnesses would disrupt the trial and take up unnecessary time; and the Aurora Defendants were willful in not disclosing the witnesses.

Rule of Civil Procedure 26 is very clear about a party's obligation to disclose witnesses in a timely manner. It would have been easy for Defendants to comply with the Rule. They did not. Plaintiffs should not be prejudiced by Defendants' lack of diligence.

## Motion *in Limine* No. 2:

### Bar Any References to Financial Inability to Pay

Plaintiffs filed this motion last year, but it was not expressly ruled on with respect to the Aurora Defendants because they had been bifurcated from the trial. *See* Dkt. 300 at 3. Thus, Plaintiffs renew this motion.

Evidence of Defendant Officers Budaj, Serrant and McNamee's financial status is not relevant to Plaintiffs' request for compensatory damages, nor is evidence about whether the individual Defendants are indemnified by their employer or by insurance coverage. It plays no role in the jury's assessment of compensatory damages. *O'Connell v. Alejo*, No. 18-CV-01359-RBJ, 2020 WL 5748810, at *11 (D. Colo. Sept. 25, 2020) (Jackson, J.) (agreeing with Plaintiff that "defendants' financial status, i.e., any alleged inability to pay a compensatory damages award, and whether they are indemnified by their employers or by insurance coverage for such damages, is irrelevant and should not be allowed").

This type of inability to pay evidence is also properly excluded because its probative value (none for compensatory damages) is substantially outweighed by the risk of unfair prejudice that it will unreasonably cause the jury to deflate a potential compensatory damages award. *See Lawson v. Trowbridge*, 153 F.3d 368, 379-80 (7th Cir. 1998).

Plaintiffs agree not to make any references or argument to indemnification or insurance, so long as Defendants do not open the door. In the event that the Defendants present evidence or argument of their financial inability to pay *punitive* damages, Plaintiffs should be allowed to introduce evidence about how any judgment against that individual Defendant for compensatory damages will be indemnified. *O'Connell v. Alejo*, 2020 WL 5748810, at *11 (granting the same argument); *Lawson*, 153 F.3d at 380 ("After carefully reviewing the trial transcript, we are left with the conclusion that the defendants' detailed financial testimony opened the door concerning who likely would pay any judgment against them and the district court abused its discretion in not allowing Lawson to rebut by telling the jury who likely would pay."); *Hill v. City of Chicago*, 2011 WL 3205304, at *4 (N.D. Ill. July 28, 2011) (noting that when a defendant improperly puts on evidence of his or her financial condition at trial, the proper remedy is the admission of evidence about indemnification); *Gonzales v. Olson*, 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015) ("But if Defendants plead poverty as to punitive damages, they open the door for Plaintiff to offer evidence of indemnification as to compensatory damages."); *Betts v. City of Chicago*, 784 F.Supp.2d 1020, 1030 (N.D. Ill. 2011) ("[W]here a defendant testifies to his/her financial hardship, thereby leaving the jury with the impression that the defendant will be personally responsible for paying damages, when in reality the defendant will be indemnified, the defendant has opened the door to the plaintiff's presentation of evidence showing that the defendant will be indemnified."); *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("The defendant should not be

allowed to plead poverty if his employer or an insurance company is going to pick up the tab.").

WHEREFORE, Plaintiffs respectfully request that this Court bar Defendants from presenting the testimony of any undisclosed witnesses and referring to any alleged financial inability to pay at trial.

## Motion *in Limine* No. 3:

## Bar reference to Plaintiffs' criminal history

Plaintiffs Duran and Packard move to bar Defendants' introduction of Plaintiffs' prior criminal history because this evidence is inadmissible.

Plaintiffs note that they filed this motion before the March 2022 trial, and the Court denied it at moot because the Defendants agreed to it (Dkt. 300), but this was after the Aurora Defendants were bifurcated from the trial, so out of an abundance of caution, Plaintiffs renew the motion.

### Background

This case is about Denver police officers' unlawful actions during the George Floyd Protests in Denver in the early summer of 2020 which deprived the Plaintiffs of their constitutionally protected rights. Any of Plaintiffs' "prior bad acts" have no relevance whatsoever to their legal claims under the Fourth and Fourteenth Amendments, or to Defendants' defenses.

