## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

## PLAINTIFFS' MOTION TO CERTIFY AURORA DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS

---

Plaintiffs Johnathen Duran and Zachary Packard respectfully submit this motion to certify the Aurora Defendants' interlocutory appeal as frivolous.

### Certificate of Conferral

Plaintiffs' counsel conferred with Aurora Defendants' counsel about this motion, and it is opposed.

### INTRODUCTION

The Aurora Defendants—Cory Budaj, Patricio Serrant, David McNamee, and the City of Aurora—filed a notice of interlocutory appeal of this Court's denial of summary judgment. Dkt. 432. Briefing in the Tenth Circuit on the appeal is complete, but the appeal has not yet been decided. The Defendant Officers (Budaj, Serrant, and McNamee) argue on appeal that they are entitled to qualified immunity. Defendant City of Aurora argues that the appellate court should assert pendent jurisdiction to review the *Monell* claim against the City.

1

In their briefing on appeal, the Aurora Defendants dispute this Court's identification and resolution of contested facts to try to distinguish Tenth Circuit precedent that clearly established the unlawfulness of Defendants' actions. Accordingly, the appeal does not present a "neat abstract issue of law" for the Tenth Circuit to resolve, which deprives the appellate court of jurisdiction. This Court should declare the interlocutory appeal frivolous and proceed with the trial scheduled for June 19, 2023.

Federal district courts are not at the mercy of litigants that purport to appeal unreviewable orders or file notices of appeal when doing so would be frivolous. *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("Courts are not helpless in the face of manipulation."). To hold otherwise would allow litigants, like the Aurora Defendants, to derail the ordinary progress of litigation, indefinitely postpone a trial date, and prejudice plaintiffs who have diligently pursued their day in court. When faced with those circumstances, courts will not hesitate to certify an appeal as frivolous and retain jurisdiction "to prevent a defendant from disrupting the district court's trial schedule." *Chan v. Wodnicki*, 67 F.3d 137, 139 (7th Cir. 1995).

## ARGUMENT

## I.      Federal Law Prohibits Interlocutory Appeals Except in Narrow Circumstances.

Federal appellate courts have jurisdiction to review only "final decisions." 28 U.S.C. § 1291; *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). Interlocutory appeals, like the one asserted by the Aurora Defendants, therefore "are the exception, not the rule." *Johnson v. Jones*, 515 U.S. 304, 309 (1995); *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013) ("Orders denying summary judgment are ordinarily not appealable final orders for purposes of 28 U.S.C. § 1291.").

Under the collateral-order doctrine, an appellate court has jurisdiction to review a government official's interlocutory appeal from a denial of qualified immunity, but only to the extent the appeal involves "neat abstract issues of law." *Johnson*, 515 U.S. at 317 (internal quotation marks and citation omitted). When reviewing the denial of qualified immunity at the summary judgment stage, the appellate court "lacks jurisdiction … to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference." *Sawyers v. Norton*, 962 F.3d 1270, 1281 (10th Cir. 2020) (internal quotation marks and citation omitted).

In briefing their interlocutory appeal, Aurora Defendants repeatedly and inappropriately contest the factual basis for this Court's summary judgment decision, thereby depriving the Tenth Circuit of jurisdiction over their appeal. The only issue of law that could have been raised by the Aurora Officers on appeal is whether the law was clearly established as of May 31, 2020, that officers could not shoot a nonviolent, law-abiding protestor and journalist with less-lethal weapons during a protest under circumstances in which those plaintiffs posed no threat to the officers or others, were not committing any crime, and were not fleeing arrest.

Rather than arguing that legal question, the Aurora Officers took a very different tack. They repeatedly challenge the facts found by this Court. But appellate jurisdiction extends only to decide whether the law was clearly established "when the defendant does not dispute the facts alleged by the plaintiff and raises only legal challenges to the denial of qualified immunity based on those facts." *Henderson v. Glanz*, 813 F.3d 938, 948 (10th Cir. 2015) (internal quotation marks and citation omitted). As one appellate court has explained, "an appellant challenging a district court's denial of qualified immunity effectively pleads himself out of court by

3

interposing disputed factual issues in his argument." *Gutierrez v. Kermon*, 722 F.3d 1003, 1010 (7th Cir. 2013).

The Tenth Circuit likewise cannot exercise pendent appellate jurisdiction over Aurora's appeal. The only basis asserted for Aurora's appeal is that "no record evidence" shows that a constitutional violation was committed by any Aurora officer, and therefore, Aurora cannot be liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Because there is no jurisdiction to review the individual Defendants' fact-based challenge to the existence of a constitutional violation, there is similarly no basis for the appellate court to exercise pendent appellate jurisdiction over Aurora's appeal.

