**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

---

ELISABETH EPPS, *et al.*,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al*.,

      Defendants,

Civil Action Nos. 1:20-cv-1878-RBJ-KLM & 1:20-cv-1922-RBJ-MEH (consol.)

---

## CLASS ACTION SETTLEMENT AGREEMENT

---

This Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") is entered into by and among Plaintiffs Kelsey Taylor and Claire Sannier, on behalf of themselves and a plaintiff class of which they are Class Representatives (together, the "Plaintiffs"), and Defendant City and County of Denver ("Defendant") (together, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions of this Settlement Agreement, and subject to the final approval of the Court.

### <u>RECITALS</u>

A.      On July 1, 2020, Plaintiffs commenced this action by filing a complaint (No. 20-cv-1922-RBJ), on behalf of themselves and all others similarly situated, alleging, pursuant to 42 U.S.C. § 1983, violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

EXHIBIT 1

B.      On August 4, 2020, the Court consolidated No. 20-cv-1922-RBJ with *Epps, et al. v. City and County of Denver, et al.*, No. 20-cv-1878-RBJ.

C.      On June 28, 2021, the Court, upon consideration of Plaintiffs' motion for class certification, certified a Class, the scope of which was defined as follows:

> Those persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order (D.R.M.C. 38-31(c)), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

D.      On July 22, 2021, the Court approved a notice plan and notice of class certification was sent to Class Members as ordered.

E.      On November 23, 2021, Plaintiffs filed a Third Amended Class Action Complaint, on behalf of themselves and all others similarly situated, alleging violations of their rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiffs alleged that Defendant had an official policy or practice that targeted curfew enforcement at individuals engaged in First Amendment-protected activity.

F.      After a period of extensive fact discovery, Defendant moved for summary judgment. On March 1, 2022, the Court denied Defendant's motion for summary judgment on Plaintiffs' claims under the First and Fourteenth Amendments to the United States Constitution.

G.      Before and after the filing of Defendant's motion for summary judgment, Class Counsel thoroughly investigated the Class Members' claims against the Defendant City and County of Denver. Class Counsel represent that they have further undertaken an extensive analysis of the legal principles applicable to the claims asserted against Defendant and the potential defenses thereto. Both Class Representatives and Defendant have had an opportunity to evaluate their respective positions on the merits of the claims asserted.

H.      The Court bifurcated Plaintiffs' claims relating to the curfew from the rest of the claims pending in the *Epps* and *Fitouri* cases. This Agreement in no way affects Plaintiffs Taylor or Sannier's separate, individual First and Fourth Amendment claims that were bifurcated and tried to verdict in March 2022.

I.      Trial on Plaintiffs' claims relating to the curfew was set for April 24, 2023.

J.      As trial approached, the Parties renewed their settlement communications. The parties were able to make substantial progress toward a settlement agreement through direct negotiations, but they were unable to resolve the case. Therefore, they agreed to utilize the services of a mediator. On March 30, 2023, the Parties met with United States Magistrate Judge Kristen L. Mix and engaged in a Settlement Conference and arm's-length negotiations. Negotiations continued through Magistrate Judge Mix through April 13, 2023, with a view toward achieving substantial benefits for the Class while avoiding the cost, delay, and uncertainty of further litigation and appellate review. On April 13, 2023, the Parties finalized the material terms of the class relief.

K.      Plaintiffs believe Defendant had a protest-targeted curfew which violated the First and Fourteenth Amendments, and they would have ultimately succeeded at trial. Nevertheless, Plaintiffs and Class Counsel recognize Defendant has raised defenses in this action that present a material risk that Plaintiffs may not have prevailed. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of a complex jury trial. Therefore, Plaintiffs believe it is desirable the Released Claims be fully and finally compromised, settled, resolved with prejudice, and barred pursuant to the terms and conditions set forth in this Agreement.

L.      Based on their comprehensive examination and evaluation of the law and facts relating to the matters at issue in this action, Class Counsel have concluded the terms and

conditions of this Agreement are fair, reasonable, and adequate to resolve the claims of the

Plaintiffs and Class, and that it is in the best interests of Plaintiffs and Class Members to settle the

claims raised in this action pursuant to the terms and conditions set forth in this Agreement.

