Questions? Call 720.502.2103, email curfewclass@loevy.com, or visit www.denvercurfewclassaction.com or www.loevy.com

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

*A court authorized this notice. This is not a solicitation from a lawyer.*

**If you were arrested for violating the emergency curfew in Denver from May 30, 2020-June 5, 2020—you may be entitled to money:**

**WHAT THIS NOTICE IS ABOUT**

- This is to notify you of a proposed Settlement of a class action lawsuit. The suit involves over 300 people who were arrested for violating the emergency curfew in effect in Denver from May 30, 2020 through June 5, 2020 during the George Floyd protests. The Defendant is the City and County of Denver ("City"). Defendant has agreed to pay $4,720,000, including attorneys' fees, costs, and expenses.

- The Class Members include persons who were arrested for violation of the emergency curfew, and in some cases were also arrested on an accompanying charge of failure to obey a lawful order, who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

- The Court has authorized the sending of this Notice to the Class.

- You have been identified as a member of the Class. As a Class Member, you are entitled to a share of the Settlement. The amount of money you are entitled to will depend on the number of hours you were detained/in custody. It is expected that each Class Member will receive between approximately $2,800-17,000, depending on the amount of time in detention/custody. The actual payment may be more or less than the expected payment.

- Your legal rights and options, **and the deadlines to exercise them**, are explained below. Your legal rights are affected, whether you act or don't act. Read this notice carefully.

| WHAT YOU CAN DO | WHAT IT MEANS | DATE/DEADLINE |
|---|---|---|
| **DO NOTHING** | This is the only way to get the payment from the Settlement Fund. But, you give up any rights to sue separately about the same legal claims in this lawsuit. | |
| **EXCLUDE YOURSELF** | If you ask to be excluded, you will get no payment from the Settlement Fund. But, you keep any rights to sue separately about the same legal claims in this lawsuit. | [no later than 45 days after the notice date] |
| **OBJECT** | Remain a Class Member but write to the Court about why you don't like the Settlement. | [no later than 45 days after the notice date] |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. | [date] |

- The court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

1

EXHIBIT 2

*Questions? Call 720.502.2103, email curfewclass@loevy.com, or visit www.denvercurfewclassaction.com or www.loevy.com*

## **FREQUENTLY ASKED QUESTIONS**

**1.     Why did I get this notice?**

City records reflect that you were (1) arrested under the "emergency" nighttime curfew Denver implemented during the protests from May 30-June 5, 2020, (2) taken into police custody and detained for some period of time, (3) were not charged with any other violations, and (4) your charges were dismissed.

The Court sent you this notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves it, and after objections and appeals are resolved, an administrator approved by the Court will make the payments that the Settlement allows. This document explains the lawsuit, the Settlement, your legal rights, what monetary settlement amount is available, who is eligible for payment, and how to get it.

The Court in charge of the case is the United States District Court for the District of Colorado, and the case is known as *Fitouri, et al. v. City and County of Denver*, No. 20-cv-1922-RBJ (consolidated with *Epps, et al. v. City and County of Denver, et al.*, No. 20-cv-1878-RBJ). The people who sued are Plaintiffs, and the entity they sued, the City and County of Denver, is the Defendant.

**2.     What is this lawsuit about?**

This is a class action lawsuit. In a class action, one or more people, called "Class Representatives," or "Class Plaintiffs" sue for their own benefit as well as for a group of other people with similar claims. All these people are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except those who exclude themselves from the lawsuit.

The Class in this lawsuit is defined as:

Those persons who were present at or during the protests in downtown Denver, Colorado, from May 30, 2020 through June 5, 2020, who were arrested for violation of emergency curfew (D.R.M.C. 1-13), and in some cases were also arrested on an accompanying charge of failure to obey a lawful order (D.R.M.C. 38-31(c)), who were taken into police custody and detained for some period of time, but who were not charged with any other violations, and whose charges were dismissed.

In March 2022, the Court granted in part and denied in part summary judgment to the City. Specifically, the Court denied summary judgment on the claims of the Class Plaintiffs alleging that the curfew was unconstitutionally enforced under the First and Fourteenth Amendments to the U.S. Constitution. This meant that the Class Plaintiffs could proceed to trial against Defendant. The claims were originally set for trial in late March 2022. Before that trial date, however, the Court separated the claims of the Class from the claims of other, non-class plaintiffs who alleged different constitutional violations. The Class claims were then set for trial in April 2023. Before the April 24, 2023 trial date, the parties agreed to a Settlement pending Denver City Council and court approval. The Denver City Council has approved the Settlement and the Court has granted preliminary approval.

You may review and copy all of the case documents in person at the office of the Clerk of the United States District Court for the District of Colorado, 901 19th St., Denver, CO 80294. A copy of the Settlement agreement is available here: http://www.denvercurfewclassaction.com.

**3.     Why is there a Settlement?**

The Court has not decided the amount of money, if any, each Class Member should receive in this lawsuit. As a result of all the phases of the litigation, and the possibility of motions and appeals yet to come, both sides have agreed to a Settlement. Through a Settlement, the people affected will get compensation without the risk of further litigation. The Class Representatives and the attorneys think the Settlement is in the best interest of the Class. This Settlement is subject to a fairness hearing described in Question 13.

