# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

## DECLARATION OF ELIZABETH WANG

---

Pursuant to 28 U.S.C. § 1746, I, Elizabeth Wang, declare as follows:

1.     I was appointed Class Counsel for the Curfew Arrest Class members by this Court. Dkt. 127. My qualifications and experience are detailed in the declaration I submitted at Dkt. 380-2.

2.     In addition to the experience detailed in that declaration, more recent successful outcomes I have obtained for my clients include: in May 2023, I obtained a $27 million verdict on behalf of a plaintiff who had been wrongfully convicted and incarcerated for 24 years before his exoneration, in *Gray v. McInerney, et al.*, No. 18-cv-2624 (N.D. Ill.). In July 2022, I obtained a $1.3 million settlement for a plaintiff whose due process rights were violated by Boulder police officers, who fabricated evidence against him in his criminal case. *Stewart v. Frankenreiter, et al.*, No. 19-cv-1588-RMR (D. Colo.). The settlement was substantial considering the amount of time incarcerated as a result of the wrongful conviction (45 days). And in May 2022, I obtained a seven-figure settlement for a Krystal O'Connell, whose due process rights were violated by a

EXHIBIT 1

sheriff's deputy and a social worker, who fabricated evidence against her in her criminal case. *O'Connell v. Alejo*, No. 18-cv-1359-RBJ (D. Colo.).

3.       Loevy & Loevy's experience in class action and civil rights cases is extensive, as detailed in the firm resume submitted with this petition.

**An Overview of the Pretrial Litigation History**

4.       As reflected in my timesheet, I worked on this case from its inception through the present. I labored diligently for three years to achieve the Settlement on the Class claims, at great risk of no recovery.

5.       I developed the facts and legal theories for the claims of the Class from the beginning and extensively researched the law and gathered relevant facts. I made strategic decisions about what theories to pursue and what evidence to develop during discovery to support the Class's claims. This included interviewing potential clients, Class Members, and witnesses, pursuing targeted discovery, and consulting with other attorneys from my firm with significant class action experience, such as Scott Rauscher, and consulting with other partners with significant experience litigating *Monell* claims, such as David B. Owens. (See their declarations.)

6.       Denver and the Plaintiffs engaged in extensive discovery for about 14 months. Plaintiffs filed their motion for class certification in April 2021. After full briefing and a hearing, the Court granted certification on the Curfew Arrest Class claims in June 2021.

7.       After the Court certified the Class, Plaintiffs engaged in the laborious and expensive process of ensuring that Class Members were appropriately notified and the requirements of due process satisfied. This required not only obtaining the arrest and jail records from Denver, but also reviewing the records to ensure that only individuals falling within the

definition of the Class were included and researching public records databases to find current addresses for the Class Members. Many of the addresses for the Class Members were not on the documents produced by Denver in discovery, or if they were, they were not current. Some of the Class Members' names were also misspelled or written down on the arrest paperwork incorrectly. This meant that Class Counsel had to spend time and resources finding the correct information on their own. (The majority of this work was performed by paralegal Brian Swift, as reflected on his timesheet.) Class Counsel then effectuated direct notice of the Court's certification order to all of those individuals.

8.       At the same time, the parties continued to engage in discovery, which included several sets of interrogatories, requests for production, and requests for admission from Plaintiffs to Denver, as well as over 50 total depositions. During discovery, Class Counsel unearthed the crucial text messages that showed that Denver had a policy of targeting enforcement of the curfew against individuals engaged in protest activity. *See* Dkt. 286-20.

9.       In early 2022, Denver moved for summary judgment, including on the Class claims. Plaintiffs responded to the motion while also preparing for the scheduled March 2022 trial. The Court denied summary judgment in substantial part on March 1, 2022. The Court then bifurcated the Class claims from the claims tried in March 2022 and set trial on the Class claims for April 2023.

**The Parties' Settlement Negotiations and Class Counsel's Preparation for Trial**

10.       The parties attended their first mediation in January 2022, with a private mediator from JAG. The parties were unable to settle the Class claims at that time. The main impediment to settlement was the fact that the parties had widely disparate views of the risks that each faced should the case not settle and thus, as to the overall value of the case.

11.     As the April 2023 trial date approached, Class Counsel began intensive efforts to prepare for trial. Given the nature of the previously failed mediation, the trial team vigorously prepared to try the case, including by drafting jury instructions, reviewing potential trial exhibits and drafting the exhibit list, drafting potential motions *in limine* and a trial brief, and especially, interviewing Class Members to determine which Class Members to call to testify at the trial in support of the Class claims. I prepared to try the case with my colleagues David B. Owens and Wallace Hilke. Paralegals Scott Loy, Bethan Gee, and Brian Swift assisted in our trial preparation efforts.

12.     At the same time, Class Counsel spent a significant amount of time reviewing the arrest and jail paperwork to determine how much time each Class Member spent in custody to develop an appropriate structure of a potential settlement that would award Class Members different shares of a settlement based on their time in custody. *See, e.g.*, Brian Swift, Scott Loy, and Elizabeth Wang Timesheets. I conferred with the Class Representatives on this proposal to ensure that they agreed it was fair, reasonable and appropriate.

13.     In January and February 2023, the parties exchanged letters describing their settlement positions.

14.     On March 30, 2023, the parties participated in a half-day mediation with former Magistrate Judge Kristen L. Mix. After that, a conditional settlement was reached, but reaching a settlement that would be submitted to Denver City Council for approval required several more days of multiple phone calls and emails among the parties and Magistrate Judge Mix. Class Counsel finally reached a Settlement in which Denver agreed to pay a total of $4,720,000 to resolve the case.

15.      After being informed of the Settlement, the Court struck the April 24, 2023 trial date.

16.      Denver City Council approved the Settlement on August 28, 2023. Plaintiffs filed a motion for preliminary approval on August 29, 2023. The Court granted the motion on August 30, 2023.

**Class Counsel's Efforts Since Preliminary Approval**

17.      Even after the parties executed the Settlement agreement, Class Counsel has continued to work to ensure that the Class Members reap the rewards of the Settlement. Specifically, Class Counsel has communicated by phone and email with many Class Members and potential class members to answer their questions, ensure that we have updated addresses for them, and aid in their obtaining relief.

**The Nature of Class Counsel's Representation and Class Counsel's Experience**

18.      Attached hereto as Exhibit A is a true and accurate copy of Loevy & Loevy's firm resume. As shown in Exhibit A, Loevy & Loevy is highly experienced in class action litigation, and we are also highly experienced and successful trial lawyers.

19.      In this case, my firm agreed to undertake Kelsey Taylor and Claire Sannier's claims on a contingent fee basis, as the amount of individual recovery at issue would not justify retention on an hourly basis. From the outset we knew that we would be required to spend potentially thousands of hours investigating and litigating Plaintiffs' claims with absolutely no guarantee of success, while simultaneously foregoing other opportunities. After over two years of litigation, Class Counsel remained without a realistic settlement option that would have allowed the Class members to obtain material recoveries.

20.     As detailed in the below chart, to date, Loevy & Loevy has logged 1,218.25 hours in uncompensated time in order to achieve the Settlement in this case, and (as of the time of filing) accrued a balance of $510,098.75 in attorneys' fees. In addition, the chart reflects the level of experience, billable rates, and the hours for each attorney and paralegal who worked on this matter. In my opinion, the expenditure of time by the attorneys and paralegals who worked on this case was reasonable and necessary.

| Attorney/Paralegal | Years of Exp. | Hours | Hourly Rate | TOTAL |
|---|---|---|---|---|
| Elizabeth Wang | 18 | 586.00 | $595 | $348,760.00 |
| Scott Rauscher | 18 | 10.00 | $595 | $5,950.00 |
| David B. Owens | 13 | 25.75 | $595 | $15,321.25 |
| Tara Thompson | 20 | 6.75 | $595 | $4,016.25 |
| Katie Roche | 8 | 20.75 | $485 | $10,063.75 |
| Wallace Hilke | 5 | 44.25 | $375 | $16,593.75 |
| Makeba Rutahindurwa | 4 | 140.50 | $300 | $42,150.00 |
| Brian Swift | n/a | 157.00 | $175 | $27,475.00 |
| Scott Loy | n/a | 200.50 | $175 | $35,087.50 |
| Bethan Gee | n/a | 26.75 | $175 | $4,681.25 |
| TOTAL | | 1,218.25 | | $510,098.75 |

21.     Because of the challenge process and the need to assist Class Members who have questions about the Settlement, Class Counsel will spend significantly more time and money on this case after this fee motion is filed.

