UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Elizabeth Epps, *et al.*,

                      Plaintiffs,

v.

City and County of Denver, *et al.*,

                      Defendants.

Civil No. 1:20-cv-1878-RBJ (consol.)

**RENEWED MOTION FOR FINAL JUDGMENT UNDER RULE 54(b)**

**Certificate of Conferral**

Plaintiffs have conferred with the Denver Defendants, and they oppose this motion "at this time" because "the Aurora Defendants likely intend further appellate proceedings…."[1]

**Introduction**

On March 25, 2022, the jury returned its verdict and awarded damages on the individual claims brought by Plaintiffs Sara Fitouri, Jacquelyn Parkins, Kelsey Taylor, Joe Deras, Claire Sannier, Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zachary Packard, Hollis Lyman, and Stanford Smith against the City and County of Denver and Officer Jonathan Christian ("the Denver Defendants"). Dkt. 343. The Court entered judgment on those claims, but not a final judgment under Rule 54(b). Dkt. 360. In October 2022, these Plaintiffs and the Denver Defendants both moved for entry of final judgment under Rule 54(b) on the claims that were tried to verdict. Dkts. 431, 434. On May 24, 2023, the Court denied those motions in a minute order. Dkt. 478. Accordingly, the Denver Defendants have been unable to appeal that verdict and

---

[1] The Aurora Defendants obtained an extension until December 12, 2023 to file a petition for rehearing en banc.

judgment, and the twelve plaintiffs have been unable to collect on the verdict that was reached 20 months ago.

Since the time the Court denied the parties' motions for entry of Rule 54(b) final judgment, a significant part of this consolidated case has been resolved: the Curfew Class Plaintiffs reached a Class Action Settlement with the City and County of Denver, which the Court approved after a final approval hearing. Dkt. 502. The Court has entered final judgment under Rule 54(b) on the Class claims. Dkt. 503. In addition, the Tenth Circuit affirmed this Court's order on summary judgment with respect to the claims of Plaintiffs Johnathen Duran and Zachary Packard against the Aurora Defendants (the City of Aurora, David McNamee, Patricio Serrant, and Cory Budaj). Dkt. 499.

In light of these changed circumstances, Plaintiffs respectfully renew their request that the Court direct entry of a final judgment under Federal Rule of Civil Procedure 54(b).

## Discussion

A judgment is proper under Rule 54(b) if two requirements are satisfied. First, the court must determine that the ruling at issue is a "final judgment"; that is, "it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also e.g.*, *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1289 (11th Cir. 2010) (explaining that "the judgment must completely dispose of at least one substantive claim" (cleaned up)). Second, the court must find that there is no "just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see also Stockman's Water Co., Ltd. Liab. Co. v. Vaca Partners, Ltd. P'ship*, 425 F.3d 1263, 1265 (10th Cir. 2005). Both requirements are satisfied here.

2

A "final" disposition for purposes of Rule 54(b) includes the complete disposition of just a single claim. *See Edwards*, 602 F.3d at 1289. In this case, however, all the claims brought by all the Plaintiffs against the Denver Defendants have been finally resolved.[2] The Curfew Class Plaintiffs settled their claims against Denver, and the judgment against Denver Defendants is final "in the sense that it is 'an ultimate disposition'" of *all* of the individual claims between Plaintiffs and the Denver Defendants. *Curtiss-Wright Corp.*, 446 U.S. at 7. With respect to the litigation between those parties, the jury's verdict "end[ed] the litigation on the merits and leaves nothing for the court to do but execute the judgment" as to the decided claims. *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, 571 U.S. 177, 183 (2014). There is no outstanding issue for resolution on the merits with respect to the claims of the Plaintiffs against the Denver Defendants.

Furthermore, there is no "just reason for delay[ing]" entry of judgment. Fed. R. Civ. P. 54(b). This inquiry requires the court to weigh the "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. In making this determination, "[f]actors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Stockman's Water Co.*, 425 F.3d at 1265 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8); *see also N.M. ex rel. State Eng'r v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

---

[2] Plaintiff Johnathen Duran settled his claims against Denver before trial in March 2022. Dkt. 311.

The adjudicated claims against the Denver Defendants are "separable from the others remaining to be adjudicated" against the Aurora Defendants because they involved Denver's policies, widespread practices, and training. *Curtiss-Wright Corp.*, 446 U.S. at 8. Indeed, the Court severed the claims of Plaintiffs Zachary Packard and Johnathen Duran against the Aurora Defendants from the claims against the Denver Defendants before the March 2022 trial, determining that the claims against the Aurora Defendants should proceed independently. In making that determination, the Court necessarily found that the claims against Denver and the claims against Aurora were separable, because "bifurcation is improper if the issues are not separable." *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 965 (10th Cir. 1993). In similar circumstances, courts distinguish between "multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005). The "distinction is based largely on practical concerns." *Id.* Such concerns include whether "separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.*

