IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

**PLAINTIFFS DURAN, PACKARD, AND
AURORA DEFENDANTS' JOINT STATUS REPORT**

Plaintiffs Johnathen Duran and Zachary Packard, and Defendants City of Aurora, David McNamee, Patricio Serrant, and Cory Budaj, through their attorneys, hereby file this status report, pursuant to the Court's order, Dkt. No. 505:

1. **Status of the interlocutory appeal:** The Aurora Defendants filed a petition for rehearing and rehearing en banc on December 12, 2023. Plaintiffs responded on January 5, 2023.

2. **Whether a resolution between the parties is plausible:** Plaintiff Zachary Packard made a settlement offer to the City of Aurora on December 21, 2023. The City of Aurora is actively pursuing settlement of the Packard claim, including taking Plaintiff's offer to the City Council on January 8th to seek approval for the proposed settlement.

Plaintiff Johnathen Duran has made every effort to attempt to settle his claims against the Aurora Defendants. His last settlement demand to the Aurora Defendants was in May 2023. The Aurora Defendants responded with no offer and refused to engage in any settlement discussions.

Plaintiff Duran believes that a required mediation with the Aurora Defendants could be productive, however, the Aurora Defendants' stated position is that they are not interested in any settlement discussions until their declaratory judgment action in state court against Denver is resolved. That case is still pending.

3.      **What it is going to take to complete the case in this court:** The parties respectfully differ on this point. Plaintiffs ask this Court to set a trial date as soon as practicable; this case is ready for trial. Plaintiffs are available for trial during the following dates: February 5-9, March 25-June 7, June 17-28, September 30-December 20, 2024. The parties have already sent the Court the proposed jury instructions and verdict form, which was done on May 25, 2023, in preparation for the originally-set trial date in June 2023.

Defendants intend to move this Court to reopen fact and expert discovery in order to re-depose Plaintiffs Packard and Duran, take the depositions of "other witnesses," and to designate new experts and do not currently think setting a trial date is appropriate. Plaintiffs oppose Defendants' anticipated motion to reopen discovery because Defendants were already given an opportunity to depose Packard and Duran and conduct other discovery, including expert discovery. *See* Dkt. 217 (minute entry establishing discovery limits and deadlines as to the then-newly added defendants).[1] Defendants also already disclosed experts, on a schedule that was stipulated to by the parties, which extended the dates originally set by the Court. *See* Dkt. 226 (Plaintiffs and Aurora and Jeffco Defendants' stipulation on expert discovery deadlines, including *Daubert* motions). Discovery has long been closed, there is no good cause to reopen it, and reopening

---

[1] The Aurora Defendants did not take the time to re-depose Duran or Packard.

discovery would cause further unnecessary delay. The case is ready for trial and the Court should set a trial date as soon as practicable.

4. **What can be done to accelerate the process for resolving the remaining issues in the court: Plaintiffs' position:** As soon as the mandate issues, setting a date for trial as soon as practicable. The Aurora Defendants neither took the opportunity they had to conduct the discovery that the Court allowed (including re-deposing Plaintiffs), nor did they ever move to reopen discovery after they were bifurcated from the trial against the Denver Defendants in early 2022, before they filed their interlocutory appeal. It is time for this case to be resolved.

**Aurora Defendants' position:** They never enjoyed the opportunity to depose the plaintiffs or properly vet experts because it was not a party to the litigation at the time. In preparation for the trial which went forward with Defendant City of Denver only, Defendant Aurora was nonetheless required, on a severe and expedited basis, to prepare its case as thought it would be included in the trial. The pacing resulted in the disadvantages described above. Prior to the trial, Defendant Aurora made both the Court and the Plaintiffs aware that, if its matter were to be returned to the Court for trial, it would seek the brief period for additional discovery and other procedures now suggested. The proposed additional discovery and time for other procedural matters, does not preclude a trial setting later in this year.

Respectfully submitted,

s/ Elizabeth Wang

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Ste. 460
Boulder, CO 80302

Jordan Poole
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607

3

O: 720.328.5642
elizabethw@loevy.com
*Counsel for Fitouri Plaintiffs*

O: 312.243.5900
poole@loevy.com

### Certificate of Service

I, Elizabeth Wang, an attorney, hereby certify that on January 8, 2024, I served via CM/ECF the foregoing document on counsel of record for all parties.

s/ Elizabeth Wang
Counsel for Fitouri Plaintiffs

4