IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1878-RBJ (consolidated with 20-cv-1922-RBJ-MEH)

ELISABETH EPPS, *et al.,*

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.,*

Defendants.

---

**UNOPPOSED MOTION TO SEVER PLAINTIFF JOHNATHEN DURAN'S REMAINING CLAIMS UNDER RULE 21, AND, IN THE ALTERNATIVE, ENTER FINAL JUDGMENT UNDER RULE 54(B)**

---

Plaintiffs Sara Fitouri, Jacquelyn Parkins, Kelsey Taylor, Joe Deras, Claire Sannier, Johnathen Duran, Elisabeth Epps, Ashlee Wedgeworth, Amanda Blasingame, Maya Rothlein, Zachary Packard, Hollis Lyman, and Stanford Smith, through their attorneys, respectfully submit this Motion under Federal Rule of Civil Procedure 21 to sever Plaintiff Johnathen Duran's sole remaining claims against the Defendants City of Aurora and Aurora Officer Cory Budaj ("Aurora Defendants") from the claims of the other twelve Plaintiffs against the City of Denver and Defendant Officer Jonathan Christian ("Denver Defendants"). In the alternative, Plaintiffs renew their motion seeking an entry of final judgment under Federal Rule of Civil Procedure 54(b), given that Plaintiff Zachary Packard has now settled his claims with the Aurora Defendants and there is no overlap between the March 2022 verdict in favor of the twelve Plaintiffs against the Denver Defendants and any verdict that would result from the scheduled October 2024 trial of Plaintiff Duran's claims against the Aurora Defendants Thus, to the extent the Court was previously reluctant to enter final judgment on the March 2022 verdict because Plaintiff Packard had claims

1

against both Denver and the Aurora Defendants for the same incident during the protest, that is no longer the case. In support thereof, Plaintiffs state as follows.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C. Colo. LCivR 7.1(a), undersigned counsel conferred with counsel for the Denver and Aurora Defendants regarding the requested relief. The Denver and Aurora Defendants take no position on this motion.

## FACTUAL BACKGROUND

On March 25, 2022, a two-week jury trial resulted in a verdict in favor of the twelve plaintiffs in this case whose claims were part of the trial (Plaintiffs Fitouri, Parkins, Sannier, Deras, Taylor, Epps, Blasingame, Rothlein, Wedgeworth, Packard, Smith, and Lyman). Dkt. 343. Plaintiff Duran settled and dismissed his claims against Defendant Denver before trial and did not participate in the trial. Dkt. 311. Subsequently, the Curfew Class Plaintiffs—whose claims against Denver had already been bifurcated by the Court—settled their claims against Denver, and the Court gave final approval to the settlement and entered final judgment on those claims. Dkts. 502, 503. More recently, Plaintiff Packard settled his claims against Defendants City of Aurora, David McNamee, and Patricio Serrant, and those claims have been dismissed. Dkts. 512, 513.

At this time, none of the twelve plaintiffs who were part of the March 2022 trial have any claims against any defendants that were not already tried to verdict in March 2022. The only claim remaining to be resolved is Plaintiff Duran's claim against Defendants City of Aurora and Cory Budaj, which, if tried, would be appealed based on its own wholly separate record from the trial scheduled for October 2024.[1] Plaintiff Packard, whose claims against Denver were part of the

---

[1] It was not until recently that the Aurora Defendants expressed any willingness to engage in settlement discussions with Plaintiff Duran. But now Duran and the Aurora Defendants have a mediation before Judge Hegarty set for June 12, 2024. Dkt. 516.

2

March 2022 trial, has already resolved his claims against the Aurora Defendants and dismissed those claims on April 1, 2024, and April 18, 2024, respectively. Dkts. 512, 513. Further delay in entering final judgment on the claims would substantially prejudice the twelve plaintiffs who prevailed at trial and have been unable to collect on their verdict and judgment for over two years. "At this point, justice delayed is justice denied." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).

Given the current status of the case, Plaintiffs respectfully request that the Court sever the claims of Johnathen Duran from the claims of the other Plaintiffs under Federal Rule of Civil Procedure 21 or, in the alternative, respectfully renew their request that the Court direct entry of a final judgment under Federal Rule of Civil Procedure 54(b).

