IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Elisabeth Epps, *et al.*,

                Plaintiffs,

v.

City and County of Denver, *et al.*,

                Defendants.

Civil No. 1:20-cv-1878-RBJ (consol. with 1:20-cv-1922-RBJ-MEH)

## UNOPPOSED MOTION FOR FINAL JUDGMENT UNDER RULE 58

**Certificate of Conferral**

Plaintiffs have conferred with the Denver, Aurora, and Jefferson County Defendants, and they have no objection to this motion or the form of proposed final judgment attached hereto as Exhibit 1.[1]

**Discussion**

1.    Under Rule 58(d), a party may request that judgment be set out in a separate document as set forth in Rule 58(a).

2.    Entry of final judgment under Rule 58 is appropriate because all claims of all parties have now been resolved in this case. As the Court is aware, the last remaining claims against the last remaining parties (claims of Johnathen Duran against City of Aurora and Cory Budaj) have been resolved. *See* Dkts. 522, 525 (stipulations of dismissal).

---

[1] The Denver Defendants "reserve their objections to the merits of the proceedings and orders leading to the Final judgment."

3. Attached to this motion is a proposed final judgment for the Court's review and entry. Ex. 1 (proposed final judgment). This proposed final judgment is also being sent in Word version to the Court via email. The parties have conferred, and Defendants have no objection to the entry of this proposed final judgment.

4. The Court previously ruled that Plaintiff Zachary Packard is entitled to prejudgment interest on his economic damages from May 31, 2020 (the date of his injury) until the date of the Court's final judgment. Dkt. 445 at 33. The Court further ruled that it would apply "the federal post-judgment rate as determined pursuant to 28 U.S.C. § 1961" to calculate the interest. *Id.* That federal post-judgment rate is set "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Those rates can be found on the Federal Reserve's website at https://www.federalreserve.gov/releases/h15/. The Tenth Circuit requires that Rule 58 judgments include the "specific sum" of prejudgment interest awarded. *Republic Bank, Inc. v. W. Penn Allegheny Health Sys., Inc.*, 475 F. App'x 692, 697 (10th Cir. 2012) ("[U]nder Federal Rule of Civil Procedure 58, a district court order determining liability without a calculation of damages in a 'sum certain' fashion is not final, and therefore not appealable. Prejudgment interest is an element of damages and must therefore be finally determined before appeal." (citations omitted)). Plaintiffs have therefore included in the draft judgment a placeholder for the Court to enter a specific amount of prejudgment interest on Zach Packard's economic damages. *See* Ex. 1 at 3. If helpful, Plaintiffs are willing to calculate and submit to the Court the appropriate amount of prejudgment interest that should be awarded on Mr.

Packard's $181,000 of economic damages, which will vary based on the date the judgment is entered.

5. Plaintiffs respectfully request that the Court enter the proposed final judgment forthwith.

Respectfully submitted,

s/ Elizabeth Wang
Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Ste. 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com
*Counsel for the Fitouri Plaintiffs*

s/ Brian Williams
Robert Reeves Anderson
Matthew J. Douglas
Brian Williams
ARNOLD & PORTER KAYE SCHOLER LLP
1144 Fifteenth Street, Suite 3100
Denver, Colorado 80202
Telephone: (303) 863-1000
*Counsel for the Epps Plaintiffs*

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, hereby certify that on August 16, 2024, I served via CM/ECF the foregoing motion on all counsel of record.

s/ Elizabeth Wang

3