At Plaintiffs' depositions, Defendants elicited information about prior interactions with law enforcement, seemingly as a strategy to paint Plaintiffs as antagonistic towards law enforcement and as non-law-abiding individuals. Plaintiff Duran, who was not even attending the protests as a demonstrator but as a credentialed member of the media, testified that he had been arrested in the past over ten years ago when he was a teenager. Plaintiff Packard testified that he

5

received a citation for graffiti approximately 10 years ago and was later arrested for failing to complete his community service.

## Argument

### I. Plaintiffs' Prior Convictions Are Barred by Federal Rule of Evidence 609.

Rule 609 governs the admissibility of prior convictions for impeachment purposes. For convictions older than 10 years old, as is the case with Plaintiff Duran's convictions, the general rule is that "evidence of a conviction over ten years old is inadmissible" and should only be admitted in rare circumstances where the conviction is substantially more probative than prejudicial. *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1571 (10th Cir. 1993); *see also Cox v. Wilson*, 2016 WL 6803702, at *2 (D. Colo. Nov. 17, 2016). In *Cox*, the Court noted that the plaintiff's prior convictions for driving under the influence and trespass were completely unrelated to his excessive force claim. *Id.* The same applies here. Plaintiff Duran's convictions from when he was a teenager have no probative value to the issues at hand and this kind of evidence "is inherently and significantly prejudicial." *Id.*

Likewise, Plaintiff Packard's charges do not require proving a dishonest act or false statement. For these reasons, the Court should exclude Defendants from introducing any of Plaintiffs' prior convictions, including the ones referenced above.

### II. Plaintiffs' Prior Arrests Are Inadmissible.

Plaintiffs also move to bar character evidence and "prior bad acts" under Federal Rules of Evidence 402, 403, and 404. This includes all references to and testimony about Plaintiffs' prior arrests and charges. This evidence is entirely irrelevant and thus inadmissible under Rule 402. And the sole purpose Defendants would seek to introduce this evidence is to attempt to show that Plaintiffs acted in accordance with their character (acted with disrespect and disregard for law

enforcement and the law), which is not only prohibited under Rule 404(b)(1) but would also be irrelevant and contrary to the evidence in this case which demonstrates that Plaintiffs were strictly peaceful protestors throughout the protests. Finally, even if this evidence were admissible, its probative value is substantially outweighed by the unfair prejudice that would result if allowed to be presented to the jury. Fed. R. Evid. 403.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that the Court bar Defendants from introducing any of the Plaintiffs' prior criminal history or "bad acts," including the above-described evidence.

## Motion *in Limine* No. 4:
## Bar arguments appealing to jurors' pecuniary interests as taxpayers

Plaintiffs filed this motion before the March 2022 trial, and the Court denied it as moot, but after the Aurora Defendants had been bifurcated from the trial, so Plaintiffs renew this motion out of an abundance of caution.

Arguments that appeal to jurors' pecuniary interests as taxpayers are improper. *See, e.g.*, *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."); *see United States v. Morris*, 573 F. App'x 712, 725 (10th Cir. 2014) (noting remarks invoking the pecuniary interests of jurors as taxpayers are generally improper). All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403.

WHEREFORE, Plaintiffs respectfully request that this Court bar any arguments that appeal to jurors' pecuniary interests as taxpayers.

RESPECTFULLY SUBMITTED,

/s/ Elizabeth Wang

| | |
|---|---|
| Elizabeth Wang | Jordan Poole |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 2060 Broadway, Suite 460 | 311 N. Aberdeen St. |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| elizabethw@loevy.com | poole@loevy.com |
| *Counsel for Plaintiff Duran* | |

s/ Matthew J. Douglas
R. Reeves Anderson
Matthew J. Douglas
Brian Williams
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Ste. 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Matthew.Douglas@arnoldporter.com
Reeves.Anderson@arnoldporter.com
*Counsel for Plaintiff Packard*

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on May 26, 2023, I served via CM/ECF the foregoing Motion, on all counsel of record.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys

8