If a defendant's appeal is meritless or taken without jurisdiction, the district court can declare it frivolous and move forward with the case. *Stewart v. Donges*, 915 F.2d 572, 575–76 (10th Cir. 1990). As the Tenth Circuit observed, "there is the risk that such interlocutory appeals will be subject to abuse," and this "potential misuse of interlocutory review" can be prevented if the district court certifies the appeal as frivolous. *Id.* at 576; *Valdez v. Motyka*, 416 F. Supp. 3d 1250, 1255 (D. Colo. 2019) (observing that in *Stewart*, the "Tenth Circuit saw the possibility of public officials abusing *Mitchell* to file appeals of qualified immunity denials, simply to slow down the lawsuit …."). An appeal is frivolous if it is "a sham," "baseless," "unfounded," the arguments of error are wholly without merit, or there is no jurisdiction over the appeal. *Apostol*, 870 F.2d at 1339; *In re George*, 322 F.3d 586, 591 (9th Cir. 2003).

## I.      The Aurora Officers' Appeal Is Frivolous Because Their Argument for Qualified Immunity Is Premised on Disputes of Fact Over Which the Tenth Circuit Lacks Jurisdiction.

The Aurora Officers challenge the district court's finding that a reasonable jury could find Budaj, Serrant, and McNamee violated Plaintiffs Duran's and Packard's constitutional

4

rights. Although the officers "attempt[] to characterize the issue on appeal as Plaintiffs' failure to assert a violation of a constitutional right under clearly established law, [their] … argument is actually a challenge to the district court's conclusion Plaintiffs presented sufficient evidence to survive summary judgment." *Castillo v. Day*, 790 F.3d 1013, 1018 (10th Cir. 2015). This deprives this Court of jurisdiction at the interlocutory stage. *Id.*

Defendants repeatedly assert that there is "no record evidence" for Plaintiffs' claims. See, e.g., Defs.' Opening Br. at 6-7, 21-23 ("the record contains no evidence that any Aurora Officer intentionally targeted Plaintiff Packard or Plaintiff Duran, nor any evidence that they were directed to do so by Sergeant Serrant"). Defendants' assertions are contrary to this Court's findings and the evidence viewed in the light most favorable to Plaintiffs. *See* Dkt. 429 (Aurora SJ Opinion). The appellate court has no jurisdiction to review Defendants' challenge to this Court's factual conclusions. *Fogarty v. Gallegos*, 523 F.3d 1147, 1154 (10th Cir. 2008).

When an appellate court reviews an order denying qualified immunity, appellate jurisdiction is limited to arguments raising only legal issues. Fact-driven arguments like those made by the Defendants are off limits. *See Lowery v. Cnty. of Riley*, 522 F.3d 1086, 1091 (10th Cir. 2008). And Defendants cannot skirt jurisdictional limitations on interlocutory review by couching factual arguments in legal terms, as they attempt to do here. *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011) (rejecting "back-door effort" to contest the facts and dismissing qualified immunity appeal for lack of jurisdiction); *Stinson v. Gauger*, 868 F.3d 516, 525–26 (7th Cir. 2015) (en banc) (same). The hallmark of this gambit is a defendant arguing about qualified immunity without accepting Plaintiffs' version of events. *See id.*; *Lowery*, 522 F.3d at 1091–92 (dismissing appeal of district court's denial of qualified immunity because defendants did not

genuinely accept plaintiff's version of events); *Valdez v. Motyka*, 804 F. App'x 991 (10th Cir. 2020) (same).

That is exactly what we have here. The Aurora Officers' argument that they committed no constitutional violation relies entirely on *their* version of the facts, which stand in direct opposition to this Court's factual findings. The Tenth Circuit cannot consider these arguments in an interlocutory appeal, and the appeal is thus frivolous.

## II.    The Law Was Clearly Established in May 2020 that an Officer Could Not Shoot an Unarmed, Nonviolent Journalist or Protestor with a Less-Lethal Weapon

The Court of Appeals has jurisdiction to review whether the law was clearly established if Defendants raise a pure legal challenge to the denial of qualified immunity. *Henderson*, 813 F.3d at 948. As discussed above, Defendants instead rely on their version of the facts, in direct opposition to this Court's factual conclusion: that Budaj intentionally shot Duran, McNamee intentionally shot Packard, and Serrant specifically ordered McNamee to shoot Packard.