Plaintiffs have agreed to execute this Agreement and Plaintiffs and Class Counsel urge approval

by the Court of the proposed Agreement after considering (1) the factual and legal defenses

available to the Defendant to the claims asserted in the Action, which render the outcome of the

action substantially uncertain; (2) the substantial benefits that Class Members shall receive

pursuant to the proposed Agreement; (3) the fact the proposed Agreement ensures the Class

Members shall receive relief in the most expeditious and efficient manner practicable, and thus

much sooner than would be possible were the claims to be litigated successfully through final

judgment and appeal; and (4) the fact the proposed Agreement allows persons who would

otherwise fall within the definition of the Class to opt out of the Action (if they so desire) and

individually pursue the claims alleged in the Action.

      M.     At all times, Defendant has denied, and continues to deny, any liability and

wrongdoing. Specifically, Defendant denies it had an official policy or practice of targeting

curfew enforcement at individuals engaged in First Amendment activity, and it is prepared to

present a vigorous defense at trial. Nevertheless, taking into account the uncertainty and risks

inherent in any jury trial, Defendant has concluded further defense of this action would be

burdensome and expensive, and that it is desirable and beneficial to fully and finally settle and

terminate the claims of the Class in the manner and upon the terms and conditions set forth in this

Agreement.

      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Plaintiffs and Defendant, by and through their respective counsel, that, subject to final approval of

the Court after a hearing or hearings as provided for in this Settlement Agreement, or as otherwise ordered by the Court, and in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, the Released Claims shall be fully and finally compromised, settled, and released, and the Released Claims shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

1.    **DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.    "City" or "Defendant" refers to the Defendant City and County of Denver in its municipal capacity, along with any affiliates, predecessors, successors, representatives, elected officials, attorneys, officers, agents and employees, individually and in their representative capacities.

1.2.    "Class" or "Class Members" refers to: Those persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order (D.R.M.C. 38-31(c)), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, whose charges were dismissed, and who did not previously exclude themselves from this lawsuit.

1.3.    The list of Class Members, which was determined by an examination of Defendants' records and/or Class Counsel interviews is attached as Exhibit A.

1.4.    "Class Counsel" refers to the attorneys of record for Plaintiffs and the Class: Elizabeth Wang, Loevy & Loevy, 2060 Broadway, Ste. 460, Boulder, CO 80302, David B. Owens and Wallace Hilke, Loevy & Loevy, 311 N. Aberdeen St., 3rd Fl., Chicago, IL 60607.

1.5.    "Fee Award" refers to the amount authorized by the Court pursuant to paragraph 6 for the costs and attorneys' fees incurred by Class Counsel in connection with this litigation and resolution of the claims of the Class.

1.6.    "Class Settlement Notice" refers to the form of direct-mail notice to Class Members in the form attached hereto as Exhibit B, as may be modified by the Court.

1.7.    "Class Representatives" refer to Plaintiffs Kelsey Taylor and Claire Sannier.

1.8.    "Complaint" refers to all complaints that have been or will be filed in this action.

1.9.    "Effective Date" means the first business day after which all of the events and conditions specified in Paragraph 12 have been met and have occurred.

1.10.   "Final Approval Hearing" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, and where the Court will determine the Fee Award.

1.11.   "Final Judgment" means the Final Judgment and order(s) to be entered by the Court approving the Settlement Agreement and determining the Fee Award.

1.12.   "Gross Fund Value" refers to the maximum settlement payment the City shall provide in this settlement, which is $4,720,000.00. This sum shall include all Individual Settlement Payments, the Court-approved Fee Award, and all Settlement Administration Expenses.

1.13.   "Individual Settlement Payment" shall refer to the amount paid to a Class Member pursuant to the terms of this Agreement.

1.14.   "Net Fund Value" is a subset of the Gross Fund Value, which consists of the portion of the Gross Fund Value that remains following deduction of the Court-approved Fee Award and Settlement Administration Expenses.

1.15.   "Notice" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibit B, attached hereto.

1.16.   "Notice date" means the date by which notice is complete, which shall be a date no later than thirty (30) days after entry of Preliminary Approval.

1.17.   "Objection/Exclusion Deadline" means the date by which a written, signed objection to this Settlement Agreement or request for exclusion submitted and signed by a Class Member must be postmarked and/or filed with the Court, which shall be designated as a date no later than forty-five (45) days after the Notice Date, or such other date as ordered by the Court.

1.18.   "Parties" refer collectively to Plaintiffs and Defendant.

1.19.   "Preliminary Approval" means the order preliminarily approving the Settlement Agreement, confirming certification of the Settlement Class, and approving the form of the Notice.