*Questions? Call 720.502.2103, email curfewclass@loevy.com, or visit www.denvercurfewclassaction.com or www.loevy.com*

**4.   How do I know if I am part of this Settlement?**

Based on the City's records and/or interviews conducted by Class Counsel, you have been identified as a Class Member. You are a Class Member if you fit within the definition of the Class set forth in Question 2. More information is available at http://www.denvercurfewclassaction.com.

**5.   What does the Settlement provide?**

The Settlement provides for the creation of a $4.72 million Settlement Fund to be paid in cash and distributed to the Class Members, as well as payment of Class Counsel's attorney's fees, costs, and settlement administration expenses. Class Members will receive payments from the Fund.

**6.   How much money will I receive from the Settlement?**

As a Class Member, you are entitled to receive payments from the Settlement Fund, after the payment of settlement administration expenses, costs, and attorneys' fees. The amount of money remaining after payment of attorneys' fees, costs, and settlement administration expenses is called the "Net Fund Value," which is the amount available to pay Class Members.

Under the proposed Settlement, your share of the Settlement Fund will depend on the number of hours that you were detained/in custody. This has been calculated based on the time of your arrest and the time you were released from custody or jail. Here's how it generally works:

- Class Members detained for up to 12 hours are entitled to 2 shares of the Net Fund Value;
- Class Members detained for over 12 hours and up to 24 hours are entitled to 4 shares of the Net Fund Value;
- Class Members detained for over 24 hours and up to 48 hours are entitled to 8 shares of the Net Fund Value;
- Class Members detained for over 48 hours are entitled to 12 shares of the Net Fund Value.

Each Class Member's amount of time in detention will be presumed to be reflected by the arrest and jail documents produced by the City, unless a different amount of time in detention is confirmed through an interview of the Class Member by Class Counsel. Any such interview must be requested by Class Members in writing within 10 days of receiving this notice. (You can email curfewclass@loevy.com.) Class Members whose amount of time in detention cannot be determined from documents (because, for example, you requested your records to be sealed) or through an interview with Class Counsel will be presumed to be entitled to 4 shares.

There will be at least one and possibly two rounds of payments. In the first round of payments, checks will be mailed to Class Members by the Claims Administrator (Kurtzman Carson Consultants d/b/a KCC). If there are any checks that remain uncashed after 150 days from issuance, those checks will become null and void. Those funds will then be redistributed to other Class Members on a *pro rata* basis in a second round of payments. The Settlement Agreement explains the process in further detail. To get a copy, go to http://www.denvercurfewclassaction.com.

**7.   How do I request a payment?**

To receive a payment, you do <u>not</u> need to do anything. However, if you expect your address to change, please contact the Claims Administrator, KCC, at 866-720-1157 to tell them of your new address. No payments will be sent until the Court approves the Settlement. Even then, there may be appeals relating to the Settlement. It is always uncertain how long this will take. **Please be patient.**

**8.   Do I need to submit any records proving how many hours I was in custody?**

You do not need to submit any records proving how long you were in custody. Your hours in custody are presumed to be reflected by the City's arrest and jail records that Class Counsel has obtained from the City. See Question 6 for more information about how hours in custody are calculated or what happens if your records were sealed.

Questions? Call 720.502.2103, email curfewclass@loevy.com, or visit www.denvercurfewclassaction.com or www.loevy.com

**9.  Do I have a lawyer in this case? How will the lawyers be paid?**

You do not need to retain a lawyer. The Court has appointed Loevy & Loevy, 2060 Broadway, Ste. 460, Boulder, CO 80302, to act as Class Counsel in this case. The firm has represented the Class through all phases of this case. The firm will continue to represent the Class in the administration of the Settlement and in the litigation on the assigned claims. You do not need to pay for Class Counsel's services. If you want to be represented by your own lawyer, you must exclude yourself from the Settlement and hire a lawyer at your own expense.

Class Counsel will ask the Court to approve reimbursement of the out-of-pocket costs they have incurred in pursuing the Class claims, as well as a fee of between 33-35% of the Settlement Fund. The fees will compensate Class Counsel for investigating the facts, litigating the case, representing the class at all stages of the case, including preparing for trial, and negotiating the Settlement. The Court may award less than the amount Class Counsel seeks. Defendant does not contest this amount for the work Class Counsel has done over the last three years on behalf of the Class. The Court has also approved a Claims Administrator to send notice to the Class and process and handle the payment of claims by Class Members. The costs for the Claims Administrator will be paid out of the Fund.

**10.  If I participate in this Settlement, how does that affect my legal rights?**

Unless you exclude yourself from this Settlement, you can't sue Defendant City, continue to sue, or be part of any other lawsuit against the Defendant about the constitutionality of the emergency curfew (or its enforcement) in Denver, Colorado, from May 30, 2020 through June 5, 2020, as well as any First Amendment or Fourteenth Amendment Equal Protection Claims arising from your arrest and detention for violation of the emergency curfew. *This Settlement <u>does not include</u> any excessive force claims you may have, including any excessive force claims arising from the manner of your curfew arrest*. Unless you exclude yourself, it also means that all of the decisions by the Court will bind you.