22.     Class counsel has also fronted over $2,400 dollars in unreimbursed litigation costs attributable solely to litigation of the Class claims.

23.     I have reviewed the attached billing records for my time spent in this matter on the Class claims. They are a fair and accurate depiction of the time I spent working on that part of this case and are reasonable in terms of the time spent on each task.

24.     In addition, I have reviewed the timesheets of other Loevy & Loevy attorneys and paralegals in order to make a good-faith effort to exclude hours that are excessive, redundant,

and otherwise unnecessary to this petition. The timesheets included with this petition include only hours spent solely on the Arrest Class claims. We have also excluded entirely time spent on the Arrest Class claims by Loevy & Loevy partner Michael Kanovitz, who assisted me during settlement discussions and in preparation for trial.

25.     My proposed hourly rate in this case is $595, the same rate awarded by this Court last year in this case. This is well below rates charged by attorneys of like experience and skill litigating complex cases such as this one.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2023

Elizabeth Wang

| Timesheet of Elizabeth Wang (Curfew Arrest Class only) | | | |
| --- | --- | --- | --- |
| | | | |
| Date | Description of Task | Hours | Abbreviations: |
| 6/14/2020 | research and reading cases on class action issues | 0.75 | TT: Tara Thompson |
| 6/19/2020 | research and reading cases on class action protest cases; class action cases | 2.50 | SR: Scott Rauscher |
| 6/19/2020 | reviewing emergency curfew orders | 0.50 | MK: Michael Kanovitz |
| 6/20/2020 | research on class actions, research for complaint | 2.00 | DBO: David B. Owens |
| 6/20/2020 | research and reading cases on class action protest cases | 0.50 | MR: Makeba Rutahindurwa |
| 6/22/2020 | reviewing draft class reps R&R and retainer | 0.50 | WH: Wallace Hilke |
| 6/23/2020 | researching and reading cases for potential claims; researching other GFP cases filed; researching facts for complaint (class allegations | 9.75 | BS: Brian Swift |
| 6/28/2020 | drafting class reps R&R | 0.50 | BG: Bethan Gee |
| 6/28/2020 | writing complaint (class allegations) | 10.00 | SL: Scott Loy |
| 6/29/2020 | researching case law for complaint; writing complaint (class allegations) | 12.75 | |
| 6/30/2020 | writing complaint (class allegations) | 4.00 | |
| 7/2/2020 | emailing with TT and SR re: class reps | 0.25 | |
| 7/2/2020 | researching and reading cases on class action issues | 5.25 | |
| 7/2/2020 | researching class rep substitution; emailing TT and SR re: class rep substitution | 1.00 | |
| 7/3/2020 | researching and reading cases re: class action issues | 1.00 | |
| 7/5/2020 | reading and researching and writing motion to dismiss curfew charges for crim cases | 4.00 | |
| 7/5/2020 | gathering criminal case info for Taylor (curfew) | 0.25 | |
| 7/5/2020 | taking notes on curfew arrestees, curfew cases, researching dockets | 1.50 | |
| 7/6/2020 | gathering criminal case info for Lawrence (curfew) | 0.25 | |
| 7/6/2020 | reading cases re: class action certification | 4.00 | |
| 7/6/2020 | emailing with SR and TT re: class cert issues | 0.25 | |
| 7/6/2020 | t/c with potential class member | 0.25 | |
| 7/7/2020 | gathering criminal case info for Lawrence (curfew) | 0.25 | |
| 7/7/2020 | researching and reading cases re: protest class actions | 2.50 | |

| | | | |
|---|---|---|---|
| 7/7/2020 | emailing with SR and TT re: class cert issues | 0.25 | |
| 7/8/2020 | reading and researching cases re: class certification | 4.00 | |
| 7/9/2020 | researching and reading cases re: class certification | 3.00 | |
| 7/9/2020 | researching, reviewing other class action protest cases, certification decisions | 1.00 | |
| 7/10/2020 | gathering criminal case info for Sannier (curfew) | 0.25 | |
| 7/13/2020 | gathering criminal case info for Cruz (curfew) | 0.25 | |
| 7/13/2020 | emailing TT about possible officer defendants for Lawrence | 0.25 | |
| 7/17/2020 | gathering criminal case info for Lawrence (curfew) | 0.25 | |
| 7/18/2020 | research and reading cases on class action issues | 0.50 | |
| 7/19/2020 | researching and reading cases re: class action issues | 4.25 | |
| 7/20/2020 | reading and researching cases re: class certification | 5.00 | |
| 7/20/2020 | researching and reading cases re: class action issues | 1.25 | |
| 7/20/2020 | reviewing news videos of protest, taking notes | 3.75 | |
| 7/25/2020 | reading and research on class cert, reviewing discovery re: class cert in prior L&L class action cases | 1.00 | |
| 7/27/2020 | conferring with SR re possible strategies re: class action, taking notes | 0.25 | |
| 7/29/2020 | researching other class action protest cases | 0.50 | |
| 8/6/2020 | researching and reading cases on class action issues; reviewing criminal case info of curfew arrestees | 3.75 | |
| 8/7/2020 | researching and reading cases on class cert in D Colo, 10th Cir | 3.00 | |
| 8/10/2020 | taking notes on potential subclasses, reviewing motions for class cert and pleadings in other civil rights class actions | 1.50 | |
| 8/10/2020 | researching other class action protest cases | 0.50 | |
| 8/13/2020 | t/c with law student about putative class members | 0.50 | |
| 8/21/2020 | researching discovery issues for class actions | 2.50 | |

| | | | |
|---|---|---|---|
| 8/24/2020 | research and reading cases on class action protest cases | 1.00 | |
| 8/24/2020 | research and reading cases on class action issues | 1.00 | |
| 8/25/2020 | reading and researching cases on class cert | 3.00 | |
| 8/25/2020 | writing class action allegations portion of scheduling order | 1.00 | |
| 8/26/2020 | review videos re: protests, taking notes on potential subclasses, creating notes on potential subclasses | 4.00 | |
| 8/26/2020 | researching and reading cases re: class action issues | 1.00 | |
| 8/27/2020 | researching and reading cases re: class action issues; creating notes on possible subclasses | 2.00 | |
| 8/28/2020 | reviewing video of protests, taking notes, revising potential subclasses | 2.25 | |
| 8/29/2020 | reviewing dockets of arrestee class members | 1.00 | |
| 9/1/2020 | revising doc requests to City, drafting Ex. A to doc requests with potential arrest class members | 1.50 | |
| 9/2/2020 | research and reading cases on class action protest cases | 0.75 | |
| 9/3/2020 | reviewing other protest class action cases | 1.25 | |
| 10/9/2020 | research and reading cases on class action protest cases | 1.00 | |
| 10/14/2020 | researching dismissal of putative class member | 1.00 | |
| 10/14/2020 | researching and reading cases on class action issues | 0.75 | |
| 10/23/2020 | emailing SG, TT, SR, MR re discovery re: unnamed class members | 0.25 | |
| 1/4/2021 | t/c with Baumgartner and Beem re: Agwu and Barbour cases and class members in those cases | 0.50 | |
| 1/21/2021 | t/c with MR re: case strategy and class certification | 1.00 | |
| 1/26/2021 | researching and reading cases on class certification | 1.50 | |
| 1/28/2021 | t/c with MR and TT re: class cert | 0.50 | |
| 1/29/2021 | calling, following up with unnamed class members | 1.00 | |
| 1/29/2021 | drafting motion for extension of time to file class cert motion | 0.50 | |