Packard's and Duran's claims against the Aurora Defendants require proof of different facts (namely, *Aurora's* policies, practices, and training, as well as the Aurora officers' individual actions), and involve different parties (Johnathen Duran, the City of Aurora, and Aurora Officers McNamee, Serrant, and Budaj, who were not parties to the Epps/Fitouri trial), compared to the issues resolved in the verdict against the Denver Defendants. The twelve Plaintiffs who tried their claims against the Denver Defendants proved at trial that Denver (and in Epps' case, Christian) violated their First and/or Fourth Amendments rights, and that Denver's policies, practices, and training were the moving force behind those violations. These are separate claims, involving

4

separate factual and legal questions, and they lead to separate recovery. The remaining claims will be tried to a separate jury based on a fresh presentation of the facts and legal issues. As such, any potential appeal of the Aurora case will proceed on an independent record that is completely separate from the record that would form the basis for any potential Denver appeal of the March 2022 verdict. "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering final judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Turnpike Authr. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001).

Some overlap with remaining claims or parties "does not render a Rule 54(b) certification inappropriate. If it did, Rule 54(b) would lose much of its utility." *Curtiss-Wright Corp.*, 446 U.S. at 9. Accordingly, the Supreme Court has upheld a Rule 54(b) judgment based on "a final order on a claim which arises out of the same transaction and occurrence as [a] pending" counterclaim. *Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 446, 452 (1956). Likewise, in *In re Se. Banking Corp.*, the court approved a Rule 54(b) judgment founded on an order "dismissing the entire complaint insofar as it concerned [two defendants]" because, "without question, it was a 'final judgment as to one or more but fewer than all . . . the parties." 69 F.3d 1539, 1550 (11th Cir. 1995) (quoting Fed. R. Civ. P. 54(b)); *see also Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 905-06 (3d Cir. 1991). Here, the jury's verdict is a final judgment as to the Denver Defendants. If anything, allowing an immediate appeal of the Denver verdict could provide guidance to the parties and the Court on common issues of law anticipated to arise in the Aurora case, thereby minimizing the need for such issues to be separately litigated.

Other considerations support entry of a Rule 54(b) judgment now. The jury returned a verdict more than 20 months ago. The remaining claims of Plaintiffs Packard and Duran against the Aurora Defendants have not yet been scheduled for trial. Even after a trial on those claims, post-trial motions on those claims could cause the jury's verdict to remain non-final for another year or longer. The plaintiffs *and* defendants in the Epps/Fitouri trial have an interest in finality on their claims and should not be held in a holding pattern, awaiting the resolution of unrelated claims and the participation of uninvolved parties. "Delaying [any] appeal until the close of another trial will add to this case's complexity by requiring consideration of two separate, fully developed records, and may require yet another trial if the appeal were successful." *Dean v. Cnty. of Gage*, 807 F.3d 931, 938 (8th Cir. 2015).

Further delay severely prejudices the twelve plaintiffs who prevailed at trial. The jury found in favor of all plaintiffs and awarded substantial damages to compensate their losses. This Court upheld that verdict in nearly all respects. Dkt. 428. The Denver Defendants have not taken any steps to satisfy the judgment in whole or part, and they will not do so voluntarily until an appeal is exhausted. Moreover, post-judgment interest on the verdict won by these twelve plaintiffs has not accrued this entire time, because post-judgment interest does not run until the entry of final judgment, causing significant harm to the Plaintiffs. *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment…."); *Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1233 (10th Cir. 1995) (post-judgment interest "should be calculated from the date that

a plaintiff's damages are meaningfully ascertained and included in a final, appealable judgment.").[3]

Because the judgment will completely dispose of multiple substantive claims and there is no just reason for delay, the Court should enter judgment under Rule 54(b).

## CONCLUSION

The Plaintiffs respectfully ask this Court to enter judgment in the proposed form submitted with this motion.[4]

Respectfully submitted,

s/ Elizabeth Wang
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com
*Counsel for the Fitouri Plaintiffs*

s/ R. Reeves Anderson
Robert Reeves Anderson
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100

---

[3] Post-judgment interest accrues on the awards of damages, fees, and costs. *See Wheller v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993); *Transpower Constructors, Div. of Harrison Int'l Corp. v. Grand River Dam Authority*, 905 F.2d 1413, 1423-24 (10th Cir. 1990); *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992).

[4] To the extent that the Court is interested in the status of settlement negotiations, it is as follows: Aurora Defendants have refused to engage in any discussions. Plaintiff Duran first submitted a settlement demand to the Aurora Defendants in November 2021. The parties had a mediation in January 2022 which was unsuccessful. In August 2022, Duran submitted a new demand. In response, the Aurora Defendants informed Plaintiff that it would not be making any offer whatsoever. In May 2023, Duran reached out to the Aurora Defendants again to attempt settlement discussions. In response, Aurora informed Duran: "there will be no movement on settlement negotiations."

Denver, Colorado 80202
Telephone: (303) 863-1000
*Counsel for the Epps Plaintiffs*

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, hereby certify that on November 30, 2023, I served via CM/ECF the foregoing motion on all counsel of record.

s/ Elizabeth Wang