## LEGAL STANDARD

Federal Rule of Civil Procedure 21 provides that "[o]n motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Accordingly, courts have considerable discretion to sever claims or parties at any stage of the proceedings "so long as in doing so the Court furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." *Safe Streets All. v. Alternative Holistic Healing, LLC*, 2015 WL 4245823, at *2 (D. Colo. July 14, 2015) (granting severance); *see also WildEarth Guardians v. Jewell,* 2016 WL 8577508, at *2 (D. Colo. June 17, 2016); *Allstate Fire & Cas. Ins. Co. v. Electrolux Home Prod., Inc.*, 2017 WL 4236309, at *1 (D. Colo. Sept. 22, 2017) ("A court has broad discretion in deciding whether to sever parties or claims."). Districts within the Tenth Circuit, including the District of Colorado, have held that severance is appropriate when it will "serve the ends of justice and further the prompt and efficient disposition of litigation." *United States v. Precision Impact Recovery, LLC*, 2010 WL 3749391, at *1 (W.D. Okla. Sept. 21, 2010); *WildEarth Guardians v. United States*

3

*Off. of Surface Mining Reclamation & Enf't*, 2014 WL 503635, at *2 (D. Colo. Feb. 7, 2014) (collecting cases in the District of Colorado, District of Kansas, and other circuits). Claims may be severed under Rule 21 "when the claims asserted do not arise out of the same transaction or do not present some common question of law or fact." *Preacher v. Wiley*, 2009 WL 6409350, at *2 (D. Colo. Nov. 20, 2009). When claims "are properly severed under Fed. R. Civ. P. 21, two separate actions result." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 & n.8 (10th Cir. 1991).

A judgment is proper under Rule 54(b) if two requirements are satisfied. First, the court must determine that the ruling at issue is a "final judgment"; that is, "it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also e.g.*, *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1289 (11th Cir. 2010) (explaining that "the judgment must completely dispose of at least one substantive claim" (cleaned up)). Second, the court must find that there is no "just reason for delay." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see also Stockman's Water Co., Ltd. Liab. Co. v. Vaca Partners, Ltd. P'ship*, 425 F.3d 1263, 1265 (10th Cir. 2005).

## DISCUSSION

### I. The Court Should Sever Plaintiff Johnathen Duran's Claims

Under Rule 21, Plaintiff Johnathen Duran's claims should be severed in the interests of justice and judicial efficiency. Because Duran's claims are the only ones outstanding in the case, and because those claims are only against the Aurora Defendants, severance will "serve the ends of justice and further the prompt and efficient disposition of litigation." *Precision Impact Recovery, LLC*, 2010 WL 3749391, at *1. A jury found in favor of each of the twelve other

4

Plaintiffs against the Denver Defendants, and the only Plaintiff besides Duran who had claims against the Aurora Defendants, Zachary Packard, has resolved those claims through settlement. As the Court already found in bifurcating the claims against the Aurora Defendants from the March 2022 trial against Denver, Duran's claims solely against the Aurora Defendants are distinct from the other Plaintiffs' claims against the Denver Defendants, and the disposition of Plaintiff Duran's claims against the City of Aurora and Aurora Officer Budaj will not affect the claims against entirely separate defendants—Denver and Christian. Therefore, severing Plaintiff Duran's claims from the others would not "result in delay, inconvenience, and added expense to the parties and to the court," but rather would finally allow entry of judgment against the Denver Defendants more than two years after the jury verdict. *See Fisher v. Pathway Leasing LLC*, 2017 WL 6311369, at *2-3 (D. Colo. Dec. 11, 2017). Not severing the claims of Plaintiff Duran from the other Plaintiffs' claims prejudices them because it has already substantially delayed their ability to collect on their verdict. Severance would effectuate the purposes of the Federal Rules of Civil Procedure, which "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given that there is no longer any overlap whatsoever between the parties or the claims to the March 2022 verdict and any verdict that may result from the upcoming trial of Duran and the Aurora Defendants, there are no potentially complicated issues that would arise from two separate appeals.