As this Court found, two previous cases clearly established the law here: *Fogarty v. Gallegos*, 523 F.3d 1147 (10th Cir. 2008), and *Buck v. City of Albuquerque*, 549 F.3d 1269 (10th Cir. 2008). Defendants' attempts to distinguish these cases is frivolous. Every reasonable officer facing the circumstances that Defendants faced would have understood that they could not intentionally shoot their 40mm launcher or bean-bag shotgun at peaceful, unarmed persons who posed no threat and had committed no crime because existing case law gave Defendants "fair warning" that their conduct violated the plaintiff's constitutional rights. *Buck*, 549 F.3d at 1290 (citing *Novitsky v. City of Aurora*, 491 F.3d 1244, 1255–56 (10th Cir. 2007)).

Because the law is clearly established on this point, Defendants seek refuge instead in fact-based arguments, inappropriate for an interlocutory appeal.

III.     **There Is No Pendent Jurisdiction over the Denial of Summary Judgment to City of Aurora**

"Although … an interlocutory appeal is proper under certain circumstances from a district court's denial of qualified immunity, no such right of appeal applies to [a municipality's] appeal from the denial of summary judgment." *Cox v. Glanz*, 800 F.3d 1231, 1255 (10th Cir. 2015) (internal quotation marks and citations omitted). The denial of Defendant Aurora's motion for summary judgment is therefore not a final decision under 28 U.S.C. § 1291, and the Court of Appeals lacks jurisdiction over it. *Id.* (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 43 (1995)).

Under the doctrine of pendent appellate jurisdiction, the Court of Appeals "may exercise jurisdiction over an otherwise nonfinal and nonappealable lower court decision that overlaps with an appealable decision." *Id.* (internal quotation marks and citations omitted). However, this doctrine is "discretionary," and the exercise of pendent appellate jurisdiction is "generally disfavored" and must be used "sparingly." *Cox*, 800 F.3d at 1255–56 (internal quotation marks and citations omitted); *see also Bryson v. Gonzales*, 534 F.3d 1282, 1285–86 (10th Cir. 2008).

The exercise of pendent appellate jurisdiction over this Court's decision to deny Aurora's summary judgment motion would be appropriate only if it were "inextricably intertwined with that court's decision to deny the individual defendants' qualified immunity motions," or "review of the former decision was necessary to ensure meaningful review of the latter." *Swint*, 514 U.S. at 51. Aurora argues only the first basis for pendent appellate jurisdiction. A pendent appellate claim is "inextricably intertwined" with a properly reviewable claims only "when the appellate resolution of the collateral appeal *necessarily* resolves the pendent claim as well." *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995).

7

Here, resolution of the officers' qualified immunity will not resolve Aurora's municipal liability. Aurora makes no independent arguments on its own behalf but rather relies on the Officers' fact-bound argument that no constitutional violation occurred. Defs.' Opening Br. at 28 (arguing that because there is "no record evidence" of a constitutional violation, the *Monell* claims against Aurora also fail). The Tenth Circuit, however, has no jurisdiction over the fact-based challenges to this Court's finding that a reasonable jury could conclude Aurora violated Plaintiffs' constitutional rights. *See Valdez*, 804 F. App'x at 995 (denying city's request for exercise of pendent appellate jurisdiction which was premised on an appellate finding that no individual constitutional violation occurred as a matter of law). The Court of Appeals cannot exercise pendent jurisdiction over Aurora's appeal, which this Court should certify as frivolous. *See Brown v. City of Colorado Springs*, 709 F. App'x 906, 916 (10th Cir. 2017) ("When we have resolved the constitutional-violation prong of the qualified immunity analysis, we have found interrelated claims … [but] [b]ecause we decided this case based solely on clearly established law, the claims here are not inextricably intertwined and we lack pendent appellate jurisdiction.").

## CONCLUSION

For the foregoing reasons, this Court should certify Aurora Defendants' interlocutory appeal as frivolous and proceed with the trial scheduled for June 19, 2023.

Respectfully submitted,

/s/ Elizabeth Wang
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com
*Counsel for Plaintiff Duran*

Jordan Poole
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
O: 312.243.5900
poole@loevy.com

s/ Matthew J. Douglas
R. Reeves Anderson
Matthew J. Douglas
Brian Williams
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Ste. 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
Matthew.Douglas@arnoldporter.com
Reeves.Anderson@arnoldporter.com
*Counsel for Plaintiff Packard*

## Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on May 27, 2023, I served via CM/ECF the foregoing Motion, on all counsel of record.

/s/ Elizabeth Wang
One of Plaintiffs' Attorneys

9