1.20.   "Preliminary Approval Order" means the proposed order preliminarily approving the Agreement, approving Notice and directing Notice to the Settlement Class, to

be submitted to the Court in conjunction with Plaintiff's motion for preliminary approval of the Agreement.

1.21.  "Released Claims" means any and all liabilities, claims, demands, rights, controversies, agreements, damages, actions, causes of action, expenses, attorney's fees, interest, compensation, judgment, and any and all consequential and punitive damages, of whatsoever kind and nature, and any other relief in any form either in law or in equity, which might exist with regard to the certified claims of the Class that were left for trial against the Released Parties, relating to the constitutionality of the Emergency Curfew enacted by City and County of Denver between May 30, 2020 and June 5, 2020, and the arrests and detentions of the class members. *See* Dkt. 127 (Order on Class Certification); Dkt. 304 (Order on Denver's Motion for Summary Judgment); Dkt. 278 (Order on Joint Motion to Bifurcate Trial, Dkt. 251). Released Claims do not include any Class Member's individual First, Fourth, or Fourteenth Amendment claims unrelated to the constitutionality of the curfew and the arrests and detentions of the class members, or any claims not certified for class treatment by the Court and left for trial.

1.22.  "Released Parties" means the Defendant City and County of Denver, its successors and assigns, and any and all other related persons and entities, both past and present, including, but not limited to the City and County of Denver's departments, agencies, divisions, principals, attorneys, agents, employees, officials, employers, successors, servants, elected officials, officers, and directors.

1.23.   "Releasing Parties" means Plaintiffs and the Settlement Class and their respective present or past heirs, executors, estates, trustees, administrators, predecessors, successors, assigns, agents, associates, attorneys, successors in interest, and any other representatives of any of these Persons and entities.

1.24.   "Request for Exclusion" refers to a timely written, signed request to be excluded from the settlement that meets the requirements of Paragraph 8.5, and its subparts, by a Class Member.

1.25.   "Settlement Administration Expenses" means the expenses reasonably incurred in administering the Settlement, including expenses relating to establishing, maintaining, and administrating the Qualified Settlement Fund, expenses relating to the Claims Administrator's providing Notice, and mailing checks to Settlement Class Members.

1.26.   "Claims Administrator" means Kurtzman Carson Consultants d/b/a KCC, selected by the Plaintiffs and approved by the Court, who shall provide Notice to the Class, and process and pay the Individual Settlement Payments to Settlement Class Members, and the Court-approved Fee Award, as set forth in this Agreement.

1.27.   "Settlement Class" refers to all Class Members who did not submit a timely and valid Request for Exclusion. A "Settlement Class Member" is an individual member of the Settlement Class.

1.28.   "Qualified Settlement Fund": Within fifteen (15) days after the entry of the Preliminary Approval Order, Defendant shall transfer the Gross Fund Value to the Claims Administrator. All funds held by the Claims Administrator at any time

9

shall be deemed to be a Qualified Settlement Fund as described in Treasury

Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1. The Claims Administrator shall

pay all claims to Settlement Class Members, Settlement Administration Expenses,

and any Court-approved Fee Award from the Qualified Settlement Fund.

2.      **Stipulation to Limitation on Effect of Settlement.**

In the event the Agreement is not finally approved by either the Court or the Denver City

Council, or the settlement is otherwise nullified, no party will be estopped as a result of the

motion for settlement approval, and the parties will each revert to their positions prior to the

filing of the motion for settlement approval.

3.      **Establishment of the Gross Fund Value.**

In settlement of the Class claims, the Defendant shall pay the Gross Fund Value of

$4,720,000.00 to the Claims Administrator, Kurtzman Carson Consultants d/b/a KCC. This

amount is non-reversionary.

4.      **Calculation of the Net Fund Value and Distribution of Settlement Proceeds.**

4.1.    Subject to final approval of this Agreement by the Denver City Council and the

Court, each Settlement Class Member shall be entitled to a *pro rata* share of the

Net Fund Value in accordance with the following formula:

(a) Category 1: Class Members detained for up to twelve (12) hours are entitled

to two (2) shares;

(b) Category 2: Class Members detained for over twelve (12) and up to twenty-

four (24) hours are entitled to four (4) shares;

(c) Category 3: Class Members detained for over twenty-four (24) and up to

forty-eight hours are entitled to eight (8) shares;

(d) Category 4: Class Members detained for over forty-eight (48) hours are entitled to twelve (12) shares.