By being part of this Settlement, you are *only* giving up your right to sue the City for claims covered by *this* Settlement. *This Settlement <u>does not include</u> any claims regarding use of excessive force.* If you have any questions about the scope of the Settlement and what it does and does not cover, call 720.502.2103 to speak with Class Counsel, Elizabeth Wang, or email curfewclass@loevy.com.

**11.  Should I exclude myself from the Settlement? How do I exclude myself?**

If you don't want money from the Settlement, and you want to keep the right to sue the Defendant on your own about the curfew claims covered by this case, then you must take steps to exclude yourself form the case. This is sometimes referred to as "opting out" of the class.

To exclude yourself, you must send a written request for exclusion to the Claims Administrator postmarked on or before the Objection/Exclusion Deadline (see chart on p. 1, above), which must be personally signed by you, and include your name and address, the date(s) on which you were arrested under the Defendant's emergency curfew in place from May 30-June 5, 2020, the caption for this action (*Epps, et al., v. City and County of Denver, et al.*, No. 20-cv-1878-RBJ), a statement that you wish to be excluded from the Settlement Class, and your signature. You must mail your exclusion request to *Epps v. City and County of Denver* Settlement Administrator, KCC, P.O. Box 990, Corte Madera, CA 94976-0990, and it must be postmarked by ==[date - no later than 45 days after the notice date, which is no later than 30 days after entry of prelim approval]==.

You will get no payments from the Settlement Fund if you exclude yourself, and you will have to litigate your claims on your own or with your own lawyer. You'll have to pay for your own lawyer and you'll have to prove your claims. If you do exclude yourself so you can start your own lawsuit against the Defendant, you should talk to your own lawyer soon, because your claims are subject to a statute of limitations.

**12.  How do I tell the court that I don't like the Settlement?**

If you wish to remain a Class Member but do not like the Settlement, you can tell the Court

why you think the Settlement should not be approved. In order to object, you must send a letter that includes the following: (1) your name and address, (2) state that you are a Class Member, (3) all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), (3) the date(s) on which you were arrested under the Defendant's emergency curfew in place from May 30-June 5, 2020, (4) the name and contact information of any and all attorneys representing, advising or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (5) a statement indicating whether you intend to appear at the Final Approval Hearing either personally or through counsel, who must file an appearance and seek admission to the District Court, accompanied by your signature as the objecting Class Member.

Your objection must be sent to: (1) the Clerk of Court, United States District Court, District of Colorado, 901 19th St., Denver, CO 80294; and (2) *Epps v. City and County of Denver* Settlement Administrator, KCC, P.O. Box 990, Corte Madera, CA 94976-0990.

In addition, any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if you, on or before the Objection/Exclusion Deadline approved by the Court and specified in this Notice, file notice of your intention to do so and at the same time (a) file copies of such papers you propose to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF system if you are represented by counsel, who also must file an appearance, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendant's counsel. Copies may be sent to Class Counsel at Loevy & Loevy, 2060 Broadway, Ste. 460, Boulder, CO 80302. Copies may be sent to Defendant's counsel at: Andrew D. Ringel, Esq., Hall & Evans, LLC, 1001 17th St, Ste. 300, Denver, CO 80202.

You cannot both exclude yourself and object. If you object and the Court decides against your objection, you will not be able to bring or continue a separate suit for any claims regarding the curfew covered by this suit.

**13.     When and where will the court decide whether to approve the Settlement?**

The Court will have a fairness hearing to decide whether to approve the Settlement on [date] at [time] before Judge R. Brooke Jackson at United States District Court for the District of Colorado, 901 19th St., Courtroom A902, Denver, CO 80294. You do not have to come to the hearing. All written objections will be considered by the Court.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider how much to pay Class Counsel. If there are objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

**14.     What happens if I do nothing at all?**

If you do nothing, you will receive payment from the Settlement Fund as described in Question 6, and you will be bound by any and all of the decisions made by the Court in this case.

**15.     How do I get more information?**

Visit the website, www.denvercurfewclassaction.com, where you will find the Court's Order Certifying the Class, the Amended Complaint that the Plaintiffs filed, the Court's summary judgment opinion, and the Settlement Agreement. You may also send a letter to: *Epps v. City and County of Denver* Settlement Administrator, KCC, P.O. Box 990, Corte Madera, CA 94976-0990, or Loevy & Loevy, ATTN: *Epps/Fitouri v. Denver* Class Settlement, 2060 Broadway, Suite 460, Boulder, CO 80302. You can obtain detailed information about the case by examining the court file located at the address listed in Question 2. If you wish to speak to Class Counsel, you can contact Elizabeth Wang at Loevy & Loevy by calling 720.502.2103 or emailing curfewclass@loevy.com.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS MATTER.**

DATE: _____, 2023