| | | | |
|---|---|---|---|
| 2/1/2021 | finalizing motion for extension of time to file class cert motion; reviewing order | 0.25 | |
| 2/2/2021 | reviewing other class action protest cases | 0.25 | |
| 2/2/2021 | emailing with TT re: assistance from another attorney re: class members | 0.25 | |
| 2/24/2021 | research and reading cases on class action issues | 0.50 | |
| 3/30/2021 | t/c with MR re: drafting class cert motions | 0.75 | |
| 4/5/2021 | drafting motion for extension of time for class cert motion | 1.00 | |
| 4/7/2021 | reviewing declarations for class cert | 3.00 | |
| 4/7/2021 | reviewing, working on declarations for witnesses for class cert motion | 7.00 | |
| 4/8/2021 | reviewing, working on declarations for witnesses for class cert motion | 6.50 | |
| 4/9/2021 | reviewing, working on declarations for witnesses for class cert motion | 6.00 | |
| 4/12/2021 | reviewing, working on declarations for witnesses for class cert motion | 8.00 | |
| 4/13/2021 | reviewing, working on declarations for witnesses for class cert motion | 5.50 | |
| 4/16/2021 | reviewing, working on declarations for witnesses for class cert motion | 5.00 | |
| 4/16/2021 | reviewing and deciding what exhibits to use for class cert motion | 2.00 | |
| 4/19/2021 | reviewing and deciding what exhibits to use for class cert motion | 7.50 | |
| 4/19/2021 | reviewing documents of curfew arrestees | 2.00 | |
| 4/20/2021 | reviewing and deciding what exhibits to use for class cert motion | 4.00 | |
| 4/21/2021 | emailing with SR and MR about class cert motion | 0.25 | |
| 4/22/2021 | reviewing exhibits for class cert, revising exhibits | 1.00 | |
| 4/22/2021 | drafting motion for leave to file excess pages for class cert motion | 0.25 | |
| 4/22/2021 | revising motion for class cert | 3.00 | |
| 4/22/2021 | revising motion for class cert | 2.00 | |
| 4/24/2021 | revising motion for class cert, reviewing exhibits and revising exhibits | 9.00 | |
| 4/25/2021 | revising motion for class cert | 8.50 | |
| 4/26/2021 | revising motion for class cert | 8.00 | |

| | | | |
|---|---|---|---|
| 4/26/2021 | drafting motion for leave to file certain exhibits under seal (class cert motion) | 0.25 | |
| 4/26/2021 | reading cases re: class certification for protests | 0.75 | |
| 5/24/2021 | reviewing Defs' motion for excess pages to respond to class cert motion | 0.25 | |
| 5/26/2021 | reading Defs' response to class cert motion and amended response | 0.75 | |
| 6/7/2021 | reviewing and revising draft reply on motion for class cert | 0.50 | |
| 6/8/2021 | reviewing motion for leave to file excess pages for reply to class cert motion | 0.25 | |
| 6/8/2021 | revising reply to class cert motion | 3.00 | |
| 6/9/2021 | revising reply to class cert motion; reviewing exhibits needed for reply | 8.00 | |
| 6/17/2021 | drafting third document requests to City | 0.50 | |
| 6/22/2021 | drafting notice of supplemental exhibit re: class cert | 0.75 | |
| 6/24/2021 | preparing for class cert motion hearing, reading cases, conferring with MR about argument at class cert hearing | 2.00 | |
| 6/25/2021 | attending class cert motion hearing | 0.75 | |
| 6/25/2021 | attending class certification motion hearing (Zoom hrg) | 0.75 | |
| 6/28/2021 | emailing with MK, SG, SR, MR and JL about class cert decision | 0.25 | |
| 6/28/2021 | reading class certification decision | 0.25 | |
| 6/28/2021 | reviewing examples of class cert notice | 0.50 | |
| 7/1/2021 | researching and reviewing comparable settlements in other class action protest cases | 1.00 | |
| 7/2/2021 | mtg with Plaintiffs re: class certification decision | 1.25 | |
| 7/7/2021 | t/c with De La Vaca re: discovery and meaning of class certification | 0.50 | |
| 7/9/2021 | drafting class certification notice | 3.00 | |
| 7/9/2021 | mtg with Claire Sannier and Elle Taylor re: class representative status, class certification | 1.00 | |
| 7/9/2021 | t/c with Katie Roche re: arrest class documents | 0.50 | |
| 7/26/2021 | emailing with SG, SR, BS, MR re class cert notice | 0.25 | |

| | | | |
|---|---|---|---|
| 7/28/2021 | emailing with SR and MR re: class certification notice | 0.25 | |
| 7/28/2021 | emailing Ross Ziev about addresses of a couple class members | 0.25 | |
| 7/29/2021 | reviewing list of potential arrest class members, reviewing documents re: arrest class | 1.50 | |
| 7/30/2021 | reviewing list of potential arrest class members, reviewing documents re: arrest class | 2.00 | |
| 8/4/2021 | reviewing correspondence from Baumgartner | 0.25 | |
| 8/5/2021 | drafting 4th set doc requests to Denver | 0.75 | |
| 8/5/2021 | t/c with SR re: letter from Baumgartner | 0.25 | |
| 8/6/2021 | t/c with Lindsay Jordan re: addresses of sealed arrestees | 0.50 | |
| 8/11/2021 | drafting 5th doc request to Denver | 0.25 | |
| 8/12/2021 | emailing with SR and MR re: class action settlements and demand | 0.25 | |
| 8/16/2021 | reviewing video, writing memo to client re: identification of officers | 2.00 | |
| 9/1/2021 | drafting written discovery to Denver re: curfew | 0.75 | |
| 9/14/2021 | reviewing complaints in Agwu and Barbour; determining which plaintiffs are members of the curfew arrest class | 0.75 | |
| 9/14/2021 | reviewing complaints in Barbour, Agwu; researching motion to stay | 1.00 | |
| 9/24/2021 | drafting status report re: class certification notice; reviewing and revising exhibits | 3.00 | |
| 10/11/2021 | reviewing Agwu and Barbour complaints; noting which plaintiffs are members of curfew arrest class | 0.25 | |
| 10/15/2021 | reviewing and researching comparable settlements in other class action protest cases | 0.75 | |
| 10/21/2021 | research and reading cases on class action issues | 1.00 | |
| 12/7/2021 | t/c with Ringel re: Agwu and Barbour; sending email to Ringel with materials re: class members | 0.25 | |
| 12/7/2021 | reviewing materials to draft settlement demand letter re: arrest class; drafting letter | 2.25 | |

| Date | Description | Hours | |
|------|-------------|-------|---|
| 12/7/2021 | drafting arrest class settlement demand letter | 2.00 | |
| 12/8/2021 | t/c with SR re: curfew class settlement demand | 0.50 | |
| 12/10/2021 | drafting settlement demand letter for arrest class | 1.50 | |
| 12/10/2021 | emailing with SR and MR about demand for curfew arrest class | 0.25 | |
| 12/13/2021 | research and reading cases on class action protest cases | 1.00 | |
| 12/14/2021 | revising settlement demand letter for arrest class | 2.00 | |
| 12/16/2021 | researching and reading cases re: class action issues | 1.25 | |
| 12/28/2021 | reviewing letter from Ringel re: Agwu, Barbour and Fitouri class | 0.25 | |
| 1/4/2022 | reviewing Defs' answers to Agwu and Barbour complaints | 0.50 | |
| 1/4/2022 | t/c with SR re: Agwu and Barbour cases | 0.50 | |
| 1/4/2022 | t/c with Beem and Baumgartner about class members in Agwu and Barbour | 0.75 | |
| 1/19/2022 | attending mediation - class claims | 8.00 | |
| 2/4/2022 | reviewing communication from Baumgartner | 0.25 | |
| 2/8/2022 | researching and reading cases re: curfew claim | 5.00 | |
| 2/9/2022 | reading cases, writing curfew claim section of argument in response to Denver SJ | 9.50 | |
| 2/10/2022 | reading cases, writing curfew section of argument in response to Denver SJ | 6.00 | |
| 2/11/2022 | researching, reading cases re: class action issues | 0.50 | |
| 2/12/2022 | researching cases re: stay and opt-out re: class, reading Baumgartner's motion | 0.75 | |
| 2/13/2022 | writing response to motion to exclude filed by Baumgartner; writing motion to stay | 5.25 | |
| 2/13/2022 | reviewing 1AC in Agwu | 0.25 | |
| 2/14/2022 | revising response to Baumgartner's motion to exclude 13 class members and motions to stay, researching cases | 5.00 | |
| 4/6/2022 | t/c with SR re: class action trial and strategy | 0.25 | |
| 4/19/2022 | writing motion to set trial date for class action | 0.75 | |