**II.    In the Alternative, the Court Should Enter Final judgment on the Jury's Verdict.**

If the Court does not determine that Plaintiff Duran's claims should be severed under Rule 21, entry of a final judgment on the verdict from March 25, 2022, is appropriate in this case. The judgment against the Denver Defendants is final "in the sense that it is 'an ultimate disposition'" of *all* of the individual claims between Plaintiffs and the Denver Defendants. *Curtiss-Wright Corp.*, 446 U.S. at 7. The jury's verdict "end[ed] the litigation on the merits and leaves nothing for

5

the court to do but execute the judgment" as to the decided claims against the Denver Defendants. *Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs*, 571 U.S. 177, 183 (2014). There is nothing left for any of the twelve plaintiffs from the March 25, 2022 verdict to litigate in this case.

The adjudicated claims against the Denver Defendants are "separable from the others remaining to be adjudicated" by Plaintiff Duran against the Aurora Defendants. *Curtiss-Wright Corp.*, 446 U.S. at 8. In bifurcating the claims against the Aurora Defendants in the first place, the Court necessarily found that the claims against Denver and the claims against Aurora were separable, because "bifurcation is improper if the issues are not separable." *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 965 (10th Cir. 1993). In similar circumstances, courts distinguish between "multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005). The "distinction is based largely on practical concerns." *Id.* Such concerns include whether "separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.*

Duran's claims against the Aurora Defendants require proof of entirely different facts and involve different parties than the issues resolved in the verdict in favor of the other twelve plaintiffs against the Denver Defendants. These are separate claims, involving separate factual and legal questions, and they lead to separate recovery. Should Duran's claims against the City of Aurora and Budaj proceed to verdict after a trial in October 2024, any potential appeal will proceed on an independent record that is completely separate from the record that would form the basis for any Denver appeal of the March 2022 verdict. There are no parties and no claims in common. "The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering final judgment on a

distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001).

Furthermore, there is no "just reason for delay[ing]" entry of judgment. Fed. R. Civ. P. 54(b). The jury returned a verdict more than 25 months ago. Further delay severely prejudices the twelve plaintiffs who prevailed at trial. The jury found in favor of all plaintiffs and awarded substantial damages to compensate their losses, and this Court upheld that verdict in nearly all respects. Dkt. 428. The Denver Defendants have not taken any steps to satisfy the judgment, and they will not do so until after entry of a final judgment and any appeal is exhausted. Nor is there any final judgment for Plaintiffs to execute. Moreover, post-judgment interest on the verdict won by the twelve plaintiffs against the Denver Defendants has not accrued over the more than two years since the jury's verdict, because post-judgment interest does not run until the entry of final judgment, causing significant harm to the Plaintiffs. *See* 28 U.S.C. § 1961(a) ("Such interest shall be calculated from the date of the entry of the judgment…."); *Wilson v. Union Pac. R.R. Co.*, 56 F.3d 1226, 1233 (10th Cir. 1995) (post-judgment interest "should be calculated from the date that a plaintiff's damages are meaningfully ascertained and included in a final, appealable judgment.").[2] Entry of a final judgment would serve the interests of justice by allowing both parties to move forward towards final resolution of the case.

---

[2] Post-judgment interest accrues on the awards of damages, fees, and costs. *See Wheller v. John Deere Co.*, 986 F.2d 413, 415 (10th Cir. 1993); *Transpower Constructors, Div. of Harrison Int'l Corp. v. Grand River Dam Authority*, 905 F.2d 1413, 1423-24 (10th Cir. 1990); *MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Exp., Inc.*, 962 F.2d 1470, 1476 (10th Cir. 1992).

7

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask this Court to exercise its discretion to determine that severance of Plaintiff Johnathen Duran's claims from the other Plaintiffs' claims against the Denver Defendants is appropriate under Rule 21. In the alternative, Plaintiffs respectfully ask this Court to direct entry of a final judgment under Rule 54(b).

DATED: May 3, 2024                     Respectfully submitted,

*/s/ Matthew J. Douglas*
Matthew J. Douglas
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
*Counsel for the Epps Plaintiffs*

*/s/ Elizabeth Wang*
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com
*Counsel for the Fitouri Plaintiffs*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2024, I served via CM/ECF the foregoing Motion on all counsel of record.

*s/ Yenesis Garcia*