Each Class Member's amount of time in detention will be presumed to be reflected by the arrest and detention center documents produced in discovery by the Defendant, unless a different amount of time in detention is confirmed through an interview of the Class Member by Class Counsel. Any such interview must be requested by Class Members in writing within 10 days of receiving notice. Class Members whose amount of time in detention cannot be determined from documents produced in discovery or through an interview with Class Counsel will be presumed to be entitled to four (4) shares.

4.2.    Plaintiffs (in both their individual capacities and as Class Representatives) acknowledge they have not relied on any statements or representations by the Defendant or Class Counsel with respect to the tax treatment of payments described in this paragraph, and they and the Settlement Class Members are solely responsible for any tax payments that might be required from them under the law (if any). In the event any taxing body determines the amounts should have been withheld from any payment (or portion thereof) provided for in this Section, Plaintiffs and Settlement Class Members acknowledge and assume all responsibility for the payment of any such taxes. The settlement referenced herein is for Plaintiffs and Class Members' claims, which as alleged include physical and emotional injury and emotional distress and mental anguish.

4.3.    The Claims Administrator shall pay from the Qualified Settlement Fund the Individual Settlement Payments to Settlement Class Members (or their estates in

the event of their death). The checks will be sent via first-class U.S. mail to the Settlement Class Members (or their estates) within sixty (60) days of the Effective Date.

4.4.   The settlement check described in this section will remain negotiable for one-hundred-fifty (150) calendar days from its issuance and will thereafter become null and void unless cashed within one-hundred-fifty (150) days after the date of issuance.

4.5.   The Claims Administrator shall redistribute the funds from any uncashed checks to other Settlement Class Members on a *pro rata* basis (within the category) in a second round of payments, if applicable. This second round of payments to all Settlement Class Members shall be made within 30 days after the initial stale date. The Claims Administrator shall redistribute any uncashed checks from the second round of payments made in accordance with this Agreement to an appropriate *cy pres* recipient selected by the Class Representatives and Class Counsel. If any funds will be distributed to a *cy pres* recipient, the Parties will seek Court approval for any such distribution.

## 5.   Future Curfew Enforcement

The City agrees not to target enforcement of any future emergency curfew order against individuals engaged in First Amendment or protest activity. The City specifically denies the emergency curfew was targeted for enforcement against anyone engaged in First Amendment or protest activity.

6.     **Attorneys' Fees and Costs.**

6.1     Defendants agree to pay to Class Counsel reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendants, to limit their request for attorneys' fees and unreimbursed costs to thirty-five percent (35%) of the Gross Fund Value ("Maximum Fee Request"). Payment of the Fee Award shall be made from the Settlement Fund. Nothing in this Agreement shall require Class Counsel to seek the Maximum Fee Request.

6.2     Class Counsel shall be paid the Fee Award, in an amount determined by the Court, from the Qualified Settlement Fund. Payment of the Fee Award shall be made by the Claims Administrator via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

7.     **Release.**

7.1.     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Released Claims, as against all Released Parties.

7.2.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

7.3.     The Released Claims includes any subrogated interests or liens that are in any way related to the claims of the class members. It is understood and agreed the Release is intended to forever discharge any and all subrogated interests or liens

13

and the class members agree to defend, indemnify, and hold the Released Parties
harmless from any and all claims, actions, and liability whatsoever, including any
attorney fees or costs which might arise from any unpaid or unsatisfied
subrogated interest or lien.

8. **Notice to the Class.**

8.1.    Upon entry of the Preliminary Approval Order, the Claims Administrator shall
cause the Notice describing the Final Approval Hearing and the terms of the
compromise embodied in this Settlement Agreement, to be disseminated to the
Class Members as provided herein. Such notice shall comport with Due Process
and Federal Rule of Civil Procedure 23, the costs of which shall be included in
the Settlement Administration Expenses.

8.2.    The Notice shall include:

8.2.1.    *Class List*. Plaintiffs will provide to the Claims Administrator a version of
the list of class members in Exhibit A that includes their addresses and
shares of the settlement. The Claims Administrator shall update all
addresses as necessary and obtain additional addresses if feasible through
reasonable effort.

8.2.2.    *Direct Mail Notice*. No later than the Notice Date, the Claims
Administrator shall send Notice to all Class Members, substantially in the
form attached as Exhibit B, via first-class U.S. Mail through a letter to
those Class Members who appear on the Class List with a valid U.S. Mail
address or to each physical address reasonably obtainable.