| | | | |
|---|---|---|---|
| 4/21/2022 | reviewing minute entry on trial date setting for curfew class action | 0.25 | |
| 5/28/2022 | emailing with plaintiffs' counsel in Blades re: curfew claims of class member Wesbrock and dismissal or stay of those claims | 0.25 | |
| 6/1/2022 | conferring with SR about Baumgartner email re: Wesbrock | 0.25 | |
| 6/1/2022 | reading Court's order denying late exclusion request from 13 class members from Baumgartner | 0.25 | |
| 6/2/2022 | emailing Baumgartner re: moving to stay Wesbrock curfew claims in Blades | 0.25 | |
| 7/14/2022 | reviewing letter from Hollie Birkholz re: discovery violation; videos produced late including re Sannier arrest; writing email in response, reviewing production | 2.50 | |
| 8/3/2022 | writing letter re: discovery responses re: Curfew Class to Birkholz | 0.50 | |
| 8/18/2022 | t/c with WH about trial prep for curfew class action | 0.25 | |
| 9/2/2022 | preparing for mtg with WH; Zoom mtg with WH to discuss prep for curfew class action trial | 1.50 | |
| 11/1/2022 | emailing counsel for Denver and plaintiffs in Blades re: claims of class member Elijah Wesbrock (class member) and staying the class claims | 0.25 | |
| 11/4/2022 | reviewing email from Doherty re: Denver consideration of motion to stay | 0.25 | |
| 1/11/2023 | T/c with SR and WH re: curfew class trial and demand | 0.75 | |
| 1/12/2023 | writing new settlement demand letter for Class | 2.00 | |
| 1/13/2023 | reviewing Curfew Class spreadsheet containing custody info, revising it | 2.25 | |
| 1/16/2023 | reviewing Curfew Class spreadsheet containing hours in custody info, revising settlement demand letter for Class | 1.00 | |
| 1/16/2023 | writing motion to stay litigation of curfew claims pending resolution of Class Action trial (for filing in Blades (Elijah Wesbrock)) | 1.50 | |
| 1/17/2023 | revising settlement demand letter for class | 2.25 | |

| | | | |
|---|---|---|---|
| 1/18/2023 | emailing with SL and DBO re: trial prep tasks for Curfew Class Action | 0.25 | |
| 1/18/2023 | reviewing class member spreadsheet and notes, drafting witness list for curfew class action trial; revising jury instructions | 3.00 | |
| 1/20/2023 | t/c with Peter Doherty about class member in the Blades case and staying the curfew class claims | 0.50 | |
| 1/23/2023 | reviewing and revising Curfew Class spreadsheet | 0.75 | |
| 1/24/2023 | t/c with SR about Ringel email about Curfew Class demand; sending response to Ringel email about demand | 0.50 | |
| 2/7/2023 | reviewing order on motion to stay in Blades re: claims of Wesbrock re: curfew | 0.25 | |
| 2/16/2023 | reading and researching issues re: class action trial | 2.25 | |
| 2/16/2023 | drafting proposed jury instructions and verdict form for curfew class | 4.75 | |
| 2/17/2023 | drafting proposed jury instructions and verdict form for curfew class | 5.50 | |
| 2/17/2023 | reading Denver's response letter re: settlement demand | 0.25 | |
| 2/20/2023 | writing response to Denver's 2/17 letter re: settlement; revising based on edits from DBO; reviewing spreadsheet of Curfew Class members and reviewing how many people in custody for how many hours | 3.50 | |
| 2/22/2023 | reading Denver's response letter to 2/20 settlement letter | 0.25 | |
| 2/23/2023 | writing response to Denver's 2/22 letter re: settlement; revising based on edits from DBO; reviewing spreadsheet of Curfew Class members and reviewing how many people in custody for how many hours | 2.00 | |
| 2/24/2023 | revising draft letter to Denver re: settlement | 0.25 | |
| 2/27/2023 | reading Denver's response letter to last settlement demand letter | 0.25 | |
| 2/28/2023 | writing response letter to Denver's 2/27 settlement letter | 1.00 | |
| 3/1/2023 | revising response letter to Denver's 2/27 settlement letter | 0.25 | |

| | | | |
|---|---|---|---|
| 3/2/2023 | reviewing and revising draft motion for settlement conference with Magistrate Judge Mix re: curfew class action | 0.25 | |
| 3/2/2023 | t/c with Claire Sannier re: settlement negotiations in curfew class action | 0.25 | |
| 3/3/2023 | reviewing documents and deps to draft witness list for curfew class action trial | 2.25 | |
| 3/3/2023 | t/c with paralegal SL about interviewing class members | 1.00 | |
| 3/3/2023 | drafting supp Rule 26(a)(1) disclosures for curfew class action | 1.00 | |
| 3/3/2023 | emailing Mix chambers for mediation date | 0.25 | |
| 3/6/2023 | reading and researching cases re: damages for class, for drafting verdict form | 3.25 | |
| 3/6/2023 | meeting with WH and DBO re damages determinations for trial | 0.75 | |
| 3/6/2023 | reading and researching cases re: damages for class, for drafting verdict form; revising jury instructions, verdict form | 1.75 | |
| 3/8/2023 | conferring with DBO about jury instructions and verdict form | 1.00 | |
| 3/8/2023 | revising jury instructions, verdict form; researching and reading cases to determine certain strategic considerations | 5.75 | |
| 3/9/2023 | reviewing documents and video for drafting trial exhibit list; drafting exhibit list for Curfew Class Action | 4.25 | |
| 3/10/2023 | reviewing documents and video for drafting trial exhibit list; drafting exhibit list for Curfew Class Action | 7.00 | |
| 3/13/2023 | reviewing documents and video for drafting trial exhibit list; drafting exhibit list for Curfew Class Action | 6.75 | |
| 3/14/2023 | reviewing documents and video for drafting trial exhibit list; drafting exhibit list for Curfew Class action | 2.25 | |
| 3/14/2023 | reviewing SL and BG's notes on interviews with class members, drafting trial witness list, emailing class members re: trial | 3.00 | |
| 3/14/2023 | reviewing documents and video for drafting trial exhibit list; drafting exhibit list for Curfew Class action | 1.75 | |

| Date | Description | Hours | |
|---|---|---|---|
| 3/14/2023 | drafting Confidential Settlement Statement (CSS) for mediator for curfew class action | 2.25 | |
| 3/15/2023 | reviewing trial witness list; determining who we want to testify, revising trial witness list | 1.00 | |
| 3/17/2023 | emailing with Ringel about mediation date | 0.25 | |
| 3/17/2023 | mtg with WH, SL and BG about interviews of class members in prep for trial | 1.25 | |
| 3/17/2023 | interviewing class member with WH to prep for trial | 1.50 | |
| 3/17/2023 | reviewing documents and video to draft trial exhibit list; drafting trial exhibit list | 1.25 | |
| 3/18/2023 | interviewing class member with WH to prep for trial | 0.50 | |
| 3/18/2023 | reviewing documents and video to draft trial exhibit list; drafting trial exhibit list | 5.25 | |
| 3/18/2023 | reviewing material from class members and providing supp production under Rule 26(e) of material from class members | 0.75 | |
| 3/19/2023 | reviewing documents and video to draft trial exhibit list; drafting trial exhibit list | 4.50 | |
| 3/21/2023 | revising jury instructions, verdict form, trial exhibit and witness lists | 6.50 | |
| 3/22/2023 | drafting CSS for Mix for mediation for curfew class action; researching comparable settlements in arrest class cases | 3.50 | |
| 3/23/2023 | drafting CSS for Mix for mediation for curfew class action | 1.75 | |
| 3/29/2023 | mtg with WH and MK re: issues for trial and trial prep | 1.00 | |
| 3/29/2023 | reviewing Defendants' exhibit list; emailing Ringel and other Denver counsel about exhibits | 3.25 | |
| 3/29/2023 | preparing for class mediation | 0.75 | |
| 3/30/2023 | meeting with DBO to prep for mediation | 2.00 | |
| 3/30/2023 | mediation with Mix | 5.50 | |
| 3/31/2023 | t/c with Ringel about curfew class action settlement conference; emailing Jackson chambers about trial deadlines | 0.50 | |
| 4/6/2023 | emailing with Ringel about pretrial deadline | 0.25 | |
| 4/7/2023 | t/c with WH re: trial prep and trial brief | 0.50 | |
| 4/7/2023 | reviewing email from Mix re: settlement | 0.25 | |
| 4/9/2023 | t/c with DBO re: settlement; emailing Mix re: settle | 0.50 | |
| 4/9/2023 | t/c with MK re: settlement | 0.50 | |