8.2.3.   *Settlement Website*. No later than the Notice Date, Class Counsel will update the current class website located at URL http://www.loevy.com. The Notice on the settlement website shall be substantially in the form of Exhibit B attached hereto.

8.3.   The Notice shall advise the Class of their rights under the Settlement, including the right to be excluded from the Settlement, comment upon and/or object to the Settlement Agreement or its terms. The Notice shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if the person making an objection shall, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, file notice of their intention to do so and at the same time (a) file copies of such papers they propose to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF system if the objection is from a Class Member represented by counsel, who also must file an appearance, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendant's counsel.

8.4.   Any member of the Class who intends to object to this Settlement Agreement must include their name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that they are a Class Member, provide the date(s) on which they were arrested under Defendant's emergency curfew in place from May 30-June 5, 2020, the name and contact information of any and all attorneys representing,

advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel, who must file an appearance or seek admission to the District Court, accompanied by the signature of the objecting Class Member. Any Class Member who fails to timely file a written objection with the Court and notice of their intent to appear at the Final Approval Hearing in accordance with the terms of this paragraph and as detailed in the Notice and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived their objections and be forever barred from making any such objections in this action or any other action or proceeding.

8.5.    A member of the Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Claims Administrator postmarked on or before the Objection/Exclusion deadline, which must be personally signed by the Class Member seeking to be excluded from the Settlement Class, and include their name and address, the date(s) on which they were arrested under Defendant's emergency curfew in place from May 30-June 5, 2020, the caption for this action (*Epps, et al. v. City and County of Denver, et al.*, No. 20-cv-1878-RBJ), a statement that they wish to be excluded from the Settlement Class, and their signature. A request to be excluded that does not include all of the

16

foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain members of the Settlement Class and shall be bound as Settlement Class Members by this Settlement Agreement if approved. Any member of the Class who elects to be excluded shall not: (1) be bound by any orders or the Final Judgment; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; nor (4) be entitled to object to any aspect of this Settlement Agreement. "Mass" or "class" requests for exclusion shall not be allowed.

9. **Settlement/Claims Administration.**

9.1.    The Claims Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by paying the Individual Settlement Payments in a rational, responsive, cost effective, and timely manner. The Claims Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Claims Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's counsel upon request. The Claims Administrator shall also provide reports and other information to the Court as the Court may require. The Claims Administrator shall provide Class Counsel and Defendant's counsel with information concerning Notice, administration, and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with

the Claims Administrator, shall submit a timely report to the Court summarizing the work performed by the Claims Administrator, including a report of all amounts paid to each Settlement Class Member. Without limiting the foregoing, the Claims Administrator shall:

9.1.1   Receive requests for exclusion and other requests from the Class and promptly provide a copy of such requests to Class Counsel and Defendant's counsel upon receipt ("the Opt-Out List"). If the Claims Administrator receives any exclusion forms or other requests from the Class after the Objection/Exclusion deadline, the Claims Administrator shall promptly provide copies thereof to Class Counsel and Defendant's counsel.

9.1.2   Provide timely reports to Class Counsel and Defendant's counsel, including without limitation, reports regarding the number of opt-outs and objections.

9.1.3   Make available for inspection by Class Counsel or Defendant's counsel any correspondence or other documents received by the Claims Administrator at any time upon reasonable notice.

9.2.   In the exercise of its duties outlined in this Agreement, the Claims Administrator shall have the right to reasonably request additional information from the Parties or any Class Member.

9.3.   Defendant and Defendant's counsel shall have no liability or responsibility whatsoever for any acts, errors, or omissions of the Claims Administrator or for any investment in or distribution from the Qualified Settlement Fund.

9.4.    The Final Approval Hearing shall be set for a date no less than ninety (90) days after the Notice described in Paragraph 8.1 is disseminated.

10.    **Termination of Settlement.**

10.1    **Termination.** Subject to Paragraph 12 below, the Class Representatives, on behalf of the Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of its election to do so to all other Parties hereto within ten (10) days of any of the following events: (1) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment relating to the claims of the Class against the Defendant in any material respect; or (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

11.    **Preliminary Approval Order and Final Approval Order.**

11.1    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of a Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

a.    Preliminarily approve this Agreement for purposes of disseminating notice to the Settlement Class;

b.    Approve the form and contents of the Settlement Class Notice and Claim Form for dissemination to the Settlement Class, as well as the method of its dissemination to members of the Settlement Class; and

    c.       Schedule a Final Approval Hearing to review comments and/or objections regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for a Fee Award, and to consider whether the Court shall issue a Final Judgment approving this Agreement, granting Class Counsel's application for the Fee Award, and dismissing the Released Claims with prejudice.