| | | | |
|---|---|---|---|
| 4/10/2023 | emailing with Mix re: settlement | 0.25 | |
| 4/10/2023 | t/c with DBO re: settlement | 0.25 | |
| 4/10/2023 | emailing and t/c with BS re: pulling arrest class documents for trial exhibits | 0.25 | |
| 4/10/2023 | writing MILs, revising jury instructions, revising trial brief | 8.00 | |
| 4/11/2023 | writing MILs, revising jury instructions, revising trial brief; meet and confer with defs; sending proposed jury instructions to the Court | 2.75 | |
| 4/11/2023 | t/c with DBO to strategize about settlement | 0.25 | |
| 4/11/2023 | consulting with MK to strategize about settlement | 0.25 | |
| 4/12/2023 | consulting w/ DBO to strategize about settlement; consulting with Class Rep | 0.25 | |
| 4/13/2023 | conferring with SL about trial subpoenas | 0.25 | |
| 4/13/2023 | consulting with DBO and Class Rep about settlement | 0.50 | |
| 4/28/2023 | drafting class settlement agreement | 2.00 | |
| 4/28/2023 | calling KCC (claims administrator) about cost of proposal for claims administration | 0.25 | |
| 4/28/2023 | reviewing proposal from KCC; sending proposal to SR, DBO and MK for review and input; reviewing email from SR | 1.00 | |
| 5/1/2023 | drafting class settlement agreement | 2.00 | |
| 5/26/2023 | t/c with KCC about proposal for claims administration; reviewing proposal and signing | 0.50 | |
| 5/27/2023 | reviewing examples of of class settlement agreements in Loevy & Loevy cases; drafting class settlement agreement | 3.50 | |
| 5/29/2023 | drafting class settlement agreement | 2.00 | |
| 5/30/2023 | drafting class settlement agreement; contacting KCC about certain provisions re: claims administration | 2.25 | |
| 5/31/2023 | drafting class settlement notice; contacting KCC re: notice procedures | 2.50 | |
| 6/7/2023 | t/c with summer associate about research for fee petition in curfew class action | 0.50 | |

| | | | |
|---|---|---|---|
| 6/14/2023 | reviewing Curfew Class spreadsheet, reviewing hours in custody, reviewing letter from Birkholz about sealed records of some class members; emailing Ringel about info on those with sealed records | 3.25 | |
| 6/27/2023 | emailing with Ringel about settlement agreement | 0.25 | |
| 6/29/2023 | emailing KCC questions about notice; reviewing response | 0.25 | |
| 6/29/2023 | reviewing proposed edits from Ringel on settlement agreement | 0.75 | |
| 6/29/2023 | reviewing Ringel's proposed joint press release; revising it | 0.50 | |
| 6/29/2023 | t/c with MK about class members with other lawyers on other lawsuits with other claims v. Denver | 0.25 | |
| 6/30/2023 | revising settlement agreement | 0.50 | |
| 6/30/2023 | drafting class settlement notice; sending it to KCC for input of certain info | 3.75 | |
| 7/3/2023 | reviewing email from Ringel and revisions to settlement agreement; reviewing class cert order and SJ order; writing response email; revising settlement agreement | 1.50 | |
| 7/3/2023 | t/c with Claire Sannier re: dispute on released claims and timeline for settlement agreement | 0.25 | |
| 7/4/2023 | t/c with MK to confer about curfew class action settlement, dispute over released claims and strategy | 0.50 | |
| 7/5/2023 | reviewing email from KCC re: toll free number for class members to call | 0.25 | |
| 7/7/2023 | t/c with DBO to confer about dispute over released claims and strategy re: settlement; emailing DBO about strategy | 2.25 | |
| 7/7/2023 | drafting letter to Ringel; researching and reading cases on class action tolling on SOL | 3.00 | |
| 7/7/2023 | research re: motion for prelim approval and notice, reviewing dispute over released claims | 1.75 | |
| 7/10/2023 | t/c with Claire Sannier re: settlement agreement and released claims in curfew class action and timeline | 0.50 | |

| | | | |
|---|---|---|---|
| 7/11/2023 | t/c with DBO to confer about dispute over released claims and strategy and possible revisions to settlement agreement; reviewing draft email from DBO to Ringel | 1.00 | |
| 7/11/2023 | revising class settlement notice | 2.00 | |
| 7/11/2023 | emailing with KCC about revised notice, reviewing info provided by KCC | 0.25 | |
| 7/12/2023 | researching and reading cases re: preliminary approval of class action settlements; motion for attys' fees | 4.50 | |
| 7/12/2023 | revising class settlement notice | 0.50 | |
| 7/12/2023 | t/c with SR about curfew class settlement agreement, dispute over released claims and motion for prelim approval | 0.50 | |
| 7/12/2023 | t/c with Ringel about released claims in curfew class action settlement | 0.50 | |
| 7/12/2023 | researching and reading cases re: preliminary approval of class action settlements; motion for attys' fees | 1.25 | |
| 7/12/2023 | revising settlement agreement released claims provision | 0.50 | |
| 7/13/2023 | reviewing new cost estimate from KCC with toll free number for class members to call | 0.25 | |
| 7/13/2023 | drafting motion to vacate dismissal papers deadline for curfew class action | 0.50 | |
| 7/13/2023 | researching and reading cases re: preliminary approval of class action settlements; motion for attys' fees in class cases | 6.75 | |
| 7/13/2023 | t/c with SR about curfew class settlement agreement, dispute over released claims and motion for prelim approval | 0.50 | |
| 7/13/2023 | revising joint motion to vacate dismissal papers deadline | 0.25 | |
| 7/14/2023 | reviewing timesheets and declarations of other L&L attys and paralegals for fee petition | 0.25 | |
| 7/14/2023 | researching and reading cases re: preliminary approval of class action settlements and fees | 5.75 | |
| 7/18/2023 | reviewing email from TT re: timesheet and declaration | 0.25 | |
| 7/31/2023 | emailing with Denver counsel in *Agwu* case re: class members in the case | 0.25 | |

| Date | Description | Hours | |
|---|---|---|---|
| 8/4/2023 | emailing Ringel re: agreement and date for City Council approval | 0.25 | |
| 8/8/2023 | emailing Ringel re: agreement and date for City Council approval | 0.25 | |
| 8/11/2023 | emailing Ringel re: agreement and date for City Council approval | 0.25 | |
| 8/14/2023 | emailing Ringel re: agreement and date for City Council approval | 0.25 | |
| 8/18/2023 | emailing Ringel re: agreement and date for City Council approval | 0.25 | |
| 8/21/2023 | researching and reading cases re: preliminary approval of class action settlements and fees | 4.00 | |
| 8/21/2023 | emailing Ringel re: agreement and date for City Council approval | 0.25 | |
| 8/22/2023 | researching and reading cases for and writing motion for preliminary approval | 2.50 | |
| 8/22/2023 | emailing w/ Ringel re: date for City Council approval and notice of class settlement | 0.25 | |
| 8/22/2023 | emailing w/ class member re: settlement | 0.25 | |
| 8/23/2023 | conferring with SL about updating class member's addresses to provide to KCC | 0.25 | |
| 8/24/2023 | researching and reading cases for and writing motion for preliminary approval | 3.75 | |
| 8/25/2023 | researching and reading cases for and writing motion for preliminary approval | 5.00 | |
| 8/28/2023 | writing motion for preliminary approval | 4.75 | |
| 8/28/2023 | emailing SR re: motion for preliminary approval | 0.25 | |
| 8/28/2023 | t/c w/ Claire Sannier re: Council approval | 0.25 | |
| 8/29/2023 | writing motion for preliminary approval; drafting declaration | 6.50 | |
| 8/29/2023 | t/c with Matt T. re: setting up of class settlement website and information that needs to appear on it | 0.25 | |
| 8/29/2023 | t/c w/ class member's parent re: settlement | 0.25 | |
| 8/30/2023 | researching and reading cases for fee petition pursuant to Rule 23(h) | 2.50 | |
| 8/30/2023 | reviewing timesheet for fee petition pursuant to Rule 23(h); reviewing other L&L counsel/staff timesheets | 1.75 | |
| 8/30/2023 | conferring with SL about updating class member's addresses to provide to KCC | 0.25 | |