11.2    After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

    a.       Find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached exhibits;

    b.       Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; and declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties, relating to the Released Claims;

    c.       Find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2)

constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

d.   Find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

e.   Dismiss the Released Claims on the merits and with prejudice, without fees or costs to any party except as provided in this Settlement Agreement;

f.   Incorporate the Release set forth above, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties as set forth herein;

g.   Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) that (1) shall be consistent in all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members;

h.        Without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

i.        Incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

**12.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination.**

12.1.    The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

a.        This Agreement has been signed by the Parties, Class Counsel, and Defendant's counsel;

b.        This Agreement has been approved by the Denver City Council;

c.        The Court has entered the Preliminary Approval Order;

d.        The Court has entered an order finally approving the Settlement Agreement, following notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

e.        The Final Judgment has become Final, as defined above, or, in the event that the Court enters an order and final judgment in a form other than that

provided above ("Alternative Judgment") to which the Parties have

consented, that Alternative Judgment has become Final.

12.2.   If some or all the conditions specified in Paragraph 13.1 are not met, or in the

event that this Settlement Agreement is not approved by the Court, or the

settlement set forth in this Agreement is terminated or fails to become effective in

accordance with its terms, then this Settlement Agreement shall be canceled and

terminated subject to Paragraph 9.3, unless Class Counsel and Defendant's

Counsel mutually agree in writing to proceed with this Agreement. If any Party is

in material breach of the terms hereof, any other Party, provided that it is in

substantial compliance with the terms of this Agreement, may terminate this

Agreement on notice to all other Parties. Notwithstanding anything herein, the

Parties agree that the Court's decision as to the amount of the Fee Award to Class

Counsel set forth above, regardless of the amounts awarded, shall not prevent the

Agreement from becoming effective, nor shall it be grounds for termination of the

Agreement.

12.3.   If this Agreement is terminated or fails to become effective for the reasons set

forth in Paragraphs 10.1, 12.1, or 12.2 above, the Parties shall be restored to their

respective positions in the Action as of the date of the signing of this Agreement.

In such event, any Final Judgment or other order entered by the Court in

accordance with the terms of this Agreement shall be treated as vacated, *nunc pro

tunc*, and the Parties shall be returned to the *status quo ante* with respect to the

Action as if this Agreement had never been entered into and, pursuant to

Paragraph 13.4 below, this Agreement shall not be used for any purpose whatsoever against any of the Parties.

**13.     Miscellaneous Provisions.**

13.1     The Parties: (1) acknowledge that it is their intent to consummate this Settlement Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

13.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each of any of them, in bad faith or without a reasonable basis.

13.3     The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect

hereof by counsel of their own selection and intend to be legally bound by the same.

13.4    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement:

a.    Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.    Is, may be deemed, or shall be used, offered or received against the Defendant as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.    Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the

availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.  Is, may be deemed, or shall be used, offered or received against the Released Parties, or each of any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.

e.  Is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each of any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

f.  Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

13.5    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

13.6    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

13.7    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

13.8    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

13.9    Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

13.10   Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or Party and that he is fully entitled to release the same.

13.11   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto,

hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

13.12   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

13.13   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Colorado.

13.14   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms'-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

13.15   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:

**If to Plaintiffs' Counsel:**
Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302
elizabethw@loevy.com

**If to Defendant's Counsel:**
Andrew D. Ringel
Hall & Evans
1001 17th St., Ste. 300
Denver, CO 80202
ringela@hallevans.com

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed, by their duly authorized attorneys.

**On Behalf of Plaintiffs and the Settlement Class:**

Claire Sannier, individually and on behalf of the Settlement Class,

Dated: 8/2/2023

By: _____

Kelsey Taylor, individually and on behalf of the Settlement Class,

Dated: 8/3/2023

By: _____

Loevy & Loevy

Dated: 8/4/2023

By: _____

**On Behalf of the Defendant City and County of Denver:**

Defendant City and County of Denver,

Dated: 8/23/2023

By: Ashley Kelliher

Hall & Evans, LLC

Dated: 8-15-23

By: _____

29