| | | | |
|---|---|---|---|
| 8/31/2023 | drafting proposed order setting deadlines and final approval hearing | 0.50 | |
| 8/31/2023 | emailing with KCC about prelim approval and notice | 0.25 | |
| 8/31/2023 | reviewing timesheets and declarations of other L&L attys and paralegals for fee petition | 0.75 | |
| 9/1/2023 | reviewing timesheets and declarations of other L&L attys and paralegals for fee petition | 0.50 | |
| 9/7/2023 | reviewing timesheets and declarations of other L&L attys and paralegals for fee petition | 0.50 | |
| 9/8/2023 | reviewing spreadsheet for KCC for notice | 0.25 | |
| 9/11/2023 | conferring with Matt T. re: what needs to be on the class action website | 0.25 | |
| 9/11/2023 | reviewing spreadsheet for KCC for notice | 0.50 | |
| 9/13/2023 | conferring with Matt T. re: what needs to be on the class action website | 0.25 | |
| 9/13/2023 | conferring with class member, revising spreadsheet for KCC for notice | 0.25 | |
| 9/14/2023 | conferring with class member, revising spreadsheet for KCC for notice | 0.25 | |
| 9/18/2023 | reviewing notice packet from KCC | 0.25 | |
| 9/21/2023 | reviewing draft class action website before it goes live | 0.25 | |
| 9/27/2023 | conferring with SL re: how to respond to curfew class members' inquiries | 0.50 | |
| 9/28/2023 | conferring with SL re: how to respond to curfew class members' inquiries | 0.50 | |
| 10/2/2023 | conferring with SL re: how to respond to curfew class members' inquiries | 1.00 | |
| 10/3/2023 | conferring with SL re: how to respond to curfew class members' inquiries | 0.75 | |
| 10/4/2023 | reviewing timesheets and declarations of other L&L attys and paralegals for fee petition | 0.50 | |
| 10/7/2023 | reviewing timesheets and declarations of other L&L attys and paralegals for fee petition | 0.75 | |
| 10/8/2023 | research on class action fee petition; writing class counsel fee petition declaration and fee petition | 3.50 | |

| | | | |
|---|---|---|---|
| 10/9/2023 | writing class counsel fee petition declaration, reviewing timesheets and declarations of other L&L attys and paralegals for fee petition, reviewing and revising L&L Firm Resume, reading cases on percentage of common fund, interviewing potential class member, updating spreadsheet | 8.25 | |
| 10/10/2023 | writing class counsel fee petition; reviewing timesheets, declarations, and exhibits for fee petition | 8.50 | |
| | | | |
| **TOTAL** | | **586.00** | |
| | | | |
| | | | |
| | **Rate: $595/hr x 586.00 = $348,670** | | |

## LOEVY & LOEVY FIRM RESUME

Over more than 20 years, Loevy & Loevy has been fighting on behalf of its clients in the vital and complex areas of civil rights, whistleblower protection, consumer protection and data privacy, among others. Our firm has won dozens of jury trials and has secured hundreds of millions of dollars for our clients, including nearly $200 million in class action settlements and verdicts alone. In 2012, the Honorable Matthew Kennelly, who has had the chance to observe the firm in two class actions (including one that went to jury trial), several wrongful conviction cases, and many others, noted that Loevy & Loevy "is fairly considered one of the premier Chicago-area law firms concentrating in plaintiff's section 1983 litigation" and that founding partner Jon Loevy and the firm "consistently produce written work that rivals that of any law firm in Chicago—not just those specializing in this particular field." *Jimenez v. City of Chicago*, 2012 WL 5512266, at *2 (N.D. Ill. Nov. 14, 2012).

Our firm has over forty attorneys and a talented support staff. Most of the firm's attorneys graduated from top law schools and clerked for federal judges. Many firm attorneys left or turned down jobs at the nation's largest law firms to work at Loevy & Loevy. During the two decades since the firm's founding, the firm has built a reputation for its excellent work product and trial results, providing clients who might otherwise go unrepresented with the same quality legal work as the wealthiest corporations could buy from the nation's largest firms.

Loevy & Loevy has secured many of the nation's top jury verdicts for its wrongfully convicted clients, including $25 million in *Jimenez*; $45 million in *Gillispie v. Miami Twp., et al.*, No. 3:13-cv-416 (S.D. Ohio); $27 million in *Gray v. McInerney, et al.*, No. 18-cv-2624 (N.D. Ill.); $22 million in *Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill.); $21 million in *Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.); $16 million in *White v. McKinley*, No. 05-cv-203 (W.D. Mo.); $15 million in *Burgess v. Baltimore Police Department,* No. 05 cv 834 (D. Md.); $15 million in *Wheatt, et al. v. City of East Cleveland*, No. 17-cv-377 (N.D. Ohio); $13.2 million in *Ayers v. City of Cleveland*, 2013 WL 1965948 (N.D. Ohio Mar. 8, 2013); and $9 million in *Dominguez v. Hendley*, No. 04-cv-2907 (N.D. Ill.). Other jury awards and settlements include: *Young v. County of Cook*, No. 06 C 552 (N.D. Ill.) (over $100 million in settlements after jury verdict—unconstitutional strip searching of inmates); *Aranda v. Caribbean Cruise Line, et al.,* No. 12 C 4096 (N.D. Ill.) (largest settlement in any TCPA case in the nation, securing a $76 million settlement for the class); *Cook County v. USI*, No. 2012 L 8066 (Cir. Ct. Cook Cty. Ill. 2018) ($9,050,000—breach of contract).

Most of our firm's attorneys graduated from top 10 law schools, clerked for federal or state judges, and left or turned down jobs at the nation's largest law firms to work at Loevy & Loevy. Among other awards, a number of the firm's attorneys have been recognized as Super Lawyers, Rising Stars, and as some of Chicago's 40 under 40 attorneys to watch.

## CLASS ACTION PRACTICE

We are experienced class action attorneys who have tried two class actions to verdict and have successfully litigated a number of class action cases—efforts that multiple courts have recognized. Unlike many firms that practice in these areas, the firm's attorneys have not only settled class actions, they have tried class action cases to verdict before juries. For example, in *Young v. County of Cook*, No. 06-cv-552 (N.D. Ill.), Loevy & Loevy obtained a plaintiffs'

Exhibit A

verdict in connection with civil rights claims on behalf of over 250,000 civil rights class members. In a related case against Cook County's former insurers, our firm secured $107 million in settlements after winning a trial on liability and multiple damages trials in the original case and another trial in the case against the insurance companies for improperly denying coverage. In granting final approval of a $7.2 million settlement in *Flood v. Dominguez*, No. 08-cv-153 (N.D. Ind.), on December 14, 2012, the Honorable Philip P. Simon stated that "class counsel [from Loevy & Loevy] … are highly experienced, highly respected and have done an outstanding job in the face of a very strong opposition."

**Representative Cases (Class Actions):**

*Aranda v. Caribbean Cruise Line, et al.*, No. 12-cv-4096 (N.D. Ill.): Co-class counsel in TCPA case, securing $76 million settlement for the class. At this level, it will be the largest TCPA settlement ever. In awarding attorneys' fees following the settlement, the court recognized Loevy & "Loevy's expertise in conducting class action trials," and noted "that counsel provided exceptional representation for the class and produced high-value output." *Aranda v. Caribbean Cruise Line, Inc.*, 2017 WL 1369741, at *3 (N.D. Ill. Apr. 10, 2017). *See also Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018).

*Young v. County of Cook*, Case No. 06-cv-552 (N.D. Ill.): Class counsel in an action concerning the unconstitutional strip searching of inmates at the Cook County Jail, which resulted in settlements of more than $100 million following the entry of partial summary judgment and trial on liability for the class members, as well as multiple successful damages trials, and follow-on litigation against the County's former insurers (*Cook County v. AIG, Inc.*, described in the below section). *See Young v. County of Cook*, 06 C 552, 2017 WL 4164238, at *1, 3 (N.D. Ill. Sept. 20, 2017) (noting that cases resulted in $107 million of settlements and that "the quality of counsel's performance [was] exceptional").

*Dunn v. City of Chicago*, Case No. 04-cv-6804 (N.D. Ill.): Class counsel in an action concerning the unconstitutional treatment of inmates held in lockup by the Chicago Police Department, which resulted in a $16.5 million settlement.

*Flood v. Dominguez*, Case No. 08-cv-153 (N.D. Ind.): Class counsel in an action concerning the unconstitutional treatment of inmates held in lockup at the Lake County Jail, which resulted in a $7.2 million settlement.

*Henry v. Hullett*, No. 12-cv-3087 (C.D. Ill.): Loevy & Loevy tried this certified class action to verdict, seeking damages and injunctive relief on behalf of inmates subjected to an unconstitutional strip search at Lincoln Correctional Center. The case proceeded to trial on plaintiffs' Eighth Amendment claim after the district court dismissed plaintiff's Fourth Amendment claim. On appeal, the Seventh Circuit ruled in an *en banc* decision that dismissal of the Fourth Amendment claim was improper and reversed and remanded for further proceedings in the district court. *Henry v. Hullett*, 969 F.3d 769 (7th Cir. 2020). After a favorable jury trial, we obtained a $3 million settlement, for class of 200 women.

*Dobbey v. Weilding*, Case No. 13-cv-1068 (N.D. Ill.): Class counsel in an action concerning the constitutionality of the conditions of confinement at Stateville Correctional Center.

*Marconi v. City of Joliet*, Case No. 10-MR-0165 (Circuit of Will County, Ill.): Loevy & Loevy was Class Counsel for retired Joliet employees who alleged that Joliet violated collective bargaining agreements and the Illinois Constitution by increasing the price of City-provided retiree healthcare benefits. The case settled for $702,139.99, plus valuable injunctive relief for the Class in the form of an agreement regarding the cost of benefits going forward.

*Solon v. Midwest Medical Records Association, et al.,* Case No. 04-CH-7119 (Circuit Court of Cook County Ill.). After securing adversarial class certification in this consumer class action and litigating the case all the way to the Illinois Supreme Court, Loevy & Loevy negotiated a settlement that allowed class members to recoup 70% of their damages.

*In re: Clearview AI, Inc. Consumer Privacy Litigation*, No. 21 cv 135 (N.D. Ill.): Interim lead class counsel in a putative class action involving alleged violations of the Illinois Biometric Information Privacy Act ("BIPA") arising out of the use of facial recognition technology. The court appointed counsel from Loevy & Loevy as interim class counsel, after considering applications from competing plaintiffs' counsel.

*Mays v. Dart*, Case No. 20-cv-2134 (N.D. Ill.): Co-class counsel for class of detainees at the Cook County Jail in case for injunctive relief regarding the violation of class members' constitutional rights in light of the COVID-19 outbreak at the Cook County Jail. After obtaining conditional certification and a preliminary injunction, which is on appeal, the case is proceeding on the merits in the district court.

*Ross et al. v. Gossett*, Case No. 15-cv-0309 (S.D. Ill.): Loevy & Loevy is co-class counsel for a class of approximately 10,000 individuals in IDOC custody who were subject to abusive and humiliating searches during facility-wide searches at four IDOC prisons in Southern Illinois. The case is currently proceeding through discovery on the merits.

## REPRESENTATIVE JURY AWARDS AND SETTLEMENTS:

In addition to its class action practice described above, Loevy & Loevy (either as sole counsel or with co-counsel) has secured hundreds of millions of dollars in jury awards and settlements covering various substantive areas of the law, including the following:

*McCann v. Fuller, et al.*, No. 1:19-cv-1032 (W.D. Mich.): In September 2023, Loevy & Loevy obtained a $14.5 million jury verdict for a plaintiff who was maliciously prosecuted for a sexual assault and murder he did not commit and spent nearly two years incarcerated as a result. The defendant officers violated his due process rights.

*Gray v. McInerney*, No. 18-cv-2624 (N.D. Ill.): In May 2023, Loevy & Loevy obtained a $27 million jury verdict for a plaintiff who was wrongfully convicted of an arson-murder he did not commit and spent 24 years in prison as a result. The defendant police officers coerced a false confession and fabricated evidence.

*Gillispie v. Miami Twp., et al.*, No. 3:13-cv-416 (S.D. Ohio): In November 2022, Loevy & Loevy obtained a $45 million jury verdict for a plaintiff who was wrongfully convicted of a rape/kidnapping he did not commit and spent more than 20 years in prison as a result. The defendant officers withheld exculpatory evidence and use unduly suggestive identification procedures.

*Wheatt, et al. v. City of East Cleveland*, No. 17-cv-377 (N.D. Ohio): In 2018, Loevy & Loevy, led by attorney Elizabeth Wang, obtained a $15 million jury verdict for three plaintiffs who were wrongfully convicted of a murder they did not commit and spent 20 years in prison as a result. Loevy & Loevy's clients, Derrick Wheatt and Laurese Glover, were two of the plaintiffs. The defendant police officers withheld exculpatory evidence and used unduly suggestive identification procedures.

*Jackson, et al. v. City of Cleveland*, No. 15-cv-989 (N.D. Ohio): In 2020, Loevy & Loevy, led by attorney Elizabeth Wang, obtained a $18 million settlement for three plaintiffs who were wrongfully convicted of a murder and robbery they did not commit and spent decades in prison as a result. Loevy & Loevy's client, Rickey Jackson, was one of the plaintiffs. The defendant police officers withheld exculpatory evidence and fabricated evidence, and the City of Cleveland's policies, practices, and widespread customs were the moving force behind these constitutional violations.

*Woods v. City of Reno*, No. 3:16-cv-494-MMD (D. Nev.) and *In the Matter of the Wrongful Conviction of Cathy Woods*, CV19-2375 (Second Jud. Dist. Ct. of the State of Nev.): In 2019 and 2020, Loevy & Loevy, led by attorney Elizabeth Wang, obtained a nearly $10 million global settlement for a plaintiff who was wrongfully convicted of a murder she did not commit and spent decades in prison as a result. Ms. Woods was exonerated by DNA evidence. The defendant police officers and prosecutor fabricated evidence, coerced a false confession, withheld exculpatory evidence, and caused plaintiff's prosecution without probable cause.

*Chatman v. City of Chicago*, No. 14-cv-2945 (N.D. Ill.): In 2019, Loevy & Loevy, including attorney Elizabeth Wang, obtained a $10 million from various defendants, for a mentally ill homeless man who was coerced into confessing to a rape that he did not commit. The defendant

police officers and prosecutor fabricated evidence, coerced a false confession, withheld exculpatory evidence, and caused plaintiff's prosecution without probable cause.

*Richardson, et al. v. City of Chicago*, No. 12-cv-9184 (N.D. Ill.): In 2019, Loevy & Loevy, with other counsel, obtained a total $60 million settlement from various defendants, for four teenagers who were coerced into confessing to the rape and murder of a prostitute before being exonerated by DNA evidence.

*Rivera v. Guevara*, No. 12-cv-4428 (N.D. Ill): In 2018, Loevy & Loevy obtained a $17 million jury verdict for Jacques Rivera, who was wrongly convicted of a murder he did not commit and spent 21 years in prison as a result. Rivera was framed by Chicago Police officer Reynaldo Guevara, who is responsible for the wrongful convictions of more than 18 men. The jury also awarded $175,000 in punitive damages against three police officers involved in the case.

*Kluppelberg v. Burge*, No. 13-cv-3963 (N.D. Ill.): In 2018, Loevy & Loevy obtained a $9.3 million settlement for a plaintiff who was wrongly convicted of setting a fire that killed six people, a crime he falsely confessed to only after being beaten by Chicago police detectives.

*Kuri v. City of Chicago*, No. 13-cv-1653 (N.D. Ill.): In 2018, Loevy & Loevy obtained a $4 million jury verdict for a man who was wrongfully arrested based on fabricated evidence and spent three years in Cook County Jail awaiting trial for murder. The jury also awarded punitive damages in the total amount of $50,000 against two individual Defendant Officers.

*Kerry Porter v. Louisville Jefferson County Metro Government et al.*, No. 3:12-cv-829-S (W.D. KY.): In 2018, Loevy & Loevy secured a settlement in the amount of $7.5 million for a man wrongfully convicted of murder and who spent 14 years incarcerated until his release.

*Burgess v. Baltimore Police Department*, No. 15-cv-00834-RDB (D. Md.): In 2017, Loevy & Loevy won a $15 million verdict for a man who spent nearly twenty years in prison after being wrongfully convicted of a murder he did not commit.

*Doe v. County of Milwaukee*, No. 2:14-cv-00200 (E.D. Wisc.) (captioned as *Martin v. County of Milwaukee* at trial): In 2017, Loevy & Loevy won a $6.7 million verdict on behalf of a woman who had been sexually assaulted by a correctional officer in the Milwaukee County Jail, including a jury finding that the officer had been acting within the scope of his employment and therefore that the County was required to pay the verdict entered against the officer.

*Wanda Colon, As Administrator of the Estate of Cesar Munive, deceased, v. Town of Cicero and Donald Garrity*, No. 12-cv-5481 (N.D. Ill.): In 2017, Loevy & Loevy, led by attorney Elizabeth Wang, secured a settlement of $3.5 million for the death of a man shot by a Cicero police officer. It was also successfully alleged that the Defendant Town of Cicero was negligent in hiring the officer who fatally shot our client's son, and that the officer should not have been on the force at the time of the shooting.

*Fields v. City of Chicago*, No. 10-cv-1168 (N.D. Ill.): In 2016, Loevy & Loevy served as lead trial counsel in wrongful conviction case that resulted in a $22 million verdict for the Plaintiff, including a verdict against the City of Chicago for unconstitutional practices.

*Cook County v. AIG, Inc.*, No. 12 L 2675 (Cir. Ct. Cook Cnty. Ill.): In 2016, Loevy & Loevy obtained a jury verdict on behalf of Cook County in a case alleging that American International Group, Inc. and various subsidiaries defrauded the County out of insurance proceeds from policies that AIG sold the County. The jury awarded $20 million on each of the following claims against an AIG-related entity: Illinois False Claims Act (subject to trebling); common law fraud; and fraudulent concealment. The jury also awarded $20 million in punitive damages.

*United States ex. rel. Cieszynski v. LifeWatch Services, Inc.*, No. 13-cv-4052 (N.D. Ill.): In 2016, Loevy & Loevy secured a settlement of $12,975,000 in this declined False Claims Act case accusing LifeWatch Services, Inc. of defrauding government insurance programs.

*Sanders v. City of Chicago Heights*, No. 13-cv-0221 (N.D. Ill.): In 2016, Loevy & Loevy secured a $15 million settlement for an individual who spent 20 years in prison after being wrongfully convicted of murder.

*Holmes v. Garrett*, No. 12-cv-2333 (E.D. Mo.): In 2016, we secured a $2.5 million verdict for a client who was wrongfully convicted for drug possession and spent 5 years in prison as a result. We were brought in to serve as trial counsel after discovery was completed.

*Grayson v. City of Aurora*, No. 13-cv-017705 (N.D. Ill.): In 2016, Loevy & Loevy secured a settlement in the amount of $3 million for a man—a teenager at the time of his arrest—who was wrongfully convicted of murder and spent years innocently incarcerated.

*Rivera v. City of Waukegan*, No. 12-cv-08665 (N.D. Ill.): In 2015, Loevy & Loevy secured a $20 million settlement for a client who spent 20 years in prison after being wrongfully convicted of rape and murder. This is believed to be the largest wrongful conviction settlement for an individual plaintiff.

*Estate of Keith MacNeice Jr. v. City of Chicago*, Case No. 2009 L 2962 (Cook County Cir. Ct. Ill.): In 2015, we won a $2.75 million jury verdict on behalf of a young man who was killed during an unauthorized and unlawful high-speed police chase.

*Ott v. City of Milwaukee*, No. (E.D. Wis.): In 2015, Loevy & Loevy, secured a $6.5 million settlement for a client who spent 13 years imprisoned for a murder he did not commit and who was later exonerated by DNA evidence. The defendant officers had fabricated evidence and withheld exculpatory evidence.

*Estate of Keith MacNeice Jr. v. City of Chicago*, No. 2009 L 2962 (Cook County Cir. Ct. Ill.): In 2015, we won a $2.75 million jury verdict on behalf of a young man who was killed during an unauthorized and unlawful high-speed police chase.

*Harden v. Kachiroubas,* No. 12-cv-8316 (N.D. Ill): In 2014, Loevy & Loevy, including attorney Elizabeth Wang, obtained a $40 million settlement with the Illinois State Police on behalf of the "Dixmoor Five," a group of five young men who were wrongfully convicted of the sexual assault and murder of a teenage girl. James Harden, Loevy & Loevy's client, was among the plaintiffs in the case. He and the rest of the Dixmoor Five also settled their claims against the Village of Dixmoor for an additional undisclosed sum. The Dixmoor Five case remains the largest settlement of a wrongful conviction case in the history of Illinois.

*Gillard v. City of Chicago*, No. 10-cv-7606 (N.D. Ill.): In 2014, Loevy & Loevy reached a $6.375 million settlement with the City of Chicago for client Larry Gillard, who spent 12 years in prison for a rape he did not commit.

*United States ex rel. Keiser v. McHugh*, No. 08-cv-2443 (N.D. Ill.): Loevy & Loevy served as relator's counsel in this False Claims Act case, which resulted in a $12 million settlement.

*Ayers v. City of Cleveland*, No. 12-cv-753 (N.D. Ohio): In 2013, Loevy & Loevy secured a $13,210,000 verdict on behalf of a wrongfully convicted client against two Cleveland police officers, which is believed to be the highest civil rights judgment ever entered against Cleveland police officers.

*Fox v. Barnes*, No. 09-cv-05453 (N.D. Ill.): In January 2013, we won a $12 million verdict on behalf of a former Illinois Department of Corrections inmate who suffered brain damage after being denied proper medical care.

*Jimenez v. City of Chicago*, No. 09-cv-8081 (N.D. Ill.): In January 2012, we won a $25 million jury verdict for a client who spent 16.5 years in prison after being wrongfully convicted. A report published in the National Law Journal lists this verdict as being one of the top 100 verdicts of 2012.

*Sandra T.E. v. Sperlik*, No. 05-cv-473 (N.D. Ill.): In July 2010, a jury awarded $3.6 million to Loevy & Loevy's clients who had been sexually abused by a band teacher in Berwyn, Illinois.

*Johnson v. Guevara*, No. 05-cv-1042 (N.D. Ill.): In June 2009, we won a $21 million jury verdict for our client in federal court in Chicago. The client had spent nearly 12 years wrongfully imprisoned for a murder he did not commit. The jury concluded that a Chicago Police Department detective violated the client's constitutional rights by causing his wrongful conviction.

*Borsellino v. Putnam*, No. 00-CH-13958 (Cir. Ct. Cook Cnty. Ill.): We won an $11 million jury verdict on behalf of a client who alleged that his former business partners had defrauded him in connection with the sale of their business.

*White v. McKinley*, No. 05-cv-203 (W.D. Mo.): In August 2008, we won a $16 million jury verdict for our client who had been wrongfully convicted and served more than five years in prison.

*Ware v. City of Chicago*, No. 04-cv-2612 (N.D. Ill.): In February 2007, we won a jury verdict for our client who was shot and killed by the Chicago Police following a car chase. Following the jury's verdict, the City agreed to pay $5 million to resolve the case.

*Coffie v. City of Chicago*, No. 05-cv-6745 (N.D. Ill.): In October 2007, we won a $4 million jury verdict for our client in federal court in Chicago. The client was in an automobile that was stopped by Chicago Police Officers, who then drove the client to an alley and during the course of a body search, jammed a screwdriver into the client's rectum.

*Finwall v. City of Chicago*, No. 04-cv-4663 (N.D. Ill.): In October 2007, we won a $2 million jury verdict for our client in federal court in Chicago. The client was charged and prosecuted for

7

the heinous crime of attempted child abduction, a crime of which he is completely innocent. The jury concluded that the Chicago Police Department detectives violated the client's rights by maliciously prosecuting him for a crime he did not commit.

*Dominguez v. Hendley*, No. 04-cv-2907 (N.D. Ill.): In October 2006, we won a $9 million jury verdict for our client, a Mexican immigrant who spent four years in prison as a teenager after being wrongfully convicted.

*Waits v. City of Chicago*, No. 04-cv-4010 (N.D. Ill.): In 2002, Loevy & Loevy won a $2.015 million jury verdict on behalf of a client who was beaten and retaliated against by police officers after he squirted a Chicago Police officer with a water bottle.

*Regalado v. City of Chicago*, No. 96-cv-1736 (N.D. Ill.): In 1999, Loevy & Loevy secured a $28 million jury verdict against the City of Chicago in a police brutality case where our client was beaten into a coma by two Chicago Police Officers. That award is the largest police brutality jury verdict in the history of the City and is believed to be the highest tort verdict against Chicago as well.